1  JAMIE LYNN GALLIAN
2  16222 Monterey Ln. #376
   Huntington Beach, CA 92649
   Telephone (714) 321-3449
3  jamiegallian@gmail.com

4  Debtor, Defendant, IN PRO PER

5                    UNITED STATES BANKRUPTCY COURT

6          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA  DIVISION

7

8                              Case No. 8:21-BK-11710-SC

9                              Adv. 8:21-ap-01096-SC

10 In re                       Before the  *Honorable   Scott C. Clarkson*
                               **NOTICE OF AND MOTION TO DISMISS**
11 JAMIE LYNN GALLIAN          **COMPLAINT:**
                               **1. TO DETERMINE DISCHARGEABILITY OF**
12     Debtor                  **CIVIL ATTORNEY FEES DEBT SEPARATE**
                               **AND ASIDE OF FEES/FINE PURSUANT TO**
13 _____ **§523(A)(7);**
                               **ARGUMENT PRESENTED IN concurrent MSJ FOR**
14 JANINE JASSO, ESQ.          **DISMISSAL OF 1ST CAUSE OF ACTION §523(a)(7)**
   an individual
15                             **2.  TO DETERMINE NONDISCHARGEABILITY**
       Plaintiff              **OF DEBT PURSUANT TO 11 U.S.C. SECTION**
16                             **523(a)(2)(A);**
   vs.
17                             **3.   FOR DENIAL OF DISCHARGE**
   JAMIE LYNN GALLIAN          **PURSUANT TO 11 U.S.C. SECTION 727(a)(3);**
18                             **4.  FOR DENIAL OF DISCHARGE PURSUANT**
       Defendant              **TO 11 U.S.C. SECTION 727(a)(4);**
19                             **5.  FOR DENIAL OF DISCHARGE PURSUANT**
20                             **TO 11 U.S.C. SECTION 727(a)(5).**

21                             [F.R.C.P. §§9(b), 12(b)(6); F.R.B.P. §§7009, 7012

22                             Date: 11-15-2022
                               Time: 1:30pm
23                             Courtroom 5C ZoomGov
                               Location: 411 W. Fourth Street, Santa Ana, CA 92701
24

25

26 **TO PLAINTIFF JANINE JASSO, ESQ :**

27 **PLEASE TAKE NOTICE** that on 11-15-2022 at 1:30 PM in the Courtroom of the

28 Honorable Scott C. Clarkson, United States Bankruptcy Judge, Courtroom 5C located at the

United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and Courthouse, located at 411 West Fourth Street, Suite 5060, Santa Ana, CA 92701-4593, Debtor and Defendant **JAMIE LYNN GALLIAN** ("Defendant") moves for an order dismissing the *Adversary Complaint:*

1.  *To Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Section §523(a)(7);*

2.  *To Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Section §523(a)(2)(A);*

3.  *For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(3);*

4.  *For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(4)*

5.  *For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(5);*

("Original Complaint") filed 10-18-2021 Doc-1 [unsigned] herein by Plaintiff   JANINE JASSO, ESQ. ("Plaintiff"). A second complaint was filed 10-19-2021, Doc-3; a FAC was filed 11-16-2021, Doc-6, was without leave of court. The FAC added new causes of action and facts unrelated to the "original [unsigned] complaint" Doc-1. Doc -3 was filed after the time to object to discharge 4007.

The *Motion to Dismiss* will be based on this Notice, on the attached Memorandum of Points and Authorities, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the *Motion*.

Defendant brings this *Motion to Dismiss* pursuant to F.R.C.P. §§9(b), 12(b)(6), and F.R.B.P. § 7009, 7012, on the grounds that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Complaint fails to meet even the minimal elements of 11 U.S.C. §523(a)(2) and § 727(a). Plaintiff attempts to allege causes of action by providing an excessive listing of vague, redundant, and ultimately confusing assertions of fact (many of which only marginally qualify as facts), then, failing to apply those assertions to the elements of any given cause of action, makes only sweeping conclusory declarations of Defendant's liability. As a result, the pleading defies a basis for drawing any reasonable inference that Defendant is responsible for the misconduct alleged, let alone any of the injuries or damages which Plaintiff claims to have suffered. It is not the responsibility of Defendant, and certainly not the responsibility of the Court, to decipher the relevant facts from the referenced narrative in order to construct Plaintiff's claims for relief.

Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this Motion must be stated in writing, filed with the Clerk of the Court and served on Defendant at the address located in the upper left hand corner no later than fourteen days prior to the hearing. Failure to so state, file and serve any opposition may result in the Court failing to consider the same.

DATED:        November 7, 2022        Respectfully submitted,

*Jamie Lynn Gallian*
_____
JAMIE LYNN GALLIAN
Debtor and Defendant,
In Pro Per

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .-1-

    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    PLAINTIFF'S  COMPLAINT  IS PROPERLY DISMISSED  PURSUANT  TO  F.R.C.P.

        §§   9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012 . . . . . . . . . . . . . . . . .

    PLAINTIFF'S 1ST CAUSE OF ACTION UNDER§ 523.7(a)(7) IS

        PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . .

    PLAINTIFF'S 2nd CAUSE OF ACTION FOR FRAUD UNDER 11 U.S.C.

        § 523(a)(2)(A)   IS PROPERLY DISMISSED . . . . . . . . . . . . . .-4-

    PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C.§727(a)(3)  IS

        PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

    PLAINTIFF'S 4TH CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(4)  IS

        PROPERLY DISMISSED  . . . . . . . . . . . . . . . . . . . . . . . . . . - 12-

    PLAINTIFF'S 5TH CAUSE OF ACTION UNDER 11 U.S.C.  §727(a)(5) IS

        PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

# TABLE OF AUTHORITIES

## CASES

*Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) . . . . . . . . . . . . . .  -10-

*AHCOM, Ltd. v. Smeding,*, 2010 WL 4117736, 2010 DJDAR 16125, Case No. 09-16020 (9th Cir. Oct. 21, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -13-

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

*Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

*Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

*Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . .  -4-

*Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006) . . . . . . . . . . . . . . . .  -10-

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

*Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957) . . . . . . . . . . . . . . . . . . . . . . . .  -4-

*De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

*Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-

*Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004) . . . . . .  -10-

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) . . . . . . . . . . . . . . . . .  -4-

*Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997) . . . . . . . . . . . .  -10-

*In re Actrade Financial Technologies Ltd.*, 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005) . . . . . .  -5-

*In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-

*In re BFP*, 974 F.2d 1144 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -7-

*In re Cohen*, 300 F.3d 1097 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -7-

*In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1331 n.2 (9th Cir. 1985) . . . . . . . . . . . . . . . .  -7-

*In re Dawley*, 312 B.R. at 787 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-

*In re Fravel*, 143 Bankr. 1001 (Bankr. E.D.Va.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-

*In re Jacobs*, 403 B.R. 565, 574 (Bankr. N.D. Ill. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Kanaley*, 241 B.R. 795, 803 (Bankr. S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*In re Schwartz & Meyers*, 130 Bankr. 416 (Bankr. S.D.N.Y.1991) . . . . . . . . . . . . . . . . . . . . . -5-

*In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*In re Zimmerman*, 320 B.R. at 806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006) . . . . . . . . . . -10-

*N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . -3-

*Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Parnes et al. v. Parnes(In re Parnes)*, 200 B.R. 710, 715(Bankr. N.D. Ga. 1996) . . . . . . . . . . -12-

*Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) . . . . . . . . . . . . . . . . -3-

*Schafer v. Las Vegas Hilton Corp. (In re Video Depot)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Swicegood*, 924 F.2d at 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

**STATUTES**

11 U.S.C.  §727(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C.  §727(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

11 U.S.C. § 544. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C. § 544. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C. § 548. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -7-

11 U.S.C. § 548. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

1     11 U.S.C. § 727(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

2     11 U.S.C. §523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

3     11 U.S.C. §523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

4     Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

5     Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

6     Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

7     Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

8     Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

9     Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

10    Federal Rule of Civil Procedure Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

11    Federal Rules of Civil Procedure, rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

12    Section 548(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

13    **1.**        **MEMORANDUM OF POINTS & AUTHORITIES**

14          **a.**        **BACKGROUND**

15        On 07/09/2021, the Debtor commenced this voluntary Chapter 7 bankruptcy.

16        On 10/18/2021, Plaintiff commenced this Adversary Complaint. 8:21-ap-01096,  filing an

17    [unsigned] Complaint with the Clerk of the Court. Doc-1.

18        On 10/19/2021, Plaintiff filed a second complaint after 4:00pm, with the Clerk of the

19    court.  Plaintiff failed to serve debtor, in pro per, with the second 10-19-2021 "signed copy" of the

20    complaint. Doc 3

21        On November 16, 2021 Plaintiff filed a First Amended Adversary Complaint, ("FAC")

22    added and expanding causes of actions and adding facts, not relating back to the original

23    [unsigned] complaint filed 10-18-2021. Doc-1, subsequently re-filed on October 19, 2021. Doc-3

24    Plaintiff, a licensed California Attorney, failed to file a Notice of and Motion to \Amend

25    Adversary Complaint Doc-3 and obtain leave of court and/or the courts permission to file a late

26    adversary complaint broadening the causes of actions not relating or appearing in the original

27    unsigned complaint Doc-1. Moreover, Plaintiff, Janine B. Jasso, Esq. is a Member of the

28    California State Bar, SBN 170188 and has come into this court with unclean hands, mislead the

   court on several points of fact in the original complaint and the First Amended Complaint.

1    The Third Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)

2    (3);  The Fourth  Cause of Action is for Denial of Defendants' Discharge for False Oath Pursuant to

3    11 U.S.C. §727(a)(4)(A);  The Fifth Cause of Action  is for Denial of Defendants' Discharge for

4    Failure to Explain Losses Under 11 U.S.C. §727(a)(5).

5

6    Plaintiff's Second Cause based in part on Unit 376, Tract 10542 Unit 4, defendant a

7    bona fide purchaser 11-1-18, Compl ¶ 26 for value of a 2014 Skyline Custom Villa

8    manufactured home under an unexpired 80 yr Ground Leasehold Assignment from seller

9    Lisa Ryan, of approximately 35 years remaining on the unexpired ground lease, pursuant to

     Health & Safety Code §18551. Seller Lisa Ryan, obtained the use of Lot 376 in 2006.
10
     The Ground Space, Lot 376, under the 2014 Skyline Custom Villa installed by permit from
11
     the Department of Housing nd Community Development in 9-2014, purchased by defendant
12
     11-1-2018, based upon on an allegation, Compl ¶52, FAC ¶84 that Defendant engaged in an
13
     fraudulent scheme to place her most substantial asset, the condominium Unit 53 located
14
     at 4476 Alderport, also in Tract 10542, out of reach of Plaintiff, who, as an individual
15
     Board member, was in the process of obtaining an attorney's fees award in excess of
16
     $40,000.00, for successfully defending Debtor's civil cross-claims. Plaintiff, alleges debtor

17   conducted her personal affairs through her personal account and business bank

18   account held under the name of J-Sandcastle Co LLC, her sole member, alter ego

     company, J-Sandcastle Co, LLC., (the "Alter Ego Company") in an effort to shield herself
19
     from  collection from judgments that that were not even entered until 2019.   Plaintiff, a Board
20
     Member and former attorney for The    Huntington    Beach    Gables    Homeowners
21
     Association,    whom obtained    a    $3,070.00    judgment against Debtor on September
22
     27, 2018, and none against J-Sandcastle Co LLC or J-Pad, LLC. (FAC ¶ 45).
23
     This claim is properly dismissed as Plaintiff is not the Chapter 7 Trustee and therefore
24
     lacks the standing to raise a claim under 11 U.S.C. § 548.

25   While the Plaintiff claims: "Plaintiff was in the process of obtaining an attorney

26   fees award from defending against a cross claim" the basic elements of 11 U.S.C.

     §523(a)(2)(A) are nowhere to be found in the Complaint, violating the
27
     requirements of Federal Rule of Civil Procedure 9(b), made applicable to
28
     bankruptcy by Federal Rule of Bankruptcy Procedure 7009. The Complaint

     does  not identify: (1) a representation of fact by the debtor, (2) that was material, (3)
26
     that the debtor knew at the time to be false, (4) that the debtor made with the

     intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the

     creditor's reliance was reasonable, and (7) that damage proximately resulted from the

     misrepresentation.

-1-

Plaintiff's Second Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)(2)(A) ) is based on an allegation that: " Defendant engaged in an ongoing scheme to avoid, delay, hinder and defraud Plaintiff and her creditors, who had obtained judgments against her by concealing and transferring property, that was rightfully hers, to her Alter Ego Companies to prevent her creditors from collecting on their debts. (Complaint ¶ 42). The Complaint is silent as to what specific assets were transferred to Alter Ego Companies - and the dates of said alleged transfers - to prevent her creditors from collecting on a judgment of $319,000.00 that didn't enter until May 2019. Ironically, of the few assets that Plaintiff does define as having been sold (ie., transferred), they occurred **beyond** the one-year pre-filing period.

Plaintiff's Third  Cause of Action is for Denial of Defendants' Discharge for False Oath Pursuant to 11 U.S.C. §727(a)(3)  is based on an allegation that the Defendant omitted assets in her bankruptcy, and failed to disclose said assets in her 341(a) examination - yet the Complaint acknowledged that the Debtor amended her bankruptcy schedules at least nine times, correcting and remedying what she inavertently omitted beforehand. The Complaint cites no facts that this was more than an innocent and inadvertent oversight, and no facts were cited in the Complaint that this was a knowingly and fraudulently made false oath.

Plaintiff's Fourth Cause of Action is for Denial of Defendants' Discharge for Failure to Explain Losses Under 11 U.S.C. §727(a)(5) is based on an allegation that the Defendant failed to explain any loss of assets or deficiency of assets to meet the debtor's liabilities - yet the Complaint acknowledged that the Debtor amended her bankruptcy schedules nine times, correcting, explaining, and remedying what she inadvertently omitted beforehand. The Complaint cites no facts of any asset that remains unaccounted for - since the amendments, all were accounted for and explained. And since at this point in time, it is still "before the determination of a denial of discharge" Defendant has successfully explained all of her previous errors by virtue of her nine amendments filed solely In Pro Per.

Plaintiff's Fifth Cause of Action is for Alter Ego - which is not a valid cause of action under 11 U.S.C. §523(a) and/or 11 U.S.C.  §727(a). It's not even a valid cause of action under California law.

Accordingly, the task has fallen upon Defendant to bring the instant *Motion to Dismiss*, for

failure to state a claim upon which relief can be granted pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating by reference, Rule 12(b)(6) of the Federal Rules of Civil Procedure in order to demonstrate that Plaintiff's pleading is filled with superfluous matter, alleging vague unspecified conduct, damages, and events which are so remote in time as to be time-barred and allegations which are mere conclusions.

b. **ARGUMENT**

A complaint must allege sufficient factual matter, which if accepted as true would "state a claim to relief that is plausible on its face." _Ashcroft v. Iqbal_, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference that the defendant is liable for misconduct. Id. The complaint must state a claim for relief that is plausible in order to survive a motion to dismiss. _Ashcroft v. Iqbal_, 129 S. Ct. at 1950. A dismissal without leave to amend should not be granted unless "the complaint could not be saved by any amendment." _Polich v. Burlington Northern, Inc._, 942 F.2d 1467, 1472 (9th Cir. 1991) (citation omitted).

Federal Rules of Civil Procedure, Rule 12(b)(6) provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted ... .

Courts have increasingly recognized that under appropriate circumstances these motions are useful and even necessary tools for disposing of insupportable claims. Thus, while the Court, in deciding a motion to dismiss, must accept as true all material allegations of a complaint and construe them in the light most favorable to the plaintiff. _N.L. Industries, Inc. v. Kaplan_, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" _Ashcroft v. Iqbal_, 129 S.Ct. 1937, 1949 (2009) (quoting _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (_Ibid_.) In other words, the relevant

question for purposes of a motion to dismiss for failure to state a claim is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft*, *supra*, 129 S.Ct. at 1959. However, the Court need not accept conclusory allegations, unwarranted deductions or unreasonable inferences. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981). Nor need a court assume that Plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983).  As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 7012, is similar to the common law general demurrer in that it tests the legal sufficiency of the claim or claims stated in the Plaintiff's unsigned complaint Doc 1 and First Amended Complaint Doc 6, without leave of court to amend. A court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978).

Therefore, a Rule 12(b)(6) dismissal motion is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). If a critical threshold element is missing from the Plaintiff's Complaint, a motion to dismiss under Rule 12(b)(6) must be granted. This is precisely the problem with Plaintiff's Unsigned Complaint and First Amended Complaint - alleged facts are not stated with the requisite specificity.

i.    **PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P. §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012**

(1)    **PLAINTIFF'S 2nd CAUSE OF ACTION FOR FRAUD UNDER 11 U.S.C. §523(A)(2)(A) IS PROPERLY DISMISSED**

The holding in *In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) provides:

The elements of a claim for fraudulent misrepresentation under section 523(a)(2)(A)

-4-

1   are: (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor
2   knew at the time to be false, (4) that the debtor made with the intention of deceiving
    the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was
3   reasonable, and (7) that damage proximately resulted from the misrepresentation.

4       To support a 11 U.S.C. §523(a)(2)(A) action, Plaintiff must establish that Defendant made

5   a false representation with respect to existing and ascertainable facts. _In re Fravel_, 143 Bankr. 1001

6   (Bankr. E.D.Va.1992); _In re Schwartz & Meyers_, 130 Bankr. 416 (Bankr. S.D.N.Y.1991).

7       Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part that "A discharge

8   under this title does not discharge an individual debtor from any debt or money, property, services,

9   or an extension, renewal or refinancing of credit to the extent obtained by false pretenses, or false

10  representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial

11  condition." A claim under this "fraud" exception requires that the claim satisfy the heightened

12  pleading requirements for fraud pursuant to Fed. R. Civ. P. 9(b). See _In re Jacobs_, 403 B.R. 565, 574

13  (Bankr. N.D. Ill. 2009)(citations omitted), as well as _In re Kanaley_, 241 B.R. 795, 803 (Bankr.

14  S.D.N.Y. 1991).

15      Federal Rule of Civil Procedure Rule 9(b) and Federal Rule of Bankruptcy Procedure 7009

16  states "In alleging fraud, a party must state with particularity the circumstances constituting fraud or

17  mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

18  While intent or knowledge may be averred generally, however, the plaintiff must still plead the events

19  claimed to give rise to an inference of intent or knowledge _Devaney v. Chester_, 813 F.2d 566, 568 (2d

20  Cir. 1987), which may be accomplished by pleading facts consistent with certain well established

21  "badges of fraud." _In re Sharp Int'l Corp._, 403 F.3d 43, 56 (2d Cir. 2004). In addition to providing a

22  defendant with fair notice of the claim, Rule 9(b) serves the purpose of protecting a defendant from

23  harm to his or her reputation or good-will by unfounded allegations of fraud, and by reducing the

24  number of strike suits. _In re Actrade Financial Technologies Ltd._, 337 B.R. 791, 801 (Bankr.

25  S.D.N.Y. 2005).

26      Those three terms, as used in section 523(a)(2)(A), embody different concepts in Congress'

27  use of the disjunctive, or evidence an intent to deny a discharge under any such term." The term "false

28  pretenses" is defined as conscious, deceptive or misleading conduct, calculated to obtain or deprive

another of property. It includes an implied misrepresentation or conduct intended to create a false impression. The term "false representation" requires that the plaintiff present proof that the defendant (1) made a false or misleading statement, (2) with the intent to deceive, and (3) to cause the plaintiff to turn over money or property to the defendant. The term "actual fraud" requires proof of the five fingers of fraud, or five elements of fraud, which are (1) a misrepresentation, (2) fraudulent intent or scienter, (3) intent to induce reliance, (4) justifiable reliance, and (5) damage. A reckless representation or silence regarding a material fact may in some cases constitute the requisite falsity, and in certain cases a causal link, as opposed to actual reliance, may establish the creditor's injury. Although the statute could conceivably be read as providing that one's debt may not be subject to the discharge if one merely benefits from someone else's fraud, in keeping with the Congressional purpose behind section 523 that is not the approach taken by the courts. The case law requires fraudulent conduct, false pretenses, or false representations on the part of the particular debtor in question, either directly or by imputation.

Nothing in the Plaintiffs' complaint would satisfy Federal Rule of Civil Procedure Rule 8 and Federal Rule of Bankruptcy Procedure 7008, let alone FRCP 9(b), as to whether a claim has been alleged under Bankruptcy Code section 523(a)(2)(A) for fraud, false pretenses or misrepresentation. The (Complaint ¶ 52) laments: "Debtor engaged in a fraudulent scheme to place her most substantial asset, the condominium located at 4476 Alderport, Unit 53, out of reach of Plaintiff, who, as an individual Board Member, was in the process of obtaining an attorney's fees award in excess of $40,000.00 for successfully defending Debtor's civil cross claims" but clearly no misrepresentation by Defendant has been alleged here, or any intent on her part to induce reliance thereon. It not only does not plead sufficient "badges of fraud" as to Defendant, it also does not plead any facts, as opposed to conclusions, describing her fraud. Without more, therefore, the complaint's claim under section 523(a)(2)(A) of the Bankruptcy Code is properly dismissed.

Further, Plaintiff's Second Cause of Action for Money Obtained by False Pretenses and Actual Fraud Pursuant to 11 U.S.C. §523(a)(2)(A) is based on an allegation that Defendant, in her operation of her various businesses including JP and JSC, operated these business as her alter ego since October 18, 2018,  (the "Alter Ego Companies") in an effort to shield herself from personal liabilty while at the same time using funds of these business for personal purpose.(Complaint ¶ 57).

This claim is properly dismissed as Plaintiff is not the Chapter 7 Trustee and therefore lacks the standing to raise a claim under 11 U.S.C. § 548.

11 U.S.C. § 548 gives the "***trustee*** the ability to avoid any transfer of interest of the debtor in property, or any obligation incurred by the debtor that was made or incurred within one year before the date of the filing of the petition". "A trustee may set aside a transfer of an interest of the debtor if the debtor made the transfer ..."*In re Cohen*, 300 F.3d 1097 (9th Cir. 2002). The court continued "A trustee's right to recover differs dramatically depending on which section is applicable" See also *Schafer v. Las Vegas Hilton Corp. (In re Video Depot)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997. "Section 548(a)(2) of the Bankruptcy Code sets forth the avoiding powers of a **bankruptcy trustee** as they relate to fraudulent transfers of a debtor's interest in property." (Emphasis added) *In re BFP*, 974 F.2d 1144 (9th Cir.1992).

11 U.S.C. § 544 like Section 547 also vests power in the Trustee for the benefit of the estate. Like section 547 it specifically states rights for the trustee it clearly states "The **trustee** shall have... the rights and powers of avoidance of any transfer of property of the debtor or any obligation incurred by the debtor..." (Emphasis added).

"Section 544 of the Bankruptcy Code, the "strong-arm clause," grants a trustee in bankruptcy "the rights and powers of a hypothetical creditor who obtained a judicial lien on all of the property in the estate at the date the petition in bankruptcy was filed." *In re Commercial W. Fin. Corp.,* 761 F.2d 1329, 1331 n.2 (9th Cir. 1985) (citing 11 U.S.C.&sect; 544(a)(1)). "One of these powers is the ability to take priority over, or `avoid' security interests that are unperfected under applicable state law . . . ." Id. Avoiding such interests relegates them to the status of a general unsecured claim. See 5 *Collier on Bankruptcy* ¶¶ 544.02, 544.05 (Lawrence P. King ed., 15th ed. rev. 2000).*Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001).

F.The rule is clear, the rights which Plaintiff seeks to enforce belong solely to the trustee, they are not Plaintiff's to exercise.

(2)    **PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2)(A) IS PROPERLY DISMISSED**

11 U.S.C. §727(a)(2)(A) - Discharge provides:

-7-

(a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, ***within one year before the date of the filing of the petition***
[Emphasis added]

Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a disposition of property by or at the sufferance of the debtor by transfer, removal, destruction, mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property. Both elements must take place within 1-year of the Petition Date of 7-09-2021 (the one-year pre-filing period); acts and intentions occurring before this period are forgiven. *In re Lawson*, 122 F3d 1237 (CA9 1997).

This section is construed liberally in favor of the debtor and strictly against those objecting to discharge.  Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent. *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994).

Plaintiff's Third Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)(2)(A) ) is based on an allegation that: "Defendant engaged in an ongoing scheme to avoid, delay, hinder and defraud their creditors, including Plaintiff, who was in the process of obtaining judgments against by concealing and transferring property, that was rightfully hers, to her Alter Ego Companies to prevent plaintiff from collecting on debts. (Complaint ¶ 42).

The Complaint is silent as to what specific assets were transferred to Alter Ego Companies - and the dates of said alleged transfers - to prevent the only creditor, Huntington Beach Gables Homeowners Association from collecting on their September 2018, $3070.00 judgment.

Ironically, of the single asset that Plaintiff does define as having been sold 4476 Alderport Unit 53, (ie., transferred), occurred **beyond the one-year pre-filing period** (7-9-2020 - 7-9-2021). Complaint ¶ 24, FAC ¶35 & 36 identifies real property located at 4476 Alderport Unit 53 Huntington Beach, CA., 92649 that was sold to Mr. Nickel on October 31, 2018

real property that was sold by the Debtor on 10-31-2018 ( beyond the one-year pre-filing period (7-9-2020 -7-9-202)).

Complaint ¶ 11; 24; FAC ¶13, 35, 36 identifies (1) real property (4476 Alderport Huntington Beach, CA; 92649) that was once owned by the Debtor, but is silent as to whether it was transferred within the one-year pre-filing period (7-9-2020 - 7-9-2021).

Complaint ¶ 26 identifies (1) 2014 Manufactured Home "on or about November 1, 2018, Debtor purchased the Lisa Ryan's (sic) mobile home located at 16222 Monterey Lane, Space 376," but is silent as to whether it was transferred within the one-year pre-filing period (7-9-2020 - 7-9-2021).

| Chattel | Transfer Date |
|---|---|
| 2014 Skyline Custom Villa Complaint ¶30 FAC ¶ 50 (Transferred for $225,000.00, 30-yr Manufacture Financing Secured Promissory Note) | Within 2 years of the Petition Date 11/16/2018 admittedly transferred within four years. |
| Complaint ¶32; FAC ¶ 57 2/26/2019 "Debtor and J-Sandcasle Co LLC, became the joint owners of J-Pad" | 02/26/2019 admittedly transferred within four years. |
| FAC¶ 58 1/8/2020, "Robert McLelland....became the sole owner of J-Pad" | 01/2/2020 admittedly transferred within four years. |
| Complaint ¶34; FAC ¶1/29/20, J-Pad and Family Members of Debtor became owners of JSC. | 01/29/2020 admittedly transferred within four years. |

There is no factual allegation in the Complaint of any subjective intent on the Defendants' part to hinder, delay or defraud a creditor, or any creditor, from 7-9-2020 - 7-9-2021.

Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. §727(a)(2)(A) is properly dismissed.

(3)    **PLAINTIFF'S 4th CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(4) IS PROPERLY DISMISSED**

**11 U.S.C. §727(a)(4)(A) - Discharge provides:**
(a) The court shall grant the debtor a discharge, unless (4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account

-9-

A plaintiff seeking denial of a debtor's discharge under § 727(a)(4)(A) must prove that: (1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312. *Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000); *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006). See also *In re Zimmerman*, 320 B.R. at 806.

Not all omissions or errors, however, lead to denial of a discharge. A debtor that is merely careless in preparing schedules and statements or in testimony in connection with a case may receive a discharge absent proof of fraudulent intent. *Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006); *Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004). Further, a debtor who relies on the advice of counsel who is generally aware of all relevant facts also will not be found to have made a false oath. *In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005); *In re Dawley*, 312 B.R. at 787.

A party objecting to discharge under § 727(a)(4)(A) must prove by a preponderance of the evidence that "the false oath [was] fraudulent and material." *Swicegood*, 924 F.2d at 232.

Plaintiff's Fourth Cause of Action is for Denial of Defendants' Discharge for False Oath Pursuant to 11 U.S.C. §727(a)(4)(A)  is based on an allegation that the Defendant omitted assets in her bankruptcy, and failed to disclose said assets in her 341(a) examination - yet the Complaint acknowledged that the Debtor amended her bankruptcy schedules several times, correcting and remedying what she inadvertently omitted beforehand. In *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) the Court clearly stated that an opportunity to clear up inconsistencies and omissions with amended schedules may be considered in analyzing findings of actual intent to defraud); *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997). Here, the Defendant voluntarily amended  ((9-7-2021, 9-22-2021, 10-14-2021),

her Schedules and Statement of Financial Affairs ***before*** this Complaint was ever filed (10-18-2021-bk-Doc-28) or [ap-01096-[Doc-1] and ap-01096 10-19-2021 [Doc-3] and 11-16-2021 FAC [Doc-6] before she even knew that a 727 complaint was being filed against her. The Debtor seized her own opportunities to clear up any inconsistencies or omissions with amended Schedules and Statement of Financial Affairs demonstrating that she lacked actual intent to defraud.

Under the "Relations Back" Doctrine of F.R.C.P. 15, and F.R.B.P 7015, said amendments (1)9-07-2021 [Doc-15], (2) 9-22-2021 [Doc-16], (3) 10-14-2021 [Doc-22], (4) 11-16-2021 [Doc-37], (5) 11-22-21 [Doc-38], (6) 11-23-2021 [Doc-39], (7) 12-1-21 [Doc-42], (8) 3-11-2022 [Doc-72], (9) 3-15-22 [Doc-75] relate back to the initial bankruptcy filing of 7-09-2021, and therefore verify the integrity of this Defendant to maintain the accuracy of her Petition.

The Complaint itself acknowledged the Defendant's amendments (FAC ¶ 98 calling them "knowingly signed the schedules") and how they cured and remedied what was accidentally omitted in the initial filing:

| Asset Allegedly Omitted in Initial Bankruptcy | Reality | Cured By Amendment |
|---|---|---|
|  |  |  |
| Complaint ¶ | Defendants' Statement of Financial Affairs of 9-7-2021 [Doc 15] # 27, listed  2 LLC's: (1) J-Sandcastle Co (2) J-Pad, LLC See Complaint ¶ 25 &26 |  |
|  |  |  |

| | | |
|---|---|---|
| FAC ¶ 103: Defendant stted she had not sold, traded.... not list any transfers under Question 18 of her SOFA regarding transfers of property in the two (2) years preceding the Petition Date | There were no transfers to record of real estate within the two (2) years preceding the Petition Date (7-9-2019 -7-9-2021). Complaint ¶ 24 FAC ¶13  identifies real property located at 4476 Alderport Huntington Beach CA 92649 that was sold by the Debtor on 10-31-2018 (beyond the one-year pre-filing period (7-9-2020 - 7-9-2021). | |
| | | |

The Complaint cites no facts that the initial errors that were corrected by amendments were nothing more than innocent and inadvertent oversights, and no facts were cited in the Complaint that they were knowingly and fraudulently made false oaths.

The Complaint is silent as to whether the alleged concealed information would have or could have revealed assets available for creditors, especially if the assets in question were exempted        . The Complaint does not allege that the Debtor made a false oath with fraudulent intent. In fact, the evidence will show if this case goes to trial that the Defendant was not adequately interrogated by her retained attorney [subsequently rescinded the retainer agreement] in the initial consultation and preparation of her schedules. Such reliance on an attorney can, with other evidence, demonstrate a lack of actual intent. *Parnes et al. v. Parnes(In re Parnes)*, 200 B.R. 710, 715(Bankr. N.D. Ga. 1996). Accordingly, Plaintiff's 4th Cause of Action under 11 U.S.C. §727(a)(4) is properly dismissed.

(5)      **PLAINTIFF'S 5TH CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(5) IS**
**PROPERLY DISMISSED**

The elements that comprise an objection to discharge under 11 U.S.C. § 727(a)(5): the debtor failed to explain satisfactorily, **before determination of denial of discharge** under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities. [Emphasis added]

Here, no trial has been scheduled, and Defendant explained satisfactorily, ***before*** determination of denial of discharge any loss of assets or deficiency of assets to meet the debtor's liabilities in her amendment of (1) 9-7-2021 [Doc-15], (2) 9-22-2021 [Doc-16-17], (3) 10-14-2021 [Doc-22], (4) 11-16-2021[Doc-37], (5) 11-22-2021 [Doc-38], (6) 11-23-2021[Doc-39], (7) 12-1-2021 [Doc-42], (8) 3-11-2022 [Doc-72], (9) 3-15-2022[Doc-75].

11 U.S.C. § 727(a)(5) does not explicitly require a creditor to call upon a debtor to explain a loss of assets prior to filing an adversary proceeding.  A denial of discharge under § 727(a)(5) requires only that the debtor fail to explain a loss of assets "before determination of denial of discharge under this paragraph." To require a creditor to seek an explanation from the debtor prior to filing an adversary hearing would add an additional and redundant layer of inquiry to § 727(a)(5).  Accordingly, Plaintiff's 5th Cause of Action under 11 U.S.C.  §727(a)(5) is properly dismissed.

(5) PLAINTIFF'S ALLEGED CAUSE OF ACTION FOR ALTER EGO PROPERLY DISMISSED.

In AHCOM, Ltd. v. Smeding,, 2010 WL 4117736, 2010 DJDAR 16125, Case No. 09-16020 (9th Cir. Oct. 21, 2010), the Ninth Circuit  concluded, "California law does not recognize an alter ego claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos for the purposes of all the corporation's debts." The Ninth Circuit overruled opinions relied on a California state court case, Stodd v. Goldberger, 73 Cal. App. 3d 827 (1977), for the proposition that California recognized a general alter-ego claim. Accordingly, Plaintiff's alleged Cause of Action for  alter ego is properly dismissed.

**c.  CONCLUSION**

Plaintiff has not demonstrated, nor can she state a viable claim under any cause of action in her Complaint; lacking liability and filed for the purpose of harassment, unreasonable delay, and to obtain an unfair advantage in the *Nickel vs, Huntington Beach Gables Homeonwers Association, et al.*  state court action filed by a bona fide purchaser of the Gallian real property in October 2018.

Particularly evident when one examines the Complaint's claims, which consists of no more than the gratuitous and bare-bones boilerplate conclusions minimally invoking this Court's jurisdiction. For the above reasons, Defendant prays that this Court dismiss Plaintiff's Complaint with prejudice, that Plaintiff not be granted leave to amend, that Plaintiff take nothing by her Complaint, and that Defendants' alleged debt to Plaintiff be discharged. Further, Defendant prays that this Court issue a finding of fact that the claims brought by Plaintiff are dischargeable, and that pursuant to 11 U.S.C. §524(a)(1) and (2), this discharge should also serve to void any future judgment to determine the personal liability of Defendant and operate as a permanent injunction against any actions whether commenced pre-petition or post-petition.

Further, Defendant prays that this Court award Defendant costs and reasonable attorney's fees in an amount which will be ascertained, pursuant to 11 U.S.C. §523(d) and Federal Rule of Bankruptcy Procedure 9011.

According, Defendant respectfully request that the Court enter an order granting the *Motion* in its entirety, and providing for such other and further relief as this Court deems just.

I declare under penalty of perjury the foregoing is true and correct.  Signed at Huntington Beach CA. County of Orange.

DATED:          November 7, 2022

Respectfully submitted.

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN
Debtor and Defendant,
IN PRO PER

-14-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 Skylab Road, Huntington beach, CA 92647

A true and correct copy of the foregoing document entitled: **MOTION TO DISMISS COMPLAINT: 1. TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A); 2. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A); 3. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A); 4. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5); AND 5. FOR A FINDING OF ALTER EGO LIABILITY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___11/7/2022___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jeffrey I Golden (TR)    lwerner@wgllp.com; jlg@trusteesolutions.net;  kadele@wgllp.com**

**United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___11/7/2022___ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge Scott C. Clarkson**
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 W. Fourth Street, Ste. 5060
Santa Ana, CA 92701-4593

**Plaintiff Janine B. Jasso, Esq.**
**Email Address:**
**j9_jasso@yahoo.com**

**P.O. Box 370161**
**El Paso, Tx**
**79937**

☐    Service information continued on attached page

___November 7, 2022    Robert McLelland___
Date            Printed Name

*Robert McLelland*
Signature    **bobwentflying@yahoo.com**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (If needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)        ustpregion16.sa.ecf@usdoj.gov

t of California.

**F 9013-3.1.PROOF.SERVICE**