Janine Jasso
P.O. Box 370161
El Paso, TX 79937
E-Mail: j9_jasso@yahoo.com
Plaintiff, IN PRO PER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re: JAMIE LYNN GALLIAN | CASE NO. 8:21-bk-11710-SC |
| | Chapter 7 |
| | Adversary No. 8:21-ap-01096-SC |
| JANINE JASSO, an individual, | **PLANTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME [DOCKET 58]; DECLARATION OF JANINE JASSO IN SUPPORT THEREOF** |
| Plaintiff, | |
| v. | |
| JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited Liability Company, J-Sandcastle Co LLC, a California Limited Liability Company, and DOES 1 through 100, inclusive, | Plaintiff's Motion for Partial Summary Judgment Hearing (Docket 47): November 15, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5C -Virtual. |
| Defendants. | |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR IN PRO PER, THE OFFICE OF THE UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL PARTIES IN INTEREST:

Plaintiff, Janine Jasso ("Plaintiff") hereby opposes ("Opposition") Jamie Lynn

1

Gallian's ("Debtor's") untimely, unnoticed motion called "Motion for Extension of Time" filed on November 4, 2022 at 9:20p.m. [Docket 58.] Plaintiff does not understand what this motion is. There is no hearing date or time on the motion to purportedly extending Defendant's Response to Plaintiff's Motion for Summary Judgment to December 15, 2022, and it does not explain what statute or case law or other basis gives the Debtor a stipulation by default that Plaintiff did not know about or agree to or sign. Therefore, Plaintiff cannot properly respond to it to protect my rights under whatever this is related to. Therefore, the motion should be denied.

In an abundance of caution, if the court believes this is a motion for an extension of time under the Federal Rules of Bankruptcy Procedure §9006(b)(1) to respond to Plaintiff's Motion for Partial Summary Judgment ("MPSJ") (Docket 47) or a motion for continuance under Local Bankruptcy Rule 9013-1(m), Plaintiff opposes it as it does not comply with either of these bankruptcy procedure rules, and Debtor did not provide evidence the Debtor's failure to timely act was the result of excusable neglect nor any evidence establishing cause for a requested continuance.  Therefore, Plaintiff's MPSJ (Docket 47) should still be heard on November 15, 2022, 1:30p.m.

In an abundance of caution, if the court finds this is a motion to extend the time under the court's scheduling orders in Docket No. 57 for Debtor to file an unstated dispositive motion, an extension should not be necessary if the Debtor notices a motion within the proper time is not necessary as the convicted Debtor has not provided evidence that the court's scheduling order is not adequate.  Furthermore, other than a motion for summary judgment, any other purported dispositive motion, such as Defendant's unnoticed and untimely motion to dismiss Plaintiff's case under FRBP 12(b)(6), Docket 63, with a scheduled hearing date of November 15, 2022 – 6 days from now, which had to be made prior to answering the Plaintiff

First Amended Complaint. Importantly, all of the Defendants answers had been filed prior to a FRBP 12(b)(6) motion, discovery was performed, multiple 341a hearing testimony relevant to this case was provided by Debtor after Plaintiff filed her First Amended Complaint, several modifications to the Debtor's bankruptcy schedules relevant to this case were filed by Debtor after the First Amended Complaint, two of the Defendants, J-Pad, LLC and J-Sandcastle Co LLC, have since defaulted, and the Plaintiff is entitled to make her motion for default judgment. Therefore, any other dispositive motion would improperly prejudice the Plaintiff in violation of the federal rules of civil procedure and bankruptcy rules.

Plaintiff respectfully requests the court accept this pleading as Plaintiff's good faith Opposition to Debtor's unnoticed motion based on a nonexistent hearing with a fraudulent unagreed to stipulation in Debtor's Docket 58 filing. Plaintiff requests the court deny Debtor's possible motion to extend Plaintiff's MPSJ (Docket 47), and deny Debtor's possible motion to extend the court's scheduling orders in Docket No. 57. In the alternative, if the Court grants the motion to extend, Plaintiff respectfully requests that the Court limit the extension to only a responsive pleading to Plaintiff's MPSJ (Docket 47) and nothing else. Based on the court's scheduling orders, Defendant has not provided any evidence that she has been prejudiced by the existing court's orders, and Defendant has possible hearing dates in January 2023 for a motion for summary judgment that would allow for timely notice 42 days in advance of a regularly scheduled hearing date, if Debtor so chooses.

I.  **CASE BACKGROUND**

On or about July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Plaintiff timely filed a First Amended Complaint (the "Complaint") in the above captioned adversary proceeding on November 16, 2021 (the "Adversary Proceeding"). The Adversary Proceeding was commenced pursuant to Rules

7001(4) and (6) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(7) and (a)(2)(A) and 727(a)(3), (a)(4), and (a)(5). On December 10, 2021, Debtor filed her answer to the Complaint [Docket No. 13]. [Jasso Decl. ¶¶3-9.]

Plaintiff's MPSJ requesting the Court summarily find that Plaintiff's First Cause of Action for the nondischargeability of the state criminal restitution judgment was filed and timely served on September 29, 2022, forty-seven (47) days before the regular scheduled hearing date of November 15, 2022 regarding Debtor's first debt owed to me, the non-dischargeable criminal restitution judgment debt listed under the First Cause of Action. [Jasso Decl. ¶ Debtor's Docket 58 filing makes no claim and provides no evidence that she was not properly served Plaintiff's MPSJ. There appears to be no basis for the motion other than the Debtor wants it regardless of bankruptcy procedure rules. [Docket 58, and see Jasso Decl. ¶ 9.]

During the main bankruptcy case no. 8:21-bk-11710-SC, Debtor has prepared and filed in pro per bankruptcy ex parte motions, oppositions to motions, declarations, exhibits attached to declarations, adversary case answers and pre-trial conference statements. During the month of October, Debtor, who has 25 years of pro per litigation experience, including bankruptcy and criminal cases, prepared and filed motions, declaration, reply pleadings in pro per in her main bankruptcy Case No. 8:21-bk-11710-SC, Docket nos. 244, 245, 247, 252, 253, 254, 257 & 258. [Jasso Decl. ¶10.]

On September 27, 2022, Plaintiff's Adversary Case pre-trial status hearing, the court asked both Debtor and me about any motions pending before the court. Debtor notified the court that she was filing a motion to dismiss and other dispositive motions for this case in two days (or by September 29, 2022). She did not file any motion. At the same hearing, Plaintiff informed the court that Plaintiff had just completed scheduling my motion for partial summary judgment for November 15, 2022 and that the notice and motion would be filed and served in

two days, or September 29, 2022. [Docket No. 47.] Plaintiff honored the deadline Plaintiff told the court. Furthermore, by filing the MPSJ and having the Debtor served on September 29, 2022, Plaintiff ensured that Debtor's requested timely service by mail was honored as well. [Jasso Decl. ¶¶11-12.] The court instructed Plaintiff that the deadline to file and serve was at least 42 days before the hearing on the MPSJ, but due to the service mail, the documents had to be served 45 days before the hearing. September 29, 2022 was forty-seven (47) days before the regularly scheduled hearing. [Jasso Decl. ¶13.]

The Debtor was required to file and serve Plaintiff by mail, per my stated request, any responsive pleading to the MPSJ approximately 24 days before the date set for hearing due to the service by mail. Therefore, a responsive pleading or a timely motion for an extension was due by October 21, 2022. At worst, a responsive pleading was due by October 25, 2022, which was 21 days before the hearing if Debtor wanted to serve Plaintiff by overnight mail. Debtor did not file anything. Instead, it appears from the docket of her main bankruptcy Case No. 8:21-bk-11710-SC, Debtor initiated motions, declarations, and reply pleadings under Docket nos. 244, 245, 247, 252, 253, 254, 257 & 258. Such pleadings were all filed on or before October 25, 2022. Therefore, Plaintiff believes Debtor could have timely prepared, served, and filed a responsive pleading to my motion. [Jasso Decl. ¶14.]

Plaintiff requests that the Debtor be held to the same standard that the court told me that I would be held to regarding the court's required bankruptcy procedures. Debtor has not provided any evidence that she could not timely respond or that there is good cause for continuing Plaintiff's MPSJ. Plaintiff would be prejudiced by dragging out the adjudication of this motion farther into the future.

II.    **ARGUMENT**

**A. Debtor Fabricated a Fraudulent Stipulation That Plaintiff Did Not Know About,**

**Did Not Sign and Did Not Agree to Unilaterally Extend Plaintiff's MPSJ**

Debtor appears to argue that because she is restrained from contacting me, Debtor is entitled to a fabricated stipulated order by default or fraud to move Plaintiff's MPSJ hearing, which I did not sign, did not agree to and did not receive notice or proper service. [Jasso Decl. ¶15.] By pure luck, Plaintiff saw Debtor's filing in Pacer when looking up Plaintiff's own pleading to make sure it was filed. Plaintiff immediately contacted the Court's clerk on Monday, November 7, 2022, and left a message stating that Plaintiff objects to this motion and has not agreed to any stipulation falsely provided by the Debtor. The Court's clerk contacted Plaintiff on Tuesday, November 8, 2022 at which time Plaintiff repeated directly to the Court clerk that Plaintiff objects and opposes Debtor's Docket 58 filing and would be filing this motion as quickly as possible. [Jasso Decl. ¶16.]

Plaintiff found nothing in the law that gives Debtor this type of relief. Further, in compliance with the court's restraining orders' no contact orders, the court's restraining order [see Docket __, Exh A, p __] provides that Debtor's attorney of record may contact me, the protected person. Plaintiff has not been contacted by an attorney of record for the Debtor in compliance with the restraining orders protecting me from Debtor. [Jasso Decl. ¶17.] Even if, *hypothetically*, Debtor hired a secret attorney to represent her in this matter and fabricated Plaintiff's signature on a stipulation, the Debtor's attorney would be required to comply with Local Bankruptcy Rule 7016-1(a)(5). The reality is that none of this occurred, and therefore, the convicted Debtor's motion should be denied.

**B. If Debtor's Motion for Extending the Date and Time is related to Plaintiff's Motion for Partial Summary Judgment, Docket 47, It Should be Denied for Noncompliance with F.R.B.P. § 9006(b)(1)**

Under Docket 58, Defendant has filed without notice and hearing a purported Motion to

Enlarge or Extend the Time. The motion does not explain what for responding to Plaintiff's Motion for Partial Summary Judgment ("Motion") (Docket 47). Defendant's motion should be denied as it does not comply with the bankruptcy procedure rules for requesting an extension of time to respond to the Motion.

A party requesting an extension of time to file a response to a motion has to follow Federal Rules of Bankruptcy Procedure 9006 (b)(1) "<u>Enlargement</u>:

> (1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Debtor's motion does not have any of the required pleadings, including evidence via a declaration or other evidence that would show "excusable neglect." In fact, Debtor's actions in the main bankruptcy case of filing numerous pleadings over the course of October 2022 demonstrate that Debtor was able to timely file a response to Plaintiff's MPSJ. [Jasso Decl. ¶¶ 19-20.]

**C. If Debtor's Motion for Extending the Date and Time is related to Plaintiff's Motion for Partial Summary Judgment, Docket 47, It Should be Denied for Noncompliance with Local Bankruptcy Rule 9013-1(m)**

Local Bankruptcy Rule 9013-1(m) regarding Continuances states:

(1) Motion for Continuance. Unless otherwise ordered, a motion for the continuance of a hearing under this rule must be filed as a separately captioned motion, and must be filed with the court and served upon all previously noticed parties by facsimile, email, personal service, or overnight mail at least 3 days before the date set for the hearing.

> (A) The motion must set forth in detail the reasons for the continuance, state whether any prior continuance has been granted, and be supported by the declaration of a competent witness attesting to the necessity for the continuance.

7

OPPOSITION TO DEBTOR'S MOTION TO CONTINUE PARTIAL SUMMARY JUDGMENT HEARING

      (B) A proposed order for continuance must, in accordance with LBR 9021-1(b), be lodged with the court upon the filing of the motion.

      (C) Unless the motion for continuance is granted by the court at least 1 day before the hearing, the parties must appear at the hearing.

(2) Stipulations for Continuances. Parties stipulating to a continuance of a hearing under this rule must notify the courtroom deputy immediately of their agreement for a continuance. The stipulation is subject to approval by the court under subsection (m)(3) of this rule. Unless the continuance is approved by the court at least 1 day before the hearing, the parties must appear at the hearing. A stipulation for continuance must contain facts establishing cause for the requested continuance and be filed in accordance with LBR 9021-1(b)(2) and LBR 9071-1.

(3) Court Approval. A continuance (whether stipulated to by counsel or not) is not effective unless an order is entered approving the continuance, the clerk informs the parties that the court has authorized a continuance, or the continuance is granted in open court.

(4) Extension of Time Due to Continuance of Hearing Date. Unless an order for continuance states otherwise, a continuance of the hearing of a motion automatically extends the time for filing and serving opposing or responsive documents and reply documents.

    Defendant has not complied with any of these rules. Defendant has not prepared any motion pursuant to LBR 9013-1(m), there is no motion hearing date, there has been no service of process by overnight mail three days in advance of the hearing, since Plaintiff and the Defendants have only authorized mail service in this matter.

    Furthermore, there was no stipulation for continuance and there is no law that provides for a stipulation by default when the Debtor is subject to multiple restraining orders protecting the Plaintiff. The Debtor could have contacted Plaintiff through an attorney of record to request a possible continuance. Or, Debtor could have made a proper motion without a stipulation and set out the detailed reasons for the continuance via a proper declaration, which Debtor has

substantial experience providing the court, as wells as civil courts.

**D. If the Court is Inclined to Grant the Motion, In the Interest of Fairness to the Plaintiff Regarding the Bankruptcy Procedural Rules Which the Court Has Strictly Applied, Debtor's Motion Should Only Apply to One Pleading, namely Debtor's Response to Plaintiff's Motion for Partial Summary Judgment, Docket 47, and No Other Motion**

The Court instructed that Plaintiff follow all of the bankruptcy procedure rules under penalty of my motion being denied. Plaintiff worked very hard to comply with the Court's orders and all of the bankruptcy procedure rules, having no real litigation experience and no bankruptcy experience before this case. Plaintiff gave plenty of notice and filed all of the pleadings 47 days before the hearing and made the Court and the Debtor aware of the scheduled motion 49 days before the hearing. [Jasso Decl. ¶¶ 12-13.]

Therefore, Plaintiff respectfully request that the Court limit granting the motion extending time to **only** Debtor's responsive pleading, i.e. an opposition or approving Plaintiff's MPSJ. No other pleading should be given an extension of time or a reduction of time It appears from the Docket that Debtor filed a Motion for Summary Judgment regarding Plaintiff's first cause of action related to the criminal restitution judgment debt under Docket 62. If the Court finds that Docket 62 should actually be treated as an opposition to Plaintiff's MPSJ with a hearing date of December 13, 2022 as provided in the caption, Plaintiff requests that the Court make a specific ruling that Docket 62 is not a motion for summary judgment but instead an opposition to Plaintiff's MPSJ and Debtor's sole responsive pleading to Plaintiff's MPSJ, and additionally order that Plaintiff may reply to the opposition no later than 14 days before December 13, 2022.

In addition, Plaintiff requests that Debtor's Docket 63 filing is taken off calendar, as Debtor's Docket 58 filing for a motion for extension is not applicable to any other pleading by Debtor. Plaintiff would be unlawfully prejudiced if the Court applied Debtor's Docket 58 to Debtor's untimely motion to dismiss Plaintiff's case under FRBP 12(b)(6), Docket 63, with a

notice that Debtor's motion will be heard on November 15, 2022 – 6 days from now. Further, the Debtor Docket 62 motion is improper because it had to be made prior to answering the Plaintiff First Amended Complaint. Importantly, all of the Defendants answers had been filed prior to a FRBP 12(b)(6) motion, discovery was performed, multiple 341a hearing testimony relevant to this case was provided by Debtor after Plaintiff filed her First Amended Complaint, several modifications to the Debtor's bankruptcy schedules relevant to this case were filed by Debtor after the First Amended Complaint, two of the Defendants, J-Pad, LLC and J-Sandcastle Co LLC, have now defaulted, and the Plaintiff is entitled to make her motion for default judgment. Therefore, the Court should not apply Debtor's Docket 58 to any other dispositive motion, as such application would improperly prejudice the Plaintiff in violation of the federal rules of civil procedure and bankruptcy rules. Furthermore, based on the court's scheduling orders, Defendant has not provided any evidence that she has been prejudiced by the existing court's scheduling orders, because both parties have other possible hearing dates in January 2023 for any dispositive motion that would allow for timely and proper notice respecting the bankruptcy court's procedural rules.

Date: November 8, 2022

Janine Jasso
Pro Per

Janine Jasso
P.O. Box 370161
El Paso, TX 79937
E-Mail: j9_jasso@yahoo.com
Plaintiff, IN PRO PER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re: JAMIE LYNN GALLIAN | CASE NO. 8:21-bk-11710-SC |
| | Chapter 7 |
| | Adversary No. 8:21-ap-01096-SC |
| JANINE JASSO, an individual, | **DECLARATION OF JANINE JASSO IN SUPPORT OF PLANTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME [DOCKET 58]** |
| Plaintiff, | |
| v. | |
| JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited Liability Company, J-Sandcastle Co LLC, a California Limited Liability Company, and DOES 1 through 100, inclusive, | Current Hearing for Plaintiff's Partial Summary Judgment: November 15, 2022
Time: 1:30 p.m.
Courtroom: 5C-Virtual. |
| Defendants. | |

I, JANINE JASSO, declare and state as follows:

1. I am over the age of eighteen (18), have personal knowledge of the facts stated herein and except as to those matters stated upon information and belief, I believe them to be true. I could and would testify to said facts if sworn as a witness in this proceeding.

1

DECLARATION OF JANINE JASSO ISO OF OPPOSITION TO DEBTOR'S MOTION TO EXTEND TIME

2. This declaration is in support of Plaintiff's Opposition To Defendant's Motion For Extension Of Time [Docket 58].

3. On or about July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. I timely filed a First Amended Complaint (the "Complaint") in the above captioned adversary proceeding on November 16, 2021 (the "Adversary Proceeding").

5. The Adversary Proceeding was commenced pursuant to Rules 7001(4) and (6) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(7) and (a)(2)(A) and 727(a)(3), (a)(4), and (a)(5).

6. On December 10, 2021, Debtor filed her answer to the Complaint [Docket No. 13].

7. I filed and served my motion for partial summary judgment on September 29, 2022, forty-seven (47) days before the scheduled hearing date of November 15, 2022 with respect to Debtor's first debt owed to me, the non-dischargeable criminal restitution judgment and debt listed under the First Cause of Action.

8. Debtor has twenty-five (25) years of pro per litigation experience, including bankruptcy, criminal, civil, probate, family law, unlawful detainer, worker's compensation, restraining order cases and appellate cases in California and other states.

9. Debtor did not list any reason for the motion to extend time, and therefore appears to be simply because she want it.

10. Debtor has prepared and filed in pro per bankruptcy ex parte motions, oppositions to motions, declarations, exhibits attached to declarations, adversary case answers and pre-trial conference statements. At the same time, Debtor has been initiating motions in pro per in her main bankruptcy Case No. 8:21-bk-11710-SC, Docket nos. 244, 245, 247, 252, 253, 254, 257 & 258.

11. On September 27, 2022, in the pre-trial status hearing, the court asked both Debtor and me about any motions pending before the court. Debtor notified the court that she was filing a motion to dismiss and other dispositive motions for this case in two days (or by September 29, 2022). She did not file any motion.

12. At the same hearing, I informed the Court and Debtor that I had just completed scheduling my motion for partial summary judgment for November 15, 2022 and that the notice and motion would be filed and served in two days, or September 29, 2022. [Docket No. 47.] I honored the deadline I told the Court, and by having my motion pleadings filed and served on September 29, 2022, I ensured that Debtor's requested timely service by mail was honored as well.

13. The court instructed me that I had to file and serve at least 42 days before the hearing, but due to the service mail, the documents had to be served 45 days before the hearing. September 29, 2022 was forty-seven (47) days before the regularly scheduled hearing.

14. The Debtor was required to file and serve me by mail, per my stated request, any responsive pleading to my motion approximately 24 days before the date set for hearing due to the service by mail. Therefore, a responsive pleading or a timely motion for an extension was due by October 21, 2022. At worst, a responsive pleading was due by October 25, 2022, which was 21 days before the hearing if Debtor wanted to serve me by overnight mail. Debtor did not file anything. At the same time, Debtor initiated motions in pro per in her main bankruptcy Case No. 8:21-bk-11710-SC, Docket nos. 244, 245, 247, 252, 253, 254, 257 & 258. The pleadings were all filed on or before October 25, 2022. Therefore, I believe Debtor could have timely prepared, served, and filed a responsive pleading to my motion.

15. Debtor appears to argue that because she is restrained from contacting me, Debtor is entitled to a fabricated stipulated order by default or fraud to move my MPSJ

hearing, which I did not sign, did not agree to and did not receive notice or proper service.

16. By pure luck, I saw Debtor's filing in Pacer when looking up Plaintiff's own pleading to make sure it was filed. I immediately contacted the Court's clerk on Monday, November 7, 2022, and left a message stating that I objectg to this motion and did not agree to any stipulation falsely provided by the Debtor. The Court's clerk contacted me on Tuesday, November 8, 2022 at which time I repeated directly to the Court clerk that I object and oppose Debtor's Docket 58 filing and would be filing this motion as quickly as possible. [Jasso Decl. ¶ 16.]

17. I have not been contacted by an attorney of record for the Debtor in compliance with the restraining orders protecting me from the Debtor.

18. I have not been able to figure out exactly what she is filing and when the hearing is on Docket 58. I contacted the Santa Ana Bankruptcy Clinic which is only open on Wednesdays and Fridays for a couple of hours, therefore I had to file this opposition in an abundance of caution.

19. Debtor has not provided any evidence that she could not timely respond or that there is good cause for continuing my motion.

20. Based on (1) Debtor's 25 years of pro per litigation experience including bankruptcy, (2) the court's instructions to her on September 27, 2022 to file her motions in my case, and (3) the Debtor's filing of multiple motions and responsive pleadings throughout October in her main bankruptcy case, I believe that Debtor knew the proper procedures and deadlines and chose not to comply in order to improperly delay the efficient and timely resolution of this criminal restitution debt that is non-dischargeable.

21. I timely provided the evidence regarding Debtor's convictions in Case No. 18WM05278 for contempt of court and the State's criminal restitution order, which is the debt

4
DECLARATION OF JANINE JASSO ISO OF OPPOSITION TO DEBTOR'S MOTION TO EXTEND TIME

that I am requesting the Court to summarily find is non-dischargeable. I have proven that Debtor did not timely object or file any responsive pleading. Granting Debtor's purported motion, that is incomprehensible and has not legal basis for it, now serves only to hurt me more for no reason, other than because Debtor wants to hurt me.

22. Therefore, I respectfully request the Court (1) deny any possible motion by the convicted Debtor that purports to extend the hearing on my motion for partial summary judgment and (2) hear the motion on November 15, 2022, at 1:30pm, as properly scheduled under Docket No. 47.

23. If the Court wants to grant her Docket 58 motion, I respectfully request that the Court order that this extension **only apply** to one pleading by Debtor that specifically is a response to my motion for partial summary judgment Docket 47. Further, the Plaintiff respectfully requests that Plaintiff's right to reply to Debtor's responsive pleading be protected. By limiting this extension to only this one Debtor responsive pleading, the Court prevents unlawful prejudice to me.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 8, 2022, at El Paso, Texas.

_Janine Jasso_
Janine Jasso

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
7101 N. Mesa, Ste 355
El Paso, TX 79912

A true and correct copy of the foregoing document entitled (*specify*): **Plaintiff's Opposition To Defendant's Motion For Extension of Time [Docket 58]; Declaration of Janine Jasso in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __11/09/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See NEF for confirmation of electronic transmission to the U.S. trustee, any trustee in this case, and to any attorneys who received service by NEF.

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _11/09/2022_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| DEBTOR AND DEFENDANT | DEFENDANT J-PAD, LLC | DEFENDANT J-SANDCASTLE CO LLC |
|---|---|---|
| JAMIE LYNN GALLIAN | ROBERT L MCLELLAND, CEO | RONALD J PIERPONT, CEO |
| 16222 MONTEREY LANE, SPC 376 | 16222 MONTEREY LANE, SPC 376 | 16222 MONTEREY LANE, SPC 376 |
| HUNTINGTON BEACH, CA 92649 | HUNTINGTON BEACH, CA 92649 | HUNTINGTON BEACH, CA 92649 |

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __11/9/2022_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Document Delivery to Court Suspended General Order 21-05

Courtesy copy: Aaron E. de Leest, Esq. via email adeleest@danninggill.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11-09-2022 | David Jasso | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                F 9013-3.1.PROOF.SERVICE