JAMIE LYNN GALLIAN
16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH. CA 92649
(714)321-3449
JAMIEGALLIAN@GMAIL.COM

DEFENDANT IN PRO PER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re: JAMIE LYNN GALLIAN<br>Debtor. | CASE NO. 8:21-bk-11710-SC<br>*Hon. Scott C. Clarkson*<br>Chapter 7 |
| JANINE B. JASSO, ESQ.<br>Plaintiff,<br>v.<br>JAMIE LYNN GALLIAN<br>Defendant. | Adversary No. 8:21-ap-01096-SC<br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CAUSE OF ACTION UNDER 11 U.S.C. 523(a)(7)**<br>[Opposition to Plaintiff's Motion for Partial Summary Judgment; Declaration of Jamie Lynn Gallian, Filed Concurrently Herewith]<br><br>Hearing<br>Date: December 13, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5C-Virtual.via ZoomGov |

In support of OPPOSITION to Plaintiff's *Motion for Partial Summary Judgment* filed concurrently herewith, Defendant Jamie Lynn Gallian hereby respectfully requests that this Court take judicial notice EXHIBIT A pursuant to Federal Rule 201.

# EXHIBIT A

2022 WL 16709973
Only the Westlaw citation is currently available.
United States Bankruptcy Court, S.D. California.

In Re Debtor. L. Robert Jellinek
L. Robert Jellinek Plaintiff(s)
V.
William "Tom" Forlander and Advance Products & Systems, LLC Defendant(s)

BANKRUPTCY NO. 22-01836-MM7
|
ADVERSARY NO. 22-90038
|
Date of Hearing: October 6, 2022
|
DATED: October 12, 2022

**ORDER ON**

Motion for Summary Judgment and Motion to Dismiss

 **\*1**  The court orders as set forth on the continuation pages attached and numbered 2 through 10 with exhibits, if any, for a total of 10 pages. Motion/Application Docket Entry No. 3/9.

Debtor L. Robert Jellinek ("Jellinek") filed a Chapter 7 bankruptcy petition on July 13, 2022. He then filed a Complaint to Determine Dischargeability of Debt and for Declaratory Relief against creditors William "Tom" Forlander and Advance Products & Systems, LLC ("APS") (collectively "Forlander"). Adv. Docket, Doc 1. The Complaint alleges one cause of action and seeks a determination of dischargeability under § 523(a)(7) of a debt for $590,865.40 which Jellinek owes to Forlander pursuant to an Order for Victim Restitution.

Jellinek filed a Motion for Summary Judgment on August 3, 2022, seeking a ruling that the exceptions to discharge set forth in Bankruptcy Code sections 523(a)(7) and (a)(13) do not apply to the Order of Victim Restitution. Adv. Docket, Doc. 3.

On August 19, 2022, Forlander filed a Statement of Conditional Opposition to Jellinek's Motion for Summary Judgment. Adv. Docket, Doc. 6.

On August 26, 2022, Forlander filed a Motion to Dismiss the Adversary Complaint under Fed. R. Bank, P, Rule 12(b)(6). Adv. Docket, Doc 9.

On September 1, 2022, the Bankruptcy Court issued a minute order consolidating the hearing on the two motions. Adv. Docket, Doc. 12.

On October 3, 2022, the Bankruptcy Court issued a Tentative Ruling to grant Jellinek's Motion for Summary Judgment and to deny Forlander's Motion to Dismiss. Adv. Docket, Doc. 15.

The Bankruptcy Court held oral argument on October 6, 2022.

Following argument, the Court adopted its Tentative Ruling.

Based on the Jellinek Adversary Complaint, the Jellinek Motion for Summary Judgment, Forlander's Opposition to the Motion for Summary Judgment and the additional briefing by the parties, Forlander's Motion to Dismiss the Adversary Complaint and the additional briefing by the parties, the papers and pleadings on file in the Jellinek Chapter 7 bankruptcy case and the Jellinek Adversary Proceeding, the Tentative Ruling and good cause appearing therefore, The Bankruptcy Court hereby rules as follows:

> 1. The Bankruptcy Court's Tentative Ruling, a true and copy of which is attached to this Order as Exhibit "A", is hereby confirmed as the final order of the Bankruptcy Court and hereby incorporated herein by reference in its entirety;
>
> 2. With respect to the Jellinek Motion for Summary Judgment, the Bankruptcy Court hereby:
>
> a. GRANTS Jellinek's Motion for Summary Judgment; and
>
> b. DENIES Forlander's Motion to Dismiss; and
>
> 3. Accordingly, the Bankruptcy Court hereby enters Summary Judgment holding that the exceptions to discharge set forth in Bankruptcy Code sections 523(a)(7) and (a)(13) do not apply to the Order of Victim Restitution.

IT IS SO ORDERED.

APPROVED AS TO FORM:

HIGGS, FLETCHER & MACK LLP

By: MARTIN A. ELIOPULOS, ESQ. Attorneys for Defendants ADVANCED PRODUCTS & SYSTEMS, INC. And WILLIAM "TOM" FORLANDER

**EXHIBIT A**

TENTATIVE RULING

ISSUED BY JUDGE MARGARET M. MANN

**\*2** Bankruptcy Case Name L. Robert Jellinek

Bankruptcy Number: 22-01836-MM7

Adversary Proceeding: L. Robert Jellinek v. William "Tom" Forlander and Advanced

Products & Systems LLC

Adv. Pro. No. 22-90038-MM

Hearing: 10:00 AM Thursday October 6, 2022

Motions: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION TO DISMISS

L. Robert Jellinek ("Jellinek") filed a Chapter 7 bankruptcy petition on July 13, 2022. He then filed a Complaint to Determine Dischargeability of Debt and for Declaratory Relief against William "Tom" Forlander and Advance Products & Systems, LLC ("APS") (collectively "Forlander" or "Defendants"). Doc 1. The Complaint seeks a determination of dischargeability under § 523(a)(7) of a debt for $590,865.40 which Jellinek owes to Forlander pursuant to an Order for Victim Restitution ("OVR") entered in San Diego Superior Court on February 6, 2018.

Jellinek filed a Motion for Summary Judgment ("MSJ") on August 3, 2022, Doc. 3 which Forlander conditionally opposed. Doc 6. On August 26, 2022, Forlander then filed a Motion to Dismiss ("MTD") under Rule 12(b)(6). Doc 9.

The court issued a tentative ruling scheduling Jellinek's MSJ and Forlander's MTD for hearing at the same time. Doc 11. Both parties agree the facts are undisputed that Forlander holds an unpaid OVR which does not arise under Title 18 of the United States Code so that dischargeability under

§ 523(a)13) is inapplicable. Also, it is undisputed that no basis for denial of discharge under § 727 was alleged in the complaint. But the parties reach opposite conclusions as to whether the OVR is dischargeable or not under § 523(a)(7).

The court agrees with Jellinek's position and will grant him summary judgment.

### I. **Background**

The undisputed facts are as follows.

On May 12, 2017, Jellinek was convicted of criminal perjury in *People of the State of California v. Robert Jellinek,* Case No. SCN357327 (the "Criminal Case") relating to a declaration filed in a civil employment action he filed against Forlander. Doc 1, 9. On December 13, 2017, Hon. Richard S. Whitney issued a Pronouncement of Judgment against Jellinek in the criminal action sentencing him to probation which ended on June 4, 2020. Doc 3-1, Ex 2. On February 6, 2018, San Diego Superior Court entered the OVR in favor of Defendants. Doc 3-1, Exhibit 3. It states, "On May 12, 2017, defendant Robert Jellinek was convicted of a crime which entitles the victim to restitution." *Id.* The OVR required Jellinek to pay restitution to Defendants of $590,865.40 consisting of attorney's fees and costs they incurred in the prior civil employment action. *Id.* At the bottom of the OVR reads a "Notice to Victims" indicating the order is enforceable as if it were a civil judgment, citing Cal Penal Code § 1214. *Id.*

On July 27, 2018, Jellinek appeared for a Debtor's Exam brought in the Criminal Case but before Hon. Robert P. Dahlquist, a San Diego Superior Court civil judge. Doc 3-1 Exhibit 5. Forlander's attorneys conducted the Debtor's Exam.

Jellinek's chapter 7 filing followed approximately four years later.

### **§ 523(7) Generally**

 **\*3**  Bankruptcy Code § 523(a)(7) provides that a debt is non-dischargeable "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental entity." In *Kelly v. Robinson,* 479 U.S. 36, 51 (1986), the Supreme Court held that § 523(a)(7) requires proof of three elements: the debt must (1) be a fine, penalty, or forfeiture; (2) be payable to and for the benefit of a governmental unit; and (3) not constitute compensation for actual pecuniary costs. *Kelly, id.,* involved a restitution order requiring a debtor to reimburse a governmental entity for overpayment of welfare benefits as a condition to probation. The Court found this debt was not dischargeable under § 523(a)(7) because it was payable to a governmental entity and was also not compensatory because "the overriding purpose of criminal restitution is to benefit society by rehabilitating offenders."

The breadth of the Court's language regarding the compensatory element of the three-part test caused general confusion in the lower courts about the dischargeability of restitution orders to ensue. Fortunately, in this Circuit, clarity has been provided by two recently published decisions where the debt is payable to a private entity.[1] *Kassas v. State Bar of Cal. (In re Kassas),* 42 F.4th 1123, 1128 (9th Cir. 2022), and *Albert-Sheridan v. State Bar of Cal. (In re Albert-Sheridan),* 960 F.3d 1188, 1193 (9th Cir. 2020); cert. den. 2021 U.S. LEXIS 126 (U.S., Jan. 11, 2021). This court is bound by precedent of the Ninth Circuit and may not overrule a decision of the United States Court of Appeals for the Ninth Circuit. *Albert-Sheridan,* id at 1192-93. Adhering to these holdings renders no disrespect to *Kelly* since its facts involved payment owed to the welfare agency itself and not a private party. *Kelly,* 479 U.S. at 39.

---

[1] The court will give no weight to contrary unpublished decisions.

### § 523(a)(7) Elements

The first element is whether the debt owed to Forlander is "a fine, penalty, or forfeiture".

Jellinek argues that restitution is not penal, focusing on the criminal vs. civil nature of the proceeding. He argues the OVR was ordered in a subsequent civil proceeding and that the amount proven was before a different judge than the one who presided over the criminal case, had no jury and there was no criminal due process, that is, Jellinek was not permitted to invoke his Fifth Amendment protection against self-incrimination at his debtor exam. Weston Decl. Ex. 5 at 6, 8, and 13.

Controlling law does not support Jellinek's reasoning. A criminal restitution order is a "fine" for purposes of § 523(a)(7). *Kelly,* id at 51-52. Jellinek's restitution obligation, the OVR, arose in, and was ordered in conjunction with, the Criminal Case. *Warfel v. City of Saratoga (In re Warfel),* 268 B.R. 205, 210 (9th Cir. BAP 2001) (citing *Kelly,* holding a state court criminal restitution order is a fine for purposes of § 523(a)(7)). In *Warfel,* the Ninth Circuit BAP focused on the structure of the California Penal Code and the legislative purpose of a civil judgment for restitution. As in *Warfel,* the OVR here was entered as a condition of probation in a criminal sentence, authorized under California Penal Code § 1214.2 which provides in relevant part:

> (a) ...if a defendant is ordered to pay a fine as a condition of probation, the order to pay a fine may be enforced during the term of probation in the same manner as is provided for the enforcement of money judgments.
>
> (b) . an order to pay a fine as a condition of probation may also be enforced as follows:
>
>> (2) If any balance remains unpaid at the end of the term of probation, in the same manner as a judgment in a civil action.

Cal. Pen Code § 1214.2.

Jellinek relies on *Hawaii v Parsons (In re Parsons),* 505 B.R. 540, 544 (Bankr. D. Haw. 2014)(claims asserted by a state agency for alleged violations of consumer protection statutes are not a fine, penalty, or forfeiture within meaning of § 523(a)(7)). MSJ p. 5. *Parsons* involved civil restitution claims and is factually distinguishable. *Id. Scheer v. State Bar (In re Scheer),* 819 F.3d 1206, 1211 (9th Cir. 2016) is unhelpful to Jellinek because it is also factually distinguishable (State Bar's attempt to enforce an arbitration award in favor of Scheer's former client was "not a fine or penalty" but "purely compensatory" and not subject to § 523(a)(7)).

**\*4** Jellinek's argument that it is not a fine because Defendants' private civil attorneys, rather than government prosecutors, conducted the enforcement hearing, Doc 8-1, is also not well taken. "It made no difference that the victim may be empowered to enforce the restitution order, because such orders "operate 'for the benefit of' the State." *Warfel,* id at 211, discussing *Steiger v. Clark Cty., Wash. (In re Steiger),* 159 B.R. 907, 911 (9th Cir. BAP 1993) (quoting *Kelly,* 479 U.S. at 53).

Similarly, it makes no difference that Jellinek's probation expired before he obtained his bankruptcy discharge (which Jellinek has not yet received). "A state can provide for collection of a criminal fine by any means it wishes, including civil process. Likewise, a state can provide that an unpaid fine remain enforceable after a term of probation ends. This is exactly what California does." *Warfel,* id at 216. "As long as the initial restitution obligation was within the *Kelly* definition of a fine, the termination of probation does not change its character as a fine." Id.

Although the first element is met here under the undisputed facts in favor of non dischargeability, the second and third elements are not. Even though the court concludes Forlander's debt is a "fine, penalty or forfeiture," that debt must be payable to a governmental unit to be excepted from discharge. The term "governmental unit" is defined in § 101:

> "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government[.]

Because Forlander is a private citizen and APS is a private company, they indisputably do not meet this definition. But Forlander urges this court to sidestep who would be the "ultimate recipient of the funds".

In *Albert-Sheridan,* the Ninth Circuit reversed the BAP and expressly limited the broad reach of *Kelly's* language, if not its facts, holding that:

> In finding the discovery fees dischargeable, the BAP relied on its understanding of the Supreme Court's decision in *Kelly v. Robinson,* 479 U.S. 36, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986). The BAP ruled that, "notwithstanding the statutory language" of § 523(a)(7), the dischargeability of a debt "turns on the purpose of the restitution award rather than the ultimate recipient of funds." *In re Albert-Sheridan,* 2019 Bankr. LEXIS 1187, 2019 WL 1594012, at *4 (citing *Kelly,* 479 U.S. at 52-53). The BAP then reasoned that since the California Supreme Court ordered the payment of the discovery sanctions, "they were transformed into a primarily punitive sanction that was nondischargeable under § 523(a)(7), despite the fact that the sanctions are payable to the affected parties rather than the State Bar." 2019 Bankr. LEXIS 1187, [WL] at *6. We disagree that *Kelly* has such a broad reach.

*Id.* at 1194. The payments made in *Kassas,* 42 F.4th at 1127, were payable to the State Bar, which was undisputably a governmental unit, obviating the Ninth Circuit's further consideration of this element. Indeed, *Kelly* involved payments to a governmental unit. *Kelly,* 479 U.S. at 39.

Other cases are in accord. *Rashid v. Powel (In re Rashid),* 210 F.3d 201, 208 (3d Cir. 2000) (creditors were victims of debtor's fraud to whom he owed more than $1.6 million pursuant to a criminal restitution order; criminal restitution obligation was dischargeable because requirement that the amount be 'payable to and for the benefit of the governmental unit,' is not satisfied); *New Hampshire v. Dargon (In re Dargon),* 638 B.R. 25, 26 (Bankr. D. Mass. 2022) (as debtor's obligation was not payable to a governmental unit, it did not fall within the § 523(a)(7) exception to discharge); *Hughes v. Sanders,* 469 F.3d 475, 477 (6th Cir. 2006) (judgment was payable to the client, not a governmental unit, and was in an amount calculated to compensate the client for the damage incurred as a result of the attorney's malpractice so debt was discharged); *Nat'l Auto Sales, Inc. v. Wilson (In re Wilson),* 299 B.R. 380, 381 (Bankr. E.D. Va. 2003)(restitution payable not to a "governmental unit" but directly to the plaintiff in an amount based on plaintiff's damages and to be determined in a subsequent civil court trial to be brought by plaintiff is dischargeable.)

**\*5** Forlander's citation to *People v. Moser,* 50 Cal. App. 4th 130, 136 (1996) is not persuasive since *Moser* is a preemption case, not a bankruptcy dischargeability case (§ 523(a)(7) does not preempt postdischarge restitution orders in state criminal proceedings). *Warfel* is also distinguishable since it involved a restitution judgment payable to the city. The BAP found this was "to and for the benefit of a governmental unit" even though the debt initially arose from the cost of toxic clean-up paid by a private entity for Warfel's unlawfully stored hazardous materials. 268 B.R. at 212 and 214. Forlander cannot rely on the unpublished decision of *O'Hara v. UST-United States Tr. (In re O'Hara),* 835 Fed. Appx. 253, 255 (9th Cir. 2020), decided the same year as *Albert-Sheridan,* because its holding was dicta on the issues before this court. Even though in *O'Hara,* the BAP affirmed a holding that the creditor's claim for restitution payable directly to it rather than to a government entity was nondischargeable, the only order on appeal to the Ninth Circuit was the order dismissing O'Hara's bankruptcy case.

Jellinek's debt is not payable to and for the benefit of a governmental unit. The second element under § 523(a)(7) for non dischargeability is unsatisfied.

As to the third element, the court finds, as in *Kassas,* 42 F.4th at 1128, that the debt is compensation for actual pecuniary loss. Indebtedness arising from a disbarred attorney's obligation to reimburse the California State Bar for payments made by the Client Security Fund to victims of a practicing attorney's misconduct was found to be compensatory and thus dischargeable.

While Forlander also contends the facts are disputed, the record contains no contrary evidence that the amount owed Forlander pursuant to the OVR was determined after a deliberative process overseen by superior court for to determine "reasonable expenses, including attorney's fees, incurred" similar to those in *Albert-Sheridan, id* at 1194. Even noting the broad language in *Kelly* quoted above, *Albert-Sheridan* still found the debt was "commensurate with" the "expenses to litigate" incurred by the plaintiff in that case and was "compensatory." *Id.* The relevant facts here are identical.

The third required element is unsatisfied.

Only one of the three required elements under § 523(a)(7) is satisfied. The MSJ is granted such that the court will issue declaratory relief finding Jellinek's debt to Defendants is dischargeable. The MTD is denied on the same grounds. These matters will be heard. Appearances are required.

All hearings in Chapter 7 cases, Chapter 11 cases, and adversary proceedings will be conducted in person at the court. Any party may request a Zoom appearance for good cause and must make the request by 10:00 a.m. two days before the hearing by contacting the Courtroom Deputy for Dept. 1 at (619) 557-7407. Any party appearing by Zoom must review the Chamber's Guidelines for doing so.

**All Citations**

--- B.R. ----, 2022 WL 16709973

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB ROAD HUNTINGTON BEACH, CA 92647

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CAUSE OF ACTION UNDER 11 U.S.C. 523(a)(7) ; [Opposition to Plaintiffs Motion for Partial Summary Judgment; Declaration of Jamie Lynn Gallian, Filed Concurrently Herewith]
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/09/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[✓] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/09/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
JANINE B. JASSO, ESQ.
EMAIL ADDRESS: J9_JASSO@YAHOO.COM

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/09/2022 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CONTINUED:
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE