1  **JAMIE LYNN GALLIAN**
2  16222 Monterey Lane Unit 376
   Huntignton Beach, CA 92649
3  (714)321-3449
4  jamiegallian@gmail.com

5  Defendant, IN PRO PER

6

7

8

9                   **UNITED STATES BANKRUPTCY COURT**

10              **EASTERN DISTRICT OF CALIFORNIA-**

11                       **SANTA ANA DIVISION**

12                                              **AMENDED**

13  In re:                          Case No: 8:21-bk-11710-SC
    L. JAMIE LYNN GALLIAN,
14                                  Judge: The Honorable Scott C. Clarkson
15         Debtor.

16                                  Chapter 7

17  JANINE B. JASSO, ESQ.
                                    Adv. No. 8:21-ap-01096-SC
18         Plaintiff,
                                    **JAMIE LYNN GALLIAN**
19    v.                            **MEMORANDUM OF POINTS &**
                                    **AUTHORITIES IN OPPOSITION TO**
20                                  **PLAINTIFF'S PARTIAL SUMMARY**
                                    **JUDGMENT  RE FIRST CAUSE OF**
21  JAMIE LYNN GALLAIN              **ACTION 11 U.S.C. §523 (a)(7);**
                                    **DECLARATION OF JAMIE L**
22         Defendant.               **GALLIAN IN SUPPORT THEREOF.**
23
24
                                    **HEARING**
25                                  Date: December 13, 2022
26                                  Time: 1:30 p.m. Virtual ZoomGov
                                    Dept.: 5C  411 West Fourth Street
27                                         Santa Ana, CA 92701
28

## NOTICE OF OPPOSITION TO PMSJ

**TO CREDITOR JANINE B. JASSO, ESQ. CHAPTER 7 TRUSTEE JEFFREY I. GOLDEN, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** on **December 13, 2022 at 1:30 p.m., in Department 5C, of the Ronald Reagan United States Federal Courthouse**, located at 411 West Fourth Street Santa Ana, CA 92701, Debtor Jamie Lynn Gallian pursuant to Bankruptcy Rule 7056 and Rule 56 of the Federal Rules of Civil Procedure, respectfully requests that the Court enter a judgment in her favor of Debtor and against Janine B. Jasso, Esq. finding that Gallian's debt to Janine Jasso, Esq. stemming from a March 9, 2021 Victim Restitution Order is dischargeable pursuant to 11 U.S.C. §§ 727 and 523(a)(7). As set forth below, there are genuine issue as to material fact and, as a matter of law, Jasso is should not be entitled to judgment in her favor.

Gallian requests that the Court make findings establishing all material facts contained herein in accordance with Fed. R. Civ. P. 56(g), made applicable to this proceeding by Fed. R. Bankr. P. 7056, should the court grant partial summary judgment in Jasso's favor.

1

**TABLE OF CONTENTS**

2   I.     INTRODUCTION .................................................................................... 7

3   II.    LEGAL STANDARDS ............................................................................ 8

4   III.   STATEMENT OF MATERIAL FACTS. .................................................. 9

5   IV.    ARGUMENT ...........................................................................................10

6        A.  11 U.S.C. § 523(a)(7) Is Not Applicable Because the Restitution at Issue Is
           Not Penal and Was Ordered in a "Subsequent Civil Proceeding." ......................... 11

7        B.  Plaintiff's Debt Is Not Exempted from Discharge Under 11 U.S.C.
8           523(a)(13). ..................................................................................................... 12

9        C.  Plaintiff's Debt Is Not Exempted from Discharge Under 11 U.S.C. 523(a)(7) ....... 13

10  V.     CONCLUSION .......................................................................................22

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)...................................................................3

*Doe v. Martinez (In re Martinez)*,
    2012 Bankr. LEXIS 2100 (Bankr. D.N.M. May 10, 2012)......................7

*Far Out Prods., Inc. v. Oskar*,
    247 F.3d 986 (9th Cir. 2001) ......................................................3

*Hardt v. Reliance Standard Life Ins. Co.*,
    560 U.S. 242 (2010).................................................................10

*Hughes v. Sanders*,
    469 F.3d 475 (6th Cir. 2006) ..................................................5, 12

*In re Albert-Sheridan*,
    960 F.3d 1188 (9th Cir. 2020) .......................................... passim

*In re Dargon*,
    638 B.R. 25 (Bankr. D. Mass. 2022) ...........................................15

*In re Gilliam*,
    2012 Bankr. LEXIS 1512 (B.A.P. 9th Cir. Apr. 6, 2012) ......................3

*In re McNabb*,
    287 B.R. 820 (Bankr. D. Colo. 2003) ..........................................16

*In re Parsons*,
    505 B.R. 540 (Bankr. D. Haw. 2014) ............................................5

*In re Polk*,
    2012 Bankr. LEXIS 6107 (Bankr. E.D. Cal. Jan. 31, 2012) ................7, 8

*In re Rashid*,
    210 F.3d 201 (3d Cir. 2000) .................................................13, 14

*In re Rayes,*
    496 B.R. 449 (Bankr. E.D. Mich. 2013)......................................................5

*In re Rens,*
    633 B.R. 594 (B.A.P. 9th Cir. 2021) ....................................................2, 3

*In re Scheer,*
    819 F.3d 1206 (9th Cir. 2016) ........................................................1, 2, 13

*In re Tea Station Inv., Inc.,*
    2021 Bankr. LEXIS 2985 (Bankr. C.D. Cal. Oct. 26, 2021).....................3

*In re Towers,*
    162 F.3d 952 (7th Cir. 1998) .......................................................5, 14, 15

*In re Wank,*
    505 B.R. 878 (9th Cir. BAP 2014) ............................................................2

*In re Wilson,*
    299 B.R. 380 (E.D. Va. 2003) ............................................................5, 6

*Kawaauhau v. Geiger,*
    523 U.S. 57 (1998).....................................................................................8

*Kelly v. Robinson,*
    479 U.S. 36 (1986)..........................................................................1, 11, 12

*Norwest Bank Worthington v. Ahlers,*
    485 U.S. 197 (1988).............................................................................10, 16

*Pavelic & LeFlore v. Marvel Entm't Grp.,*
    493 U.S. 120 (1989)................................................................................10

*State Farm Mut. Auto. Ins. Co. v. Rodriguez (In re Rodriguez),*
    568 B.R. 328 (Bankr. S.D. Cal. 2017).....................................................7

*Troff v. Utah (In re Troff),*
    2005 Bankr. LEXIS 1237 (Bankr. D. Utah June 6, 2005) ........................7

OPPOSITION PARTIAL SUMMARY JUDGMENT

**STATUTES**

11 U.S.C. § 523(a)(13) ........................................................................................6

11 U.S.C. § 523(a)(7) .......................................................................................8, 11

Cal. Civ. Proc. Code § 2023.030(a) ....................................................................8

Families Over Fees Act, A.B. 1869 (enacted Sept. 18, 2020) ............................4

**OTHER AUTHORITIES**

4 COLLIER ON BANKRUPTCY ¶ 523.19 (Alan N. Resnick and Henry J. Sommer,

    eds. 15th ed. Rev. 2009) ...........................................................................7

**I.   INTRODUCTION**

1  Debtors opposition to PSMJ addresses one substantive question: is a state
2  criminal restitution debt dischargeable where (1) payment is not required by
3  probation; (2) the amount was set in a subsequent non-criminal proceeding; (3) the amount is compensatory;  and (4) the beneficiary is not a government entity?

4  Even when only the first, third or fourth factors are present, the debt is
5  dischargeable. Here the presence of three potentially four factors makes summary
6  judgment especially appropriate. The text of the discharge statute is straightforward and
7  requires that a debt such as Gallian's be dischargeable. What complicates the analysis is
8  the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36 (1986). This decision "led
9  to considerable confusion among federal courts" *In re Albert-Sheridan*, 960 F.3d 1188,
10  1195 (9th Cir. 2020) (quoting *In re Scheer*, 819 F.3d 1206, 1210 (9th Cir. 2016)
11  (collecting cases)).

12  In *Kelly*, a state convict was ordered to repay Connecticut's welfare office the
13  roughly $9000 she defrauded from the welfare system, with her jail sentence suspended as
14  long as she was making ordered monthly payments. That amount is facially dischargeable
15  under 11 U.S.C. § 523(a)(7), since the $9000 is "compensation for actual pecuniary loss."
16  But *Kelly* departed from § 523(a)(7)'s plain text to hold otherwise, finding a penal and
17  rehabilitative purpose behind what was expressly a compensatory payment, and also to
18  avoid the possible insult to comity that would arise if a bankruptcy court told Connecticut
19  that it may not revoke a convict's suspended sentence who violated the suspended
20  sentence's restitution payment requirement.

21  There's a number of problems with applying *Kelly* to create an even broader
22  atextual exception to § 523(a)(7) in this case. First, *Kelly* is potentially bad law, as it
23  contradicts subsequent Supreme Court cases that say inquiries into the intent of
24  Congress  like legislative history are only appropriate when the text is ambiguous, but
25  523(a)(7) simply is not  ambiguous. *See Albert-Sheridan*, 960 F.3d at 1195 ("[T]he
26  Supreme  Court  has consistently reminded us of our duty to follow the law as enacted
27  by Congress, not as judged by our convictions […] Accordingly, we are bound to follow
28  the plain meaning of § 523(a)(7) here.").

1    In 2016, the Ninth Circuit found that the Supreme "Court's approach in *Kelly*—to

2    untether statutory interpretation from the statutory language—has gone the way of

3    NutraSweet and other relics of the 1980s." *Scheer*, 819 F.3d at 1210. In 2020, the Ninth

4    Circuit again suggested *Kelly* was bad law in *Albert Sheridan*, quoting with approval the

5    language calling it a "relic." 960 F.3d at 1195.

6         While *Kelly* was arguably repealed by subsequent Supreme Court decisions that

7    repudiated its "atextual" method, neither this Court, nor the Ninth Circuit, may simply

8    disregard it where it directly controls. Faced with bad law it lacks the power to formally

9    hold, is bad law, the Ninth Circuit has instead "sought to cabin *Kelly*'s reach and refused to

10   expand its rationale." *Albert-Sheridan*, 960 F.3d at 1195. To apply *Kelly* to Ms. Gallian's

11   restitution debt, the Court would need to "expand" *Kelly*, where the Ninth Circuit's

12   instruction is instead to "cabin Kelly's reach."

13        Here, "cabin[ing] *Kelly*'s reach" means not engaging in a further atextual departure

14   from § 523(a)(7)'s "plain meaning" but instead following § 523(a)(7) exactly as written

15   and holding Gallian's restitution debt to Janine Jasso, Esq. is dischargeable.

16   *Albert-Sheridan*, 960 F.3d at 1195. The key differences here include (1) *Kelly*

17   involved compensation to a government entity that was defrauded, namely the

18   Connecticut welfare agency; (2) the amount defrauded was proved in a criminal

19   proceeding before a jury, not a subsequent proceeding before a different judge and

20   no jury, with no criminal due process; (3) *Kelly* was facing a sentence suspended as

21   long as she paid restitution, while Gallian's probation has been discharged.

22   ## II.  <u>LEGAL STANDARDS</u>

23        "PSMJ is appropriate 'if the movant shows that there is no genuine

24   issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *In

25   re Rens,* 633 B.R. 594, 601 (B.A.P. 9th Cir. 2021) (quoting *In re Wank*, 505 B.R. 878, 886

26   (9th Cir. BAP 2014)) (citing Fed. R. Civ. P. 56(a), made applicable in adversary

27   proceedings by Rule 7056)). **"An issue is genuine if there is enough evidence for a**

28   **reasonable trier of fact to make a finding in favor of the non-moving party, and an issue is**

material if it might legally affect the outcome of the case." *In re Rens,* 633 B.R. 594, 601 (B.A.P. 9th Cir. 2021) (citing *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001)). "Under those standards, a mere 'scintilla' of evidence in opposition to summary judgment is insufficient" to warrant denial of summary judgment. *In re Tea Station Inv., Inc.,* 2021 Bankr. LEXIS 2985, at *11-12 (Bankr. C.D. Cal. Oct. 26, 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Rather, "'there must be evidence on which the jury could reasonably find for the [non-moving party].'" *In re Gilliam*, 2012 Bankr. LEXIS 1512, at *25 (B.A.P. 9th Cir. Apr. 6, 2012) (quoting *Liberty Lobby,* 477 U.S. at 251-52).

## III.  <u>STATEMENT OF MATERIAL FACTS.</u>

1.     On November 12, 2019, Ms. Gallian was found guilty of indirect contempt of court, PC 166(a)(4) disobey court order for contacting a HOA Board Member asking her to "go home" Gables HOA attorney, now a creditor, Janine B. Jasso, Esq. and A. Jasso. A private Stipulation-Civil Harassment was signed by the parties and filed by the Gables HOA on 2-14-2018, OCSC 30-2017-00962999, after mediation, prior to the OSC hearing set for August 15, 2018.  The Stipulation was ambiguous; one part said the case was dismissed without prejudice while another hand written section continued the terms of an unnoticed, exparte, 12/22/2017 TRO.  Gallian Decl. Ex. 1 (Huntington Beach Gables's Homeowners  Association vs Gallian, OCSC 30-2017-00962999 Complaint ¶ 32).

2.     On December 12, 2019, the Honorable Thomas S. McConville pronounced judgment in the criminal action filed 4/25/2018 OCSC 18WM05278. Gallian was sentenced to probation, and her probation ended on or about June 4, 2022. Gallian Decl. Exs. 2 (letter from supervising probation officer) and 6 (sentencing document).

3.     On March 9, 2021, the Honorable Kevin Haskins, Orange County Superior Court [Chamber Work], entered an Order for Victim Restitution in favor of Victim(s) Janine B. Jasso, Esq. ("Jasso"). Gallian Decl. Ex. 3 (Victim Restitution Order).

4.     In addition to the civil nature of the proceeding illustrated by the fact that it was for Jasso's private civil attorney fees after Jasso filed a second unnoticed exparte CH-100 on 4/18/2018; Now retired Judge Timothy Stafford entered again, **"Peaceful Contact No Stay Away" Parties are neighbors**. Jasso, a California licensed attorney SBN 170188, hired civil and criminal attorney Martina Teinert on or about 5/9/2018, to represent Jasso in post filing motions 30-2018-00986795.  Gallian Decl. Ex. 8, pps.221-254

5.      The Order for Victim Restitution required Gallian to pay Janine B. Jasso, Esq. a total of $9,338.25, consisting of costs and attorney fees incurred by Jasso in the civil Harassment action 30-2018-00986785.   Gallian Decl. Ex. 3 (Victim Restitution Order) and 4 (restitution itemization).

6.      The entirety of the amount owed to Jasso pursuant to the Victim Restitution Order is compensation for pecuniary loss. Gallian Decl. Ex. 3 (Victim Restitution Order) and 4 (restitution itemization).

7.      None of the amount owed to Jasso pursuant to the Victim Restitution Order constitutes a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit. Gallian Decl. Ex. 3 (Victim Restitution Order) and 4 (restitution itemization).

8.      None of the amount owed to Jasso pursuant to the Victim Restitution Order constitutes a tax penalty. Gallian Decl. Ex. 3 (Victim Restitution Order) and 4 (restitution itemization).

9.      Ms. Gallian was also ordered to pay various court fees and costs in restitution to government entities.  Ms. Gallian paid these court fees and costs on 12/12/19, before California passed legislation that resulted in their automatic forgiveness.  Thus, this motion and bankruptcy in no way concerns the forgiven costs and fines that Gallian was ordered to pay government entities, and did pay, as a result of the same conviction. *See* Families Over Fees Act, A.B. 1869 (enacted Sept. 18, 2020).

10.     On July 09, 2021, Gallian filed her Chapter 7 bankruptcy petition.

## IV. __ARGUMENT__

"A Chapter 7 discharge 'releases the debtor from personal liability for [her] pre-bankruptcy debts.'" *In re Albert-Sheridan*, 960 F.3d 1188, 1192 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021) (quoting *In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005)). "A debtor is entitled to a discharge of all pre-petition debts except for nineteen categories of debts set forth in the Code." *Albert-Sheridan*, 960 F.3d at 1192. The "Supreme Court has interpreted exceptions to the broad presumption of discharge narrowly." *State Farm Mut. Auto. Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 338 (Bankr. S.D. Cal.

1 | 2017) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)).

2 | **A.    11 U.S.C. § 523(a)(7) Is Not Applicable Because the Restitution at Issue**

3 | **Is Not Penal and Ordered Two Years in a "Subsequent Proceeding."**

4 | Numerous "courts that have decided that section 523(a)(7) does not apply" when

5 | restitution is "civil." *In re Parsons*, 505 B.R. 540, 544 (Bankr. D. Haw. 2014) (citing

6 | *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006), cert. denied, 549 U.S. 1341 (2007); *In re*

7 | *Towers*, 162 F.3d 952 (7th Cir. 1998), cert. denied, 527 U.S. 1004 (1999); and *In re Rayes*,

8 | 496 B.R. 449 (Bankr. E.D. Mich. 2013).

9 | In *In re Wilson*, the "debtor was charged in the Circuit Court of the City of Richmond

10 | with the 'fraudulent conversion or removal of property subject to lien or title to which is in

11 | another,' a felony under the Virginia Criminal Code." *In re Wilson*, 299 B.R. 380, 381

12 | (E.D. Va. 2003). Wilson "entered into a plea agreement under which he pled guilty to the

13 | misdemeanor crime of fraud as an accessory after the fact" and was ordered "to pay

14 | criminal restitution to plaintiff in an amount to be determined by the Civil Division of the

15 | Richmond General District Court." *Id.* He then filed a Chapter 7 proceeding seeking to

16 | discharge the restitution. *Id.*

17 | The court noted that "Code § 523(a)(7) provides that a chapter 7 discharge does not

18 | discharge an individual debtor from a debt "to the extent such debt is for a fine, penalty, or

19 | forfeiture payable to and for the benefit of a governmental unit, and is not compensation

20 | for actual pecuniary loss, other than a tax penalty." *Wilson*, 299 B.R. at 381. The

21 | "unresolved issue" was

22 |     whether there is any distinction to be drawn from the fact that here the Virginia

23 |     state court restitution was to be paid not to a "governmental unit" but directly to

    the plaintiff in an amount based on plaintiff's damages **and to be determined in**

24 |     **a subsequent civil court trial to be brought by plaintiff**.

25 | *Wilson*, 299 B.R. at 382 (emphasis added). The court discharged the debt, as

26 |     plaintiff's claim of $ 4,089.60 represents the balance debtor owes on his truck loan

27 |     following repossession. Additionally, the amount of restitution was not ordered by

28 |     the criminal court, which left the amount to be determined by a civil court in a

1
2
3

separate law suit. Even if the restitution is considered penal in nature and thus not reimbursement for actual pecuniary loss, it remains reimbursement for the benefit of a non-governmental creditor.

4

*Wilson*, 299 B.R. at 384.

5
6
7
8
9
10

Here, too, discharge is appropriate. Gallian's debt to Jasso similarly "represents the balance debtor owes." *Wilson*, 299 B.R. at 384. Here, just as in *Wilson*, the entirety of the restitution award compensates a private party for a pecuniary loss. Gallian Decl. Ex 3 (Victim Restitution Order) and 4 (restitution itemization). Further, here, as in *Wilson*, the "amount of restitution was not ordered by the 12/12/19 trial court, which left the amount to be determined by a civil court in a separate lawsuit." *Wilson*, 299 B.R. at 384.

11
12
13
14
15

The Honorable Thomas S. McConville presided over Gallian's criminal sentencing. Gallian Decl. Ex. 6. As shown in Exhibit 5 to the concurrently filed Gallian Declaration, the Victim Restitution Order was issued by Judge Kevin Haskins. Because the restitution at issue here was ordered in a civil proceeding, discharge is appropriate. *Wilson*, 299 B.R. at 384.

16
17

**B.    Plaintiff's Debt Is Not Exempted from Discharge Under 11 U.S.C. 523(a)(13).**

18
19

In her Motion for Relief from Stay [Doc-101], Jasso argued that Gallian's debt "is nondischargeable under § 523(a)(13)."   This contention is meritless.

20
21
22
23
24

Pursuant to 11 U.S.C. § 523(a)(13), "any payment of an order of restitution issued under title 18, United States Code" is excepted from discharge. Here, there is no dispute that none of Gallian's debt stems from "restitution **issued under title 18, United States Code.**" 11 U.S.C. § 523(a)(13) (emphasis added). The debt arises from a restitution order issued by Orange Cpunty Superior Court under California law. Gallian Decl. Exs. 3-4.

25
26
27
28

As courts have repeatedly held,  Congress knew how to draft a statute that would make restitution orders nondischargable and in so doing chose not to include state court restitution orders in the Bankruptcy Code section which makes restitution orders nondischargable when issued under title 18 of the United States Code.

1    *Troff v. Utah (In re Troff)*, 2005 Bankr. LEXIS 1237, at *5 (Bankr. D. Utah June 6, 2005)

2    (emphasis added)

3       In *In re Martinez*, the court similarly held, "[u]nder 11 U.S.C. § 523(a)(13), a debt

4    for payment of a restitution order issued under Title 18, United States Code, is non-

5    dischargeable through bankruptcy." *Doe v. Martinez (In re Martinez)*, 2012 Bankr. LEXIS

6    2100, at *40 (Bankr. D.N.M. May 10, 2012). "'By its terms, paragraph (13) applies only

7    to restitution orders for a criminal offense under title 18. It does not apply to restitution

8    orders issued in state criminal prosecutions[.]'" *Martinez*, 2012 Bankr. LEXIS 2100, at

9    *40-41 (quoting 4 COLLIER ON BANKRUPTCY ¶ 523.19 (Alan N. Resnick and Henry J.

10    Sommer, eds. 15th ed. Rev. 2009)).

11       Thus, the court found the debt stemming from an "order" which "was issued by

12    the State District Court of the County of Hidalgo pursuant to state law" and "was not

13    issued under the federal criminal code" did "not fall within the parameters of 11 U.S.C. §

14    523(a)(13)." *Id.* at *41.

15       In *In re Polk*, the court likewise held

16       § 523(a)(13) makes nondischargeable debts "for any payment of an order of

17    restitution issued under title 18, United States Code." **By its plain language, the**

18    **exception does not apply to an order issued in a state criminal court**. Since the

19    Second Reimbursement Order sought by the County came from the state criminal

20    court applying California Penal Code § 987.8, a state law, the County cannot rely on §

21    523(a)(13).

22    *In re Polk*, 2012 Bankr. LEXIS 6107, at *8 (Bankr. E.D. Cal. Jan. 31, 2012)

23    (emphasis added).

24       Jasso urges the Court to expand 11 U.S.C. § 523(a)(7) beyond its statutory text to

25    include state court criminal restitution orders. But the "Supreme Court has interpreted

26    exceptions to the broad presumption of discharge narrowly." *State Farm Mut. Auto.*

27    *Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 338 (Bankr. S.D. Cal. 2017)

28    (citing Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998)).

1  Further, there is no dispute that none of Gallian's debt to Jasso stems from "restitution

2  issued under title 18, United States Code." 11 U.S.C. § 523(a)(13). *See also* Gallian

3  Decl. Exs. 3-4. "By its plain language, the exception does not apply to an order issued

4  in a state criminal court." *In re Polk*, 2012 Bankr. LEXIS 6107, at *8.

5
6  ### C.    Plaintiff's Debt Is Not Exempted from Discharge Under 11 U.S.C. 523(a)(7).

7  "One of the exceptions" set forth in 11 U.S.C. § 523(a) "makes non-dischargeable a

8  debt 'for a fine, penalty, or forfeiture payable to and for the benefit of a governmental

9  unit, and is not compensation for actual pecuniary loss.'" *Albert-Sheridan*, 960 F.3d at

10  1192. "Section 523(a)(7) expressly requires three elements for a debt to be non-

11  dischargeable." *Albert-Sheridan*, 960 F.3d at 1193. "The debt must (1) be a fine, penalty,

12  or forfeiture; (2) be payable to and for the benefit of a governmental unit; and

13  (3) not constitute compensation for actual pecuniary costs." *Id.* (citing 11 U.S.C. §

14  523(a)(7)).

15  In *Alberet-Sheridan*, the debt at issue stemmed from discovery sanctions owed

16  to "10675 S. Orange Park Boulevard, LLC," which was "not a governmental unit."

17  *Albert-Sheridan*, 960 F.3d at 1193. The Ninth Circuit held "the discovery sanctions also

18  constitute 'compensation for actual pecuniary costs,'" as they "are only available

19  to 'pay the reasonable expenses, including attorney's fees, incurred.'" *Albert-Sheridan*,

20  960 F.3d at 1194 (quoting 11 U.S.C. § 523(a)(7) and Cal. Civ. Proc. Code §

21  2023.030(a)). The "discovery sanctions were commensurate with Orange Park

22  Boulevard's expenses to litigate the discovery motions against Albert's former

23  client and, thus, were 'compensatory.'" *Albert-Sheridan*, 960 F.3d at 1194.

24  Accordingly, "[u]nder the plain text of § 523(a)(7), the discovery sanctions [we]re

25  not the type of debt protected from discharge." *Albert-Sheridan*, 960 F.3d at 1194.

26  The Ninth Circuit thus "reverse[d] the BAP's finding that Albert's discovery sanctions

27  are non-dischargeable under Chapter 7." *Albert-Sheridan*, 960 F.3d at 1194.

28  In reaching its conclusion, the Ninth Circuit noted that

1  the BAP relied on its understanding of the Supreme Court's decision in *Kelly*

2  [citation]. The BAP ruled that, "notwithstanding the statutory language" of §

3  523(a)(7), the dischargeability of a debt "turns on the purpose of the restitution

4  award rather than the ultimate recipient of funds." *In re Albert-Sheridan*, 2019

5  Bankr. LEXIS 1187, 2019 WL 1594012, at *4 (citing *Kelly*, 479 U.S. at 52-53).

6  The BAP then reasoned that since the California Supreme Court ordered the

7  payment of the discovery sanctions, "they were transformed into a primarily

8  punitive sanction that was nondischargeable under § 523(a)(7), despite the fact

9  that the sanctions are payable to the affected parties rather than the State Bar."

   2019 Bankr. LEXIS 1187, [WL] at *6. We disagree that *Kelly* has such a broad

   reach.

10  *Albert-Sheridan*, 960 F.3d at 1194. In *Kelly*, the "Supreme Court held that criminal

11  restitution **paid to a state agency as a condition of probation** was non-dischargeable

12  under § 523(a)(7)." *Albert-Sheridan*, 960 F.3d at 1194 (emphasis added).

13      The Ninth Circuit noted the Supreme Court's decision to depart from the plain

14  language of § 523(a)(7) had led to "confusion" on the part of lower courts to what extent,

15  if any, they too should depart from statutory language based on guesswork at whether

16  state's have "punitive" and "rehabilitative" policies behind facially compensatory

17  restitution awards. *Kelly* also conflicted with the long-standing rule that exceptions to

18  discharge are to be interpreted narrowly:

19      Given that *Kelly* was based on a "deep conviction" rather than statutory language,
        we have raised concerns that it has "led to considerable confusion among federal

20      courts and practitioners about section 523(a)(7)'s scope." *In re Scheer*, 819 F.3d

21      1206, 1210 (9th Cir. 2016) (collecting cases). We further compared *Kelly*'s
        approach of "untether[ing] statutory interpretation from the statutory language" to

22      a "relic[] of the 1980s." *Id.* Like other relics of the 1980s, such as big hair, jam

23      shorts, and acid-wash jeans, *Kelly*'s atextual interpretative method should not
        come back into fashion. Thus, we have sought to cabin *Kelly*'s reach and refused

24      to expand its rationale to an arbitration award requiring an attorney to refund a

25      client's funds. *Id.* at 1211. We have also declined to extend *Kelly* to except
        criminal restitution payments under the Code's preference statute, 11 U.S.C. §

26      547(b). *In re Silverman*, 616 F.3d 1001, 1007-08 (9th Cir. 2010).

27

28  *Albert-Sheridan*, 960 F.3d at 1195.

---

1
2
3
4

> Further, Although the California Supreme Court conditioned Albert's reinstatement on payment of the sanctions in its order of discipline, Albert's debt compensates a private party for the costs of litigating civil discovery motions for its own benefit. Nothing in these circumstances would cause us to depart from the plain language of the Code.

5
6

*Albert-Sheridan*, 960 F.3d at 1195. The same is true in this case, where the entirety of the restitution order consists of attorney fees in a civil suit.

7
8
9
10
11
12
13
14
15
16

> Indeed, the Supreme Court has consistently reminded us of our duty to follow the law as enacted by Congress, not as judged by our convictions. See *Hardt v. Reliance Standard Life Ins. Co*., 560 U.S. 242, 251 (2010) ("We must enforce plain and unambiguous statutory language according to its terms."); *Pavelic & LeFlore v. Marvel Entm't Grp*., 493 U.S. 120, 126 (1989) ("Our task is to apply the text, not to improve upon it."). This command does not change when the matter involves bankruptcy. "[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). Accordingly, when it comes to interpreting the Code, we are not at liberty to "alter the balance struck by the statute*." Czyzewski v. Jevic Holding Corp*., 137 S. Ct. 973, 987 (2017) (simplified). Accordingly, we are bound to follow the plain meaning of § 523(a)(7) here.

17

*Albert-Sheridan*, 960 F.3d at 1195 (parallel citations omitted).

18
19
20
21

   Ms. Gallian seeks discharge of her debt of $9338.25 owed to  Janine Jasso as a result of a Victim Restitution Order entered on March 9, 2021. Gallian Decl. Ex. 1 (Jasso's Verified Compl. ¶ 11 and Prayer for Relief). Like the discovery sanctions  at issue in *Albert-Sheridan*, Gallian's debt to Janine Jasso, Esq. is dischargeable.

22
23
24

   Here, only one of the exceptions set forth in 11 U.S.C. § 523(a) is even arguably applicable. *See generally* 11 U.S.C. § 523(a). Pursuant to 11 U.S.C. § 523(a)(7), a debt may not be discharged

25
26
27
28

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty— (A) relating to a tax of a kind not specified in

---

paragraph (1) of this subsection; or (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition. 11 U.S.C. § 523(a)(7). This exception is inapplicable to the debt at issue.

First, Gallian's debt owed to Janine Jssso is certainly not a "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit." 11 U.S.C. § 523(a)(7). Here, as in *Albert-Sheridan*, the debt as issue is payable to a private party which "are not" "governmental unit[s]." *Albert-Sheridan*, 960 F.3d at 1193. Further, as in *Albert-Sheridan*, the debt at issue is "not payable to or for the benefit of a governmental unit." *Id.* To the extent that Jasso contends the restitution debt constitutes a "fine" or "penalty" imposed as condition of Gallian's probation, Gallian's probation ended on or around March 25, 2022. Gallian Decl. Ex. 2.

Second, the debt at issue is "compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). Like the discovery sanctions in *Albert-Sheridan*, Gallian's debt to  Jasso consists of "reasonable expenses, including attorney's fees, incurred" in a civil proceeding. *Albert-Sheridan*, 960 F.3d at 1194. Gallian's debt is "commensurate with" Jassos' "expenses to litigate" an action against Gallian and thus is "compensatory." *Albert-Sheridan*, 960 F.3d at 1194. *See also id.* (The "California superior court ordered the sanctions to reflect the costs Orange Park Boulevard incurred responding to Koshak and Albert's misuse of the discovery process.").

"Under the plain text of § 523(a)(7)," Gallian's debt to Jasso, which is entirely compensatory and not for the benefit of a governmental unit, is "not the type of debt protected from discharge." *Albert-Sheridan*, 960 F.3d at 1194.

To the extent that Jasso argued discharge is improper pursuant to *Kelly v. Robinson*, 479 U.S. 36 (1986), the argument fails. First, *Kelly* is factually distinguishable. In *Kelly* the debtor "pleaded guilty to larceny in the second degree. The charge was based on her wrongful receipt of $ 9,932.95 in welfare benefits from the Connecticut Department of Income Maintenance." *Kelly v. Robinson*, 479 U.S. 36, 38 (1986). She was "order[ed]" to "make restitution to the State of Connecticut Office of Adult Probation (Probation

1    Office) at the rate of $100 per month, commencing January 16, 1981, and continuing until

2    the end of her probation." *Id.* Thus, the debt (1) stemmed from a crime against a

3    governmental unit, (2) was payable to, and for the benefit of a governmental unit, and (3)

4    was ordered as a condition of probation. Further, the debtor was still on probation at the

5    time of the discharge. *Kelly v. Robinson*, 479 U.S. 36, 38 (1986). Here, in contrast,

6    Gallian's debt "compensates a private party for the costs of litigating" a civil action.

7    *Albert-Sheridan*, 960 F.3d at 1195. Further, Gallian's debt to Jasso was not imposed as a

8    condition of probation, and Gallian's probation ended on or around March 25, 2022.

9    Gallian Decl. Ex. 2.

10    Other courts have agreed that *Kelly* only applies to the specific situation of

11    compensation to a governmental unit as a condition of probation. In *Hughes v. Sanders*,

12    the debt at issue stemmed from a "default judgment as to liability" entered against an

13    attorney in a malpractice action as a result of multiple discovery violations. *Hughes v.*

14    *Sanders*, 469 F.3d 475, 476 (6th Cir. 2006). Despite that the "judgment was punitive in

15    nature," the  Sixth Circuit held the debt was dischargeable pursuant to 11 U.S.C. §

16    523(a)(7) because it was "payable to Hughes, who is not a governmental unit, and it is in

17    an amount calculated to compensate Hughes for the damage he incurred as a result of

18    Sanders's malpractice." *Id.* at 477. Thus, the Sixth Circuit found that "that *Kelly* applies

19    narrowly to criminal restitution payable to a governmental unit. We are not alone in this

20    view." *Id*. at 478 (collecting cases). In finding the that the debt was dischargeable, court

21    further noted that

22        the *Kelly* Court did not address the statute's requirement that the debt be payable
23        to and for the benefit of a governmental entity, because that requirement was
         clearly met: the debt was a criminal restitution order, payable to the State Office
24        of Adult Probation to recompense the defendant's theft from the State Department
25        of Income Maintenance.

26    *Hughes v. Sanders*, 469 F.3d 475, 478 (6th Cir. 2006).

27    Similarly, when the debt at issue was the amount that Scheer, an attorney, improperly

28    received from a client, but did not pay back, the Ninth Circuit held

1
2
3
4
5
6
7
8

the debt in this case was purely compensatory—an arbitration fee award between Scheer and her former client. It was not disciplinary. To categorize the fee dispute in this case as nondischargeable simply because the State expresses a strong regulatory interest in a particular industry would render any attorney-client fee dispute nondischargeable. Moreover, the State's logic would extend to fee disputes in any closely regulated industry—doctors, dentists, chiropractors, barbers, locksmiths, real estate agents, acupuncturists, tattoo artists, and so on. We require clearer language in section 523(a)(7) before we can endorse such an incremental yet horizonless approach—otherwise, we will end up boiling a frog that Congress never intended to leave the lily pad.

9
10

*In re Scheer*, 819 F.3d 1206, 1211 (9th Cir. 2016). The court further noted that *Kelly*'s method was to "untether statutory interpretation from the statutory language." *Id.* at 1210.

11
12
13
14
15
16
17
18
19
20
21

In another case the debtor was convicted "of fifty-four counts, including mail fraud, wire fraud and money laundering, which stemmed from Rashid's operation of a fraudulent commercial loan operation." *In re Rashid*, 210 F.3d 201, 203 (3d Cir. 2000). "Confronted with considerable debt after his federal conviction for fraud, Rashid filed for Chapter 7 bankruptcy protection." *Id.* "Among his creditors were the victims of his fraud to whom he owed in excess of $ 1.6 million pursuant to a criminal restitution order." *Id.* Rashid filed a bankruptcy petition and "then filed an adversary proceeding against the United States in Bankruptcy Court alleging that . . . his criminal restitution obligation was dischargeable in bankruptcy." *Id.* The court held 11 U.S.C. § 523(a)(7)'s "second requirement, that the amount be 'payable to and for the benefit of the governmental unit,' is not satisfied." *Id.* at 207. In reaching its conclusion, the court noted that in

22
23
24
25
26

*Kelly*, the debtor was required to pay restitution to the Connecticut welfare authority from which she fraudulently received payments. *See Kelly*, 479 U.S. at 38-39. A governmental unit kept the restitution and deposited the monies into the state treasury. In *Kelly*, there was no doubt that the restitution was "payable to and for the benefit of a governmental unit." The issue becomes more complex when, as here, the restitution is payable to private victims.

27

*Id.* at 207. Further, the court held

28

**We would pervert the clear, unambiguous language of § 523(a)(7) if we found**

1
2
3
4
5
6

**that Rashid's restitution obligation was "payable to" a governmental unit. Although the record is unclear whether Rashid's restitution obligations were to be directly paid to his victims or were to pass through a governmental unit before reaching the victims, it is clear that the benefit--the money--is ultimately payable to the victims.** See *Towers*, 162 F.3d at 955. Accordingly, we find that Rashid's restitution obligation is not exempt from discharge pursuant to § 523(a)(7).

7

*Id.* at 208 (emphasis added).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Likewise, in *In re Towers*, the debtor, through "his firm Update Financial Services Corp. Towers charged a fee for new financing that would stave off impending foreclosures on home mortgages." *In re Towers*, 162 F.3d 952, 953 (7th Cir. 1998). "Towers promised the homeowners that part of the application fee, and all funds that the homeowners had been required to put into an escrow account, would be returned if refinancing could not be arranged." *Id.* "But he did not keep that promise, and the State of Illinois alleged in an action commenced in 1986 under the Illinois Consumer Fraud and Deceptive Business Practices Act . . . that he never intended to honor his word." *Id.* Towers "defaulted in the state proceeding and did not appear for a prove-up of damages." *Id.* The state court "found in 1991 that Towers had defrauded his customers and imposed a civil penalty of $ 50,000, ordered Towers to reimburse the state for investigative costs of $ 50,000, and directed him to pay about $ 210,000 as restitution." *Id.* Towers then filed for bankruptcy and sought to discharge the $210,000 in restitution, and "Illinois asked the bankruptcy court to declare that neither discharge relieves Towers of his obligation to repay his victims in the refinancing scheme." *Id.* The court noted that 11 U.S.C. § 523(a)(7)'s

23
24
25
26

final requirement—that the amount be "payable to and for the benefit of a governmental unit"—is not so readily satisfied. The state court's order directs Towers to pay the $ 210,000 to the Attorney General of Illinois, but for the benefit of the victims of his fraud. In *Kelly* the governmental unit kept the restitution, for the state was itself the victim (the crime was welfare fraud).

27
28

*Towers*, 162 F.3d at 955. Thus, the court held the "restitution under the Illinois Consumer Fraud and Deceptive Business Practices Act is payable to, but not for the benefit of, the

1  Attorney General of Illinois. It is therefore not protected from discharge by 11 U.S.C. §
2  523(a)(7)." *Id.* at 956.

3       In *In re Dargon*, the debtor "engaged in unlicensed loan modifications and violated
4  various" laws. 638 B.R. 25, 26 (Bankr. D. Mass. 2022). The New Hampshire Banking
5  Department "commenced an administrative proceeding against Drake D. Dargon, Sr."
6  "alleging that the Debtor engaged in unlicensed loan modifications and violated various
7  provisions of RSA 399-D and RSA 397-A." *Id.* In an "adjudicative hearing decision," the
8  "the Presiding Officer assessed fines against the Debtor and awarded restitution to affected
9  consumers in the total amount of $147,196.99." *Id.* The debtor "filed a voluntary petition
10 under Chapter 7," and the Department moved for "summary judgment with regard to its
11 claim for nondischargeability of the restitution award pursuant to § 523(a)(7)." *Id.* at 28.
12 The parties agreed "that the Debtor's restitution obligation constitutes a debt that is a 'fine,
13 penalty, or forfeiture' under § 523(a)(7), but disagree[d] as to whether" "the restitution
14 award" was "'payable to and for the benefit of a governmental unit,' because, unlike the
15 criminal restitution payable to a state agency in *Kelly*, the Debtor was ordered in an
16 administrative proceeding to pay restitution to the Identified Consumers." *Id.* at 29. The
17 court denied the motion, holding:

18       in order to be held nondischargeable under § 523(a)(7), the Court must separately
19       find that a debt is both "payable to" and "for the benefit of" a governmental unit.
         The Department argues that since the purpose of the restitution award is to protect
20       the public and further the rehabilitative and/or deterrent goals of the government,
21       the debt is for the benefit of a governmental unit and therefore satisfies the second
         prong of the Richmond test. However, the Court is mindful of the lessons of
22       Conjunction Junction and will not disregard the function of the conjunction "and"
23       as the totality of the circumstances approach would require. This approach to §
         523(a)(7) does not contravene the Supreme Court's rationale or holding in *Kelly*,
24       which was concerned with federal court interference with state court criminal
25       proceedings and addressed criminal restitution undisputedly payable to a
         governmental agency. The Final Order is clear that the Debtor's restitution
26       obligation is payable to the Identified Consumers, not to a governmental unit.
27
28 *Id.* at 32.

1    Similarly, in *In re McNabb*, the "Plaintiffs were victims of a crime committed by the

2    Defendant. The Defendant was sentenced to a fine, probation and an Order of Restitution

3    *to be paid to the Plaintiffs*." *In re McNabb*, 287 B.R. 820, 821 (Bankr. D. Colo. 2003)

4    (emphasis in original). The plaintiffs sought "entry of a judgment against the Defendant

5    and declaration that the judgment debt is nondischargeable pursuant to 11 U.S.C. §

6    523(a)(7)." *Id.* As the plaintiffs were "not a governmental unit and the debt they seek to

7    except from the debtor's discharge [wa]s apparently compensation for actual pecuniary

8    loss," the court held "§ 523(a)(7), by its express language, is not applicable to Plaintiffs

9    and they may not utilize it to except the debt the Defendant owes to them from discharge."

10   *Id.*

11   As the Ninth Circuit noted in *Albert-Sheridan*, courts have a "duty to follow the law

12   as enacted by Congress, not as judged by our convictions." *Albert-Sheridan*, 960 F.3d at

13   1195. "This command does not change when the matter involves bankruptcy." *Id.*

14   "'[W]hatever equitable powers remain in the bankruptcy courts must and can only be

15   exercised within the confines of the Bankruptcy Code.'" *Id.* (quoting *Norwest Bank*

16   *Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). The Court is thus "bound to follow the

17   plain meaning of § 523(a)(7) here." *Albert-Sheridan*, 960 F.3d at 1195.

18   **V.    <u>CONCLUSION</u>**

19
20   Therefore, the Debtor humbly and respectfully requests that the Court DENY
     Plaintifff Janine B. Jasso, Esq. Motion for Partial Summary Judgment.and any other
21   Orders the Court deems just and fair.

22
23
24   DATED: November 13, 2022            Respectfully Submitted,

25                                       *Jamie Lynn Gallian*

26                                       JAMIE LYNN GALLIAN
                                         Defendant, IN PRO PER
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    JAMIE YNN GALLIAN
2    16222 Monterey Lane Unit 376
     Huntington Beach, CA 92649
3    (714)321-3449
4    jamiegallian@gail.com

5    Defendant IN PRO PER
6
7
8              UNITED STATES BANKRUPTCY COURT
9
              CENTRAL DISTRICT OF CALIFORNIA-
10
11                      SANTA ANA DIVISION

12   | In re:                      | Case No: 8:21-BK-11710-SC
13   | JAMIE LYNN GALLIAN,         |
14   |                             | Honorable Scott C. Clarkson
     |              Debtor.        |
15   |                             | CHAPTER 7

16   | JANINE B. JASSO, ESQ.       | Adv. No. 21-01096
17   |                             |
     |              Plaintiff,     | **DECLARATION OF JAMIE LYNN GALLIAN  IN
18   |       v.                    | SUPPORTOF DEBTOR'S OPPOSITION TO
     |                             | PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
19   | JAMIE LYNN GALLIAN          | JUDGMENT  RE: THE FIRST CAUSE OF ACTION
20   |                             | DISCHARGEABILITY OF DEBT UNDER
     |                             | 11 U.S.C. 523(a)(7).**
21   |                             |
22   |              Defendant.     | **HEARING Via ZoomGov**
23   |                             | Date: December 13, 2022
     |                             | Time: 1:30 p.m.
24   |                             | Ctrm: 5C
25                                   411 W. Fourth St. Santa Ana, CA 92701
26
27
28

                    DECLARATION OF JAMIE LYNN GALLIAN

## DECLARATION OF JAMIE LYNN GALLIAN

I, Jamie Lynn Gallian, declare as follows:

1.      I am the Debtor in this adversary proceeding. I make this declaration in OPPOSITION of PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT;

2.      Attached hereto as **Exhibit 1** is a true and correct of the Huntington Beach Gables Homeowners Association Verified 2/14/2018 STIPULATION-CIVIL HARASSMENT, OCDC 30-2017-00962999 Huntington Beach Gables Homeowners Association vs Jamie L. Gallian

3.      Attached hereto as **Exhibit 2** is a true and correct copy of a letter dated July 23, 2022, from the Orange County Probation Department to Ms. Gallian confirming discharge of her probation.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of an Order for Victim Restitution dated March 9, 2021 in *People Of The State of California v. Jamie Lynn Gallian*, Case No. 18WM05278.

5.      Attached hereto as **Exhibit 4** is a true and correct of an [Proposed] October 8, 2020 A g r e e m e n t Letter For Payment Of Victim Restitution and Waiver of Restitution Hearing sent to debtor from Waymakers to Jamie L. Gallian in 2020, *People v Jamie Lynn Gallian, Case No. 18WM05278.*

(B)      April 26, 2020, Letter to Vitim Witness, Waymakers, from Janine Jasso

(C)      Receipts submitted in October 2020 by Janine Jasso show m a j o r i t y o f Janine B. Jasso's claim for restitution entirely consists of c i v i l attorney fees OCSC 30-2018-00986785 Jasso v Gallian; receipts for (2) 2020-Medical Office Visits (During Covid19); receipts for Copy Fees.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of

(1) **People's Sentencing Brief filed November 26, 2019 by People of the State of California 18WM05278, "Page 5, Line 5-7 ...., it does appear there are No Damages caused by the defendant's criminal conduct"**

(2) **Jasso Victim Impact Statement December 8, 2019,** [does not] claim any economic damages or even mention Jasso sustained any damages nor does she mention attorney fees in Civil Case 30-2018-00986785.

(3) **Filed December 12, 2019, Defendant's Notice and Motion For New Trial; Motion To Set Aside Verdicts; Points And Authorities in Support Thereof.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.      Attached hereto as **Exhibit 6** is a true and correct copy of the

(1) Misdemeanor Minutes 18WM05278 -Pronouncement of Judgment by the  Honorable  Timothy S. McConville  in  the criminal misdemeanor action against Gallian [filed  April  25,  2018]  People vs Jamie Gallian on December 12, 2019.

(2)  Amended Probation Order dated 12/12/2019;
(3)  Certified Reporter's Transcript of 12/12/2019 Sentencing Hearing.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of the

Misdemeanor Minutes - Restitution  Hearing January 27,  2021,  issued by the Honorable  Thomas Glazier.

9.      Attached hereto as **Exhibit 8** is a true and correct copy Minute Orders 30-2018-00986785 Jasso v Gallian indicated there was no "Stay Away Order" from 4/18/2018 - 12/17/2018 during the time period Jasso continued to file false police reports claiming a stay away order, and perjure herself to Superior Court Judge Kevin Haskins on 6/4/2019 and 8/7/19 alleging Gallian was continuing to violate her protective order when she knew none existed. The OCDA filed 21 additional counts that caused Jsevere harm to Gallian when Jasso knew there was a **"Peaceful Contact No Stay Away Order"** causing Gallian to be detained on August 7, 2019, for the first time in her life. Jasso, an Officer of the Cour, SBN 170188, abused the process of this Court and the State Court with her egregious acts causing Gallian financially, emotionally and professionally harm, a 22 year career as a fight crew member that continues to this day through the embellished lies Jasso files through hundreds of documents with perjured declarations into Gallian's bankruptcy case as everything Jasso files becomes public record.
As an Officer of the Court, this is SHAMEFUL

**Note:**  The original trial court Judge Thomas S. McConville relocated to Family Court at Lameroux Superior Court in the City of Orange and was not available to hold the 2021 restitution hearing. No Order of Restitution made by Judge McConville on 12/12/19.

I declare under penalty of perjury the foregoing to be true and correct.  Signed this 13th day of November 2022, at Huntington Beach, Calfironia.

DATE  11/13/2022

*Jamie Lynn Gallian*
_____
JAMIE LYNN GALLIAN
Defendant, IN PRO PER

---

DECLARATION OF JAMIE LYNN GALLIAN

# EXHIBIT A

1. United Airlines December 2019   Rap   Sheet Jamie L. Gallian

FPRD Work Queue - Rap Sheet Display - UALA

Case Number: TSCFP13262386
DOB: 11/16/1962
FBI Number: 1E5NMCD53
Attention: BOSSW270556

Name: GALLIAN, JAMIE L
SSN: 650493936
Event ID: 40326363775
Date Fingerprinted: 04/30/2002

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

USTSA0NFZ                                      NCN E2019338000000184059

THE FOLLOWING FBI IDENTIFICATION RECORD FOR 1E5NMCD53 IS FURNISHED FOR
OFFICIAL USE ONLY.
THE TENPRINT BIOGRAPHICS AS SUBMITTED IN THE ORIGINAL TRANSACTION ARE:
NAME GALLIAN,JAMIE L  DOB 1962/11/16

                    DESCRIPTORS ON FILE ARE AS FOLLOWS:

NAME GALLIAN,JAMIE L

SEX     RACE      BIRTH DATE     HEIGHT    WEIGHT    EYES      HAIR
F       U         1962/11/16     509       150       BLUE      BROWN

BIRTH CITY      BIRTH PLACE
UNREPORTED      CALIFORNIA

PATTERN CLASS
LS LS LS LS LS LS LS LS LS LS

OTHER BIRTH                                   SOCIAL
DATES           SCARS-MARKS-TATTOOS           SECURITY    MISC NUMBERS

NONE            NONE                          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 NONE

ALIAS NAME(S)
NONE

END OF COVER SHEET

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

USTSA0NFZ                                      NCN E2019338000000184059

https://fpr.tsa.dhs.gov/fprd/work_queue/UALA/SRE/view_rapsheets

12/5/2019

```
1-ARRESTED OR RECEIVED 2019/08/07  SID- CA23028968
   AGENCY-SHERIFF'S OFFICE SANTA ANA (CA0300000)
     AGENCY CASE-3128818

   FINGERPRINT INFORMATION
     BSI/40282513239
     PRINT DATE/2019/08/07

   PHOTO INFORMATION - 1 PHOTOS AVAILABLE
     BSI/40282513238
     POSE/ DESC/
     PHOTO DATE/2019/08/07

   PALMPRINT INFORMATION
     BSI/40282513237
     PRINT DATE/2019/08/07

     CHARGE 1-002 COUNTS OF CONTEMPT,DISOBEY CRT ORDR

RECORD UPDATED 2019/12/04



ALL ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR OFFICIAL
USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.
```

# EXHIBIT 1

1. 2/14/2018 Conformed STIPULATION-CIVIL HARASSMENT; OCSC 30-2017-00962999 HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION VS JAMIE L. GALLIAN.

2. 6/14/2018 Letter of Settlement Agreement during Mandatory Settlement Conference held 3/2/2018with Judicial Officer James L. Crandall.

3. Notice of Ruling 7/19/2018 Huntington Beach Gables Homeowners Association Motion 664.4. (7 page Minute Order, Honorable James L. Crandall.

4. 3/2/2018 Reporter's Transcript, Mandatory Settlement Conference. Huntington Beach Gables HOA - Lee Gragnano, Janine Jasso, Representing HOA, Present. Jamie Lynn Gallian with counsel Raquel Flyer, Present.

DRPA

14

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:

☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701- 4045
☐ Harbor-Laguna Hills Facility-23141 Moulton Pkwy., Laguna Hills, CA 92653
☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North -1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West - 8141 13ᵗʰ Street, Westminster, CA 92683-4593

FOR COURT USE ONLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

FEB 1 4 2018

DAVID H. YAMASAKI, Clerk of the Court

BY: D. LANN , DEPUTY

PLAINTIFF: HUNTINGTON BEACH GABLES HOMEOWNERS ASSOC.

DEFENDANT: JAMIE LYNN GALLIAN

| STIPULATION | CASE NUMBER: 2017- |
| Civil Harassment | 00962999-CU-HR-CJ |

IT IS STIPULATED by plaintiff: Huntington Beach Gables Homeowners Association and
defendant: Jamie Lynn Gallian

☒ Parties agree to the terms stated below. This case shall be dismissed without prejudice, and if the defendant does not comply with
the stipulation, the plaintiff must file a new case in order to obtain a restraining order.

☐ ~~[struck through text]~~

**PLAINTIFF AND DEFENDANT STIPULATE AS FOLLOWS:**

☐ _____ agree(s) to stay at least (specify): _____ yards
away from: _____ and all other persons named in the Request for Order to Stop
Harassment

☐ _____ agree(s) to have no contact (directly or indirectly) with (name): _____
_____ and all other persons named in the Request for Orders to Stop Harassment.

☒ Other (specify):

The parties agree to a continuance of the hearing on the

permanent restraining order for a period of 6 months.

All provisions of the TRO entered on Dec. 22, 2017, shall remain

in full force + effect pending the hearing on the permanent

restraining order.

All parties understand that they give up their rights to: (1) appeal; and (2) notice of dismissal. They further understand that this
stipulation is not an actual restraining order and will not be enforced by any law enforcement agencies.

Date: 2-14-18 _____     IT IS SO ORDERED     _____ Defendant
(SIGNATURE OF DEFENDANT)

Date: 2-14-18 _____     _____ Lindy Becker _____
Judge of the Superior Court     (SIGNATURE OF DEFENDANT)
TIMOTHY J. STAFFORD     Plaintiff
STIPULATION - CIVIL HARASSMENT

Approved for Optional Use
L838 (New July 1, 2008)

# Epsten Grinnell&Howell APC
Attorneys at Law

*Respond to:* San Diego office

www.epsten.com
800.300.1704

June 14, 2018

**SENT VIA FIRST CLASS MAIL AND E-MAIL**

Jamie L. Gallian
4476 Alderport Drive
Huntington Beach, CA 92649

Re:    **Signed Transcript of Settlement Agreement**
*Huntington Beach Gables Homeowners Association v. Gallian*
OCSC Case No. 30-2017-00913985-CU-CO-CJC
Our File No.:  5786.06

Dear Ms. Gallian:

Attached is the Reporter's Transcript of Proceedings dated March 2, 2018 from the Mandatory Settlement Conference ("Transcript") the parties attended.  The Transcript reflects the parties' agreement to a stipulated settlement of the above-referenced matter pursuant to Code of Civil Procedure Section 664.6.

The parties agreed to sign the Transcript on the record at the June 4, 2018 hearing on the OSC re Dismissal.  (See June 4, 2018 RT at p. 34, lines 4-20.)  You also signed a copy of the Transcript in the jury room of Department 33 in the presence of the Hon. James T. Crandall, but a copy of your signature was not provided to the Association.  For the record of the parties, a signature page has been added to the end of the Transcript, and *the Association has signed the Transcript*.  Please countersign the Transcript at your earliest convenience and return a copy to me.

We look forward to resolving this lawsuit with you in good faith pursuant to the terms of the stipulated settlement reached on March 2, 2018.

Sincerely,

EPSTEN GRINNELL & HOWELL, APC

Pejman D. Kharrazian

PDK/jac
Enclosure:    MSC Transcript from March 2, 2018 signed by the Association
cc:    Brenda K. Radmacher, Esq. (via email)

3530622v1

**San Diego**
10200 Willow Creek Rd., Suite 100
San Diego, California 92131
858.527.0111 • fax 858.527.1531

**Coachella Valley**
74830 Highway 111, Suite 100
Indian Wells, California 92210
760.836.1036 • fax 760.836.1040

**Inland Empire**
43460 Ridge Park Dr., Suite 200
Temecula, California 92590
800.300.1704 • fax 858.527.1531

**SETTLEMENT AND RELEASE AGREEMENT PURSUANT TO THE REPORTER'S
TRANSCRIPT OF PROCEEDINGS DATED MARCH 2, 2018**

The parties to the lawsuit, captioned: *The Huntington Beach Gables Homeowners
Association v. Bradley et al.*, Orange County Superior Court Case No. 30-2017-00913985-CU-
CO-CJC agree to a settlement and mutual release of this lawsuit, including any related cross-
actions, pursuant to the terms put on the record before the Court as reflected in the preceding
Reporter's Transcript of Proceedings dated March 2, 2018.

IN WITNESS WHEREOF, the Parties hereto have executed this settlement agreement to
be effective as of the date of last execution.

                                        THE HUNTINGTON BEACH GABLES
                                        HOMEOWNERS ASSOCIATION

DATED: _____6/13_____, 2018             By: _____
                                            Lee Gragnano, President

DATED: _____6-13_____, 2018             By: _____
                                            Janine Jasso, Vice President

                                        **JAMIE L. GALLIAN**

DATED: _____, 2018            By: _____
                                            JAMIE L. GALLIAN

-37-

1     Rian W. Jones, Bar No. 118830
      rjones@epsten.com
2     Pejman D. Kharrazian, Bar No. 279260
      pkharrazian@epsten.com
3     EPSTEN GRINNELL & HOWELL APC
      10200 Willow Creek Road, Suite 100
4     San Diego, California 92131
      (858) 527-0111/ Fax (858) 527-1531
5

6     Attorneys for Plaintiff
      THE HUNTINGTON BEACH GABLES
7     HOMEOWNERS ASSOCIATION

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/10/2018** at 11:58:00 AM
Clerk of the Superior Court
By e Clerk, Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11    THE HUNTINGTON BEACH GABLES
      HOMEOWNERS ASSOCIATION, a
12    California Nonprofit Mutual Benefit
      Corporation,
13
          Plaintiff,
14
      v.
15
      SANDRA L. BRADLEY, individually and
16    as Trustee of the Sandra L. Bradley Trust;
      JAMIE L. GALLIAN, an individual; and
17    DOES 1 through 25, inclusive,

18          Defendants.

19

20

21    AND ALL RELATED CROSS-ACTIONS

22

CASE NO. 30-2017-00913985-CU-CO-CJC

Judge: James L. Crandall
Dept.: C33

**NOTICE OF RULING ON PLAINTIFF'S
MOTION TO ENFORCE SETTLEMENT
AND ENTER JUDGMENT PURSUANT TO
THE TERMS OF STIPULATED
SETTLEMENT (CODE OF CIVIL
PROCEDURE § 664.6)**

Motion Hearing
Date: July 19 , 2018
Time: 1:30 p.m.
Dept: C33

First Amended Complaint Filed: May 16, 2017
Trial Date: December 10, 2018

23       **TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR**

24   **ATTORNEYS OF RECORD HEREIN:**

25       **PLEASE TAKE NOTICE** that on July 19, 2018 at 1:30 p.m. in Department 33 of the

26   above-entitled court, located at 700 Civic Center Drive West, Santa Ana, CA 92701, this Court

27   held a hearing on Plaintiff's Motion to Enforce Settlement and Enter Judgment pursuant to the

28   terms of Stipulated Settlement (Code of Civil Procedure § 664.6). After hearing argument

- 1 -
NOTICE OF RULING ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND ENTER
JUDGEMENT PURSUANT TO THE TERMS OF STIPULATED SETTLEMENT (CCP §664.6)

3614243v1

1    from Defendant JAMIE L. GALLIAN and counsel for Plaintiff, the Court denied Plaintiff's

2    Motion to enforce settlement.

3        The Jury Trial set for August 6, 2018 is ordered continued to December 10, 2018 at

4    9:00 AM. All discovery cutoff dates and deadlines are continued and shall track the December

5    10, 2018 trial date.

6        Attached hereto as Exhibit A is a true and correct copy of the Court's July 19, 2018

7    Minute Order.

8

9    Dated: July 30, 2018                          EPSTEN GRINNELL & HOWELL, APC

10

11                                             By: _____

12                                             Rian W. Jones
                                               Pejman D. Kharrazian
13                                             Attorneys for Plaintiff
                                               THE HUNTINGTON BEACH GABLES
14                                             HOMEOWNERS ASSOCIATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
NOTICE OF RULING ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND ENTER
JUDGEMENT PURSUANT TO THE TERMS OF STIPULATED SETTLEMENT (CCP §664.6)

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 07/19/2018                TIME: 01:30:00 PM        DEPT:  C33
JUDICIAL OFFICER PRESIDING: James Crandall
CLERK:  P. Rief
REPORTER/ERM: Candace Khorouzan
BAILIFF/COURT ATTENDANT:  Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Contract - Other

EVENT ID/DOCUMENT ID: 72819785

**EVENT TYPE**: Motion to Enforce Settlement
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion - Other Enforce Settlement, 06/22/2018

EVENT ID/DOCUMENT ID: 72852524

**EVENT TYPE**: Motion - Other
MOVING PARTY: Jamie L. Gallian
CAUSAL DOCUMENT/DATE FILED: Motion - Other to Withdraw Memorandum of Cost, 07/17/2018

EVENT ID/DOCUMENT ID: 72842898

**EVENT TYPE**: Motion to Strike or Tax Costs
MOVING PARTY: Ted Phillips, Lindy Beck, Jennifer Paulin, Lee Gragnano, Janine Jasso, Lori Burrett
CAUSAL DOCUMENT/DATE FILED: Motion to Strike or Tax Costs, 02/28/2018

**APPEARANCES**
Pejman D. Kharrazian, Esq. and Joyce J. Kapsal, Esq., from Epsten Grinnell & Howell, APC, present for
Cross - Defendant,Plaintiff(s).
Brenda K. Radmacher, Esq., from Gordon & Rees LLP, present for Cross - Defendant,Plaintiff(s).
Jamie Gallian, present.

1.    MOTION   BY   PLAINTIFF/CROSS-DEFENDANT   THE   HUNTINGTON   BEACH   GABLES
HOMEOWNERS ASSOCIATION TO ENFORCE SETTLEMENT AND ENTER JUDGMENT PURSUANT
TO THE TERMS OF STIPULATED SETTLEMENT

Tentative Ruling posted on the Internet.

The court hears oral argument. The court, having fully considered the arguments of all parties, both
written and oral, as well as the evidence presented, rules as follows: The Tentative Ruling will become
the final ruling of the court.

Motion by Plaintiff/Cross-defendant The Huntington Beach Gables Homeowners Association to Enforce
Settlement and Enter Judgment Pursuant to the Terms of Stipulated Settlement:

---

DATE: 07/19/2018                                                    Page 1
DEPT:  C33                        MINUTE ORDER              Calendar No.

CASE TITLE: The Huntington Beach Gables          CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

Moving Party's Request for Judicial Notice [RJN]:

In support of the original moving papers, moving party filed a Notice of Lodgment [NOL] with all of its supporting exhibits, which also requests judicial notice of all of Moving Party's supporting exhibits.

The court grants grant judicial notice as to Ex. A [certified reporter's transcript of the 3-2-18 MSC hearing], Ex. E [certified reporter's transcript of the 6-4-18 OSC hearing], and Ex. J [a criminal complaint filed against responding party Gallian for allegedly violating the restraining order issued in OCSC Case No. 2017-00962999.

All of these documents are properly subject to judicial notice as court records. (Ev. 452(d)(1).) However, as to Ex. J, the court will take judicial notice of the fact that the complaint was filed, but not of the truth of its contents. A court may take judicial notice of the existence of documents in court files, but can only take judicial notice of the truth of facts asserted in such documents as orders, findings of fact and conclusions of law, and judgments. (6 Witkin, Cal. Proc. 5th (2008), Chapter VII, "Proceedings Without Trial," Section 232, p. 674, citing *In re David C.* (1984) 152 Cal.App.3d 1189, 1205.)

The court denies the remainder of the RJN. The remaining documents consists of letters and emails between Moving Party and Responding Party [or their counsel] (MP Exs. C, D, F-H, N], photos of RP allegedly re-installing a corrugated roof (MP Ex. I), copies of numerous police reports allegedly filed against RP by various other residents (MP Exs. L, M, O-S), and an email allegedly from a police detective to MP HOA (MP Ex. S). There is no basis under Evidence Code sec. 452 to take judicial notice of emails, letters, or police reports.

However, these exhibits are otherwise properly authenticated by the various declarations submitted with the moving papers, and there are no evidentiary objections by RP defendant; thus, the court will consider them, despite the fact that many are not properly subject to judicial notice.

Moving Party Reply RJN:

With the Reply, MP submitted a supplemental notice of lodging and request for judicial notice, requesting judicial notice of 14 letters from association residents. The Reply indicates these letters are "from Association residents complaining about Ms. Gallian's bad acts, bullying, harassment, and intimidation." (Reply at 6:16-18.) There are no letters attached to the Reply NOL.

The court denies MP's Reply RJN, because (1) MP does not provide copies of the documents requested (CRC 3.1306(c)); (2) for the same reason, MP has not provided the court with sufficient information to enable it to take judicial notice (Ev. 453(b)); and (3) for the same reason, as well as the fact that the request was not made until the Reply, MP has not provided Responding Party with sufficient notice of the request (Ev. 453(a)).

**Merits:**

In comparing the terms Moving Party contends are part of the settlement agreement, with the transcript of the MSC hearing (MP Ex. A), there are too many discrepancies and inconsistencies to find an enforceable settlement, or a "meeting of the minds" as to several key terms, which are disputed.

CCP 664.6 states:
If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the

DATE: 07/19/2018                    MINUTE ORDER                           Page 2
DEPT: C33                                                          Calendar No.

CASE TITLE: The Huntington Beach Gables          CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of all the terms of the settlement.

A motion to enforce settlement may be decided on declarations. (*Corkland v. Boscoe* (1984) 156 Cal.App.3d 989, 994.) Moreover, CCP 664.6 provides the court authority to interpret settlement terms and determine disputed factual matters regarding the settlement agreement, based on contract principles, but not to add material terms which were not agreed to by the parties. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809.) "[N]othing in section 664.6 authorizes a judge to *create* the material terms of a settlement, as opposed to deciding what terms *the parties themselves* have previously agreed upon." (*Id.* at 810)

Moving Party has shown that at the MSC on 3-2-18, plaintiff HOA and defendant Gallian reached a settlement agreement, the terms of which were placed on the record. (MP Ex. A [Certified Reporter's Transcript of the March 2, 2018 MSC ("MSC RT").] The parties also stipulated, and the court agreed on the record, to retain jurisdiction to enforce the settlement pursuant to Code of Civil Procedure section 664.6, and to enter judgment pursuant to the terms of the settlement if necessary. (MP Ex. A at 31:9-21.)

However, MP's summary of the terms of the settlement [moving papers at 9:25-10:23] is inaccurate in numerous respects. More importantly, as to several of the key terms, the MSC transcript shows that the terms were unclear, or that there was no agreement at all. Moreover, Responding Party has a point that the proposed written settlement agreements proposed by Moving Party attorney (MP Exs. D, F, G) include terms which do not appear to be part of the settlement.

First, according to MP, the terms of the stipulated settlement were as set forth at 9:25-10:23 of the moving papers. However, the transcript of the MSC is inconsistent with settlement agreement.

There are also disputes as to the terms of key provisions of the settlement, and thus disputes as to whether the parties in fact reached an agreement as to these terms at all.

First, MP contends the settlement included an agreement that Association would withdraw the preliminary injunction issued by the court on January 11, 2018, but that the terms of the preliminary injunction were incorporated into the settlement agreement. (Moving papers at 10:9-11, citing MSC RT at p. 9, 12-13.) However, review of the MSC transcript in fact shows that RP objected to incorporating all of the terms of the preliminary injunction. (*Id.* at 10:11-14:6.) Defendant Gallian in fact only agreed to the following:

1. RP will not make any other modifications, additions, or improvements without prior approval by the board, requested through counsel. (MSC RT at 10:6-9, 12:13-23.)
2. RP agreed to abide by the CC&Rs, and HOA rules and regulations. (*Id.* at 12:20-24.)
3. If RP believed there was an area not being watered or that something is not being done [in common areas], she would contact her counsel and have counsel contact the HOA attorney so it could be addressed. (*Id.* at 14:2-13.)

Second, MP also contends that "the parties agreed to a stipulation to the terms of the … WVTRO … [o]nce the stipulation is executed, the Association will dismiss the WVTRO without prejudice and vacate the hearing set for August 15, 2018 … [but] [i]f Ms. Gallian violates the stipulation, the Association may go back to Court to reinstate the WVTRO." (Moving papers at 10:12-15, citing MSC RT at p. 15, 32-33.)

DATE: 07/19/2018                    MINUTE ORDER                    Page 3
DEPT: C33                                                           Calendar No.

CASE TITLE: The Huntington Beach Gables      CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

This is not accurate either. The transcript at first indicates that Association will dismiss WVTRO action as of the date of the MSC (MSC RT at 14:17-19, 15:5-13); that Gallian will not talk to, photograph, make gestures to, or approach any of the board members (*Id*. at 14:19-22); that Gallian will not come onto board members' property; (*Id*. at 14:22) and that if Gallian violates these terms, HOA may refile the WVTRO action (*Id*. at 14:23-24). However, the transcript goes on to state:

MR. KHARRAZIAN: RIGHT. SO THE TERMS -- BASICALLY THEY'LL BE A STIPULATION TO THE TERMS OF THE CURRENT ORDER BUT THE ORDER WILL BE DISMISSED AND DISSOLVED AT THE - -

MS. GALLIAN: TODAY.

MR. KHARRAZIAN: AS OF TODAY.

THE COURT: ALL RIGHT. I - -

MR. KHARRAZIAN: OR AS SOON AS WE CAN GET BEFORE JUDGE STAFFORD AND - -

THE COURT: I THINK THAT'S A REASONABLE COMPROMISE BY THE BOARD. AND I THANK YOU FOR THAT.

MS. GALLIAN: RIGHT.

(*Id*. at 15:5-16.)
…
MS. GALLIAN: I WANT TO MAKE SURE THE LAST THING IS THE TWO REPRESENTATIVES WHO CAN SIGN ON BEHALF OF THE BOARD ARE HERE TO TAKE THE W.V. OFF. THEY CAN DISMISS IT.

THE COURT: YEAH.

MS. GALLIAN: TODAY.

THE COURT: EVERYTHING STOPS.

MR. KHARRAZIAN: HANG ON. ACTUALLY I THINK THE AGREEMENT WAS THAT COUNSEL, MS. FLYER, WILL FILE - -

MS. FLYER: STIPULATION.

MR. KHARRAZIAN: - - THE REQUEST WITH THE WORKPLACE VIOLENCE TRO DEPARTMENT TO ENTER INTO THE STIPULATION, SO I'M NOT SURE THAT THAT CAN HAPPEN TODAY. BUT IT'S - - IT'S - -

MS. FLYER: IT WILL HAPPEN AS SOON AS I CAN - -

MR. KHARRAZIAN: MS. GALLIAN'S COUNSEL'S CONTROL.

DATE: 07/19/2018            MINUTE ORDER            Page 4
DEPT: C33                                            Calendar No.

CASE TITLE: The Huntington Beach Gables      CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

MS. FLYER: AS SOON AS I CAN FEASIBLY DO IT, I WILL DO IT.

THE COURT: THANKS.

MS RADMACHER: AND THE BOARD WILL - - AND MEMBERS AS NEEDED WILL COOPERATE
WITH COUNSEL TO EXECUTE ANY DOCUMENTS NEEDED TO ALLOW THAT TO HAPPEN.

MS. FLYER: THANK YOU.

MS. GALLIAN: BUT AS OF RIGHT NOW, THERE'S NOTHING -- THERE'S NO - -

THE COURT: AND ONE FINAL WORD - -

MS. GALLIAN: THERE'S NO WORKPLACE VIOLENCE, AT ALL.

(*Id*. at 32:3-33:5.)

The foregoing shows that the alleged terms of that portion of the stipulated settlement regarding
incorporating the WVTRO terms are entirely unclear. "A settlement agreement that incorporates other
documents can be enforced pursuant to § 664.6 <u>if there was a "meeting of the minds" regarding the
terms of the incorporated documents</u>." (Weil & Brown, Rutter Group, Civil Procedure Before Trial,
Chapter 12(II)-F, Section 12:955.6, citing *Weddington Productions, Inc. v. Flick*, *supra* at 813; emphasis
added.)

Here, however, it does not appear that there was any "meeting of the minds" as to what terms of the
stipulation to resolve the WVTRO were in fact to include; whether the stipulation to resolve the WVTRO
was to be entered in that action, or incorporated into the settlement in the current action; or when the
HOA would dismiss the WVTRO action [either as of the date of the MSC, or upon entry of the
settlement].

As this is a key term of the purported settlement, and as there does not appear to be a "meeting of the
minds" as to the terms of resolution of the WVTRO action, it is unclear how the court could enter
judgment of this disputed terms.

Thus, the motion is denied on this basis, as the court cannot grant a CCP 664.6 motion to enforce only a
portion of the settlement: "[W]hile the court may, under certain circumstances, reject a settlement
agreement as a whole, it may *not* approve only *part* of it for § 664.6 enforcement without the parties'
mutual consent." (Weil & Brown, Rutter Group, *Civil Procedure Before Trial*, Chapter 12(II)-F, Section
12:979.2, citing *Leeman v. Adams Extract & Spice, LLC* (2015) 236 Cal.App.4th 1367, 1375; emphasis
in original.)

"Moreover, to be binding, the agreement must be *sufficiently definite* to enable courts to give it an exact
meaning. If an essential element is reserved for future agreement, it is not definite enough. [Citations.]"
(*Id*. at Section 12:955.5.) Here, at least as to the terms of resolution of the WVTRO action, the
settlement does not appear to be sufficiently definite to be enforceable.

The court notes that the MSC transcript indicates that the settlement also included additional terms,
which MP does not address or discuss:
1. Association was to dismiss this action upon payment of the $15K by Gallian. (MSC RT at 16:6-8.)

---

DATE: 07/19/2018                              MINUTE ORDER                              Page 5
DEPT: C33                                                                       Calendar No.

CASE TITLE: The Huntington Beach Gables   CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

2. Association would place no further assessments on Gallian's account related to this litigation, including the "tree removal," although Association was not waiving any future claims regarding the "tree removal." (*Id.* at 16:16-25.)

3. Gallian acknowledged HOA's claim of authority to work exclusively in the common area, and agreed not to do any further work in the common area. (*Id.* at 18:2-19:8.)

4. Both the Board and Gallian would comply with the HOA governing documents. (*Id.* at 25:2-11.)

5. Other than any disclosures that the Board is obligated by law to make to its members, the parties are not to make any disclosures about this lawsuit. (*Id.* at 25:14-26:7.)

6. Gallian's five storage bins could remain in place for 90 days or until she moved, whichever came first, and after which time they would be moved "to the parallel parking spots that are across the street from where they are." (*Id.* at 27:5-28:18.)

MP fails to explain why the court should enter a judgment which do not include the above terms.

The motion by plaintiff The Huntington Beach Gables Association to enforce settlement is **denied**. (CCP § 664.6.)

The court finds that the parties did not reach a "meeting of the minds" as to several key terms of the settlement, including allegedly incorporating the terms of the preliminary injunction previously entered in this action, and resolution of the separate Workplace Violence Temporary Restraining Order action.

The request for judicial notice by plaintiff The Huntington Beach Gables Association in support of the moving papers is granted as to Exs. A, E and J. (Ev. 452(d).) As to Ex. J, the court takes judicial notice of the fact that the document was filed, but not of the truth of its contents. (*In re David C.* (1984) 152 Cal.App.3d 1189, 1205.)

Moving party to give notice.

2. MOTION BY CROSS-DEFENDANTS LEE GRAGNANO, TED PHILLIPS, LINDY BECK, JENNIFER PAULIN, JANINE JASSO AND LORI BURRETT TO STRIKE MEMORANDUM OF COSTS

Tentative Ruling posted on the Internet.

The court hears oral argument. The court, having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, rules as follows: The Tentative Ruling will become the final ruling of the court.

Motion by Cross-defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso and Lori Burrett to Strike Memorandum of Costs:

The motion by cross-defendants Lee Gragnano, Ted Phillips, Lindy Buck, Jennifer Paulin, Janine Jasso, and Lori Burrett to strike the Memorandum of Costs filed by cross-complainant Jamie Gallian is **granted**.

Cross-complainant Gallian dismissed these moving parties; thus, moving parties are the prevailing parties entitled to costs, not Gallian. (CCP 1032(a)(2), (a)(4); CRC 3.1700(b).)

Prevailing parties to give notice.

3. FURTHER RULINGS

---

DATE: 07/19/2018                    MINUTE ORDER                    Page 6
DEPT: C33                                                          Calendar No.

CASE TITLE: The Huntington Beach Gables          CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

The Jury Trial set for 08/06/2018 is ordered continued to 12/10/2018 at 9:00 AM.

All discovery cutoff dates and deadlines are continued and shall track the 12/10/2018 trial date.

Discovery issues to be addressed by formal motion.

DATE: 07/19/2018                    MINUTE ORDER                    Page 7
DEPT:  C33                                                          Calendar No.

| SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|

| TITLE OF CASE (ABBREVIATED):<br>The Huntington Beach Gables Homeowners Association v. Bradley, et al. | |
|---|---|

| **ATTORNEY(S) NAME AND ADDRESS:**<br>Rian W. Jones, Esq. (SBN: 110830)<br>Pejman D. Kharrazian, Esq. (SBN: 279260)<br>Epsten Grinnell & Howell, APC<br>10200 Willow Creek Rd., Suite 100<br>San Diego, California 92131 | **TELEPHONE**<br>(858) 527-0111<br><br>**FACSIMILE**<br>(858) 527-1531 |
|---|---|

| **ATTORNEYS FOR:**<br>The Huntington Beach Gables Homeowners Assoc. | **HEARING: DATE-TIME-DEPT** | **CASE NUMBER**<br>30-2017-00913985-CU-CO-CJC |
|---|---|---|

### DECLARATION OF SERVICE

I, Joy A. Carpio, declare: that I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 10200 Willow Creek Rd., Suite 100, San Diego, California 92131. On July 30, 2018 served the following document(s):

**NOTICE OF RULING ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND ENTER JUDGMENT PURSUANT TO THE TERMS OF STIPULATED SETTLEMENT (CODE OF CIVIL PROCEDURE § 664.6)**

of which the original document(s), or a true and correct copy, is attached, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

| Jamie L. Gallian<br>4476 Alderport Dr.<br>Huntington Beach, CA 92649<br>Email: Jamiegallian@gmail.com | Defendant and Cross-Complainant, in pro per |
|---|---|
| Brenda Radmacher<br>James Hawley<br>GORDON REES SCULLY MANSUKHANI LLP<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071<br>(213) 576-5000 / Fax: (213) 680-4470<br>bradmacher@grsm.com / jhawley@grsm.com | Attorneys for Huntington Beach Gables Homeowners Association on Cross-Complaint |



☑ **(BY MAIL)** I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at San Diego, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY OVERNIGHT DELIVERY)** I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Overnight Express. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Epsten Grinnell & Howell, APC business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Overnight Express or delivered to a courier or driver authorized by Overnight Express to receive documents on the same date it is placed at Epsten Grinnell & Howell, APC for collection.

*The Huntington Beach Gables Homeowners Association v. Bradley, et al.*
Case No. 30-2017-00913985

Declaration of Service

☑ ***(BY E-MAIL OR ELECTRONIC TRANSMISSION)*** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in the above Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 30, 2018, at San Diego, California.

_____
Joy A. Carpio

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

DEPARTMENT C33

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, A CALIFORNIA NONPROFIT MUTUAL BENEFIT CORPORATION,<br><br>        PLAINTIFF,<br>  VS.<br><br>SANDRA L. BRADLEY, INDIVIDUALLY AND AS TRUSTEE OF THE SANDRA L. BRADLEY TRUST; JAMIE L. GALLIAN, AN INDIVIDUAL; AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>        DEFENDANTS.<br><br>AND RELATED CROSS-ACTIONS. | ) ) ) ) ) ) ) NO.  30-2017-<br>) 00913985-CU-<br>) CO-CJC ) ) ) ) ) ) ) ) ) ) |

HONORABLE JAMES CRANDALL, JUDGE PRESIDING

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MARCH 2, 2018

ORIGINAL

APPEARANCES OF COUNSEL:

      FOR THE PLAINTIFF/     PEJMAN D. KHARRAZIAN
      CROSS-DEFENDANT:     ATTORNEY AT LAW

                              BRENDA K. RADMACHER
                              ATTORNEY AT LAW

      FOR THE DEFENDANT/     RAQUEL FLYER
      CROSS-COMPLAINANT:    ATTORNEY AT LAW

             AMBER HOGATE, CSR NO. 13525
               OFFICIAL COURT REPORTER

1

```
 1            SANTA ANA, CALIFORNIA; FRIDAY, MARCH 2, 2018

 2                        MORNING SESSION

 3                  (PROCEEDINGS IN OPEN COURT)

 4                          *  *  *

 5

 6            THE COURT:  OKAY.  HUNTINGTON BEACH

 7   HOMEOWNER'S ASSOCIATION -- I'M SORRY, HUNTINGTON BEACH

 8   GABLES HOA VERSUS BRADLEY, BUT NOW GALLIAN.  GALLIAN.

 9   OKAY.  AND -- OFF THE RECORD.

10            (WHEREUPON A BRIEF RECESS WAS TAKEN)

11            THE COURT:  LET'S HAVE COUNSEL STATE THE

12   SETTLEMENT AGREEMENT.

13            MR. KHARRAZIAN:  THANK YOU, YOUR HONOR.

14   PEJMAN KHARRAZIAN ON BEHALF OF HUNTINGTON BEACH GABLES

15   HOMEOWNERS ASSOCIATION.

16            MS. RADMACHER:  BRENDA RADMACHER ON BEHALF OF

17   HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION AS WELL.

18            THE COURT:  AND THE REPRESENTATIVES FROM THE

19   ASSOCIATION?

20            MR. GRAGANO:  LEE GRAGANO, BOARD PRESIDENT FOR

21   HUNTINGTON BEACH GABLES.

22            MS. JASSO:  JANINE JASSO, VICE PRESIDENT FOR

23   THE HUNTINGTON BEACH GABLES.

24            MS. FLYER:  RAQUEL FLYER FOR JAMIE GALLIAN.

25            MS. GALLIAN:  JAMIE GALLIAN, HOMEOWNER.

26            THE COURT:  OKAY.  WHO WANTS TO CITE THE TERMS
```

2

1  FOR THE RECORD?

2        MR. KHARRAZIAN:  I WILL CITE IT AND RAQUEL CAN

3  CORRECT ME -- IF COUNSEL CAN CORRECT ME IF, YOU KNOW,

4  THERE'S ANYTHING -- IF THERE'S AN ISSUE.

5        SO FIRST ITEM IS THE AC UNIT -- AIR

6  CONDITIONING UNIT THAT IS IN THE COMMON AREA.  THE

7  ASSOCIATION WILL REMOVE IT AND REINSTALL IT WITHIN

8  MS. GALLIAN'S ENCLOSED PATIO AREA AT A LOCATION OF ITS

9  CHOOSING, AND MS. GALLIAN WILL RELEASE THE ASSOCIATION

10 FROM ANY AND ALL CLAIMS RELATED TO THE MOVING OF THE AIR

11 CONDITION UNIT.

12       MS. FLYER:  AND -- SORRY.  ONE POINT.  THE

13 ASSOCIATION WILL HIRE -- IT WILL BE A LICENSED

14 CONTRACTOR.

15       MS. GALLIAN:  PERMITTED.

16       MS. FLYER:  PERMITTED.

17       MR. KHARRAZIAN:  AGREED.

18       NEXT, THE -- MS. GALLIAN WILL EITHER REMOVE

19 THE ROLL-DOWN SUN SHADES OR AWNINGS, OR ALTERNATIVELY

20 SHE CAN KEEP THEM IN PLACE ON A NON-TEMPORARY BASIS

21 USING HOOKS.

22       MS. GALLIAN:  AND THEY -- THEY -- THEY ARE

23 REMOVABLE.  THEY ARE FLEX -- YOU KNOW, I CAN TAKE THEM

24 UP OR DOWN AND PUT THEM IN THE GARAGE IN OFFSEASON.  SO

25 THAT'S THE WAY THEY ARE ALREADY.

26       THE COURT:  ALL RIGHT.

1        MR. KHARRAZIAN:  MS. GALLIAN WILL REMOVE THE

2   GUTTERS -- ALL GUTTERS THAT ARE CURRENTLY ATTACHED TO

3   THE PATIO COVER AND RESTORE THE DRAINAGE AS IT WAS

4   PRIOR.

5        NEXT ITEM, THE ASSOCIATION WILL INSPECT THE

6   EXTERIOR STUCCO WALL AFTER THE GUTTER REMOVAL AND

7   RESTORATION IS COMPLETE.  MS. GALLIAN WILL REMOVE --

8        MS. RADMACHER:  AND BEFORE YOU LEAVE THAT

9   POINT, IF THERE ARE ANY DAMAGES TO THAT COMMON AREA

10  STUCCO WALL, MS. GALLIAN WILL BE RESPONSIBLE FOR THE

11  COST TO REPAIR THAT, IF ANY.  WE DON'T KNOW THAT THERE

12  IS ANY THOUGH.

13        THE COURT:  YEAH.

14        MS. GALLIAN:  THERE HAS BEEN NOTHING --

15  THERE'S BEEN NOTHING EVER ATTACHED TO IT.  IF WE'RE

16  TALKING ABOUT LESLIE'S WALL, NOTHING'S EVER BEEN

17  ATTACHED TO IT.  IT WAS VERY SPECIFIC NOT TO ATTACH

18  ANYTHING.

19        THE COURT:  THEN THAT'S A FAIR RESOLUTION OF

20  THAT POINT.

21        MR. KHARRAZIAN:  THAT SOUNDS GOOD.

22        MS. GALLIAN:  SURE.  ABSOLUTELY.

23        THE COURT:  NEXT POINT.

24        MR. KHARRAZIAN:  NEXT POINT, MS. GALLIAN WILL

25  REMOVE ALL SPRINKLERS, HOSES, AND IRRIGATION FROM ALL

26  COMMON AREA, WHICH INCLUDES THE SIDE PLANTER NEXT TO HER

1    FENCE THAT SURROUNDS HER PATIO, AS WELL AS THE PLANTER

2    AREAS THAT ARE ADJACENT TO THE FRONT ENTRANCE OF HER

3    UNIT.

4          MS. GALLIAN WILL REMOVE THE -- ANY --

5          THE COURT:  AND BY THE WAY, ON THAT POINT,

6    SHE'S AUTHORIZED TO ENTER THE COMMON AREA TO DO THAT.

7          MR. KHARRAZIAN:  CORRECT.

8          THE COURT:  OKAY.

9          MR. KHARRAZIAN:  FOR THE SOLE PURPOSE OF THE

10    ITEMS THAT ARE RELATED TO THIS SETTLEMENT.

11          THE COURT:  YES.

12          MR. KHARRAZIAN:  ALSO, SHE'LL REMOVE ALL

13    HARDSCAPE, INCLUDING THE SCALLOP BRICK MOW BORDERS.

14          MS. GALLIAN:  NO.  THAT WAS NOT PART OF THE

15    DEAL.

16          MS. FLYER:  SO THE -- THE PLANTS AND THE

17    SCALLOP BRICK THAT ARE -- THE ASSOCIATION SAYS ARE IN

18    THE COMMON AREAS.

19          MR. KHARRAZIAN:  YEAH.

20          MS. FLYER:  THE ASSOCIATION WILL REMOVE --

21    WILL REMOVE THOSE AFTER SHE SELLS THE HOUSE.

22          THE COURT:  AFTER SHE LEAVES.

23          MS. FLYER:  AFTER SHE LEAVES.

24          MS. GALLIAN:  YOU KNOW, NOTICE THE NEW OWNERS.

25          THE COURT:  AT THE 90-DAY POINT WHEN SHE

26    LEAVES, ANYTHING THAT'S IN THE COMMON AREA, THE

1   HOMEOWNERS ASSOCIATION HAS THE RIGHT TO REMOVE.

2           MR. KHARRAZIAN:  OKAY.  NOW THAT NEEDS TO BE

3   DISCLOSED THEN.  MS. GALLIAN NEEDS TO AGREE TO DISCLOSE

4   THAT TO THE POTENTIAL BUYER --

5           THE COURT:  YEAH.  THE ISSUE IS --

6           MR. KHARRAZIAN:  -- SO THEY DON'T THINK

7   THEY'RE GETTING SCALLOP BRICK.

8           THE COURT:  THE QUESTION IS WHERE THE LINE IS

9   BETWEEN HER SPACE AND THE COMMON AREA.

10          MS. GALLIAN:  THAT'S RIGHT.

11          THE COURT:  SO THE WAY TO RESOLVE IT IS YOU

12  CAN REMOVE THEM AS SOON AS SHE'S GONE.

13          MR. KHARRAZIAN:  OKAY.  UPON SALE THEN,

14  ASSOCIATION --

15          MS. GALLIAN:  SO HOLD ON FOR A SECOND.  LET'S

16  JUST MAKE SURE -- BECAUSE I DON'T WANT TO MISLEAD MY

17  BUYER.

18          THE COURT:  HE'S SAYING IT.  UPON SALE,

19  ASSOCIATION --

20          MR. KHARRAZIAN:  UPON SALE, THE ASSOCIATION

21  WILL RESTORE ALL COMMON AREA INCLUDING REMOVING THE

22  HARD -- ALL HARDSCAPE AND SCALLOPED BRICK MOW BORDERS.

23          MS. FLYER:  BEFORE DOING SO, THE HOMEOWNERS

24  ASSOCIATION WILL GIVE NOTICE TO THE NEW OWNER OF THE

25  UNIT THAT IT WILL BE DOING THAT.  AND --

26          MS. GALLIAN:  SO THAT THEY DON'T FEEL SINGLED

1   OUT.  YOU KNOW, THAT IF THEY WANT TO REDO THE

2   LANDSCAPING, THAT IT'S EVERYBODY'S THAT THEY'RE REDOING.

3           THE COURT:  THAT'S FAIR.

4           MR. KHARRAZIAN:  THAT'S FAIR, AND THAT GOES

5   BACK TO MY POINT THAT MS. GALLIAN WILL GIVE NOTICE OF

6   ALL THIS TO THE POTENTIAL BUYER SO NONE OF THIS IS A

7   SHOCK.

8           THE COURT:  THAT'S FAIR.  TO BOTH SIDES.

9           MS. GALLIAN:  ABSOLUTELY.

10          MR. KHARRAZIAN:  GREAT.  NEXT, LET'S SEE.

11  THE -- ALL POTTED PLANTS IN ANY OF THE COMMON AREA

12  INCLUDING THE TWO PLANTER AREAS WE DISCUSSED, ANY

13  SIDEWALK AREAS, WILL BE BY MS. GALLIAN.

14          MS. GALLIAN:  THERE ISN'T ANY ON THE SIDEWALK

15  AREA.  THEY'RE ON MY PORCH.  MY SEPARATE PROPERTY PORCH

16  AND MY WHEELCHAIR RAMP AND I PAID FOR THAT.

17          THE COURT:  HE'S TALKING ABOUT THE SIDEWALK

18  AREA.

19          MS. GALLIAN:  I KNOW.  I DON'T HAVE ANY IN THE

20  SIDEWALK.

21          MR. KHARRAZIAN:  SO ALL POTTED PLANTS WILL BE

22  REMOVED.  IF ANY POTTED PLANTS REMAIN AFTER MS. GALLIAN

23  SELLS AND LEAVES, THE ASSOCIATION WILL HANDLE

24  ACCORDINGLY.

25          MS. GALLIAN:  AGREED.

26          THE COURT:  GREAT.  GOOD IDEA.

7

```
 1            MR. KHARRAZIAN:  THE BENCH THAT IS IN THE

 2   COMMON AREA PLANTER BED ADJACENT TO THE FRONT OF HER

 3   HOME WILL BE REMOVED BY MS. GALLIAN.

 4            MS. GALLIAN:  AT -- AGREED.  WHEN I LEAVE.

 5            MR. KHARRAZIAN:  UPON SALE.

 6            MS. GALLIAN:  YEP.  THAT'S AGREED.

 7            MR. KHARRAZIAN:  MS. GALLIAN AGREES TO RELEASE

 8   THE HOA AND ALL INDIVIDUAL BOARD MEMBERS OF ANY AND ALL

 9   CLAIMS.

10            MS. GALLIAN:  NO.

11            MR. KHARRAZIAN:  MS. GALLIAN AGREES TO SELL

12   HER UNIT AND LEAVE THE PROPERTY WITHIN 90 DAYS; HOWEVER,

13   IF SHE'S UNABLE TO DO IT WITHIN THE 90 DAYS THROUGH NO

14   FAULT OF HER OWN, ASSOCIATION WILL GRANT A REASONABLE

15   EXTENSION OF TIME TO ALLOW HER TO COMPLETE THE SALE.

16            THE COURT:  OKAY.  THAT SOUNDS FAIR.

17            MS. GALLIAN:  AND I'D LIKE TO ADD ONE THING.

18            THE COURT:  AND BY THE WAY, THIS RELEASE IS

19   GOING TO BE RECIPROCAL.

20            MS. GALLIAN:  YEP.

21            THE COURT:  YOU'RE RELEASING HER FROM THE

22   CLAIMS IN THIS LAWSUIT.

23            MR. KHARRAZIAN:  YEAH.  I HAVEN'T GOTTEN TO

24   THE ASSOCIATION RELEASES YET, BUT LET'S DO THAT.

25            THE ASSOCIATION --

26            .THE COURT:  MS. GALLIAN WANTS TO ADD SOMETHING
```

8

```
1    THROUGH YOUR LAWYER.
2               MS. GALLIAN:  WELL, THROUGH YOU.  I MEAN, ANY
3    ACTS OF GOD.  I MEAN, WE ALL KNOW THINGS HAPPEN.  WE ALL
4    KNOW THAT 9-11 HAPPENED.  WE ALL EXPECT THE UNEXPECTED.
5    YOU KNOW, SO ANY ACTS OF GOD -- I MEAN, ANYTHING --
6               THE COURT:  YOUR LAWYER KNOWS THERE'S AN
7    EXCLUSION FOR ACT OF GOD.
8               MS. GALLIAN:  OKAY.
9               THE COURT:  LET'S KEEP RECITING THE TERMS
10   SO -- BECAUSE OUR STAFF IS OVER --
11              MS. GALLIAN:  LET'S GO.
12              THE COURT:  -- TIME HERE WORKING THROUGH THE
13   LUNCH HOUR.
14              MR. KHARRAZIAN:  YES, AND WE APPRECIATE THAT.
15              MS. GALLIAN:  YEAH.  THANK YOU.
16              MR. KHARRAZIAN:  MS. GALLIAN AGREES TO NEVER
17   RETURN TO THE COMMUNITY OR NEVER LIVE IN THE COMMUNITY
18   AGAIN AFTER SHE SELLS.
19              MS. GALLIAN:  NOW WE'RE GETTING PERSONAL.
20              THE COURT:  PARDON ME?
21              MS. GALLIAN:  WE'RE GETTING PERSONAL.
22              MS. FLYER:  SHE'S NOT GOING TO BUY BACK AFTER
23   SHE SELLS.
24              MS. GALLIAN:  I'M NOT COMING IN.
25              THE COURT:  I DON'T THINK YOU CAN HAVE -- THAT
26   WOULD BE A CONSTITUTIONAL VIOLATION TO SAY SHE CAN'T
```

1  RETURN TO THE COMMUNITY, BUT SHE'S NOT GOING TO BUY BACK

2  IN.

3           MR. KHARRAZIAN:  SHE CANNOT RESIDE WITHIN THE

4  COMMUNITY.

5           THE COURT:  THAT'S FAIR.

6           MS. GALLIAN:  FINE.  BUT I CAN VISIT.

7           MR. KHARRAZIAN:  MS. GALLIAN CANNOT RESIDE IN

8  THE COMMUNITY.  ALL COMMUNICATIONS UNTIL MS. GALLIAN

9  SELLS HER UNIT ARE TO BE THROUGH COUNSEL WITH THE

10 ASSOCIATION.

11          THE COURT:  OKAY.  THAT'S GREAT.

12          MS. GALLIAN:  THAT'S PERFECT.

13          MR. KHARRAZIAN:  THE -- MS. GALLIAN AGREES NOT

14 TO ATTEND ANY BOARD MEETINGS UNTIL SHE SELLS.

15          MS. RADMACHER:  AND IF SHE WANTS TO SEND HER

16 ATTORNEY TO ATTEND, THAT'S ACCEPTABLE.

17          THE COURT:  OKAY.  THAT'S FAIR.

18          MR. KHARRAZIAN:  WE'LL AGREE TO THAT.

19          MS. GALLIAN:  YEP.  THAT'S FINE.

20          MR. KHARRAZIAN:  LET'S SEE.  OKAY.  SO THE

21 PRELIMINARY INJUNCTION WILL BE DISSOLVED AS OF TODAY,

22 BUT ITS TERMS ARE PART OF THE SETTLEMENT.  THE

23 PRELIMINARY INJUNCTION THAT WAS ORDERED ON --

24          MS. GALLIAN:  IT'S --

25          MR. KHARRAZIAN:  -- JANUARY 11TH, 2018.

26          MS. GALLIAN:  ALL TERMS ARE TODAY.  I -- I AM

```
1    HOLDING UP MY END OF BARGAIN --
2            MS. FLYER:  HOLD ON A SECOND.  SO THE TERMS
3    SPECIFICALLY THAT WILL REMAIN IN EFFECT --
4            MR. KHARRAZIAN:  IF YOU WANT TO READ THEM,
5    THAT'S FINE.
6            MS. FLYER:  SO -- ALL RIGHT.  YES.  SHE WILL
7    NOT MAKE ANY -- YOU'RE NOT GOING TO MAKE ANY OTHER
8    MODIFICATIONS, ADDITIONS, OR IMPROVEMENTS WITHOUT
9    GETTING PRIOR APPROVAL.
10           MS. GALLIAN:  CORRECT.
11           MS. FLYER:  YOU WILL NOT MAKE ANY ALTER TO THE
12   RESTRICTED COMMON USE AREAS.  YOU WILL NOT DO ANY
13   LANDSCAPING, IRRIGATION, TREES IN THE COMMON AREAS.  YOU
14   WILL NOT TAMPER WITH, ADJUST, AUTHORIZE ANYONE ELSE TO
15   INTERFERE WITH THE SPRINKLER HEADS.  YOU WON'T PREVENT
16   ANYONE'S REMOVAL OF SPRINKLERS.  YOU'RE NOT GOING TO --
17   ALL --
18           MS. GALLIAN:  YOU NEED TO STOP.
19           MS. FLYER:  THESE ARE ALL THINGS THAT YOU WILL
20   AGREE TO DO.
21           THE COURT:  WHAT ARE THE NUMBERS ON THE -- IS
22   THAT ITEM NUMBER --
23           MS. GALLIAN:  I'M TELLING YOU I'M GOING TO
24   WALK OUT.  YOU NEED TO STOP.
25           MS. FLYER:  THESE ARE THINGS YOU'VE AGREED TO
26   DO.
```

1          MS. GALLIAN:  NO, I HAVEN'T.  WE JUST DECIDED

2   TO DISMISS IT; OKAY?  I AM SELLING, I HAVE -- HAVE NOT

3   HAD A PROBLEM FOR -- FOR THE TIME THAT THESE ORDERS HAVE

4   BEEN IN PLACE.

5          THE COURT:  BUT MS. GALLIAN, I THOUGHT THE

6   SETTLEMENT WAS GOING TO BE THAT I WOULD DISSOLVE THE

7   INJUNCTION AT THE DATE OF SALE.

8          MS. GALLIAN:  WELL I --

9          THE COURT:  THAT'S HOW I THOUGHT.  NOW IT

10  LOOKS LIKE COUNSEL'S WILLING TO DISSOLVE THE INJUNCTION

11  NOW.

12         MS. GALLIAN:  YOUR HONOR, I STILL HAVE TO PAY

13  A LAND LEASE FOR MY RIGHT AND USE OF ENJOYMENT AND I

14  WOULD LIKE TO ENJOY MY USE AND -- WITHOUT AFFECTING

15  ANYBODY ELSE.

16         THE COURT:  WELL, HE'S AGREEING --

17         MS. GALLIAN:  BUT I PAY A LOT OF MONEY --

18         THE COURT:  HE'S AGREEING TO DISSOLVE THE

19  INJUNCTION EXCEPT FOR A COUPLE MINOR ITEMS THAT YOUR

20  LAWYER READ.  I THINK THAT'S FAIR.

21         MS. FLYER:  THE ITEMS BEING THAT YOU'RE NOT

22  GOING TO DO ANYTHING TO THE COMMON AREAS, AND YOU'RE NOT

23  GOING TO MAKE ANY ALTERATIONS, MODIFICATIONS WITHOUT

24  GETTING BOARD APPROVAL.

25         MS. GALLIAN:  IT'S NOT NECESSARY.

26         THE COURT:  THAT'S FAIR.  OKAY.  YOU AGREE TO

12

```
1    THAT.

2          MS. GALLIAN:  IT'S NOT NECESSARY, YOUR HONOR.

3    I'M SORRY.  I -- I -- I FEEL LIKE I'VE BEEN PUNISHED

4    ENOUGH.

5          THE COURT:  OKAY.  WELL THEN WE DON'T HAVE A

6    SETTLEMENT.

7          MS. FLYER:  BUT YOU'RE NOT -- YOU DON'T HAVE

8    ANY PLANNED MODIFICATIONS OR ALTERATIONS TO THE PROPERTY

9    AT THIS POINT.

10         MS. GALLIAN:  ABSOLUTELY NOT.

11         MR. KHARRAZIAN:  IT JUST FITS WITHIN THE

12   SETTLEMENT.

13         MS. FLYER:  IF YOU'RE GOING TO MAKE ANY

14   ALTERATIONS, MODIFICATIONS TO YOUR PROPERTY, YOU'LL ASK

15   BOARD APPROVAL.

16         MS. RADMACHER:  THROUGH COUNSEL.

17         MS. FLYER:  CORRECT.

18         MS. GALLIAN:  JUST LIKE EVERYBODY ELSE DOES IN

19   THE CC&RS.

20         THE COURT:  THEN YOU DO AGREE.  YOU DO AGREE

21   TO THOSE TERMS.

22         MS. GALLIAN:  WHATEVER'S IN THE CC&RS AND THE

23   RULES AND REGULATIONS, YES.

24         THE COURT:  GREAT.

25         MS. RADMACHER:  YOUR HONOR, I THINK THE

26   CONCERN FROM THE ASSOCIATION'S PERSPECTIVE IS THE --
```

1   WHILE THE SALE OF HER UNIT IS PENDING IN THIS INTERIM

2   TIMEFRAME, WE'VE AGREED TO GO WITH ALL OF THE TERMS THAT

3   SHE'S ASKED FOR ON ALLOWING HER TIME FOR SALE ON ALL OF

4   THOSE ISSUES, IS HER NOT WATERING IN THE COMMON AREA

5   ARE, HER NOT DOING THOSE OTHER THINGS THAT SHE HAS --

6   HAS BEEN DOING, EVEN WHILE THE PRELIMINARY INJUNCTION

7   HAS BEEN IN PLACE.  SO WE NEED --

8           THE COURT:  I PREVIOUSLY ENJOINED HER FROM

9   DOING.

10          MS. RADMACHER:  YES.  AND IT STILL HAS

11  CONTINUED.

12          THE COURT:  RIGHT NOW, THAT INJUNCTION IS IN

13  PLACE --

14          MS. GALLIAN:  ABSOLUTELY, YOUR HONOR.

15          THE COURT:  -- WITH THE HOMEOWNER'S

16  ASSOCIATION --

17          MS. GALLIAN:  I AGREE.  I'M TRYING TO GET

18  $400,000 FOR MY UNIT, YOUR HONOR.

19          THE COURT:  IF WE TALK AT THE SAME TIME, THE

20  COURT REPORTER --

21          MS. GALLIAN:  I APOLOGIZE, MA'AM.

22          THE COURT:  WHAT THE ASSOCIATION IS DOING IS

23  THEY AGREE TO DISSOLVE MOST OF THE INJUNCTION OTHER THAN

24  THOSE FEW TERMS.

25          MS. RADMACHER:  MAY A MAKE A RECOMMENDATION?

26          THE COURT:  I THINK THAT'S A GOOD POINT FOR

1    YOU.

2            MS. RADMACHER:  MY RECOMMENDATION, YOUR HONOR,

3    IS IF MS. GALLIAN BELIEVES THERE'S AN AREA THAT NEEDS TO

4    BE WATERED OR SOMETHING THAT IS NOT BEING DONE, SHE

5    NEEDS TO CONTACT HER COUNSEL AND HAVE COUNSEL TALK TO

6    THE ASSOCIATION'S COUNSEL SO IT CAN BE ADDRESSED.

7            MS. GALLIAN:  PERFECT.  GREAT.

8            MS. RADMACHER:  SO SHE'S NOT OUT WATERING IN

9    THOSE AREAS THAT ARE ESSENTIALLY BEING RESOLVED IN THE

10   SETTLEMENT.

11           THE COURT:  THAT'S A GOOD RESOLUTION.

12           MS. GALLIAN, DO YOU AGREE TO THAT?

13           MS. GALLIAN:  AGREED.  YES, SIR.

14           THE COURT:  PLEASE KEEP GOING.

15           MR. KHARRAZIAN:  DO YOU WANT TO TALK TO ABOUT

16   THE WORKPLACE VIOLENCE ISSUE?

17           MS. FLYER:  SURE.  THERE'S A WORKPLACE

18   VIOLENCE HEARING SET FOR AUGUST.  THE ASSOCIATION AGREES

19   THAT THEY WILL BE DISMISSING THAT.  WE HAVE A

20   STIPULATION WHERE MS. GALLIAN WILL NOT TALK TO,

21   PHOTOGRAPH, MAKE GESTURES TO, APPROACH ANY OF THE BOARD

22   MEMBERS.  SHE WON'T COME ONTO THEIR PROPERTY.

23           AND IN THE EVENT SHE DOES, THEY MAY REFILE

24   THEIR WORKPLACE VIOLENCE RESTRAINING ORDER.  BUT SHE

25   AGREES THAT SHE WILL NOT HAVE ANY CONTACT WITH THEM.

26           MS. GALLIAN:  NOPE.

```
 1              MS. FLYER:  ANY CONTACT WILL BE THROUGH

 2   MYSELF.

 3              MS. GALLIAN:  COUNSEL.

 4              THE COURT:  WONDERFUL.

 5              MR. KHARRAZIAN:  RIGHT.  SO THE TERMS --

 6   BASICALLY THEY'LL BE A STIPULATION TO THE TERMS OF THE

 7   CURRENT ORDER BUT THE ORDER WILL BE DISMISSED AND

 8   DISSOLVED AT THE --

 9              MS. GALLIAN:  TODAY.

10              MR. KHARRAZIAN:  AS OF TODAY.

11              THE COURT:  ALL RIGHT.  I --

12              MR. KHARRAZIAN:  OR AS SOON AS WE CAN GET

13   BEFORE JUDGE STAFFORD AND --

14              THE COURT:  I THINK THAT'S A REASONABLE

15   COMPROMISE BY THE BOARD.  AND I THANK YOU FOR THAT.

16              MS. GALLIAN:  RIGHT.

17              MR. KHARRAZIAN:  THANK YOU, YOUR HONOR.  OKAY.

18              THE COURT:  AND THERE'S GOING TO BE SOME MONEY

19   EXCHANGED?

20              MS. RADMACHER:  YES.

21              MR. KHARRAZIAN:  YES.

22              MS. GALLIAN:  YES.

23              MR. KHARRAZIAN:  SO MS. GALLIAN AGREES TO PAY

24   THE ASSOCIATION $15,000 WITHIN 30 DAYS OF TODAY.

25              MS. GALLIAN:  NO.  IT WAS AT THE CLOSE OF

26   ESCROW.
```

16

1    MR. KHARRAZIAN:  OKAY.  IS THAT HOW YOU

2  UNDERSTOOD IT?  OKAY.  AT THE CLOSE OF ESCROW, WHICH

3  WILL HAPPEN WITHIN 90 DAYS PER THE TERMS OF THE

4  AGREEMENT.

5    MS. GALLIAN:  AGREED.

6    MR. KHARRAZIAN:  AND IN EXCHANGE, THE

7  ASSOCIATION AGREES TO, UPON PAYMENT, DISMISS THIS

8  LAWSUIT -- SUPERIOR COURT ACTION, AND MS. JASSO AGREES

9  TO DISMISS HER SMALL CLAIMS ACTION.

10    MS. FLYER:  AS OF TODAY'S DATE.

11    MS. GALLIAN:  TODAY.

12    MS. FLYER:  BECAUSE THE HEARING'S MONDAY.

13    MR. KHARRAZIAN:  AS OF TODAY'S DATE AGAINST

14  MS. GALLIAN.  AND THE ASSOCIATION WILL REMOVE THE

15  SPECIAL ASSESSMENT THAT WAS PLACED ON HER ACCOUNT.

16    MS. FLYER:  AND THERE'LL BE NO FURTHER SPECIAL

17  ASSESSMENTS ON UNIT 53 RELATED TO ANYTHING ASSOCIATED

18  WITH THIS LITIGATION.

19    MS. GALLIAN:  RIGHT.

20    MR. KHARRAZIAN:  RIGHT.

21    MS. FLYER:  SO REGARDING THE TREE REMOVAL,

22  THERE'LL BE NO SPECIAL ASSESSMENT PUT ON UNIT 53.

23    MR. KHARRAZIAN:  RIGHT.  BUT OF COURSE THE

24  ASSOCIATION'S NOT WAIVING ANY FUTURE CLAIMS IN RELATED

25  TO THAT.

26    MS. FLYER:  IF FUTURE ACTS HAPPEN, THEN YES.

1  THAT'S NOT INCLUDED.

2          MS. RADMACHER:  RIGHT.

3          MS. GALLIAN:  OKAY.

4          MR. KHARRAZIAN:  OKAY.  AND ONE SECOND.  LET

5  ME JUST CONFER WITH MY CLIENT.

6          THE COURT:  ONE THING I HAD.  THERE WAS A $630

7  SMALL CLAIMS CASE THAT WAS GOING TO BE DISMISSED TOO.

8          MS. FLYER:  THAT -- THAT SMALL CLAIMS CASE IS

9  NOT DISMISSED.

10         MS. GALLIAN:  IT'S NOT -- HASN'T BEEN FILED

11 YET.

12         MS. FLYER:  BUT THAT ONE, THE 636, WILL BE AN

13 ISSUE FOR THE PARTIES TO RESOLVE AMONGST THEMSELVES.

14         THE COURT:  RIGHT.  OKAY.  THANKS.

15         MR. KHARRAZIAN:  YES.  MR. GRAGANO'S SMALL

16 CLAIMS REMAINS ACTIVE.

17         THE COURT:  OKAY.  OKAY.  ANY OTHER FURTHER

18 TERMS?

19         MR. KHARRAZIAN:  OKAY.  OKAY.  SO THE LAST

20 POINT IS WE'D LIKE MS. GALLIAN TO ACKNOWLEDGE THAT THE

21 PLANTER AREAS IN FRONT OF HER UNIT AND TO THE SIDE AND

22 THE SIDEWALKS ARE COMMON AREA.

23         MS. RADMACHER:  AT LEAST FOR PURPOSES OF

24 BETWEEN NOW AND HER SALE AND VACATING OF THE UNIT, SO

25 THAT'S AN UNDERSTANDING BETWEEN THE PARTIES --

26         THE COURT:  OKAY.

18

```
 1              MS. RADMACHER:  -- OF THE DELINEATION.
 2              THE COURT:  I UNDERSTAND THE ISSUE.  I THINK
 3   THE BETTER WAY TO PHRASE IT IS MS. GALLIAN WILL
 4   ACKNOWLEDGE THAT THE ASSOCIATION ASSERTS THAT
 5   EVERYTHING -- THE PLANTER AREAS ARE COMMON AREAS, AND
 6   EVEN THOUGH THAT MATTER MAY BE IN DISPUTE, SHE
 7   UNDERSTANDS THE ASSOCIATION CLAIMS THE SOLE RIGHT TO
 8   MAINTAIN THOSE AND SHE'LL AGREE THAT SHE RECOGNIZES THE
 9   ASSOCIATION'S CLAIM AND SHE'LL -- SHE WON'T DO ANY
10   FURTHER WORK IN THE COMMON AREA.
11              MR. KHARRAZIAN:  OKAY.
12              THE COURT:  CAN YOU AGREE TO THAT WORDING?
13   BECAUSE I KNOW YOU HAVE AN ISSUE WITH THE LINE.  BUT
14   THIS IS SOMETHING YOU --
15              MS. GALLIAN:  I THINK EVERYBODY DOES.
16              THE COURT:  YOU AGREE THAT THEY ASSERT
17   AUTHORITY EXCLUSIVELY TO WORK IN THE COMMON AREA, AND
18   YOU WILL ACKNOWLEDGE THEIR CLAIM AS TO WHERE THEY SAY
19   THE LINE IS FOR THE COMMON AREA.
20              MS. GALLIAN:  SURE.  YES, YOUR HONOR.
21              THE COURT:  YOU AGREE TO THAT?
22              MS. GALLIAN:  YES, YOUR HONOR.
23              I HAVE AN ISSUE.
24              MS. RADMACHER:  ONE MOMENT.  WE'LL FINALIZE
25   THAT POINT.  AND JUST SO WE'RE CLEAR BECAUSE WE'RE
26   DEFINING TERMS, I THINK THE REASON YOUR HONOR'S BROUGHT
```

1    THAT UP IS THOSE AREAS THE ASSOCIATION BELIEVES AND

2    CONTENDS ARE COMMON AREAS THAT'S BEEN IN DISPUTE.  THE

3    ASSOCIATION WILL CONTINUE TO MANAGE THOSE AREAS WITHOUT

4    INTERFERENCE FROM MS. GALLIAN AS A PART OF THE

5    SETTLEMENT.

6              THE COURT:  YEAH.  I THINK THAT'S FAIR.

7              MR. KHARRAZIAN:  AND THEN JUST --

8              THE COURT:  MS. GALLIAN, YOU SAID YES.

9              MS. FLYER:  YES.  THE ISSUE MS. GALLIAN HAS IS

10   THE SMALL CLAIMS THAT $630 CLAIM -- IF THAT'S NOT

11   DISMISSED AS PART OF THIS, MS. GALLIAN DOES HAVE A

12   COUNTERCLAIM FOR THAT BASED ON SEXUAL HARASSMENT, BUT

13   ALL THE PARTIES UNDERSTAND THAT'S NOT PART OF THIS

14   LITIGATION SO THAT'S NOT AN ISSUE IN THIS CASE.

15             SO ANYTHINGS ABOUT SEXUAL HARASSMENT -- THAT

16   WILL BE AN ISSUE FOR THE PARTIES TO ADDRESS ON THEIR

17   OWN, AND IT'S NOT --

18             MR. KHARRAZIAN:  LET ME JUST CLARIFY THEN,

19   BECAUSE ONE OF THE TERMS WAS A RELEASE OF ALL CLAIMS

20   AGAINST THE ASSOCIATION AND ALL INDIVIDUAL BOARD

21   MEMBERS.

22             MS. FLYER:  RELATED TO THIS.

23             MR. KHARRAZIAN:  RELATED -- WELL, RAISED --

24   BECAUSE THERE WAS A LOT OF CLAIMS RAISED BY MS. GALLIAN

25   IN VARIOUS FILINGS IN THIS PROCEEDING AND THAT INCLUDED

26   THE SEXUAL HARASSMENT.  SO --

20

```
 1          THE COURT:  I THINK ALL THE PARTIES SHOULD

 2   SAY --

 3          MR. KHARRAZIAN:  -- ALL PAST CLAIMS --

 4          THE COURT:  -- LET'S WALK AWAY FROM THIS

 5   TOTALLY.

 6          MS. GALLIAN:  I AGREE.  BUT IF THEY'RE NOT

 7   GOING TO, THEN I CAN'T.

 8          THE COURT:  BOTH SIDES.  EVEN THE $630 CLAIM.

 9   BECAUSE TO BUY YOUR PEACE, YOU BOTH HAVE TO GIVE UP A

10   LITTLE BIT.  AND MS. GALLIAN'S WILLING TO GIVE UP HER

11   SEXUAL HARASSMENT CLAIM BUT THE $630 CLAIM NEEDS TO BE

12   GIVEN UP TOO.

13          MS. GALLIAN:  YEP.

14          MR. KHARRAZIAN:  WELL -- WELL CAN WE MAKE THE

15   SETTLEMENT AMOUNT $15,630?

16          THE COURT:  WELL, THAT -- NO, BUT THAT'S --

17   THAT'S WHERE THE COMPROMISE IS.  BOTH SIDES WITH GIVE

18   SOMETHING UP.  BECAUSE OTHERWISE, YOU'RE GOING TO HAVE A

19   SMALL CLAIMS CASE THAT'S GOING TO ESCALATE INTO A SEXUAL

20   HARASSMENT CASE AND BE ESCALATED UP TO THE UNLIMITED

21   JURISDICTION AND YOU HAVE ANOTHER LAWSUIT GOING ON.

22          MR. GRAGANO:  THERE'S NO MERIT TO WHAT SHE'S

23   TALKING ABOUT.

24          MS. GALLIAN:  THAT'S FOR THE JUDGE TO DECIDE.

25          MR. KHARRAZIAN:  IT'S UP TO YOU.

26          MR. GRAGANO:  THAT'S RIDICULOUS.
```

21

```
1              MS. JASSO:  IT IS.

2              MR. KHARRAZIAN:  WELL, WE CAN JUST -- I MEAN,

3   THE -- THE RELEASE IS THE RELEASE OF THE ASSOCIATION AND

4   BOARD MEMBERS.  THAT'S ONE OF THE TERMS.

5              THE COURT:  WELL --

6              MS. FLYER:  BUT THEN THE --

7              THE COURT:  BUT THE ISSUE IS YOU WANT HER TO

8   AGREE SHE'S RELEASING THE BOARD, BUT THERE'S A BOARD

9   MEMBER WHO'S NOT RELEASING HER.  AND SHE JUST WANTS TO

10  SAY IF A BOARD MEMBER DOESN'T RELEASE HER, THEN SHE HAS

11  A RIGHT TO CROSS-COMPLAIN AGAINST THAT BOARD MEMBER.

12  THAT'S ALL.

13             MS. RADMACHER:  BUT MY -- I THINK THE ISSUE

14  THAT WOULD BE REASONABLE IS CROSS-COMPLAINT AGAINST THAT

15  BOARD MEMBER RELATED TO THOSE CLAIMS IN THE SMALL CLAIMS

16  ACTION ONLY.  THE CLAIMS IN THE SMALL CLAIMS ACTION ARE,

17  MY UNDERSTANDING, LIMITED TO PERSONAL PROPERTY DAMAGE.

18             THE COURT:  WELL, I SEE SMALL CLAIMS CASES GET

19  ELEVATED UP TO THIS COURT ALL THE TIME BECAUSE SOMEONE

20  FILES A SMALL CLAIMS COURT ACTION AND THE OTHER SIDE

21  FILES A CROSS-COMPLAINT THAT TAKES IT OUT OF SMALL

22  CLAIMS COURT.

23             MS. GALLIAN:  THAT'S CORRECT.

24             THE COURT:  SO -- I THINK WE BETTER RESOLVE

25  THAT OR JUST BETTER ACCEPT IT.

26             MS. GALLIAN:  I THINK WE SHOULD SHAKE HANDS
```

1   AND WALK AWAY.

2        THE COURT:  YOU CAN ACCEPT THE WHOLE CLAIM FOR

3   THE DAMAGE TO THE CHRISTMAS LIGHTS FOR $630, AND THAT

4   WILL BE RESOLVED BY THE PARTIES SEPARATELY.  IT'S NOT

5   PART OF THAT SETTLEMENT.

6        MR. KHARRAZIAN:  THAT WAS THE UNDERSTANDING,

7   YOUR HONOR.

8        MS. RADMACHER:  THAT WAS OUR UNDERSTANDING OF

9   THE SETTLEMENT.

10        THE COURT:  MS. GALLIAN AND MS. FLYER, LET ME

11   ASK YOU.

12        MS. FLYER:  WELL MS. GALLIAN THEN, IF HE'S

13   GOING TO PURSUIT THE $636, SHE -- SHE WANTS TO THEN BE

14   ABLE TO PURSUE HER SEXUAL HARASSMENT CLAIM AGAINST HIM.

15   SO IF HE WOULD JUST DISMISS HIS $630, WE CAN DISMISS THE

16   SEXUAL HARASSMENT ALLEGATIONS --

17        THE COURT:  I UNDERSTAND THAT.

18        MS. FLYER:  -- AND MOVE FORWARD.

19        THE COURT:  BUT APPARENTLY THERE'S NOT A

20   WILLINGNESS TO IN THIS CASE DISMISS THE SMALL CLAIMS

21   CASE.  SO THAT WILL BE EXCEPTED FROM THE SETTLEMENT AND

22   OF COURSE MS. GALLIAN HAS THE RIGHT TO RESPOND TO THAT

23   SMALL CLAIMS CASE HOWEVER.

24        MS. FLYER:  CORRECT, YOUR HONOR.

25        THE COURT:  WITH A CROSS-COMPLAINT, IF SHE

26   WANTS.

23

1          MS. GALLIAN:  BUT IT'S AGAINST A BOARD MEMBER

2   IN HIS CAPACITY AS A BOARD MEMBER.  THAT CHANGES A

3   LITTLE BIT.

4          MR. KHARRAZIAN:  RIGHT.  AND OUR UNDERSTANDING

5   IS THAT CLAIM WOULD BE RELEASED.

6          THE COURT:  WELL, BECAUSE THEN -- THEN THE

7   BOARD ISN'T BUYING THEIR PEACE, IS THE PROBLEM.

8          MR. KHARRAZIAN:  RIGHT.

9          MS. RADMACHER:  IT'S -- THE --

10          THE COURT:  IF IT'S A SEXUAL HARASSMENT CLAIM,

11   THAT WOULD SEEM TO BE INDIVIDUAL TO ME, NOT AGAINST THE

12   BOARD.  I DON'T THINK THERE'S GOING TO BE EVIDENCE THAT

13   THE BOARD RATIFIED ANY ALLEGED CONDUCT OF ANY OF THE

14   BOARD MEMBERS THAT WOULD BE --

15          MS. GALLIAN:  AND THAT'S -- THAT'S MY POINT

16   EXACTLY, YOUR HONOR, BECAUSE THE WORKPLACE VIOLENCE --

17   IT WASN'T WORKPLACE VIOLENCE.  IT WAS BETWEEN A WOMAN

18   AND A WOMAN.  HAD NOTHING TO DO WITH BOARD MEMBERS.

19   THEY WEREN'T EVEN THERE.

20          MS. RADMACHER:  WE ADDRESSED THE WORKPLACE

21   VIOLENCE WHERE WE AGREED TO WITHDRAW THAT.  SO I DON'T

22   KNOW IF WE'RE GOING TO NEED TO PUT THAT BACK ON.

23          MS. GALLIAN:  IT'S THE SAME.

24          MS. FLYER:  I THINK WE'RE GETTING DERAILED

25   HERE.

26          MR. KHARRAZIAN:  I AGREE.

24

1          MS. FLYER:  SO LET'S SAY IF HE WANTS TO PURSUE

2   THE 636 SMALL CLAIMS -- CLAIM, MS. GALLIAN CAN COUNTER A

3   CLAIM HOWEVER SHE SEES FIT, AS LONG AS IT'S NOT ABOUT

4   CAPACITIES AS A BOARD MEMBER.

5          THE COURT:  THAT'S A FAIR COMPROMISE. YOU CAN

6   SUE ANY INDIVIDUAL YOU WANT IN A CROSS-COMPLAINT.

7          MR. KHARRAZIAN:  IN THEIR INDIVIDUAL CAPACITY.

8          THE COURT:  BUT NOT AS THE BOARD.

9          MS. GALLIAN:  THAT'S FINE.  THAT'S FINE.

10         THE COURT:  OKAY.  SO THE AGREEMENT IS THE

11  SMALL CLAIMS CASE WILL REMAIN VIABLE, AND MS. GALLIAN

12  HAS THE RIGHT TO RESPOND TO THAT SMALL CLAIMS ACTION IN

13  KIND AGAINST AN INDIVIDUAL.

14         MR. KHARRAZIAN:  INDIVIDUALLY AS TO

15  MR. GRAGANO.

16         THE COURT:  CORRECT.

17         MR. KHARRAZIAN:  BUT TO REITERATE, THERE'S A

18  FULL RELEASE OF THE ASSOCIATION AND ALL ITS INDIVIDUAL

19  DIRECTORS --

20         THE COURT:  YEP.

21         MR. KHARRAZIAN:  -- FOR ALL PAST CLAIMS.

22         AND JUST TO CLARIFY THAT, BOTH PARTIES AGREE

23  TO SIGN -- TO A 1542 WAIVER AS TO ALL THE RELEASES

24  STATED ON THE RECORD TODAY.  WE -- PARTIES AGREE AND WE

25  ASK THE COURT TO AGREE TO MAINTAIN JURISDICTION UNDER

26  664.6.

1       THE COURT:  I WILL.

2       MR. KHARRAZIAN:  AND FINALLY THE GOVERNING

3  DOCUMENTS OF THE ASSOCIATION, ALL OF THEM AS THAT TERM

4  IS DEFINED IN THE CIVIL CODES, REMAIN IN FULL FORCE AND

5  EFFECT AND NOTHING RELEASED HERE TODAY RELEASES ANY

6  OBLIGATIONS UNDER THE GOVERNING DOCUMENTS.

7       THE COURT:  FROM EITHER SIDE.

8       MR. KHARRAZIAN:  CORRECT.

9       MS. RADMACHER:  CORRECT.

10      THE COURT:  BOTH THE BOARD AND MS. GALLIAN

11 WILL COMPLY WITH THE GOVERNING DOCUMENTS.

12      MR. KHARRAZIAN:  THAT'S CORRECT.

13      MS. GALLIAN:  YES.

14      AND ONE LAST THING.  CONFIDENTIALITY.  I'D

15 LIKE TO ENJOY THE LAST FEW WEEKS WITHOUT ANY -- JUST --

16 EVERYBODY JUST STAY -- EVERYBODY JUST STAY WITH --

17 WITHIN THIS ROOM.

18      MR. KHARRAZIAN:  YEAH.  WITHOUT A FORMAL

19 CONFIDENTIALITY, I THINK IT WOULD BE VERY WISE FOR BOTH

20 SIDES TO AGREE --

21      MS. GALLIAN:  AGREE.

22      MR. KHARRAZIAN:  -- NOT TO MAKE COMMENTS ABOUT

23 THE LAWSUIT, EXCEPT THAT THE BOARD HAS CERTAIN

24 OBLIGATIONS TO DISCLOSE CERTAIN THINGS TO THE

25 MEMBERSHIP.

26      SO OTHER THAN DISCLOSURES REQUIRED BY LAW FOR

26

1    THE BOARD, THE PARTIES WILL NOT MAKE ANY DISCLOSURES.

2         THE COURT:  YEAH.  I THINK IT WOULD BE

3    COUNTERPRODUCTIVE IF EITHER SIDE WENT BACK TO THE

4    ASSOCIATION AND POSTED A SIGN, "AHA, WE WON," OR "WE GOT

5    A SETTLEMENT WE WANTED."  EITHER MS. GALLIAN OR THE

6    OTHER SIDE.

7         MS. GALLIAN:  CORRECT.

8         THE COURT:  AND I THINK THIS IS A SETTLEMENT

9    THAT IS FAVORABLE TO BOTH SIDES BECAUSE IT'S A

10   COMPROMISE.

11        MS. GALLIAN:  RIGHT.

12        MR. KHARRAZIAN:  OKAY.

13        THE COURT:  SHOULDN'T GO AROUND BRAGGING, "WE

14   BEAT THE OTHER SIDE UP IN COURT," OR "THE JUDGE SIDED

15   WITH ME."

16        MS. GALLIAN:  NO LETTERS.

17        MR. KHARRAZIAN:  YES.

18        THE COURT:  BECAUSE I THINK BOTH SIDES ARE

19   GIVING SOMETHING HERE, SO I THINK IT'S A COMPROMISE.

20        MR. KHARRAZIAN:  AND A COROLLARY TO THAT, YOUR

21   HONOR, IS OUR CONCERN GOING BACK TO THE COMMENT WE MADE

22   ABOUT THE COMMON AREA IS THAT WE DON'T WANT MS. GALLIAN

23   GOING AND TELLING OTHER OWNERS NOW, "OH MY

24   INTERPRETATION IS THAT THE LINE IS HERE AND YOU ALL CAN

25   MAINTAIN WHAT YOU LIKE."  SO BOTH -- TWO SIDES TO THAT.

26        THE COURT:  THE COMMUNICATION JUST --

27

1       MS. GALLIAN:  OH YEAH.  JUST NO MORE LETTERS

2  TO THE ASSOCIATION.  THAT'S IT.  IT'S -- IT'S BECAUSE

3  IT'S -- IT'S POINTLESS.  IT'S -- YOU GUYS -- LET'S ALL

4  COME BACK TOGETHER, AND I'M LEAVING, AND SO -- OH.

5       LAST THING IS THAT I DO HAVE FIVE BINS IN MY

6  GARAGE AREA.  I'M STARTING TO PACK.  I HAVE A LOT OF

7  STUFF.  I'VE BEEN THERE TEN YEARS.  SO I HEARD THROUGH

8  THE LITTLE TALK HERE THAT THERE WAS A PROBLEM WITH THOSE

9  BINS THERE, AND AS SOON AS THEY'RE FULL, THEY'RE GOING

10  TO BE REMOVED.

11       MS. JASSO:  SHE PUT THE BINS RIGHT IN THE

12  PARKING SPACES THAT ALL THE OWNERS USE.

13       MS. GALLIAN:  THERE'S NO PLACE TO PUT THEM.

14       MR. KHARRAZIAN:  LET'S SAY THE BINS CAN

15  REPLACE FOR 90 DAYS --

16       MS. JASSO:  SHE CAN PUT THEM IN HER DRIVEWAY.

17       MR. KHARRAZIAN:  -- OR UNTIL SHE MOVES OUT,

18  WHICHEVER COMES SOONER.

19       THE COURT:  THOSE ARE THOSE LITTLE

20  RENT-A-BINS?

21       MS. GALLIAN:  THEY'RE --

22       MS. JASSO:  CAN THEY BE IN HER DRIVEWAY?

23  BECAUSE SHE'S PUT THEM IN THE PARKING SPACES OF THE

24  COMMUNITY.

25       MS. GALLIAN:  I HAVE FIVE.  THERE IS ONE IN MY

26  DRIVEWAY.

28

1          MR. KHARRAZIAN:  HANG ON.  I'M GOING TO SAY

2    SOMETHING.

3          SO THEY CAN STAY WHERE THEY ARE --

4          MS. GALLIAN:  RIGHT.

5          MR. KHARRAZIAN:  -- FOR 90 DAYS OR UNTIL SHE

6    MOVES, WHICHEVER COMES FIRST.

7          MS. GALLIAN:  RIGHT.

8          MR. KHARRAZIAN:  AND AFTER THAT, SHE'LL NEED

9    TO MOVE THEM ACROSS TO THE PARALLEL PARKING SPOTS THAT

10   ARE ACROSS THE STREET FROM WHERE THEY ARE.

11         MS. GALLIAN:  THEY'RE -- THEY'RE GOING -- AS

12   SOON AS THEY'RE FULL, THEY'RE GOING BACK TO THE

13   WAREHOUSE.

14         THE COURT:  ALL RIGHT.  GREAT.

15         MR. KHARRAZIAN:  AND ANY FUTURE PODS THAT

16   COME, MS. GALLIAN WILL PLACE THEM ON THE PARALLEL

17   PARKING ACROSS INSTEAD OF THE PERPENDICULAR PARKING

18   THAT'S ADJACENT TO HER UNIT.

19         THE COURT:  OKAY.

20         MS. RADMACHER:  AND FINALLY WE WILL AGREE WITH

21   COUNSEL TO NEGOTIATE A FINAL SETTLEMENT AGREEMENT IN

22   WRITING TO DOCUMENT THIS SO ALL THE PARTIES HAVE THIS

23   CLEAR ON TOP OF THE RECORD.

24         THE COURT:  GOOD.  AND YOU'LL ORDER A COPY OF

25   THE TRANSCRIPT SO THAT --

26         MS. RADMACHER:  YES.

29

1          THE COURT:  -- THE SETTLEMENT AGREEMENT CAN

2    REFLECT THE ACTUAL STATEMENTS OF THE PARTIES.

3          MR. KHARRAZIAN:  WE WILL.

4          THE COURT:  OKAY.  SO NOW LET ME ASK THE

5    PARTIES.  WE HAVE THE BOARD PRESIDENT HERE AND THE

6    VICE PRESIDENT.

7          ARE YOU IN AGREEMENT WITH THE TERMS EXPRESSED

8    IN THIS SETTLEMENT?

9          MR. GRAGANO:  YES, YOUR HONOR.

10         MS. JASSO:  YES, YOUR HONOR.

11         THE COURT:  AND YOU'RE AUTHORIZED AS THE

12   PRESIDENT AND VICE PRESIDENT TO ENTER INTO THE

13   SETTLEMENT?

14         MR. GRAGANO:  YES.

15         MS. JASSO:  YES, YOUR HONOR.

16         THE COURT:  OKAY.  MS. GALLIAN.

17         MS. GALLIAN:  YES.

18         THE COURT:  YOU'VE HAD THE WONDERFUL ADVICE OF

19   MS. FLYER, WHO I THANK FOR COMING TODAY.

20         MS. GALLIAN:  WE'RE GOING TO GET TACOS.

21         THE COURT:  THERE'S BEEN A SIGNIFICANT CHANGE

22   IN THE ATMOSPHERE TO HAVE YOU HERE, SO THANK YOU.

23         MS. FLYER:  THANKS, YOUR HONOR.

24         THE COURT:  AND YOU'VE BEEN ADVISED BY HER OF

25   THE TERMS AND YOU HEARD THE TERMS STATED --

26         MS. GALLIAN:  AWESOME.

1      THE COURT:  -- AND YOU'RE IN AGREEMENT WITH

2  THOSE?

3      MS. GALLIAN:  YES, SIR.

4      THE COURT:  ALL RIGHT.  THANK YOU.  I'M GOING

5  TO -- NOW ANY DISMISSALS SHOULD BE FILED WITHOUT

6  PREJUDICE.  BECAUSE I'LL LOSE JURISDICTION IF IT'S FILED

7  WITH PREJUDICE, SO IT WILL BE FILED WITHOUT PREJUDICE;

8  OKAY?  EVEN THE CROSS-COMPLAINTS.

9      MS. GALLIAN:  OKAY.  AND THE -- THE DISMISSALS

10  WE CAN GO DOWN TODAY?  TODAY WE CAN GO DOWN TO THE COURT

11  CLERK AND -- THE -- SINCE BOTH REPRESENTATIVES ARE HERE.

12      THE COURT:  APPARENTLY THE CROSS-COMPLAINT --

13  THE SMALL CLAIMS ARE GOING TO BE SERVICE --

14      MS. GALLIAN:  BOTH REPRESENTATIVES ARE HERE;

15  THEY CAN SIGN.

16      THE COURT:  WE CAN ONLY TALK ONE AT A TIME.

17      THE SMALL CLAIMS ACTIONS WILL BE DISMISSED

18  TODAY, IS MY UNDERSTANDING.  OKAY.  BUT ONE THING I WANT

19  TO SAY.  WE HAVE TO HAVE A HEARING.  WE'RE GOING TO HAVE

20  IN 90 DAYS A ORDER TO SHOW CAUSE RE: DISMISSAL TO MAKE

21  SURE THAT THIS HAPPENED.  BECAUSE I DON'T WANT YOU OFF

22  MY CALENDAR.  SO WE'RE GOING TO SET A HEARING FOR

23  JUNE 1ST.  IS THAT A WORKDAY?

24      THE COURT ATTENDANT:  HOW ABOUT JUNE 4TH?

25      MS. JASSO:  THAT'S MY BIRTHDAY.  THAT'S MY

26  BIRTHDAY.

31

1          THE COURT:  OKAY.  NOW, NO ONE HAS TO COME.

2    IF THE DISMISSALS ARE ON FILE --

3          MS. JASSO:  THANK YOU.

4          THE COURT:  -- BUT I JUST WANT TO MAKE SURE

5    EVERYTHING GOES DOWN.

6          BUT IF IT DOESN'T, MS. GALLIAN, I WANT YOU TO

7    KNOW --

8          MS. GALLIAN:  YES, SIR.

9          THE COURT:  -- IF THIS DOESN'T HAPPEN, I NOW

10   HAVE JURISDICTION TO SAY JUDGMENT'S ENTERED, ACCORDING

11   TO THOSE TERMS; OKAY?

12         MS. GALLIAN:  YES, SIR.  ABSOLUTELY.

13         THE COURT:  AND THE BOARD UNDERSTANDS THAT

14   TOO.

15         MS. JASSO:  YES, WE DO.

16         THE COURT:  THAT'S WHAT CCP, CODE OF CIVIL

17   PROCEDURE SECTION 664.6 SAYS.  IF THE PARTIES AGREE TO A

18   SETTLEMENT AND THEY AGREE THAT THE COURT WILL MAINTAIN

19   JURISDICTION, IF ONE SIDE TRIES TO BACK OUT AFTER TODAY,

20   I CAN SAY, TOUGH LUCK.  YOU AGREED TO IT.  I'M ENTERING

21   JUDGMENT ACCORDING TO THE TERMS; OKAY?

22         MS. GALLIAN:  YES.

23         THE COURT:  AND YOU ALL UNDERSTAND THAT?

24         MS. GALLIAN?

25         MS. GALLIAN:  YES.  YES, SIR.

26         THE COURT:  AND THE BOARD?

1         MS. JASSO:  YES, SIR.

2         THE COURT:  THANK YOU, COUNSEL.

3         MS. GALLIAN:  I WANT TO MAKE SURE THE LAST

4    THING IS THE TWO REPRESENTATIVES WHO CAN SIGN ON BEHALF

5    OF THE BOARD ARE HERE TO TAKE THE W.V. OFF.  THEY CAN

6    DISMISS IT.

7         THE COURT:  YEAH.

8         MS. GALLIAN:  TODAY.

9         THE COURT:  EVERYTHING STOPS.

10        MR. KHARRAZIAN:  HANG ON.  ACTUALLY I THINK

11   THE AGREEMENT WAS THAT COUNSEL, MS. FLYER, WILL FILE --

12        MS. FLYER:  STIPULATION.

13        MR. KHARRAZIAN:  -- THE REQUEST WITH THE

14   WORKPLACE VIOLENCE TRO DEPARTMENT TO ENTER INTO THE

15   STIPULATION, SO I'M NOT SURE THAT THAT CAN HAPPEN TODAY.

16   BUT IT'S -- IT'S --

17        MS. FLYER:  IT WILL HAPPEN AS SOON AS I CAN --

18        MR. KHARRAZIAN:  MS. GALLIAN'S COUNSEL'S

19   CONTROL.

20        MS. FLYER:  AS SOON AS I CAN FEASIBLY DO IT, I

21   WILL DO IT.

22        THE COURT:  THANKS.

23        MS. RADMACHER:  AND THE BOARD WILL -- AND

24   MEMBERS AS NEEDED WILL COOPERATE WITH COUNSEL TO EXECUTE

25   ANY DOCUMENTS NEEDED TO ALLOW THAT TO HAPPEN.

26        MS. FLYER:  THANK YOU.

1      MS. GALLIAN:  BUT AS OF RIGHT NOW, THERE'S

2   NOTHING -- THERE'S NO --

3           THE COURT:  AND ONE FINAL WORD --

4           MS. GALLIAN:  THERE'S NO WORKPLACE VIOLENCE,

5   AT ALL.

6           MR. KHARRAZIAN:  LISTEN TO THE JUDGE.

7           MS. GALLIAN:  YES, SIR.

8           THE COURT:  I HAVE 585 CASES.

9           MS. GALLIAN:  NOW -4.

10          THE COURT:  A NUMBER OF THEM WRONGFUL DEATH

11  CASES, MEDICAL MALPRACTICE CASES WITH PEOPLE MAIMED FOR

12  LIFE.  BUT FOR SOME REASON, THE HOMEOWNER ASSOCIATION

13  CASES SEEM TO BE THE HARDEST TO GET RESOLVED.

14          SO I WANT TO THANK COUNSEL FOR THE

15  PROFESSIONAL COURTESIES YOU'VE EXTENDED TO EACH OTHER

16  AND FOR MAINTAINING COMPOSURE AND TALKING SENSE INTO

17  YOUR CLIENTS.  AND I DON'T MEAN TO IMPLY THEY DIDN'T

18  HAVE SENSE, BUT I MEAN TALKING -- EXPLAINING TO YOUR

19  CLIENTS THE BENEFITS OF SETTLING.

20          SO THANKS, COUNSEL, FOR WORKING THROUGH THIS.

21  THANKS TO THE BOARD MEMBERS WHO ARE HERE, MS. GALLIAN.

22  I APPRECIATE YOUR WILLINGNESS TO TAKE THE COURT'S ADVICE

23  TOO, AS WELL AS YOUR LAWYER'S --

24          MS. GALLIAN:  ABSOLUTELY.  SURE.

25          THE COURT:  -- THAT A SETTLEMENT IS BETTER

26  THAN A LONG, DRAWN-OUT TRIAL.

34

1          MS. GALLIAN:  ABSOLUTELY.

2          THE COURT:  SO YOU'VE ALL SAVED A LOT OF MONEY

3     BY GETTING THIS CASE RESOLVED TODAY, SO THANK YOU ALL.

4

5               (PROCEEDINGS CONCLUDED)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

```
 1                        REPORTER'S CERTIFICATE

 2

 3    STATE OF CALIFORNIA     )
                              )SS.
 4    COUNTY OF ORANGE        )

 5

 6            I, AMBER N. HOGATE, CSR 13525, OFFICIAL COURT

 7    REPORTER IN AND FOR THE SUPERIOR COURT OF THE STATE OF

 8    CALIFORNIA, COUNTY OF ORANGE, DO HEREBY CERTIFY THAT THE

 9    FOREGOING TRANSCRIPT, CONSISTING OF PAGES 1 THROUGH 35,

10    INCLUSIVE, IS A TRUE AND CORRECT TRANSCRIPT OF MY

11    SHORTHAND NOTES AND IS A FULL, TRUE AND CORRECT

12    STATEMENT OF THE PROCEEDINGS HAD IN SAID CAUSE.

13

14            DATED THIS 13TH DAY OF MARCH, 2018.

15

16

17

18

19            AMBER N. HOGATE, CSR 13525

20

21

22

23

24

25

26
```

# EXHIBIT 2

1.


1.   LETTER OF COMPLETION MARCH 25, 2022 ,
OC PROBATION.



ORANGE COUNTY

**OC Probation**

**BRYAN PRIETO**
INTERIM CHIEF PROBATION OFFICER

TELEPHONE: (714) 569-2000

1055 N. MAIN STREET, 5TH FLOOR
SANTA ANA, CA 92701

MAILING ADDRESS:
   P.O. BOX 10260
   SANTA ANA, CA 92711-0260

June 24, 2022

Jaime Lynn Gallian
16222 Monterey Lane, Unit 376
Huntington Beach, CA 92649

Re:    Request for Proof of Completion
       Name: Jamie Lynn Gallian
       DOB: 11/16/1962
       Probation Number: A398372

Dear Ms. Gallian:

This letter is in response to your written request received on June 15, 2022 regarding your probation record. The following narrative is a summary of your probation record as it pertains to Court Case Number 18WM05278.

On November 13, 2019, you appeared in Orange County Superior Court and were found guilty of violation of Section 166(a)(4) PC (Contempt of Court – Disobey Court Order), two counts. As a result, on December 12, 2019, you were placed on three years informal probation.

On March 25, 2021, you were found in violation of probation by the Orange County Superior Court.

On March 25, 2022, the case expired, and probation supervision was terminated.

If you need further information, you may contact me at the number below.

Respectfully,



Supervising Probation Officer
Custodian of Records
Direct Line (714) 937-4558
prob-records@prob.ocgov.com

33

# EXHIBIT 3

1. 3/9/2021 ORDER FOR VICTIM RESTITUTION ("OVR")

2. 5/27/2021 ABSTRACT OF JUDGMENT FILED BY JANINE JASSO IN THE REAL PROPERY RECORDS CLERK RECORDER COUNTY OF ORANGE.

CR-110/JV-790

| ATTORNEY OR PERSON WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Janine Jasso
16025 Warmington Lane
Huntington Beach, CA 92649
TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional): j9_jasso@yahoo.com
ATTORNEY FOR (Name):

**RECEIVED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

FEB 2 3 2021

BY:_____.DEPUTY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

MAR 09 2021

DAVID H. YAMASAKI, Clerk of the Court

BY____D. PHILLIPS____.DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 8141 13th St.
MAILING ADDRESS:
CITY AND ZIP CODE: Westminster, CA 92683
BRANCH NAME: West Justice Center

CASE NAME: State of California v. Gallian

| ORDER FOR VICTIM RESTITUTION | CASE NUMBER:<br>18WM05278 |
|---|---|

1. a. [X] On (date): 12/12/19
      was convicted of a crime that entitles the victim to restitution.      defendant (name): Gallian, Jamie

   b. [ ] On (date):
      was found to be a person described in Welfare and Institutions Code section      child (name):
      602, which entitles the victim to restitution. [ ] Wardship is terminated.

   c. [ ] Parents or guardians jointly and severally liable (name each):

   d. [ ] Co-offenders found jointly and severally liable (name each):

2. Evidence was presented that the victim named below suffered losses as a result of defendant's/child's conduct. Defendant/child was informed of his or her right to a judicial determination of the amount of restitution and
   a. [X] a hearing was conducted.
   b. [ ] stipulated to the amount of restitution to be ordered.
   c. [ ] waived a hearing.

3. THE COURT ORDERS defendant/child to pay restitution to
   a. [X] the victim (name):                                    in the amount of: $ 9,338.25
   b. [ ] the Victim Compensation and Government Claims Board, to reimburse payments to the victim from the Restitution Fund,
         in the amount of: $ _Janine Jasso_
   c. [X] plus interest at 10 percent per year from the date of  [X] loss or  [ ] sentencing.
   d. [ ] plus attorney fees and collection costs in the sum of:$
   e. [ ] plus an administrative fee not to exceed 15 percent of the restitution owed (Pen. Code, § 1203.1(l)).

Form Approved for Optional Use
Judicial Council of California
CR-110/JV-790 [Rev. January 1, 2014]

**ORDER FOR VICTIM RESTITUTION**

Page 1 of 2
Penal Code, §§ 1202.4(f), 1203.1(l), 1214;
Welfare and Institutions Code, § 730.6(h), (l), (q);
Civil Code, § 1714.1; Code of Civil Procedure, § 6774(e)(7)
www.courts.ca.gov

35

CR-110/JV-790

| CASE NAME: State of California v. Gallian | CASE NUMBER: 18WMD5278 |
|---|---|

4. The amount of restitution includes

a. ☐ the value of property stolen or damaged.

b. ☐ medical expenses.

c. ☐ lost wages or profits

   (1) ☐ incurred by the victim due to injury.

   (2) ☐ of the victim's parent(s) or guardian(s) (if victim is a child) incurred while caring for the injured child.

   (3) ☐ incurred by the victim due to time spent as a witness or in assisting police or prosecution.

   (4) ☐ of the victim's parent(s) or guardian(s) (if victim is a child) due to time spent as a witness or in assisting police or prosecution.

d. ☐ noneconomic losses (felony violations of Pen. Code, § 288 only).

e. ☒ Other *(specify):* Attorney Fees

Date: 2/23/21

     3/9/21

                                              _____

                                                JUDICIAL OFFICER

                                                Kevin J. Haskins

---

### NOTICE TO VICTIMS

PENAL CODE SECTION 1214 PROVIDES THAT ONCE A DOLLAR AMOUNT OF RESTITUTION HAS BEEN ORDERED, THE ORDER IS THEN ENFORCEABLE AS IF IT WERE, AND IN THE SAME MANNER AS, A CIVIL JUDGMENT. ALTHOUGH THE CLERK OF THE COURT IS NOT ALLOWED TO GIVE LEGAL ADVICE, YOU ARE ENTITLED TO ALL RESOURCES AVAILABLE UNDER THE LAW TO OBTAIN OTHER INFORMATION TO ASSIST IN ENFORCING THE ORDER.

THIS ORDER DOES NOT EXPIRE UNDER PENAL CODE SECTION 1214(d).

YOU MUST FILE A SATISFACTION OF JUDGMENT WITH THE COURT WHEN THIS ORDER IS SATISFIED, AS REQUIRED BY PENAL CODE SECTION 1214(b).

YOU ARE ENTITLED TO A CERTIFIED COPY OF THIS ORDER UPON REQUEST, AS REQUIRED BY PENAL CODE SECTION 1214(b) AND WELFARE AND INSTITUTIONS CODE SECTION 730.7(c).



CR-110/JV-790 [Rev. January 1, 2014]          **ORDER FOR VICTIM RESTITUTION**          Page 2 of 2

36



I hereby certify the foregoing instrument consisting of *2* page(s)
is a true and correct copy of the original on file in this court.

ATTEST: (DATE) 06/21/2022
DAVID H. YAMASAKI, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY N. Moret , DEPUTY

37

341)

CR-111/JV-791

ATTORNEY OR PERSON WITHOUT ATTORNEY (Name, State Bar number, and address):

[X] Recording requested by and return to:
Janine Jasso
16025 Warmington Lane
Huntington Beach, CA 92649

TELEPHONE NO.: 213-247-6030      FAX NO. (Optional):
E-MAIL ADDRESS (Optional): j9_jasso@yahoo.com

ATTORNEY FOR: [X] JUDGMENT CREDITOR      [ ] ASSIGNEE OF RECORD

**Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder**

101.00

* S R 0 0 1 2 8 5 8 6 8 1 $ *
2021000348287 11:32 am 05/27/21
340 414A A03   3
0.00 0.00 0.00 0.00 6.00 10.00 0.000.0075.00 3.00

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 8141 13th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Westminister, CA, 92683
BRANCH NAME: West Justice Center

CASE NAME: People of the State of California v. Gallian

ABSTRACT OF JUDGMENT—RESTITUTION   [ ] Amended

FOR RECORDER'S USE ONLY

CASE NUMBER:
18WM05278

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**MAY 2 6 2021**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____T. TRAN_____ DEPUTY

K
3P
1D
FF
SB

1. The [X] judgment creditor [ ] assignee of record [ ] other (specify):

Janine Jasso

applies for an abstract of judgment and represents the following:

a. Judgment debtor's

Name and last known address

Jamie Gallian
16222 Monterey Lane, Space 376
Huntington Beach, CA, 92649

b. [X] Driver's license no. [last 4 digits] and state: 0742 /CA      [ ] Unknown
c. [X] Social security no. [last 4 digits]: 3936      [ ] Unknown
d. [X] Date of birth: 11-16-1962      [ ] Unknown

Date: 05/26/2021

Janine Jasso
(TYPE OR PRINT NAME)

(SIGNATURE OF APPLICANT OR ATTORNEY)

[X] ON INFORMATION AND BELIEF

Form Approved for Optional Use
Judicial Council of California
CR-111/JV-791 [Rev. July 1, 2018]

**ABSTRACT OF JUDGMENT—RESTITUTION**

Page 1 of 2
Penal Code, §§ 1202.4(i), (m), 1214;
Welfare and Institutions Code, § 730.6(i), (r);
Code of Civil Procedure, § 674
www.courts.ca.gov

000140

38

CR-111/JV-791

| CASE NAME: People of the State of California v. Jamie Gallian | CASE NUMBER:<br>18WM05278 |
|---|---|

### CERTIFICATION

2. I certify that the following is a true and correct judgment entered in this action.

3. Judgment creditor *(name):* Janine Jasso
   - [X] whose address or whose attorney's address appears on this form above the court's name.

4. Judgment debtor *(full name as it appears in judgment):* Jamie Gallian

5. Judgment entered on *(date):* 12/12/2019

6. Total amount of judgment as entered or last renewed: $ 13,229.24

7. [ ] A stay of enforcement was ordered on:    and is effective until: ~~[illegible]~~
   [X] A stay of enforcement was not ordered.

This abstract of judgment was issued on *(date):* MAY 2 6 2021

[SEAL]

Clerk, by _____ , Deputy

T. TRAN

CR-111/JV-791 [Rev. July 1, 2015]          **ABSTRACT OF JUDGMENT—RESTITUTION**          Page 2 of 2

[ Print this form ]  [ Save this form ]          [ Clear this form ]

000141

# EXHIBIT 4

1. 1/27/2021 Minute Order

2. Victim Witness Assistance Program Restitution Report 12/16/2020.

3. 4/27/2020 Correspondence from Janine Jasso to Victim Witness Program concerning Restitution.

4. 4/27/2020 Jasso Restitution Questionnaire

5. Itemization of Bills submitted by Janine Jasso

40

SUPERIOR COURT OF THE STATE OF CALIFORNIA,
COUNTY OF ORANGE

# MINUTES

**Case :** 18WM05278 M A
**Name :** Gallian, Jamie Lynn

| Date of Action | Seq Nbr | Code | Text |
|---|---|---|---|
| 01/27/21 | 1 | HHELD | Hearing held on 01/27/2021 at 08:30:00 AM in Department W13 for Hearing REST. |
| | 2 | HHELD | Hearing held on 01/27/2021 at 08:30:00 AM in Department W13 for Probation Violation Arraignment. |
| | 3 | OFJUD | Judicial Officer: Thomas Glazier, Judge |
| | 4 | OFJA | Clerk: L. Sanchez |
| | 5 | OFBAL | Bailiff: A. Gonzales |
| | 6 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | 7 | APDDA | People represented by Gerard Gully, Deputy District Attorney, present. |
| | 8 | APDWAL | Defendant present in Court with counsel Derek Bercher, Alternate Defender. |
| | 9 | APBOT | ., Victim, present in court. |
| | 10 | COVIDLVS | Per applicable law, including Code of Civil Procedure 124, this proceeding is being live streamed as described on the Orange County Court Website. The court notes that we are currently in the COVID-19 pandemic and previous judicial orders issued in that regard. |
| | 11 | ADSCD | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Thomas Glazier, Judge in court. |
| | 12 | TEXT | Court complied with "Administrative Order No. 20/19" |
| | 13 | TEXT | Court notes everyone in the courtroom is abiding by Social Distancing Guidelines; and in compliance with wearing a face mask |
| | 14 | FINPV | Notice of Grounds for Probation Violation served and filed on all parties. |
| | 15 | FITXT | Restitution Report dated 01-27-21 filed. |
| | 16 | FITXT | Victim Restitution Questionnaire dated 04-27-20 filed. |
| | 17 | CORAC | Court read and considered Victm/Witness Assistance Program restitution report dated 01-27-21. |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

**COUNTY OF ORANGE**

# MINUTES

**Case :** 18WM05278 M A

**Name :** Gallian, Jamie Lynn

| Date of Action | Seq Nbr | Code | Text |
|---|---|---|---|
| 01/27/21 | 18 CORAC | | Court read and considered Victim Restitution Questionnaire dated 04-27-20. |
| | 19 TRPDR | | Case called. People answer ready. Defense answers ready. |
| | 20 TRWST | | **Witness, J. Jasso, sworn and testified.** |
| | 21 STRHRG | | **Start of Exhibit List: for exhibit management purposes.** |
| | 22 TREXI | | **Defense Exhibit # A ( Document(s) )- Minute Order dated 11-29-18, Dept C-66 marked for identification.** |
| | 23 MONOB | | No objection by People. entered into evidence |
| | 24 TREXE | | **Defense Exhibit # A received into evidence.** |
| | 25 TREXI | | **Defense Exhibit # B ( Document(s) )- email from Derek Bercher dated 01-26-21, 3:58 PM marked for identification.** |
| | 26 MONOB | | No objection by People. entered into evidence |
| | 27 TREXE | | **Defense Exhibit # B received into evidence.** |
| | 28 TREXI | | **Defense Exhibit # C ( Document(s) )- Case summary 19WM09951 marked for identification.** |
| | 29 TRWEX | | Witness excused. |
| | 30 TRREC | | At 11:36 AM,  court declared a recess. |
| | 31 TRALP2 | | Again in open court at 11:45 AM. Defendant present with counsel. People duly represented. |
| | 32 TRTXT | | Restitution Hearing continues |
| | 33 TRPRS | | People rest(s) |
| | 34 TRDRS | | Defense rests . |
| | 35 MOTION | | Motion argued. |
| | 36 MONOB | | No objection by People. as to Defense "C" being entered into evidence |
| | 37 CORCR | | The Court has reviewed correspondence and rules as follows: |

SUPERIOR COURT OF THE STATE OF CALIFORNIA,
COUNTY OF ORANGE

# MINUTES

**Case :** 18WM05278 M A
**Name :** Gallian, Jamie Lynn

| Date of Action | Seq Nbr | Code | Text |
|---|---|---|---|
| 01/27/21 | 38 | TEXT | Defendant to pay $116.20 in restitution to Arielle Jasso plus 10% interest per year from date of loss. |
|  |  |  | Defendant to pay $9,222.05 in restitution to Janine Jasso plus 10% interest per year from date of loss. |
|  |  |  | Defendant to pay a total of $9,338.25 in restitution to the victims plus 10% interest per year from date of loss. |
|  | 39 | PRRSET | Court sets restitution in the amount of $9,338.25 as to count(s) 1, 2 plus 10% interest from date of loss per year and administrative fees, payable thru Victim Witness. |
|  | 40 | NTPRT | Restitution Notice printed. |
|  | 41 | DFRVW | Defendant ordered to report to Victim Witness office forthwith . |
|  | 42 | TEXT | Regarding Bail Review |
|  | 43 | MOTBY | Motion by Defense reconsideration on bail amount |
|  | 44 | MOPEO | Objection by the People . |
|  | 45 | MOTION | Motion granted. |
|  | 49 | BLBXN | Court orders bail bond # CC250-01419294 exonerated. |
|  | 50 | BLSTA | Bail set in the amount of $50,000.00 to be posted by 02/03/2021. |
|  | 51 | CLSET | **Hearing set on 02/03/2021 at 04:00 PM in Department W13.** |
|  | 52 | CLTXT | **Regarding: Posting $50,000 Bond** |
|  | 53 | TEXT | Defendant advised to report to Department W-13 if unable to post bond |
|  | 54 | MOTBY | Motion by Defense extension on jail stay date |
|  | 55 | MOTION | Motion granted. |
|  | 56 | JLSTC | **30 days Jail as to count(s) 1, 2 further stayed to 03/05/2021 at 07:00 PM. This modifies the commitment dated 02/19/2021. Defendant to report to Theo Lacy Jail as ordered.** |
|  | 57 | JLCTS | Credit for time served: 1 actual, 1 conduct, totaling 2 days pursuant to Day-for-day. |
|  | 58 | JLNBY | **Defendant currently is not in custody.** |
|  | 59 | NTJAL | **Notice to Sheriff issued.** |

SUPERIOR COURT OF THE STATE OF CALIFORNIA,
COUNTY OF ORANGE

# MINUTES

**Case :** 18WM05278 M A
**Name :** Gallian, Jamie Lynn

| Date of Action | Seq Nbr | Code | Text |
|---|---|---|---|
| 01/27/21 | 60 | CLSET2 | **Probation Violation re: Arraignment set on 03/04/2021 at 08:30 AM in Department W18.** |
| | 61 | DFOTR | Defendant ordered to appear. |
| | 62 | BLCWR | Bail deemed sufficient and continued when received. |
| | 63 | TXKPW | Keep with companion cases(s) 20WM01978 and 20WM01978. |


Waymakers

# VICTIM/WITNESS ASSISTANCE PROGRAM

West Justice Center • 8141 13th Street • Westminster, CA 92683 • (714) 896-7191

## RESTITUTION REPORT

*Defendant*: **Gallian, Jamie Lynn**

*Case Number*: **18WM05278**

*Date of Hearing*: **December 16, 2020**

On December 12, 2019 the above-named defendant pled guilty and was ordered to pay restitution, as determined and directed by Victim Witness, based on the charges of 166(a)(4) PC Contempt of Court-disobey court order.

After reading the police report, Victim Witness sent a restitution letter and questionnaire to victim Janine Jasso. Janine Jasso responded with a claim for the incident. The victim's losses are as follows:

- Hoag Clinic
  - Arielle Jasso (daughter) …………………………………..$116.20
  - Janine Jasso ,…………………………………………$119.70
- West Justice Center
  - Certify Copies …………………………………………...$140.50
- Vigil Defense Law Firm
  - Civil Harassment Restraining Order ……………………$8,961.85

**Total Loss =**                                                   **$9,338.25**

2/10/2

41



# Superior Court of California
## County of Orange
Criminal/Traffic Operations

10/08/2020

Jamie Lynn Gallian
16222 Monterey Ln Spc 376
Huntington Beach CA 92649-2258

Superior Court of California
County of Orange
West Justice Center
8141 13th Street
Westminster, CA 92683-4593

Phone: (657) 622-8459
www.occourts.org

Case Number #: 18WM05278        OC Pay #: 09466479

### RE: AGREEMENT FOR PAYMENT OF VICTIM RESTITUTION AND WAIVER OF RESTITUTION HEARING

Under California Constitution Article I, Section 28(b)(13) and Penal Code Section 1202.4(a)(1), victims of crime who incur an economic loss as a result of the commission of a crime have a constitutional and statutory right to receive restitution directly from a defendant convicted of that crime.

You are ordered to pay restitution as follows:

| VICTIM NAME | RESTITUTION AMOUNT ORDERED | AS TO COUNT(S) |
| --- | --- | --- |
| JANINE JASSO | $11,750.67 | 1,2 |
|  |  |  |
|  |  |  |
|  |  |  |

Total amount of restitution ordered is $11,750.67 plus interest at the rate of 10% per year. Interest will be added to the amount of restitution that you owe, per the court's order. In addition to restitution, you must also pay a 10% Administration Fee of $933.83. Interest is not added to the Administration Fee. It is a separate fee based only on the amount of restitution you owe before interest.

You have the right to a restitution hearing before a judge and to have the court determine the amount of restitution that you will be ordered to pay. At this hearing you have a right to be represented by an attorney. If you cannot afford an attorney, one will be appointed for you. If you dispute the amount of restitution set forth in this agreement, you must contact the Criminal Clerk's Office **within thirty (30) days** from the date of this notice and request a restitution hearing. Be advised that an inability to pay victim restitution cannot be considered in determining an amount of restitution owed to the victim.

If you accept the amount of restitution and would like to waive your right to a restitution hearing, please sign and return this form **within thirty (30) days** from the date of this notice with payment of the restitution in full, or report to the Collections Department to set up a payment plan. It is not necessary to appear in person to waive the restitution hearing if we receive this signed agreement by 11/04/2020 along with payment in full.

BE ADVISED THAT FAILURE TO COMPLY WITH THE TERMS OF THIS AGREEMENT, INCLUDING THE WILLFUL FAILURE TO PAY VICTIM RESTITUTION DESPITE HAVING THE FINANCIAL ABILITY TO DO SO, MAY RESULT IN COURT ACTION UP TO AND INCLUDING REVOCATION OF PROBATION AND / OR AN ISSUANCE OF A BENCH WARRANT FOR YOUR ARREST.

I AGREE TO PAY THE AMOUNT of Restitution as stated on this form and waive my right to have a Restitution Hearing. I understand the court will impose the restitution amount as ordered.

_____                    _____
Defendant's Signature                                          Date

42



# Superior Court of California
# County of Orange
### Criminal/Traffic Operations

10/08/2020

Jamie Lynn Gallian
16222 Monterey Ln Spc 376
Huntington Beach CA 92649-2258

Superior Court of California
County of Orange
West Justice Center
8141 13th Street
Westminster, CA 92683-4593

Phone: (657) 622-8459
www.occourts.org

Case Number #: 18WM05278

### RE: AGREEMENT FOR [            ]STITUTION HEARING



Under California Constitution A[            ]                    tims of crime who incur an
economic loss as a result of the[            ]                    receive restitution directly
from a defendant convicted of t[            ]

You are ordered to pay restituti[            ]

| VICTIM NAME |  | S) |
|---|---|---|
| JANINE JASSO |  | 1,2 |
|  |  |  |
|  |  |  |
|  |  |  |

Total amount of restitution orde[            ]                    will be  added to the
amount of restitution that you o[            ]                    y a 10% Administration
Fee of $933.83. Interest is not a[            ]                    he amount of restitution
you owe before interest.

You have the right to a restitutio[            ]                    nt of restitution that you
will be ordered to pay. At this he[            ]                    not afford an attorney,
one will be appointed for you.  If[            ]                    u must contact the
Criminal Clerk's Office within th[            ]                    hearing. Be advised
that an inability to pay victim res[            ]                    owed to the victim.

If you accept the amount of resti[            ]                    ase sign and return this
form **within thirty (30) days** fro[            ]                    ort to the Collections
Department to set up a payment[            ]                    hearing if we receive
this signed agreement by 11/04/[            ]

<u>BE ADVISED THAT FAILURE T[            ]</u>                    <u>NG THE WILLFUL</u>
<u>FAILURE TO PAY VICTIM REST[            ]</u>                    <u>), MAY RESULT IN</u>
<u>COURT ACTION UP TO AND IN[            ]</u>                    <u>CE OF A BENCH</u>
<u>WARRANT FOR YOUR ARRES[            ]</u>

I AGREE TO PAY THE AMOUNT[            ]                    Restitution Hearing, I
understand the court will impose[            ]

_____
Defendant's Signature

43

9/10/2020                              Community Service Programs, Inc. Mail - 18WM05278 - Gallian, Jamie

 **Waymakers**          DOV: 3/27/18                    Jeanet Ortiz <jortiz@waymakersoc.org>

## 18WM05278- Gallian, Jamie

Janine Jasso <j9_jasso@yahoo.com>                                    Mon, Apr 27, 2020 at 10:12 AM
To: Jeanet Ortiz <jortiz@waymakersoc.org>

Dear Jeanet,
Attached is the restitution paperwork. The total is for $9338.25.  In the first PDF, I have included your
original letter, the questionnaire, my attached explanation, and the medical bills, court costs and legal fees
receipts.  In my explanation, I included the fees for the civil restraining order because the HB police asked us
to get the restraining order out of concern for additional protection due to the DA charges being brought
against the defendant under this case 18WM05278.

In my second pdf, I included a true and correct copy of the civil 5-year restraining order that was issued in
December 2018, but the TRO was issued on April 18, 2018 based on Police Report 18-004287, a few days
before the DA filed this case against Defendant (April 25, 2018). Ms. Gallian, per the HBPD
recommendation and which was provided to the civil court as the exhibit for the request for the civil
restraining order.  I hope my letter was clear so that the Court hopefully understands that we would never
have asked for this civil restraining order if the police had not made the recommendation based on the
charges coming from the DA's office against the defendant.

We have incurred more expenses than this, but this is the best I could find receipts for.
Thank you for all your help,
Janine Jasso
P: 213-247-6030
F: 413-723-1540

CONFIDENTIALITY NOTICE:  This communication constitutes an electronic communication within
the meaning of the Electronic Communications Privacy Act [18 USC 2510] and it is intended to be
received and read only by certain individuals for their sole use and benefit. This e-mail and any
files transmitted with it are the property of Janine Jasso, Esq. and/or affiliates, are confidential. Any
other use retention, dissemination, forwarding, printing, or copying of this e-mail is strictly
prohibited. It may contain information that is privileged or protected from disclosure by law. Receipt
by anyone other than the intended recipient does not constitute a loss of the confidential or
privileged nature of the communication. Any review or distribution by others is strictly prohibited. If
it has been misdirected, or if you suspect you have received this in error, please notify me by
replying and then delete both the message and reply immediately from your computer. Thank you.

[Quoted text hidden]

2 attachments

📄 Case No 18WM05278, Janine Jasso request for restitution for 2 victims 042720.pdf
   3445K

📄 Jasso v Gallian Perm Restraining Order, no contact order, 10 yard stay away valid until 12 21 2023.pdf
   4053K



CSP VICTIM/WITNESS ASSISTANCE PROGRAM
WEST JUSTICE CENTER
8141 13TH STREET
WESTMINSTER, CA 92683
(714) 896-7188

2/25/2020 14:45:25

Defendant: JAMIE LYNN GALLIAN

Case Number: 18WM05278

## RESTITUTION QUESTIONNAIRE

Victim's Name _Janine Jasso_

Home Phone: _____

Address ▒▒▒▒▒▒▒▒▒▒    Zip ▒▒▒

Work Phone: _____

Other Phone: ▒▒▒▒▒▒▒

Note: You may attach additional pages if needed.

### LIST ALL BILLS INCLUDED (attach a copy of each)

Bill From: _____ Phone _____ Amount $ _____
Explanation _____
Business _____ Phone _____ Amount $ _____
Explanation _____
Business _____ Phone _____ Amount $ _____
Explanation _____

### LIST ALL BILLS INCLUDED (attach 3 estimates for each repair)

Explanation _____
Business _____ Phone _____ Amount $ _____
Business _____ Phone _____ Amount $ _____
Business _____ Phone _____ Amount $ _____

### YOUR INSURANCE INFORMATION:

Insurance Company _____ Policy # _____
Name on claim _____ Claim # _____ your deductible $ _____
Phone _____ Address _____
Amount of claim presented? _____ Amount Insurance Company paid? _____
Name of Adjuster _____ Check here _____ If you are not going to present a claim to your insurance company.

### OTHER INSURANCE INFORMATION:

Please list any other insurance companies you are in contact with as a result of the crime.
Insurance Company _____ Policy # _____
Name on claim _____ Claim # _____ your deductible $ _____
Phone _____ Address _____
Amount of claim presented? _____ Amount Insurance Company paid? _____

### VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD INFORMATION:

Have you filed a Crime Victim Compensation Claim? ___✓___ No _____ Yes
If yes, what is the claim number? _____

### CIVIL ACTION INFORMATION:

Do you have a civil action pending? _No_ Have you received a settlement? _____ Amount $ _____

### TOTAL LOSS

Please state your total out-of-pocket loss $ _9338.25_ , and explain below how you arrived at this figure.
Explanation (You may add pages if needed): _please see attached_
_____
_____

THE FOREGOING INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

SIGNED: _Janine B. Jasso_    DATE _4-27-20_

45

List of Bills included (Copies Attached)

1. Medical Care for Arielle Jasso, Dr. Sattazadeh, Review of Arielle's health due to her fear of going to school because the defendant continues to violate the restraining order next to the school and Arielle see her there when defendant has been ordered to stay away 100 yards, March 11, 2020, $116.20, paid by credit card.  Arielle is one of defendant's victims.

2. Medical Care for Janine Jasso, Dr. Sattazadeh, treatment for anxiety rashes all over my body due to defendant's ongoing violations of the restraining order 100 yard stay away order, stalking me at my home, $119.70, March 11, 2020, paid by credit card. I am one of defendant's victims.

3. Superior Court, West Justice Center, certified copy of the court minutes for Case No. 18WM05278, to provide to HB Police officers showing that the defendant conditionally released with a stay away order from my home, my daughter Arielle and I, defendant's victims. July 22, 2019, $55.00, paid with credit card.

4. Superior Court, West Justice Center, certified copy of the court minutes for Case No. 18WM05278, to provide to HB Police Officers showing the defendant was convicted and released on probation, and criminal protective order issued for 3 years to protect my daughter and I (her victims) and our home with a 100 yard stay order, no contact order, for 3 years., January 17, 2020, $85.50, paid with credit card.

5. Legal bills for civil representation by Vigil Defense Law Firm, P.C. to obtain a civil restraining order protecting me and my daughter, our home, our children's schools, our work, and cars.  In March 2018, my daughter and I were protected from defendant under a civil Workplace Violence Restraining order.  The defendant violated the no-contact order.  There was a 10 yard stay away order as well.  In April 2018, several days before the misdemeanor charges were filed in this Case No. 18WM05278, the HBPD requested that I get another civil restraining order right away with a greater stay order, before the Orange County District Attorney filed the criminal charges against the defendant.  The HBPD informed me that they were concerned for our safety, but the police did not know when a criminal protective order could be issued by the criminal Court.  The HBPD warned that defendant may retaliate when she is charged by the District Attorney.  To help keep my daughter and I and my family safe, on April 18, 2018, I filed a request for a civil protective order requesting a greater stay away order (80 yards).  The civil court issued a temporary restraining order and scheduled an OSC hearing for a permanent restraining order.  At the first hearing, I tried to represent myself so that I could avoid incurring huge legal fees.  I realized that I didn't know how to represent myself as I had never done this before. I immediately found an attorney, Martina Teinart from Vigil Defense Law Firm.  She agreed to represent me and my daughter and our family to get a permanent civil restraining order so that we would be additionally protected during the criminal proceedings.  The attached bills include the retainer fees, the additional representation fee defending the defendant's anti-slapp motion, and the expenses which total $8961.85.  Attached also is the permanent restraining order that was finally issued in December 2018, after defendant's motions causing delays.

The costs above were incurred because of defendant violating the restraining order protecting my daughter and I, which are her victims.  The defendant continues to violate the civil restraining orders protecting me and my family.  The defendant has been charged with additional contempt of court charges, Case No 20WM01978. My daughter and I, defendant's victims, continue to be very afraid for

46

our safety and feel like the restraining order is necessary to help keep us safe from the defendant. Therefore, these costs have been necessary to help keep us safe and recover from her stalking behavior.

Thank you for your help with all of this,

*Janine B. Jasso*

Janine B . Jasso, on behalf of myself and my minor daughter, Arielle Jasso

47

3/31/2020                                        Transaction Receipt

## Merchant: Vigil Defense Law Firm PC

1043 CIVIC CENTER DR W.
SANTA ANA, CA 92703                 714-543-5840
US

Order Information

Description:        Jasso retainer
Order Number:                       P.O. Number:
Customer ID:                        Invoice Number:

**Billing Information**              **Shipping Information**
Janine Jasso
79937

                                              Shipping:        0.00
                                                   Tax:        0.00
                                              Total:  USD 5,000.00

Payment Information

Date/Time:              15-May-2018 15:20:12 PDT
Transaction ID:         40706747366
Transaction Type:       Authorization w/ Auto Capture
Transaction Status:     Settled Successfully
Authorization Code:     84936T
Payment Method:         MasterCard XXXX5025

48

# Vigil Defense Law Firm, P.C.

1043 Civic Center Dr W #200
Santa Ana, California 92703
Phone: (714) 543-5840
Fax: (714) 542-0468
Email: mteinert@vigildefense.com
www.vigildefense.com

# INVOICE

Invoice # 1256
Date: 07/02/2018
Due Upon Receipt

Janine Jasso
4469 Chase Drive
Huntington Beach, CA 92649

## 00559-Jasso

## Civil Harassment Restraining Order

| Type | Date | Description | Quantity | Rate | Total |
|------|------|-------------|----------|------|-------|
| Expense | 06/08/2018 | Reimbursable expense: DDS service - File substitution of attorney and proof of service of substitution of attorney | 1.00 | $32.20 | $32.20 |
| Expense | 06/15/2018 | Reimbursable expense: DDS service - File petitioner's witness list and proof of service of witness list | 1.00 | $29.95 | $29.95 |
| Expense | 06/19/2018 | Reimbursable expense: Cost of certified copies for hearing | 1.00 | $267.50 | $267.50 |
| | | | | Total | $329.65 |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 1256 | 07/02/2018 | $329.65 | $0.00 | $329.65 |
| | | | Outstanding Balance | $329.65 |
| | | | Total Amount Outstanding | $329.65 |

49

07/02/2018

Make all amounts payable to: Vigil Defense Law Firm, P.C. Please call us at (714) 543-5840 if you have any
questions regarding this Invoice.

50

3/31/2020                                         Transaction Receipt

## Merchant: Vigil Defense Law Firm PC

1043 CIVIC CENTER DR W.
SANTA ANA, CA 92703                    714-543-5840
US

Order Information

Description:          Jasso
Order Number:                          P.O. Number:
Customer ID:                           Invoice Number:

**Billing Information**                **Shipping Information**
Janine Jasso
79937

                                       Shipping:              0.00
                                       Tax:                   0.00
                                       Total:   USD 2,132.20

Payment Information
Date/Time:           12-Feb-2019 15:45:04 PST
Transaction ID:      61556227125
Transaction Type:    Authorization w/ Auto Capture
Transaction Status:  Settled Successfully
Authorization Code:  14904T
Payment Method:      MasterCard XXXX5025

3/31/2020                                    Transaction Receipt

# Merchant: Vigil Defense Law Firm PC

1043 CIVIC CENTER DR W.
SANTA ANA, CA 92703                    714-543-5840
US

Order Information

Description:          Jasso Retainer
Order Number:                          P.O. Number:
Customer ID:                           Invoice Number:

**Billing Information**                **Shipping Information**
Janine Jasso
92649

                                       Shipping:          0.00
                                       Tax:               0.00
                                       Total:  USD 1,500.00

Payment Information

Date/Time:           14-Aug-2019 10:37:11 PDT
Transaction ID:      41521459069
Transaction Type:    Authorization w/ Auto Capture
Transaction Status:  Settled Successfully
Authorization Code:  71152T
Payment Method:      MasterCard XXXX2817

52

Par 1 of                    Page 1 of 1

WEST JUSTICE CENTER T C
8141 13TH ST
WESTMINSTER, CA 92683
(657) 622-8459

WEST JUSTICE CENTER T C

Date: 01/17/2020    12:39:23 PM

CREDIT CARD SALE

MASTERCARD
CARD NUMBER: **********2817   S
TRAN AMOUNT: $85.50
APPROVAL CD: 06598T
RECORD #:    000
CLERK ID:    mmathewson
INVOICE #:   Non case payment

Thank you for your payment!

Customer Copy

WEST JUSTICE CENTER T C
8141 13TH ST
WESTMINSTER, CA 92683
(657) 622-8459

WEST JUSTICE CENTER T C

Date: 07/22/2019    03:51:25 PM

CREDIT CARD SALE

MASTERCARD
CARD NUMBER: **********5025   S
TRAN AMOUNT: $55.00
APPROVAL CD: 03231T
RECORD #:    000
CLERK ID:    dduffy
INVOICE #:   certified copies

Thank you for your payment!

Customer Copy

... ... ...    ... ...port/transaction.do?dispatchMethod=pri   7/22/2019

53

HOAG CLINIC

Date: 03/11/2020  Visit:43439383

Patient: JASSO,ARIELLE
MRN: 3086737
Provider: SATTARZADEH MD,SAMAAN P

Amount: $116.20
Type of Payment: CREDIT CARD
MC/116.20/RN.036-00072987
Batch: 60553  Initials: RNUNE
Invoice: 48421228

Date: 03/11/2020  Visit:43439383

Patient: JASSO,ARIELLE
MRN: 3086737
Provider: SATTARZADEH MD,SAMAAN P

Amount: $116.20
Type of Payment: CREDIT CARD

54

HOAG CLINIC

Date: 03/11/2020  Visit:43439654        Date: 03/11/2020  Visit:43439654

Patient: JASSO,JANINE                   Patient: JASSO,JANINE
  MRN: 3603763                            MRN: 3603763
rovider: SATTARZADEH MD,SAMAAN P       Provider: SATTARZADEH MD,SAMAAN P

        Amount: $119.70                       Amount: $119.70
ype of Payment: CREDIT CARD            Type of Payment: CREDIT CARD
        MC/119.70/RN,034-00114082
  Batch: 60553  Initials: RNUNE
Invoice: 48421237

55

# EXHIBIT 5

1. 11/26/2019 People's Sentencing Brief See page 5, Line 5-7.  ".....there are no damages caused by defendant criminal contact. "

2. 12/8/2019 Janine Jasso's victim Impact Statement requests jail time for Gallian, when she knew the entire complaint she instigated with the prosecutor was a lie.

3. Defense Notice and Motion For New Trial; Motion to Set Aside Verdicts.

1 | TODD SPITZER, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA
2 | BY:   GERARD GULLY
Deputy District Attorney
3 |       Bar Number 322873
4 | 401 Civic Center Drive West
SANTA ANA, CALIFORNIA, 92701
5 | TELEPHONE: (714) 834-3584

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

NOV 2 6 2019

DAVID H. YAMASAKI, Clerk of the Court

BY:   _M/O_   ,DEPUTY

6

7 |                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 |                   COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

9
10 | THE PEOPLE OF THE STATE OF CALIFORNIA,          Case No.: 18WM05278

11 |                              Plaintiff,         PEOPLE'S SENTENCING BRIEF
                                                    SENTENCING SET FOR 12-12-19
12 |        vs.

13 | JAMIE LYNN GALLIAN

14 |                              Defendant.

15

16 |                              **I.  INTRODUCTION**

17 |        The defendant in this case was found guilty at trial, and sentencing has been set over to the

18 | above hearing date.  The People submit this brief to advocate for a sentence that the People believes

19 | will be in the interests of justice.  As the court is aware, Division 5 of the California Rules of Court

20 | governs sentencing policy for felony cases.  Therefore, while not legally binding on this court for a

21 | misdemeanor conviction, the principles of public policy that Division 5 outlines are still factors that

22 | the court should consider when deciding sentencing.  For the court's convenience, those policy

23 | factors are listed here in this brief, along with factors in aggravation and mitigation for sentencing.

24

25 |                   **II. MINIMUM AND MAXIMUM SENTENCING**

26 |        The defendant's maximum exposure in this case is 2 years, and $2,000 due to two convictions

27 | of 166(a)(4).  Because they are against separate victims, PC 654 does not reduce this exposure.

28 |        The defendant's minimum sentence in this case is the standard $150 State Restitution fine, and

PEOPLE'S SENTENCING BRIEF
1

58

57

1 | the various costs of conviction fees.

2 | ### III. OBJECTIVES OF SENTENCING

3 | Section 4.410 of the California Rules of Court, outlines the objectives the court should consider

4 | for sentencing. As your honor knows, those objectives are:

5 | (1) Protecting society;
(2) Punishing the defendant;

6 | (3) Encouraging the defendant to lead a law-abiding life in the future and deterring him or
her from future offenses;

7 | (4) Deterring others from criminal conduct by demonstrating its consequences;

8 | (5) Preventing the defendant from committing new crimes by isolating him or her for the
period of incarceration;

9 | (6) Securing restitution for the victims of crime;

10 | (7) Achieving uniformity in sentencing; and
(8) Increasing public safety by reducing recidivism through community-based corrections

11 | programs and evidence-based practices.

That same section also acknowledges that "because in some instances these objectives may

12 | suggest inconsistent dispositions, the sentencing judge must consider which objectives are of

primary importance in the particular case. The sentencing judge should be guided by statutory

13 | statements of policy, the criteria in these rules, and any other facts and circumstances relevant to

the case." CRC 4.410.

14 |

15 | ### IV. GRANTING OR DENYING PROBATION

16 | The California Rules of Court set out the criteria affecting the decision to grant or deny
probation, which includes facts relating to the crime and facts relating to the defendant.

17 | "(a) Facts relating to the crime

18 | Facts relating to the crime include:

19 | 

20 | (1) The nature, seriousness, and circumstances of the crime as compared to other instances
of the same crime;

21 | (2) Whether the defendant was armed with or used a weapon;
(3) The vulnerability of the victim;

22 | (4) Whether the defendant inflicted physical or emotional injury;
(5) The degree of monetary loss to the victim;

23 | (6) Whether the defendant was an active or a passive participant;

24 | (7) Whether the crime was committed because of an unusual circumstance, such as great
provocation, which is unlikely to recur;

25 | (8) Whether the manner in which the crime was carried out demonstrated criminal
sophistication or professionalism on the part of the defendant; and

26 | (9) Whether the defendant took advantage of a position of trust or confidence to commit

27 | the crime.

28 | (b) Facts relating to the defendant

PEOPLE'S SENTENCING BRIEF
2

59

58

Facts relating to the defendant include:

(1) Prior record of criminal conduct, whether as an adult or a juvenile, including the recency and frequency of prior crimes; and whether the prior record indicates a pattern of regular or increasingly serious criminal conduct;

(2) Prior performance and present status on probation, mandatory supervision, postrelease community supervision, or parole;

(3) Willingness to comply with the terms of probation;

(4) Ability to comply with reasonable terms of probation as indicated by the defendant's age, education, health, mental faculties, history of alcohol or other substance abuse, family background and ties, employment and military service history, and other relevant factors;

(5) The likely effect of imprisonment on the defendant and his or her dependents;

(6) The adverse collateral consequences on the defendant's life resulting from the felony conviction;

(7) Whether the defendant is remorseful; and

(8) The likelihood that if not imprisoned the defendant will be a danger to others."

CRC 4.414.

In the present case, due to the defendant's apparent lack of remorse, and unwillingness to comply with court orders on her own, including the terms of her own release on OR and on bail, the People believe that probation is proper, and that the defendant should not be given a terminal sentence.  The People believe that the supervision of the court and maintenance of the court's jurisdiction would best protect the public's interest in court orders being complied with, as well as reduce the likelihood of the defendant reoffending.

## V. CONCURRENT VS. CONSECUTIVE SENTENCING IN THIS CASE

California Rule of Court 4.414 lists factors affecting the decision to impose consecutive rather than concurrent sentences, which includes:

**"(a) Facts relating to crimes**

Facts relating to the crimes, including whether or not:

(1) The crimes and their objectives were predominantly independent of each other;

(2) The crimes involved separate acts of violence or threats of violence; or

(3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.

CRC 4.414.

In the present case, under the California Rules of Court, concurrent sentencing would be the proper form of sentencing.

PEOPLE'S SENTENCING BRIEF
3

60

59

# VI. FACTORS IN MITIGATION

California Rule of Court 4.423 lists circumstances in mitigation, which includes factors relating to the crime and factors relating to the defendant.

## "(a) Factors relating to the crime

Factors relating to the crime include that:

(1) The defendant was a passive participant or played a minor role in the crime;

(2) The victim was an initiator of, willing participant in, or aggressor or provoker of the incident;

(3) The crime was committed because of an unusual circumstance, such as great provocation, that is unlikely to recur;

(4) The defendant participated in the crime under circumstances of coercion or duress, or the criminal conduct was partially excusable for some other reason not amounting to a defense;

(5) The defendant, with no apparent predisposition to do so, was induced by others to participate in the crime;

(6) The defendant exercised caution to avoid harm to persons or damage to property, or the amounts of money or property taken were deliberately small, or no harm was done or threatened against the victim;

(7) The defendant believed that he or she had a claim or right to the property taken, or for other reasons mistakenly believed that the conduct was legal;

(8) The defendant was motivated by a desire to provide necessities for his or her family or self; and

(9) The defendant suffered from repeated or continuous physical, sexual, or psychological abuse inflicted by the victim of the crime, and the victim of the crime, who inflicted the abuse, was the defendant's spouse, intimate cohabitant, or parent of the defendant's child; and the abuse does not amount to a defense.

## (b) Factors relating to the defendant

Factors relating to the defendant include that:

(1) The defendant has no prior record, or has an insignificant record of criminal conduct, considering the recency and frequency of prior crimes;

(2) The defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime;

(3) The defendant voluntarily acknowledged wrongdoing before arrest or at an early stage of the criminal process;

(4) The defendant is ineligible for probation and but for that ineligibility would have been granted probation;

(5) The defendant made restitution to the victim; and

(6) The defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was satisfactory.

## (c) Other factors

1   Any other factors statutorily declared to be circumstances in mitigation or that reasonably
relate to the defendant or the circumstances under which the crime was committed."
2   CRC 4.423.

3

4   Here, the primary factors of mitigation are the defendant's lack of prior criminal convictions

5   and the lack of violence relating to the crime. While the defendant has not taken responsibility

6   or acknowledged any wrongdoing in this case, it does appear that there are no damages caused

7   by the defendant's criminal conduct.

8

9                  VII.    **FACTORS IN AGGRAVATION**

10  California Rule of Court 4.421 lists circumstances in aggravation, which includes factors relating

11  to the crime and factors relating to the defendant.

12  **"(a) Factors relating to the crime**

13  Factors relating to the crime, whether or not charged or chargeable as enhancements include
that:
14

15      (1) The crime involved great violence, great bodily harm, threat of great bodily harm, or
          other acts disclosing a high degree of cruelty, viciousness, or callousness;
16      (2) The defendant was armed with or used a weapon at the time of the commission of the
          crime;
17
        (3) The victim was particularly vulnerable;
18      (4) The defendant induced others to participate in the commission of the crime or occupied
          a position of leadership or dominance of other participants in its commission;
19      (5) The defendant induced a minor to commit or assist in the commission of the crime;
        (6) The defendant threatened witnesses, unlawfully prevented or dissuaded witnesses from
20          testifying, suborned perjury, or in any other way illegally interfered with the judicial
          process;
21
        (7) The defendant was convicted of other crimes for which consecutive sentences could
22          have been imposed but for which concurrent sentences are being imposed;
        (8) The manner in which the crime was carried out indicates planning, sophistication, or
23          professionalism;
24      (9) The crime involved an attempted or actual taking or damage of great monetary value;
        (10) The crime involved a large quantity of contraband; and
25      (11) The defendant took advantage of a position of trust or confidence to commit the
          offense.
26
        (12) The crime constitutes a hate crime under section 422.55 and:
27
            (A) No hate crime enhancements under section 422.75 are imposed; and
28          (B) The crime is not subject to sentencing under section 1170.8.

PEOPLE'S SENTENCING BRIEF
5

62

**(b) Factors relating to the defendant**

Factors relating to the defendant include that:

    (1) The defendant has engaged in violent conduct that indicates a serious danger to society;

    (2) The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness;

    (3) The defendant has served a prior term in prison or county jail under section 1170(h);

    (4) The defendant was on probation, mandatory supervision, postrelease community supervision, or parole when the crime was committed; and

    (5) The defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory.

**(c) Other factors**

Any other factors statutorily declared to be circumstances in aggravation or that reasonably relate to the defendant or the circumstances under which the crime was committed."
CRC 4.421.

In this case, the crime involved one victim who was particularly vulnerable, and was an 8 year old at the time.

Most of the aggravation relating to this case comes from the factors relating to the defendant's subsequent conduct. The defendant has repeatedly been told to stay 100 yards away from Ms. Jasso and her residence, and has violated that order. In this case alone, the defendant has been involved in multiple bail review hearings due to multiple violations of the terms of her release. Judge Kevin Haskins, after one such hearing involving three separate violations, set bail in the case to $50,000 with terms of release on bail including no contact and a 100 yard stay away order from Ms. Jasso and her residence. The defendant then subsequently violated this condition twice. Judge Thomas McConville, who also served as the trial judge, found the defendant to be in violation of this condition in a hearing in this case. Despite no action being taken as a result of the defendant's subsequent violation, this is still an aggravating factor. Additionally, Judge Sheila Recio found the defendant in violation of the terms of her release on bail in this case subsequently and added an additional term of release on bail.

On top of all of this, Ms. Jasso has reported numerous other violations of the 100 yard stay away order and reports that this is an ongoing harassment campaign from the defendant. The aggravation in this case arises from a course of conduct meant to harass, annoy, and intimidate Ms. Jasso and her family. Between this date of violation and 8-19-18, there were 21 document instances

1  of the defendant violating the civil court's restraining order.  The People had received 37 alleged
2  violations, but elected to file 21 of them because those 21 meet our proof requirements.  Ultimately,
3  that separate case, 19WM05479, was dismissed in the interests of judicial economy and to prevent
4  further delay of proceedings on the present case.  However, this conduct is still aggravating as it all
5  relates to the same victim as in this case, and is the same crime alleged.

6
7  ### VIII.  PEOPLE'S SENTENCE RECOMMENDATION
8  In this case, the People recommend the following sentence.
9  - 3 years of informal probation, with the following terms and conditions: stay 100 yards
10    away from 16025 Warmington Lane Huntington Beach, CA, have no contact with
11    Janine Jasso or Arielle Jasso, own or possess no weapons for the term of probation,
12    submit your person and property to search and seizure at the request of law enforcement,
13    and any other usual terms and conditions the court finds proper to apply.
14  - 30 days of Orange County Jail, stayed pending completion of 15 days of CalTrans, and
15    pending no new violations of the probation stay away order.
16  - The standard fines and fees of conviction, as well as the State Restitution Fine.
17
18  Dated: 11/25/2019

Respectfully submitted,

TODD SPITZER,
DISTRICT ATTORNEY

GERARD GULLY
Deputy District Attorney

PEOPLE'S SENTENCING BRIEF
7

**VICTIM IMPACT STATEMENT**
Please use this as a guide. Please use additional paper as needed.

Defendant's Name: _____Jamie L. Gallian_____ Court Case Number:___18WM05278_____

Victims' Names: Janine Jasso and Arielle Jasso_ Completed By:_Janine Jasso, December 8, 2019
1.  Emotional/Physical Impact: How has this affected you and your family: physically and emotionally list any injuries or continuing problems.
2.  Financial Impact: List any personal property loss, medical expenses: current and future counseling expenses, funeral/burial expenses, lost wages/ income loss, and any other expenses incurred as a result of being victimized.
3.  Sentencing Recommendation: Discuss what you would like to see the Judge impose on the defendant at sentencing: jail time, counseling, restitution, no contact order and any other information you want the Judge to know

Good morning and thank you. My family and I are grateful to the court, the district attorney and the jury for working so hard to enforce the law and get justice for me and my family. Their collective guilty verdicts demonstrate to me that they acknowledge the seriousness of the defendant's intentional behavior to ignore the protective orders imposed by the court. Again, thank you.

I have given so much thought as to whether to be speak in person or submit my impact statement in writing. I am submitting this in writing, because, ultimately, I am afraid of Ms. Gallian. My fear is equally based upon her unlawful conduct committed against me and my family and what will happen to us in the future. As you are aware, this is not Ms. Gallian's first contact with the court or law enforcement. I have attached a list (attachment 1). The reason I have given you this list is because Ms. Gallian warned us that this would never end. Based on her actions, we believe her.

My husband and I have been fortunate. We have 37 years and counting together. We work really hard, pay our taxes, and have two beautiful children. Arielle, who is **7 years old** and a victim in this case, attends the Huntington Beach elementary school next to our home. I volunteer on the PTA and as a homeroom mother. I am a tax attorney. Because of my Spanish and Mandarin language skills, I volunteer with VITA to help prepare tax returns in under-served communities. We live in a small, beautiful HOA with only 80 families on a land lease, affectionately known as The Gables. It's a real-life Mr. Roger's Neighborhood, where people say good morning every day and would give you the shirt off their backs. We love our community, and Ms. Gallian, like all neighbors, was welcomed into our condo all the time. We gave her a helping hand whenever she asked.

One of the biggest benefits of living in an HOA is the peace and harmony neighbors enjoy because of the rules. Ms. Gallian chose to live in an HOA, so I still don't understand why she attacked any of us, especially Arielle, our **7-year-old** daughter. Arielle even abides by the rules and teaches the little kids how to follow them. This is Arielle when Ms. Gallian turned the full force of her hostility on our baby (attachment 2- photo of us at Disneyland). Arielle was innocent of everything, as we never spoke ill of Ms. Gallian, never provoked her, and raised our children to respect her like we did with everyone in The Gables.

**Impact of the Defendant's Dangerous, Stalking Behavior:**
What makes me most afraid going forward is that the defendant keeps telling everyone there is no restraining order. It's a depraved heart that intentionally abuses a **7-year-old little girl**. She goes out of her way to violate the court's orders and blames us for it. I now believe she will never follow the court's orders, which makes her very dangerous.

**The emotional pain this has caused is unbearable.** We live in a constant state of fear for our safety. It permeates the day and night. Since the incident on March 27, 2018, her words and actions made us feel that she intended to hit or kill one of us. Arielle stopped trusting adults that day. Arielle has nightmares that the defendant is going kill her at school or in our home.

64

Arielle cries when she sees the defendant sitting in her car across the street and staring at her window. Arielle often refuses to go to school, crying up to 30 mins or more because she is afraid Ms. Gallian will hurt her in school. Her school has been forced to spend precious financial resources on added security measures to help keep our daughter safe from the defendant. I endure numerous nightmares. I worry all day long about my family's safety, especially my little girl's. We are in counseling and continue to need it.

**The physical impact has been rough as well**. We feel trapped in our home. She is big and strong, and we cannot outrun her. Since I have had no experience before Ms. Gallian with people violating restraining orders, my family and I relied on The Huntington Beach police to help us. They did not arrest her, but they told me they warned her several times to follow the restraining orders. Each time Ms. Gallian violated the restraining order, an officer would give us advice on how to deal with living so close to a predator. When the police recommended that we install surveillance cameras, **we did**. When the police recommended that we change all of our routines and stop walking Arielle to school, **we did**. Another officer said that The Gables was a "target rich environment" for Ms. Gallian, and recommended we never go outside if she was home. Per the officer's advice, we checked to make sure she wasn't home before going outside to play or do HOA work. I had to stop volunteering with the VITA program, and reduced the help I gave to the HOA. I was forced to end Arielle's Kumon classes because her teachers were afraid. My son and I stopped tutoring math and economics outside with the children.

When a police officer saw videos of my daughter on Ms. Gallian phone and heard the threatening voicemail messages, he recommended that we move out of Ms. Gallian's line of sight. **We did**. But within a couple of weeks, Ms. Gallian moved across the street from us to again keep my family and my home in her direct line of sight. Because of her direct line of sight, she has been able to threaten us within a minute of opening our front door.

I have rashes all over my body caused by anxiety. I wake up and go to sleep crying. I've gained weight from being unable to safely walk or ride my bike in our community. I have lost work. I am constantly looking over my shoulder everywhere I go. We double check the security cameras before we walk out the front door. I wake up to noises during the night and double check the locks. I am careful to look out for the defendant in public parking lots to make sure her car is not there before I park.

**Sentencing we are asking for:**

My family and I were raised with the value of being law-abiding citizens and serve our community. We always try to do what is right and believe in our justice system. However, we have had to completely upend our lives, because the defendant is mean, out-of-control, and free to continue. Again, the defendant threatened and showed us that this will never end.

Despite all of the prior Court protective orders, fines and bail and law enforcement warnings, I have seen Ms. Gallian lie to the Court and claim there is no court order, undeterred in her quest to harass our family and instill fear in our everyday lives. Ms. Gallian has succeeded in making us feel unsafe in our home. If Ms. Gallian is not finally shown the legal consequences of her actions in actual incarceration, I can assure this Court she will be emboldened to continue her unlawful conduct. It is because my child and I have been victimized by Ms. Gallian that we know her wrath. We are not her first victims and we will not be her last.

Please protect us. Unlike Leslie and Barbara, I have not been put in the hospital. But that doesn't mean it won't happen. I am the sole provider for my family. I believe we are all in danger. After serious thought, I see no other alternative to protect my family and me except for her to receive a jail sentence. So, I am asking the court to impose the maximum jail sentence. We are also asking for a 300 yard stay away order and a no contact order for 7 years for me and my family and my home to give us a greater safety zone so that we can begin to heal and our sweet daughter can grow up peacefully without fear.

Thank you for all your help.

65

### What is a Victim Impact Statement and How is it Used?

As a crime victim, you have the opportunity to use this Victim Impact Statement to describe how this crime affected you and others close to you.  This statement has space for you to write about the physical, emotional, and financial effects of this crime, as well as any other changes in your life you may have experienced.  If the defendant pleads guilty or is found guilty after trial, your impact statement will help the judge understand how this crime has affected you and those close to you.

### Filling out this statement is voluntary.

You do not have to fill out a victim impact statement.  However, it may be helpful to the judge when he or she decides what sentence the defendant should receive and/or any money the defendant may have to pay you for expenses you have paid or owe because of this crime.  When the judge makes the defendant pay the victim it is called "restitution."  If the judge orders the defendant to pay you restitution, there is no guarantee that the defendant will be able to pay the entire amount.

Your statement will become an official court document after it is given to the court, and will become part of the defendant's permanent file.  The judge, prosecutor and probation officer will read your statement.  In addition, prison and parole officials may read your statement if the defendant is sentenced to a prison term.  The defendant and the defendant's attorney will also be able to read what you have written.  They may even be able to ask you questions about your statement in court.  However, the defendant will not be able to see your address and telephone number because you are not asked to put them on your statement.  No one knows better than you how this crime may have changed your life.  Those of us involved  in  your case believe  that  it  is  very important for you to help the court understand all of the ways this crime has affected you and those near you.  Thank you for taking the time to provide us with this information.

You may also have the right to speak to the judge at the time of sentencing.  If you would like to do so, please contact our office right away and we will help set this up for you.

You may also have the right to give your victim impact statement in the form of an audio or video tape.  If you would like to do this, please contact our office right away for further information.

The statement asks what you believe the sentence should be in this case.  Although the judge will decide the defendant's sentence, the judge may consider your opinion before making this decision.   Your statement also may be used at other hearings where decisions are made about the parole or releasing the defendant early.

### Suggestions for Completing Your Impact Statement:

The following suggestions are offered only as a guide in filling out this form.  Feel free to write in your own words how this crime has affected you and those close to you.  Please answer as many questions as you wish.  If a question makes you feel uncomfortable, you do not have to answer it.

If you need more space or you wish to provide information in a different way, please use as much paper as you need, and attached the pages to this form when you return it.  If you feel uncomfortable in any way using this form, you may write a letter to the judge and tell him or her how this crime has affected you and those close to you.

66

1  FRANK DAVIS
   Alternate Defender
2  Orange County
   RICARDO VALLEJO
3  Deputy Alternate Defender
   600 W. Santa Ana Blvd., 6th Floor
4  Santa Ana, CA 92701

5  (714) 568-4160
   Fax: (714) 568-4200
6

7  *Attorneys for Defendant Gallian*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

**DEC 1 2 2019**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____ L. LEE_____,DEPUTY

Dept. W17
Motion: 12/12/19

8

9        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
10              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11
    PEOPLE OF THE STATE OF              )   Case No.: 18WM05278
12                                      )
    CALIFORNIA,                         )   NOTICE OF MOTION AND MOTION
13                                      )   FOR NEW TRIAL; MOTION TO SET
              Plaintiff,                )   ASIDE VERDICTS; POINTS AND
14                                      )   AUTHORITIES IN SUPPORT THEREOF.
         vs.                            )
15                                      )
    **JAMIE GALLIAN**                   )
16                                      )
              Defendant                 )
17                                      )
                                        )
18

19        **NOTICE IS HEREBY GIVEN** that on Thursday December 12, 2019 at 9:00 a.m., or
20
    as soon thereafter as the matter may be heard in Department W17 of the above-entitled court,
21
    defendant Jamie Gallian will move this court for a new trial and to set aside verdicts as counts
22
    1 and 2 pursuant to Penal Code Section 1181 and on Constitutional grounds.
23
          This motion is based upon the grounds that improper evidence was admitted before the
24
    jury, which denied defendant due process and a fair trial.  This motion is based upon the
25
    records and exhibits contained in the court file, the reporter's transcript of the jury trial, the
26
    attached Points and Authorities, the attached exhibits to this motion, the arguments of counsel
27
    and any documentary or oral testimony which may be presented at the hearing of this motion.
28

                                        1

                                        _____
                                        Defendant's Motion For New Trial

67

1
## STATEMENT OF THE CASE

2      On April 25, 2018 the Orange County District Attorney filed a criminal complaint

3  against Ms. Gallian alleging two violations of Penal Code section 166(a)(4) (violation of a

4  protective order.

5      On November 6, 2019 trial began in this department.  On November 11, 2019 the jury

6  returned guilty verdicts as to both counts.

7

8

9

10  ///

11  ///

12  ///

13

14

15  ## POINTS, AUTHORITIES AND ARGUMENT

16

17  ## INTRODUCTION

18

19      A motion for new trial is the vehicle that allows a defendant to secure "a reexamination

20  of the issue in the same court, before another jury, after a verdict has been given." (Pen. Code

21  § 1179.) "The granting of a new trial places the parties in the same position as if no trial had

22  been had." (Pen. Code § 1180.)  The motion is considered essential to the trial process and

23  should not be viewed by the trial court as a mere pro forma request. (*People* v. *Lopez* (1969) 1

24  Cal.App.3d 78, 82-83.)

25      "[I]t has been said that one of the most prolific causes of miscarriages of justice is the

26  reluctance of trial judges to exercise the discretion with which they are clothed to grant a

27  new trial when the circumstances show that justice would be thereby served." (*People* v.

28  *Love* (1959) 51 Cal.2d 751, 758; *People* v. *Drake* (1992) 6 Cal.App.4th 92, 98.)   As the

   California Supreme Court pointed out in  *People* v. *Fosselman* (1983) 33 Cal.3d 572 "[I]n

2

Defendant's Motion For New Trial

1    appropriate circumstances justice will be expedited by avoiding appellate review, or habeas

2    corpus proceedings, . . . " (*Id.* at 582-583; Cited with approval in *People v. Smith* (1993) 6

3    Cal.4th 684, 693.).   In order to expedite the process and avoid the need for appellate review

4    the court should grant a motion for new trial, especially where error is clear.

5

6                              **PENAL CODE SECTION 1181**

7          Penal Code Section 1181 states the various statutory grounds upon which application

8    for new trial may be granted.   It states in pertinent part:

9          "When a verdict has been rendered or a finding made against the defendant,

10         the Court may, upon his application, grant a new trial, in the following cases

11         only:

12         ...

13

14              6. When the verdict or finding is contrary to law or evidence, but if the
                evidence shows the defendant to be not guilty of the degree of the crime of
15              which he was convicted, but guilty of a lesser degree thereof, or of a lesser
                crime included therein, the court may modify the verdict, finding or judgment
16              accordingly without granting or ordering a new trial, and this power shall
                extend to any court to which the cause may be appealed;
17

18              7. When the verdict or finding is contrary to law or evidence, but in any case
19              wherein authority is vested by statute in the trial court or jury to recommend
                or determine as a part of its verdict or finding the punishment to be imposed,
20              the court may modify such verdict or finding by imposing the lesser
                punishment without granting or ordering a new trial, and this power shall
21              extend to any court to which the case may be appealed;

22

23

24         Although the statute purports to limit the court's authority to grant a new trial to the

25    specifically enumerated situations, the Legislature has no power to limit the court's

26    constitutional obligation to assure a defendant a fair trial, i.e., the court's authority to grant a

27    new trial cannot be limited to the enumerated situations.   Broad discretion is necessary to

28    ensure that defendants are accorded due process of law.   (*People* v. *Fosselman* (1983) 33

                                              3

                                                    _____
                                                    Defendant's Motion For New Trial

69



1  Cal.3d 572, 582.) Thus, the court's authority to grant a new trial is not limited to the grounds
2  specifically enumerated in section 1181.

3

4                              **EVIDENCE AT ISSUE**

5          During the trial the defense presented evidence of numerous other hearings and findings
6  that took place in a related civil matter. There was also documents presented by both sides that
7  were taken from those hearings. Among those exhibits was "People's exhibit #3" this was a
8  stipulation taken from a prior civil hearing. The document set forth reasons for a continuance
9  but also stated that the existing protective order was quashed and that if the parties wanted a
10 new order they would be required to come back to court and file a new request. Just below
11 that in a hand written section there was language stating the protective order was to remain in
12 effect for six months.

13         This stipulation was introduced by the prosecution in our matter. The defense presented
14 evidence throughout the trial that at the very least the order was ambiguous. In fact, even the
15 responding officer, Officer Gonzalez, testified that he had not previously seen the stipulation
16 but if he had seen it that day he would have had some doubt as to whether there was a valid
17 protective order.

18         This ambiguity becomes relevant because time and again our courts have found "Any
19 ambiguity in a decree or order must be resolved in favor of an alleged contemnor." In re Blaze
20 (1969) 271 Cal. App 22d 210, 212. *See also Koshak v. Malek* (2011) 200 Cal.App. 4th 1540.
21 There are numerous cases with the same proposition. Due process demands that in order for a
22 protective order to valid the terms of the order must be clear enough for the party to
23 understand.

24         In the matter before the court there is not just the ambiguity of the stipulation but a
25 separate hearing that took place just days before the incident here, wherein a bench officer
26 advised Ms. Gallian that "it all stops today."  A partial transcript of that proceeding was
27 introduced as defense exhibit #B. The prosecution was quick to point out that the transcript
28 goes on to state that the parties were not sure if they could file the documents necessary to

                                        4

                                        _____
                                        Defendant's Motion For New Trial

                                                                    70

1  quash the protective order that day. However, at the very least this statement by the court adds

2  fuel to the fire that there were questions about whether the order was still in effect.

3

4

5

6            **MOTION TO SET ASIDE VERDICTS AS TO COUNT 1 AND 2**

7

8                          **CONCLUSION**

9        Jamie Gallian respectfully requests that this Court grant his motion for a new trial and to

10  set aside verdicts.

11

12  Dated:                                    Respectfully Submitted,
                                              FRANK DAVIS
13                                            Orange County Alternate Defender

14

15

16  Receipt of the above motion                RICARDO VALLEJO
    Is hereby acknowledged:                    Deputy Alternate Defender
17  TODD SPITZER
    By:
18  Dated:

19

20

21

22

23

24

25

26

27

28

                              5

                                       _____
                                       Defendant's Motion For New Trial

# EXHIBIT 6

1. 18WM05278 Amended Probation Report 12-12-2019
2. 12-12-2019 Reporter's Transcript of Sentencing Hearing.

72

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE
WEST JUSTICE CENTER
8141 13th Street, Westminster, CA 92683.

## AMENDED PROBATION ORDER

Defendant Name: **Gallian, Jamie Lynn**                    Case No: **18WM05278**

Address:        16222 MONTEREY Lane 376,                  Date Sentenced: 12/12/19
                Huntington Beach, CA 92649 USA.

AKAs:           Barclay, Jamie Lynn ; Gallian, Jamie Lynn ; Gallian-Pierpoint,
                Jamie ; Peters, Jamie Lynn

DOB:     11/16/1962      Sex: F     Hair: Brown      Height:   5' 8"
DLN:     V8040742 CA                Eyes: Blue       Weight:   120

Violation Date:   03/27/18                           BAC:
Prosecuting Atty: Gully, Gerard                      BKG #:
Issuing Agency:   Orange County District Attorney    DR #:     18-004287

Date of Order: 12/12/19   Judicial Officer: McConville, Thomas S.   Dept: W17

Charging Doc:   Original Complaint

| CNT | OL | CHARGE | CNT | OL | CHARGE |
|-----|----|--------|-----|----|--------|
| 1   | M  | 166(a)(4) PC | 2 | M | 166(a)(4) PC |

Notice of motion and motion for new trial; motion to set aside verdict; points and
authorities in support thereof filed.

Oral motion by Defense  to stay sentencing due to appeal

Victim Impact Statement filed.

Oral motion by Defense  if defendant can serve Community Service in lieu of
Caltrans

Defendant waives statutory time for Sentencing .

No legal cause why judgment should not be pronounced and defendant having
Found Guilty by Jury to count(s) 1,2 , Imposition of sentence is suspended and
defendant is placed on 3  Year(s)  INFORMAL PROBATION on the following terms
and conditions:

Violate no law.

Obey all orders, rules, and regulations, and directives of the Court and Jail .

Submit your person and property including any residence, premises, container, or
vehicle under your control, including electronic devices , to search and seizure at
any time of the day or night by any law enforcement officer, probation officer, or
mandatory supervision officer with or without a warrant, probable cause or
reasonable suspicion.

Do not own, purchase, receive, possess, or have under your custody or control any
type of dangerous or deadly weapon, firearm, ammunition, and ammunition
feeding devices, including but not limited to magazines   .

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE
WEST JUSTICE CENTER
8141 13th Street, Westminster, CA 92683.

## AMENDED PROBATION ORDER

Defendant Name: **Gallian, Jamie Lynn**                    Case No: **18WM05278**

Hearing re: Firearms Relinquishment set on 12/26/2019 at 08:30 AM in Department W3 .

Use true name and date of birth only at all times.

Disclose terms and conditions of probation when asked by any law enforcement or probation officer.

Pay mandatory state restitution fine of $150.00 pursuant to Penal Code 1202.4 or Penal Code 1202.4(b).

Pay $40.00 Court Operations Fee per convicted count pursuant to Penal Code 1465.8.

Pay Criminal Conviction Assessment Fee per convicted count of $30.00 per misdemeanor/felony and $35.00 per infraction pursuant to Government Code 70373(a)(1).

Defendant ordered to report to the West Collections Department forthwith. Defendant ordered to cooperate with and pay as directed by the Collections Department.

Serve 30 Day(s)   Orange County Jail as to count(s) 1,2 .

Credit for time served: 1 actual, 1 conduct, totaling 2 days pursuant to Day-for-day

30 days Jail as to count(s) 1,2 imposed on 12/12/2019 stayed until 12/16/2019 at 07:00 PM Orange County Jail   . Defendant to report as ordered.

Oral motion by Defense for home monitoring

Pay restitution in the amount as determined by Victim Witness as to count(s) 1,2 plus 10% interest from date of loss per year and administrative fees.

Defendant ordered to report to Victim Witness office forthwith    .

Complete and return Statement of Assets form as to count(s) 1,2 to court by 12/12/2019 .

Do not have any contact with the victim(s) directly, indirectly, or through a third party except an attorney of record.

No contact with Janine Jasso and Arielle Jasso, victims.

Stay 100 yards away from 16025 Warmington Lane, Huntington Beach, CA

Court grants booking fees paid to Orange County Sheriff Department $235.00 .

Request for Booking Fees filed.

Defendant accepts terms and conditions of probation.

Defendant ordered to report to Collections Department, Victim Witness Office forthwith .

74

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE
WEST JUSTICE CENTER
8141 13th Street, Westminster, CA 92683.

## AMENDED PROBATION ORDER

Defendant Name: **Gallian, Jamie Lynn**                    Case No: **18WM05278**

Original Copy of Prohibited Persons Relinquishment Form  forwarded to  Probation
Department

Defendant not present in Court represented by Rick  Vallejo  , Alternate Defender .

Oral motion by Defense  to change jail stay date back to 1/31/20.  Motion granted

Probation on count(s) 1,2 modified as follows:

30 days Jail as to count(s) 1,2 further stayed to 01/31/2020 at 07:00 PM .  This
modifies the commitment dated 12/16/2019 .  Defendant to report to Orange
County Jail as ordered.

All other  terms and conditions of probation are to remain the same.

Notice to Sheriff issued.

842

```
 1        WESTMINSTER, CALIFORNIA - THURSDAY, 12 DECEMBER 2019
 2                        MORNING SESSION
 3                   (PROCEEDINGS IN OPEN COURT)
 4        (Call to order at 8:39 a.m.)
 5            THE COURT:  -- everyone.
 6            MR. GULLY:  Good morning, Your Honor.
 7            THE COURT:  We're here on the record in the
 8   case of People v. Jamie Gallian, Case 18WM05278.
 9   Appearances, please.
10            MR. GULLY:  Gerard Gully for the People.
11            MR. VALLEJO:  Rick Vallejo, Deputy Alternate
12   Defender, with Ms. Gallian.  She's present, Your Honor.
13            THE COURT:  Okay.  We're here for purposes of
14   sentencing in this matter.  Any reason why we can't
15   proceed today with sentencing?
16            MR. GULLY:  None from the People.
17            MR. VALLEJO:  Only the -- I did file a new
18   trial motion with the court, Your Honor.
19            THE COURT:  Yes.  So the new trial motion, I
20   have received it, I have reviewed it, and it's similar
21   to a motion you made during the course of our trial is
22   my recollection.  Although you raise interesting issues,
23   I'm not persuaded, and the Court will deny
24   (indiscernible).
25            Okay.
26            MR. VALLEJO:  With that then, Your Honor, we
```

843

1   are ready to proceed.  I did speak to Ms. Gallian this

2   morning.

3           THE COURT:  Yes.

4           MR. VALLEJO:  It was our request that the

5   Court, if the Court wanted to proceed with sentencing

6   today, the Court sentence and then stay the sentence

7   pending her appeal in the matter.  I do have a notice of

8   appeal that I was intending to file.

9           THE COURT:  Okay.  Well, we'll -- if we -- if

10  we get there, we'll get there, but I (indiscernible)

11  we'll have to -- once a notice of appeal is filed I have

12  different obligations, so we'll take that up at the time

13  (indiscernible) after sentencing.

14          Okay.  So, Mr. Gully, are any victims present

15  who wish to be heard?

16          MR. GULLY:  Yes, Your Honor.  Ms. Jasso is

17  present and has submitted a written victim impact

18  statement.  I -- is the Court in receipt of that?

19          THE COURT:  Yes, I am.

20          MR. GULLY:  Okay.  And Ms. Jasso, I believe,

21  would like to speak as well on the record.

22          THE COURT:  Yes.

23          MR. GULLY:  Is that correct?

24          UNIDENTIFIED SPEAKER:  No.

25          MR. GULLY:  Okay, that's fine.  Then we have

26  the written victim impact statement. She doesn't appear



www.escribers.net | 800-257-0885

77

844

1  to wish to speak right now.

2        THE COURT:  Okay.

3        So let's start with you, Mr. Vallejo, please.

4        MR. VALLEJO:  We're prepared to submit, Your

5  Honor, at this point as well.  The one -- I guess the

6  one thing that we would note for the record is that I

7  did notice in the People's sentencing brief there was a

8  request for Caltrans work.

9        Ms. Gallian actually is on disability at the

10 moment.  She was injured, as the Court may or may not

11 know, in an incident with the alleged victim's husband,

12 wherein he committed a battery upon her.

13       At this point she's been on disability for

14 several months.  Hasn't been able to work during that

15 time period.  So a Caltrans at this point, I don't

16 believe physically is something that she can possibly

17 do.

18       I will let the Court know that Ms. Gallian has

19 on her own gone out and found a senior center where she

20 can volunteer, if the Court is so inclined to grant her

21 community service, that would be the request to convert

22 that Caltrans to community service work and see if she

23 can perform the -- that work as community service.

24       THE COURT:  So I'm at loss, I don't have a

25 sentencing brief on behalf of the People.

26       MR. GULLY:  I apologize, Your Honor.  I have



www.escribers.net | 800-257-0885

78

845

1  one filed November 2nd, I'd like to -- permission to

2  approach?

3          THE COURT:  Yes.

4          MR. GULLY:  Your Honor, may I respond to that

5  last comment there, to correct something?

6          THE COURT:  Yes.

7          MR. GULLY:  Your Honor, as a member of the

8  office who's filed the case involving Ms. Gallian as a

9  victim, I can rely the facts to the Court as -- the

10 alleged facts are that Ms. Jasso's husband slapped a

11 phone out of Ms. Gallian's hands.  There is no possible

12 way that has caused any sort of injury on Ms. Gallian.

13         And while I am not handling that case, due to

14 my handling of this case, I am aware of its facts, so

15 I'm not sure what possible injury Ms. Gallian could be

16 alleging when the conduct is a phone was slapped out of

17 her hand.

18         THE COURT:  Okay.  (Indiscernible)

19         MR. VALLEJO:  She has medical reports as well,

20 Your Honor, if the Court would like to see them.

21     (Pause)

22         THE COURT:  Okay.  All right.

23         Ms. Gallian, do you have any -- I have to hear

24 it directly from you.  You consulted counsel,

25 (indiscernible) decided you wanted to speak directly to

26 me, but I want to afford you the opportunity, speaking



www.escribers.net | 800-257-0885

79

846

1  directly.  But again, you talked to counsel before you

2  decided whether or not you wanted to talk to me

3  directly?

4      (Defense counsel and Defendant confer)

5          MR. VALLEJO:  Oh, she does have a friend and

6  roommate who would like to speak on her behalf as

7  well --

8          THE COURT:  Yes.

9          MR. VALLEJO:  -- if the Court's willing to hear

10  it?

11          THE COURT:  Sure, absolutely.

12          MR. VALLEJO:  Sir.

13          THE COURT:  All right, sir.  Could you

14  introduce yourself, please.

15          MR. MCLELLAND:  Robert McLelland.

16          THE COURT:  Mr. McCullough (sic).

17          MR. MCLELLAND:  McLelland.

18          THE COURT:  McLelland.  So, Mr. McLelland,

19  we're here for the sentencing of Ms. Gallian.  Anything

20  you have that would -- could you spell your last name,

21  please?

22          MR. MCLELLAND:  M-C-L-E-L-L-A-N-D.

23          THE COURT:  All right. Mr. McLelland, anything

24  that you have that you'd like to advise the Court that

25  would help me in my decision as to what sentence to

26  impose?



www.escribers.net   800-257-0885

80

847

1          MR. MCLELLAND:  I've known Ms. Gallian for

2    approximately three years and she's always been an

3    upstanding individual from my observations.  And I would

4    ask the Court that -- not to impose any jail time, as I

5    think that's a little above and beyond what she deserves

6    if that's okay with the Court.

7          THE COURT:  Okay.

8          MR. MCLELLAND:  (Indiscernible) As soon as I've

9    known her she's had outstanding character and maintained

10   her job until she went on disability.  She was a good

11   employee for the airlines and that's it, I think.

12         THE COURT:  Okay.  All right.  And I appreciate

13   you being here today.

14         MR. MCLELLAND:  Oh, thank you.

15         MR. VALLEJO:  I think Ms. Gallian has a

16   statement for the Court's --

17         THE COURT:  All right.  Ms. Gallian, please.

18         You don't have to (indiscernible) I appreciate

19   (indiscernible) formalities (indiscernible) but

20   (indiscernible)

21         THE DEFENDANT:  And I've been -- I'm 57 years

22   old.  I'm the mother of a -- single mother since my

23   youngest son was 5 years old, my oldest is now 38.  I

24   have three college-educated children.  I have lived in

25   the community my entire life.  I have been a public -- I

26   have worked in the public sector my entire life.



www.escribers.net | 800-257-0885

81

I started out at 15 years old as a grocery store box person and after that had children and owned my businesses here in Orange County and when my parents died I went to flight school and I've been a flight attendant for over 20 years.

I have a perfect record. I do not have one customer complaint in my job as a flight attendant. I travel all over the world. I have un -- I have unescorted access to every single airport in the world.

And I would like to truly apologize to the Court for this incident.

And I would like to apologize to Ms. Jasso and her family. It's a horrible time when you are -- have a person that is -- that is ill. I know what it's like to be -- to watch people that you believe were victimized.

I have -- my job is my life. I value it. It's my source of income. And I have never had, except for a parking ticket in 2014, I have an extremely clear record, and I am proud of that.

I live in a senior community, 55 and over, not because I -- they're my family. I lost my parents when I was 32 years old, within 6 months of each other. One died of sepsis in the emergency room; the other died in a car accident.

I would ask the Court to consider that I accept full responsibility for what I did. And I would ask

849

1  them to -- you to spare me.  I do not want to lose my

2  job, a 20-year career, that I have had, and most

3  importantly, I'm ashamed, because I had to tell my

4  children yesterday that their mom might not come home,

5  and I was horrified and scared.

6           THE COURT:  Anything further, seems like you're

7  pausing to gather yourself.  (Indiscernible) Just want

8  to confirm that you're (indiscernible).

9           THE DEFENDANT:  I had -- I got a call yesterday

10  from United Airlines.  I haven't spoken to Mr. Vallejo

11  since we were at the -- the jury trial verdict that was

12  read.  Mr. Vallejo was unaware that I asked my doctor to

13  return me to flying status.  I did my 18-year -- 18-

14  hours of getting qualified and since 9/11, the last time

15  I had fingerprinting was in 2002.

16           And my fingerprints were sent to United a few

17  days ago to assign my badge to me again.  They are

18  waiting to see whether they need to terminate me today.

19  And I would beg the Court, because my -- they pulled my

20  fingerprints through the FBI and because of the August

21  7th incident where I was put in jail for 12 hours.

22           If there was anything that you could do to --

23  so I could still have my job and be able to make my

24  house payments and rent I would be thank -- very

25  thankful, and you will never, ever see me in this

26  courthouse again.  Thank you.



83

850

1          THE COURT:  Mr. Vallejo, anything else from

2   you?

3          MR. VALLEJO:  I mean, Your Honor, I don't think

4   I could say anything that to -- you know, to top what

5   Ms. Gallian has just said.  I would just note for the

6   record that she's right, she's never been in trouble

7   before until these incidents that, you know, were

8   spawned by this homeowners dispute, you know, and

9   however it started, this is the point that we're at now.

10         I do note that she has raised three children,

11  who likewise have never been in trouble with the law.

12  She's lived her entire life without contact with law

13  enforcement until, you know, a couple of years ago, when

14  these incidents began.

15         And I would just note for the Court that it was

16  not -- these incidents are not one-sided, I think on

17  both sides there is, there was animosity in this

18  homeowners association and Ms. Gallian was subjected to

19  some of that animosity.

20         She's never had any issues at her employment

21  and I know that it means, aside from her kids, I know

22  that that job means the world to her.  And the Court

23  remembers she showed up to trial in her uniform for a

24  few days of our trial.  So I know that that is her

25  identity.

26         And likewise I'd submit on the mercy of the



www.escribers.net | 800-257-0885

84

851

1    Court and ask if there's anything the Court would be

2    willing or able to do to assist her at this point, we

3    would ask for that, and I will submit to you.

4           THE COURT:  Yes.

5           Mr. Gully?

6           MR. GULLY:  Yes, Your Honor.  I've been advised

7    that there are members of the community who may wish to

8    make statements.  Will the Court be willing to hear

9    presumably brief statements from a member of the

10   community?

11          THE COURT:  Yes.

12          All right.  Please tell me who you are.

13          MS. BOYLE:  Yes.  My name is Debbie Boyle.

14          THE COURT:  Spell the last name, please.

15          MS. BOYLE:  B-O-Y-L-E.

16          THE COURT:  Okay.

17          MS. BOYLE:  I am a member of the Gables

18   community.  I am a, excuse me, Master's prepared

19   (indiscernible) specialist, who also has had a elder

20   abuse restraining order against Ms. Gallian, when she

21   came to my home and threatened me.

22          I have witnessed her stalking the entire Jasso

23   family for nearly two years, relentlessly.  And the

24   psychological abuse that she has imposed on this family

25   is formidable.  In particularly of the child, Arielle,

26   who at times spends time at my home.



www.escribers.net | 800-257-0885

85

852

1        She is unable to go to school by herself.  Ms.

2   Gallian has friends waiting at the school that require

3   the teacher to come out and escort this seven-year-old

4   child into her class.  When she talks to me, she

5   addresses her days as if this is a day mom has to go to

6   court.  Her whole world has been turned upside down

7   because of the psychological abuse that Ms. Gallian has

8   imposed on this child, relentlessly.

9        She has changed the entire complexion of our

10  community because of her abuse of this family.

11       I myself in the past have been a psychiatric

12  nurse and what I see in Ms. Gallian's behavior, to me is

13  testimony to significant pathology.  She -- people have

14  tried to talk to her and have her stop this behavior,

15  which has not occurred.

16       She has imposed a threat to not only the Jasso

17  family, but to the entire Gables community.

18       I ask that you think about the psychological

19  distress long-term on not only the entire family, but

20  particularly on this child, who is an innocent part of

21  Ms. Gallian's pathology.

22       Thank you, Your Honor.

23       THE COURT:  Thank you, Ms. Boyle.

24       Anything else?

25       MR. GULLY:  Anyone else?  There does not appear

26  to be.



853

1          THE COURT: All right.  Mr. Gully, do you want

2   to be heard?

3          MR. GULLY:  Yes, Your Honor.

4          The People can vouch for the continued course

5   of conduct as noted in the sentencing brief.  The People

6   are aware of no fewer than 22 other instances of this

7   sort of conduct that's been provided over to Defense in

8   discovery.

9          Additionally, during the pendency of this case,

10   the Court itself has found Ms. Gallian in violation of

11   the stay-away order that it made, terms of

12   (indiscernible) five times (indiscernible), once in

13   front of Judge (indiscernible), three times with Judge

14   Haskins, and once with yourself, Your Honor.

15          This is a repeated course of conduct.  This

16   isn't just one bad day.  This is a systemic effort by

17   Ms. Gallian to harass this family and we believe that is

18   a factor in aggravation.

19          Several of the instances the Court found Ms.

20   Gallian in violation of her terms of bail, but chose not

21   to impose punishment.  And Ms. -- Judge Haskins did

22   impose bail and take her into custody for the 12 hours

23   referenced.

24          But other than that this repeated course of

25   conduct doesn't seem to have been met with any

26   consequences for Ms. Gallian yet and this is the time of



854

1    any -- if any, to impose consequence on Ms. Gallian.  We

2    believe the People's sentencing recommendation is fair

3    and that the Defendant should have some sort of

4    consequence for her actions.

5         THE COURT:  Okay.

6         So it is -- I've heard and read and considered

7    everything and I believe what's important to note is

8    that the factors that I will be considering in imposing

9    the sentence are several, but among them are the need to

10   protect society, the need to punish Ms. Gallian, and the

11   need to encourage her to lead a law abiding life in the

12   future.

13        Part of the things I will consider in imposing

14   the sentence is Ms. Gallian's performance while on

15   pretrial release and the repeated violations of court

16   orders that Ms. Gallian engaged in while on pretrial

17   release.

18        So with that in mind, I hear and understand the

19   reference related to Caltrans and several

20   (indiscernible) 30 days Orange County Jail.  We'll

21   figure out what the report date (indiscernible)

22        I'm going to impose 30 days Orange County Jail.

23   All right.

24        So that will be my ultimate sentence so I'm

25   going to go through the imposition of sentence now so

26   counsel can advise of any terms.  All right.



www.escribers.net | 800-257-0885

88

855

1                          SENTENCING

2           So the Court will -- is imposing sentence on

3    Count I and II.  Count II stayed pursuant to Penal Code

4    § 654.

5           MR. GULLY:  I don't believe so, Your Honor,

6    because it's a separate victim.  654 doesn't apply when

7    it's one crime against two victims.

8           THE COURT:  Okay.  You -- so we'll impose the

9    following sentence on Counts I and II.  You're to serve

10   three years of informal probation on Counts I and II.

11   You violate no laws.  Obey all orders and rules of the

12   Court, probation department, and jail.

13          You're to submit your person and property and

14   any residence, premises, container, or vehicle under

15   your control including electronic devices to search and

16   seizure at any time of day or night by any law

17   enforcement officer, probation officer, or mandatory

18   supervision officer with or without a warrant, probable

19   cause or reasonable suspicion.

20          Any other terms you would like the Court to

21   consider, Mr. Gully?

22          MR. GULLY:  The prohibition on owning a weapon

23   for the duration of probation seems appropriate.

24          THE COURT:  You're to not own, purchase,

25   receive, possess or have in your custody or control any

26   type of dangerous or deadly weapon, firearm, ammunition,



856

1  ammunition feeding devices, including but not limited to

2  magazines for the duration of probation.

3        You're to -- we're going to set a

4  relinquishment hearing for when?

5        THE CLERK:  (Indiscernible)

6        THE COURT:  (Indiscernible)

7        THE CLERK:  I don't have firearms

8  (indiscernible)

9        THE COURT:  Well, I'm imposing one now so we

10  need to set a hearing.

11        THE CLERK:  Oh, you want -- okay.

12        THE COURT:  Yes.

13        THE CLERK:  So then that would be December

14  26th.

15        THE COURT:  December 26th, is that what you

16  said?

17        THE CLERK:  Yes.

18        THE COURT:  Is that -- are we open on that day?

19        THE CLERK:  (Indiscernible)

20        THE COURT:  All right.  So December 26th --

21        THE CLERK:  Yes, we are.

22        THE COURT:  -- will be the date of the hearing

23  on whether or not you have released your firearms.

24  Counsel will help get a form in advance, and then

25  assuming that form comes back, basically someone does a

26  background check on you and they confirm that you don't

857

1    have a firearm, then we'll take that off the calendar.

2    Okay.

3              You're to use your true name and date of birth

4    at all times, and you're to disclose your terms upon

5    request of a probation or law enforcement officer.

6              You're to pay $150 per count on the State

7    restitution fine, $150 for a probation revocation

8    restitution fine, but that restitution fine is stayed

9    and will be effective if your probation is ever revoked.

10             You're to pay a $30 criminal conviction

11   assessment fee per count, $40 court operation fee per

12   count, and you're to pay the booking fees requested by

13   the sheriff's department in an amount of $235.

14             These fines and fees will be paid through

15   collections so you're to report to collections at the

16   conclusion (indiscernible).

17             (Indiscernible) set a terminal date

18   (indiscernible) fines have been paid or just say --

19             THE CLERK:  No, (indiscernible)

20             THE COURT:  Okay.

21             You're to serve 30 days in Orange County Jail

22   on Counts I and II, with credit for -- what do we have,

23   1 day?

24             MR. VALLEJO:  One day.

25             MR. GULLY:  One.

26             THE COURT:  One day actual, one day good time,



858

1   for credit of two days.  Jail will be stayed until --

2          MR. VALLEJO:  Your Honor, will the Court give

3   her till January 31st --

4          THE COURT:  Yes.

5          MR. VALLEJO:  -- so that she can wrap up loose

6   ends?  Thank you.

7          THE COURT:  Yes, to January 31st 2020, at what

8   time, 5:00 p.m. -- 4:00 p.m.?

9          MR. VALLEJO:  I think it's 7:00.

10         THE CLERK:  7:00 p.m., Your Honor.

11         THE COURT:  7:00 p.m.

12         THE CLERK:  Yes.

13         THE COURT:  Then you report to the Orange

14   County Jail I take it; is that correct?

15         MR. VALLEJO:  It's the IRC for women, Your

16   Honor.  Yes.

17         THE COURT:  IRC, yes, Orange County Jail Intake

18   and Release Center.

19         THE DEFENDANT:  Your Honor, may I have home

20   monitoring?

21         THE COURT:  No.

22         Is there any restitution, Mr. Gully?

23         MR. GULLY:  Your Honor, I believe we can do it

24   to be determined by victim witness if there is any.

25         THE COURT:  All right.  If there is any

26   restitution, it will be determined by victim witness and

escribers

www.escribers.net  |  800-257-0885

92

859

1    you'll pay that amount if determined with a rate at ten

2    percent from the date of loss.

3            And you're to submit a new financial disclosure

4    form if money is still owing on the restitution order or

5    fine 120 days before the scheduled release from

6    probation.  You're to file the form with the Court at

7    least 90 days before the scheduled release from

8    probation.

9            You're to have no contact with Janine Jasso and

10   Arielle Jasso, and is there a hundred yards, and you're

11   to stay a hundred yards away from 16025 Warmington Lane

12   in Huntington Beach, California.

13           All right.  Any other terms, Mr. Gully, that

14   you'd like the Court to consider?

15           MR. GULLY:  I believe those are all the terms

16   we requested.

17           THE COURT:  Okay.

18           MR. GULLY:  Yes, Your Honor.

19           THE COURT:  And you're to report forthwith to

20   collections, victim witness.

21           Anywhere else?

22           MR. GULLY:  Collections, victim witness, and I

23   believe the probation department to schedule a turn-in

24   date or to work that out.

25           THE COURT:  Already scheduled a report date.

26           MR. GULLY:  Then I think -- I believe those



93

860

1    would be the only locations.

2          THE COURT:  Okay.  So that's the sentence that

3    I'm imposing.  All right.  So the protect -- there is a

4    protective order in place, Mr. Gully, yes?

5          MR. GULLY:  There was a 136.2 protective order

6    for the pendency of the case, that will terminate as an

7    operation of law now, and I don't believe -- we cannot

8    legally request a new one --

9          THE COURT:  All right.  So --

10          MR. GULLY:  -- (indiscernible).

11          THE COURT:  -- it goes away, and I've issued

12    the terms that I believe are applicable in terms of the

13    probationary period.  Okay.

14          So, Ms. Gallian, that's my sentence.  I'm now

15    going to advise you of your appellate rights.  You have

16    the absolute right to appeal from the judgment and

17    sentence that I've imposed.  That means if you wish to

18    file an appeal, you have to file a notice of appeal

19    within 30 days of this date.

20          An appeal is not filed within 30 day -- if your

21    notice is not filed within 30 days of today, you would

22    forfeit your right to file an appeal.

23          Must be in writing and signed by your attorney,

24    filed in the trial court.  You must specify what you're

25    appealing from and whether it's the whole judgment or

26    part of the judgment.  If you appeal and do not have the



861

1    financial ability to retain the services of an attorney

2    to represent you on appeal, the appellate authorities

3    will appoint counsel to represent you.

4            Okay.  So do we have to do anything as it

5    relates to the notice of appeal issue on file, or that

6    you're going to file?

7            MR. VALLEJO:  I'll take care of that part, Your

8    Honor.

9            THE COURT:  Okay.  (Indiscernible) the court

10   gave her sufficient time, I think that'll give you an

11   opportunity to file that.  All right.  Anything else for

12   either side?

13           MR. GULLY:  No, Your Honor.

14           MR. VALLEJO:  No, Your Honor, other than the

15   Prop (sic) 63 form, I think the gun form, I think --

16           THE COURT:  You have to fill that form out.

17   Yes.

18           MR. VALLEJO:  Yeah.

19           THE COURT:  All right.  Ms. Gallian, I hope we

20   don't see you again, that's my hope.  All right.  Good

21   luck to you.

22           THE CLERK:  (Indiscernible) bond.

23           THE COURT:  Pardon me.

24           THE CLERK:  (Indiscernible) bond

25   (indiscernible)

26           THE COURT:  I think the bond is going to remain

862

1    in effect until she reports.

2         THE CLERK:  (Indiscernible)

3         THE COURT:  (Indiscernible) bond's going to

4    remain in effect until she reports.

5         THE CLERK:  Okay.

6         THE COURT:  Because if she files a notice of

7    appeal you're going to (indiscernible) bond for appeal

8    anyway.

9         MR. VALLEJO:  That's true, yeah.  Okay.

10        THE COURT:  So we're going to leave that in

11   effect.

12        MR. VALLEJO:  Okay.  Thank, Your Honor.

13        THE COURT:  Thank you.

14      (Proceedings concluded at 9:07 a.m.)

15

16

17

18

19

20

21

22

23

24

25

26

escribers
www.escribers.net  |  800-257-0885

96

## CERTIFICATION

I, Debbie Shea, a court-approved proofreader, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above entitled matter, to the best of my professional skills and abilities.

TRANSCRIPTIONISTS:    Susan L. Cohen; Brian Shea;
Nicole Ferguson; Joseph
Burstein; Nicole Horton-Ellis;
Candice Hobbs

Debbie Shea
Proofreader

February 24, 2020



97

# EXHIBIT 7

1.   18WM05278 Minutes 4/25/2018-6/1/2022

98

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 04/25/2018 | Original Complaint filed on 04/25/2018 by Orange County District Attorney. |
| 04/25/2018 | Name filed: Gallian, Jamie Lynn |
| 04/25/2018 | MISDEMEANOR charge of 166(a)(4) PC filed as count 1. Date of violation: 03/27/2018. |
| 04/25/2018 | MISDEMEANOR charge of 166(a)(4) PC filed as count 2. Date of violation: 03/27/2018. |
| 04/25/2018 | At the request of People, case calendared on 06/25/2018 at 08:30 AM in W4 for ARGN. |
| 04/25/2018 | Accusatory pleading filed by the prosecutor pursuant to Penal Code section 959.1. |
| 04/25/2018 | Arraignment Letter filed. |
| 06/25/2018 | Hearing held on 06/25/2018 at 08:30:00 AM in Department W4 for Arraignment. |
| 06/25/2018 | Judicial Officer: Jeremy D. Dolnick, Judge |
| 06/25/2018 | Clerk: M. Ruvalcaba-Lee |
| 06/25/2018 | Bailiff: D. J. DeLeon, SSO |
| 06/25/2018 | Proceedings recorded electronically. |
| 06/25/2018 | People represented by Alexander Shaaban, Deputy District Attorney, present. |
| 06/25/2018 | Defendant not present in Court represented by Michael Sean Devereux, Retained Attorney. |
| 06/25/2018 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 06/25/2018 | Copy of Original Complaint given to defense counsel. |
| 06/25/2018 | Request for Continuance - Misdemeanor filed. |
| 06/25/2018 | Arraignment continued to 07/26/2018 at 08:30 AM in Department W4 at request of Defense. |
| 06/25/2018 | Defendant waives the right to be arraigned today. |
| 06/25/2018 | Defendant waives statutory time for Arraignment. |
| 06/25/2018 | Motion by People requesting bail. |
| 06/25/2018 | Motion argued. |
| 06/25/2018 | Motion denied. |
| 06/25/2018 | Court orders defendant be released on own recognizance on condition(s): No further violation of protective order. |
| 06/25/2018 | Minutes entered by N. Herrera on 06/25/2018. |
| 07/25/2018 | Calendar Line for ARGN transferred from W4 on 07/26/2018 at 08:30 AM to W12 on 07/26/2018 at 08:30 AM. |
| 07/26/2018 | Hearing held on 07/26/2018 at 08:30:00 AM in Department W12 for Arraignment. |
| 07/26/2018 | Judicial Officer: Derek G. Johnson, Judge |
| 07/26/2018 | Clerk: M. Saam |
| 07/26/2018 | Bailiff: C. Soto |
| 07/26/2018 | People represented by Bonnie Nicole Micheil, Deputy District Attorney, present. |
| 07/26/2018 | Defendant not present in Court represented by Michael Sean Devereux, Retained Attorney. |
| 07/26/2018 | Request for Continuance - Misdemeanor filed. |
| 07/26/2018 | Arraignment continued to 08/23/2018 at 08:30 AM in Department W4 at request of Defense. |

EXHIBIT PAGE 0023

99

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 07/26/2018 | Defendant waives statutory time for Arraignment. |
| 07/26/2018 | Court orders defendant is to remain released on own recognizance on condition(s): No further violation of protective order. |
| 07/26/2018 | Minutes entered by L. Y. Lee on 07/26/2018. |
| 08/23/2018 | Hearing held on 08/23/2018 at 08:30:00 AM in Department W4 for Arraignment. |
| 08/23/2018 | Judicial Officer: Jeremy D. Dolnick, Judge |
| 08/23/2018 | Clerk: M. Ruvalcaba-Lee |
| 08/23/2018 | Bailiff: D. J. DeLeon, SSO |
| 08/23/2018 | Proceedings recorded electronically. |
| 08/23/2018 | People represented by Michael Briante, Deputy District Attorney, present. |
| 08/23/2018 | Defendant not present in Court represented by Michael Sean Devereux, Retained Attorney. |
| 08/23/2018 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 08/23/2018 | Counsel acknowledges receipt of the charging document. |
| 08/23/2018 | Defendant waives reading and advisement of the Original Complaint. |
| 08/23/2018 | Request for Continuance - Misdemeanor filed. |
| 08/23/2018 | To the Original Complaint defendant pleads NOT GUILTY to all counts. |
| 08/23/2018 | Pre Trial set on 09/27/2018 at 08:30 AM in Department W18. |
| 08/23/2018 | Defendant enters general time waiver. |
| 08/23/2018 | Defendant ordered to return. |
| 08/23/2018 | Court orders defendant is to remain released on own recognizance on condition(s): No further violation of protective order. |
| 08/23/2018 | Minutes entered by E. Magana on 08/23/2018. |
| 09/27/2018 | Hearing held on 09/27/2018 at 08:30:00 AM in Department W18 for Pre Trial. |
| 09/27/2018 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 09/27/2018 | Clerk: R. Nagle |
| 09/27/2018 | Bailiff: J. Palacios |
| 09/27/2018 | Proceedings recorded electronically. |
| 09/27/2018 | People represented by Dalia M. Wahab, Deputy District Attorney, present. |
| 09/27/2018 | Defendant not present in Court represented by Michael Sean Devereux, Retained Attorney. |
| 09/27/2018 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 09/27/2018 | Victim present in court. |
| 09/27/2018 | Request for Continuance - Misdemeanor filed. |
| 09/27/2018 | Defendant enters general time waiver. |
| 09/27/2018 | Pre Trial continued to 10/31/2018 at 08:30 AM in Department W18 at request of Defense. |
| 09/27/2018 | Court orders defendant is to remain released on own recognizance on condition(s): No further violation of protective order. |
| 10/31/2018 | Hearing held on 10/31/2018 at 08:30:00 AM in Department W18 for Pre Trial. |
| 10/31/2018 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 10/31/2018 | Clerk: R. Nagle |

EXHIBIT PAGE 0024

100

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 10/31/2018 | Bailiff: J. Palacios |
| 10/31/2018 | Proceedings recorded electronically. |
| 10/31/2018 | People represented by Jeremy Hudson, Deputy District Attorney, present. |
| 10/31/2018 | Defendant not present in Court represented by Michael Sean Devereux, Retained Attorney. |
| 10/31/2018 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 10/31/2018 | Original Complaint amended by interlineation to read to vacate the words domestic violence from the complaint. |
| 10/31/2018 | Request for Continuance - Misdemeanor filed. |
| 10/31/2018 | Defendant enters general time waiver. |
| 10/31/2018 | Pre Trial continued to 12/13/2018 at 08:30 AM in Department W18 at request of Defense. |
| 10/31/2018 | Court orders defendant is to remain released on own recognizance on condition(s): No further violations of protective order. |
| 12/13/2018 | Hearing held on 12/13/2018 at 08:30:00 AM in Department W18 for Pre Trial. |
| 12/13/2018 | Judicial Officer: Kevin Haskins, Judge |
| 12/13/2018 | Clerk: D. Phillips |
| 12/13/2018 | Bailiff: R. Garcia |
| 12/13/2018 | Proceedings recorded electronically. |
| 12/13/2018 | People represented by Dustin Chupurdy, Deputy District Attorney, present. |
| 12/13/2018 | Defendant present in Court without counsel. |
| 12/13/2018 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 12/13/2018 | Defendant states she received an email from her attorney saying he quit. |
| 12/13/2018 | Defendant is informed that an email to her is not the process for any attorney to take if they want to withdraw from a case. |
| 12/13/2018 | Defendant requests to represent herself. |
| 12/13/2018 | Defendant advised of the following: |
| 12/13/2018 | - The perils, pitfalls, dangers, and disadvantages of self-representation. |
| 12/13/2018 | - The options she has regarding representation. |
| 12/13/2018 | - The right to a trial by Court or Jury. |
| 12/13/2018 | Defendant agrees to continue the matter with notification being given to her counsel. Court will address her representation at then next hearing. |
| 12/13/2018 | Pre Trial continued to 01/14/2019 at 08:30 AM in Department W18 at request of Defense. |
| 12/13/2018 | Defendant enters general time waiver. |
| 12/13/2018 | Court orders defense counsel to be present on 1/14/2019. |
| 12/13/2018 | Copy of Minute Order mailed to defense counsel, Michael Sean Devereux. |
| 12/13/2018 | Court orders defendant is to remain released on own recognizance on condition(s): No further violation of protective order. |
| 12/13/2018 | Minutes of 12/13/2018 entered on 12/14/2018. |
| 01/14/2019 | Hearing held on 01/14/2019 at 08:30:00 AM in Department W18 for Pre Trial. |
| 01/14/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |

Page 3 of 54

EXHIBIT PAGE 0025

101

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 01/14/2019 | Clerk: R. Nagle |
| 01/14/2019 | Bailiff: J. Palacios |
| 01/14/2019 | Proceedings recorded electronically. |
| 01/14/2019 | People represented by Alexander J. Brown, Deputy District Attorney, present. |
| 01/14/2019 | Defendant not present in Court represented by Michael Sean Devereux, Retained Attorney. |
| 01/14/2019 | Ex-Parte Application to be Relieved filed. |
| 01/14/2019 | Motion granted. |
| 01/14/2019 | Michael Sean Devereux relieved as Counsel of Record. |
| 01/14/2019 | Bench warrant ordered issued and held for the defendant to 01/28/2019, for Pre Trial re: Warrant Hold at 08:30 AM in Department W18. Bail set at $20, 000.00, Mandatory Appearance. |
| 01/14/2019 | Clerk's office to notify defendant at the address listed in the proof of service. |
| 01/14/2019 | Case Processing directed to send notice by letter. |
| 01/16/2019 | Notice of Hearing mailed to Defendant. |
| 01/28/2019 | Hearing held on 01/28/2019 at 08:30:00 AM in Department W18 for Pre Trial Warrant Hold. |
| 01/28/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 01/28/2019 | Clerk: R. Stamm |
| 01/28/2019 | Bailiff: J. Palacios |
| 01/28/2019 | Proceedings recorded electronically. |
| 01/28/2019 | People represented by Alexander J. Brown, Deputy District Attorney, present. |
| 01/28/2019 | Defendant present in Court in propria persona. |
| 01/28/2019 | Warrant issued on 01/14/2019 withdrawn for defendant. |
| 01/28/2019 | Defendant requests to be granted self-representation. |
| 01/28/2019 | Defendant advised of the following: |
| 01/28/2019 | - The perils, pitfalls, dangers, and disadvantages of self-representation. |
| 01/28/2019 | Faretta Waiver filed. |
| 01/28/2019 | The defendant's motion for propria persona (pro per) status has been granted in the criminal case now pending before this court. |
| 01/28/2019 | Jury Trial set on 02/11/2019 at 08:30 AM in Department W18. |
| 01/28/2019 | Defendant ordered to appear. |
| 01/28/2019 | Day 14 of 30 |
| 01/28/2019 | Court orders defendant is to remain released on own recognizance on condition(s): No further violation of protective order. |
| 02/06/2019 | Body Worn Camera Protective Order filed. |
| 02/11/2019 | Hearing held on 02/11/2019 at 08:30:00 AM in Department W18 for Jury Trial. |
| 02/11/2019 | Judicial Officer: Kevin Haskins, Judge |
| 02/11/2019 | Clerk: R. Nagle |
| 02/11/2019 | Bailiff: M. Borgen |
| 02/11/2019 | Proceedings recorded electronically. |
| 02/11/2019 | People represented by Dustin Chupurdy, Deputy District Attorney, present. |

EXHIBIT PAGE 0026

102

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                    06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 02/11/2019 | Message from defendant given to the court. |
| 02/11/2019 | Defendant present in Court in propria persona. |
| 02/11/2019 | Financial Declaration reviewed and filed. |
| 02/11/2019 | Court appoints Public Defender to represent Defendant. |
| 02/11/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 02/11/2019 | Defendant present in court with counsel Sami Saati, Public Defender. |
| 02/11/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 02/11/2019 | Request for Continuance - Misdemeanor filed. |
| 02/11/2019 | Defendant enters general time waiver. |
| 02/11/2019 | Pre Trial set on 04/12/2019 at 08:30 AM in Department W18. |
| 02/11/2019 | Defendant ordered to appear. |
| 02/11/2019 | Oral motion by People for the court to issue a Body Worn Camera protective order. |
| 02/11/2019 | Court orders the Body Worn Camera Protective Order filed on 02/06/2019 approved, issued and in full effect. |
| 02/11/2019 | People submit a protective order to be issued. |
| 02/11/2019 | Defense object to protective order being issued. |
| 02/11/2019 | Court finds there is not good cause to issue a protective order. |
| 02/11/2019 | People represented by Dustin Chupurdy, Deputy District Attorney, present. |
| 02/11/2019 | Defendant present in court with counsel Sami Saati, Public Defender. |
| 02/11/2019 | Futher argument heard as to protective order. |
| 02/11/2019 | Court denies protective order being issued without prejudice. |
| 02/11/2019 | Court orders defendant is to remain released on own recognizance on condition(s): No further violation of protective order. |
| 04/11/2019 | Calendar Line for PT transferred from W18 on 04/12/2019 at 08:30 AM to W13 on 04/12/2019 at 08:30 AM. |
| 04/12/2019 | Hearing held on 04/12/2019 at 08:30:00 AM in Department W13 for Pre Trial. |
| 04/12/2019 | Judicial Officer: Thomas Glazier, Judge |
| 04/12/2019 | Clerk: D. A. Pell |
| 04/12/2019 | Bailiff: D. Rosa |
| 04/12/2019 | People represented by Alliah Sue Bader, Deputy District Attorney, present. |
| 04/12/2019 | Defendant not present in Court represented by Sami Saati, Public Defender. |
| 04/12/2019 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 04/12/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 04/12/2019 | Request for Continuance - Misdemeanor filed. |
| 04/12/2019 | Pre Trial continued to 05/31/2019 at 08:30 AM in Department W18 at request of Defense. |
| 04/12/2019 | Defendant enters general time waiver. |
| 04/12/2019 | Court orders defendant is to remain released on own recognizance on condition(s): No further violation of protective order. |
| 04/12/2019 | Minutes entered by H. Mahnke on 04/12/2019. |

EXHIBIT PAGE 0027

103

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                    06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 04/12/2019 | Later same day; |
| 04/12/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 04/12/2019 | Defendant not present in Court represented by Sami Saati, Public Defender. |
| 04/12/2019 | Pre Trial vacated for 05/31/2019 at 08:30 AM in W18. |
| 04/12/2019 | Jury Trial set on 06/03/2019 at 08:30 AM in Department W18. |
| 04/12/2019 | Court advised counsel to have defendant present at the next court date. |
| 04/12/2019 | Defendant waives statutory time for Jury Trial. |
| 04/12/2019 | Court orders defendant is to remain released on own recognizance on condition(s): No further violation of protective order. |
| 04/17/2019 | At the request of Court, case calendared on 04/17/19 at 08:30 AM in W2 for MH. |
| 04/17/2019 | MH set on 04/17/19 at 08:30 AM in W2 has been cancelled. |
| 06/03/2019 | Hearing held on 06/03/2019 at 08:30:00 AM in Department W18 for Jury Trial. |
| 06/03/2019 | Judicial Officer: Kevin Haskins, Judge |
| 06/03/2019 | Clerk: D. Phillips |
| 06/03/2019 | Bailiff: R. Garcia |
| 06/03/2019 | Proceedings recorded electronically. |
| 06/03/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 06/03/2019 | Defendant present in court with counsel Sami Saati, Public Defender. |
| 06/03/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 06/03/2019 | Defense Motion to Continue (PC 1050) filed. |
| 06/03/2019 | People state they are ready and object to the jury trial being vacated. |
| 06/03/2019 | Victim is present and addresses the Court. |
| 06/03/2019 | Motion granted. |
| 06/03/2019 | Request for Continuance - Misdemeanor filed. |
| 06/03/2019 | Jury Trial continued to 07/17/2019 at 08:30 AM in Department W18 at request of Defense. |
| 06/03/2019 | Defendant waives statutory time for Jury Trial. |
| 06/03/2019 | Day 0 of 10. |
| 06/03/2019 | Court inquires of counsel as to why there is not a protective order on this case. |
| 06/03/2019 | Protective order is argued. |
| 06/03/2019 | People state they have requested a protective order be issued in the past and would again request one if they could. |
| 06/03/2019 | Matter trailed to 1:30 PM. All parties are ordered to return. |
| 06/03/2019 | In open court at 02:55 PM |
| 06/03/2019 | All parties are again present. |
| 06/03/2019 | Defense counsel is not prepared to argue the protective order issue. |
| 06/03/2019 | Oral motion by People for a protective order to be issued |
| 06/03/2019 | Motion argued. |
| 06/03/2019 | Court finds there may be good cause to issue a protective order but agrees with defense counsel that he is entitled to prepare for a hearing regarding this issue. |
| 06/03/2019 | The previous ruling to continue the Jury Trial remains. |

Page 8 of 54

EXHIBIT PAGE 0028

104

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 06/03/2019 | Court finds good cause to continue the Jury Trial based upon the new case and the discovery on this matter. |
| 06/03/2019 | Motion set on 06/10/2019 at 08:30 AM in Department W18. |
| 06/03/2019 | Motion re: Protective Order. |
| 06/03/2019 | Defendant ordered to return. |
| 06/03/2019 | Court orders defendant be released on own recognizance on condition(s): stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA. |
| 06/03/2019 | Minutes of 06/03/2019 entered on 06/04/2019. |
| 06/10/2019 | Hearing held on 06/10/2019 at 08:30:00 AM in Department W18 for Motion. |
| 06/10/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 06/10/2019 | Clerk: R. Nagle |
| 06/10/2019 | Bailiff: J. Palacios |
| 06/10/2019 | Proceedings recorded electronically. |
| 06/10/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 06/10/2019 | Defendant present in court with counsel Sami Saati, Public Defender. |
| 06/10/2019 | Victim present in court. |
| 06/10/2019 | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Terri K Flynn-Peister, Judge in court. |
| 06/10/2019 | Case called. People answer ready. Defense answers ready. |
| 06/10/2019 | Motion reassigned for 06/10/2019 at 09:40 AM in Department W3, Judge Debra Carrillo, Motion Re: Protective Order. |
| 06/10/2019 | Hearing held on 06/10/2019 at 09:40:00 AM in Department W3 for Motion. |
| 06/10/2019 | Judicial Officer: Debra Carrillo, Judge |
| 06/10/2019 | Clerk: C. Pinci |
| 06/10/2019 | Bailiff: A. Cleveland |
| 06/10/2019 | Proceedings recorded electronically. |
| 06/10/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 06/10/2019 | Defendant present in court with counsel Sami Saati, Public Defender. |
| 06/10/2019 | Case came on regularly for Motion to Issue Protective Order. |
| 06/10/2019 | Oral motion by People to issue protective order |
| 06/10/2019 | Defense objects. |
| 06/10/2019 | Defense requests continuance. |
| 06/10/2019 | Request denied. |
| 06/10/2019 | Witness, Janine Jasso, sworn and testified. |
| 06/10/2019 | Start of Exhibit List: for exhibit management purposes. |
| 06/10/2019 | People's Exhibit # 1 ( Document(s) )- Temporary Restraining Order case number 30-2017-00962999 filed 12-22-17 marked for identification. |
| 06/10/2019 | People's Exhibit # 2 ( Document(s) )- Order on Request to Continue Hearing marked for identification. |
| 06/10/2019 | Defense Exhibit # A ( Document(s) )- Google Earth map of condo complex marked for identification. |
| 06/10/2019 | Witness excused. |

EXHIBIT PAGE 0029

105

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
| --- | --- |
| 06/10/2019 | Motion argued. |
| 06/10/2019 | Motion denied. |
| 06/10/2019 | Jury Trial vacated for 07/17/2019 at 08:30 AM in W18. |
| 06/10/2019 | Jury Trial set on 07/31/2019 at 08:30 AM in Department W18. |
| 06/10/2019 | Defendant enters general time waiver. |
| 06/10/2019 | Defendant ordered to appear. |
| 06/10/2019 | Court adds additional conditions to release on own recognizance. |
| 06/10/2019 | Court orders defendant is to remain released on own recognizance on condition(s): 1.) stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter. |
| 06/10/2019 | End of Exhibit List: for exhibit management purposes. |
| 06/14/2019 | Request for Copy Of Electronic Recording received. |
| 06/14/2019 | Pay FEE of $10.00 Electronic Recording Monitor Fee pursuant to GC 26831. |
| 06/14/2019 | Remittance from receipt # 17009951 received in the amount of $ 10.00. |
| 06/14/2019 | Correspondence from Defendant filed. |
| 06/18/2019 | Case referred to W18 for review. |
| 06/19/2019 | Hearing held on 06/19/2019 at 09:00:00 AM in Department W18 for Chambers Work. |
| 06/19/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 06/19/2019 | Clerk: C. E. Garcia |
| 06/19/2019 | No appearance by parties. |
| 06/19/2019 | Defendant submitted documents on 6-14-19 to the clerk's office and requested a Marsden hearing. The documents were mistakenly sent to W18 as chamber work. The Court did not read anything and returned to documents to the clerk's office for processing. |
| 06/19/2019 | Notice to be given to both sides that the Court received this information but did not read or review. |
| 06/19/2019 | Documents to be maintained in a sealed envelope until the next hearing on 7-31-19 |
| 06/19/2019 | Minutes entered by C. Garcia on 06/19/2019. |
| 06/19/2019 | Notice to defendant issued. |
| 06/21/2019 | Notice to defendant printed and mailed to defendant, and Public Defender. |
| 06/25/2019 | Additional documentation being held by Supervisor C. Garcia |
| 06/26/2019 | At the request of Defense Counsel, case calendared on 06/26/19 at 08:30 AM in W18 for HRG. |
| 06/26/2019 | Hearing held on 06/26/2019 at 08:30:00 AM in Department W18 for Hearing. |
| 06/26/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 06/26/2019 | Clerk: R. Stamm |
| 06/26/2019 | Bailiff: J. Palacios |
| 06/26/2019 | Proceedings recorded electronically. |
| 06/26/2019 | People represented by Bradley R Walker, Deputy District Attorney, present. |
| 06/26/2019 | Deepesh K Pandit makes a special appearance for Sami Saati, Public Defender, Defendant not present. |
| 06/26/2019 | Oral motion by Defense the release of sealed documents. |
| 06/26/2019 | No objection by the People. |

106

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 06/26/2019 | Motion granted. |
| 06/26/2019 | Sealed documents maintain by Clerks Office given to Deputy Public Defender Sami Saati this date at 3:18 PM. |
| 06/26/2019 | Jury Trial for 07/31/2019 08:30 AM in W18 to remain. |
| 06/26/2019 | Court orders defendant is to remain released on own recognizance on condition(s): 1.) stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter.. |
| 07/29/2019 | At the request of Defense Counsel, case calendared on 07/29/19 at 08:30 AM in W12 for HRG. |
| 07/29/2019 | HRG set on 07/29/19 at 08:30 AM in W12 has been cancelled. |
| 07/29/2019 | At the request of Defense Counsel, case calendared on 07/29/19 at 08:30 AM in W18 for HRG. |
| 07/29/2019 | Hearing held on 07/29/2019 at 08:30:00 AM in Department W18 for Hearing. |
| 07/29/2019 | Judicial Officer: Kevin Haskins, Judge |
| 07/29/2019 | Clerk: D. Phillips |
| 07/29/2019 | Bailiff: R. Garcia |
| 07/29/2019 | Proceedings recorded electronically. |
| 07/29/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 07/29/2019 | Defendant not present in Court represented by Sami Saati, Public Defender. |
| 07/29/2019 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 07/29/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 07/29/2019 | Notice of Motion and Motion to Continue Trial received, not filed. |
| 07/29/2019 | Court read and considered Notice of Motion and Motion to Continue Trial. |
| 07/29/2019 | Objection by the People People state the victim is present and would like to address the court.. |
| 07/29/2019 | Motion will not be heard today. |
| 07/29/2019 | Defense Motion to Continue (PC 1050) filed. |
| 07/29/2019 | Motion re: Continuance set on 07/31/2019 at 08:30 AM in Department W18. |
| 07/29/2019 | Jury Trial for 07/31/2019 08:30 AM in W18 to remain. |
| 07/29/2019 | Janine J., Victim, present in court. |
| 07/29/2019 | Victim addresses the court. |
| 07/29/2019 | Court orders defendant is to remain released on own recognizance on condition(s): 1.) stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter. |
| 07/31/2019 | Hearing held on 07/31/2019 at 08:30:00 AM in Department W18 for Motion Continuance. |
| 07/31/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 07/31/2019 | Clerk: R. Nagle |
| 07/31/2019 | Bailiff: J. Palacios |
| 07/31/2019 | Proceedings recorded electronically. |
| 07/31/2019 | People represented by Bradley R Walker, Deputy District Attorney, present. |
| 07/31/2019 | Defendant present in court with counsel Sami Saati, Public Defender. |

EXHIBIT PAGE 0031

107

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 07/31/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 07/31/2019 | Defendant requests a Marsden Hearing. |
| 07/31/2019 | Motion re: Marsden reassigned for 07/31/2019 at 11:30 AM in Department W3, Debra Carrillo Judge, Marsden Motion. |
| 07/31/2019 | Calendar Line for JT transferred from W18 on 07/31/2019 at 08:30 AM to W3 on 07/31/2019 at 08:30 AM. |
| 07/31/2019 | Hearing held on 07/31/2019 at 11:30:00 AM in Department W3 for Motion Marsden. |
| 07/31/2019 | Hearing held on 07/31/2019 at 08:30 AM in Department W3 for Jury Trial. |
| 07/31/2019 | Judicial Officer: Debra Carrillo, Judge |
| 07/31/2019 | Clerk: C. Pinci |
| 07/31/2019 | Bailiff: A. Cleveland |
| 07/31/2019 | Proceedings recorded electronically. |
| 07/31/2019 | Defendant present in court with counsel Sami Saati, Public Defender. |
| 07/31/2019 | Courtroom is cleared of all persons except court staff, Defendant, and Defense Counsel. |
| 07/31/2019 | Case came on regularly for Marsden Hearing |
| 07/31/2019 | Oral motion by Defense to hold Marsden Hearing after 3 pm today |
| 07/31/2019 | Motion denied. |
| 07/31/2019 | Marsden Hearing held |
| 07/31/2019 | Motion by Defendant for new counsel is denied. |
| 07/31/2019 | Court orders recording of Marsden Hearing sealed. |
| 07/31/2019 | Oral motion by Defense to represent herself |
| 07/31/2019 | Motion granted. |
| 07/31/2019 | Faretta Waiver filed. |
| 07/31/2019 | Deputy Public Defender relieved as Counsel of Record. |
| 07/31/2019 | Jury Trial set on 08/01/2019 at 08:30 AM in Department W18. |
| 07/31/2019 | Defendant ordered to appear. |
| 07/31/2019 | Court orders defendant is to remain released on own recognizance on condition(s): 1.) stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter,. |
| 08/01/2019 | Hearing held on 08/01/2019 at 08:30:00 AM in Department W18 for Jury Trial. |
| 08/01/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 08/01/2019 | Clerk: R. Nagle |
| 08/01/2019 | Bailiff: J. Palacios |
| 08/01/2019 | Proceedings recorded electronically. |
| 08/01/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/01/2019 | Defendant present in Court in propria persona. |
| 08/01/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 08/01/2019 | Defendant enters general time waiver. |
| 08/01/2019 | Pre Trial set on 08/07/2019 at 08:30 AM in Department W18. |

EXHIBIT PAGE 0032

108

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 08/01/2019 | Hearing re: Bail Review set on 08/07/2019 at 08:30 AM in Department W18. |
| 08/01/2019 | Defendant ordered to appear. |
| 08/01/2019 | Court orders defendant is to remain released on own recognizance on condition(s): 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter. |
| 08/07/2019 | Hearing held on 08/07/2019 at 08:30:00 AM in Department W18 for Pre Trial. |
| 08/07/2019 | Hearing held on 08/07/2019 at 08:30:00 AM in Department W18 for Hearing Bail Review. |
| 08/07/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 08/07/2019 | Clerk: H. Mahnke |
| 08/07/2019 | Bailiff: J. Palacios |
| 08/07/2019 | Proceedings recorded electronically. |
| 08/07/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/07/2019 | Defendant present in Court in propria persona. |
| 08/07/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 08/07/2019 | Case called. People answer ready. Defense answers ready. |
| 08/07/2019 | Pre Trial reassigned for 08/07/2019 at 10:13 AM in Department W16, Judge Kevin Haskins, Bail Review & Pre-Trial. |
| 08/07/2019 | Hearing held on 08/07/2019 at 10:13:00 AM in Department W16 for Pre Trial. |
| 08/07/2019 | Judicial Officer: Kevin Haskins, Judge |
| 08/07/2019 | Clerk: C. Pinci |
| 08/07/2019 | Bailiff: R. Garcia |
| 08/07/2019 | Proceedings recorded electronically. |
| 08/07/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/07/2019 | Defendant present in Court in propria persona. |
| 08/07/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 08/07/2019 | Oral motion by People for bail review hearing |
| 08/07/2019 | Witness, Janine Jasso, sworn and testified. |
| 08/07/2019 | Court declares a recess at 11:59 am. |
| 08/07/2019 | Court resumes bail review hearing at 1: 34 pm |
| 08/07/2019 | Janine Jasso, previously sworn, resumes testimony. |
| 08/07/2019 | Start of Exhibit List: for exhibit management purposes. |
| 08/07/2019 | People's Exhibit # 1 ( Document(s) )- Map of location marked for identification. |
| 08/07/2019 | Defense Exhibit # A ( Document(s) )- Google Map of location marked for identification. |
| 08/07/2019 | Oral motion by People for People's exhibit 1 into evidence |
| 08/07/2019 | Motion granted. |
| 08/07/2019 | People's Exhibit # 1 received into evidence. |
| 08/07/2019 | Defense Exhibit # A received into evidence. |
| 08/07/2019 | Witness excused. |
| 08/07/2019 | Witness, Jamie Gallian, sworn and testified. |

EXHIBIT PAGE 0033

109

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 08/07/2019 | Defense Exhibit # B ( Document(s) )- Written Declaration of Ashley Bostic marked for identification. |
| 08/07/2019 | Court takes judicial notice of case 19WM09951 for Jesus Jasso. |
| 08/07/2019 | Defense Exhibit # C ( Document(s) )- Minute Order of Case 30-2017-00962999-CU-HR-CJC packet marked for identification. |
| 08/07/2019 | Defense Exhibit # D ( Document(s) )- Stipulation of Civil Harassment 2017-00962999-CU-HR-Cj marked for identification. |
| 08/07/2019 | Defense Exhibit # E ( Document(s) )- Minute Order of 30-2018-00986785-CU-HR-CJC marked for identification. |
| 08/07/2019 | Court takes judicial notice of of minutes of 6-14-19 minute order and 8-1-19. |
| 08/07/2019 | Motion argued. |
| 08/07/2019 | Court finds defendant violated release conditions |
| 08/07/2019 | Defendant's own recognizance status is revoked. |
| 08/07/2019 | Court orders bail set in the amount of $50, 000.00. |
| 08/07/2019 | Defendant taken into custody. |
| 08/07/2019 | Oral motion by Defense for an attorney to be appointed |
| 08/07/2019 | Motion granted. |
| 08/07/2019 | Court appoints Alternate Defender to represent Defendant. |
| 08/07/2019 | Public Defender declares a conflict. |
| 08/07/2019 | Pre Trial set on 08/16/2019 at 08:30 AM in Department W18. |
| 08/07/2019 | Defendant revokes time waiver. |
| 08/07/2019 | Defendant waives statutory time for Jury Trial. |
| 08/07/2019 | Jury Trial set on 08/27/2019 at 08:30 AM in Department W18. |
| 08/07/2019 | Defendant ordered to appear. |
| 08/07/2019 | Protective Order signed, served and filed. |
| 08/07/2019 | Victim served with copy of protective order in open court |
| 08/07/2019 | Comply with all terms of Protective Order. |
| 08/07/2019 | Protective Order faxed to Protective Order Registry. |
| 08/07/2019 | Later the same day: |
| 08/07/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/07/2019 | Defendant present in Court with counsel Mitchell Timbanard, Alternate Defender. |
| 08/07/2019 | Hearing re: Bail Review set on 08/12/2019 at 08:30 AM in Department W18. |
| 08/07/2019 | Defendant ordered to appear. |
| 08/07/2019 | Pre Trial vacated for 08/16/2019 at 08:30 AM in W18. |
| 08/07/2019 | Jury Trial for 08/27/2019 08:30 AM in W18 to remain. |
| 08/07/2019 | Defendant ordered to appear. |
| 08/07/2019 | Pre Trial set on 08/08/2019 at 08:30 AM in Department W16. |
| 08/07/2019 | Current bail set for Defendant to remain at $50, 000.00. |
| 08/07/2019 | Defendant to be examined by Jail Psychological Team. |
| 08/07/2019 | Defendant remanded to the custody of the Sheriff. |
| 08/07/2019 | Notice to Sheriff issued. |

EXHIBIT PAGE 0034

110

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 08/07/2019 | End of Exhibit List: for exhibit management purposes.  (Entered NUNC_PRO_TUNC on 09/06/19) |
| 08/07/2019 | Minutes entered by C. Pinci on 08/07/2019. |
| 08/08/2019 | Bail Bond Number CC50-01386964 posted in the amount of $50000.00 by RI111411 of CONT. |
| 08/08/2019 | Bail Bond posted per Sheriff Bail Bond report. Bond to be filed when received. |
| 08/08/2019 | Appearance date on Bond/Cash Bail receipt is 08/08/2019. |
| 08/08/2019 | Protective Order entered in the Protective Order Registry. |
| 08/08/2019 | Hearing held on 08/08/2019 at 08:30:00 AM in Department W16 for Pre Trial. |
| 08/08/2019 | Judicial Officer: Kevin Haskins, Judge |
| 08/08/2019 | Clerk: R. Stamm |
| 08/08/2019 | Bailiff: R. Garcia |
| 08/08/2019 | Proceedings recorded electronically. |
| 08/08/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/08/2019 | Defendant present in Court with counsel Jose Luis Hernandez, Alternate Defender. |
| 08/08/2019 | Scott Sanders, Deputy Public Defender, present. |
| 08/08/2019 | Deputy Public Defender Scott Sanders declares confict as to Public Defender office declaring a conflict on 8/07/19. |
| 08/08/2019 | Court reviews minutes of case in open court. |
| 08/08/2019 | Jose Hernandez, Alternate Defender, does not wish to be heard regarding this issue. |
| 08/08/2019 | People submit. |
| 08/08/2019 | Court vacates its previous finding that the Public Defenders office had a conflict of interest, that finding was erroneous. |
| 08/08/2019 | Court vacates the order appointing the Alternate Defenders office as attorney of record. |
| 08/08/2019 | Court appoints Public Defenders office as Attorney of Record. |
| 08/08/2019 | Public Defenders office accepts appointment. |
| 08/08/2019 | Defendant present in court with counsel Scott Sanders, Public Defender. |
| 08/08/2019 | Case placed on second call. |
| 08/08/2019 | In open court at 11:40 AM |
| 08/08/2019 | Proceedings recorded electronically. |
| 08/08/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/08/2019 | Defendant present in court with counsel Scott Sanders, Public Defender. |
| 08/08/2019 | Jury Trial for 08/27/2019 08:30 AM in W18 to remain. |
| 08/08/2019 | Defendant ordered to appear. |
| 08/08/2019 | Hearing re: Bail Review vacated for 08/12/2019 at 08:30 AM in W18. |
| 08/08/2019 | Present bail deemed sufficient and continued. |
| 08/08/2019 | Defendant is released on bail on the condition 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter. |
| 08/08/2019 | Request for Copy of Electronic Recording received, not filed. |
| 08/09/2019 | Surety Bond # CC50-01386964 filed. |

EXHIBIT PAGE 0035

111

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 08/09/2019 | OCJR S4101209 filed. |
| 08/09/2019 | Request for Booking Fees Received from Orange County Sheriff Department in the amount of $235.00, date of arrest 08/07/2019. |
| 08/23/2019 | Defense Notice and Supplemental Motion for Continuance; Memorandum of Points and Authorities; Sealed Declaration in Support Thereof filed. |
| 08/23/2019 | Motion set on 08/27/2019 at 08:30 AM in Department W18. |
| 08/27/2019 | Hearing held on 08/27/2019 at 08:30:00 AM in Department W18 for Jury Trial. |
| 08/27/2019 | Hearing held on 08/27/2019 at 08:30:00 AM in Department W18 for Motion. |
| 08/27/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 08/27/2019 | Clerk: H. Mahnke |
| 08/27/2019 | Bailiff: J. Palacios |
| 08/27/2019 | Proceedings recorded electronically. |
| 08/27/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/27/2019 | Defendant present in court with counsel Michael Figura, Public Defender. |
| 08/27/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 08/27/2019 | Michael Devereaux makes an appearance to request to sub in as attorney of record for defendant. |
| 08/27/2019 | The Court is concerned about a possible conflict of interest. Parties are ordered to brief conflict of interest issue. If waivable, defendant is to file a written waiver. |
| 08/27/2019 | Jury Trial trailed to 08/28/2019 at 08:30 AM in Department W18. |
| 08/27/2019 | Defendant ordered to appear. |
| 08/27/2019 | Hearing re: Bail Review set on 09/03/2019 at 01:30 PM in Department W18. |
| 08/27/2019 | Hearing re: Protective Order Modification set on 09/03/2019 at 01:30 PM in Department W18. |
| 08/27/2019 | Court allows hearings to be set at 1:30 pm. |
| 08/27/2019 | Defendant ordered to appear. |
| 08/27/2019 | Defendant is released on bail on the condition 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter |
| 08/27/2019 | Present bail deemed sufficient and continued. |
| 08/28/2019 | Hearing held on 08/28/2019 at 08:30:00 AM in Department W18 for Jury Trial. |
| 08/28/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 08/28/2019 | Clerk: H. Mahnke |
| 08/28/2019 | Bailiff: J. Palacios |
| 08/28/2019 | Proceedings recorded electronically. |
| 08/28/2019 | People represented by Adam Zamora, Deputy District Attorney, present. |
| 08/28/2019 | Defendant present in court with counsel Michael Figura, Public Defender. |
| 08/28/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 08/28/2019 | Renee Garcia, Retained Attorney, substituting in as Attorney of Record. |
| 08/28/2019 | Michael Figura relieved as Counsel of Record. |

EXHIBIT PAGE 0036

112

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 08/28/2019 | Michael Figura makes a special appearance for Renee Garcia, Retained Attorney. Defendant present. |
| 08/28/2019 | Case placed on second call to allow attorneys to agree on dates for continuances. |
| 08/28/2019 | Later: |
| 08/28/2019 | Court appoints Public Defender to represent Defendant. |
| 08/28/2019 | Renee Garcia relieved as Counsel of Record. |
| 08/28/2019 | Defendant advised there will be no more changes of counsel allowed. |
| 08/28/2019 | Hearing re: Protective Order Modification set on 09/03/2019 at 08:30 AM in Department W18. |
| 08/28/2019 | Hearing re: Bail Review set on 09/03/2019 at 08:30 AM in Department W18. |
| 08/28/2019 | Defendant ordered to appear. |
| 08/28/2019 | Pre Trial set on 09/13/2019 at 08:30 AM in Department W18. |
| 08/28/2019 | Defendant ordered to appear. |
| 08/28/2019 | Jury Trial set on 10/09/2019 at 08:30 AM in Department W18. |
| 08/28/2019 | Defendant waives statutory time for Jury Trial. |
| 08/28/2019 | Day 0 of 10 |
| 08/28/2019 | Defendant is released on bail on the condition 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter |
| 08/28/2019 | Present bail deemed sufficient and continued. |
| 08/28/2019 | Minutes of 08/28/2019 entered on 08/29/2019. |
| 08/30/2019 | Copy of Electronic Recording dated 8/7/19 given to Public Defender |
| 09/03/2019 | HRG POM set on 09/03/19 at 08:30 AM in W18 has been cancelled. |
| 09/03/2019 | HRG BR set on 09/03/19 at 08:30 AM in W18 has been cancelled. |
| 09/03/2019 | Hearing held on 09/03/2019 at 01:30:00 PM in Department W18 for Hearing Bail Review. |
| 09/03/2019 | Hearing held on 09/03/2019 at 01:30:00 PM in Department W18 for Hearing Protective Order Modification. |
| 09/03/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 09/03/2019 | Clerk: H. Mahnke |
| 09/03/2019 | Bailiff: P. Ophaso |
| 09/03/2019 | Proceedings recorded electronically. |
| 09/03/2019 | People represented by Alliah Sue Bader, Deputy District Attorney, present. |
| 09/03/2019 | Defendant present in court with counsel Michael Figura, Public Defender. |
| 09/03/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 09/03/2019 | Public Defender declares a conflict. |
| 09/03/2019 | Court appoints Alternate Defender to represent Defendant. |
| 09/03/2019 | Defendant present in Court with counsel Jose Luis Hernandez, Alternate Defender. |
| 09/03/2019 | Deputy Public Defender relieved as Counsel of Record. |
| 09/03/2019 | Case called. People answer ready. Defense answers ready. |
| 09/03/2019 | Petition reassigned for 09/03/2019 at 02:20 PM in Department W17, Judge Thomas S. McConville, Protective Order Modification. |

Page 15 of 54

EXHIBIT PAGE 0037

113

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                    06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 09/03/2019 | Hearing reassigned for 09/03/2019 at 02:21 PM in Department W17, Judge Thomas S. McConville, Bail Review. |
| 09/03/2019 | Defendant is released on bail on the condition 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter |
| 09/03/2019 | Present bail deemed sufficient and continued. |
| 09/03/2019 | Hearing held on 09/03/2019 at 02:21:00 PM in Department W17 for Hearing. |
| 09/03/2019 | Hearing held on 09/03/2019 at 02:20:00 PM in Department W17 for Petition. |
| 09/03/2019 | Judicial Officer: Thomas S. McConville, Judge |
| 09/03/2019 | Clerk: J. Morales |
| 09/03/2019 | Bailiff: G. Avila |
| 09/03/2019 | Proceedings recorded electronically. |
| 09/03/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 09/03/2019 | Defendant present in Court with counsel Benjamin Russell, Alternate Defender. |
| 09/03/2019 | Motion by People bail review |
| 09/03/2019 | Witness, Janine Jassd, sworn and testified. |
| 09/03/2019 | Witness, Officer Vincent Rivas, sworn and testified. |
| 09/03/2019 | Witness identified the defendant. |
| 09/03/2019 | Hearing continued to 09/06/2019 at 08:30 AM in Department W17 by stipulation of all parties. |
| 09/03/2019 | Defendant ordered to appear. |
| 09/03/2019 | Pre Trial for 09/13/2019 08:30 AM in W18 to remain. |
| 09/03/2019 | Jury Trial for 10/09/2019 08:30 AM in W18 to remain. |
| 09/03/2019 | Defendant is released on bail on the condition 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter |
| 09/03/2019 | Present bail deemed sufficient and continued. |
| 09/03/2019 | Receieved received, not filed. |
| 09/06/2019 | Hearing held on 09/06/2019 at 08:30:00 AM in Department W17 for Hearing. |
| 09/06/2019 | Judicial Officer: Thomas S. McConville, Judge |
| 09/06/2019 | Clerk: H. Mahnke |
| 09/06/2019 | Bailiff: G. Avila |
| 09/06/2019 | Proceedings recorded electronically. |
| 09/06/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 09/06/2019 | Defendant present in Court with counsel Benjamin Russell, Alternate Defender. |
| 09/06/2019 | Janine Jasso, previously sworn, resumes testimony. |
| 09/06/2019 | Start of Exhibit List: for exhibit management purposes. |
| 09/06/2019 | Defense Exhibit # A ( Document(s) )- Map of general area of Lolita Lane marked for identification. |
| 09/06/2019 | Defense Exhibit # A received into evidence. |
| 09/06/2019 | Officer Vincent Rivas, previously sworn, resumes testimony. |
| 09/06/2019 | People rest(s) |

EXHIBIT PAGE 0038

114

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 09/06/2019 | Witness, Daniel Dorantes, sworn and testified. |
| 09/06/2019 | Defense rests. |
| 09/06/2019 | Oral motion by People for bail increase |
| 09/06/2019 | Motion argued. |
| 09/06/2019 | Motion denied. |
| 09/06/2019 | End of Exhibit List: for exhibit management purposes.  (Entered NUNC_PRO_TUNC on 10/15/19) |
| 09/06/2019 | Defendant advised she is not to violate the bail release conditions and that she may be taken into custody if she does. |
| 09/06/2019 | Oral motion by People for bail forfeiture |
| 09/06/2019 | Motion denied. |
| 09/06/2019 | Oral motion by Defense to modify the protective order |
| 09/06/2019 | Motion denied. |
| 09/06/2019 | Pre Trial vacated for 09/13/2019 at 08:30 AM in W18. |
| 09/06/2019 | Pre Trial set on 10/04/2019 at 08:30 AM in Department W18. |
| 09/06/2019 | Jury Trial for 10/09/2019 08:30 AM in W18 to remain. |
| 09/06/2019 | Defendant waives statutory time for Jury Trial. |
| 09/06/2019 | Day 0 of 10 |
| 09/06/2019 | Defendant ordered to appear. |
| 09/06/2019 | Defendant is released on bail on the condition 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter |
| 09/06/2019 | Present bail deemed sufficient and continued. |
| 09/06/2019 | Nunc Pro Tunc entry(s) made on this date for 08/07/2019. |
| 10/03/2019 | Calendar Line for PT transferred from W18 on 10/04/2019 at 08:30 AM to W13 on 10/04/2019 at 08:30 AM. |
| 10/04/2019 | Pay FEE of $10.00 Electronic Recording Monitor Fee pursuant to GC 26831. |
| 10/04/2019 | Remittance from receipt # 17244491 received in the amount of $ 10.00. |
| 10/04/2019 | Copy of Electronic Recording for 8/8/19 given to Jamie Gallian. |
| 10/04/2019 | Hearing held on 10/04/2019 at 08:30:00 AM in Department W13 for Pre Trial. |
| 10/04/2019 | Judicial Officer: Thomas Glazier, Judge |
| 10/04/2019 | Clerk: C. A. Anderson |
| 10/04/2019 | Bailiff: K. Blazer |
| 10/04/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 10/04/2019 | Defendant present in Court with counsel Benjamin Russell, Alternate Defender. |
| 10/04/2019 | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Thomas Glazier, Judge in court. |
| 10/04/2019 | Request for Continuance - Misdemeanor filed. |
| 10/04/2019 | Jury Trial for 10/09/2019 08:30 AM in W18 to remain. |
| 10/04/2019 | Defendant ordered to appear. |

EXHIBIT PAGE 0039

115

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                          06/21/2022 13:41:26 PM

| Date of Action | Text |
| --- | --- |
| 10/04/2019 | Defendant is released on bail on the condition 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter |
| 10/04/2019 | Present bail deemed sufficient and continued. |
| 10/04/2019 | Minutes entered by M. Saam on 10/04/2019. |
| 10/07/2019 | Defense Motion to Continue (PC 1050) filed. |
| 10/07/2019 | Motion re: Continuance set on 10/09/2019 at 08:30 AM in Department W18. |
| 10/08/2019 | Exhibit List of People filed. |
| 10/08/2019 | Exhibit List of Defense filed. |
| 10/09/2019 | Hearing held on 10/09/2019 at 08:30:00 AM in Department W18 for Jury Trial. |
| 10/09/2019 | Hearing held on 10/09/2019 at 08:30:00 AM in Department W18 for Motion Continuance. |
| 10/09/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 10/09/2019 | Clerk: R. Nagle |
| 10/09/2019 | Bailiff: J. Palacios |
| 10/09/2019 | Proceedings recorded electronically. |
| 10/09/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 10/09/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 10/09/2019 | Victim present in court |
| 10/09/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 10/09/2019 | Court read and considered Motion to Continue. |
| 10/09/2019 | Motion argued. |
| 10/09/2019 | Motion granted. |
| 10/09/2019 | Court finds good cause to continue trial under 1050 |
| 10/09/2019 | Defendant waives statutory time for Jury Trial. |
| 10/09/2019 | Jury Trial set on 11/04/2019 at 08:30 AM in Department W18. |
| 10/09/2019 | Day 0 of 10 |
| 10/09/2019 | Defendant ordered to appear. |
| 10/09/2019 | People request bail review to be set for 10-11-19. Request denied. |
| 10/09/2019 | Hearing re: Bail Review set on 10/15/2019 at 08:30 AM in Department W18. |
| 10/09/2019 | Defendant ordered to appear. |
| 10/09/2019 | Present bail deemed sufficient and continued. |
| 10/09/2019 | Defendant is released on bail on the condition 1.) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter |
| 10/15/2019 | Hearing held on 10/15/2019 at 08:30:00 AM in Department W18 for Hearing Bail Review. |
| 10/15/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 10/15/2019 | Clerk: R. Nagle |

EXHIBIT PAGE 0040

116

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 10/15/2019 | Bailiff: G. Avila |
| 10/15/2019 | Proceedings recorded electronically. |
| 10/15/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 10/15/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 10/15/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 10/15/2019 | Case called. People answer ready. Defense answers ready. |
| 10/15/2019 | Hearing re: Bail Review reassigned for 10/15/2019 at 09:45 AM in Department W11, Sheila Recio Judge, Bail Review. |
| 10/15/2019 | Jury Trial for 11/04/2019 08:30 AM in W18 to remain. |
| 10/15/2019 | Present bail deemed sufficient and continued. |
| 10/15/2019 | Hearing held on 10/15/2019 at 09:45:00 AM in Department W11 for Hearing Bail Review. |
| 10/15/2019 | Judicial Officer: Sheila Recio, Judge |
| 10/15/2019 | Clerk: M. Villalobos |
| 10/15/2019 | Bailiff: M. Wallace |
| 10/15/2019 | Proceedings recorded electronically. |
| 10/15/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 10/15/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 10/15/2019 | In open court at 10:50 AM |
| 10/15/2019 | Witness, Lynne Anderson, sworn and testified. |
| 10/15/2019 | Start of Exhibit List: for exhibit management purposes. |
| 10/15/2019 | People's Exhibit # 1 ( Document(s) )- complex map for Huntington Beach Gables marked for identification. |
| 10/15/2019 | People's Exhibit # 2 ( Photograph )- Google earth photograph, aerial view of 16025 Warmington marked for identification. |
| 10/15/2019 | People's Exhibit # 2 description updated to reflect Color photograph of a sports utility vehicle with 19-013923 wrtien on the top right corner. |
| 10/15/2019 | Defense Exhibit # A ( Photograph )- Google earth photograph, aerial view of 16025 Warmington marked for identification. |
| 10/15/2019 | Witness excused. |
| 10/15/2019 | Witness, Jeanine Jasso, sworn and testified. |
| 10/15/2019 | People's Exhibit # 3 ( Photograph )- Google maps color photograph, aerial view of Rancho Del Rey Mobile Home Estates marked for identification. |
| 10/15/2019 | Witness excused. |
| 10/15/2019 | People rest(s) |
| 10/15/2019 | Witness, Defendant, sworn and testified. |
| 10/15/2019 | Defense Exhibit # B ( Media )- USB drive containing video from defendants vehicle dashboard camera marked for identification. |
| 10/15/2019 | Video played in open court. |
| 10/15/2019 | Witness excused. |
| 10/15/2019 | Defense rests. |
| 10/15/2019 | People's Exhibits # 1 through 3 received into evidence. |

EXHIBIT PAGE 0041

117

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 10/15/2019 | Defense Exhibits # A through B received into evidence. |
| 10/15/2019 | Oral motion by People requesting the court remand the defendant into custody or increase the bail amount |
| 10/15/2019 | Motion argued. |
| 10/15/2019 | Court takes judicial notice of map of victims home complex. |
| 10/15/2019 | Motion denied. |
| 10/15/2019 | Court finds that the defendant violated the stay away order. |
| 10/15/2019 | Court adds the following term to defendants release conditions: Stay away from Nancita Lane |
| 10/15/2019 | Jury Trial for 11/04/2019 08:30 AM in W18 to remain. |
| 10/15/2019 | Defendant ordered to appear. |
| 10/15/2019 | Present bail deemed sufficient and continued. |
| 10/15/2019 | Defendant is released on bail on the condition 1) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter; 3) Stay away from Nancita Lane |
| 10/15/2019 | Nunc Pro Tunc entry(s) made on this date for 09/06/2019. |
| 10/15/2019 | End of Exhibit List: for exhibit management purposes. |
| 10/18/2019 | Payment of $10.00 for electronic recording monitor recieved on 10-4-19 was accepted in error as defendant paid $10.00 on 9-3-19. Request for $10.00 to be refunded due to duplicate payment. |
| 10/18/2019 | Remittance from Receipt Number 17244491 in the amount of $ -10.00 voided. |
| 10/18/2019 | Application voided and re deposit to refund per Operation request. |
| 10/18/2019 | Remittance from receipt # 17274967 received in the amount of $ 10.00. |
| 10/18/2019 | Cash bail posted in the amount of $10.00 by Gallian, Jamie Lynn. Bail is Authorized: Y. Receipt # 17274967. |
| 10/18/2019 | Court orders cash bail exonerated. Receipt # 17274967. |
| 10/18/2019 | $ 10 Recording Monitor entered in error. |
| 10/22/2019 | Exhibit List of People filed. |
| 10/22/2019 | Exhibit List of Defense filed. |
| 10/25/2019 | Refund transmitted to Auditor Controller in the amount of 10.00 for receipt number 17274967. |
| 11/04/2019 | Hearing held on 11/04/2019 at 08:30:00 AM in Department W18 for Jury Trial. |
| 11/04/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 11/04/2019 | Clerk: R. Nagle |
| 11/04/2019 | Bailiff: J. Palacios |
| 11/04/2019 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 11/04/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 11/04/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 11/04/2019 | Victim is present in Court |
| 11/04/2019 | Defense counsel requests to trail matter. |

EXHIBIT PAGE 0042

118

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/04/2019 | Victim objects to continuance |
| 11/04/2019 | Case recalled at 10:33am |
| 11/04/2019 | Bradley R Walker made a special appearance for District Attorney Gerard Gully. |
| 11/04/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 11/04/2019 | Request for Continuance - Misdemeanor filed. |
| 11/04/2019 | Jury Trial continued to 11/06/2019 at 08:30 AM in Department W18 at request of Defense. |
| 11/04/2019 | Defendant waives statutory time for Hearing. |
| 11/04/2019 | Defendant is released on bail on the condition 1) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter; 3) Stay away from Nancita Lane (Entered NUNC_PRO_TUNC on 11/06/19) |
| 11/04/2019 | Present bail deemed sufficient and continued. (Entered NUNC_PRO_TUNC on 11/06/19) |
| 11/04/2019 | Minutes entered by C. A. Anderson on 11/04/2019. |
| 11/06/2019 | Hearing held on 11/06/2019 at 08:30:00 AM in Department W18 for Jury Trial. |
| 11/06/2019 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 11/06/2019 | Clerk: R. Nagle |
| 11/06/2019 | Bailiff: J. Palacios |
| 11/06/2019 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 11/06/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 11/06/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 11/06/2019 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 11/06/2019 | Case called. People answer ready. Defense answers ready. |
| 11/06/2019 | Jury Trial reassigned for 11/06/2019 at 09:30 AM in Department W17, Judge Thomas S. McConville, Jury Trial, 5 day estimate. |
| 11/06/2019 | Hearing held on 11/06/2019 at 09:30:00 AM in Department W17 for Jury Trial. |
| 11/06/2019 | Judicial Officer: Thomas S. McConville, Judge |
| 11/06/2019 | Clerk: L. Y. Lee |
| 11/06/2019 | Bailiff: G. Avila |
| 11/06/2019 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 11/06/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 11/06/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 11/06/2019 | Case called. People answer ready. Defense answers ready. |
| 11/06/2019 | This case came on regularly for trial. |
| 11/06/2019 | Defendant's motions In Limine, request for evidence code section 402 hearings filed. |
| 11/06/2019 | People's trial brief and 402 motions filed. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/06/2019 | Motion by Defense I. to exclude all subsequent alleged violations of the protective order as irrelevant and as prejudicial under evidence code section 352 |
| 11/06/2019 | Motion argued. |
| 11/06/2019 | Motion granted. |
| 11/06/2019 | Motion by Defense II. to include reference to a stipulation signed on February 14, 2018 by the Honorable Timothy J. Stafford which appears to dismiss the restraining order while at the same time continuing it |
| 11/06/2019 | Motion argued. |
| 11/06/2019 | Motion denied. |
| 11/06/2019 | Motion by Defense III. for order that, as to any in limine motion, no further objection shall be required to preserve the issue for appeal |
| 11/06/2019 | Motion denied. |
| 11/06/2019 | Motion by People 1. to exclude testifying witnesses |
| 11/06/2019 | Motion granted. |
| 11/06/2019 | Applies to both sides. |
| 11/06/2019 | Motion by People 2. to exclude any reference to the defendant's civil suit as confusing the issues under evidence code 352 |
| 11/06/2019 | Motion argued. |
| 11/06/2019 | Court defer ruling. |
| 11/06/2019 | Motion by People 3. to exclude references to the impact of the ultimate verdict on defendant |
| 11/06/2019 | Motion granted. |
| 11/06/2019 | Oral motion by Defense to have a Faretta motion |
| 11/06/2019 | At 11:38 AM, court declared a recess. |
| 11/06/2019 | People's response to defendant's request of self-representation filed. |
| 11/06/2019 | Bailiff: P, Ophaso |
| 11/06/2019 | In open court at 01:43 PM |
| 11/06/2019 | As to the Faretta motion: |
| 11/06/2019 | Motion withdrawn. |
| 11/06/2019 | Motion by People 4. to preclude Defense from asking the jury to put themselves in the defendant's shoes or any similar arguments |
| 11/06/2019 | Motion granted. |
| 11/06/2019 | Motion by People 5. to request that any motions for a mistrial or allegations of prosecutorial misconduct be made outside the presence of the jury |
| 11/06/2019 | Motion granted. |
| 11/06/2019 | Motion by People 6. to exclude mention of defendant having medical conditions or any mental health issues without evidence |
| 11/06/2019 | Motion argued. |
| 11/06/2019 | Court defer ruling. |
| 11/06/2019 | Court and Counsel review jury selection and trial procedures. |
| 11/06/2019 | Jury Trial continued to 11/07/2019 at 08:30 AM in Department W17 by stipulation of all parties. |
| 11/06/2019 | Defendant ordered to appear. |

EXHIBIT PAGE 0044

120

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/06/2019 | Defendant is released on bail on the condition 1) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter; 3) Stay away from Nancita Lane |
| 11/06/2019 | Present bail deemed sufficient and continued. |
| 11/06/2019 | Nunc Pro Tunc entry(s) made on this date for 11/04/2019. |
| 11/07/2019 | Hearing held on 11/07/2019 at 08:30:00 AM in Department W17 for Jury Trial. |
| 11/07/2019 | Judicial Officer: Thomas S. McConville, Judge |
| 11/07/2019 | Clerk: L. Y. Lee |
| 11/07/2019 | Bailiff: G. Avila |
| 11/07/2019 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 11/07/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 11/07/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 11/07/2019 | Again in open court at 09:00 AM. Defendant present with counsel. People duly represented. Jury is not present. |
| 11/07/2019 | Oral motion by People to admit exhibits 1 thru 3 |
| 11/07/2019 | Defense request Court to wait before ruling. Court grants request. |
| 11/07/2019 | Court and counsel held discussion regarding any additional voir dire questions. |
| 11/07/2019 | Court and counsel held discussion regarding scheduling. |
| 11/07/2019 | At 09:04 AM, court declared a recess. |
| 11/07/2019 | In open court at 09:38 AM |
| 11/07/2019 | Prospective jurors are present and in their proper places. |
| 11/07/2019 | Roll call having been taken, prospective jurors were sworn for examination. |
| 11/07/2019 | Prospective juror(s) called by the clerk to fill the jury box. |
| 11/07/2019 | Court staff and parties introduced to prospective jurors. |
| 11/07/2019 | Court admonished prospective jurors as to their basic duties, function, and conduct. |
| 11/07/2019 | Court read Original Complaint to the prospective jurors and advised them of the defendant's plea of not guilty thereto. |
| 11/07/2019 | People read potential witness list. |
| 11/07/2019 | Court advises the prospective jurors of the jury selection process, the reasons and grounds to be excused for deferral/hardship and the time schedule for this trial |
| 11/07/2019 | Parties stipulate to excuse prospective jurors 121 and 114. Court excuses Prospective Jurors 121 and 114. |
| 11/07/2019 | Court gave preliminary instructions to prospective jurors. |
| 11/07/2019 | Voir Dire examination commenced. |
| 11/07/2019 | At 10:51 AM, Court admonishes prospective jurors and declares a recess. |
| 11/07/2019 | Again in open court at 11:15 AM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| 11/07/2019 | Voir Dire examination resumed. |
| 11/07/2019 | Bailiff: P. Bui |
| 11/07/2019 | At 11:48 AM, Court and Counsel confer at side bar with court monitor present. |

Page 23 of 54

EXHIBIT PAGE 0045

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/07/2019 | Oral motion by Defense to excuse Prospective Juror 145 |
| 11/07/2019 | Motion granted. |
| 11/07/2019 | Oral motion by Defense to excuse Prospective Juror 129 |
| 11/07/2019 | Motion argued. |
| 11/07/2019 | Motion denied. |
| 11/07/2019 | Oral motion by People to excuse Prospective Juror 108 |
| 11/07/2019 | Motion granted. |
| 11/07/2019 | In open court at 11:50 AM |
| 11/07/2019 | Court excused 2 prospective juror(s) for cause. |
| 11/07/2019 | Prospective Juror 133 stated that he has a doctor appointment next Tuesday for his wife. Parties stipulate to excuse Prospective Juror 133. |
| | Court excuses Prospective Juror 133. |
| 11/07/2019 | Peremptory challenge exercised by People Prospective Juror 113 excused. |
| 11/07/2019 | Peremptory challenge exercised by Defense Prospective Juror 112 excused. |
| 11/07/2019 | Peremptory challenge exercised by People Prospective Juror 117 excused. |
| 11/07/2019 | Peremptory challenge exercised by Defense Prospective Juror 126 excused. |
| 11/07/2019 | Prospective juror(s) called by the clerk to fill the jury box. |
| 11/07/2019 | At 11:58 AM, Court admonishes prospective jurors and declares a recess. |
| 11/07/2019 | Court remained in session. Proceedings held outside the presence and hearing of the jurors. |
| 11/07/2019 | Defense and Court held discussion regarding a "bail image" that briefly projected on screen to the prospective jurors. |
| 11/07/2019 | Again in open court at 01:41 PM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| 11/07/2019 | Voir Dire examination resumed. |
| 11/07/2019 | At 02:10 AM, Court and Counsel confer at side bar with court monitor present. |
| 11/07/2019 | Parties pass for Cause. |
| 11/07/2019 | People accepted the jury as presently constituted. |
| 11/07/2019 | Peremptory challenge exercised by Defense Prospective Juror 129 excused. |
| 11/07/2019 | People accepted the jury as presently constituted. |
| 11/07/2019 | Peremptory challenge exercised by Defense Prospective Juror 135 excused. |
| 11/07/2019 | People accepted the jury as presently constituted. |
| 11/07/2019 | Defense accepted the jury as presently constituted. |
| 11/07/2019 | Twelve jurors accepted and sworn. |
| 11/07/2019 | At 02:15 PM, Court and Counsel confer at side bar with court monitor present. |
| 11/07/2019 | Both sides accepts the alternate jurors. |
| 11/07/2019 | In open court at 02:16 PM |
| 11/07/2019 | 12 Jurors and 2 Alternate Jurors were sworn by the clerk to hear this matter. Disposition of panel jurors is reported on the random list and included by reference. |
| 11/07/2019 | Court thanked and excused remaining prospective jurors to Jury Assembly Room. |
| 11/07/2019 | At 02:18 PM, court admonished jurors and declared a recess. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/07/2019 | Court remained in session. Proceedings held outside the presence and hearing of the jurors. |
| 11/07/2019 | Court and Counsel held discussion regarding People's exhibits. |
| 11/07/2019 | Again in open court at 02:44 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| 11/07/2019 | The Court read the Instructions to the Jury. |
| 11/07/2019 | Parties stipulate that the jurors have been admonished. |
| 11/07/2019 | Opening statement by People given. |
| 11/07/2019 | Opening statement by Defense given. |
| 11/07/2019 | Witness, Janine Jasso, sworn and testified. |
| 11/07/2019 | Witness identified the defendant. |
| 11/07/2019 | Start of Exhibit List: for exhibit management purposes. |
| 11/07/2019 | People's Exhibit # 1 ( Document(s) )- multi- page document depicted a "WV-110 Temporary Restraining Order", filed on Dec 22, 2017 marked for identification. |
| 11/07/2019 | People's Exhibit # 1 received into evidence. |
| 11/07/2019 | People's Exhibit # 2 ( Document(s) )- multi-page document depicted as "WV-116 Order on Request to Continue Hearing", filed on Feb 14, 2018 marked for identification. |
| 11/07/2019 | People's Exhibit # 2 received into evidence. |
| 11/07/2019 | People's Exhibit # 3 ( Document(s) )- document depicted as a "Stipulation Civil harassment", filed on Feb 14, 2018 marked for identification. |
| 11/07/2019 | People's Exhibit # 3 received into evidence. |
| 11/07/2019 | Defense Exhibit # A ( Miscellaneous )- document depicted as an areal map with "2018-004287" written on top right corner marked for identification. |
| 11/07/2019 | Defense Exhibit # A received into evidence. |
| 11/07/2019 | At 03:53 PM, Court and Counsel confer at side bar with court monitor present. |
| 11/07/2019 | Court and counsel held discussion that a potential witness Ms. Anderson entered the courtroom during testimony. |
| 11/07/2019 | In open court at 03:54 PM |
| 11/07/2019 | Court addressed audience that if they are potential witnesses they should leave the courtroom. |
| 11/07/2019 | Janine Jasso, previously sworn, resumes testimony. |
| 11/07/2019 | Witness excused. |
| 11/07/2019 | Witness, Lynne Anderson, sworn and testified. |
| 11/07/2019 | Witness identified the defendant. |
| 11/07/2019 | Witness excused. |
| 11/07/2019 | At 04:36 PM, Court admonished sworn jurors and declared a recess to reconvene on 11/12/2019 at 09:00 AM in Department W17 for Jury Trial. |
| 11/07/2019 | Defendant ordered to appear. |
| 11/07/2019 | Present bail deemed sufficient and continued. |
| 11/07/2019 | Defendant is released on bail on the condition 1) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter; 3) Stay away from Nancita Lane (Entered NUNC_PRO_TUNC on 11/12/19) |
| 11/12/2019 | Hearing held on 11/12/2019 at 09:00:00 AM in Department W17 for Jury Trial. |

Page 25 of 54

EXHIBIT PAGE 0047

123

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/12/2019 | Judicial Officer: Thomas S. McConville, Judge |
| 11/12/2019 | Clerk: L. Y. Lee |
| 11/12/2019 | Bailiff: G. A. Moody |
| 11/12/2019 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 11/12/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 11/12/2019 | Defendant not present in Court represented by Rick Vallejo, Alternate Defender. |
| 11/12/2019 | At 09:09 AM, Court and Counsel confer in chambers without court monitor present. |
| 11/12/2019 | In open court at 09:17 AM |
| 11/12/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 11/12/2019 | Proceedings held outside the presence and hearing of the jurors. |
| 11/12/2019 | Court admonished defendant regarding her tardiness and attendance. |
| 11/12/2019 | Oral motion by People - any statement by the 7 year old is heresay |
| 11/12/2019 | Motion granted. |
| 11/12/2019 | Court advised defendant that she has the right to testify and to remain silent. |
| 11/12/2019 | Sworn jurors are present and in their proper places. |
| 11/12/2019 | Witness, Officer Richard Gonzalez, sworn and testified. |
| 11/12/2019 | Witness identified the defendant. |
| 11/12/2019 | People's Exhibit # 4 ( Electronic Equipment )- Disc marked with "Call to defendant" written in black marked for identification. |
| 11/12/2019 | People's Exhibit # 4A ( Document(s) )- document depicted as a transcript titled "People v. Gallian - Call Transcript" marked for identification. |
| 11/12/2019 | People's Exhibits # 4 through 4A received into evidence. |
| 11/12/2019 | People's Exhibit # 4A Jury Trial received in error. |
| 11/12/2019 | At 09:31 AM, court declared a recess. |
| 11/12/2019 | Defendant and Counsel stepped outside courtroom for a brief discussion. |
| 11/12/2019 | In open court at 09:33 AM |
| 11/12/2019 | Officer Richard Gonzalez, previously sworn, resumes testimony. |
| 11/12/2019 | Witness excused. |
| 11/12/2019 | People rest(s) |
| 11/12/2019 | At 10:06 AM, court admonished jurors and declared a recess. |
| 11/12/2019 | Court remained in session. Proceedings held outside the presence and hearing of the jurors. |
| 11/12/2019 | Oral motion by Defense to dismiss counts 1 and 2 persuant to PC 1118.1 |
| 11/12/2019 | Motion argued. |
| 11/12/2019 | Defense motion pursuant to Penal Code 1118.1 denied. |
| 11/12/2019 | At 10:18 AM, court declared a recess. |
| 11/12/2019 | Again in open court at 10:24 AM. Defendant present with counsel. People duly represented. Jury is not present. |
| 11/12/2019 | Defendant states she will testify. |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/12/2019 | Oral motion by Defense to consider caselaw Butler v. Superior Court and acquit defendant |
| 11/12/2019 | Court defer ruling. |
| 11/12/2019 | Sworn jurors are present and in their proper places. |
| 11/12/2019 | Witness, Jamie Gallian, sworn and testified. |
| 11/12/2019 | People's Exhibit # 6 ( Document(s) )- document depicted as a Minute Order dated "06/12/2018" marked for identification. |
| 11/12/2019 | People's Exhibit # 6 received into evidence. |
| 11/12/2019 | People's Exhibit # 5 ( Electronic Equipment )- Disc - white color with a "People symbol" and "5" written in black marked for identification. |
| 11/12/2019 | People's Exhibit # 5A ( Document(s) )- document depicted as a transcript titled "People v. Gallian - Call #2 Transcript" marked for identification. |
| 11/12/2019 | People's Exhibits # 5 through 5A received into evidence. |
| 11/12/2019 | People's Exhibit # 5A Jury Trial received in error. |
| 11/12/2019 | Witness excused. |
| 11/12/2019 | At 11:42 AM, court admonished jurors and declared a recess. |
| 11/12/2019 | Court remained in session. Proceedings held outside the presence and hearing of the jurors. |
| 11/12/2019 | Defense rests upon marking and admitting Defense exhibit B. |
| 11/12/2019 | Oral motion by Defense to ask the people that are in the courtroom to leave during jury instruction review because they are board members of the HOA |
| 11/12/2019 | Motion argued. |
| 11/12/2019 | Motion denied. |
| 11/12/2019 | Oral motion by Defense to mark and enter Defense exhibit B |
| 11/12/2019 | Motion granted. |
| 11/12/2019 | Defense Exhibit # B ( Document(s) )- multi-page document depicted as a "Reporter's Transcript Of Proceedings" dated "March 2, 2018" marked for identification. |
| 11/12/2019 | Defense Exhibit # B received into evidence. |
| 11/12/2019 | Court and Counsel review jury instructions with court monitor present. |
| 11/12/2019 | Court and Counsel held argument regarding Jury Instructions 361, 2700, 2701, 3406 and 3407. |
| 11/12/2019 | Again in open court at 01:40 PM. Defendant present with counsel. Jury is not present. |
| 11/12/2019 | As to Defense earlier motion to acquit defendant, motion denied. |
| | Supplemental argument held. |
| | Court's ruling remains. |
| 11/12/2019 | As to Jury Instructions 3406 and 3407, argument held. Court rules to remove Jury Instruction 3406 and 3407. |
| 11/12/2019 | Defense rests. |
| 11/12/2019 | People has no rebuttle. |
| 11/12/2019 | At 01:50 PM, court declared a recess. |
| 11/12/2019 | Again in open court at 02:00 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |

EXHIBIT PAGE 0049

125

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/12/2019 | The Court read the Instructions to the Jury. |
| 11/12/2019 | Closing argument presented on behalf of the People. |
| 11/12/2019 | Closing argument presented on behalf of the Defense. |
| 11/12/2019 | Rebuttal argument presented on behalf of the People. |
| 11/12/2019 | Court read final Jury Instructions to the Jurors. |
| 11/12/2019 | At 03:11 PM, the Jury retired to the jury room to deliberate in charge of Deputy G. A. Moody duly sworn for that purpose. |
| 11/12/2019 | Counsel stipulates that the alternate juror(s) may go home or to work. The Court admonishes the alternate juror(s) and releases them subject to their remaining in telephone contact with the bailiff for the duration of the jury's deliberation. |
| 11/12/2019 | Court admonishes alternate juror(s) and pursuant to stipulation of counsel releases the alternate(s) on one hour call. |
| 11/12/2019 | At 03:15 PM, Court and Counsel confer at side bar without court monitor present. |
| 11/12/2019 | Court and Counsel discuss jury instruction amendments. |
| 11/12/2019 | At 03:20 PM, court declared a recess. |
| 11/12/2019 | Again in open court at 03:31 AM. Defendant present with counsel. People duly represented. Jury is not present. |
| 11/12/2019 | Parties stipulate to the Verdict forms, Exhibits, and Court device to be sent to the deliberating room.

Parties stipulate that they waive their presence during any playback unless something else requires their presence. |
| 11/12/2019 | Defendant waives presence for any jury questions tomorrow and is ordered to be within 30 minutes. |
| 11/12/2019 | Parties stipulate that they do not have to be present when jurors are released for breaks or adjournment for the day. |
| 11/12/2019 | At 04:31 PM, the jurors left the jury room for the evening recess, to return 11/13/2019 at 09:00 AM in Department W17 to resume deliberations. |
| 11/12/2019 | Present bail deemed sufficient and continued. |
| 11/12/2019 | Defendant is released on bail on the condition 1) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter; 3) Stay away from Nancita Lane |
| 11/12/2019 | Nunc Pro Tunc entry(s) made on this date for 11/07/2019. |
| 11/13/2019 | Hearing held on 11/13/2019 at 09:00:00 AM in Department W17 for Jury Trial. |
| 11/13/2019 | Judicial Officer: Thomas S. McConville, Judge |
| 11/13/2019 | Clerk: L. Y. Lee |
| 11/13/2019 | Bailiff: G. Avila |
| 11/13/2019 | Oath to Bailiff to take charge of Jury given to Deputy G. Avila. |
| 11/13/2019 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 11/13/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 11/13/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |

EXHIBIT PAGE 0050

126

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                        06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 11/13/2019 | At 09:05 AM, jurors returned to the jury room to resume deliberations. |
| 11/13/2019 | Again in open court at 10:30 AM. Defendant present with counsel. People duly represented. Jury is not present. |
| 11/13/2019 | Court informed parties that a verdict had been reached. |
| 11/13/2019 | Sworn jurors are present and in their proper places. |
| 11/13/2019 | VERDICT: We the jury in the above entitled action find the defendant GUILTY as to count 1 as charged in the Original Complaint. Juror # 124, Foreperson. Verdict read, filed, and incorporated herein by reference. |
| 11/13/2019 | VERDICT: We the jury in the above entitled action find the defendant GUILTY as to count 2 as charged in the Original Complaint. Juror # 124, Foreperson. Verdict read, filed, and incorporated herein by reference. |
| 11/13/2019 | Court thanked and excused the Jury. |
| 11/13/2019 | Pursuant to Code of Civil Procedure 237(a)(2), all juror identifying information ordered sealed and filed. |
| 11/13/2019 | Actual days of trial: 3 days. |
| 11/13/2019 | Packet of unfiled documents containing confidential juror information is filed and sealed pursuant to Code of Civil Procedure 237(a)(2). |
| 11/13/2019 | Jury Instructions Given filed. |
| 11/13/2019 | Redacted Verdict Forms filed. |
| 11/13/2019 | Alternate juror(s) notified by telephone and excused. |
| 11/13/2019 | End of Exhibit List: for exhibit management purposes.  (Entered NUNC_PRO_TUNC on 12/18/19) |
| 11/13/2019 | Defendant waives statutory time for Sentencing. |
| 11/13/2019 | Sentencing set on 12/12/2019 at 08:30 AM in Department W17. |
| 11/13/2019 | Defendant ordered to appear. |
| 11/13/2019 | Present bail deemed sufficient and continued. |
| 11/13/2019 | Defendant is released on bail on the condition 1) Stay 100 yards away from 16025 Warmington Lane Huntington Beach, CA; 2.) Stay 100 yards away from victim and victim's daughter; 3) Stay away from Nancita Lane |
| 11/26/2019 | People's Sentencing Brief Sentencing Set for 12-12-19 filed. |
| 11/26/2019 | Proof of Service filed. |
| 12/12/2019 | Hearing held on 12/12/2019 at 08:30:00 AM in Department W17 for Sentencing. |
| 12/12/2019 | Judicial Officer: Thomas S. McConville, Judge |
| 12/12/2019 | Clerk: L. Y. Lee |
| 12/12/2019 | Bailiff: G. Avila |
| 12/12/2019 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 12/12/2019 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 12/12/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 12/12/2019 | Notice of motion and motion for new trial; motion to set aside verdict; points and authorities in support thereof filed. |
| 12/12/2019 | Court read and considered Motion for new trial; motion to set aside verdict. |

127

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 12/12/2019 | Motion denied. |
| 12/12/2019 | Oral motion by Defense to stay sentencing due to appeal |
| 12/12/2019 | Victim Impact Statement filed. |
| 12/12/2019 | Oral motion by Defense if defendant can serve Community Service in lieu of Caltrans |
| 12/12/2019 | Motion argued. |
| 12/12/2019 | Robert McLelland, friend of defendant present. |
| 12/12/2019 | Robert McLelland made a statement to Court in behalf of the defendant. |
| 12/12/2019 | Defendant made a statement to Court. |
| 12/12/2019 | Debbie Boyle, member of Gables Community present. |
| 12/12/2019 | Debbie Boyle made a statement to Court. |
| 12/12/2019 | Defendant waives statutory time for Sentencing. |
| 12/12/2019 | No legal cause why judgment should not be pronounced and defendant having Found Guilty by Jury to count(s) 1, 2, Imposition of sentence is suspended and defendant is placed on 3 Year(s) INFORMAL PROBATION on the following terms and conditions: |
| 12/12/2019 | Violate no law. |
| 12/12/2019 | Obey all orders, rules, and regulations, and directives of the Court and Jail. |
| 12/12/2019 | Submit your person and property including any residence, premises, container, or vehicle under your control, including electronic devices, to search and seizure at any time of the day or night by any law enforcement officer, probation officer, or mandatory supervision officer with or without a warrant, probable cause or reasonable suspicion. |
| 12/12/2019 | Do not own, purchase, receive, possess, or have under your custody or control any type of dangerous or deadly weapon, firearm, ammunition, and ammunition feeding devices, including but not limited to magazines. |
| 12/12/2019 | Defendant advised that defendant is prohibited from owning, purchasing, receiving, possessing, or having under their custody or control, any firearms, ammunition, and ammunition feeding devices, including but not limited to magazines. Any firearms currently in possession are ordered to be relinquished pursuant to Penal Code 29810. The "Prohibited Persons Relinquishment Form" and supplemental documents provided to defendant. |
| 12/12/2019 | Case assigned to Probation Department for preparation of Firearms Relinquishment Probation Report. Defendant ordered to comply with Firearms Relinquishment pursuant to Penal Code 29810, by submitting a completed Prohibited Persons Relinquishment Form to the Probation Department. |
| 12/12/2019 | Hearing re: Firearms Relinquishment set on 12/26/2019 at 08:30 AM in Department W3. |
| 12/12/2019 | Use true name and date of birth only at all times. |
| 12/12/2019 | Disclose terms and conditions of probation when asked by any law enforcement or probation officer. |
| 12/12/2019 | Pay mandatory state restitution fine of $150.00 pursuant to Penal Code 1202.4 or Penal Code 1202.4(b). |
| 12/12/2019 | Pay $150.00 Probation Revocation Restitution Fine pursuant to Penal Code 1202.44. Restitution fine stayed, to become effective only upon revocation of probation. |
| 12/12/2019 | Pay $40.00 Court Operations Fee per convicted count pursuant to Penal Code 1465.8. |
| 12/12/2019 | Pay Criminal Conviction Assessment Fee per convicted count of $30.00 per misdemeanor/felony and $35.00 per infraction pursuant to Government Code 70373(a)(1). |

EXHIBIT PAGE 0052

128

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 12/12/2019 | Defendant ordered to report to the West Collections Department forthwith. Defendant ordered to cooperate with and pay as directed by the Collections Department. |
| 12/12/2019 | Serve 30 Day(s)  Orange County Jail as to count(s) 1, 2. |
| 12/12/2019 | Credit for time served: 1 actual, 1 conduct, totaling 2 days pursuant to Day-for-day. |
| 12/12/2019 | Court granted a jail stay to 1/31/20. Later in the AM, Defense Attorney requested advanced date. Request granted. |
| 12/12/2019 | 30 days Jail as to count(s) 1, 2 imposed on 12/12/2019 stayed until 12/16/2019 at 07:00 PM Orange County Jail. Defendant to report as ordered. |
| 12/12/2019 | Oral motion by Defense for home monitoring |
| 12/12/2019 | Motion denied. |
| 12/12/2019 | Pay restitution in the amount as determined by Victim Witness as to count(s) 1, 2 plus 10% interest from date of loss per year and administrative fees. |
| 12/12/2019 | Defendant ordered to report to Victim Witness office forthwith. |
| 12/12/2019 | Complete and return Statement of Assets form as to count(s) 1, 2 to court by 12/12/2019. |
| 12/12/2019 | Completed Statement of Assets form filed as to count(s) 1, 2. |
| 12/12/2019 | Defendant is required to complete a new financial disclosure form if money is still owing on a restitution order or fine 120 days before the scheduled release from probation. Defendant is required to file the form with the court at least 90 days before the scheduled release from probation. |
| 12/12/2019 | Do not have any contact with the victim(s) directly, indirectly, or through a third party except an attorney of record. |
| 12/12/2019 | No contact with Janine Jasso and Arielle Jasso, victims. |
| 12/12/2019 | Stay 100 yards away from 16025 Warmington Lane, Huntington Beach, CA |
| 12/12/2019 | Court grants booking fees paid to Orange County Sheriff Department $235.00. |
| 12/12/2019 | Request for Booking Fees filed. |
| 12/12/2019 | Protective Order dated 08/07/2019 is ordered terminated. (Entered NUNC_PRO_TUNC on 05/26/20) |
| 12/12/2019 | Defendant accepts terms and conditions of probation. |
| 12/12/2019 | Defendant advised of right to appeal. |
| 12/12/2019 | Defendant ordered to report to Collections Department, Victim Witness Office forthwith. |
| 12/12/2019 | Present bail deemed sufficient and continued. |
| 12/12/2019 | Court orders bond to remain until Defendant reports to Jail on 12/16/19. |
| 12/12/2019 | Original Copy of Prohibited Persons Relinquishment Form forwarded to Probation Department |
| 12/12/2019 | Later same day: |
| 12/12/2019 | Defendant not present in Court represented by Rick Vallejo, Alternate Defender. |
| 12/12/2019 | Oral motion by Defense to change jail stay date back to 1/31/20. Motion granted |
| 12/12/2019 | Probation on count(s) 1, 2 modified as follows: |
| 12/12/2019 | 30 days Jail as to count(s) 1, 2 further stayed to 01/31/2020 at 07:00 PM. This modifies the commitment dated 12/16/2019. Defendant to report to Orange County Jail as ordered. |
| 12/12/2019 | All other terms and conditions of probation are to remain the same. |

129

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
| --- | --- |
| 12/12/2019 | Court orders bond to remain until Defendant reports to Jail on 1/31/20. (Entered NUNC_PRO_TUNC on 12/16/19) |
| 12/12/2019 | Notice to Sheriff issued. |
| 12/12/2019 | Remittance from receipt # 17387340 received in the amount of $ 290.00. |
| 12/12/2019 | DOJ Initial Abstract sent. |
| 12/12/2019 | Probation Order printed. |
| 12/13/2019 | Sentencing re: Modification set on 12/20/2019 at 08:30 AM in Department W3. |
| 12/13/2019 | Defendant requesting to address Jail Stay |
| 12/13/2019 | Notice to defendant issued. |
| 12/13/2019 | NOTICE OF APPEAL RECEIVED AND FILED. |
| 12/13/2019 | Request for Court Appointed Lawyer in Misdmeanor Appeal filed. |
| 12/13/2019 | Notice Regarding Record of Oral Proceedings filed. |
| 12/16/2019 | Nunc Pro Tunc entry(s) made on this date for 12/12/2019. |
| 12/16/2019 | Respondent: District Attorney, Appellant: Jamie Lynn Gallian, Judicial Officer: Judge Thomas S. McConville and the appellate division clerk notified of the filing of the Notice of Appeal. |
| 12/17/2019 | Notice to Prepare Transcript of Oral Proceedings forwarded to Court Reporter Services. |
| 12/18/2019 | Collections Referral activity deleted from case. |
| 12/18/2019 | Forthwith case assigned to Collections. |
| 12/18/2019 | Nunc Pro Tunc entry(s) made on this date for 11/13/2019. |
| 12/20/2019 | Hearing held on 12/20/2019 at 08:30:00 AM in Department W3 for Sentencing Modification. |
| 12/20/2019 | Judicial Officer: Thomas S. McConville, Judge |
| 12/20/2019 | Clerk: L. Y. Lee |
| 12/20/2019 | Bailiff: A. Cleveland |
| 12/20/2019 | District Attorney not present in Court. |
| 12/20/2019 | Defendant present in Court with counsel Rick Vallejo, Alternate Defender. |
| 12/20/2019 | Oral motion by Defense to serve 30 days jail as home confinement |
| 12/20/2019 | Motion denied. |
| 12/20/2019 | Oral motion by Defense for a jail stay |
| 12/20/2019 | Motion granted. |
| 12/20/2019 | Oral motion by Defense to be allowed Work Release |
| 12/20/2019 | Motion granted. |
| 12/20/2019 | Probation on count(s) 1, 2 modified as follows: |
| 12/20/2019 | 30 days Jail as to count(s) 1, 2 further stayed to 04/01/2020 at 07:00 PM. This modifies the commitment dated 01/31/2020. Defendant to report to Orange County Jail as ordered. |
| 12/20/2019 | Credit for time served: 1 actual, 1 conduct, totaling 2 days pursuant to Day-for-day. (Entered NUNC_PRO_TUNC on 12/23/19) |
| 12/20/2019 | Court allows Work release. |
| 12/20/2019 | Defendant currently is not in custody. |
| 12/20/2019 | All other terms and conditions of probation are to remain the same. |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                      06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 12/20/2019 | Present bail deemed sufficient and continued. |
| 12/20/2019 | Court orders bond to remain until Defendant reports to Jail on 4/01/20 |
| 12/20/2019 | Notice to Sheriff issued. |
| 12/20/2019 | Later same day: |
| 12/20/2019 | Defendant present in Court without counsel. |
| 12/20/2019 | Court and Defendant held discussion regarding "Domestic Violence" being reflected on Court "CIS Sheet". Court states aware that this case IS NOT "Domestic Violence". |
| 12/20/2019 | Domestic Violence qualifier was removed from the case. (Entered NUNC_PRO_TUNC on 12/23/19) |
| 12/20/2019 | Calendar Line for HRG FRL transferred from W3 on 12/26/2019 at 08:30 AM to W4 on 12/26/2019 at 08:30 AM. |
| 12/20/2019 | Notice to Sheriff reprinted. (Entered NUNC_PRO_TUNC on 12/23/19) |
| 12/20/2019 | DOJ Subsequent Abstract - 42 sent. |
| 12/20/2019 | Receipt for Records and Papers from Appellate Division filed. Assignment of Appellate Division case number 30-2019-01119765. |
| 12/23/2019 | Prohibited Persons Relinquishment Form Probation Officers Non-Compliance Report, received and filed. |
| 12/23/2019 | Prohibited Persons Relinquishment Form Probation Officers Report - Supporting Documents, received and filed. |
| 12/23/2019 | Nunc Pro Tunc entry(s) made on this date for 12/20/2019. |
| 12/23/2019 | Nunc Pro Tunc entry(s) made on this date for 12/20/2019. |
| 12/23/2019 | Nunc Pro Tunc entry(s) made on this date for 12/20/2019 12:00:00 AM. |
| 12/23/2019 | Hearing held on 12/23/2019 at 04:30 PM in Department W4 for Chambers Work. |
| 12/23/2019 | Judicial Officer: Jennifer M Contini, Commissioner |
| 12/23/2019 | Clerk: K. Rodriguez |
| 12/23/2019 | No appearance by parties. |
| 12/23/2019 | The court has reviewed the Prohibited Persons Relinquishment Form Probation Officers Report and rules as follows: |
| 12/23/2019 | Defendant has not complied with the relinquishment requirements of Penal Code 29810. |
| 12/23/2019 | Prohibited Persons Relinquishment Form Findings, signed and filed. |
| 12/23/2019 | Hearing re: Firearms Relinquishment vacated for 12/26/2019 at 08:30 AM in W4. |
| 12/24/2019 | Exhibit List of People filed. |
| 12/24/2019 | Exhibit List of Defense filed. |
| 12/24/2019 | Prohibited Persons Relinquishment Form Probation Officers Compliance Report, received and filed. |
| 12/24/2019 | Prohibited Persons Relinquishment Form, received and filed. |
| 12/24/2019 | Prohibited Persons Relinquishment Form Probation Officers Report - Supporting Documents, received and filed. |
| 01/03/2020 | Petition for Arraignment on Probation Violation received. |
| 01/06/2020 | Petition for Arraignment on Probation Violation filed. |
| 01/08/2020 | Case referred to W3 for review. |
| 01/08/2020 | Minute Order from the Appellate Division dated 01/03/2020 filed. |

131

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                             06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 01/08/2020 | Court appointed counsel granted. |
| 01/15/2020 | Ms. Jamie Gallian picked up the Electronic Recording of 8/7/2019. |
| 01/15/2020 | Sentencing re: Modification set on 01/22/2020 at 08:30 AM in Department W3. |
| 01/15/2020 | Defendant requesting to address Stay Away order |
| 01/15/2020 | Notice to defendant issued. |
| 01/21/2020 | Minute Order from the Appellate Division dated 01/17/2020 filed. |
| 01/21/2020 | The Public Defender is relieved as counsel for appellant on this appeal. The court appoints Elisabeth A. Bowman to represent appellant on this appeal. |
| 01/22/2020 | Calendar Line for SENT MOD transferred from W3 on 01/22/2020 at 08:30 AM to W15 on 01/22/2020 at 08:30 AM. |
| 01/22/2020 | Hearing held on 01/22/2020 at 08:30:00 AM in Department W15 for Sentencing Modification. |
| 01/22/2020 | Judicial Officer: Robert Gannon, Judge |
| 01/22/2020 | Clerk: J. Rosales |
| 01/22/2020 | Bailiff: O. Didio, SSO |
| 01/22/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 01/22/2020 | Defendant not present in Court represented by Benjamin Russell, Retained Attorney. |
| 01/22/2020 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 01/22/2020 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 01/22/2020 | "The Orange County District Attorney's Office filed criminal charges in a case against an individual name who is accused of Threatening and Attempting to Threaten Public Officers. A total of 77 Judges and Commissioners in Orange County are alleged as victims of the alleged threats, including Judge Gannon. The entire Orange County Bench is recused, and the case is being handled in the San Diego County Court. Judge Gannon does not believe this case will affect in any way his hearing and deciding any matters." |
| 01/22/2020 | Oral motion by Defense requesting to continue the sentence modification |
| 01/22/2020 | Motion granted. |
| 01/22/2020 | Probation ordered revoked as to count(s) 1, 2 based on the following: Petition for Arraignment on Probation Violation. |
| 01/22/2020 | Probation Violation re: Arraignment set on 01/27/2020 at 08:30 AM in Department W3. |
| 01/22/2020 | Sentencing re: Modification continued to 01/27/2020 at 08:30 AM in Department W3 at request of Defense. |
| 01/22/2020 | Defendant enters general time waiver. |
| 01/22/2020 | Defendant ordered to appear. |
| 01/22/2020 | Present bail deemed sufficient and continued. |
| 01/27/2020 | Calendar Line for PV ARR transferred from W3 on 01/27/2020 at 08:30 AM to W18 on 01/27/2020 at 08:30 AM. |
| 01/27/2020 | Calendar Line for SENT MOD transferred from W3 on 01/27/2020 at 08:30 AM to W18 on 01/27/2020 at 08:30 AM. |
| 01/27/2020 | Hearing held on 01/27/2020 at 08:30 AM in Department W18 for Probation Violation Arraignment. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                              06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 01/27/2020 | Hearing held on 01/27/2020 at 08:30:00 AM in Department W18 for Sentencing Modification. |
| 01/27/2020 | Judicial Officer: Kevin Haskins, Judge |
| 01/27/2020 | Clerk: R. Nagle |
| 01/27/2020 | Bailiff: J. Palacios |
| 01/27/2020 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 01/27/2020 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 01/27/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 01/27/2020 | John Marshall Kremer makes a special appearance for Benjamin Russell, Alternate Defender. Defendant present. |
| 01/27/2020 | Petition filed 1-6-20 is included as the allegation(s) for this violation. |
| 01/27/2020 | Court read and considered Petition filed 1-6-20. |
| 01/27/2020 | Oral motion by Defense to modify stay away order |
| 01/27/2020 | Motion argued. |
| 01/27/2020 | Probation Violation re: Formal Hearing set on 02/07/2020 at 08:30 AM in Department W3. |
| 01/27/2020 | Defendant ordered to appear. |
| 01/27/2020 | Court orders bail bond # CC50-01386964 exonerated. |
| 01/27/2020 | Court orders bail set in the amount of $250, 000.00. |
| 01/27/2020 | Defendant taken into custody. |
| 01/27/2020 | Defendant remanded to the custody of the Sheriff. |
| 01/27/2020 | Notice to Sheriff issued. |
| 01/27/2020 | Minutes entered by C. Pinci on 01/27/2020. |
| 01/27/2020 | In open court at 09:40 AM |
| 01/27/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 01/27/2020 | Defendant not present in Court represented by Mitchell Timbanard, Alternate Defender. |
| 01/27/2020 | Deputy Alternate Defender relieved as Counsel of Record. |
| 01/27/2020 | Defendant not present in Court represented by John Marshall Kremer, Retained Attorney. |
| 01/27/2020 | Probation Violation re: Formal Hearing for 02/07/2020 at 08:30 AM in W3 to remain. |
| 01/27/2020 | Minutes entered by C. Pinci on 01/27/2020. |
| 01/28/2020 | Bail Bond Number CC250-01419294 posted in the amount of $250000.00 by RI111411 of CONT. |
| 01/28/2020 | Bail Bond posted per Sheriff Bail Bond report. Bond to be filed when received. |
| 01/28/2020 | Appearance date on Bond/Cash Bail receipt is 02/07/2020. |
| 01/28/2020 | Request for Booking Fees Received from Orange County Sheriff's Department in the amount of $235.00, date of arrest 1/27/2020 received, not filed. |
| 01/29/2020 | Surety Bond # CC250-01419294 filed. |
| 01/29/2020 | OCJ S4107103 filed. |

133

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                      06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 01/29/2020 | Appearance date on Bond/Cash Bail receipt is 02/07/2020. |
| 01/31/2020 | Request for Copy of Electronic Recording received, not filed. |
| 02/06/2020 | At the request of Defense Counsel, case calendared on 02/06/20 at 08:30 AM in W4 for HRG. |
| 02/06/2020 | Hearing held on 02/06/2020 at 08:30:00 AM in Department W4 for Hearing. |
| 02/06/2020 | Judicial Officer: Stephanie George, Judge |
| 02/06/2020 | Clerk: L. Sanchez |
| 02/06/2020 | Bailiff: M. Borgen |
| 02/06/2020 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 02/06/2020 | People represented by Lance Cotton, Deputy District Attorney, present. |
| 02/06/2020 | Defendant present in Court with counsel John Marshall Kremer, Retained Attorney. |
| 02/06/2020 | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Stephanie George, Judge in court. |
| 02/06/2020 | Case advanced on calendar to this date. Probation Violation re: Formal Hearing on 02/07/2020 at 08:30 AM in W3 is vacated. |
| 02/06/2020 | Defendant denies violation of probation as to count(s) 1, 2. |
| 02/06/2020 | Probation Violation re: Formal Hearing set on 02/26/2020 at 08:30 AM in Department W18. |
| 02/06/2020 | Defendant waives statutory time for Hearing. |
| 02/06/2020 | Defendant ordered to appear. |
| 02/06/2020 | Present bail deemed sufficient and continued. |
| 02/06/2020 | Keep with companion cases(s) 20WM01978. |
| 02/19/2020 | Request for Copy of Electronic Recording received, not filed. |
| 02/19/2020 | Pay FEE of $10.00 Electronic Recording Monitor Fee pursuant to GC 26831. |
| 02/19/2020 | Remittance from receipt # 17522372 received in the amount of $ 10.00. |
| 02/19/2020 | Petition for Modification of Protective Order in Criminal Proceedings filed. |
| 02/19/2020 | Supporting documents filed with defendant's Petition for Modification of Protective Order filed. |
| 02/19/2020 | Hearing re: Protective Order Modification set on 02/26/2020 at 08:30 AM in Department W18. |
| 02/19/2020 | The defendant is required to bring a current progress report from a court-ordered treatment program if currently enrolled. |
| 02/19/2020 | West Notice of Hearing printed. |
| 02/19/2020 | Copy of West Notice of Hearing mailed to Victims listed on protective order |
| 02/26/2020 | Hearing held on 02/26/2020 at 08:30:00 AM in Department W18 for Hearing POM. |
| 02/26/2020 | Hearing held on 02/26/2020 at 08:30:00 AM in Department W18 for Probation Violation Formal Hearing. |
| 02/26/2020 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 02/26/2020 | Clerk: R. Nagle |
| 02/26/2020 | Bailiff: J. Palacios |

134

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                    06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 02/26/2020 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 02/26/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 02/26/2020 | Defendant present in Court with counsel John Marshall Kremer, Retained Attorney. |
| 02/26/2020 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 02/26/2020 | Arguement heard as to protective order being valid. |
| 02/26/2020 | Court finds the protective order is valid. |
| 02/26/2020 | In open court at 11:25 AM |
| 02/26/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 02/26/2020 | Defendant present in Court with counsel John Marshall Kremer, Retained Attorney. |
| 02/26/2020 | Oral motion by Defense for counsel Mr. Kremer to be relieved on this case |
| 02/26/2020 | Motion granted. |
| 02/26/2020 | John Marshall Kremer relieved as Counsel of Record. |
| 02/26/2020 | Court appoints Alternate Defender to represent Defendant. |
| 02/26/2020 | Benjamin Russell makes a special appearance for Dominic Rossetti, Alternate Defender. Defendant present. |
| 02/26/2020 | Defense request probation violation be set for a Disposition and Reset. People request the Formal Hearing to Remain. |
| 02/26/2020 | Probation Violation re: Disposition and Reset set on 03/17/2020 at 08:30 AM in Department W18. |
| 02/26/2020 | Hearing re: Protective Order Modification continued to 03/17/2020 at 08:30 AM in Department W18 at request of Defense. |
| 02/26/2020 | Defendant ordered to appear. |
| 02/26/2020 | Present bail deemed sufficient and continued. |
| 02/26/2020 | Keep with companion cases(s) 20WM01978. |
| 02/27/2020 | At the request of Defense Counsel, case calendared on 02/27/20 at 08:30 AM in W4 for PV DR. |
| 02/27/2020 | Hearing held on 02/27/2020 at 08:30:00 AM in Department W4 for Probation Violation Disposition and Reset. |
| 02/27/2020 | Judicial Officer: Jennifer M Contini, Commissioner |
| 02/27/2020 | Clerk: K. Rodriguez |
| 02/27/2020 | Bailiff: D. J. DeLeon, SSO |
| 02/27/2020 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 02/27/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 02/27/2020 | Defendant present in Court with counsel Dominic Rossetti, Alternate Defender. |

135

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 02/27/2020 | Parties advised Canon 3E(2) of the California Code of Judicial Ethics states:<br><br>In all trial court proceedings, a judge shall disclose on the record information that is reasonably relevant to the question of disqualification under Code of Civil Procedure section 170.1, even if the judge believes there is no actual basis for disqualification.<br><br>Although Commissioner Contini firmly believes she can and will be impartial in this matter, to comply with this requirement, the Court discloses the following:<br><br>1. Before taking the bench, Commissioner Contini worked as a prosecutor in the Orange County District Attorney's Office from April 1997 to June 2019.<br>2. Commissioner Contini's job title was "Assistant District Attorney" at the time she left the Orange County District Attorney's Office.<br>3. At the time Commissioner Contini left the Orange County District Attorney's Office, she supervised the Science and Technology Unit which managed OCDA DNA Database operations and worked with the Public Defender's Office to develop the Body Worn Camera protective order.<br><br>To further comply with this requirement, the Court requests all counsel to examine their case files to disclose whether Commissioner Contini had any contact with the case while employed as a prosecutor with the Orange County District Attorney's Office. Such contact could include, but is not limited to, the filing of the case, the review of a search warrant associated with the case, the review and presentation of a wiretap application associated with the case, appearances on the case, and appearances on any cases alleged as prior convictions. |
| 02/27/2020 | Request for Continuance - Misdemeanor filed. |
| 02/27/2020 | Correspondence from Jamie Gallian filed. |
| 02/27/2020 | Probation Violation re: Disposition and Reset vacated for 03/17/2020 at 08:30 AM in W18. |
| 02/27/2020 | Probation Violation re: Disposition and Reset continued to 03/17/2020 at 08:30 AM in Department W4 at request of Defense. |
| 02/27/2020 | Set by Court. |
| 02/27/2020 | Hearing re: Protective Order Modification for 03/17/2020 at 08:30 AM in W18 to remain. |
| 02/27/2020 | Oral motion by Defense to authorize defendant to travel out of the state and country |
| 02/27/2020 | No objection by the People to dates listed on itinerary provided by Defendant. |
| 02/27/2020 | Motion granted. |
| 02/27/2020 | Court authorizes defendant to travel out of the state from 03/05/2020 thru 03/07/2020. |
| 02/27/2020 | Present bail deemed sufficient and continued. |
| 02/27/2020 | Keep with companion cases(s) 20WM01978. |
| 03/04/2020 | Receipt for records and papers on Record on Appeal prepared and forwarded to Superior Court Appellate Division, as listed on receipt. |
| 03/04/2020 | Record on Appeal mailed to Appellant and Respondent. |
| 03/12/2020 | Receipt for Records filed. |
| 03/13/2020 | Calendar Line for PV DR transferred from W4 on 03/17/2020 at 08:30 AM to W18 on 03/17/2020 at 08:30 AM. |
| 03/18/2020 | Hearing held on 03/18/2020 at 04:00 PM in Department W16 for Chambers Work. |
| 03/18/2020 | Judicial Officer: Kevin Haskins, Judge |

136

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                        06/21/2022 13:41:26 PM

| Date of Action | Text |
| --- | --- |
| 03/18/2020 | Clerk: D. Phillips |
| 03/18/2020 | No appearance by parties. |
| 03/18/2020 | Pursuant to the provisions of Section 68115 of the Government Code and due to building closure, the Court makes a finding of good cause and orders this case to be continued for Hearing re: Protective Order Modification from 03/17/2020 to 05/18/2020 at 08:30 AM in Department W18. |
| 03/18/2020 | Pursuant to the provisions of Section 68115 of the Government Code and due to building closure, the Court makes a finding of good cause and orders this case to be continued for Probation Violation re: Disposition and Reset from 03/17/2020 to 05/18/2020 at 08:30 AM in Department W18. |
| 03/18/2020 | Defendant and Counsel ordered to personally appear. |
| 03/18/2020 | Case Processing directed to send notice to defendant/attorney. |
| 03/18/2020 | Present bail deemed sufficient and continued. |
| 03/18/2020 | Defense Attorney Notice printed. |
| 03/18/2020 | Notice to Defendant printed. |
| 03/18/2020 | Minutes entered by D. Phillips on 03/20/2020. |
| 03/19/2020 | At the request of Defense Counsel, case calendared on 03/19/20 at 08:30 AM in C57 for HRG. |
| 03/19/2020 | Pursuant to the provisions of Section 68115 of the Government Code and due to building closure, the Court makes a finding of good cause and orders this case to be continued for HRG to 03/19/2020 at 08:30 AM in Department C51. |
| 03/19/2020 | Hearing held on 03/19/2020 at 08:30:00 AM in Department C51 for Hearing. |
| 03/19/2020 | Judicial Officer: Kathleen Roberts, Judge |
| 03/19/2020 | Clerk: E. Figueroa |
| 03/19/2020 | Bailiff: A. M. Hakim |
| 03/19/2020 | People represented by David P Chen, Deputy District Attorney, present. |
| 03/19/2020 | Defendant not present in Court represented by Derek Bercher, Public Defender. |
| 03/19/2020 | Defendant's presence is waived. |
| 03/19/2020 | Oral motion by Defense to continue jail surrender date of 4/1/20 |
| 03/19/2020 | Motion granted. |
| 03/19/2020 | Request for Continuance - Misdemeanor filed. |
| 03/19/2020 | Brief regarding bail pending appeal filed. |
| 03/19/2020 | 30 days Jail as to count(s) 1, 2 further stayed to 10/01/2020 at 07:00 PM. This modifies the commitment dated 04/01/2020. Defendant to report to Orange County Jail as ordered. |
| 03/19/2020 | Credit for time served: 1 actual, 1 conduct, totaling 2 days pursuant to Day-for-day. (Entered NUNC_PRO_TUNC on 05/07/20) |
| 03/19/2020 | Notice to Sheriff issued. |
| 03/19/2020 | Probation Violation re: Disposition and Reset set on 08/10/2020 at 08:30 AM in Department W18. |
| 03/19/2020 | Address Petition |
| 03/19/2020 | Defendant ordered to appear. |
| 03/19/2020 | Present bail deemed sufficient and continued. |
| 03/19/2020 | Case Processing directed to send notice of hearing to all parties. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 03/19/2020 | Notice to Sheriff issued. (Entered NUNC_PRO_TUNC on 05/07/20) |
| 05/07/2020 | Nunc Pro Tunc entry(s) made on this date for 03/19/2020. |
| 05/20/2020 | COVID-19 Misdemeanor Action Request filed. |
| 05/26/2020 | Hearing held on 05/26/2020 at 09:00:00 AM in Department W17 for Chambers Work. |
| 05/26/2020 | Judicial Officer: Thomas S. McConville, Judge |
| 05/26/2020 | Clerk: L. Y. Lee |
| 05/26/2020 | At 2:15 PM, Court, Stephanie Henderson, Deputy District Attorney and Dominic Rossetti, Alternate Defender held chambers conference telephonically to discuss settlement request. |
| 05/26/2020 | Court now rules as follows: |
| 05/26/2020 | Request to terminate the protective order on case number 18WM05278 on the date of sentencing 12/12/2019. Court grants request. Court orders the termination of the protective order on case 18WM05278 by Nunc Pro Tunc to the date of 12/12/19. |
| 05/26/2020 | Request to reset bail. Court denies request. |
| 05/26/2020 | Request to modify sentence for the 30 days Orange County Jail to be served as home confinement. Court continues request to 8/10/20. |
| 05/26/2020 | Probation Violation re: Disposition and Reset for 08/10/2020 at 08:30 AM in W18 to remain. |
| 05/26/2020 | All other terms and conditions of probation are to remain the same. |
| 05/26/2020 | Notice of Termination of Protective Order in Criminal Proceeding filed. |
| 05/26/2020 | Terminated Protective Order faxed to Protective Order Registry. |
| 05/26/2020 | Court finds good cause to continue bond under Penal Code 1305.1 |
| 05/26/2020 | Present bail deemed sufficient and continued. |
| 05/26/2020 | Nunc Pro Tunc entry(s) made on this date for 12/12/2019. |
| 05/26/2020 | Nunc Pro Tunc entry(s) made on this date for 03/11/2020. |
| 05/26/2020 | Protective Order terminated in the Protective Order Registry. |
| 05/26/2020 | DOJ Subsequent Abstract - 42 sent. |
| 05/29/2020 | Hearing held on 05/29/2020 at 08:30 AM in Department W17 for Chambers Work. |
| 05/29/2020 | Judicial Officer: Thomas S. McConville, Judge |
| 05/29/2020 | Clerk: L. Y. Lee |
| 05/29/2020 | No appearance by parties. |
| 05/29/2020 | Defense Counsel notified Court with a request for an amendment for clarification purposes to the Notice of Termination of Protective Order. |
| | Court reviewed the request and amended the notice. |
| 05/29/2020 | Amended Notice of Termination of Protective Order in Criminal Proceeding filed. |
| 05/29/2020 | Copy of Amended Notice of Termination of Protective Order in Criminal Proceeding forwarded to Alternate Defender |
| 05/29/2020 | Minutes of 05/29/2020 entered on 06/01/2020. |
| 06/01/2020 | Copy of Amended Notice of Termination of Protective Order in Criminal Proceeding forwarded to District Attorney |
| 07/31/2020 | At the request of Court, case calendared on 12/11/20 at 08:30 AM in W4 for PV ARR. |
| 07/31/2020 | PV DR set on 08/10/20 at 08:30 AM in W18 has been cancelled. |

138

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                    06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 08/25/2020 | Defendant's Request to have Trial Exhibits included in the Record on Appeal and Transmitted to the Appellate Department filed. |
| 09/23/2020 | Notice from Victim Witness of determined restitution amount filed. |
| 09/23/2020 | Case referred to W18 for review. |
| 09/29/2020 | COVID-19 Misdemeanor Action Request filed. |
| 09/30/2020 | Hearing held on 09/30/2020 at 09:00:00 AM in Department W12 for Chambers Work. |
| 09/30/2020 | Judicial Officer: Scott Van Camp, Commissioner |
| 09/30/2020 | Clerk: R. Wilder |
| 09/30/2020 | Due to the COVID-19 pandemic and pursuant to the Third Implementation Order RE: Emergency Order dated April 24, 2020, and the Supplemental Emergency Order authorized by the Judicial Council of California dated April 24, 2020, the court was closed March 17, 2020 through May 25, 2020. |
| 09/30/2020 | Canon 3E(1) of the California Code of Judicial Ethics requires a judge to disqualify himself in any proceeding where disqualification is required by law. Canon 3E(2) requires a judge in all trial court proceedings to disclose on the record any information that is reasonably relevant to disqualification under Code of Civil Procedure section 170.1, even if the judge believes there is no actual basis for disqualification. To comply with these requirements, the court discloses the following: 1) I was sworn in as a Commissioner of the Orange County Superior Court on March 1, 2019. 2) Before becoming a commissioner, I worked as a Deputy District Attorney for the Orange County District Attorney's office for about one year and two months. 3) Prior to becoming a Deputy District Attorney, I worked as a Deputy Public Defender for the Orange County Public Defender's office for about eighteen years. 4) My wife, Cynthia Nichols, is currently employed as a Deputy District Attorney for the Orange County District Attorney's office. Her current assignment is the Assistant Head of Court for the D.A.'s office at the West Justice Center. To further comply with the disclosure requirements, the court requests all counsel to examine their case files to determine: (1) whether I had any contact with the case while employed as a Deputy District Attorney or Deputy Public Defender; and (2) whether my wife had any contact with the case as a Deputy District Attorney. If this review reveals that my wife or I have had any contact with the case, please bring it to my attention immediately. I do not believe that any of the foregoing facts or circumstances will affect my ability to be fair and impartial in these proceedings. |
| 09/30/2020 | Telephonic conference was held in chambers with Deputy District Attorney Stephanie Henderson and Deputy Alternate Defender Derek Bercher. |
| 09/30/2020 | Defendant's request for extension of Orange County Jail report date is granted. |
| 09/30/2020 | 30 days Jail as to count(s) 1, 2 further stayed to 01/22/2021 at 07:00 PM. This modifies the commitment dated 10/01/2020. Defendant to report to Orange County Jail as ordered. |
| 09/30/2020 | Credit for time served: 1 actual, 1 conduct, totaling 2 days pursuant to Day-for-day. |
| 09/30/2020 | Probation Violation re: Arraignment for 12/11/2020 at 08:30 AM in W4 to remain: |
| 09/30/2020 | Present bail deemed sufficient and continued. |
| 09/30/2020 | Notice to defendant issued. |
| 09/30/2020 | Notice to Sheriff issued. |

139

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 09/30/2020 | Copy of Notice to Defendant and Instructions forwarded to District Attorney's Office and Deputy Alternate Defender Derek Bercher via email. |
| 10/05/2020 | Court sets restitution in the amount of $9, 338.25 plus 10% interest per year and 10% administrative fee(s) as to count(s) 1, 2 for Victim # 1. |
| 10/08/2020 | Victim Restitution Waiver and Courtesy Notice sent. |
| 10/20/2020 | Calendar Line for PV ARR transferred from W4 on 12/11/2020 at 08:30 AM to W1 on 12/11/2020 at 08:30 AM. |
| 10/29/2020 | COVID-19 Misdemeanor Action Request filed. |
| 10/29/2020 | COVID-19 Misdemeanor Action Request filed. |
| 10/30/2020 | Hearing held on 10/30/2020 at 09:00:00 AM in Department W1 for Chambers Work. |
| 10/30/2020 | Judicial Officer: Robert Gerard, Judge |
| 10/30/2020 | Clerk: J. Rosales |
| 10/30/2020 | No appearance by parties. |
| 10/30/2020 | Court read and considered COVID-19 Misdemeanor Action Request. |
| 10/30/2020 | Counsel needs to file a formal motion and set the case on calendar. The request made by Counsel is not a MARS related request. |
| 10/30/2020 | Probation Violation re: Arraignment for 12/11/2020 at 08:30 AM in W1 to remain. |
| 10/30/2020 | Present bail deemed sufficient and continued. |
| 10/30/2020 | Notice to defendant issued. |
| 10/30/2020 | Copy of Notice to Defendant mailed to Attorney Sherry Garrels |
| 10/30/2020 | Copy of minute order forwarded to District Attorneys Office |
| 11/01/2020 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 11/09/2020 | Defendant failed to submit waiver of restitution. Restitution as ordered is now imposed. |
| 11/18/2020 | Hearing held on 11/18/2020 at 09:00:00 AM in Department W18 for Chambers Work. |
| 11/18/2020 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 11/18/2020 | Clerk: R. Nagle |
| 11/18/2020 | No appearance by parties. |
| 11/18/2020 | The Court has reviewed correspondence and rules as follows: |
| 11/18/2020 | Petition to Modify or Order Victim Restitution and Notice of Hearing filed. |
| 11/18/2020 | Proof of Service filed. |
| 11/18/2020 | Proof of Service filed. |
| 11/18/2020 | Petition for Modification of Sentence received. |
| 11/18/2020 | Proof of Service filed. |
| 11/18/2020 | Proof of Service filed. |
| 11/18/2020 | Sentencing re: Modification set on 12/11/2020 at 08:30 AM in Department W18. |
| 11/18/2020 | Also on calendar for Petition to Modify or Order Victim Restitution. |
| 11/18/2020 | Probation Violation re: Arraignment vacated for 12/11/2020 at 08:30 AM in W1. |
| 11/18/2020 | Probation Violation re: Arraignment set on 12/11/2020 at 08:30 AM in Department W18. |
| 11/18/2020 | Present bail deemed sufficient and continued. |
| 11/18/2020 | Case Processing directed to send notice of hearing to all parties. |
| 12/01/2020 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                    06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 12/11/2020 | Hearing held on 12/11/2020 at 08:30:00 AM in Department W18 for Probation Violation ARR. |
| 12/11/2020 | Hearing held on 12/11/2020 at 08:30:00 AM in Department W18 for Sentencing Modification. |
| 12/11/2020 | Judicial Officer: Terri K Flynn-Peister, Judge |
| 12/11/2020 | Clerk: R. Nagle |
| 12/11/2020 | Bailiff: J. Palacios |
| 12/11/2020 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 12/11/2020 | Per applicable law, including Code of Civil Procedure 124, this proceeding is being live streamed as described on the Orange County Court Website. The court notes that we are currently in the COVID-19 pandemic and previous judicial orders issued in that regard. |
| 12/11/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 12/11/2020 | Sherry Garrels makes a special appearance. Defendant present. |
| 12/11/2020 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 12/11/2020 | Oral motion by Defense to allow defendant to complete jail sentence on home confinement |
| 12/11/2020 | Motion argued. |
| 12/11/2020 | Motion denied without prejudice. |
| 12/11/2020 | 30 days Jail as to count(s) 1, 2 further stayed to 02/19/2021 at 07:00 PM. This modifies the commitment dated 01/22/2021. Defendant to report to Orange County Jail as ordered. |
| 12/11/2020 | Credit for time served: 1 actual, 1 conduct, totaling 2 days pursuant to Day-for-day. |
| 12/11/2020 | Discussion held regarding $250,000.00 bond. |
| 12/11/2020 | Ms. Gallian relieves attorney Garrels and requests to address the Court. |
| 12/11/2020 | Court places the case on second call to have the clerk contact the alternate defender as they are still representing the defendant on the probation violation. |
| 12/11/2020 | In open court at 11:51 AM |
| 12/11/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 12/11/2020 | Appearance made by Derek Bercher Alternate Defender by telephone. |
| 12/11/2020 | Defendant still present in court. |
| 12/11/2020 | Probation Violation re: Arraignment continued to 12/16/2020 at 08:30 AM in Department W18 by stipulation of all parties. |
| 12/11/2020 | Hearing set on 12/16/2020 at 08:30 AM in Department W18. |
| 12/11/2020 | On calendar for Petition to Modify or Order Victim Restitution. |
| 12/11/2020 | Defendant ordered to appear. |
| 12/11/2020 | Present bail deemed sufficient and continued. |
| 12/16/2020 | Hearing held on 12/16/2020 at 08:30:00 AM in Department W18 for Probation Violation ARR. |
| 12/16/2020 | Hearing held on 12/16/2020 at 08:30:00 AM in Department W18 for Hearing. |
| 12/16/2020 | Judicial Officer: Terri K Flynn-Peister, Judge |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                   06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 12/16/2020 | Clerk: R. Nagle |
| 12/16/2020 | Bailiff: J. Palacios |
| 12/16/2020 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 12/16/2020 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 12/16/2020 | Defendant not present in Court represented by Derek Bercher, Alternate Defender. |
| 12/16/2020 | Defendant not present in Court represented by John Marshall Kremer, Retained Attorney. |
| 12/16/2020 | Counsel Kremer is appearing on the probation violation based on 20WM01978 and 20WM07181. |
| 12/16/2020 | Victim present in court. |
| 12/16/2020 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 12/16/2020 | 20WM01978, 20WM07181 and Petition is included as the allegation(s) for this violation. |
| 12/16/2020 | Probation Violation re: Arraignment set on 01/27/2021 at 08:30 AM in Department W18. |
| 12/16/2020 | Hearing re: Restitution set on 01/27/2021 at 08:30 AM in Department W18. |
| 12/16/2020 | Present bail deemed sufficient and continued. |
| 12/16/2020 | Keep with companion cases(s) 20WM01978 and 20WM07181. |
| 01/01/2021 | Monthly interest on Victim Restitution in the amount of  $77.82 assessed for Victim # 1. |
| 01/12/2021 | Hearing held on 01/12/2021 at 09:00:00 AM in Department W18 for Chambers Work. |
| 01/12/2021 | Judicial Officer: Kevin Haskins, Judge |
| 01/12/2021 | Clerk: D. Phillips |
| 01/12/2021 | No appearance by parties. |
| 01/12/2021 | Matter re-set as follows: |
| 01/12/2021 | Case advanced on calendar to this date. Probation Violation re: Arraignment on 01/27/2021 at 08:30 AM in W18 is vacated. |
| 01/12/2021 | Case advanced on calendar to this date. Hearing re: Restitution on 01/27/2021 at 08:30 AM in W18 is vacated. |
| 01/12/2021 | Probation Violation re: Arraignment set on 01/27/2021 at 08:30 AM in Department W1. |
| 01/12/2021 | Hearing re: Restitution set on 01/27/2021 at 08:30 AM in Department W1. |
| 01/12/2021 | Present bail deemed sufficient and continued. |
| 01/12/2021 | Copy of Minute Order mailed to John Kremer. |
| 01/12/2021 | Copy of Minute Order forwarded to District Attorney's Office. |
| 01/12/2021 | Copy of Minute Order forwarded to Alternate Defender's Office. |
| 01/12/2021 | Keep with companion cases(s) 20WM07181, 20WM01978. |
| 01/22/2021 | Calendar Line for PV ARR transferred from W1 on 01/27/2021 at 08:30 AM to W13 on 01/27/2021 at 08:30 AM. |
| 01/22/2021 | Calendar Line for HRG REST transferred from W1 on 01/27/2021 at 08:30 AM to W13 on 01/27/2021 at 08:30 AM. |
| 01/27/2021 | Hearing held on 01/27/2021 at 08:30:00 AM in Department W13 for Hearing REST. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 01/27/2021 | Hearing held on 01/27/2021 at 08:30:00 AM in Department W13 for Probation Violation Arraignment. |
| 01/27/2021 | Judicial Officer: Thomas Glazier, Judge |
| 01/27/2021 | Clerk: L. Sanchez |
| 01/27/2021 | Bailiff: A. Gonzales |
| 01/27/2021 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 01/27/2021 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 01/27/2021 | Defendant present in Court with counsel Derek Bercher, Alternate Defender. |
| 01/27/2021 | ., Victim, present in court. |
| 01/27/2021 | Per applicable law, including Code of Civil Procedure 124, this proceeding is being live streamed as described on the Orange County Court Website. The court notes that we are currently in the COVID-19 pandemic and previous judicial orders issued in that regard. |
| 01/27/2021 | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Thomas Glazier, Judge in court. |
| 01/27/2021 | Court complied with "Administrative Order No. 20/19" |
| 01/27/2021 | Court notes everyone in the courtroom is abiding by Social Distancing Guidelines; and in compliance with wearing a face mask |
| 01/27/2021 | Notice of Grounds for Probation Violation served and filed on all parties. |
| 01/27/2021 | Restitution Report dated 01-27-21 filed. |
| 01/27/2021 | Victim Restitution Questionnaire dated 04-27-20 filed. |
| 01/27/2021 | Court read and considered Victm/Witness Assistance Program restitution report dated 01-27-21. |
| 01/27/2021 | Court read and considered Victim Restitution Questionnaire dated 04-27-20. |
| 01/27/2021 | Case called. People answer ready. Defense answers ready. |
| 01/27/2021 | Witness, J. Jasso, sworn and testified. |
| 01/27/2021 | Start of Exhibit List: for exhibit management purposes. |
| 01/27/2021 | Defense Exhibit # A ( Document(s) )- Minute Order dated 11-29-18, Dept C-66 marked for identification. |
| 01/27/2021 | No objection by People. entered into evidence |
| 01/27/2021 | Defense Exhibit # A received into evidence. |
| 01/27/2021 | Defense Exhibit # B ( Document(s) )- email from Derek Bercher dated 01-26-21, 3:58 PM marked for identification. |
| 01/27/2021 | No objection by People. entered into evidence |
| 01/27/2021 | Defense Exhibit # B received into evidence. |
| 01/27/2021 | Defense Exhibit # C ( Document(s) )- Case summary 19WM09951 marked for identification. |
| 01/27/2021 | Witness excused. |
| 01/27/2021 | At 11:36 AM, court declared a recess. |
| 01/27/2021 | Again in open court at 11:45 AM. Defendant present with counsel. People duly represented. |

Page 45 of 54
EXHIBIT PAGE 0067

143

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 01/27/2021 | At 11:58 AM, court declared a recess. |
| 01/27/2021 | Again in open court at 01:50 PM. Defendant present with counsel. People duly represented. |
| 01/27/2021 | Restitution Hearing continues |
| 01/27/2021 | People rest(s) |
| 01/27/2021 | Defense rests. |
| 01/27/2021 | Motion argued. |
| 01/27/2021 | No objection by People. as to Defense "C" being entered into evidence |
| 01/27/2021 | Defense Exhibit # C received into evidence. |
| 01/27/2021 | End of Exhibit List: for exhibit management purposes. |
| 01/27/2021 | The Court has reviewed correspondence and rules as follows: |
| 01/27/2021 | Court sets restitution in the amount of $9, 338.25 as to count(s) 1, 2 plus 10% interest from date of loss per year and administrative fees, payable thru Victim Witness. |
| 01/27/2021 | Restitution Notice printed. |
| 01/27/2021 | Defendant ordered to report to Victim Witness office forthwith. |
| 01/27/2021 | Regarding Bail Review |
| 01/27/2021 | Motion by Defense reconsideration on bail amount |
| 01/27/2021 | Objection by the People. |
| 01/27/2021 | Motion granted. |
| 01/27/2021 | Court orders bail bond # CC250-01419294 exonerated. |
| 01/27/2021 | Bail set in the amount of $50, 000.00 to be posted by 02/03/2021. |
| 01/27/2021 | Hearing set on 02/03/2021 at 04:00 PM in Department W13. |
| 01/27/2021 | Regarding: Posting $50, 000 Bond |
| 01/27/2021 | Defendant advised to report to Department W-13 if unable to post bond |
| 01/27/2021 | Motion by Defense extension on jail stay date |
| 01/27/2021 | Motion granted. |
| 01/27/2021 | 30 days Jail as to count(s) 1, 2 further stayed to 03/05/2021 at 07:00 PM. This modifies the commitment dated 02/19/2021. Defendant to report to Theo Lacy Jail as ordered. |
| 01/27/2021 | Credit for time served: 1 actual, 1 conduct, totaling 2 days pursuant to Day-for-day. |
| 01/27/2021 | Defendant currently is not in custody. |
| 01/27/2021 | Notice to Sheriff issued. |
| 01/27/2021 | Probation Violation re: Arraignment set on 03/04/2021 at 08:30 AM in Department W18. |
| 01/27/2021 | Defendant ordered to appear. |
| 01/27/2021 | Bail deemed sufficient and continued when received. |
| 01/27/2021 | Keep with companion cases(s) 20WM01978 and 20WM01978. |
| 01/28/2021 | Bail Bond Number CC50-01452931 posted in the amount of $50000.00 by BBD of CONT. |
| 01/28/2021 | Surety Bond # CC50-01452931 filed. |
| 01/28/2021 | Bond received via counter from Bail Bonds Direct. |
| 01/28/2021 | Appearance date on Bond/Cash Bail receipt is 02/03/2021. |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                    06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 01/29/2021 | Hearing held on 01/29/2021 at 09:00:00 AM in Department W13 for Chambers Work. |
| 01/29/2021 | Judicial Officer: Thomas Glazier, Judge |
| 01/29/2021 | Clerk: L. Sanchez |
| 01/29/2021 | No appearance by parties. |
| 01/29/2021 | Court notes, $50, 000 Bond was posted on 01-28-21 |
| 01/29/2021 | Hearing vacated for 02/03/2021 at 04:00 PM in W13. |
| 01/29/2021 | Probation Violation re: Arraignment for 03/04/2021 at 08:30 AM in W18 to remain. |
| 01/29/2021 | Present bail deemed sufficient and continued. |
| 02/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 02/02/2021 | Exhibit List of Defense filed. |
| 02/11/2021 | Defendant has authorized the court to send automated SMS/Text reminders, authorization submitted through web services - My Court Portal. |
| 02/16/2021 | Notice of Appeal forwarded to West Justice Center from Central Justice Center. |
| 02/22/2021 | Minute Order from the Appellate Division date 02/17/2021 filed. |
| 02/22/2021 | Defendant's motion to augment the record on appeal filed January 26, 2021 is granted in part and denied in part.<br>The motion to augment is granted, and the matter remanded to the trial court, to include a copy of the complaint amended by interlineation, filed on October 31, 2018. The motion to augment the record to include (1) DC 110 Temporary Restraining Order dated April 18, 2018, (2) Minute Order date February 14, 2018, and (3) Minute Order dated April 18, 2018, is denied without prejudice. These filings pre-date the filing of the underlying misdemeanor complaint (April 25, 2018.) The record does not reflect that these documents were filed on lodged in the trial court case for the underlying misdemeanor proceedings.<br>The motion to augment the record to include the minutes from October 31, 2018 in the underlying misdemeanor proceedings is denied. The trila court's minutes is included in the Clerk's Transcript in this appellate case.<br>The briefing schedule is vacated. The clerk is ordered to issue a new briefing schedule upon recertification of the record on appeal. |
| 02/23/2021 | Order For Victim Restitution received, not filed. |
| 02/24/2021 | NOTICE OF APPEAL RECEIVED AND FILED. |
| 02/24/2021 | Request for Court Appointed Lawyer in Misdmeanor Appeal filed. |
| 02/24/2021 | Notice Regarding Record of Oral Proceedings filed. |
| 02/24/2021 | Respondent: District Attorney, Appellant: Jamie Lynn Gallian, Judicial Officer: Judge Thomas Glazier and the appellate division clerk notified of the filing of the Notice of Appeal. |
| 03/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 03/04/2021 | Hearing held on 03/04/2021 at 08:30:00 AM in Department W18 for Probation Violation Arraignment. |
| 03/04/2021 | Judicial Officer: Kevin Haskins, Judge |
| 03/04/2021 | Clerk: D. Phillips |
| 03/04/2021 | Bailiff: A. Ha |
| 03/04/2021 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 03/04/2021 | Per applicable law, including Code of Civil Procedure 124, this proceeding is being live streamed as described on the Orange County Court Website. The court notes that we are currently in the COVID-19 pandemic and previous judicial orders issued in that regard. |
| 03/04/2021 | People represented by Miles Robinson, Deputy District Attorney, present. |
| 03/04/2021 | Defendant not present in Court represented by Derek Bercher, Alternate Defender. |
| 03/04/2021 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 03/04/2021 | All parties orally notified of the Court's disqualification disclosure pursuant to Canon 3E(2) of the California Code of Judicial Ethics. |
| 03/04/2021 | Request for Continuance - Misdemeanor filed. |
| 03/04/2021 | Probation Violation re: Arraignment continued to 03/25/2021 at 08:30 AM in Department W1 at request of Defense. |
| 03/04/2021 | 30 days Jail as to count(s) 1, 2 further stayed to 03/26/2021 at 07:00 PM. This modifies the commitment dated 03/05/2021. Defendant to report to Orange County Jail as ordered. |
| 03/04/2021 | Present bail deemed sufficient and continued. |
| 03/04/2021 | Notice to Sheriff issued. |
| 03/05/2021 | Case referred to W18 for review. |
| 03/09/2021 | Hearing held on 03/09/2021 at 08:30 AM in Department W18 for Chambers Work. |
| 03/09/2021 | Judicial Officer: Kevin Haskins, Judge |
| 03/09/2021 | Clerk: D. Phillips |
| 03/09/2021 | No appearance by parties. |
| 03/09/2021 | Court read and considered order for restitution. |
| 03/09/2021 | Order for Victim Restitution signed and filed. |
| 03/09/2021 | Case Processing directed to send notice by letter. |
| 03/09/2021 | Minutes of 03/09/2021 entered on 03/16/2021. |
| 03/11/2021 | Notice to Prepare Transcript of Oral Proceedings forwarded to Court Reporter Services. |
| 03/18/2021 | Order for Victim Restitution forwarded to Probation Department, Collection Officer |
| 03/22/2021 | Receipt for Records and Papers from Appellate Division filed. Assignment of Appellate Division case number 30-2021-01189657. |
| 03/25/2021 | Hearing held on 03/25/2021 at 08:30:00 AM in Department W1 for Probation Violation Arraignment. |
| 03/25/2021 | Judicial Officer: Paula Coleman, Commissioner |
| 03/25/2021 | Clerk: M. Villalobos |
| 03/25/2021 | Bailiff: A. Cleveland |
| 03/25/2021 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 03/25/2021 | Per applicable law, including Code of Civil Procedure 124, this proceeding is being live streamed as described on the Orange County Court Website. The court notes that we are currently in the COVID-19 pandemic and previous judicial orders issued in that regard. |
| 03/25/2021 | Austin David Young made a special appearance for District Attorney Miles Robinson. |

Page 48 of 54
EXHIBIT PAGE 0070

146

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 03/25/2021 | Defendant not present in Court represented by Derek Bercher, Alternate Defender. |
| 03/25/2021 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 03/25/2021 | Notice of Grounds for Probation Violation served and filed on all parties. |
| 03/25/2021 | Defendant waives right to probation hearing. Defendant admits violation of probation as to count(s) 1, 2. |
| 03/25/2021 | Court finds defendant in violation of probation. (Entered NUNC_PRO_TUNC on 05/21/21) |
| 03/25/2021 | Court orders probation reinstated and modified as to count(s) 1, 2 as follows: |
| 03/25/2021 | Pursuant to Penal Code 1203a and 1203.1, probation term as to count(s) 1, 2 modified to 1 Year(s). |
| 03/25/2021 | Probation is being extended as agreed upon by all parties. Probation is now extended until 03/25/2022 as to count(s) 1, 2. |
| 03/25/2021 | 30 days Jail as to count(s) 1, 2 further stayed to 05/21/2021 at 07:00 PM. This modifies the commitment dated 05/21/2021. Defendant to report to Orange County Jail as ordered. |
| 03/25/2021 | Credit for time served: 3 actual, 3 conduct, totaling 6 days pursuant to Day-for-day. |
| 03/25/2021 | Court authorizes Electronic Confinement. |
| 03/25/2021 | Defendant ordered to report to Victim Witness office by 05/24/2021. |
| 03/25/2021 | All other terms and conditions of probation are to remain the same. |
| 03/25/2021 | Court orders bail bond # CC50-01452931 exonerated. |
| 03/25/2021 | Notice to Sheriff printed. |
| 03/25/2021 | Amended Probation Order printed. |
| 03/25/2021 | DOJ Subsequent Abstract - 40 sent. |
| 03/25/2021 | DOJ Subsequent Abstract - 41 sent. |
| 03/25/2021 | DOJ Subsequent Abstract - 42 sent. |
| 03/30/2021 | Minute Order from the Appellate Division dated 03/24/2021 filed. |
| 03/30/2021 | The application for appointment of counsel on appeal is granted. Robert Livingston Bullock is appointed to represent appellant on this appeal. |
| 04/01/2021 | Monthly interest on Victim Restitution in the amount of  $77.82 assessed for Victim # 1. |
| 04/05/2021 | Receipt for records and papers on Record on Appeal prepared and forwarded to Superior Court Appellate Division, as listed on receipt. |
| 04/05/2021 | Record on Appeal mailed to Appellant and Respondent. |
| 04/07/2021 | Notice of Motion and Motion to Correct Omitted Pages filed. |
| 04/12/2021 | Receipt for records and papers on Record on Appeal prepared and forwarded to Superior Court Appellate Division, as listed on receipt. |
| 04/12/2021 | Record on Appeal mailed to Appellant and Respondent. |
| 04/28/2021 | Nunc Pro Tunc entry(s) made on this date for 03/25/2021. |
| 04/29/2021 | Correspondence from Victim filed. |
| 04/30/2021 | Case referred to W18 for review. |
| 05/01/2021 | Monthly interest on Victim Restitution in the amount of  $77.82 assessed for Victim # 1. |
| 05/03/2021 | Hearing held on 05/03/2021 at 09:00 AM in Department W18 for Chambers Work. |
| 05/03/2021 | Judicial Officer: Kevin Haskins, Judge |
| 05/03/2021 | Clerk: K. Rodriguez |

Page 49 of 54
EXHIBIT PAGE 0071

147

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 05/03/2021 | No appearance by parties. |
| 05/03/2021 | The Court has reviewed correspondence and rules as follows: |
| 05/03/2021 | Request for copy of defendant's statement of assets is denied. |
| 05/03/2021 | Case Processing directed to send notice by letter. |
| 05/03/2021 | Minutes of 05/03/2021 entered on 05/04/2021. |
| 05/03/2021 | Notice to defendant issued. |
| 05/05/2021 | Notice to Defendant mailed to defendant. |
| 05/05/2021 | Receipt for records and papers on Record on Appeal prepared and forwarded to Superior Court Appellate Division, as listed on receipt. |
| 05/05/2021 | Record on Appeal mailed to Appellant and Respondent. |
| 05/10/2021 | Receipt for Records filed. |
| 05/19/2021 | COVID-19 Misdemeanor Action Request filed. |
| 05/19/2021 | Case referred to W13 for review. |
| 05/21/2021 | Hearing held on 05/21/2021 at 09:00:00 AM in Department W13 for Chambers Work. |
| 05/21/2021 | Judicial Officer: Thomas Glazier, Judge |
| 05/21/2021 | Clerk: L. Sanchez |
| 05/21/2021 | District Attorney not present in Court. |
| 05/21/2021 | Defendant not present in Court represented by Derek Bercher, Alternate Defender. |
| 05/21/2021 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| 05/21/2021 | Court read and considered Misdemeanor Action request. |
| 05/21/2021 | Oral motion by Defense extension on jail report date |
| 05/21/2021 | The Court has reviewed correspondence and rules as follows: |
| 05/21/2021 | Motion granted. |
| 05/21/2021 | Minutes of 03-25-21 Nunc Pro Tunc to reflect Defense admits and found in violation |
| 05/21/2021 | 30 days Jail as to count(s) 1, 2 further stayed to 08/06/2021 at 07:00 PM. This modifies the commitment dated 05/21/2021. Defendant to report to Theo Lacy Jail as ordered. |
| 05/21/2021 | Credit for time served: 3 actual, 3 conduct, totaling 6 days pursuant to Day-for-day. (Entered NUNC_PRO_TUNC on 05/26/21) |
| 05/21/2021 | Court authorizes Electronic Confinement.  (Entered NUNC_PRO_TUNC on 05/26/21) |
| 05/21/2021 | Defendant currently is not in custody. |
| 05/21/2021 | Notice to Sheriff issued. |
| 05/21/2021 | Copy of Jail notice forwarded to Orange County jail |
| 05/21/2021 | All terms and conditions of probation are to remain the same. |
| 05/21/2021 | Defendant's release status updated to reflect: Released. |
| 05/21/2021 | Nunc Pro Tunc entry(s) made on this date for 03/25/2021. |
| 05/21/2021 | DOJ Subsequent Abstract - 40 sent. |
| 05/21/2021 | Notice to Sheriff issued. |
| 05/21/2021 | Notice to Sheriff issued. |
| 05/25/2021 | Request For Electronic Recording received. |
| 05/26/2021 | Abstract of Judgment issued. |
| 05/26/2021 | Nunc Pro Tunc entry(s) made on this date for 05/21/2021. |

Page 50 of 54
EXHIBIT PAGE 0072

148

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 05/26/2021 | Nunc Pro Tunc entry(s) made on this date for 05/21/2021 12:00:00 AM. |
| 06/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 06/10/2021 | Receipt for Records filed. |
| 06/22/2021 | Copy of Electronic Recording given to Janine Jasso |
| 06/23/2021 | Defense Motion To Vacate Conviction Or Sentence filed. |
| 06/23/2021 | Order On Motion To Vacate Conviction Or Sentence received, not filed. |
| 06/23/2021 | Proof of Service filed. |
| 06/23/2021 | Declaration Jamie Lynn Gallian In Support Of Motion filed. |
| 07/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 07/01/2021 | Pursuant to Penal Code 1465.9 any court-imposed costs pursuant to Penal Codes 987.4, 987.5(a), 987.8, 1203.1e, 1203.016, 1203.018. 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2 and 6266 are deemed unenforceable and uncollectible. |
| 07/09/2021 | Hearing held on 07/09/2021 at 09:00:00 AM in Department W18 for Chambers Work. |
| 07/09/2021 | Judicial Officer: Kevin Haskins, Judge |
| 07/09/2021 | Clerk: D. Phillips |
| 07/09/2021 | No appearance by parties. |
| 07/09/2021 | Motion re: Vacate Conviction / Sentence pursuant to PC 1473.7(a)(3) set on 08/02/2021 at 08:30 AM in Department W18. |
| 07/09/2021 | Motion re: Vacate Conviction / Sentence pursuant to PC 1473.7(a)(3) on 08/02/2021 at 08:30 AM in W18 entered in error. (Entered NUNC_PRO_TUNC on 08/02/21) |
| 07/09/2021 | Motion set on 08/02/2021 at 08:30 AM in Department W18. (Entered NUNC_PRO_TUNC on 08/02/21) |
| 07/09/2021 | Motion to Vacate Conviction. (Entered NUNC_PRO_TUNC on 08/02/21) |
| 07/09/2021 | Copy of Minute Order forwarded to Derek Bercher by email.. |
| 07/09/2021 | Copy of Minute Order forwarded to Victim Witness Assistance Program.. |
| 08/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 08/02/2021 | Nunc Pro Tunc entry(s) made on this date for 07/09/2021. |
| 08/02/2021 | Hearing held on 08/02/2021 at 08:30:00 AM in Department W18 for Motion. |
| 08/02/2021 | Judicial Officer: Kevin Haskins, Judge |
| 08/02/2021 | Clerk: D. Phillips |
| 08/02/2021 | Bailiff: A. Ha |
| 08/02/2021 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 08/02/2021 | Danielle Vicino made a special appearance for District Attorney Miles Robinson. |
| 08/02/2021 | Defendant present in Court without counsel. |
| 08/02/2021 | Court inquires of Ms. Gallian if Mr. Bercher is still representing her. |
| 08/02/2021 | Ms. Gallian states she has filed the motion in pro per. |
| 08/02/2021 | Defendant present in Court in propria persona. |
| 08/02/2021 | Oral motion by People to continue the motion due to the assigned District Attorney being engaged in trial. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn                                06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 08/02/2021 | Motion continued to 08/23/2021 at 08:30 AM in Department W18 at request of Defense. |
| 08/02/2021 | Motion to Vacate Conviction. |
| 08/02/2021 | Defendant ordered to return. |
| 08/02/2021 | 30 days Jail as to count(s) 1, 2 further stayed to 09/03/2021 at 07:00 PM. This modifies the commitment dated 08/06/2021. Defendant to report to Orange County Jail as ordered. |
| 08/02/2021 | Credit for time served: 3 actual, 3 conduct, totaling 6 days pursuant to Day-for-day. |
| 08/02/2021 | All terms and conditions of probation are to remain the same. |
| 08/02/2021 | Copy of Minute Order given to defendant. |
| 08/02/2021 | Notice to Sheriff issued. |
| 08/23/2021 | Hearing held on 08/23/2021 at 08:30:00 AM in Department W18 for Motion. |
| 08/23/2021 | Judicial Officer: Kevin Haskins, Judge |
| 08/23/2021 | Clerk: D. Phillips |
| 08/23/2021 | Bailiff: A. Ha |
| 08/23/2021 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 08/23/2021 | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Kevin Haskins, Judge in court. |
| 08/23/2021 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/23/2021 | Defendant present in Court in propria persona. |
| 08/23/2021 | Case called. People answer ready. Defense answers ready. |
| 08/23/2021 | Motion transferred to 08/23/2021 at 09:40 AM in Department W14. |
| 08/23/2021 | Parties to appear forthwith. |
| 08/23/2021 | Hearing held on 08/23/2021 at 09:40:00 AM in Department W14 for Motion. |
| 08/23/2021 | Judicial Officer: Thomas Glazier, Judge |
| 08/23/2021 | Clerk: A. Saloky |
| 08/23/2021 | Bailiff: A. Gonzales |
| 08/23/2021 | In open court at 10:15 AM |
| 08/23/2021 | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| 08/23/2021 | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Thomas Glazier, Judge in court. |
| 08/23/2021 | People represented by Gerard Gully, Deputy District Attorney, present. |
| 08/23/2021 | Defendant present in Court in propria persona. |
| 08/23/2021 | Court states he needs some time to review the motion and orders all parties to return at 11:00 am. |
| 08/23/2021 | Again in open court at 11:00 AM. Defendant present in Propria Persona. People duly represented. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 08/23/2021 | Court read and considered moving papers.. |
| 08/23/2021 | Court hears from defendant. |
| 08/23/2021 | Motion argued. |
| 08/23/2021 | Defense motion to vacate conviction is denied. |
| 09/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 09/01/2021 | Opinion filed. |
| 09/01/2021 | Opinion forwarded to Judge Kevin Haskins |
| 09/01/2021 | Case referred to W18 for review. |
| 09/07/2021 | Minute Order from the Appellate Division dated 08/31/2021 filed. |
| 09/07/2021 | The court, on its own motion pursuant to California Rules of Court, rule 8.873(c), remands this matter to the trial court to augment the record with: (1) restitution report, filed on 1/27/21; (2) victim restitution questionnaire date 4/27/20, filed on 1/27/21; and (3) defense exhibits A, B, C, admitted into evidence at 1/27/21 restitution hearing. Upon the filing and service of supplemental clerk's transcript, appointed counsel is ordered to review the record, and within 30 days, file and serve a supplemental brief either briefing any arguable issues or informing this court that a review of the supplemental clerk's transcript reveals no arguable issues. |
| 09/13/2021 | Receipt for records and papers on Record on Appeal prepared and forwarded to Superior Court Appellate Division, as listed on receipt. |
| 09/13/2021 | Record on Appeal mailed to Appellant and Respondent. |
| 09/24/2021 | Receipt for Records filed. |
| 10/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 11/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 11/18/2021 | Receipt for Records filed. |
| 11/18/2021 | Remittitur and Judgment/Order filed. |
| 11/18/2021 | Remittitur forwarded to Judge Kevin Haskins, |
| 11/18/2021 | Case referred to W18 for review. |
| 11/18/2021 | Appeal number 30-2019-01119765 |
| 12/01/2021 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 12/10/2021 | Hearing held on 12/10/2021 at 09:00:00 AM in Department W18 for Chambers Work. |
| 12/10/2021 | Judicial Officer: Kevin Haskins, Judge |
| 12/10/2021 | Clerk: D. Phillips |
| 12/10/2021 | No appearance by parties. |
| 12/10/2021 | Court read and considered Remittitur. |
| 12/10/2021 | Judgment affirmed as to count(s) 1, 2. |
| 12/10/2021 | DOJ Subsequent Abstract - 21 sent. |
| 01/01/2022 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 01/04/2022 | Court orders $ 933.83 VR Admin Fee fee vacated. Pursuant to Penal Code 1465.9(b) and Vehicle Code 42240, any court-imposed costs pursuant to Penal Codes 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, and Vehicle Codes 40508.5 and 40510.5(g) are deemed unenforceable and uncollectible as of January 1, 2022. |
| 01/07/2022 | Adjusted Case Balance Notice sent. |
| 02/01/2022 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |

Page 53 of 54
EXHIBIT PAGE 0075

151

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

# MINUTES

Case : 18WM05278

Name : Gallian, Jamie Lynn

06/21/2022 13:41:26 PM

| Date of Action | Text |
|---|---|
| 03/01/2022 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 03/25/2022 | Case evaluated for expired probation(s). Probation updated for applicable grant(s) of probation. |
| 04/01/2022 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 04/20/2022 | Opinion filed. |
| 04/20/2022 | Opinion case number 30-2021-01189657 |
| 04/20/2022 | Opinion forwarded to Judge Thomas Glazier W14 |
| 05/01/2022 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |
| 06/01/2022 | Monthly interest on Victim Restitution in the amount of $77.82 assessed for Victim # 1. |



Page 54 of 54
EXHIBIT PAGE 0076

152

I hereby certify the foregoing instrument consisting of 54 page(s) is a true and correct copy of the original on file in this court.

ATTEST: (DATE) 06/21/2022

DAVID H. YAMASAKI, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY N. Moret , DEPUTY

EXHIBIT PAGE 0077

153

# EXHIBIT 8

1.  4/25/2018 Complaint "Domestic Violence" appears on face of Complaint in error.
2.  Interlineated 10/31/2018 vacate Domestic Violence.
3.  Complaint filed was based on 2/14/2018 Private Stipulation-Civil Harassment filed by Huntington Beach Gables HOA 2.14.2018. Case Dismissed without Prejudice.
4. 3/27/2018 Janine Jasso Huntington Beach Police Report "Alleged Violation of 2/14/2018 Stipulation.
5. 2/14/2018 Minute Order
6. Second Complaint filed 4/16/2019 (missing final page) Jasso's tells Superior Court Judge Kevin Haskins on 6/4/2019, "She is continuing to violate the TRO, when Jasso knew her 4/17/2018 Peaceful Contact, No Stay Away superseded 12/22/2017 HOA TRO concerning Jasso and her listed protected parties under Family Code §§6457.
7. Minute Orders Jasso v Gallian 4/17/2018 - 12/17/2018. All Peaceful Contact, No Stay Away. Jasso continued to lie to Judicial Officers stating there was a protective order and stay away when there was not, Jasso continued to file numerous false HBPD Police Reports.

1  SUPERIOR COURT OF CALIFORNIA
2  COUNTY OF ORANGE, WEST JUSTICE CENTER

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

04/25/2018
03:40 PM

DAVID H. YAMASAKI, Clerk of the Court
18WM05278

6  THE PEOPLE OF THE STATE OF CALIFORNIA, )   COMPLAINT
7                                          )
8                      Plaintiff,          )
9                                          )
10            vs.                          )   No.
11  JAMIE LYNN GALLIAN        11/16/62     )   HBPD 18-004287
    V8040742                               )   HBPD 18-004961
12    AKA JAMIE LYNN PETERS                )   HBPD 18-004985
13        JAMIE LYNN BARCLAY               )   HBPD 18-004936
          JAMIE LYNN GALLIAN               )   DOMESTIC VIOLENCE
14                                         )
15                      Defendant(s))

16  The Orange County District Attorney charges that in Orange
17  County, California, the law was violated as follows:

18  COUNT 1: On or about March 27, 2018, in violation of Section 166
19  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
20  terms of a process and court order lawfully issued on or about
21  02-14-2018 by the Superior Court, in and for the County of
    ORANGE, State of CALIFORNIA, 30-201700962999, which lawfully
22  ordered VIOLATED TEMPORARY RESTRAINING ORDER BY CONTACTING AND
23  HARASSING VICTIM.

24  COUNT 2: On or about March 27, 2018, in violation of Section 166
25  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
26  terms of a process and court order lawfully issued on or about
27  02-14-2018 by the Superior Court, in and for the County of
    ORANGE, State of CALIFORNIA, 30-201700962999, which lawfully
28  ordered VIOLATED TEMPORARY RESTRAINING ORDER BY CONTACTING AND
    HARASSING VICTIM.

*MISDEMEANOR COMPLAINT E-FILED (DA CASE# 18W04487) 06-25-2018*
*OC DNA NOT ON FILE; JAMIE GALLIAN*

155

JAMIE LYNN GALLIAN HBPD 18-004287 PAGE 2

2  I declare under penalty of perjury, on information and belief,
   that the foregoing is true and correct.

4  Dated 04-25-2018 at Orange County, California.
         SB/SC 18W04487

6  TONY RACKAUCKAS, DISTRICT ATTORNEY

8  by: /s/ STEVEN BUNN
   STEVEN BUNN, Deputy District Attorney

10 RESTITUTION CLAIMED

11 [   ] None
   [   ] $_____
12 [ X ] To be determined

14 NOTICES:

15 The People request that defendant and counsel disclose, within
   15 days, all of the materials and information described in Penal
16 Code section 1054.3, and continue to provide any later-acquired
17 materials and information subject to disclosure, and without
   further request or order.

19 The People intend to proceed pursuant to Evidence Code sections
   1101(b), 1107, 1109, and 1370.
20

21 Pursuant to Welfare & Institutions Code §827 and California Rule
   of Court 5.552, notice is hereby given that the People will seek
22 a court order to disseminate the juvenile case file of the
23 defendant/minor, if any exists, to all parties in this action,
   through their respective attorneys of record, in the prosecution
24 of this case.

*MISDEMEANOR COMPLAINT E-FILED (DA CASE# 18W04487) 06-25-2018*
*OC DNA NOT ON FILE: JAMIE GALLIAN*

156



## Incident/Investigation Report
### Huntington Beach Police Department
### Case Number: 2018-004287

**APPROVED**

## Incident Information

| Date/Time Reported | Date/Time Occurred | Date/Time Discovered | Officer |
|---|---|---|---|
| 03/27/2018 16:16 | 03/27/2018 16:00 | 03/27/2018 16:00 | (422153) GONZALES, |
| **Incident Location** | | | **Supervising Officer** |
| 4469 CHASE DR, HUNTINGTON BEACH, CA 92649 | | | (421128) MUNOZ, |
| **Location Comments** | | **Beat** 8 | **Reporting District** 154 |
| **Case Status** | **Disposition** | **BWC / Digital Evidence** YES | |

## Charges

| 1 | Charge Type | Description | | | | Statute | UCR | ☐ Att |
|---|---|---|---|---|---|---|---|---|
| | State | CONTEMPT OF COURT:VIOLATE PROTECTIVE ORDER/ETC | | | | 166 (C)(1) PC | 90Z | ☑ Com |

| Alcohol, Drugs or Computers Used | Location Type | Premises Entered | Forced Entry | Weapons |
|---|---|---|---|---|
| ☐ Alcohol  ☐ Drugs  ☐ Computers | RESIDENCE/HOME | | ☐ Yes ☐ No | 1. |
| **Entry** | **Exit** | **Criminal Activity** | | 2. |
| | | | | 3. |
| **Bias Motivation** | **Bias Target** | **Bias Circumstances** | | **Hate Group** |

## Victims

| Seq. # | Type | Injuries | | | | Victim of Crimes |
|---|---|---|---|---|---|---|
| 1 | INDIVIDUAL | None | | | | 1 |

| Name(Last, First, M) | | | | Race | Sex | DOB | Age |
|---|---|---|---|---|---|---|---|
| JASSO, JANINE BARBARA | | | | W | F | | 51 |

| Height | Weight | Hair | Eye | Ethnicity | SSN |
|---|---|---|---|---|---|
| | | | | | |

| Home Phone | Cell Phone | Business Phone |
|---|---|---|
| | | |

| Address | Huntington Beach Resident |
|---|---|
| 4469 CHASE DR, HUNTINGTON BEACH, CA 92649 | |

| Employer Name/Address | Occupation |
|---|---|
| / | |

| Email |
|---|
| |

157



## Incident/Investigation Report
### Huntington Beach Police Department
#### Case Number: 2018-004287


**APPROVED**

### Victims

| Seq.# | Type | | Injuries | | | | | Victim of Crimes |
|---|---|---|---|---|---|---|---|---|
| 2 | INDIVIDUAL | | None | | | | | 1 |

| Name(Last, First, M) | | | | | Race | Sex | DOB | Age |
|---|---|---|---|---|---|---|---|---|
| JASSO, A[JUVENILE] | | | | | W | F | | 7 |

| Height | Weight | Hair | Eye | Ethnicity | SSN |
|---|---|---|---|---|---|
| | | | | | |

| Home Phone | Cell Phone | Business Phone |
|---|---|---|
| | | |

| Address | Huntington Beach Resident |
|---|---|
| | |

| Employer Name/Address | Occupation |
|---|---|
| / | |

| Email |
|---|
| |

### Suspects

| Seq.# | Type | | Name(Last, First, M) |
|---|---|---|---|
| 1 | INDIVIDUAL | | GALLIAN, JAMIE LYNN |

| AKA | | | | Race | Sex | DOB | Age |
|---|---|---|---|---|---|---|---|
| | | | | W | F | | 55 |

| Height | Weight | Hair | Eye | Ethnicity | SSN |
|---|---|---|---|---|---|
| | | | | | |

| Home Phone | Cell Phone | Business Phone |
|---|---|---|
| | | |

| Address | Huntington Beach Resident |
|---|---|
| 4476 ALDERPORT DR, HUNTINGTON BEACH, CA 92649 | |

| Employer Name/Address | Occupation |
|---|---|
| / | |

| Email |
|---|
| |

| Scars, Marks, Tatoos or other distinguishing features |
|---|
| |

| Physical Characteristics |
|---|
| |



## Incident/Investigation Report

**Huntington Beach Police Department**

**Case Number: 2018-004287**

**APPROVED**

### Witnesses

| Seq. # | Name (Last, First, M) | | | | Race | Sex | DOB | Age |
|---|---|---|---|---|---|---|---|---|
| 1 | ANDERSON, LYNNE | | | | W | F | | 53 |

| Height | Weight | Hair | Eye | Ethnicity | SSN |
|---|---|---|---|---|---|
| | | BRO | BRO | | |

| Home Phone | Cell Phone | Business Phone |
|---|---|---|
| | | |

| Address | Huntington Beach Resident |
|---|---|
| 16137 WARMINGTON LN, HUNTINGTON BEACH, CA 92649 | |

| Employer Name/Address | Occupation |
|---|---|
| / | |

| Email |
|---|
| |

Witness Notes

### Assisting Officers

(421016) FULTON,



## Incident/Investigation Report
### Huntington Beach Police Department
### Case Number: 2018-004287

**APPROVED**

## Notes/Narratives

On 03-27-18, I was working patrol for the city of Huntington Beach in the county of Orange. I was dressed in police uniform, wearing a police utility belt, and driving a marked, black and white police vehicle.

At approximately 1616 hours, I was dispatched to 4469 Chase Dr. regarding a restraining order violation. I arrived and contacted the victim, Janine JASSO, who in summary told me the following:

J. JASSO told me she is part of the board of directors for her HOA for the gated complex that she lives in. J. JASSO told me she has had several problems with Suspect Jamie GALLIAN that revolve around the HOA rules. The situation has gotten so severe that J. JASSO obtained a restraining order against GALLIAN along with five other board members.

I was able to confirm there was a valid restraining order that listed J. JASSO and A█████JASSO as the protected parties and listed GALLIAN as the restrained person, Case No. 30-2017-00962999. The restraining order is valid until August 2018. A. JASSO is J. JAASO'S eight year old daughter. One of the conditions of the restraining order states that GALLIAN is not supposed to contact J. JASSO and/or A. JASSO. For further details, refer to the restraining order.

J. JASSO went on to tell me that on this date, at approximately 1600 hours, she was out in front of her property in the common area working on an HOA project near the grass. The project required her to videotape and record the grass in the common area. J. JASSO estimated that she was approximately 25 yards away from GALLIAN'S residence. J. JASSO told me she had no intention of contacting and/or interacting with GALLIAN.

As J. JASSO was concluding her project, she heard GALLIAN from her residence which is located at 4476 Alderport Dr. scream, "█████ get away from me." J. JASSO looked up and noticed GALLIAN was standing in the common walkway in front of her residence. J JASSO estimated to the distance from her to GALLIAN was 25 yards. J. JASSO grabbed A. JASSO who was standing next to her and began escorting her away. J. JASSO stated she did not respond to GALLIAN. As she walked away, another neighbor who lives in the residential tract came up to her and asked her an HOA question regarding dogs. J. JASSO and A. JASSO began walking with this neighbor and did not see GALLIAN again. After J. JASSO spoke to the neighbor regarding the dogs, she decided to report the incident to the police.

I spoke to Victim No. 2, A. JASSO. A. JASSO told me she did not know what took place.

I was able to contact GALLIAN and had a cellphone conversation with her. GALLIAN told me she saw J. JASSO and A. JASSO approximately ten yards from her house. She "yelled" to A. JASSO that "her dad is dying and that she is wasting her time. She needs to be home with him because he is sick." I attempted to meet her in person so I could speak to her in depth about the incident and about the restraining order, but she

| Printed by: ███████ | at 3/30/2018 04:37 | Page 4 of 5 |



## Incident/Investigation Report

Huntington Beach Police Department

Case Number: 2018-004287

**APPROVED**

---

### Notes/Narratives

was uncooperative and very argumentative. GALLIAN would argue with me about what conditions were on the restraining order and informed me that she had court transcripts that negated the valid restraining order.

I was able to locate a witness, Lynne ANDERSON. ANDERSON told me she was with A. JASSO and J. JASSO when they were working on the project in the common area. ANDERSON told me she heard GALLIAN say, "Arielle, your daddy is dying, you better get home. Your mom is being selfish. Now get going." ANDERSON estimated GALLIAN was approximately 20 yards away from A. JASSO.

After ANDERSON heard the comment made to A. JASSO, ANDERSON stated a neighbor came up to J. JASSO and started asking her questions about dogs in the complex. ANDERSON stated J. JASSO did not respond to GALLIAN. J. JASSO and A. JASSO were seen walking away with the neighbor who had questions. ANDERSON last saw GALLIAN in the area of her residence.

CSI was not conducted due to there being no workable evidence.

I was unable to locate any security cameras that could have possibly recorded the conversation.

I request the Orange County District Attorney file the appropriate charges against GALLIAN.

No further details.

Printed by: [redacted]     at 3/30/2018 04:37     Page 5 of 5

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MINUTE ORDER

DATE: 02/14/2018                TIME: 09:00:00 AM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Timothy J. Stafford
CLERK:  Debby Lamm
REPORTER/ERM: Jennifer Gamulao CSR# 11689
BAILIFF/COURT ATTENDANT:  J Mcmillion

CASE NO: **30-2017-00962999-CU-HR-CJC** CASE INIT.DATE: 12/22/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Associates vs. Gallian**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Harassment

EVENT ID/DOCUMENT ID: 72744967
**EVENT TYPE**: Order to Show Cause re: Workplace Violence

**APPEARANCES**
Joyce J. Kapsal, from EPSTEN GRINNELL & HOWELL APC, present for Petitioner(s).
Frank Satalino, from Eagle Law Corp., present for Respondent(s).
Jamie Lynn Gallian, Respondent is present.

This matter came on regularly for hearing at this Court, and by mutual agreement of Petitioner The
Huntington Beach Gables Homeowners Associates and Respondent Jamie Lynn Gallian, this matter has
been referred to mediation.

Mediation was successful.

Pursuant to the signed stipulation, the parties agree to continue the case for six months.

Order to Show Cause re: Workplace Violence continued to 08/15/2018 at 09:00 AM in this department
pursuant to party's motion.

The request to reissue the Temporary Restraining Order is granted.  All orders contained in the
Temporary Restraining Order shall stay in effect unless this order changes them.  Reissue Temporary
Restraining Order signed and filed this date.

Certified copy of Notice of Hearing with a Certified Copy of the Temporary Restraining Order personally
served on Respondent by the Court this date.

DATE: 02/14/2018                    MINUTE ORDER                    Page 1
DEPT: C66                                                        Calendar No.

162

C4

# DRPA

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER: | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |

JUSTICE CENTER:
- [X] Central - 700 Civic Center Dr. West, Santa Ana, CA 92701- 4045
- [ ] Harbor-Laguna Hills Facility-23141 Moulton Pkwy., Laguna Hills, CA 92653
- [ ] Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
- [ ] North -1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
- [ ] West - 8141 13th Street, Westminster, CA 92683-4593

FEB 14 2018

DAVID H. YAMASAKI, Clerk of the Court

BY _____ D. LAMM _____ DEPUTY

PLAINTIFF: HUNTINGTON BEACH GABLES HOMEOWNERS ASSOC.

DEFENDANT: JAMIE LYNN GALLIAN

| STIPULATION<br>Civil Harassment | CASE NUMBER: 2017-<br>00962999-CU-HR-CJ |
|---|---|

IT IS STIPULATED by plaintiff: Huntington Beach Gables Homeowners Association _____ and
defendant: Jamie Lynn Gallian _____

- [X] Parties agree to the terms stated below. This case shall be dismissed without prejudice, and if the defendant does not comply with the stipulation, the plaintiff must file a new case in order to obtain a restraining order.

- [ ] ~~Parties agree to the terms stated below. the plaintiff will file a dismissal with the court within ten days of the signing of this stipulation. If Compliance is not filed within the ten day period, the case will be dismissed. They agree to dismissal without restate the stipulation and the defendant agrees, pursuant to Penal Code (CH 664), any any time and agrees that any continuance or restate the stipulation~~

PLAINTIFF AND DEFENDANT STIPULATE AS FOLLOWS:

- [ ] _____ agree(s) to stay at least (specify): _____ yards
  away from: _____ and all other persons named in the Request for Order to Stop
  Harassment

- [ ] _____ agree(s) to have no contact (directly or indirectly) with (name): _____
  _____ and all other persons named in the Request for Orders to Stop Harassment.

- [X] Other (specify):

  The parties agree to a continuance of the hearing on the

  permanent restraining order for a period of 6 months.

  All provisions of the TRO entered on Dec. 22, 2017, shall remain

  in full force & effect pending the hearing on the permanent

  restraining order.

All parties understand that they give up their rights to: (1) appeal; and (2) notice of dismissal. They further understand that this stipulation is not an actual restraining order and will not be enforced by any law enforcement agencies.

Date: 2-14-18 _____ _____ (SIGNATURE OF DEFENDANT)

**IT IS SO ORDERED**

Date: 2-14-18 _____ Lindy Bick (SIGNATURE OF DEFENDANT)
PLAINTIFF

Judge of the Superior Court
TIMOTHY J. STAFFORD
STIPULATION - CIVIL HARASSMENT

Approved for Optional Use
L63a (New July 1, 2005)

**163**

1  SUPERIOR COURT OF CALIFORNIA
2  COUNTY OF ORANGE, WEST JUSTICE CENTER

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

04/16/2019
03:05 PM

DAVID H. YAMASAKI, Clerk of the Court
19WM05479

6  THE PEOPLE OF THE STATE OF CALIFORNIA, )   COMPLAINT
7                                         )   BWC AGENCY
8                             Plaintiff,  )
9                                         )
10                  vs.                   )   No.
                                          )   HBPD 18-005404
11  JAMIE LYNN GALLIAN        11/16/62 )   HBPD 18-005758
                                          )   HBPD 18-006122
12    V8040742                            )   HBPD 18-006123
    AKA JAMIE LYNN PETERS                 )   HBPD 18-006123
13      JAMIE GALLIAN-PIERPOINT           )   HBPD 18-006412
        JAMIE LYNN BARCLAY                )   HBPD 18-006518
14                                        )   HBPD 18-006752
15                        Defendant(s))   HBPD 18-006804
16                                            HBPD 18-006847
                                              HBPD 18-007102

17  The Orange County District Attorney charges that in Orange
18  County, California, the law was violated as follows:

19  COUNT 1: On or about April 17, 2018, in violation of Section 166
20  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully disobey the
21  terms of a process and court order lawfully issued on or about
22  February 14, 2018 by the Superior Court, in and for the County
    of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
23  ordered TO STAY AWAY FROM PROTECTED PARTY.

24
    COUNT 2: On or about April 17, 2018, in violation of Section 166
25  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
26  JAMIE LYNN GALLIAN did willfully and unlawfully disobey the
    terms of a process and court order lawfully issued on or about
27  February 14, 2018 by the Superior Court, in and for the County
28  of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
    ordered TO STAY AWAY FROM PROTECTED PARTY.

MISDEMEANOR COMPLAINT E-FILED (DA CASE# 19W04361) 06-17-2019
OC DNA NOT ON FILE: JAMIE GALLIAN

164

JAMIE LYNN GALLIAN HBPD 18-005404 PAGE 2

1   COUNT 3: On or about April 17, 2018, in violation of Section 166
2   (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully disobey the
3   terms of a process and court order lawfully issued on or about
    February 14, 2018 by the Superior Court, in and for the County
4   of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
5   ordered TO STAY AWAY FROM PROTECTED PARTY.

6   COUNT 4: On or about May 05, 2018, in violation of Section 166
7   (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully disobey the
8   terms of a process and court order lawfully issued on or about
9   February 14, 2018 by the Superior Court, in and for the County
    of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
10  ordered TO STA AWAY FROM PROTECTED PARTY.

11
    COUNT 5: On or about May 05, 2018, in violation of Section 166
12  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
13  JAMIE LYNN GALLIAN did willfully and unlawfully disobey the
    terms of a process and court order lawfully issued on or about
14  February 14, 2018 by the Superior Court, in and for the County
15  of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
    ordered TO STAY AWAY FROM PROTECTED PARTY.
16

17  COUNT 6: On or about May 12, 2018, in violation of Section 166
    (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
18  JAMIE LYNN GALLIAN did willfully and unlawfully disobey the
19  terms of a process and court order lawfully issued on or about
    February 14, 2018 by the Superior Court, in and for the County
20  of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
21  ordered TO STAY AWAY FROM PROTECTED PARTY.

22  COUNT 7: On or about April 17, 2018, in violation of Section 166
23  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully disobey the
24  terms of a process and court order lawfully issued on or about
25  February 14, 2018 by the Superior Court, in and for the County
    of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
26  ordered TO STAY AWAY FROM PROTECTED PARTY.

27  /
28  /
    /
    /

                    MISDEMEANOR COMPLAINT E-FILED (DA CASE# 19W04361) 06-17-2019
                         OC DNA NOT ON FILE: JAMIE GALLIAN

165

JAMIE LYNN GALLIAN HBPD 18-005404 PAGE 3

1  COUNT 8: On or about April 17, 2018, in violation of Section 166
2  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
   JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
3  terms of a process and court order lawfully issued on or about
   February 14, 2018 by the Superior Court, in and for the County
4  of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
5  ordered TO STAY AWAY FROM PROTECTED PARTY.

6  COUNT 9: On or about May 19, 2018, in violation of Section 166
7  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
   JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
8  terms of a process and court order lawfully issued on or about
9  February 14, 2018 by the Superior Court, in and for the County
   of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
10 ordered TO STAY AWAY FROM PROTECTED PARTY.

11
12 COUNT 10: On or about May 20, 2018, in violation of Section 166
   (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
13 JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
   terms of a process and court order lawfully issued on or about
14 February 14, 2018 by the Superior Court, in and for the County
15 of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
   ordered TO STAY AWAY FROM PROTECTED PARTY.
16
17 COUNT 11: On or about May 26, 2018, in violation of Section 166
   (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
18 JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
19 terms of a process and court order lawfully issued on or about
   February 14, 2018 by the Superior Court, in and for the County
20 of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
21 ordered TO STAY AWAY FROM PROTECTED PARTY.

22 COUNT 12: On or about May 31, 2018, in violation of Section 166
23 (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
   JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
24 terms of a process and court order lawfully issued on or about
25 February 14, 2018 by the Superior Court, in and for the County
   of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
26 ordered TO STAY AWAY FROM PROTECTED PARTY.

27 /
28 /
   /
   /

MISDEMEANOR COMPLAINT E-FILED (DA CASE# 19W04361) 06-17-2019
OC DNA NOT ON FILE: JAMIE GALLIAN

166

JAMIE LYNN GALLIAN HBPD 18-005404 PAGE 4

1   COUNT 13: On or about June 01, 2018, in violation of Section 166
2   (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
3   terms of a process and court order lawfully issued on or about
    February 14, 2018 by the Superior Court, in and for the County
4   of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
5   ordered TO STAY AWAY FROM PROTECTED PARTY.

6   COUNT 14: On or about June 02, 2018, in violation of Section 166
7   (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
8   terms of a process and court order lawfully issued on or about
9   February 14, 2018 by the Superior Court, in and for the County
    of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
10  ordered TO STAY AWAY FROM PROTECTED PARTY.

11
12  COUNT 15: On or about June 26, 2018, in violation of Section 166
    (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
13  JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
    terms of a process and court order lawfully issued on or about
14  February 14, 2018 by the Superior Court, in and for the County
15  of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
    ordered TO STAY AWAY FROM PROTECTED PARTY.
16

17  COUNT 16: On or about June 26, 2018, in violation of Section 166
    (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
18  JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
19  terms of a process and court order lawfully issued on or about
    February 14, 2018 by the Superior Court, in and for the County
20  of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
21  ordered TO STAY AWAY FROM PROTECTED PARTY.

22  COUNT 17: On or about June 26, 2018, in violation of Section 166
23  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    JAMIE LYNN GALLIAN did willfully and unlawfully  disobey the
24  terms of a process and court order lawfully issued on or about
25  February 14, 2018 by the Superior Court, in and for the County
    of ORANGE, State of CALIFORNIA, 30-2017-00962999, which lawfully
26  ordered TO STAY AWAY FROM PROTECTED PARTY.

27  /
28  /
    /
    /

*MISDEMEANOR COMPLAINT E-FILED (DA CASE# 19W04361) 06-17-2019*
*OC DNA NOT ON FILE: JAMIE GALLIAN*

167

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 04/18/2018                    TIME: 01:30:00 PM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Timothy J. Stafford
CLERK:  Debby Lamm
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: J Mcmillion

CASE NO: **30-2018-00986785-CU-HR-CJC** CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Harassment

---

EVENT ID/DOCUMENT ID: 72795364,105375150

**EVENT TYPE:** Ex Parte Temporary Restraining Order
MOVING PARTY: Janine Barbara Jasso
CAUSAL DOCUMENT/DATE FILED: Request for Civil Harassment Restraining Orders, 04/18/2018

---

## APPEARANCES

---

Ex-Parte application for TRO is requested by Petitioner.

Request for Order to Stop Harassment is read and considered.

The Court orders temporary restraining order granted as to Jamie L. Gallian. Order to Show Cause re:
Civil Harassment set for 05/09/2018 at 09:00AM in C66. All orders to remain in full force and effect
pending date of hearing with NO stay away order (Peaceful Contact Only - Parties are neighbors).

Court orders Petitioner to give notice.

168

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 05/09/2018                    TIME: 09:00:00 AM          DEPT: C66

JUDICIAL OFFICER PRESIDING: Timothy J. Stafford
CLERK:  Debby Lamm
REPORTER/ERM: Glenn Miller CSR# 12265
BAILIFF/COURT ATTENDANT:  J Mcmillion

CASE NO: **30-2018-00986785-CU-HR-CJC**  CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Harassment

---

EVENT ID/DOCUMENT ID: 72795901
**EVENT TYPE:** Order to Show Cause re: Civil Harassment

---

**APPEARANCES**
Janine Barbara Jasso, self represented Petitioner, present.
Jamie L. Gallian, self represented Respondent, present.
 Michael Sean Devereux, Esq. present with Respondent.

Motion to continue by Respondent is Granted.

Order to Show Cause re: Civil Harassment continued to 06/20/2018 at 09:00 AM in this department
pursuant to party's motion.

The request to reissue the Temporary Restraining Order is granted.  All orders contained in the
Temporary Restraining Order shall stay in effect unless this order changes them. Reissue Temporary
Restraining Order signed and filed this date.

Petitioner to give a complete copy of all documents filed for the TRO at least ten (10) days prior to the
continued hearing.

Certified copy of Notice of Hearing with a Certified Copy of the Temporary Restraining Order personally
served on Respondent by the Court this date.

---

DATE: 05/09/2018                         MINUTE ORDER                         Page 1
DEPT:  C66                                                              Calendar No.

169

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 06/20/2018                    TIME: 09:00:00 AM          DEPT: C66

JUDICIAL OFFICER PRESIDING: Timothy J. Stafford
CLERK: Debby Lamm
REPORTER/ERM: Glenn Miller CSR# 12265
BAILIFF/COURT ATTENDANT: J Mcmillion

CASE NO: **30-2018-00986785-CU-HR-CJC** CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Harassment

---

EVENT ID/DOCUMENT ID: 72810255
**EVENT TYPE**: Order to Show Cause re: Civil Harassment

---

**APPEARANCES**
Martina A. Teinert, from Vigil Defense Law Firm, PC, present for Petitioner(s).
Janine Barbara Jasso, Petitioner is present.
Jamie L. Gallian, self represented Respondent, present.
Michael Sean Devereux, Esq. present with Respondent.

The Court on its own motion had to continue the hearing due to time restraints.

Order to Show Cause re: Civil Harassment continued to 08/15/2018 at 09:00 AM in this department.

The request to reissue the Temporary Restraining Order is granted. All orders contained in the Temporary Restraining Order shall stay in effect unless this order changes them. Reissue Temporary Restraining Order signed and filed this date.

Certified copy of Notice of Hearing with a Certified Copy of the Temporary Restraining Order personally served on Respondent by the Court this date.

---

DATE: 06/20/2018                    MINUTE ORDER                         Page 1
DEPT: C66                                                           Calendar No.

170

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**    [X] Amended on 08/13/2018

DATE: 08/13/2018                    TIME: 10:54:00 AM        DEPT:  C66

JUDICIAL OFFICER PRESIDING: Sheila Recio
CLERK:  Debby Lamm
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2018-00986785-CU-HR-CJC**  CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Harassment

---

EVENT ID/DOCUMENT ID: 72869601
**EVENT TYPE**: Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court notes several cases that are related to each other: 30-2018-00986785 Jasso vs. Gallian;
30-2017-00962999 The Huntington Beach Gables vs. Gallian; 30-2018-01011004 Gaillian vs. Jasso and
30-2018-01011440 Gallian vs. The Huntington Beach Gables.

The Court on its own motion orders the following:

The Order to Show Cause re: Civil Harassment set for 08/15/2018 at 9:00 AM in C-66 is reset to
08/31/2018 at 09:00 AM in Department C-66.

All orders contained in the Temporary Restraining Order shall stay in effect unless this order changes
them.

Court orders Clerk to give notice.

DATE: 08/13/2018                    MINUTE ORDER                              Page 1
DEPT:  C66                                                          Calendar No.

171

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

SHORT TITLE: Jasso vs. Gallian

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2018-00986785-CU-HR-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Certified Copy of Order Renewing Civil
Harassment Restraining Order dated 08/15/18 was mailed following standard court practices in a sealed
envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at
Santa Ana, California, on 08/16/2018.

Clerk of the Court, by: _____ , Deputy

JANINE  B JASSO
4469 CHASE DRIVE
HUNTINGTON BEACH, CA  92649 US

JAMIE  L GALLIAN
4476  ALDERPORT DRIVE
HUNTINGTON BEACH, CA  92649 US

or Court of California
County of Orange
obate/Mental Health Division
ivic Center Drive West
Ana, California 92701



US POSTAGE $000.47

9264932298  C004

225

172

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700  W. Civic Center Drive
Santa Ana, CA  92702

**SHORT TITLE:** Jasso vs. Gallian

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2018-00986785-CU-HR-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Certified Copy of Order Renewing Civil Harassment Restraining Order dated 08/15/18 was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Santa Ana, California, on 08/16/2018.

Clerk of the Court, by: _____ , Deputy

JANINE  B JASSO
4469  CHASE DRIVE
HUNTINGTON BEACH,  CA  92649 US

JAMIE  L GALLIAN
4476  ALDERPORT DRIVE
HUNTINGTON BEACH,  CA  92649 US

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

V3 1013a (June 2004)

Code of Civil Procedure ; § CCP1013(a)

173

| **CH-116** | **Order on Request to Continue Hearing** |
|---|---|

*Clerk stamps date here when form is filed.*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
JUSTICE CENTER

AUG 1 5 2018

DAVID H. YAMASAKI, Clerk of the Court

BY: ____ J. GAYTAN ____ DEPUTY

*Complete items* ①, ②, *and* ③ *only.*

**① Protected Person**

Full Name: Janine Barbara Jasso

**② Restrained Party**

Full Name: Jamie L. Gallian

**③ Party Seeking Continuance**

I am the ☐ protected party ☐ restrained party

Your Lawyer *(if you have one for this case):*

Name: N/A                     State Bar No.: _____

Firm Name: _____

Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*

Address: _____

City: _____ State: ____ Zip: _____

Telephone: _____ Fax: _____ E-Mail: _____

*Fill in court name and street address:*

Superior Court of California, County of Orange
700 Civic Center Drive West
Santa Ana, Ca 92701

*Fill in case number:*

Case Number:
30-2018-00986785-CU-HR-CJC

*The court will complete the rest of this form.*

**④ Order on Request for Continuance**

a. The hearing in this matter is currently scheduled for *(date):* August 15, 2018   at *(time):* 9:00 AM

b. ☐ The request for a continuance is DENIED for the reasons set forth ☐ below   ☐ on Attachment 4b

_____
_____
_____

The hearing shall be held as currently scheduled in a, above. The *Temporary Restraining Order* (Form CH-110) issued on *(date):* _____ remains in full force and effect until the hearing date.

c. ☒ The request for a continuance is GRANTED as set forth below.

**⑤ Order Granting Continuance and Notice of New Hearing**

The court hearing on the *Request for Civil Harassment Restraining Orders* (form CH-100) is continued and rescheduled as follows:

| New Hearing Date | → Date:08/31/2018   Time:9:00 AM   Dept.:C-66   Room:_____ | Name and address of court if different from above: _____ _____ _____ |
|---|---|---|

The extended *Temporary Restraining Order* (form CH-110) expires at the end of this hearing.

---

**This is a Court Order.**

Judicial Council of California
www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Code of Civil Procedure, § 527.6(p)

**Order on Request to Continue Hearing (CLETS–TCH)**
**(Civil Harassment Prevention)**

CH-116, Page 1 of 3
→

174

Case Number:
30-2018-00986785-CU-HR-CJC

**(6) Reason for the Continuance**

a. The continuance is needed because:

    (1) ☐ The person in ② was not served before the current hearing date.

    (2) ☐ The person in ② asked for a first continuance of the hearing.

    (3) ☐ The person in ② asked for more time to hire a lawyer or prepare a response.

    (4) ☐ Other good cause as stated    ☐ below    ☐ on Attachment 6a(4)

b. ☒ The court finds good cause and orders a continuance in its discretion.

**(7) Extension of Temporary Restraining Order**

a. ☐ No Temporary Restraining Order was issued in this case.

b. ☒ Extension of the *Temporary Restraining Order* (TRO; Form CH-110) issued on *(date):* 04/18/18
    until the new hearing date is:

    (1) ☒ GRANTED. There are no changes to the TRO except for the expiration date. The TRO remains in
        effect until the end of the hearing in ⑤.

    (2) ☐ GRANTED AS MODIFIED. The TRO is modified. See the attached amended Form CH-110,
        *Temporary Restraining Order*. All orders on the attached Order remain in effect until the end of the
        hearing in ⑤.

    (3) ☐ DENIED and the TRO is TERMINATED for the reasons stated:
        ☐ below    ☐ on Attachment 7b(3)

---

**Warning and Notice to the Person in ②**

**If ⑦ b(1) or b(2) is checked, you must continue to obey the Temporary Restraining Order
until it expires at the end of the hearing scheduled in ⑤.**

---

**(8)** ☐ **Other Orders** *(specify):*

☐ Other orders are attached at the end of this Order on Attachment 8.

---

**This is a Court Order.**

---

Revised July 1, 2016      **Order on Request to Continue Hearing (CLETS–TCH)**      CH-116, Page 2 of 3
                             (Civil Harassment Prevention)      →

228

175

Case Number:
30-2018-00986785-CU-HR-CJC

## (9) Service of Order

a. ☐ No further service of this Order is required because both parties were present at the initial hearing in item 4a, and both were given a signed copy of this Order.

b. ☐ The court granted the person in ① 's request to continue the hearing date. A copy of this Order must be served on the person in ② at least _____ days before the hearing in ⑤ .

   (1) ☐ All other documents requesting civil harassment restraining orders as shown in Form CH-109, *Notice of Court Hearing*, item ⑤ must be personally served on the person in ② .

   (2) ☐ The *Temporary Restraining Order* (Form CH-110) has been modified and must be personally served on the person in ② .

   (3) ☐ A copy of the *Temporary Restraining Order* must NOT be served because extension of the order is denied in item 7b(3).

c. ☐ The court granted the person in ② 's request to continue the hearing date. A copy of this Order must be served on the person in ① at least _____ days before the hearing in ⑤ . A copy of the *Temporary Restraining Order* (form CH-110) must be personally served if it was modified by the court in item 7b(2).

d. ☐ All documents must be personally served unless otherwise specified below.

   ☑ Clerk's office to give notice.

## (10) Mandatory Entry of Order Into CARPOS Through CLETS

If a continuance is granted, the court or its designee will transmit this form within one business day to law enforcement personnel for entry into the California Restraining and Protective Order System (CARPOS) via the California Law Enforcement Telecommunications System (CLETS).

Date: 8/15/18

*Judicial Officer* Sheila Recio

**Request for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to www.courts.ca.gov/forms.htm for *Request for Accommodations by Persons With Disabilities and Response* (Form MC-410). (Civ. Code, § 54.8.)

*(Clerk will fill out this part.)*

—Clerk's Certificate—

I certify that this *Order on Request to Continue Hearing* is a true and correct copy of the original on file in the court. DAVID H. YAMASAKI

Date: AUG 16 2018  Clerk, by _____, Deputy
J GAYTAN

**This is a Court Order.**

Revised July 1, 2018

**Order on Request to Continue Hearing (CLETS–TCH)**
**(Civil Harassment Prevention)**

CH-116, Page 3 of 3

**Himert, Erik**

| | |
|---|---|
| From: | Himert, Erik |
| Sent: | Tuesday, August 28, 2018 6:54 AM |
| To: | Janine Jasso |
| Subject: | RE: RE: RE: RE: Attached WV TRO  Form WV 116 extension order extending tro valid until 083118 |

Janine,

I can only suggest you follow the courts advice regarding the service issue with the TRO's.

As I have explained in the past,  I cannot take the video or pictures you have sent with your email.  If those are related to a case you need to come to the station and have the desk officer take a supplemental report so he can process your statements, photos and video properly.

They will make their way up to my desk and I will review and handle them accordingly.

I won't be able to make phone calls to try and fix the TRO status issues with the court.  I have 3 meetings this morning I have to attend to and other cases that need immediate attention.

Detective E. Himert #1145

Detective Bureau
Huntington Beach Police Department
2000 Main Street
Huntington Beach, CA 92648
Desk 714-536-5963
Fax 714-536-2895
ehimert@hbpd.org

**From:** Janine Jasso [mailto:j9_jasso@yahoo.com]
**Sent:** Tuesday, August 28, 2018 6:01 AM
**To:** Himert, Erik
**Subject:** Re: RE: RE: RE: Attached WV TRO Form WV 116 extension order extending tro valid until 083118

Dear Det. Himert,
Thank you.  Spent the day at the courthouse yesterday.  The court clerk and the filing dept don't know what to do either. One person suggested the HOA serve her through the sheriff's personally, but we don't have time to get that done before this Friday's hearing. Ms. Gallian left the property yesterday and we don't know when she will return.  Can the hard copies of the proofs of service be acceptable for the police reports.  Also, the Court clerk, Debi Lamm for Dept C-66 believed the courthouse computer should be viewed by CLETS.  She said they should be working perfectly, because there hasn't been a problem with other cases that had a court extension occur. Any chance you could call Ms. Lamm and confirm with her that Ms. Gallian was properly served the extension?  Dept C-66 phone number is 657-622-6878.

I guess I had a sick feeling in my stomach for a reason.  My mom called it "sick sense".  Saturday, August 25th, the police report numbers for Ms. Gallian violating the 30-foot stay away order (since August 15th) are Police Report #18-012662 (mine and Ted),  #18-012723 (Ms Jennifer Paulin), #18-012785 (Mr. Lee Gragnano).  When she got between Lee's car and the neighbor's, she actually crouched down, hiding while she watched Ted and then moved right at him when she was stepped towards the pool gazebo. I was already in the pool gazebo when this happened. Please note, Ted Phillips, our oldest Board member at 82, can't run from Ms.

177

From: Janine Jasso [mailto:j9_jasso@yahoo.com]
Sent: Thursday, August 23, 2018 5:51 AM
To: Himert, Erik
Subject: Re: RE: Attached WV TRO Form WV 116 extension order extending tro valid until 083118

Dear Det. Himert,

The attorney for the HOA spoke with the court clerk and the filing clerk. It appears they saw the issue and have "fixed" it in the computer system. Do you mind checking to see if the WV TRO is now showing served? My understanding from the Court and the HOA attorneys is that the WV TRO should show valid continuously through August 31, 2018, with no break. The WV TRO is the one that has the 30-foot stay away order and no contact order that Ms. Gallian has violated the most. At one hearing, Ms. Gallian asked the judge which order is she supposed to follow over the other others. The Court told Ms. Gallian that she has to follow all of the court orders and that the most strict has the highest level of priority. So, from my understanding, the WV TRO stay away order and no contact order had to be followed even if another separate order said peaceful contact only. I think the court's website says this too.

Thank you for all the time you are spending on this, as we know you have a lot of cases,

Janine

P: 213-247-6030

F: 413-723-1540

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act [18 USC 2510] and it is intended to be received and read only by certain individuals for their sole use and benefit. This e-mail and any files transmitted with it are the property of Janine Jasso, Esq. and/or affiliates, are confidential. Any other use retention, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. It may contain information that is privileged or protected from disclosure by law. Receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply immediately from your computer. Thank you.

On Wednesday, August 22, 2018, 12:08:28 PM PDT, Janine Jasso <j9_jasso@yahoo.com> wrote:

Okay, I called and left a voicemail message for Dept. C-66 Court clerk, but I think I should go to the courthouse filing window and see what they can do to fix this quickly. I will follow up with you as soon as possible.

Safety first for all of us and you and your team!

Thank you,

2

178

Janine

P: 213-247-6030

F: 413-723-1540

CONFIDENTIALITY NOTICE:  This communication constitutes an electronic communication within the meaning of the Electronic
Communications Privacy Act [18 USC 2510] and it is intended to be received and read only by certain individuals for their sole use
and benefit. This e-mail and any files transmitted with it are the property of Janine Jasso, Esq. and/or affiliates, are confidential. Any
other use retention, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. It may contain information that
is privileged or protected from disclosure by law. Receipt by anyone other than the intended recipient does not constitute a loss of the
confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If it has been
misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply
immediately from your computer. Thank you.

On Wednesday, August 22, 2018, 11:51:44 AM PDT, Himert, Erik <EHimert@hbpd.org> wrote:

Janine,

I just checked once again and the court system still shows that this order and your civil harassment orders have not been
served.  There appears to be some type of issue with Central Court as to why they have not updated this information in
their system.

My recommendation would be take the paperwork you have emailed me and address this with Central Court as soon as
possible and have them fix this.  In looking at the minute order, it is dated 8/13/18 and the court clerks service was on
8/14/18.  The issue dates for the workplace violence order and your civil harassment order are on 8/15/18.

Our records clerks and dispatchers rely on this information when officers investigate TRO violations.

## Detective E. Himert #1145
Detective Bureau
Huntington Beach Police Department
2000 Main Street
Huntington Beach, CA 92648
Desk 714-536-5963
Fax 714-536-2895
ehimert@hbpd.org

From: Janine Jasso [mailto:j9_jasso@yahoo.com]
Sent: Wednesday, August 22, 2018 11:24 AM
To: Himert, Erik
Subject: Attached WV TRO Form WV 116 extension order extending tro valid until 083118

Dear Det. Himert,

The HOA attorneys sent me the actual original WV 116 reissuance of the WV TRO. They asked me to deliver it to HBPD.  I have
attached it here.  Would you please give it to your records dept or should I bring it in myself?  It shows the extension of original WV
TRO and a proof of service from the court clerk on 8/16/18.

3

179

18-007198

```
08/23/18  13:54:53
6568 4804
IH
IH
RE:QHA.CA0301000.NAM/GALLIAN, JAM     DATE:20180823 TIME:13:54:53
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:421805 18-007198 CRT PKG
RECORD #            NAM                    DOB     S R HGT EYE HAI TYP
H12074595 GILLHAM,JAMIE                 19640411  F X 507 BLU BLN APP
H12609286 GILLIN,JAMIE LYNNE            19620505  F X 504 BRO BRO APP
A12606238 GILLAM,JAMIE MARIE            19621211  F X 506 HAZ BLN APP
A08060311 GELEN,JAMIE BURGAL            19630123  M W 509 BRO BRO
A09292840 GALLINA,JAMIE LETITIA         19630321  F W 503 BRO BRO
 *   *   *   *   *   * /END OF MESSAGE   *   *   *   *   *   *   *
```

Case 18W16866L : pg 849

```
08/23/18  13:59:23
6568 4805
IH
IH
RE: QHN.CA0301000.OLN/V8040742.RTE      DATE:20180823  TIME:13:59:23
ATTN:421805 18-007198 CRT PKG
     *     *     *
NO HIT BUREAU OF CRIMINAL IDENTIFICATION FILES
     *     *     *     END OF MESSAGE
```

Case 18W16866L : pg 850

```
08/23/18  13:54:05
6568 4803
ID
ID
DATE:08-23-18*TIME:13:54*
DMV RECORD FOR LAW ENFORCEMENT USE ONLY
DL/NO:V8040742*B/D:11-16-1962*NAME:GALLIAN JAMIE LYNN*
MAIL ADDR AS OF 04-10-18:4476 ALDERPORT DR HUNTINGTON BH 92649*
OTH/ADDR AS OF 04-14-09:1136 BUCKINGHAM DR B COSTA MESA *
AKA:PETERS JAMIE LYNN*
AKA:BARCLAY JAMIE LYNN*
IDENTIFYING INFORMATION:
SEX:FEMALE*HAIR:BROWN*EYES:BLU*HT:5-09*WT:145*
LIC/ISS:04-10-18*EXPIRES:11-16-22*CLASS:C NON-COMMERCIAL*
ENDORSEMENTS:NONE*
LATEST APP:
DL TYPE:RENEWAL*ISS/DATE: 04-10-18*OFFICE: SPC*BATES:LIS*
LICENSE STATUS:
  VALID*
DEPARTMENTAL ACTIONS:
NONE
CONVICTIONS:
NONE
FAILURES TO APPEAR:
NONE
ACCIDENTS:
NONE
END
```

Case 18W16866L : pg 851

182

### SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

#### MINUTE ORDER

DATE: 08/31/2018                    TIME: 09:00:00 AM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sheila Recio
CLERK:  Debby Lamm
REPORTER/ERM: Janice Arnold CSR# 3307
BAILIFF/COURT ATTENDANT: J McMillion

CASE NO: **30-2018-00986785-CU-HR-CJC** CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Harassment

EVENT ID/DOCUMENT ID: 72869613
**EVENT TYPE**: Order to Show Cause re: Civil Harassment

**APPEARANCES**
Janine Barbara Jasso, self represented Petitioner, present.
Michael Sean Devereux, from WEX Law, present for Respondent(s).
Jamie L. Gallian, Respondent is present.
Martina A. Teinert, Esq. present with Respondent

Motion to continue by Martina A. Teinert is Granted, over Jamie Lynn Gallian's objection.

Order to Show Cause re: Civil Harassment continued to 09/21/2018 at 09:00 AM in this department
pursuant to party's motion.

The request to reissue the Temporary Restraining Order is granted.  All orders contained in the
Temporary Restraining Order shall stay in effect unless this order changes them.  Reissue Temporary
Restraining Order signed and filed this date.

Certified Copy of the Notice of Hearing with a Certified Copy of the Temporary Restraining Order served
on Respondent by the Court this date.

DATE: 08/31/2018                    MINUTE ORDER                    Page 1
DEPT: C66                                                        Calendar No.

183

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 09/21/2018                    TIME: 09:00:00 AM          DEPT: C66

JUDICIAL OFFICER PRESIDING: Frederick P. Horn
CLERK:  M. Griego
REPORTER/ERM: (ACRPT) Janice Arnold CSR# 3307
BAILIFF/COURT ATTENDANT:  J McMillion

CASE NO: **30-2018-00986785-CU-HR-CJC**  CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Harassment

---

EVENT ID/DOCUMENT ID: 72895144

**EVENT TYPE**: Motion for SLAPP
MOVING PARTY: Janine Barbara Jasso
CAUSAL DOCUMENT/DATE FILED: Motion for SLAPP, 09/20/2018

EVENT ID/DOCUMENT ID: 72885861

**EVENT TYPE**: Order to Show Cause re: Civil Harassment
MOVING PARTY: Janine Barbara Jasso
CAUSAL DOCUMENT/DATE FILED: Motion for SLAPP, 09/20/2018

---

**APPEARANCES**
Janine Barbara Jasso, self represented Petitioner, present.
Michael Sean Devereux, from WEX Law, present for Respondent(s).
Jamie L. Gallian, Respondent is present.
Attorney Martina A. Teinert, present with Petitioner

---

The following cases are related and are being heard together for calendaring purposes only

30 2018 00986785   Janine Barbara Jasso vs. Jamie L. Gallian
30 2018 01011004   Jamie Lynn Gallian vs. Jesus Jasso Jr.
30 2017 00962999   The Huntington Beach Gables Homeowners Associates vs. Jamie Lynn Gallian

Petitioner's Motion to strike/SLAPP petition is read and considered.

The Court finds that the Slapp motion was just filed on 9/20/18 and the Court is not able to proceed with the motion at this time.

The Court gives counsel an opportunity to come up with another date in order to have the motion ruled on before proceeding with the Order to show cause re Civil Harassment hearing.

The Court puts this matter on second call at this time in order to proceed on other pending hearings.

Matter is trailed until 1:30 pm.

---

DATE: 09/21/2018                    MINUTE ORDER                         Page 1
DEPT: C66                                                           Calendar No.

184

CASE TITLE: Jasso vs. Gallian          CASE NO: **30-2018-00986785-CU-HR-CJC**

At 1:30 pm, all parties are present as before

Case is recalled off the record.

Motion for SLAPP is continued to 11/29/2018 at 01:30 PM in this department

Order to Show Cause re: Civil Harassment is continued to 12/07/2018 at 09:00 AM in this department

The Temporary Restraining Order issued on 4/18/18 remains in effect until the continued date.

Certified Copy of the Notice of Hearing with a Certified Copy of the Temporary Restraining Order served on Respondent by the Court this date.

Parties waive notice.

DATE: 09/21/2018                    MINUTE ORDER                    Page 2
DEPT: C66                                                           Calendar No.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA,
## COUNTY OF ORANGE

# MINUTES

**Case :** 18WM05278 M A
**Name :** Gallian, Jamie Lynn

| Date of Action | Seq Nbr | Code | Text |
|---|---|---|---|
| 10/31/18 | 1 | HHELD | Hearing held on 10/31/2018 at 08:30:00 AM in Department W18 for Pre Trial. |
| | 2 | OFJUD | Judicial Officer: Terri K Flynn-Peister, Judge |
| | 3 | OFJA | Clerk: R. Nagle |
| | 4 | OFBAL | Bailiff: J. Palacios |
| | 5 | TRPRT | Proceedings recorded electronically. |
| | 6 | APDDA | People represented by Jeremy Hudson, Deputy District Attorney, present. |
| | 7 | APNDC | Defendant not present in Court represented by Michael Sean Devereux, Retained Attorney. |
| | 8 | WV977 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| | 9 | CTAMT | Original Complaint amended by interlineation to read to vacate the words domestic violence from the complaint. |
| | 10 | FICON | Request for Continuance - Misdemeanor filed. |
| | 11 | WVTGN | Defendant enters general time waiver. |
| | 12 | CLCON | **Pre Trial continued to 12/13/2018 at 08:30 AM in Department W18 at request of Defense.** |
| | 13 | DSORC | Court orders defendant is to remain released on own recognizance on condition(s): No further violations of protective order. |

---

Name: Gallian, Jamie Lynn

Page 1 of 1                     MINUTES / ALL CATEGORIES

Case:  18WM05278 M A

11/7/18 9:40 am

239

186

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 11/27/2018                    TIME: 01:30:00 PM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK:  Javier Espino
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  J McMillion

CASE NO: **30-2018-00986785-CU-HR-CJC** CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Harassment

EVENT ID/DOCUMENT ID: 72934856

**EVENT TYPE**: Ex Parte
MOVING PARTY: Jamie L. Gallian
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 11/26/2018

**APPEARANCES**
Michael Sean Devereux, from WEX Law, present for Respondent(s).
Jamie L. Gallian, Respondent is present.

Ex-Parte application to be relieved as counsel is requested by attorney Michael Devereux.

Requires notice to all parties.

Ex Parte trailed to 11/29/2018 at 01:30 PM in this department pursuant to party's motion.

Court orders attorney Michael Devereux to give notice.

187

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 11/29/2018                   TIME: 01:30:00 PM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: Debby Lamm
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: J McMillion

CASE NO: **30-2018-00986785-CU-HR-CJC** CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Harassment

EVENT ID/DOCUMENT ID: 72936212
**EVENT TYPE**: Ex Parte
MOVING PARTY: Jamie L. Gallian
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 11/26/2018

**APPEARANCES**
Michael Sean Devereux, from WEX Law, present for Respondent(s).
Jamie L. Gallian, Respondent is present.

The motion to be relieved as counsel of record is Granted .

DATE: 11/29/2018                  MINUTE ORDER                        Page 1
DEPT: C66                                                        Calendar No.

188

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 11/29/2018                TIME: 01:30:00 PM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK:  Debby Lamm
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  J McMillion

CASE NO: **30-2018-00986785-CU-HR-CJC** CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Harassment

---

EVENT ID/DOCUMENT ID: 72897459
**EVENT TYPE**: Motion for SLAPP
MOVING PARTY: Janine Barbara Jasso
CAUSAL DOCUMENT/DATE FILED: Motion for SLAPP, 09/20/2018

---

**APPEARANCES**
Janine Barbara Jasso, self represented Petitioner, present.
Michael Sean Devereux, from WEX Law, present for Respondent(s).
Jamie L. Gallian, Respondent is present.

---

The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now confirms tentative ruling as follows:

**SLAPP Motion**

Respondent Jamie L. Gallian's special motion to strike the petitition (SLAPP motion) is DENIED. Petitioner's request for attorney fees is DENIED without prejudice. Petitioner shall file a separate motion for attorney fees.

Respondent moves for an order pursuant to Code of Civil Procedure (CCP) § 425.16 striking the "the entire petition." (See Notice of Motion, p. 1, ln. 23.) Although respondent does not specify the petition she seeks to strike, the only petition petitioner Janine Barbara Jasso has filed in the instant matter is a Request for Civil Harassment Restraining Orders. (ROA No. 1.) For the following reasons, respondent's special motion to strike is denied.

**Timing of the Motion**

CCP § 425.16 (f) requires that "[t]he special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing."

Petitioner filed her Request for Civil Harassment Restraining Order on April 18, 2018. Respondent was

---

DATE: 11/29/2018                    MINUTE ORDER                          Page 1
DEPT: C66                                                          Calendar No.

**189**

CASE TITLE: Jasso vs. Gallian                    CASE NO: **30-2018-00986785-CU-HR-CJC**

personally served with the Civil Harassment Restraining Order on April 22, 2018. (ROA No. 11.) Respondent's special motion to strike was filed on September 20, 2018, 151 days after service of the Request for Civil Harassment Restraining Order. Respondent's motion is untimely.

**Protected Activity**

Substantively, respondent's motion also fails. CCP § 425.16(b)(1) provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

"Section 425.16 posits ... a two-step process for determining whether an action is a [strategic lawsuit against public participation]. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.... If the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) "Only a cause of action that satisfies both prongs of the anti-SLAPP statute – i.e., that arises from protected speech or petitioning and lacks even minimal merit – is a SLAPP, subject to being stricken under the statute." (*Id.* at 89.)

Here, respondent has failed to satisfy the first prong to establish her special motion to strike. "In California, speech that constitutes 'harassment' within the meaning of section 527.6 is not constitutionally protected, and the victim of the harassment may obtain injunctive relief. "Harassment" is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the plaintiff." (Code of Civil Procedure section 527.6, subd. (b).) 'Credible threat of violence' is a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose." (Code Civ. Proc., § 527.6, subd. (b)(2).)

Based on the evidence presented, respondent failed to show that she engaged in protected speech. It appears that Respondent engaged in harassment, which is "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (Code Civ. Proc., § 527.6, subd. (b).) Harassment is not constitutionally protected speech. (*Huntingdon Life Sciences, Inc.*, 129 Cal.App.4th at 1250.)

Petitioner requests attorneys' fees in the amount of $3,300.00. Petitioner's request is denied without prejudice to Petitioner filing a noticed motion for attorney's fees.

Petitioner to give notice.

**Ex Parte Application to be Relieved as Counsel**

The motion to withdraw as counsel is GRANTED.

DATE: 11/29/2018                    MINUTE ORDER                          Page 2
DEPT: C66                                                            Calendar No.

CASE TITLE: Jasso vs. Gallian                    CASE NO: **30-2018-00986785-CU-HR-CJC**

The court will sign the proposed order submitted.  The order relieving counsel will be effective immediately if respondent is present, otherwise, it will be effective upon the filing of a proof of service of the executed order upon plaintiff.

The formal order to withdraw as counsel or record was signed this date.

DATE: 11/29/2018                    MINUTE ORDER                    Page 3
DEPT: C66                                                      Calendar No.

191

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 12/07/2018                    TIME: 09:00:00 AM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK:  Debby Lamm
REPORTER/ERM: (ACRPT) Lisa De Los Reyes CSR# 4558
BAILIFF/COURT ATTENDANT: J McMillion

CASE NO: **30-2018-00986785-CU-HR-CJC** CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Harassment

EVENT ID/DOCUMENT ID: 72897460

**EVENT TYPE:** Order to Show Cause re: Civil Harassment
MOVING PARTY: Janine Barbara Jasso
CAUSAL DOCUMENT/DATE FILED: Motion for SLAPP, 09/20/2018

**APPEARANCES**
Janine Barbara Jasso, self represented Petitioner, present.
Jamie L. Gallian, Respondent is present.
Martina A. Teinert, Esq. appearing with Janine Barbara Jasso

All parties as noted above and witnesses are sworn. The following Parties testify: Janine Barbara Jasso and Jamie L. Gallian

Exhibit 5, Two Page Map is Marked on behalf of Petitioner.

At the request of Martina A. Teinert the Court takes judicial notice of Granted Preliminary Injunction in case 30-2017-00913985

Exhibit 7, Carrie Davis Declaration is Marked on behalf of Petitioner.

Exhibit 8, Screen Shot from Video is Marked on behalf of Petitioner.

Exhibit 9, Five Pages of Facebook Posts is Marked on behalf of Petitioner.

At the request of Martina A. Reinert the Court takes judicial notice of TRO dated 12/22/17 in Case 30-2017-00962999

At 3:15 PM Court declares a recess.

At 3:35 PM Court reconvenes with Petitioner, Respondent and counsel present as noted above.

The Court asked for offer of proof as to the testimony of witnesses Kim Macia, Lee Gragnano, Lindy Beck and Ted Phillips.  The Court excused these parties.

---

DATE: 12/07/2018                    MINUTE ORDER                        Page 1
DEPT: C66                                                          Calendar No.

**192**

CASE TITLE: Jasso vs. Gallian                     CASE NO: **30-2018-00986785-CU-HR-CJC**

---

Exhibit A, Stipulation in case 30-2017-00941896 is Marked on behalf of Respondent.

Exhibit B, Request for Civil harassment in case 30-2017-00941896 is Marked on behalf of Respondent.

Exhibit C, Letter dated August 6, 2017 is Marked on behalf of Respondent.

Order to Show Cause re: Civil Harassment continued to 12/21/2018 at 09:00 AM in this department pursuant to party's motion.

The request to reissue the Temporary Restraining Order is granted. All orders contained in the Temporary Restraining Order shall stay in effect unless this order changes them. Reissue Temporary Restraining Order signed and filed this date.

The Court deemed that this trial has commenced and the parties are ordered back on 12/21/18 at 9:00 AM.

Certified Copy of the Notice of Hearing with a Certified Copy of the Temporary Restraining Order served on Respondent this date.

---

DATE: 12/07/2018                    MINUTE ORDER                          Page 2
DEPT: C66                                                              Calendar No.

193

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

JUSTICE CENTER
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653
☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
☐ West - 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF: JANINE B JASSO

DEFENDANT: JANIE L. GALLIAN

**STIPULATION**
**Civil Harassment**

*FOR COURT USE ONLY*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 27 2017

DAVID H. YAMASAKI, Clerk of the Court
J. Rausch
BY: _____ DEPUTY

CASE NUMBER:
30-2017-00941896

IT IS STIPULATED by plaintiff: _____ JANINE B. JASSO _____ and
defendant: _____ Janie Lynn Gallian _____

☐ Parties agree to the terms stated below. This case shall be dismissed without prejudice, and if the defendant does not comply with the plaintiff, the plaintiff must file a new case in order to obtain a restraining order.

☐ ~~Parties agree to the terms stated below and the plaintiff will file a writ that the court file an trial forthwith a dismissal~~

**PLAINTIFF AND DEFENDANT STIPULATE AS FOLLOWS:**

☐ _____ agree(s) to stay at least (specify): _____ yards away from: _____ and all other persons named in the Request for Orders to Stop Harassment.

☒ _____ (GALLIAN) _____ agree(s) to have Peaceful Contact ONLY (directly or indirectly) with (name): _____ (JASSO) _____ and all other persons named in the Request for Orders to Stop Harassment.

☒ Other (specify): The parties are to have peaceful Contact only. NO physical touching, threats or harrassment

All parties understand that they give up their rights to: (1) appeal; and (2) notice of dismissal. They further understand that this stipulation is not an actual restraining order and will not be enforced by any law enforcement agencies.

Date: 9/27/17

Date: 9/27/17

**IT IS SO ORDERED**

_____
Judge of the Superior Court

(SIGNATURE OF PLAINTIFF)

(SIGNATURE OF DEFENDANT)

**STIPULATION - CIVIL HARASSMENT**

Approved for Optional Use
L838 (New July 1, 2005)

194

12/21/2018 3:36:28 PM -0800 ORANGE COUNTY SUPERIOR COURT, CA PAGE 2    OF 26

19-011324

**CH-130**    **Civil Harassment Restraining Order After Hearing**

*Person in (1) must complete items (1), (2), and (3) only.*

Clerk stamps date here when form is filed.

**FILED**
SUPERIOR COURT OF CALIFOR...
COUNTY OF ORANGE

DEC 21 2018

DAVID H. YAMASAKI, Clerk of the Court

BY_____ B. LEESE _____ DEPUTY

(1) **Protected Person**

a.  Your Full Name: Janine Barbara Jasso

Your Lawyer *(if you have one for this case)*
Name: _____ State Bar No.: _____
Firm Name: _____

b.  Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*
Address _____
C1. _____
Telephone: ▓▓▓▓   Fax: ▓▓▓▓
E-Mail Address: ▓▓▓▓

Fill in court name and street address.
Superior Court of California, County of
Orange - Central Justice Center
700 Civic Center Drive
Santa Ana, CA 92701

Court fills in case number when form is filed.

**Case Number:**
30-2018
00986785

(2) **Restrained Person**
Full Name: Jamie L. Gallian
Description:

| | | | | | |
|---|---|---|---|---|---|
| Sex: ☐ M  ☑ F | Height: 5'8" | Weight: 220lbs | | Date of Birth: 11-16-1962 | |
| Hair Color: brown | | Eye Color: UNKNOWN | Age: 55 | Race: white | |

Home Address *(if known):* 4476 Aldenmort
City: Huntington Beach    State: CA   Zip: 92649
Relationship to Protected Person: neighbor ▓▓▓▓▓▓

(3) ☒ **Additional Protected Persons**
In addition to the person named in (1), the following family or household members of that person are protected by the orders indicated below:

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Jesus Jasso Jr. | M | 52 | ☑ Yes ☐ No | Husband |
| Jesus Jasso III | M | 18 | ☑ Yes ☐ No | Son |

☒ *Check here if there are additional persons. List them on an attached sheet of paper and write "Attachment 3— Additional Protected Persons" as a title. You may use form MC-025, Attachment.*

(4) **Expiration Date**
*This Order, except for any award of lawyer's fees, expires at*

| Time: _____ | ☐ a.m. ☐ p.m. ☑ midnight on *(date):* December 21, 2023 |
|---|---|

*If no expiration date is written here, this Order expires three years from the date of issuance.*

**This is a Court Order**

Judicial Council of California www.courts.ca.gov
Revised January 1, 2018, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ

**Civil Harassment Restraining Order After Hearing**
**(CLETS-CHO)**
(Civil Harassment Prevention)

CH-130, Page 1 of 6
→

12/21/2018  3:52PM (GMT-08:00)

248

**195**

12/21/2018 3:36:28 PM -0800 ORANGE COUNTY SUPERIOR COURT, CA   PAGE 3   OF 26

19-011324        30-2018

Case Number: 00 9 86785

## ⑤ Hearing

a. There was a hearing on *(date):* DEC 2 1 2018 at *(time):* 9:00 aM in Dept.: C-66 Room: _____
(Name of judicial officer): _____ SHERRI L. HONER _____ made the orders at the hearing.

b. These people were at the hearing:
(1) ☑ The person in ①. (3) ☑ The lawyer for the person in ① *(name):* Nadine A. Jeanott
(2) ☑ The person in ②. (4) ☑ The lawyer for the person in ② *(name):* Steven A. Fink
☐ Additional persons present are listed at the end of this Order on Attachment 5.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____

**To the Person in ②**

The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

## ⑥ ☐ Personal Conduct Orders

a. You must not do the following things to the person named in ①
☑ and to the other protected persons listed in ③:

(1) ☑ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

(2) ☑ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

(3) ☐ Take any action to obtain the person's address or location. If this item (3) is not checked, the court has found good cause not to make this order.

(4) ☐ Other *(specify):*
☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(4).

b. Peaceful written contact through a lawyer or process server or other person for service of legal papers related to a court case is allowed and does not violate this Order.

## ⑦ ☑ Stay-Away Orders

a. You must stay at least _10_ yards away from *(check all that apply):*

(1) ☑ The person in ①. (7) ☑ The place of child care of the children of the person in ①.
(2) ☑ Each person in ③. 
(3) ☑ The home of the person in ①. (8) ☑ The vehicle of the person in ①.
(4) ☑ The job or workplace of the person in ①. (9) ☐ Other *(specify):*
(5) ☐ The school of the person in ①. _____
(6) ☑ The school of the children of the person in ①. _____

b. This stay-away order does not prevent you from going to or from your home or place of employment.

**This is a Court Order.**

Revised January 1, 2018          Civil Harassment Restraining Order After Hearing          CH-130, Page 2 of 6
(CLETS-CHO)                    →
(Civil Harassment Prevention)

12/21/2018  3:52PM (GMT-08:00)

249

196

12/21/2018 3:36:28 PM -0800 ORANGE COUNTY SUPERIOR COURT, CA  PAGE 4  OF 26

*19-011324*        30-2018

Case Number: 10-9 86 78 5

(8) **No Guns or Other Firearms and Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. If you have not already done so, you must:
- Within 24 hours of being served with this Order, sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms in your immediate possession or control.
- File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. (*You may use form CH-800, Proof of Firearms Turned In, Sold, or Stored, for the receipt.*)

c. ☐ The court has received information that you own or possess a firearm.

d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code of Civil Procedure section 527.9(f). Under California law, the person in (2) is not required to relinquish this firearm (*specify make, model, and serial number of firearm(s)*): _____

The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the person in (2) may be subject to federal prosecution for possessing or controlling a firearm.

(9) ☐ **Lawyer's Fees and Costs**

The person in ___ must pay to the person in ___ the following amounts for

☐ lawyer's fees    ☐ costs:

| Item | Amount | Item | Amount |
|---|---|---|---|
| | $ | | $ |
| | $ | | $ |

☐ Additional items and amounts are attached at the end of this Order on Attachment 9.

(10) ☐ **Possession and Protection of Animals**

a. ☐ The person in (1) is given the sole possession, care, and control of the animals listed below, which are owned, possessed, leased, kept, or held by him or her, or reside in his or her household. (*Identify animals by, e.g., type, breed, name, color, sex.*)

b. ☐ The person in (2) must stay at least ___ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

(11) ☐ **Other Orders** (*specify*):

☐ Additional orders are attached at the end of this Order on Attachment 11.

**This is a Court Order.**

Revised January 1, 2018    Civil Harassment Restraining Order After Hearing
(CLETS-CHO)
(Civil Harassment Prevention)    CH-130, Page 3 of 6 →

12/21/2018  3:52PM (GMT-08:00)

12/21/2018 3:36:28 PM -0800 ORANGE COUNTY SUPERIOR COURT, CA PAGE 5 OF 26

*19-011324*    30-2018

Case Number   00986785

## To the Person in ① :

(12) **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☑ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the person in ① or his or her lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

Name of Law Enforcement Agency        Address (City, State, Zip)

Huntington Bch PD

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

(13) **Service of Order on Restrained Person**

a. ☑ The person in ② personally attended the hearing. No other proof of service is needed.

b. ☐ The person in ② did not attend the hearing.

  (1) ☐ Proof of service of form CH-110, *Temporary Restraining Order*, was presented to the court. The judge's orders in this form are the same as in form CH-110 except for the expiration date. The person in ② must be served with this Order. Service may be by mail.

  (2) ☐ The judge's orders in this form are different from the temporary restraining orders in form CH-110. Someone—but not anyone in ① or ③—must personally serve a copy of this Order on the person in ②.

(14) ☑ **No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because:

a. ☑ The Order is based on unlawful violence, a credible threat of violence, or stalking.

b. ☐ The person in ① is entitled to a fee waiver.

(15) Number of pages attached to this Order, if any: 1

Date: 12/21/19

Judicial Officer      SHERRI L. HONER

## This is a Court Order.

Revised January 1, 2016

### Civil Harassment Restraining Order After Hearing
### (CLETS-CHO)
### (Civil Harassment Prevention)

CH-130, Page 4 of 5   →

12/21/2018  3:52PM (GMT-08:00)

12/21/2018 3:36:28 PM -0800 ORANGE COUNTY SUPERIOR COURT, CA  PAGE 6   OF 26

*19-011324*          30-2018

Case Number: 009 86 785

## Warning and Notice to the Restrained Person in ②

### You Cannot Have Guns or Firearms

Unless item 8d is checked, you cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control as stated in item ⑧ above. The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders

This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ④ on page 1.

### Arrest Required If Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed it, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service

The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(e)(2)):

- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code. § 13710(b).)

## This is a Court Order.

Revised January 1, 2018

**Civil Harassment Restraining Order After Hearing**
**(CLETS-CHO)**
(Civil Harassment Prevention)

CH-130, Page 5 of 6
→

12/21/2018  3:52PM (GMT-08:00)

12/21/2018 3:36:28 PM -0800 ORANGE COUNTY SUPERIOR COURT, CA   PAGE 7   OF 26

*19-011324*

30-2018

Case Number: 00986785

## Conflicting Orders—Priorities of Enforcement

If more than one restraining order has been issued, the orders must be enforced according to the following priorities: *(See Pen. Code, § 136.2; Fam. Code, §§ 6383(h)(2), 6405(b).)*

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No-Contact Order.* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

*(Clerk will fill out this part.)*
—Clerk's Certificate—

I certify that this *Civil Harassment Restraining Order After Hearing* is a true and correct copy of the original on file in the court.

Date: DEC 2 1 2018    Clerk, by _____, Deputy

DAVID H. YAMASAKI

W. GARCIA

This is a Court Order.

Revised January 1, 2015

**Civil Harassment Restraining Order After Hearing**
**(CLETS-CHO)**
(Civil Harassment Prevention)

CH-130, Page 9 of 9

12/21/2018   3:52PM (GMT-08:00)

12/21/2018 3:36:28 PM -0800 ORANGE COUNTY SUPERIOR COURT, CA  PAGE 8  OF 26

*19-011324*

30-2018          MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jasso v. Gallian | 00986785 |

ATTACHMENT (Number): 3-Add'l Protected Persons

*(This Attachment may be used with any Judicial Council form.)*

Arielle Janine Jasso, F, Age 7, Lives With Me, Daughter

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___ of ___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

12/21/2018  3:52PM (GMT-08:00)

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 10/31/2019                TIME: 01:30:00 PM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: Trinity Palabrica
REPORTER/ERM: Kimberly R Moore CSR# 13825
BAILIFF/COURT ATTENDANT: J McMillion

CASE NO: **30-2018-00986785-CU-HR-CJC**  CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Harassment

EVENT ID/DOCUMENT ID: 73156930
**EVENT TYPE:** Ex Parte
MOVING PARTY: Jamie L. Gallian
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 10/28/2019

**APPEARANCES**
Jamie L. Gallian, self represented Respondent, present.
Martina A. Teinert, from Vigil Defense, is present for Plaintiff(s).

**Ex Parte Application for Termination of Civil Harassment Restraining Order Nunc Pro Tunc is
requested by Respondent Jaime L. Gallian.**

Ex Parte Application is read and considered in chambers.

Tentative Ruling is provided to parties in open court.

The Court reads the Tentative Ruling for the record.

No oral argument.

The Court confirms the tentative ruling as follows:

Notice issues aside, the ex parte application is DENIED.

This is the third ex parte respondent has filed in this and a related workplace violence restraining order
case. The court admonishes respondent Gasso and orders respondent to refrain from filing any further
ex parte applications seeking the same relief or raising the same grounds for relief. Failure to follow the
court's order may subject respondent to sanctions of up to $1,500 pursuant to Code of Civil Procedure
(CCP) § 177.5.

Neither the 8/13/18 minute order nor the 8/15/18 order continuing the hearing on the permanent
restraining order, both of which continued the temporary restraining order (TRO) until the date of the
continued hearing, are void on their face. The court has authority pursuant to CCP § 527.6(p)(1), to
continue on its own motion a hearing for a permanent restraining order. Moreover, pursuant to CCP §
527.6(p)(2), if the court grants a continuance, any TRO that has been granted shall remain in effect until
the end of the continued hearing, unless otherwise ordered by the court.

Here, the TRO was set to expire on 8/15/18. On 8/13/18, the court on its own motion continued the

DATE: 10/31/2019                    MINUTE ORDER                    Page 1
DEPT: C66                                                        Calendar No.

CASE TITLE: Jasso vs. Gallian                    CASE NO: **30-2018-00986785-CU-HR-CJC**

hearing on the permanent restraining order and ordered the TRO continued pending completion of the hearing. The 8/13/18 minute order was followed by an 8/15/18 order reiterating the continued hearing date and continuation of the TRO. Although clerk did not serve the order until 8/16/18, the date the order was served is ***not*** the date the order was issued by the court. The order was issued via a minute order on 8/13/18, followed by written order on 8/15/18. The court's order was issued prior to the TRO expiring, and thus, the court had authority to continue the TRO.

DATE: 10/31/2019                    MINUTE ORDER                    Page 2
DEPT: C66                                                            Calendar No.

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 11/12/2019                TIME: 08:25:00 AM        DEPT:  C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: James Olivarez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2018-00986785-CU-HR-CJC**  CASE INIT.DATE: 04/18/2018
CASE TITLE: **Jasso vs. Gallian**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Harassment

EVENT ID/DOCUMENT ID: 73165221
**EVENT TYPE:** Nunc Pro Tunc Minutes

**APPEARANCES**

There are no appearances by any party.

It appearing to the Court that through error or inadvertence, the minute order of this Court dated 10/31/2019, does not properly reflect the order of the Court.  Said minute order is ordered corrected Nunc Pro Tunc as of 10/31/2019, as indicated below:

**D E L E T E:**
The court admonishes respondent Gasso and orders respondent to refrain from filing any further
ex parte applications seeking the same relief or raising the same grounds for relief.

**A D D:**
The court admonishes respondent **Jamie L. Gallian** and orders respondent to refrain from filing any further
ex parte applications seeking the same relief or raising the same grounds for relief.

All other orders contained in the 10/31/2019 minute order shall remain in full force and effect.

DATE: 11/12/2019                    MINUTE ORDER                         Page 1
DEPT:  C66                                                            Calendar No.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 Skylab Road, Huntington beach, CA 92647

A true and correct copy of the foregoing document entitled: **DEBTORS NOTICE OF MOT AND MOTION FOR SUMMARY JUDGMENT; DECLARATION OF JAMIE LYNN GALLIAN ISO OR IN THE ALTERNATIVE OPPOSITION TO PLAINTIFF JASSO'S PARTIAL SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)

11/14/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jeffrey I Golden (TR)    lwerner@wgllp.com; jlg@trusteesolutions.net;  kadele@wgllp.com**

**United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/14 /2022 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Judge Scott C. Clarkson**
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 W. Fourth Street, Ste. 5060
Santa Ana, CA 92701-4593

**Plaintiff Janine B. Jasso, Esq.**
**Email Address:**
**j9_jasso@yahoo.com**

**P.O. Box 370161**
**El Paso, Tx**
**79937**

☐  Service information continued on attached page

November 14, 2022    Robert McLelland
Date        Printed Name

*Robert McLelland*
Signature  **bobwentflying@yahoo.com**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)      lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

‡ of California.

**F 9013-3.1.PROOF.SERVICE**