1  Janine Jasso
   P.O. Box 370161
2  El Paso, TX 79937
   E-Mail: j9_jasso@yahoo.com
3  213-247-6030
   Plaintiff, IN PRO PER
4

5

6

7

8                **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10

11  In Re: JAMIE LYNN GALLIAN          **CASE NO. 8:21-bk-11710-SC**

12                                     **Chapter 7**

13                                     **Adversary No. 8:21-ap-01096-SC**

14  ─────────────────────────

15  JANINE JASSO, an individual,       **PLAINTIFF'S REPLY TO JAMIE LYNN**
                                       **GALLIAN'S MEMORANDUM OF POINTS**
16         Plaintiff,                  **& AUTHORITIES IN OPPOSITION TO**
                                       **PLAINTIFF'S MTN FOR PARTIAL**
17      v.                             **SUMMARY JGMT RE FIRST CAUSE OF**
                                       **ACTION 11 U.S.C. §523(a)(7) AND**
18  JAMIE LYNN GALLIAN, an individual; J- **DECLARATION AND EXHIBITS**
    PAD, LLC, a California Limited Liability **ATTACHED [DOCKET 74]; DECL. OF**
19  Company, J-Sandcastle Co LLC, a    **JANINE JASSO ISO PLAINTIFF'S REPLY**
    California Limited Liability Company, and
    DOES 1 through 100, inclusive,
20
                                       [Proposed Partial Summary Judgment Order Filed
21         Defendants.                 Concurrently Herewith]

22                                     Hearing: December 13, 2022
                                       Time: 1:30 p.m.
23                                     Courtroom: 5C Virtual. Accessibility
                                       information will be posted into the tentative
24                                     ruling prior to the hearing.

25  ─────────────────────────

26  TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

27
    DEFENDANT AND HER AND TO ALL PARTIES ENTITLED TO RECEIVE NOTICE:
28

                                      1

PLEASE TAKE NOTICE THAT, Plaintiff-creditor Janine B. Jasso ("Plaintiff" or "Creditor")

hereby Replies to Defendant Jamie Lynn Gallian's ("Debtor" or "Defendant") Opposition to

Plaintiff's motion for partial summary judgment re the first cause of action pursuant to 11

U.S.C. §523(a)(7) and her Declaration and exhibits attached thereto ("Opp." and/or "Dk 74"),

as follows:

//

//

1
2

# TABLE OF CONTENTS

3

4    MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

5    I. INTRODUCTION ............................................................................................................ 1

6    II. REPLY ARGUMENT....................................................................................................... 1

7         A. Debtor Admits This Case Is About a State Criminal Restitution Order ................... 1

8         B. Debtor Argues that *Kelly* Has Been Overturned, Which is Not True ...................... 4

9         C. Debtor Argument that Recent Attorney-Client Fee Disputes and State Bar
         Discovery Sanction Cases Overturned *Kelly,* or Limited It to the Payment of

10       Restitution Directly to the Government Unit, Which is Not True ................................. 6

11             1.   The Ninth Circuit's Albert-Sheridan case did not overturn the U.S Supreme
                  Court Holding in Kelly, which is precedent and binding authority in this

12             case.  ……..……………………………….……………….…..…………...7

13             2.   Debtor's claim, that a criminal restitution order ends if the convicted Debtor
14             does not pay the restitution before probation ends, lacks merit. …….……...9

15             3.   Debtor's other circuit cases are distinguished as inapposite in the Ninth

16             Circuit, or the other circuits distinguished their cases from *Kelly* as non-

17             state criminal restitution orders in a criminal proceeding…..….…….……...10

18             4.   Congressional action after *Kelly* shows Congress is content with the
19             Supreme Court's conclusion in *Kelly.*…..…………………………….…..12

20
21

22    III. CONCLUSION ............................................................................................................ 13

23
24
25
26
27
28

# TABLE OF AUTHORITIES

**CASES**

*Kelly v. Robinson* (1986) 479 U.S. 36, 52, 107 S.Ct. 353, 362, 93 L.Ed.2d 216 (1986) .. *passim*

*Hughes v. Sanders*, 469 F.3d 475  (6th Cir. 2006) …........................................................ 10-11

*In re Albert-Sheridan,* 960 F.3d 1188 (9th Cir. 2020) ..............................................................6-9

*In re Armstrong,* 677 F.App'x 434, 435-436 (*unpub'd* 9th Cir 2017) ................................5,9,10

*In Re Dargon*, 638 B.R. 25 (Bankr. D. Mass. 2022) …...............................................................11

*In Re Humphrey*, 362 B.R. 860 (Bankr. N.D. Ohio 2006) …......................................................11

*In Re McNabb*, 287 B.R. 820 (Bankr. D. Colo. 2003) ...............................................................11

*In Re Mills*, 290 B.R. 822 (Bankr. D. Colo. 2003) …..............................................................11,12

*In Re Rashid*, 210 F.3d 201 (3rd Cir.  2001) …....................................................................10,19

*In Re Scheer (Scheer v. State Bar)*, 819 F.3d 1206 (9th Cir.  2016).............................................8

*In re Silverman*, 616 F.3d 1001, 1008 (9th Cir. 2010) .......................................................... 7,8

*In re Towers*, 162 F.3d 952 (7th Cir. 1999) *cert. denied*...........................................................10

*In Re Troff (Troff v. Utah)*, 329 B.R. 85 (10th Cir. 2005) …...............................................12-13

*In re Warfel,* 268 B.R. 205, 212 (B.A.P. 9th Cir. 2001) ...................................................... 9,10

*Pennsylvania Dept. Of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct.2126, 109 L.Ed.2d 588 (1990) ...........................................................................................................11

**STATUTES**

11 U.S.C. §523(a)(7) ...................................................................................................... *passim*

11 U.S.C. §547(b) ......................................................................................................................7,8

California Penal Code §1202.4 ...................................................................................................17

California Penal Code §1202.4(f) ...................................................................................2,3,13,17

California Penal Code §1202.4(m) ...............................................................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Debtor admits in her Opposition's Part III, Paragraph 1 of her convictions on November 12, 2019, but the court's file date of the jury's two guilty verdicts was November 13, 2019. (Opposition Dk 74, p. 9). *See* Plaintiff's RJN DK 49, Ex B and Uncontroverted Facts Dk 50 No. 2.

Debtor's attached Plaintiff's certified copies of the Case No. 18WM05278 criminal court minutes and criminal restitution order to her declaration with her opposition. *See* Debtor's Opp. Dk 74, Debtor's Decl. ¶8, Ex 7, pp. 151-206*; see also* Debtor's Opp. Dk 74, Ex 3, pp. 84-86, Plaintiff's RJN Dk 49, Ex. C, pp. 22-77 and Ex. D, pp.79-81, Uncontroverted Facts Nos. 1-11. There is no statement of genuine issues. Jasso Reply Decl. ¶ 4.

These are admissions of the material facts in this case.

Debtor claims that recent Ninth Circuit state bar related cases overturned *Kelly v. Robinson*, 496 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (*"Kelly"*). As this Court indicated on September 27, 2022 court hearing, the recent state bar cases in the Ninth Circuit do not apply to state criminal restitution orders. As Plaintiff proved in her motion (Dk 47), the Supreme Court's holding in *Kelly* is binding, good law and the state criminal restitution order in this case falls squarely within the *Kelly* holding. Therefore, the debt is nondischargeable as a matter of law under 11 U.S.C. §523(a)(7).

### II.      REPLY ARGUMENT

A. <u>Debtor Admits This Case is About a State Criminal Restitution Order</u>.

Debtor admits in Debtor Opp. Dk 74 p. 9 that she was convicted of the state's contempt of court criminal charges. Debtor admitted to this Court to knowing the workplace violence restraining order ("WV RO") existed by attaching, buried in her exhibit 8, p. 215 (no separate tab), the state court's February 14, 2018 minute order from The Huntington Beach Gables

1    HOA v. Gallian WV RO OCSC Case no. 30-2017-00962999. See Debtor's Opp. Dk 74,

2    Debtor's Decl. ¶9, Ex. 8, item 5, p. 215.  Plaintiff's true and correct copy of the actual

3    February 14, 2018 WV RO is attached hereto. *See* Jasso Reply Decl. ¶2, Ex. 1, Items 6 & 7, p.

4    24, *infra*, which proves that the court extended the WV RO by stipulation, referenced in the

5    February 14, 2018 court minutes provided by Debtor's Decl. ¶9, Ex. 8, item 5, p. 215.

6          Debtor attached Plaintiff's certified copy of Case No. 18WM05278 criminal court

7    minutes as her exhibits, which demonstrates her admission under Debtor's Declaration ¶8 of

8    every criminal court hearing, jury verdict, sentencing after her conviction, probation order, and

9    the criminal restitution order occurred in the State in criminal case no. 18WM05278 for

10   violating the WV RO. *See* Debtor's Opp. Dk 74, Debtor's Decl. ¶8, Ex 7, pp. 151-206; *see*

11   *also* Plaintiff's RJN Dk 49, Ex. B, pp. 22-77.   Debtor also specifically admitted that on March

12   9, 2021 the state criminal court in case no. 18WM05278 filed the court's Order for Victim

13   Restitution by attaching order to Debtor's Declaration ¶4. *See* Debtor's Opp. Dk 74, Debtor's

14   Decl. ¶4, Ex 3, pp. 84-86. This order is a copy of Plaintiff's certified copy under Plaintiff's

15   RJN Dk 49, Ex D, pp.79-81.  Since Debtor's Opposition Declaration Exs. 3 & 7 are copies of

16   Plaintiff's RJN Dk 49 Exs. C & D, Debtor has effectively admitted to Plaintiff's

17   Uncontroverted Facts 2-7, which prove Debtor was convicted of a crime, Plaintiff and my

18   minor daughter are her victims, and the court ordered criminal restitution as a condition of her

19   probation which was determined by a hearing on the merits on January 27, 2021 and on March

20   9, 2021 filed a criminal victim restitution order under CA Penal Code 1202.4(f).  Jasso Reply

21   Decl. ¶3, Ex. 2. The state criminal appellate court opinions in Plaintiff's Uncontroverted Facts

22   No. 9 are public records that prove the lower criminal courts orders were affirmed on appeal

23   after a review of the full lower court record and the Debtor's supplemental appellate brief.

24   Plaintiff RJN Dk 49, Exs. F & G, pp. 87-100.

25         Debtor also attached to her Opposition Declaration "The People's Sentencing Brief

26   dated November 26, 2019". *See* Debtor's Opp. Dk 74 Declaration ¶6, Ex. 5, p. 111.  Plaintiff

2

admits it is The People's Sentencing Brief filed by the district attorney in Case No.

18WM05278 for the limited basis that this is a criminal court document, which is an example

of a criminal court sentencing tool used to determine sentences under California Rules of

Court Section 4.410 sentencing objectives.  Debtor claims this document proves there were no

damages in this criminal case, which Plaintiff objects to as irrelevant, not the best evidence

and forum-shopping. The best evidence is the certified copy of the Case No. 18WM05278

criminal court minutes and the criminal court's restitution order (Plaintiff's RJN Dk 49, Exs B

and C) (admitted by both parties) which prove:

(1) On November 13, 2019, the jury in Criminal Case No. 18WM05278 convicted

Debtor of two counts of contempt of court for violating the workplace violence restraining

order which is a crime. [Uncontroverted Fact Dk 50 No. 2];

(2) On December 12, 2019, the state court in Criminal Case No. 18WM05278 ordered

criminal restitution to be determined by the state criminal court's Victim Witness department

and paid to her. [Uncontroverted Fact Dk 50 No. 3];

(3) On January 27, 2021, the state court in Criminal Case No. 18WM05278 held a

criminal restitution hearing on the merits per CA Penal Code §1202.4(f). [Uncontroverted Fact

Dk 50 No. 4],

(4) On March 9, 2021, the state court in Criminal Case No. 18WM05278 filed its Order

of Victim Restitution. [Uncontroverted Fact Dk 50 No. 5];

(5) On May 3, 2021, the state court in Criminal Case No. 18WM05278 ordered the

Debtor to pay the criminal restitution via the criminal court's OC Pay number.

[Uncontroverted Fact Dk 50 No. 6]; and

(6) On May 26, 2021, the state court in Criminal Case No. 18WM05278 filed its

Abstract of Judgment and requested Plaintiff to record it in the OC Recorder's office.

[Uncontroverted Fact Dk 50 No. 7].

There are no objections to Plaintiff's request for judicial notice (Dk 49) and

uncontroverted statement of facts and conclusions of law (Dk 50), which are all relevant public

1    records to the issue in this case.   *See* Jasso Reply Decl. ¶ 4.

2         Debtor's other statement of facts and conclusions of law are objected to due to

3    relevancy, best evidence, forum-shopping, or not binding authority. *See* Jasso Reply Decl. ¶¶

4    5-6.

5

6    B.   Debtor Argues that Kelly Has Been Overturned, Which Is Not True.

7         In her Opposition Dk 74 p. 7, Debtor argues Plaintiff is improperly applying the U.S.

8    Supreme Court's holding in *Kelly*, even though this case squarely falls in the *Kelly* holding and

9    is binding authority.  Without any citations, Debtor argues that *Kelly* was effectively

10   overturned by subsequent Supreme Court decisions. *See* Debtor's Opp. Dk 74 p, 8, lines 6-12.

11   Plaintiff did not find any Supreme Court decision that overturned the *Kelly* holding. See Jasso

12   Reply Decl. ¶ 7.

13

14        By ignoring the *Kelly* holding, Debtor's argument lack's any analysis in her Opposition

15   of the principle of federalism on which the California's criminal court proceedings rely on

16   every day, as demonstrated in Case No. 18WM05278 court minutes, the People's Sentencing

17   Brief and the California Dept of Corrections and Rehabilitation (CDCR) website.  See Jasso

18   Reply Decl. ¶8, Ex. 3; *see also* Debtor's Opp. Dk 74, Declaration ¶6, Ex. 5, p. 111, and ¶8, Ex.

19   7 (Plaintiff's RJN Dk 49 Ex. B). The state criminal law system is designed to protect citizens,

20   like me and my family and all of Debtor's victims. *If* the principle of federalism does not exist,

21   the state criminal courts cannot effectively enforce state penal codes pursuant to the various

22   penalties enacted by the state legislature to deter criminal behavior that hurts people, as well as

23   work towards society's goal of rehabilitating the convicted offender.

24

25        As the Supreme Court held in *Kelly*, "restitution is an effective rehabilitative penalty

26   because it forces the defendant to confront, in concrete terms, the harm his actions have

27   caused." *Kelly* at 49, note 10, 107 S.Ct. 353.  Thus, to ignore *Kelly*, this Court would have to

28

find another Supreme Court case overturning *Kelly* thereby allowing all bankruptcy courts

ignore these principles of federalism, and thereafter pick apart *every* state criminal court

restitution order to find all of the listed elements in §523(a)(7). However, there is no Supreme

Court case that overturns *Kelly*. Rather, the Supreme Court held in *Kelly* that a discharge of a

state criminal restitution order "would hamper the flexibility of the state criminal judges in

choosing the combination of imprisonment, fines, and restitution most likely to further the

rehabilitative and deterrent goals of state criminal justice systems." *Kelly* at 49, 107 S. Ct.

353(1986).   The People's Sentencing Memorandum in this case that the district attorney filed

with the criminal court per California Rules of Court 4.410, this case's criminal court minutes,

and the CDCR website proves this. *See* Debtor's Opp. Dk 74 Decl. ¶6, Ex. 5, p. 111, Jasso

RJN Dk 49 Ex. C, and Jasso Reply Decl. ¶8, Ex 3.

The Supreme Court concluded that:

"Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed for . . . compensation of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7)." *Kelly at* 53, 107 S. Ct. 353 (1986).  The Supreme Court based this holding upon a "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *Id.* at 47."

See also, *In re Armstrong*, 677 F.App'x 434, 435-436 (9th Cir 2017) (unpublished),

Plaintiff's Motion Dk 47, p.14-16, Exhibit 1.

Here, this state's criminal restitution order is based on the state's penal and

rehabilitation goals.  Even though the victim may receive the funds directly or indirectly from

the convicted criminal, it does not change the state's societal goal of safety of its citi ens of

which restraining orders are a part.  The state criminal appellate court found that, because the

police's requested Plaintiff to try and get another expanded restraining order because Debtor

was being charged with violating the WV RO, the legal fees for the personal restraining order was a reasonable consequential loss of Debtor' crime that the state criminal court can order as part of restitution.   Also, the State's CDCR relies on the criminal restitution order's nondischargeability under §527(a)(7). Jasso Reply Decl. ¶8, Ex. 3. As there are 39 million people in California alone, the greater benefit to society provided by a criminal restitution order can be seen by examples of the impact on sentences if this Court did not apply *Kelly* in this case: 1. the state courts may have to incarcerate more convicted criminals of lower level offenses and provide probation less even if the court believes the convicted criminal could be rehabilitated, 2. state criminal system's budgets would have to increase to build more prisons and hire more prison or correction officers, 3. state prison work programs which provides the convicted offender to earn wages which are garnished to pay towards restitution may be curtailed, and 4. the bankruptcy court would be flooded with criminal restitution cases.  Jasso Reply Decl. ¶9.

C. Debtor Argument that Recent Attorney-Client Fee Disputes and State Bar Discovery Sanction Cases Overturned *Kelly,* or Limited It to the Payment of Restitution Directly to the Government Unit, Which is Not True.

Another flaw in her argument as described more fully below, Debtor basically copied Mr. Jellinek's motion and requested this court to take judicial notice of the opinion of the San Diego bankruptcy court *In re Jellinek, Jellinek v. Forlander* (no citation) (Dk 70), which heavily relied on *In Re Albert-Sheridan,* 960 F.3d 1188 (9ᵗʰ Cir. 2020) *("Albert-Sheridan").* *See* Jasso Decl. ¶6. But, the Jellinek court's reliance on *Albert-Sheridan* was misplaced. It did not overturn *Kelly*'s holding that Chapter 7 bankruptcy cannot interfere in state criminal court proceedings.

All of Debtor's Opposition arguments made in reliance on *Albert-Sheridan* and many

PLAINTIFF'S REPLY TO DEBTOR'S OPPOSITION TO PARTIAL SUMMARY JUDGMENT

of the non-criminal restitution cases Debtor cited do not apply to this case and, therefore, are

objected to as not controlling case law over this case. Here, *Kelly* and the Ninth Circuit cases

cited in Plaintiff's Motion Dk 47 are controlling.

1.  The Ninth circuit's *Albert-Sheridan* case did not overturn the U.S. Supreme Court holding in *Kelly*, which is precedent and binding authority in this case.

In her Opposition (Dk 74), Debtor argues cases that she believes overturn Kelly.

Specifically, Debtor claims that *In re Albert-Sheridan (Ibid.)* "cabin[ed]" Kelly, claiming it

stands for the proposition that the Ninth Circuit overturned the U.S. Supreme Court's *Kelly*

holding that state criminal restitution orders are non-dischargeable under 11 U.S.C §523(a)(7).

See Debtor's Opp. Dk 74, p. 8, lines 10-15.  However, like many other civil judgment cases,

the *Albert-Sheridan* court did not overturn *Kelly*, but only distinguished its case from *Kelly*.

The Ninth Circuit court in *In re Albert-Sheridan*, 960 F.3d 1188, 1194-1195 (9th Cir.

2020) reviewed the Supreme Court's *Kelly* holding:

> "Based on its "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings," the Court held that § 523(a)(7) prevents the discharge of restitution despite it not being for the benefit of a governmental unit. *Id.* at 47, 55, 107 S.Ct. 353. The Court observed that § 523 was enacted against the "background of an established judicial exception to discharge for criminal sentences, including restitution orders[.]" *Id.* at 46, 107 S.Ct. 353. Although restitution "resemble[s]" a judgment for the benefit of a victim, the Court reasoned that such a payment really benefits "society as a whole." *Id.* at 52, 107 S.Ct. 353. Furthermore, since a criminal sentence "necessarily considers the penal and rehabilitative interests of the State," the Court held that restitution orders are sufficiently within the meaning of §523(a)(7). *Id.* at 53, 107 S.Ct. 353." *Ibid.*

The *Albert-Sheridan* court then cited *In Re Silverman*, 616 F.3d 1001 (9th Cir. 2010),

which Plaintiff cited as well, because it is a 2010 Ninth Circuit case which held *Kelly* applies

to criminal restitution orders. *Id.* at 1008. The *Silverman* court then distinguished the

preference payment issue under 11 U.S.C §547 from the nondischargeability of criminal

restitution orders issue under 11 U.S.C §523(a)(7), as follows: "As Kelly made clear, criminal

restitution payments are nondischargeable." *Id.* at 1008.  Then, the *Silverman* court added

Footnote 3, "And as explained infra, finding that a criminal restitution payment is non-

dischargeable under §523(a) does not preclude finding the same payment recoverable under

547(b)." *Id.* at 1011. Therefore, the *In re Silverman* Ninth circuit case upheld *Kelly* regarding

the nondischargeability of state criminal restitution orders under 11 U.S.C §523(a)(7).

    The *Albert-Sheridan* court then followed the Ninth circuit *In re Silverman* case

upholding *Kelly* by citing the *In re Silverman* case and then distinguishing the *Albert-Sheridan*

case from *Kelly*, as the issue for the *Albert-Sheridan* court was civil discovery sanctions issued

in a civil matter: "*Kelly* does not alter the outcome required by the text of §523(a)(7) in this

case.    elly was animated by a "long history" of judicial exceptions for criminal restitution

payments in discharge statutes and a concern for "disturb ing  state criminal proceedings."  d

at 1007.  These rationales do not apply to the discharge of discovery sanctions at issue here."

*In Re Albert-Sheridan*, 960 F.3d 1188, 1195 (9th Cir. 2020) (emphasis added), citing *In re*

*Silverman*, 616 F.3d 1001, 1007 (9th Cir. 2010). Therefore, *In re Albert-Sheridan* case holding

is not applicable here.

    Debtor's Opposition (Dk 74) cites *In re Scheer (Scheer v. State Bar)*, 819 F.3d 1206

(9th Cir. 2016), which was cited by the court in *In re Albert-Sheridan*, 960 F.3d at 1195 (9th

Cir. 2020).  The Ninth Circuit court in *In re Scheer*, reviewed the *Kelly* opinion similar to the

*Albert-Sheridan* case and then upheld *Kelly*'s holding prohibiting the discharge of a state

criminal restitution order.  *Id*. at p. 1210. The court in *Scheer* then criticized the application of

*Kelly* to its case of an state bar arbitration of a fee dispute between an attorney and his/her

client.  That is only criticism of whether or not Kelly should be expanded beyond cases of state

criminal proceedings, which is evident by the fact that the *In re Scheer* court found that the

issue in the *Scheer* case was not the nondischargeability of a state criminal restitution order,

but rather an attorney-client fee dispute.  Therefore, the *In re Scheer* case's facts and issue are inapposite to this case's state criminal restitution order.

Debtor's cases are Ninth circuit cases that leave the Supreme Court's *Kelly* holding undisturbed as precedent.  *In re Armstrong,* 677 F. App'x 434 (unpubl'd 9th Cir 2017), the Ninth Circuit Court of Appeals also reviewed *In re Silverman*, *In re Scheer*, and *In re Troff* as provided in the victim's appellee brief, which were also cases cited by Debtor and in *In re Albert-Sheridan*.  The Ninth circuit found that *Kelly* is precedent, is good law, and granted the victim summary judgment. (Plaintiff's Motion Dk 47, p. 10, Ex. 1).  *In re Armstrong*, 677 F. App'x 434 (unpubl'd 9th Cir 2017) is persuasive authority in the Ninth circuit as it is an appellate court case regarding the facts and issue in this case, namely the Chapter 7 non-dischargeability of a California state criminal restitution order.

Therefore, all of Debtor's arguments, arguing each element of §523(a)(7) must be met in this case in reliance on *In re Albert-Sheridan* and *In re Scheer* are unavailing, because the premise that these cases overturned *Kelly'*s holding in the Ninth Circuit is not true.

2. <u>Debtor's claim, that a criminal restitution order ends if the convicted Debtor does not pay the restitution before probation ends, lacks merit.</u>

Debtor's argument, in part  V.C of her Opposition Dk 74, that the state's criminal restitution order is no longer a criminal penalty after probation ends is not true.  *In re Warfel*, 268 B.R. 205 (B.AP. 9th Cir 2001), the court held,

> "*Kelly* says it is not "compensation for actual pecuniary loss" because the victim cannot force an award of, or any specific amount of, restitution. The fact that Warfel's probation expired before he obtained his bankruptcy discharge should make no difference in the *Kelly* analysis. A state can provide for collection of a criminal fine by any means it wishes, including civil process. Likewise, a state can provide that an unpaid fine remain enforceable after the term of probation ends."

*Id*. at 215-216.

PLAINTIFF'S REPLY TO DEBTOR'S OPPOSITION TO PARTIAL SUMMARY JUDGMENT

California PC 1202.4(m) provides "Any portion of a restitution order that remains unsatisfied after a defendant is no longer on probation shall continue to be enforceable by a victim…". Jasso Reply Decl. ¶ 3, Ex. 2. The criminal court maintains jurisdiction over the case for collection of the restitution. See Plaintiff's RJN Dk 49, Ex. E, the criminal court ordered the Abstract of Judgment like a civil judgment collection proceeding pursuant to CA Penal Code. Therefore, the fact that a criminal's probation period ends does not change the criminal restitution order.

3.  Debtor's other circuit cases are distinguished as inapposite in the Ninth Circuit, or the other circuits distinguished their cases from *Kelly* as non-state criminal restitution orders in a criminal proceeding.

In re Warfel (*Ibid*), which was cited by Debtor's *Jellinek* opinion and *In re Armstrong*, 677 F. App'x 434 (unpubl'd 9th Cir 2017) (Plaintiff's Motion Dk 47, p. 10, Ex. 1), the Ninth Circuit distinguished, *In re Rashid* and *In re Towers*, finding that they do not apply to state criminal restitution orders as follows:

"In *In re Rashid*, 210 F.3d 201 (3rd Cir.2000), it was held that a chapter 7 debtor's federal restitution obligation was dischargeable because it was payable to a private victim. The court noted that federal criminal restitution orders and civil restitution orders do not implicate "the federal court's longstanding `reluctan[ce] to interpret federal bankruptcy statutes to remit state criminal judgments."' *Id.* at 208 n. 3 (quoting *Kelly,* 479 U.S. at 44, 107 S.Ct. 353). Our case is distinguishable from *Rashid* because it concerns a restitution order in a state criminal judgment.
Another circuit court has held that civil restitution awarded to victims of consumer fraud under the Illinois Consumer Fraud and Deceptive Business Practices Act was dischargeable because it was not payable to, nor did it benefit, a governmental unit. *See In re Towers,* 162 F.3d 952, 954-56 (7th Cir.1998), *cert. denied,* 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999). Again, our case is distinguishable because the restitution was imposed in a criminal proceeding, and was only enforced through a civil judgment."

*Id.* at 212.

The *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006) case is a civil judgment matter. Notably, it also does not apply in the Sixth circuit case:

10

1
2
3
4

"It should be noted that recently, in *Hughes v. Sanders,* the Sixth Circuit Court of Appeals construed very strictly the "payable to and for the benefit of a governmental unit" language of § 523(a)(7) insofar as it Concerned an award made in a civil matter. <u>469 F.3d 475</u> (6th Cir.2006). This decision, however, has no applicability here as the Court in *Hughes* specifically excluded criminal matters from its reach. (stating "that Kelly applies narrowly to criminal restitution payable to a governmental unit.")"

5

*See In re Humphrey*, 362 B.R. 860, 866 note 2 (2006), that <u>upheld</u> *Kelly* as it applies to

6

the nondischargeability of a state criminal restitution order under 11 U.S.C §523(a)(7).

7

Similarly, *In re Dargon*, 638 B.R. 25 (Bankr D. Mass. 2022) is inapposite to this case,

8
9

because it involved a New Hampshire Banking Dept administrative proceeding that the

10

bankruptcy court then found each element of §523(a)(7) had to be met.  Notably, this court

11

distinguished its case from *Kelly*, stating  "This approach to § 523(a)(7) <u>does not contravene</u>

12

<u>the Supreme Court's rationale or holding in *Kelly*,</u> which was concerned with federal court

13

interference with state court criminal proceedings and addressed criminal restitution

14

undisputedly payable to a governmental agency." *Id.* at 32.

15

Debtor also cited *In Re McNabb*, 287 B.R. 820 (Bankr. D. Colo. 2003) for a criminal

16
17

restitution order case requiring each element of §523(a)(7) to be met. However, *In re Mills*,

18

290 B.R. 822 (Bank.D.Colo. 2003), subsequent to *In re McNabb* and also a criminal

19

proceeding regarding a criminal restitution order, the court disagreed with result of the

20

different district *McNabb* court, which did not do an in-depth review of *Kelly* or congressional

21

acts after *Kelly* and *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552,

22

110 S.Ct 2126, 109 L.Ed.2d 588 (1990)  ("*Davenport")*.  After extensive review, the *Mills*

23
24

court <u>upheld</u> *Kelly* finding that the Supreme Court's holding in *Kelly* and congressional action

25

after *Kelly* and *Davenport* resulted in *Kelly* being held as precedent and good law.  Notably,

26

this case's analysis included Congress' Senator's notes, for example

27

"The Honorable Charles E. Schumer of New York, in addressing the inaction of Congress with respect to 11 U.S.C. § 523(a)(7), stated:

28

Another proposed new paragraph to section 523(a) would have described debts from criminal restitution. This proposed new paragraph was rejected as overlapping entirely with current section 523(a)(7), which the United States Supreme Court held in Kelly v. Robinson, 479 U.S. 36, [107 S.Ct. 353, 93 L.Ed.2d 216] (1986), made debts from criminal restitution nondischargeable. Congress intends not to disturb the Court's holding in Kelly. 136 Cong. Rec. E. 3685 (daily ed. Sept. 13, 1985) (emphasis added)." *Id.* at 838, note 5.

Also, notable in the *In re Mills* case is Footnote 6's.  Here is a portion of the full text of Senator Grassley's 1990 analysis and frustration of the anomaly between the Chapter 7 *Kelly* and Chapter 13 *Davenport* cases, which is relevant to the principles of federalism present in this case:

"The judgment of sentencing courts and legislators that rehabilitation is the most effective form of punishment will be tempered by the knowledge that convicted criminals easily may avoid a sentence requiring restitution merely by obtaining a chapter 13 discharge. Sentencing courts will be faced with a dilemma. The sentencing judge must either risk that a Federal bankruptcy judge will undermine a restitution order, thus absolving the convicted criminal from punishment, or impose a harsher and less appropriate term of imprisonment, a sentence that the Federal bankruptcy court will be unable to undermine. Congress surely would not have enacted legislation with such an extraordinary result without at least some discussion of its consequences. I agree that this is an anomalous result; a consequence that has already lead judges to incarcerate those for whom a restitution order would suffice. I am very disappointed in this outcome and will seek to address it yet again next session." *Id.* at 838, note 6.

Notably, after *In re Mills*, there are no other reported Colorado bankruptcy court cases regarding state criminal restitution orders since 2003. Therefore, the *In re Mills* decision in the Tenth Circuit properly stands.

    4.   Congressional action after *Kelly* shows Congress is content with the Supreme Court's conclusion in *Kelly.*

Debtor's cited case, *In re Troff (Troff v. Utah)*, 329 B.R. 85 (2005), in which the Tenth District appellate court fully analyzed the congressional action since *Kelly* and *Davenport*.

//

The *Troff* court, citing *In re Mills*, 290. B.R. 822 (Bank.D.Colo. 2003), at p. 833, *supra*,

ultimately held,

> "It is evident that Congress has demonstrated its intent to make restitution obligations nondischargeable by adding 11 U.S.C. § 523(a)(13) and adding and subsequently amending Section 1328(a)(3) since *Kelly* and *Davenport.* While Congress has not amended 11 U.S.C. § 523(a)(7) since *Kelly,* it seems that Congress is not dissatisfied with, nor does it want to disturb the Supreme Court's holding in *Kelly* making criminal restitution in Chapter 7 cases nondischargeable." *Id.* at pp. 91-92.

Therefore, Congress' inaction regarding Chapter 7 cases shows an intent of Congress for *Kelly* to remain precedent, good law and applicable to this case.

## II. CONCLUSION

The Court's function is to determine, based on the record, whether there is a genuine issue of material fact requiring trial.  Plaintiff submits there is none.

Debtor does not and cannot dispute the relevant facts that she was convicted of a crime, admitted to the state criminal court minutes proving every hearing and order entered in the criminal case, and the state's criminal restitution order in Case No. 18WM05278 attached as her exhibits. [*See also* Plaintiff's Uncontroverted Facts Dk 50 No. 2-6].  There are no objections to Plaintiff's uncontroverted facts and conclusions of law. Debtor has effectively admitted to Plaintiff's Uncontroverted Facts 2-7, which prove Debtor was convicted of a crime, Plaintiff and my minor daughter are her victims, the court ordered criminal restitution as a condition of her probation which was determined by the criminal court based on a hearing on the merits on January 27, 2021, and the criminal court filed a criminal victim restitution order under CA Penal Code 1202.4(f) on March 9, 2021. *See* Jasso Reply Decl. ¶3, Ex. 2.  Plaintiff further provided, via certified copy, that the state's criminal convictions and restitution order were affirmed on appeal after fully reviewing the criminal court record and Debtor's supplemental brief.  The state criminal court records and the appellate criminal court's records, orders and opinions are all

public records. The public records and the California penal code conclusively prove that the state criminal court maintains jurisdiction over its state restitution order until paid.

Debtor provided no legal authority that the U.S. Supreme Court case of *Kelly v. Robinson*, 496 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) was overturned, because it has not been overturned. Plaintiff's cited U.S. Supreme Court, Ninth Circuit appellate and bankruptcy panel cases, along with most of the cases cited by Debtor, <u>upheld</u> the long-standing *Kelly* holding that "section 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Kelly* at p. 50. The only case Debtor cited in the Ninth Circuit regarding a state criminal restitution order was the *Jellinek* case (no citation), which is a different district case that is unpersuasive as it relies on the *In Re Albert-Sheridan* case on the (false) belief that it overturned the U.S. Supreme Court holding in *Kelly*. Therefore, this Court should find that *Kelly* is the controlling law in this case and is good law.

There is nothing in *Kelly* that provides that a trier of fact in bankruptcy court can pick through the elements of §523(a)(7) with regards to a state criminal court restitution order. The principle of federalism, notable in several courts' analysis, recognizes that the state's criminal restitution order is rooted in the criminal justice system's societal goal to protect its residents and work to rehabilitate convicted offenders. Bankruptcy statutes should not be interpreted to remit state criminal judgments, one of many tools used to meet these societal goals. *Kelly* is binding precedent and squarely applies to this case's state criminal restitution ordered as a condition of Debtor's probation is not dischargeable under 11 U.S.C. §523(a)(7).

Bankruptcy courts found that Congress has taken no action to modify or abrogate *Kelly's* exception of this debt from discharge in Chapter 7 bankruptcy proceedings. Rather, Congress expressly extended the *Kelly* exception to discharge orders in Chapter 13 proceedings and has codified the exception from discharge of federal criminal restitution orders paid to victims.

1        Therefore, Plaintiff is entitled to summary judgment on the FAC's First Cause of Action

2    that the Criminal Case No. 18WM05278 state restitution order is not discharged as a matter of

3    law under 11 U.S.C. §523(a)(7).

4       DATED: December 1, 2022

5

6                                 Janine Jasso

7                                 In Pro Per

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY TO DEBTOR'S OPPOSITION TO PARTIAL SUMMARY JUDGMENT

1   Janine Jasso
P.O. Box 370161
2   El Paso, TX 79937
E-Mail: j9_jasso@yahoo.com
3   Plaintiff, IN PRO PER

4

5

6

7

8               **UNITED STATES BANKRUPTCY COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10

11  In Re: JAMIE LYNN GALLIAN              **CASE NO. 8:21-bk-11710-SC**

12                                         **Chapter 7**

13                                         **Adversary No. 8:21-ap-01096-SC**

14  ─────────────────────────
                                           **DECLARATION OF JANINE JASSO IN**
15  JANINE JASSO, an individual,           **SUPPORT OF PLAINTIFF'S REPLY TO**
                                           **JAMIE LYNN GALLIAN'S**
16          Plaintiff,                     **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES IN OPPOSITION TO**
17      v.                                 **PLAINTIFF'S PARTIAL SUMMARY**
                                           **JUDGMENT ON PLAINTIFF'S FIRST**
18  JAMIE LYNN GALLIAN, an individual; J-  **CAUSE OF ACTION DENYING DEBTOR**
    PAD, LLC, a California Limited Liability **DISCHARGE OF THE CRIMINAL**
19  Company, J-Sandcastle Co LLC, a        **RESTITUTION JUDGMENT UNDER 11**
    California Limited Liability Company, and **U.S.C. 523(a)(7), DEBTOR'S**
20  DOES 1 through 100, inclusive,         **DECLARATION AND EXHIBITS [DK 74]**
                                           [Proposed Partial Summary Judgment Order Filed
21          Defendants.                    Concurrently Herewith]

22
                                           Hearing: December 13, 2022
23                                         Time: 1:30 p.m.
                                           Courtroom: 5C-Virtual.
24  ─────────────────────────

25  I, JANINE JASSO, declare as follows:

26          1.      I am an individual and the Plaintiff in the above-entitled action. I make this

27  declaration in support of my Reply to Jamie Lynn Gallian's Memorandum of Points and

28

Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment, Declaration and Exhibits attached thereto [DK 74]. I have personal knowledge of the facts stated herein and except as to those matters stated upon information and belief, I believe them to be true. I could and would testify to said facts if sworn as a witness in this proceeding.

2.      I request this court to take judicial notice of a true and correct copy of the February 14, 2018 Workplace Violence Restraining Order ("WV RO") issued in OCSC Case No. 30-2017-00962999, a public document, attached hereto as Exhibit 1. Debtor admits in Debtor Opp. Dk 74 p. 9 that Debtor was convicted of this crime. Debtor admitted to this Court to knowing the WV RO existed by attaching the state court's February 14, 2018 minute order from The Huntington Beach Gables HOA v. Gallian WV RO OCSC Case no. 30-2017-00962999. *See* Debtor's Opp. Dk 74, Debtor's Decl. ¶9, Ex. 8, item 5, p. 215 (no separate tab). Debtor's exhibit proves that Debtor and her attorney were present in the court when the court ordered the agreed upon extension of the WV RO to August 15, 2018. It also proves Debtor served by the court in the courtroom on that date.

As proven by the certified copy of the criminal court minutes (admitted to by both parties), Plaintiff's RJN Dk 49, Ex. C p. 47, on November 7, 2018, I was examined by the District Attorney and cross-examined by the defense counsel about this February 14, 2018 WV RO order as the District Attorney's evidence of a valid workplace violence restraining order issued by a state court and punishable by the State of California as a crime. I was also examined and cross-examined about Debtor's exhibit of the mediated stipulation on February 14, 2018 on which the restraining order court ordered the extension of the WV RO to August 15, 2018. The jury found the WV RO was valid and that Debtor violated it. I have already provided true and correct copies of the permanent WV RO issued by this same court, which is valid until July 30, 2025. *See* Plaintiff's RJN Dk 49, Ex. A. As provided in Paragraph 5 below, Plaintiff objects to

Debtor submission of evidence of the criminal case and appellate case that was already examined by those courts, as I believe Debtor is asking the court to re-examine the evidence which amounts to forum-shopping and is the issue that the Supreme Court in *Kelly* was trying to prevent.

3.      I request this court to take judicial notice of a true and correct copy of California Penal Code §1202.4, a public document, attached hereto as Exhibit 2.  Plaintiff thought this court may wish to see the criminal statutes.  Since Debtor's Declaration Exs. 3 & 7 are copies of Plaintiff's Exhibit C, Debtor has effectively admitted to Plaintiff's Uncontroverted Facts 2-6, which proves Debtor was convicted of a crime, Plaintiff and my daughter are her victims, and the court ordered criminal restitution as a condition of her probation which was determined by a hearing on the merits on January 27, 2021, and on March 9, 2021 the criminal court filed a criminal victim restitution order under CA PC 1202.4(f).

4.      There are no objections to Plaintiff's request for judicial notice (Dk 49) and uncontroverted statement of facts and conclusions of law (Dk 50), which are all relevant public records to the issue in this case.

5.      The balance of Debtor's statement of facts and conclusions of law are objected to due to relevancy, best evidence, forum-shopping: Debtor's Declaration exhibit 1 pages 31-80 as irrelevant and forum-shopping, exhibit 2 p. 82 as irrelevant, exhibit 3 p. 87-88 best evidence is Plaintiff's RJN Ex. 3 because Debtor's exhibit is only 2 of the 4 pages, exhibit 4 pp. 90-108 are irrelevant and forum-shopping, exhibit 5 pp. 117-124 are irrelevant and forum-shopping, exhibit 6 pp. 126-150 are irrelevant and forum-shopping, exhibit 8 pp. 207-214, pp. 216-257 as irrelevant and forum-shopping.

These numerous exhibits include documents Debtor and her defense attorney presented to the jury to claim there was no restraining order protecting me and my daughter.  The jury

PLAINTIFF'S REPLY TO DEBTOR'S OPPOSITION TO PARTIAL SUMMARY JUDGMENT

1    verdicts were determined beyond a reasonable doubt that the restraining order existed and that

2    Debtor violated it. [Uncontroverted Facts Dk 50 No. 2.]  The criminal appellate court affirmed

3    the verdicts after a full review of the state criminal court records.  [Uncontroverted Facts Dk 50

4
     No. 9.]  The Debtor also attached exhibits related to her ongoing violations of the WV RO and
5
6    the district attorney's filed charges.  Debtor's exhibits are therefore objected to as irrelevant and

7    forum-shopping this court to do exactly what the *Kelly* court said the bankruptcy courts should

8    not do, namely interfere with the state criminal court proceedings and orders.

9           6.     The Debtor's Request for Judicial Notice of the opinion of the recent San Diego

10   bankruptcy court in *In re Jellinek*, *Jellinek v. Forlander* (no citation), Docket 70, is objected to

11   as irrelevant, non-binding authority, and not persuasive authority.  The holding appears to be

12
     based almost entirely on *In re Albert-Sheridan* which is not relevant in this case and did not
13
14   overturn *Kelly*.  Plaintiff reviewed Mr. Jellinek's motion brief to see if it had any analysis of the

15   principles of federalism held by *Kelly*.  I only found that Debtor's opposition brief is Mr.

16   Jellinek's motion brief, with a few words changed here and there. This accounts for the lack of

17   analysis of principles of federalism related to state criminal restitution orders, misplaced reliance

18
     on an inapplicable Ninth circuit case and other circuit cases, and accounts for Debtor's
19
20   Argument Part IV.B that is completed unrelated to Plaintiff's Motion Dk 47, (see Bankruptcy

21   Case No. 22-90038-MM Doc 3), and therefore is also objected to as irrelevant.

22          7.     I searched several websites recommended by the Santa Ana Bankruptcy Clinic

23   and did not find any U.S. Supreme Court decision that overturned the *Kelly* holding.  Even for

24   Debtor's cited non-Ninth Circuit cases that appear to criticize the *Kelly* holding, such as *In re*

25   *Rashid*, 210 F.3d 201 (3rd Cir. 2000), I found bankruptcy court cases subsequent to that Third

26   Circuit case that held that a state criminal restitution order was nondischargeable pursuant to the
27
28   *Kelly*'s precedent authority and its federalism concerns, *i.e.*, *Thompson v. Hewitt*, 311 B.R. 415

(E.D. Penn. 2004).

8.  I request this court to take judicial notice of a true and correct copy of the State of California Dept. of Corrections and Rehabilitation (CDCR) public government website https://cdcr.ca.gov/victim-services/restitution-offender as Exhibit 3.  Plaintiff located this information of the State of California's public government website.  In this Exhibit 3, California answers several questions regarding restitution for the offender, which includes this question on page 3 of Exhibit 3 attached hereto:

**"Q. What happens if I don't pay my restitution?**

A. Restitution never goes away. Even if you declare bankruptcy you will still owe restitution [see Federal Statute 11USC §523 (a) (7). All unpaid restitution will eventually be referred to the Franchise Tax Board for collection after you are released from prison."

9.  In reading the *In re Mills* case cited on page 11, I was struck by Senator Grassley's legislatives notes in 1990, showing his significant concern for the negative impact discharge of a criminal restitution order would have on criminal court judges' sentences. As there are 39 million people in California alone, Plaintiff believes that the greater benefit to society provided by a criminal restitution order can be seen by examples of the impact on sentences if this Court did not apply *Kelly* in this case: 1. the state courts may have to incarcerate more convicted criminals of lower level offenses and provide probation less even if the court believes the convicted criminal could be rehabilitated, 2. state criminal system's budgets would have to increase to build more prisons and hire more prison or correction officers, 3. the curtailment of state prison work programs, which gives the convicted offender the opportunity to earn wages which are then garnished to pay towards restitution, and 4. the bankruptcy court would be flooded with criminal restitution cases.

10.  The debt which the Debtor seeks to discharge is a California state criminal restitution order imposed as part of Debtor's sentence and probation in Case No. 18WM05278.

1   The criminal restitution order was affirmed on appeal. [Uncontroverted Facts Dk 50 4, 5, 9]

2        11.    Therefore, I assert that my first claim for relief under my Adversary Case is a

3   non-dischargeable criminal restitution order.

4        12.    Based on my Motion [Dk 47], Declaration [Dk 48], Request for Judicial Notice

5   [Dk 49], Uncontroverted Facts and Conclusions of Law [Dk 50], and this Reply and

6   Declaration, I respectfully request that the Court summarily order judgment in my favor on my

7   First Amended Complaint's First Cause of Action, plus costs of suit and any other relief the

8   Court determines.

9        I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct.

11      Executed on December 1, 2022, at El Paso, Texas.

14

15  _Janine Jasso_

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY TO DEBTOR'S OPPOSITION TO PARTIAL SUMMARY JUDGMENT

# EXHIBIT 1

*Employee*

**WV-116**  **Order on Request to Continue Hearing**

*Clerk stamps date here when form is filed.*

**FILED**

FEB 14 2018

**~~ALAN CARLSON, Clerk of the Court~~**

*Complete items ①, ②, and ③ only.*

① **Petitioner (Employer)**
Full Name: The Huntington Beach Gables Homeowners Association

② **Respondent**
Full Name: Jamie Lynn Frallian

③ **Party Seeking Continuance**

I am the ☑ petitioner ☐ respondent
Your Lawyer *(if you have one for this case):*
Name: Pejman D. Kharrazian   State Bar No.: 274260
Firm Name: Epsten Grinnell & Howell, APC
Your Address *(if you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*
Address: 10200 Willow Creek Rd. St. 100
City: San Diego   State: CA   Zip: 92131
Telephone: (858) 527-0111   Fax: _____   E-Mail: pkharrazian@epsten.com

*Fill in court name and street address:*
**Superior Court of California, County of**
Orange, Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701

*Fill in case number:*
**Case Number:** 30-2017
**00962999**

④ **Order on Request for Continuance**

a. The hearing in this matter is currently scheduled for *(date):* FEB 14 2018 at *(time):* 9:00 am

b. ☐ The request for a continuance is DENIED for the reasons set forth ☐ below   ☐ on Attachment 4b

_____
_____
_____

The hearing shall be held as currently scheduled in a, above. The *Temporary Restraining Order* (form WV-110) issued on *(date):* _____ remains in full force and effect until the hearing date.

c. ☑ The request for a continuance is GRANTED as set forth below.

⑤ **Order for Continuance and Notice of New Hearing**
The court hearing on the *Petition for Workplace Violence Restraining Orders* (form WV-100) is continued and rescheduled as follows:

| | Name and address of court if different from above: |
|---|---|
| **New Hearing Date** → Date: 8-15-18 Time: 9:00 am Dept.: C-66 Room: _____ | _____ _____ |

The extended *Temporary Restraining Order* (form WV-110) expires at the end of this hearing.

**This is a Court Order.**

Judicial Council of California,
www.courts.ca.gov,
Revised July 1, 2016, Mandatory Form
Code of Civil Procedure, § 527.8(p)

**Order on Request to Continue Hearing (CLETS-TWH)**
**(Workplace Violence Prevention)**

WV-116, Page 1 of 3
→

Case Number 30-2017

0 0 9 6 2 9 9 9

⑥ **Reason for the Continuance**

a. The continuance is needed because:

    (1) ☐ The Respondent was not served before the current hearing date.

    (2) ☐ The Respondent asked for a first continuance of the hearing.

    (3) ☐ The Respondent asked for more time to hire a lawyer or prepare a response.

    (4) ☒ Other good cause as stated  ☒ below  ☐ on Attachment 6a(4)

         Stipulation

b. ☐ The court finds good cause and orders a continuance in its discretion.

⑦ **Extension of Temporary Restraining Order**

a. ☐ No Temporary Restraining Order was issued in this case.

b. ☒ Extension of the *Temporary Restraining Order* (TRO; form WV-110) issued on *(date):* 12-22-17
    until the new hearing date is:

    (1) ☒ GRANTED. There are no changes to the TRO except for the expiration date. The TRO remains in
        effect until the end of the hearing in ⑤.

    (2) ☐ GRANTED AS MODIFIED. The TRO is modified. See the attached amended form WV-110,
        *Temporary Restraining Order*. All orders on the attached Order remain in effect until the end of the
        hearing in ⑤.

    (3) ☐ DENIED and the Temporary Restraining Order is TERMINATED for the reasons stated
        ☐ below  ☐ on Attachment 7b(3)

---

| Warning and Notice to the Respondent |
| --- |

**If ⑦ b(1) or b(2) is checked, you must continue to obey the Temporary Restraining Order
until it expires at the end of the hearing scheduled in ⑤.**

⑧ ☐ **Other Orders** *(specify):*

☐ Other orders are attached at the end of this Order on Attachment 8.

**This is a Court Order.**

**Order on Request to Continue Hearing (CLETS-TWH)**
**(Workplace Violence Prevention)**

WV-116, Page 2 of 3
→

30-2017

Case Number **00962999**

(9) **Service of Order**

a. ☑ No further service of this Order is required because both parties were present at the initial hearing date in item 4a, and both were given a signed copy of this Order.

b. ☐ The court granted the Petitioner's request to continue the hearing date. A copy of this Order must be served on the Respondent at least ____ days before the hearing in ⑤.

  (1) ☐ All other documents requesting workplace violence restraining orders as shown in form WV-109, *Notice of Court Hearing,* item ⑤ must be personally served on the Respondent.

  (2) ☐ The *Temporary Restraining Order* (form WV-110) has been modified and must be personally served on the Respondent.

  (3) ☐ A copy of the *Temporary Restraining Order* must NOT be served because extension of the order is denied in item 7b(3).

c. ☐ The court granted the Respondent's request to continue the hearing date. A copy of this Order must be served on the Petitioner at least ____ days before the hearing in ⑤. A copy of the *Temporary Restraining Order* (form WV-110) must be served if it was modified by the court in item 7b(2).

d. ☐ All documents must be personally served unless otherwise specified below.

_____
_____

(10) **Mandatory Entry of Order Into CARPOS Through CLETS**

If a continuance is granted, the court or its designee will transmit this form within one business day to law enforcement personnel for entry into the California Restraining and Protective Order System (CARPOS) via the California Law Enforcement Telecommunications System (CLETS).

Date: _____2-14-18_____

_____
*Judicial Officer*

TIMOTHY J. STAFFORD

**Request for Accommodations**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to *www.courts.ca.gov/forms.htm* for *Request for Accommodations by Persons with Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

*(Clerk will fill out this part.)*

**—Clerk's Certificate—**

I certify that this *Order on Request to Continue Hearing* is a true and correct copy of the original on file in the court.

Date: _____2/14/18_____ Clerk, by _____ **DAVID H. YAMASAKI**, Deputy

This is a Court Order.

J. OLIVAREZ

Revised July 1, 2016                **Order on Request to Continue Hearing (CLETS-TWH)**                WV-116, Page 3 of 3
                                         **(Workplace Violence Prevention)**

## WV-110    Temporary Restraining Order

*Clerk stamps date here when form is filed.*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 22 2017

DAVID H. YAMASAKI, Clerk of the Court

BY:_____D. LAMM_____DEPUTY

### (1) Petitioner (Employer)

a. Name: <u>The Huntington Beach Gables Homeowners Association</u>

Lawyer for Petitioner *(if any, for this case):*

Name: <u>Pejman D. Kharrazian</u>      State Bar No.: <u>279260</u>

Firm Name: <u>Epsten Grinnell & Howell, APC</u>

b. Your Address *(If you have a lawyer, give your lawyer's information.):*

Address: <u>10200 Willow Creek Road, Suite 100</u>

City: <u>San Diego</u>      State: <u>CA</u>   Zip: <u>92131</u>

Telephone: <u>858-527-0111</u>   Fax: <u>858-527-1531</u>

E-Mail Address: <u>pkharrazian@epsten.com</u>

*Fill in court name and street address:*

**Superior Court of California, County of ORANGE**
700 Civic Center Drive West
Santa Ana, CA 92701-4045
Central Justice Center

### (2) Employee (Protected Person)

Full Name: <u>Lee Gragnano,</u>

*Court fills in case number when form is filed.*

**Case Number:**
**00962999**

### (3) Respondent (Restrained Person)

Full Name: <u>Jamie Lynn Gallian</u>

Description:

| | |
|---|---|
| Sex: ☐ M ☒ F  Height: 5'10"  Weight: 175 | Date of Birth: 11/16/1962 |
| Hair Color: Brown      Eye Color: _____  Age: 55 | Race: White |
| Home Address *(if known):* 4476 Alderport Drive | |
| City: Huntington Beach            State: CA   Zip: 92649 | |
| Relationship to Employee: None | |

### (4) ☒ Additional Protected Persons

In addition to the employee, the following family or household members or other employees are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Employee |
|---|---|---|---|---|
| Lindy Jean Beck | F | 62 | ☐ Yes ☒ No | Association Board Member |
| Janine Barbara Jasso | F | 51 | ☐ Yes ☒ No | Association Board Member |
| Jennifer Anne Paulin | F | 73 | ☐ Yes ☒ No | Association Board Member |

☒ Additional protected persons are listed at the end of this Order on Attachment 4.

### (5) Expiration Date

*This Order expires at the end of the hearing scheduled for the date and time below:*

| Date: *1-10-18* | Time: *9:00* | ☒ a.m. ☐ p.m. |
|---|---|---|

## This is a Court Order.

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2017, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.9
Approved by DOJ

**Temporary Restraining Order (CLETS—TWH)**
**(Workplace Violence Prevention)**

WV-110, Page 1 of 5
Westlaw Doc & Form Builder

026

30-2017

Case Number:
**00962999**

## To the Respondent:

**The court has issued the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may have to go to jail for up to one year, pay a fine of up to $1,000, or both.**

**⑥   Personal Conduct Orders**

☐ **Not Requested**   ☐ **Denied Until the Hearing**   ☑ **Granted as Follows:**

a.   You are ordered **not** do the following things to the employee
   ☑ and to the other protected persons listed in ④:

   (1) ☑ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.

   (2) ☑ Commit acts of violence or make threats of violence against the person.

   (3) ☑ Follow or stalk the person during work hours or to or from the place of work.

   (4) ☑ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by e-mail, by fax, or by other electronic means.

   (5) ☑ Enter the workplace of the person.

   (6) ☐ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.

   (7) ☐ Other *(specify):*
      ☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(7).
      _____
      _____
      _____
      _____

b.   Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the petitioner.

**⑦   Stay-Away Order**

☐ **Not Requested**   ☐ **Denied Until the Hearing**   ☑ **Granted as Follows:**

a.   You **must** stay at least ___*10*___ yards away from *(check all that apply):*

   (1) ☑ The employee                               (7) ☐ The employee's children's place of child care

   (2) ☑ Each other protected person listed in ④    (8) ☑ The employee's vehicle

   (3) ☑ The employee's workplace                   (9) ☐ Other *(specify):*

   (4) ☑ The employee's home                        _____

   (5) ☐ The employee's school                      _____

   (6) ☑ The employee's children's school           _____

b.   This stay-away order does not prevent you from going to or from your home or place of employment.

## This is a Court Order.

Revised January 1, 2017            **Temporary Restraining Order (CLETS—TWH)**            WV-110, Page 2 of 5
                                    **(Workplace Violence Prevention)**                          →

027

Case Number: **30-2017**

**0 0 9 6 2 9 9 9**

(8) **No Guns or Other Firearms and Ammunition**

a.  You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b.  You must:

    (1)  Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

    (2)  File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use form WV-800, Proof of Firearms Turned In, Sold, or Stored for the receipt.)*

c.  ☐ The court has received information that you own or possess a firearm.

(9) **Other Orders**

    ☑ **Not Requested**    ☐ **Denied Until the Hearing**    ☐ **Granted as Follows** *(specify):*

_____

_____

_____

    ☐ Additional orders are attached at the end of this Order on Attachment 9.

**To the Petitioner:**

(10) **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a.  ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b.  ☑ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c.  ☐ By the close of business on the date that this Order is made, the employer or the employer's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agencies listed below to enter into CARPOS:

Name of Law Enforcement Agency        Address *(City, State, Zip)*

Huntington Beach P.D

    ☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 10.

(11) **No Fee to Serve (Notify) Restrained Person**    ☐ **Ordered**    ☑ **Not Ordered**

The sheriff or marshal will serve this Order without charge because:

a.  ☐ The Order is based on a credible threat of violence or stalking.

b.  ☐ The petitioner is entitled to a fee waiver.

**This is a Court Order.**

Revised January 1, 2017       **Temporary Restraining Order (CLETS—TWH)**      WV-110, Page 3 of 5
**(Workplace Violence Prevention)**    →

028

Case Number: **30-2017**

**0 0 0 6 2 9 9 9**

(12) Number of pages attached to this Order, if any: ___1___

Date: ___12-22-17___

_Judicial Officer_

TIMOTHY J. STAFFORD

## Warnings and Notices to the Restrained Person in ❷

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑧ above. The court will require you to prove that you did so.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been personally served with this Temporary Restraining Order and form WV-109, _Notice of Court Hearing,_ but you do not appear at the hearing either in person or by a lawyer, and a restraining order that is the same as this Temporary Restraining Order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item ③.

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the orders. Any intentional violation of this Order is a misdemeanor punishable by a fine or by imprisonment in a county jail, or by both fine and imprisonment. (Pen. Code, § 273.6.)
- Read form WV-120-INFO, _How Can I Respond to a Petition for Orders to Stop Workplace Violence?,_ to learn how to respond to this Order.
- If you want to respond, fill out form WV-120, _Response to Petition for Workplace Violence Restraining Orders,_ and file it with the court clerk. You do not have to pay any fee to file your response if the petition claims that you threatened violence against or stalked the employee, or placed the employee in reasonable fear of violence.
- You must have form WV-120 served on the petitioner or the petitioner's attorney by mail. You cannot do this yourself. The person who does the service should complete and sign form WV-250, _Proof of Service of Response by Mail._ File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.

- In addition to the response, you may file and have declarations served, signed by you and other persons who have personal knowledge of the facts. You may use form MC-030, _Declaration,_ for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at _www.courts.ca.gov/forms._ If you do not know how to prepare a declaration, you should see a lawyer.
- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.
- At the hearing, the judge can make restraining orders against you that last for up to three years. Tell the judge why you disagree with the orders requested.

### This is a Court Order.

30-2017

Case Number: 30 0 9 6 2 9 9 9

## Instructions for Law Enforcement

### Enforcing the Restraining Order
This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Orders System (CARPOS). Agencies are encouraged to enter violation messages into CARPOS. If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

### Start Date and End Date of Orders
This order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item 5 on page 1.

### If the Protected Person Contacts the Restrained Person
Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement
**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** (See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.



*(Clerk will fill out this part.)*
**—Clerk's Certificate—**

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

DAVID H. YAMASAKI

Date: 2/14/18    Clerk, by _____ , Deputy

J. OLIVAREZ

## This is a Court Order.

**ATTACHMENT - ADDITIONAL PROTECTED PERSONS**

30-2017

| SHORT TITLE: | CASE NUMBER: 00962999 |
|---|---|
| The Huntington Beach Gables Homeowners Association v. Jamie Lynn Gallian | |

INSTRUCTIONS FOR USE

This form should be used as an attachment to list additional protected persons on:

☐ **Civil Harassment (Item 3)**
(CH-100; CH-110; CH-130)

☐ **School Violence (Item 4)**
(SV-100; SV-110; SV-130)

☐ **CLETS (Item 4)**
(CLETS-001)

☐ **Elder/Dependent Abuse (Item 3)**
(EA-100 (Item 6); EA-110; EA-130)

☒ **Workplace Violence (Item 4)**
(WV-100; WV-110; WV-130)

Additional protected person(s) are:

a.  **Name: Theodore R Phillips**

Sex: M ☒ F ☐ Age: 82 ___ Lives with you? ☐ Yes ☒ No    How is he/she related to you? Association Board Member

b.  **Name: Kim Macias**

Sex: M ☐ F ☒ Age: 60 ___ Lives with you? ☒ Yes ☐ No    How is he/she related to you? Girlfriend of Lee Gragnano

c.  **Name: Jesus Jasso Jr.**

Sex: M ☒ F ☐ Age: 52 ___ Lives with you? ☒ Yes ☐ No    How is he/she related to you? Husband of Janine Jasso

d.  **Name: Jesus Jasso III**

Sex: M ☒ F ☐ Age: 19 ___ Lives with you? ☒ Yes ☐ No    How is he/she related to you? Son of Janine Jasso

e.  **Name: Arielle Janine Jasso**

Sex: M ☐ F ☒ Age: 6 ___ Lives with you? ☒ Yes ☐ No    How is he/she related to you? Daughter of Janine Jasso

f.  **Name:**

Sex: M ☐ F ☐ Age: ___ Lives with you? ☐ Yes ☐ No    How is he/she related to you? _____

g.  **Name:**

Sex: M ☐ F ☐ Age: ___ Lives with you? ☐ Yes ☐ No    How is he/she related to you? _____

# EXHIBIT 2

STATE OF CALIFORNIA
AUTHENTICATED
ELECTRONIC LEGAL MATERIAL

**State of California**

**PENAL CODE**

**Section 1202.4**

1202.4.  (a)  (1)  It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime.

(2)  Upon a person being convicted of a crime in the State of California, the court shall order the defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464.

(3)  The court, in addition to any other penalty provided or imposed under the law, shall order the defendant to pay both of the following:

(A)  A restitution fine in accordance with subdivision (b).

(B)  Restitution to the victim or victims, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment.

(b)  In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.

(1)  The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000). If the person is convicted of a misdemeanor, the fine shall not be less than one hundred fifty dollars ($150) and not more than one thousand dollars ($1,000).

(2)  In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted.

(c)  The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b). The court may specify that funds confiscated at the time of the defendant's arrest, except for funds confiscated pursuant to Chapter 8 (commencing with Section 11469) of Division 10 of the Health and Safety Code, be applied to the restitution fine if the funds are not exempt for spousal or child support or subject to any other legal exemption.

(d)  In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider

any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or the victim's dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include the defendant's future earning capacity. A defendant shall bear the burden of demonstrating the defendant's inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required.

(e) The restitution fine shall not be subject to penalty assessments authorized in Section 1464 or Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code, or the state surcharge authorized in Section 1465.7, and shall be deposited in the Restitution Fund in the State Treasury.

(f) Except as provided in subdivisions (p) and (q), in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution. The court may specify that funds confiscated at the time of the defendant's arrest, except for funds confiscated pursuant to Chapter 8 (commencing with Section 11469) of Division 10 of the Health and Safety Code, be applied to the restitution order if the funds are not exempt for spousal or child support or subject to any other legal exemption.

(1) The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant. If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the proceeding held to decide the motion. A victim at a restitution hearing or modification hearing described in this paragraph may testify by live, two-way audio and video transmission, if testimony by live, two-way audio and video transmission is available at the court.

(2) Determination of the amount of restitution ordered pursuant to this subdivision shall not be affected by the indemnification or subrogation rights of a third party. Restitution ordered pursuant to this subdivision shall be ordered to be deposited in the Restitution Fund to the extent that the victim, as defined in subdivision (k), has received assistance from the California Victim Compensation Board pursuant to Chapter 5 (commencing with Section 13950) of Part 4 of Division 3 of Title 2 of the Government Code.

(3) To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a

dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following:

(A) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible.

(B) Medical expenses.

(C) Mental health counseling expenses.

(D) Wages or profits lost due to injury incurred by the victim, and if the victim is a minor, wages or profits lost by the minor's parent, parents, guardian, or guardians, while caring for the injured minor. Lost wages shall include commission income as well as base wages. Commission income shall be established by evidence of commission income during the 12-month period prior to the date of the crime for which restitution is being ordered, unless good cause for a shorter time period is shown.

(E) Wages or profits lost by the victim, and if the victim is a minor, wages or profits lost by the minor's parent, parents, guardian, or guardians, due to time spent as a witness or in assisting the police or prosecution. Lost wages shall include commission income as well as base wages. Commission income shall be established by evidence of commission income during the 12-month period prior to the date of the crime for which restitution is being ordered, unless good cause for a shorter time period is shown.

(F) Noneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288, 288.5, or 288.7.

(G) Interest, at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court.

(H) Actual and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim.

(I) Expenses incurred by an adult victim in relocating away from the defendant, including, but not limited to, deposits for utilities and telephone service, deposits for rental housing, temporary lodging and food expenses, clothing, and personal items. Expenses incurred pursuant to this section shall be verified by law enforcement to be necessary for the personal safety of the victim or by a mental health treatment provider to be necessary for the emotional well-being of the victim.

(J) Expenses to install or increase residential security incurred related to a violation of Section 273.5, or a violent felony as defined in subdivision (c) of Section 667.5, including, but not limited to, a home security device or system, or replacing or increasing the number of locks.

(K) Expenses to retrofit a residence or vehicle, or both, to make the residence accessible to or the vehicle operational by the victim, if the victim is permanently disabled, whether the disability is partial or total, as a direct result of the crime.

(L) Expenses for a period of time reasonably necessary to make the victim whole, for the costs to monitor the credit report of, and for the costs to repair the credit of, a victim of identity theft, as defined in Section 530.5.

(4) (A) If, as a result of the defendant's conduct, the Restitution Fund has provided assistance to or on behalf of a victim or derivative victim pursuant to Chapter 5 (commencing with Section 13950) of Part 4 of Division 3 of Title 2 of the Government Code, the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered.

(B) The amount of assistance provided by the Restitution Fund shall be established by copies of bills submitted to the California Victim Compensation Board reflecting the amount paid by the board and whether the services for which payment was made were for medical or dental expenses, funeral or burial expenses, mental health counseling, wage or support losses, or rehabilitation. Certified copies of these bills provided by the board and redacted to protect the privacy and safety of the victim or any legal privilege, together with a statement made under penalty of perjury by the custodian of records that those bills were submitted to and were paid by the board, shall be sufficient to meet this requirement.

(C) If the defendant offers evidence to rebut the presumption established by this paragraph, the court may release additional information contained in the records of the board to the defendant only after reviewing that information in camera and finding that the information is necessary for the defendant to dispute the amount of the restitution order.

(5) Except as provided in paragraph (6), in any case in which an order may be entered pursuant to this subdivision, the defendant shall prepare and file a disclosure identifying all assets, income, and liabilities in which the defendant held or controlled a present or future interest as of the date of the defendant's arrest for the crime for which restitution may be ordered. The financial disclosure statements shall be made available to the victim and the board pursuant to Section 1214. The disclosure shall be signed by the defendant upon a form approved or adopted by the Judicial Council for the purpose of facilitating the disclosure. A defendant who willfully states as true a material matter that the defendant knows to be false on the disclosure required by this subdivision is guilty of a misdemeanor, unless this conduct is punishable as perjury or another provision of law provides for a greater penalty.

(6) A defendant who fails to file the financial disclosure required in paragraph (5), but who has filed a financial affidavit or financial information pursuant to subdivision (c) of Section 987, shall be deemed to have waived the confidentiality of that affidavit or financial information as to a victim in whose favor the order of restitution is entered pursuant to subdivision (f). The affidavit or information shall serve in lieu of the financial disclosure required in paragraph (5), and paragraphs (7) to (10), inclusive, shall not apply.

(7) Except as provided in paragraph (6), the defendant shall file the disclosure with the clerk of the court no later than the date set for the defendant's sentencing, unless otherwise directed by the court. The disclosure may be inspected or copied as provided by subdivision (b), (c), or (d) of Section 1203.05.

(8)  In its discretion, the court may relieve the defendant of the duty under paragraph (7) of filing with the clerk by requiring that the defendant's disclosure be submitted as an attachment to, and be available to, those authorized to receive the following:

(A)  A report submitted pursuant to subparagraph (D) of paragraph (2) of subdivision (b) of Section 1203 or subdivision (g) of Section 1203.

(B)  A stipulation submitted pursuant to paragraph (4) of subdivision (b) of Section 1203.

(C)  A report by the probation officer, or information submitted by the defendant applying for a conditional sentence pursuant to subdivision (d) of Section 1203.

(9)  The court may consider a defendant's unreasonable failure to make a complete disclosure pursuant to paragraph (5) as any of the following:

(A)  A circumstance in aggravation of the crime in imposing a term under subdivision (b) of Section 1170.

(B)  A factor indicating that the interests of justice would not be served by admitting the defendant to probation under Section 1203.

(C)  A factor indicating that the interests of justice would not be served by conditionally sentencing the defendant under Section 1203.

(D)  A factor indicating that the interests of justice would not be served by imposing less than the maximum fine and sentence fixed by law for the case.

(10)  A defendant's failure or refusal to make the required disclosure pursuant to paragraph (5) shall not delay entry of an order of restitution or pronouncement of sentence. In appropriate cases, the court may do any of the following:

(A)  Require the defendant to be examined by the district attorney pursuant to subdivision (h).

(B)  If sentencing the defendant under Section 1170, provide that the victim shall receive a copy of the portion of the probation report filed pursuant to Section 1203.10 concerning the defendant's employment, occupation, finances, and liabilities.

(C)  If sentencing the defendant under Section 1203, set a date and place for submission of the disclosure required by paragraph (5) as a condition of probation or suspended sentence.

(11)  If a defendant has any remaining unpaid balance on a restitution order or fine 120 days prior to the defendant's scheduled release from probation or 120 days prior to the defendant's completion of a conditional sentence, the defendant shall prepare and file a new and updated financial disclosure identifying all assets, income, and liabilities in which the defendant holds or controls or has held or controlled a present or future interest during the defendant's period of probation or conditional sentence. The financial disclosure shall be made available to the victim and the board pursuant to Section 1214. The disclosure shall be signed and prepared by the defendant on the same form as described in paragraph (5). A defendant who willfully states as true a material matter that the defendant knows to be false on the disclosure required by this subdivision is guilty of a misdemeanor, unless this conduct is punishable as perjury or another provision of law provides for a greater penalty. The financial disclosure required by this paragraph shall be filed with the clerk of the court no later than 90

days prior to the defendant's scheduled release from probation or completion of the defendant's conditional sentence.

(12) In cases where an employer is convicted of a crime against an employee, a payment to the employee or the employee's dependent that is made by the employer's workers' compensation insurance carrier shall not be used to offset the amount of the restitution order unless the court finds that the defendant substantially met the obligation to pay premiums for that insurance coverage.

(g) A defendant's inability to pay shall not be a consideration in determining the amount of a restitution order.

(h) The district attorney may request an order of examination pursuant to the procedures specified in Article 2 (commencing with Section 708.110) of Chapter 6 of Division 2 of Title 9 of Part 2 of the Code of Civil Procedure, in order to determine the defendant's financial assets for purposes of collecting on the restitution order.

(i) A restitution order imposed pursuant to subdivision (f) shall be enforceable as if the order were a civil judgment.

(j) The making of a restitution order pursuant to subdivision (f) shall not affect the right of a victim to recovery from the Restitution Fund as otherwise provided by law, except to the extent that restitution is actually collected pursuant to the order. Restitution collected pursuant to this subdivision shall be credited to any other judgments for the same losses obtained against the defendant arising out of the crime for which the defendant was convicted.

(k) For purposes of this section, "victim" shall include all of the following:

(1) The immediate surviving family of the actual victim.

(2) A corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity when that entity is a direct victim of a crime.

(3) A person who has sustained economic loss as the result of a crime and who satisfies any of the following conditions:

(A) At the time of the crime was the parent, grandparent, sibling, spouse, child, or grandchild of the victim.

(B) At the time of the crime was living in the household of the victim.

(C) At the time of the crime was a person who had previously lived in the household of the victim for a period of not less than two years in a relationship substantially similar to a relationship listed in subparagraph (A).

(D) Is another family member of the victim, including, but not limited to, the victim's fiancé or fiancée, and who witnessed the crime.

(E) Is the primary caretaker of a minor victim.

(4) A person who is eligible to receive assistance from the Restitution Fund pursuant to Chapter 5 (commencing with Section 13950) of Part 4 of Division 3 of Title 2 of the Government Code.

(5) A governmental entity that is responsible for repairing, replacing, or restoring public or privately owned property that has been defaced with graffiti or other inscribed material, as defined in subdivision (e) of Section 594, and that has sustained an

economic loss as the result of a violation of Section 594, 594.3, 594.4, 640.5, 640.6, or 640.7.

(*l*) In every case in which the defendant is granted probation, the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation. Any portion of a restitution order that remains unsatisfied after a defendant is no longer on probation shall continue to be enforceable by a victim pursuant to Section 1214 until the obligation is satisfied.

(m) If the court finds and states on the record compelling and extraordinary reasons why a restitution fine should not be required, the court shall order, as a condition of probation, that the defendant perform specified community service, unless it finds and states on the record compelling and extraordinary reasons not to require community service in addition to the finding that a restitution fine should not be required. Upon revocation of probation, the court shall impose the restitution fine pursuant to this section.

(n) The provisions of Section 13963 of the Government Code shall apply to restitution imposed pursuant to this section.

(o) The court clerk shall notify the California Victim Compensation and Government Claims Board within 90 days of an order of restitution being imposed if the defendant is ordered to pay restitution to the board due to the victim receiving compensation from the Restitution Fund. Notification shall be accomplished by mailing a copy of the court order to the board, which may be done periodically by bulk mail or email.

(p) Upon conviction for a violation of Section 236.1, the court shall, in addition to any other penalty or restitution, order the defendant to pay restitution to the victim in a case in which a victim has suffered economic loss as a result of the defendant's conduct. The court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or another showing to the court. In determining restitution pursuant to this section, the court shall base its order upon the greater of the following: the gross value of the victim's labor or services based upon the comparable value of similar services in the labor market in which the offense occurred, or the value of the victim's labor as guaranteed under California law, or the actual income derived by the defendant from the victim's labor or services or any other appropriate means to provide reparations to the victim.

(q) (1) In addition to any other penalty or fine, the court shall order a person who has been convicted of a violation of Section 350, 653h, 653s, 653u, 653w, or 653aa that involves a recording or audiovisual work to make restitution to an owner or lawful producer, or trade association acting on behalf of the owner or lawful producer, of a phonograph record, disc, wire, tape, film, or other device or article from which sounds or visual images are derived that suffered economic loss resulting from the violation. The order of restitution shall be based on the aggregate wholesale value of lawfully manufactured and authorized devices or articles from which sounds or visual images are devised corresponding to the number of nonconforming devices or articles involved in the offense, unless a higher value can be proved in the case of (A) an unreleased

audio work, or (B) an audiovisual work that, at the time of unauthorized distribution, has not been made available in copies for sale to the general public in the United States on a digital versatile disc. For purposes of this subdivision, possession of nonconforming devices or articles intended for sale constitutes actual economic loss to an owner or lawful producer in the form of displaced legitimate wholesale purchases. The order of restitution shall also include reasonable costs incurred as a result of an investigation of the violation undertaken by the owner, lawful producer, or trade association acting on behalf of the owner or lawful producer. "Aggregate wholesale value" means the average wholesale value of lawfully manufactured and authorized sound or audiovisual recordings. Proof of the specific wholesale value of each nonconforming device or article is not required.

(2) As used in this subdivision, "audiovisual work" and "recording" shall have the same meaning as in Section 653w.

(r) This section shall become operative on January 1, 2022.

(Repealed (in Sec. 19) and added by Stats. 2021, Ch. 257, Sec. 20. (AB 177) Effective September 23, 2021. Operative January 1, 2022, by its own provisions.)

# EXHIBIT 3

‹ Back to Office of Victim and
‹ Survivor Rights and Services
(OVSRS)

**Office of Victim and Survivor
Rights and Services (OVSRS)**

Contact Victim Services

Victim Request for Services

Dustin's Law Notification

Parole Hearing Reservations

**Adult Offenders**

General Information

Restitution Information

Lifer Parole Hearing Information

Sentencing, Incarceration, & Parole

**Juvenile Offenders**

Juvenile Parole Board

Division of Juvenile Justice

**Additional Resources**

# Offender Restitution Information

**Q. What is restitution?**

A. When the court orders an offender to pay restitution, it is ordering them to pay back the damage caused, both to the state and to the victim(s). The court orders restitution in all cases and does not consider the offender's ability (or inability) to pay when the order is made.

**Q. When is restitution ordered by the courts?**

A. The court orders restitution as part of the sentencing. In fact, the restitution order is read aloud in court along with the sentence to prison.

**Q. Are there different types of restitution?**

A. There are three different types of restitution: restitution fines, parole revocation fines, and direct orders. The court can order all three types of restitution in the same case. If the offender is found guilty in multiple cases, the court can order all three types of restitution in each case.

**Q. What is a restitution fine?**

A. Restitution fines are the offender's "debt to society." These fines are how offenders pay back the state for the crime they committed. Restitution fines are paid to the Victims Compensation and Government Claims Board and are ordered in amounts ranging from $300-$10,000 (see California Penal Code §1202.4).

**Q. What is a parole revocation fine?**

A. At the time of sentencing, the judge may also order a parole revocation fine, which means the amount of the offender's restitution fine will be doubled if they violate parole and their parole is revoked (see Penal Code §1202.45).

**Q. What is a direct order?**

A. The court orders a direct order of restitution to pay back the victim(s) of the crime. The amount of the direct order is based on the amount of the loss each victim suffered as a result of the crime. There is no maximum amount a judge can order for this type of restitution. This type of restitution goes directly to the victim.

https://www.cdcr.ca.gov/victim-services/restitution-offender/

Juvenile Parole Board

Division of Juvenile Justice

**Additional Resources**

Victim Offender Dialogue

Resources

Forms and Publications

Victim's Rights

Marsy's Law

Training Opportunities

Links to the Law

Historical Landmarks

**Q. What is a direct order?**

A. The court orders a direct order of restitution to pay back the victim(s) of the crime. The amount of the direct order is based on the amount of the loss each victim suffered as a result of the crime. There is no maximum amount a judge can order for this type of restitution. This type of restitution goes directly to the victim.

**Q. What is the Victim's Compensation Government Claims Board?**

A. The Victim's Compensation and Government Claims Board is a state agency that exists to serve victims of crime. Their Victim Compensation Program (CalVCP) provides assistance, financially, to victims of violent crime. It is not part of the California Department of Corrections and Rehabilitation.

**Q. Why does the Victim's Compensation Government Claims Board collect fine money?**

A. The Victims Compensation and Government Claims Board collects fine money to aid victims of violent crimes. The money collected by the Board usually goes directly to the people and organizations helping victims, for example, dentists, psychologists, domestic violence centers, and funeral homes.

**Q. How is restitution collected while I am in prison?**

A. The California Department of Corrections and Rehabilitation (CDCR) automatically collects 50 percent of prison wages or other money deposited into your trust account to pay your restitution. The CDCR will always collect money to pay direct orders before collecting money to pay for restitution fines.

**Q. Can I make voluntary payments on my restitution?**

A. You can send voluntary payments on your restitution to the accounting trust office at the institution where you are housed. Exact procedures vary between institutions. For more information you can talk to your Correctional Counselor.

**Q. What is the 10% administrative fee?**

A. As of January 1, 2022 the California Department of Corrections and Rehabilitation no longer collects the 10% administrative fee due to the 2021 California Assembly Bill 177.

**Q. How do I keep track of the restitution I owe while I am in prison?**

A. Your institution may provide you with a copy of your restitution balance on a monthly basis. Direct any specific questions about your restitution to your Correctional Counselor.

**Q. How is my direct order restitution collected once I leave prison?**

A. The California Department of Corrections and Rehabilitation will refer your direct order restitution debt to the California Franchise Tax Board for collection once you are released from prison. You must make arrangements with the Franchise Tax Board from that point forward to satisfy your

https://www.cdcr.ca.gov/victim-services/restitution-offender/

## Q. How is my direct order restitution collected once I leave prison?

A. The California Department of Corrections and Rehabilitation will refer your direct order restitution debt to the California Franchise Tax Board for collection once you are released from prison. You must make arrangements with the Franchise Tax Board from that point forward to satisfy your direct order restitution.

## Q. How are my restitution fines collected once I leave prison?

A. While on parole, you may voluntarily send payments to:

California Department of Corrections and Rehabilitation
Trust Accounting Office
P.O. Box 276088
Sacramento, CA 95827

Clearly mark your name and CDC number on the check or money order and make it payable to the California Department of Corrections and Rehabilitation. Upon discharge from parole any unpaid restitution fines and parole revocation fines will also be referred to the Franchise Tax Board for collection.

## Q. How do I keep track of the restitution I owe while on parole?

A. Your parole agent can provide you with copies of your restitution balance and respond to specific questions about your restitution.

## Q. Can I transfer my parole to another state if I owe restitution?

A. You must pay off your restitution in full to transfer your parole to another state. Once you pay off your restitution, your parole agent will request a receipt showing a zero balance to submit with your transfer request.

## Q. Can I be discharged from parole early if I owe restitution?

A. You must make reasonable payments on your restitution while on parole to receive favorable consideration for early release. Payment of restitution is part of a successful parole.

## Q. What happens if I don't pay my restitution?

A. Restitution never goes away. Even if you declare bankruptcy you will still owe restitution [see Federal Statute 11USC §523 (a) (7). All unpaid restitution will eventually be referred to the Franchise Tax Board for collection after you are released from prison.

For more information on Franchise Tax Board collections:

Parolee/Discharged Offender Victim Restitution Collection Program

https://www.cdcr.ca.gov/victim-services/restitution-offender/

# Guide to Restitution

*For Victims...*

- General restitution information
- How does a victim get restitution ordered?
- How does a victim collect on the restitution order from an inmate or parolee?
- Unclaimed Restitution
- California Victims Compensation Program (CalVCP)
- Additional information for victims

*For Offenders...*

- Parolee Payment Instructions
- Parolee/Discharged Offender Victim Restitution Collection Program
- Frequently Asked Questions
- Annual Restitution Collections (broken link)



**Gavin Newsom**
California Governor
Visit Governor's website





**Kathleen Allison**
CDCR Secretary
Visit Secretary's page

**ABOUT**

About CDCR
COVID-19 Response Efforts
Contact CDCR

**FAMILY & FRIENDS**

Adult Visitation
Juvenile Visitation
Family & Friends Services

**OFFENDERS**

Capital Punishment
Wanted Sex Offenders
Inmate Locator ☑

**VICTIMS**

Victims & Survivors
Know Your Rights
Request Services

**CAREERS**

Care...
Corr... ∧ Back to top
FAQ... Chat Ended

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
7101 N. Mesa, Ste 355
El Paso, TX 79912

A true and correct copy of the foregoing document entitled (*specify*):  __**Reply to Jamie Lynn Gallian's Memorandum of
Points & Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment Re First Cause of Action
11 U.S.C. §523(a)(7) and Declaration Attached [DK 74]; Declaration of Janine Jasso in Support of Plaintiff's Reply**
___will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)**
in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___12/01/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email
addresses stated below:

See NEF for confirmation of electronic transmission to the U.S. trustee, any trustee in this case, and to any attorneys who
received service by NEF.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _12/01/22_____, I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR AND DEFENDANT
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SPC 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _12/01/22_____, I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in
writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a
declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the
document is filed.

The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Santa Ana, CA 92701

Courtesy Copy: Aaron deLeest, adeleest@danninggill.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12-01-2022 | David Jasso | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**