United States Bankruptcy Court

Central District of California

Jasso,
    Plaintiff

Gallian,
    Defendant

Adv. Proc. No. 21-01096-SC

# CERTIFICATE OF NOTICE

District/off: 0973-8      User: admin      Page 1 of 2
Date Rcvd: Dec 19, 2022      Form ID: pdf031      Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2022:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| pla | Email/Text: j9_jasso@yahoo.com | Dec 20 2022 00:46:00 | Janine Jasso, PO Box 370161, El Paso, TX 79937 |
| dft | + Email/PDF: jamiegallian@gmail.com | Dec 20 2022 00:46:00 | Jamie Lynn Gallian, 16222 Monterey Ln #376, Huntington Beach, CA 92649-2258 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | J-Pad, LLC |
| dft | | J-Sandcastle Co LLC |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 21, 2022      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jeffrey I Golden (TR) | lwerner@go2.law jig@trustesolutions.net;kadele@go2.law |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

| District/off: 0973-8 | User: admin | Page 2 of 2 |
| Date Rcvd: Dec 19, 2022 | Form ID: pdf031 | Total Noticed: 2 |
| TOTAL: 2 | | |



**FILED & ENTERED**

**DEC 19 2022**

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY **bolte**    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian<br><br>Debtor(s). | Case No.: 8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>Adv No: 8:21-ap-01096-SC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DK. 47] AND DENYING DEFENDANT'S COMPETING MOTION FOR SUMMARY JUDGMENT [DK. 62]** |
| Janine Jasso<br>Plaintiff(s),<br>v.<br><br>Jamie Lynn Gallian<br><br>Defendant(s). | Date:      December 13, 2022<br>Time:      1:30 PM<br>Courtroom: 5C |

On December 13, 2022, the Court held a hearing on the following two matters in this adversary: 1) Plaintiff's Motion for Summary Judgment filed September 29, 2022

-1-

[Dk. 47] ("Plaintiff's MSJ"); and 2) Defendant's Motion for Summary Judgment filed November 8, 2022 [Dk. 62] ("Defendant's MSJ") (together, the "Motions"). Appearances are as noted on the record. Having considered the Motions, related pleadings, arguments of the parties at the hearing and the docket as a whole, and for the reasons stated on the record and more fully explained below, the Court finds good cause to enter this order GRANTING Plaintiff's MSJ and DENYING Defendant's MSJ.

## I.    Background

Jamie Gallian, Debtor/ Defendant, filed a voluntary Chapter 7 petition on July 9, 2021. A few months later, on October 18, 2021, Janine Jasso, Plaintiff, initiated an adversary proceeding against Defendant, asserting multiple causes of action, including the non-dischargeability of a debt owed by Debtor to Plaintiff as part of a criminal restitution judgment pursuant to 11 U.S.C. § 523(a)(7).[1]

On September 29, 2022, Plaintiff filed her Motion for Summary Judgment, and supporting documents, seeking summary adjudication on only the § 523(a)(7) cause of action [Dks. 47 - 50]. Plaintiff's MSJ was set for hearing on November 15, 2022. On November 4, 2022, Defendant filed a Motion for Extension of Time [Dk. 58] ("Extension Motion"), seeking a continued hearing date, relief from the deadline to oppose Plaintiff's MSJ, and advising the Court that Defendant intended to file her own dispositive motion.

On November 8, 2022, Defendant filed her competing Motion for Summary Judgment, again seeking summary adjudication on only the § 523(a)(7) cause of action [Dk. 62].[2]  Defendant's MSJ was set for hearing on December 13, 2022. Also, on November 8, 2022, the Court entered an order granting the Extension Motion[3], and continuing the hearing on Plaintiff's MSJ to be heard concurrently with Defendant's MSJ

---

[1] On November 16, 2021, Plaintiff filed an amended complaint, which also contained multiple causes of action, including an action for non-dischargeability pursuant to 11 U.S.C. § 523(a)(7) [Dk. 6].

[2] The Court notes that Defendant's MSJ is incorrectly titled "Plaintiff Jamie Lynn Gallian Motion for Summary Judgment," despite being filed by Defendant. The docket entry is likewise confusing, as it matches the title of the filed motion, rather than the accurate description of the motion (i.e., that it is, in fact, Defendant's Motion for Summary Judgment).

[3] Plaintiff filed an Opposition to the Extension Motion, which was dated November 9, 2022 [Dk. 69].

on December 13, 2022. The following day, Defendant filed a request for judicial notice and notice of recent decision in support of her MSJ [Dks. 70-71].

On November 14, 2022, Defendant filed an opposition to Plaintiff's MSJ, generally repeating the same arguments contained in her own competing MSJ [Dk. 74].[4] Plaintiff filed a reply on December 1, 2022 [Dk. 75].

## II. Discussion

Both Plaintiff's MSJ and Defendant's MSJ seek a judgment in their own respective favors pursuant to § 523(a)(7) regarding the debt owed by Defendant as part of a criminal restitution order. Both Plaintiff and Defendant agree that there are no genuine issues of material fact, and assert that they are entitled to judgment as a matter of law.[5] Having reviewed and thoroughly analyzed the law, the Court finds that Plaintiff is entitled to a favorable judgment as a matter of law.

11 U.S. Code § 523(a)(7) states that a debtor may not discharge any debt (1) to the extent such debt is for a fine, penalty, or forfeiture (2) payable to and for the benefit of a governmental unit, and (3) is not compensation for actual pecuniary loss.

In *Kelly v. Robinson*, 479 U.S. 36 (1986), the United States Supreme Court determined that § 523(a)(7) applied to state criminal restitution orders in Chapter 7 bankruptcy proceedings. In reaching this conclusion, the Supreme Court broadly held "that § 523(a)(7) preserves from discharge **any condition a state criminal court imposes as part of a criminal sentence**." *Id*. at 50 (emphasis added).

Defendant admits that *Kelly* is controlling, but argues that it should not be followed given the Ninth Circuit's decision in *In re Albert-Sheridan*, where the Ninth Circuit "sought to cabin *Kelly*'s reach and refused to expand its rationale." *In re Albert-Sheridan,* 960 F.3d 1188, 1195 (9th Cir. 2020) (citing *In re Scheer*, 819 F.3d 1206, 1210 (9th Cir. 2016). Defendant argues that application of *Kelly* is similarly unwarranted in her

---

[4] Defendant filed an amended opposition on November 21, 2022 [Dk. 75].

[5] Summary judgment may be awarded where there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a).

case and attempts to distinguish the restitution awarded against her from that awarded in *Kelly*.

Defendant's efforts to align her case with *Albert-Sheridan* are unpersuasive. Here, the criminal restitution judgment entered against Defendant was awarded pursuant to California Penal Code §1202.4, subd. (f).[6] *Albert-Sheridan* did not involve criminal proceedings.

Moreover, this Court notes that in *O'Hara v. United States Tr. (In re O'Hara)*, 835 Fed Appx 253 (9th Cir. 2020), which was decided by the Ninth Circuit six months after the *Albert-Sheridan* decision upon which Debtor relies was issued, the Ninth Circuit again reiterated that criminal restitution judgments fall squarely within §523(a)(7), stating:

> The bankruptcy court correctly concluded that Chapman's entire claim was nondischargeable. The debt arose from a criminal restitution order. That falls squarely within *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986), which held that § 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." Seeking to sidestep this holding, Mr. O'Hara notes that the debt stems from a "victim restitution order" under California Penal Code § 1202.4(f), not a "restitution fine" under § 1202.4(b). This court has already rejected an identical argument. See *In re Armstrong*, 677 F. App'x 434, 435-36 (9th Cir. 2017).

In *O'Hara*, the Ninth Circuit reaffirmed its reliance on *In re Armstrong*, 677 Fed. Appx 434 (9th Cir. 2017), which further explained as follows:

> Nevertheless, Armstrong contends that his criminal restitution is dischargeable because, unlike the state statute at issue in *Kelly*, the California penal code provides for both "restitution" and a "restitution fine." Compare Cal. Penal Code § 1202.4(f) ("[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.") with Cal. Penal Code § 1202.4(b) ("In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."). Armstrong argues that the holding of Kelly extends only to the

---

[6] The criminal restitution judgment was affirmed on appeal. See, Exhibit G attached to the Request for Judicial Notice, which is a copy of the Criminal Appellate Opinion Affirming the Criminal Restitution Judgment [Dk. 49, Ex. G].

"restitution fine," and not to a restitution order issued pursuant to California Penal Code § 1202.4(f).

This argument is squarely precluded by *Kelly*, which categorically held that criminal restitution orders are nondischargeable. 479 U.S. at 49-50. The Court's holding did not hinge upon the specific language or structure of the state law at issue. Rather, it was based upon the desire not to interfere with state courts' "unfettered administration of their criminal justice systems." *Id*. at 44. Here, Armstrong's restitution order served California's penological interests and was imposed as a function of the administration of that state's criminal justice system. It therefore falls within the scope of *Kelly*, even though the California penal statute also provides for the imposition of a separate "restitution fine." To hold otherwise "would hamper the flexibility of state criminal judges in choosing the combination of imprisonment, fines, and restitution most likely to further the rehabilitative and deterrent goals of state criminal justice systems." *Id*. at 49.

*In re Armstrong*, 677 Fed. Appx 434 (9th Cir. 2017).

      Defendant has pointed the Court to the recent case of *Jellinek v. Forlander (In re Jellinek)*, 2022 Bankr. LEXIS 3172, at *1 (Bankr. S.D. Cal. 2022) and its holding that a victim restitution debt is dischargeable; however, the Court remains unpersuaded, as: (1) this Court is not bound by the *Jellinek* holding; and (2) the *Jellinek* decision relies heavily on the *Albert-Sheridan and Kassas*[7] cases which do not pertain to a victim restitution debt imposed by a criminal statute. Moreover, *Jellinek* makes no reference to *Armstrong*, cited above, which appears to be wholly on point. Further, there is no indication that the recent *Kassas* case, which itself was based upon consideration of the totality of the CSF program, was meant to overrule *Armstrong*.

      Defendant also argues that the amount of the victim restitution order was ordered in a civil proceeding[8], and so discharge is appropriate. In support of this proposition, Defendant cites to the non-Ninth Circuit case of *In re Wilson*, 299 B.R. 380, 381 (E.D. Va. 2003). The *Wilson* Court held that where the criminal court order directed debtor to pay restitution based on the amount of plaintiff's loss from Debtor's actions, which

---

[7] *Kassas v. State Bar of Cal.,* 49 F.4th 1158 (9th Cir. 2022).

[8] This Court offers no opinion on the characterization of the proceeding in which the restitution order was awarded as, under the facts and law, as presented here, it is not material.

amount of restitution was ordered by a civil court and not the criminal court itself, it was plainly not payable to or for the benefit of a government, falling outside of the exception. *Id*. at 384.

However, even the *Wilson* Court acknowledged that there was a split of authority on the issue with the "majority of decisions hav[ing] held that criminal restitution orders payable to victims of a debtor's criminal conduct are excepted from discharge under authority of the Supreme Court's ruling in *Kelly v. Robinson*." *Id*. at 382.

The Ninth Circuit appears to take the majority view, which is opposite of *Wilson*. In *Armstrong*, the Ninth Circuit noted that "the fact that the California statute provides that restitution is to be based on the amount of loss claimed by the victim or victims is irrelevant, for such is the nature of restitution." *Armstrong,* 677 F. App'x at 436 (internal quotations and citations omitted). Moreover, "the fact that restitution may be determined by reference to the amount of harm caused by the offender does not alter its penal character." *Id*. (internal quotations and citations omitted). Accordingly, Defendant's reliance on the *Wilson* decision, a non-binding, non-Ninth Circuit decision that contains holdings which directly contradict those contained in Ninth Circuit authority, is not persuasive.

Here, the restitution order was awarded to Plaintiff against Defendant as part of a criminal proceeding pursuant to California Penal Code § 1202.4.[9] In applying

---

[9] California Penal Code §1202.4 provides as follows, in relevant part:

(a) (1) It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime.

(2) Upon a person being convicted of a crime in the State of California, the court shall order the defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464.

(3) The court, in addition to any other penalty provided or imposed under the law, shall order the defendant to pay both of the following:

(A) A restitution fine in accordance with subdivision (b).

(B) Restitution to the victim or victims, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment.

*Armstrong*, it matters not under what subsection the restitution order was awarded. While *Armstrong* is not a published case, the Court finds great value in its factual similarity, and believes it accurately reflects the Ninth Circuit's position as to the issues herein. Thus, the restitution order is nondischargeable under § 523(a)(7).

---

(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.

   (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000). If the person is convicted of a misdemeanor, the fine shall not be less than one hundred fifty dollars ($150) and not more than one thousand dollars ($1,000).

   (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted.

(c) The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b). The court may specify that funds confiscated at the time of the defendant's arrest, except for funds confiscated pursuant to Chapter 8 (commencing with Section 11469) of Division 10 of the Health and Safety Code, be applied to the restitution fine if the funds are not exempt for spousal or child support or subject to any other legal exemption.

(d) In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or the victim's dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include the defendant's future earning capacity. A defendant shall bear the burden of demonstrating the defendant's inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required.

(e) The restitution fine shall not be subject to penalty assessments authorized in Section 1464 or Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code, or the state surcharge authorized in Section 1465.7, and shall be deposited in the Restitution Fund in the State Treasury.

(f) Except as provided in subdivisions (p) and (q), in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution. The court may specify that funds confiscated at the time of the defendant's arrest, except for funds confiscated pursuant to Chapter 8 (commencing with Section 11469) of Division 10 of the Health and Safety Code, be applied to the restitution order if the funds are not exempt for spousal or child support or subject to any other legal exemption.

### III. Conclusion

Finding the arguments contained in Defendant's MSJ and opposition to Plaintiff's MSJ unavailing, and having determined that they are based upon the same material facts and simply argue that a different application of law should be applied to said facts, and for the reasons more fully stated above, the Court finds it appropriate to grant summary judgment in favor of Plaintiff on her §523(a)(7) cause of action. Accordingly, Plaintiff's MSJ is GRANTED and Defendant's MSJ is DENIED.

IT IS SO ORDERED.

###

Date: December 19, 2022

Scott C. Clarkson
United States Bankruptcy Judge