Janine Jasso
P.O. Box 370161
El Paso, TX 79937
E-Mail: j9_jasso@yahoo.com
Plaintiff, IN PRO PER

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In Re: JAMIE LYNN GALLIAN | **CASE NO. 8:21-bk-11710-SC**<br>**Chapter 7**<br><br>**Adversary No. 8:21-ap-01096-SC** |
| JANINE JASSO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited Liability Company, J-Sandcastle Co LLC, a California Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>Defendants. | **PLAINTIFF'S OPPOSITION TO DEBTOR'S MOTION TO DISMISS/MOTION FOR JUDGMENT ON THE PLEADINGS [DK 63]; DECLARATION OF JANINE JASSO IN SUPPORT THEREOF**<br><br>Date: January 10, 2023<br>Time: 1:30PM<br>Location 411 W Fourth St., Santa Ana, CA 92701<br>Courtroom: 5C – Virtual |

Plaintiff, Janine Jasso (the "Plaintiff" and/or "Creditor"), hereby submits her Opposition to Debtor's Motion to Dismiss, but the court said it is considering it a motion for judgment on the pleadings. Plaintiff respectfully requests the court accept Plaintiff's late filing of her opposition due to being very sick for the last two weeks as more fully described in my declaration below.

1

# TABLE OF CONTENTS

**I. PROCEDURAL HISTORY** ................................................................................. 4

    **A. PLAINTIFF RESPECTFULLY REQUESTS THE COURT TO ACCEPT PLAINTIFF' LATE-FILED OPPOSI** .................................................. ......4

**II. JUDGMENT ON THE PLEADINGS IS NOT APPROPRIATE HERE** .................5

    **A. JURISDICTION** ........................................................................... ...5

    **B. DEBTOR DID NOT TIMELY SERVE THE PLAINTIFF**………....................5

    **C. DEBTOR'S MOTION IS UNJUST GIVEN THE AMOUNT OF PLAINTIFF'S DISCOVERY, MOTIONS TWO OF WHICH HAVE BEEN GRANTED AND PARTICIPATION IN STATUS CONFERENCES BASED ON PLAINTIFF'S ADVERSARY COMPLAINT AGAINST DEBTOR** ..................................................6

        1. Debtor's Motion DK 63 Should Be Denied Because She Effectively Waived Her Right to this Motion. ……..……………….………………….……8

        2. Debtor Does Not Cite to the FAC and Cites A Cause of Action Under Section 727(a)(2) That Does Not Exist.………………….……….....................9

        3. Debtor's Cites to Irrelevant Code Sections, Ignores Plaintiff's Cited Case Law and Relies on Court Records After Plaintiff Filed the FAC Which Is Outside the Bounds of the Legal Basis for This Type of Motion……..............................10

**III. CONCLUSION** ...........................................................................................17

1

# TABLE OF AUTHORITIES

2 **CASES**

3  *Bell Atl.  Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ................................................ 7

4  *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011) ............... 7

5  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) ........................................ 7

6  *Curci Investments, LLC v. Baldwin* (2017) 14 Cal.App.5th 214, 221, 221 Cal.Rptr.3d 847) .....10

7
   *Husky International Electronic, Inc. v. Ritz* (2016) 578 U.S. 356, 359, 136 S.Ct. 1581,
8  1586................................................................................... 11, 12

9  *Kelly v. Robinson* (1986) 479 U.S. 36......................................................... 11

10 *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) ........................... 7

11
   *Retz v. Samson (In re Retz)*, 606 F. 3d 1189 (9th Cir. 2010) ........................................ 86
12

13 **STATUTES**

14 11U.S.C. §523(a)(2)(A) ................................................................ 5, 11, 13
   11U.S.C. §727(a)(2) ..................................................................... 9, 13
15 11U.S.C. §727(a)(3) ....................................................................11, 14
   11U.S.C. §727(a)(4) ....................................................................11, 14
16 11U.S.C. §727(a)(5) ....................................................................11, 15

17 28 U.S.C. §157(b) ........................................................................... 5

18 California Civil Code Section 187........................................................... 11

19
20 Cal. Civ. Code § 3439.04. .................................................................. 13

   Cal. Civ. Code § 3439.09. ..................................................................13
21
   Federal Rules of Civil Procedure 12(b) ...................................................... 7
22
23 Fed. R. Civ. P. 12(c) .....................................................................7, 14, 15

24
25
26
27
28

1    **I. PROCEDURAL HISTORY**

2          The Debtor, Jamie Lynn Gallian ("Debtor") filed for Chapter 7 bankruptcy on July 9,

3    2021.  Plaintiff filed this adversary case on October 18, 2021 and the First Amended Complaint

4    ("FAC"), on November 16, 2021, the operative pleading [DK 6].  Debtor timely answered on

5    December 13, 2021 [DK 13], with several admissions. Debtor did not timely file a motion to

6    dismiss.  Debtor did not served Plaintiff with her motion, and Plaintiff had to luckily find the

7    motion on Pacer.  Debtor makes up causes of action in the FAC that do not exist and makes up

8    allegations that do not exist.  This motion which the Court is considering as a motion for judgment

9    on the pleadings, follows the pattern Plaintiff experienced in the state civil, criminal and appellate

10   courts of Debtor's retaliatory litigation tactics known as swatting.  As more fully described below,

11   Plaintiff's FAC satisfies the requirements of its five causes of actions. Since the Court's order for

12   partial summary judgment on Plaintiff's First Claim would not have been possible if the FAC was

13   irrevocably flawed, Plaintiff respectfully requests that the Court deny Debtor's motion.

14

15

16          **A. <u>PLAINTIFF RESPECTFULLY REQUESTS THE COURT TO ACCEPT</u>**

17             **<u>PLAINTIFF' LATE-FILED OPPOSITION</u>**

18          Debtor was required to serve me with written notice of her motion and motion, which she

19   never did.  I received something from the court in December, which did not include any pleadings

20   attached, regarding the Court calendaring Debtor's motion even though I never received any

21   pleadings. I had to find them.  At the time I was sick (and still am). I had to get help from my

22   family to type as I spoke my Motion for Default Judgments to complete those pleadings that I had

23   been working on for weeks.  Due to being sick, I was not on my computer and did not calendar

24   this motion and could not look for Debtor's pleadings.  If I had received the actual motion via

25   service by mail, I would have remembered to calendar it on my phone to give me an alarm, as I am

26   a visual learner. The only reason I found Debtor's motion on December 31, 2023 was due to

27

28

checking on Pacer that the motion I filed yesterday properly went through the bankruptcy court's drop box system, because the court's drop box system for pro per litigants does not give any receipt notification that the pleadings have been received or filed.  Please note, I am honoring and following the request Debtor made that she is served all pleadings by mail.  I understand that Debtor has targeted for me for years, and the police and criminal courts have been trying to protect me from her.  Debtor indicated to this Court in January 2022 status conference that she would comply with serving me by her process server or her attorney, if she engaged one, via mail, to which I agreed to help me feel safe with the court's enforcement of the restraining orders.  Therefore, Plaintiff requests that the Court accept my late filing due to being sick and because I just found this motion today after looking at the court's calendar and seeing it jogged my memory and then I found the pleading on Pacer, because the motion was never served on me. Declaration of Janine Jasso ("Jasso Decl.") ¶¶3-7, attached below.

## II.    JUDGMENT ON THE PLEADINGS IS NOT APPROPRIATE HERE

### A.    <u>JURISDICTION</u>

Jurisdiction of this adversary proceeding is conferred on this Court by 28 U.S.C. §157(b). The FAC is brought pursuant to 11 U.S.C. § 523 and § 727. [DK 6]

### B.    <u>DEBTOR DID NOT TIMELY SERVE THE PLAINTIFF</u>

The Court has held me to the standard of a represented party.  I have done my best to live up to that standard, while working full-time as a non-litigating tax attorney reading tax regulations and performing math calculations, and being a full-time wife for nearly 40 years, a full-time mother and full-time caregiver for my precious husband who has ESRD.   As I have seen the Debtor play expensive and painful litigation games, including improper filings just for the sake of causing legal fees to be incurred in defense of those filings, in multiple civil, criminal, probate, domestic violence and appellate courts, I ask this court to hold her to the same standard.  After a

name search in courthouse computers for the Debtor under her name and aliases, Plaintiff found that Debtor has 25 years of pro per litigation against her targets in Orange, Los Angeles, and San Bernardino County Superior Court (over 20 cases) beginning in 1995.  She has extensive experience in targeting individuals under criminal, civil, probate, family and unlawful detainer cases. She is experienced in bankruptcy court as well.  She is very smart and has a pattern of pro per vexatious litigation.  [Jasso Decl. ¶8].

Based on my years of experience of her vexatious litigation tactics, Debtor provides no notice or improper notice of pleadings, filing pleadings that cannot be followed by copying other's pleadings and attaching documents without references and without law based on fabricated facts that do not exist to litigate anything against her target at any given moment.  [Jasso Decl. ¶9].

After reading this Motion DK 63, Plaintiff believes Debtor had no intention of properly serving or properly pleading these allegations, but instead is using this Court to retaliate against Plaintiff known as swatting by litigation.  Part of that tactic is making sure her target does not get timely notice of motions and makes false allegations against her target.  Plaintiff has never played those games and never will.  I would not have filed a late opposition if I had been timely served by mail of the motion.  Debtor has been claiming she can serve me via email, but that is not true as Plaintiff has never authorized service by email, and in the past Debtor served me by mail which shows that she knew that was the only proper service.  [Jasso Decl. ¶ 10]. Therefore, Debtor's motion should be dismissed since it was not timely served.

C. **DEBTOR'S MOTION IS UNJUST GIVEN THE AMOUNT OF PLAINTIFF'S DISCOVERY, MOTIONS TWO OF WHICH HAVE BEEN GRANTED AND PARTICIPATION IN STATUS CONFERENCES BASED ON PLAINTIFF'S ADVERSARY COMPLAINT AGAINST DEBTOR**

A motion for judgment on the pleadings is identical to a motion to dismiss and the same legal standard applies.  Rule 12(c) of the Federal Rules of Civil Procedure states in pertinent that "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial."  The Ninth Circuit Court of Appeals has stated that a Rule 12(c) motion is "`functionally identical'" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies. *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011). A plaintiff's complaint states sufficient facts to state claims for relief if it contains detailed specific facts.  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).

In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party.  While "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The United States Supreme Court recently stated that, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl.  Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In *Bell Atl. Corp. v. Twombly*, the Court also stated that Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate only when the complaint does not give a defendant fair notice of a legally cognizable claim and the basis on which it rests. *Bell Atl. Corp. v. Twombly* supra at 555.

Plaintiff's FAC contains more than enough facts and related statutes and case law to allow this court to draw a reasonable inference that Debtor's debts owed to Plaintiff are non-dischargeable and that

the Debtor should be denied discharge based on the statutes and case law cited in Plaintiff's FAC. Therefore, the motion for judgment on the pleadings should be denied.

1.  Debtor's Motion DK 63 Should Be Denied Because She Effectively Waived Her Right to this Motion.

Debtor answered Plaintiff's FAC on December 10, 2021. *See* DK 13.  Debtor could have made a timely motion to dismiss before she answered the complaint.  Plaintiff has done months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC and Debtor's defenses listed in her DK 13 Answer, including obtaining Debtor and the Defendant J-PAD, LLC ("JP LLC") and Defendant J-SANDCASTLE CO LLC ("JSC LLC") (collectively "Defendant LLCs") bank, investment, and real property records from multiple government and private companies.  Plaintiff has spent months of time and resources to determine the truth about Debtor's assets, conveyances, including the assets and records related to the Defendant LLCs assets held on behalf of Debtor.  This is after years of Plaintiff trying to discover collectible assets which ended on July 8, 2021 when Debtor refused to sit for her court-ordered debtor's examination, even though the criminal court ordered her as a condition of her probation to abide by all laws.  A bench warrant was issued against the Debtor and Debtor filed this bankruptcy. *See* FAC DK 6 Paragraph 65*, see also* Jasso Decl. ¶ 11].

Plaintiff has participated in multiple status conferences [DK 21, 27, 52] moved the Court for relief from Stay based in part the discovered bank records [Main Bk case 8:21-bk-11710-SC, DK 101, 101-2, 126], and joined the motions of other creditors [Main Bk case 8:21-bk-11710-SC, DK 95].  Plaintiff also moved this court for partial summary judgment regarding the First Cause of Action for Non-dischargeability of a state criminal restitution judgment [DKs 47-50], which was granted on December 13, 2022 with a final order signed December 19, 2022 [DK 84].  Plaintiff moved the court to strike the answers of the Defendant LLCs and enter their defaults, which was

granted on November 2, 2022 [DKs 55-56]. Plaintiff has also moved the court for default judgments to be entered against Defendant LLCs pursuant to the Second-Fifth Causes of Action in Plaintiff's FAC which Plaintiff self-scheduled for January 11, 2023 [DKs 89-90].

Plaintiff has been working hard for months on a significant amount of discovery, which also including approximately $4000 of costs incurred to subpoena out-of-state third-party records, legal research of cases and government records, purchasing and reading multiple depositions and court transcripts of Debtor's testimony, since Plaintiff could not depose the Debtor due to the restraining orders protecting me from the Debtor. [Jasso Decl. ¶12].

Therefore, Debtor's motion should be considered waived because Plaintiff has done months of costly discovery based on Debtor's answers and bankruptcy schedules filed before the FAC was filed. In addition, Plaintiff's proper motions, two of which have been granted and one which is currently filed with the court, have been moving this case forward based on Plaintiff's claims in the FAC. Plaintiff has also prepared for and participated in status conferences. Therefore, Plaintiff requests that this motion be denied on the basis that the motion has been effectively waived, as granting this motion would be unjust and would prejudice the Plaintiff.

2. <u>Debtor Does Not Cite to the FAC and Cites A Cause of Action Under Section 727(a)(2) That Does Not Exist.</u>

As part of her litigation swatting tactic, Debtor cites to Plaintiff's complaint as well as to the FAC to create a sort gaslighting confusion. See DK 63, p.8, line 21, p. 9, lines 3, 6 and 26. Debtor also argues Plaintiff improperly made a cause of action under section 727(a)(2). Debtor made this cause of action up, as there is no 727(a)(2) cause of action. See DK 6. Debtor made this up to make the Court believe something that is false to create confusion, which Plaintiff has experienced many times as Debtor's pattern of litigation swatting tactics. [*See* Jasso Decl. ¶13].

Debtor further claims that Plaintiff tried to create an 'alter-ego' cause of action. *See* DK 63, p. 13, lines 19-28. Nowhere is that true in the FAC. See DK 6. In fact, Plaintiff's FAC Relief #9 and Plaintiff's recent Motion for Default Judgments [DK 89, p. 13, line 5-26] asks the court for an equitable solution as provided under California case law, specifically the reverse veil piercing solution known as the *Curci* doctrine which provides that a court sitting in equity can determine if the debtor is using alter-ego limited liability companies for personal use and which unjustly helped debtor prevent the collection of assets by holding the assets in the LLC. The California case law, *Curci Investments, LLC v. Baldwin* (2017) 14 Cal.App.5th 214 (221 Cal.Rptr.3d 847) provides that the finding of an alter-ego and ordering a reverse veil piercing is an equitable and just solution to add non-debtors as named debtors to a creditor's judgments. Plaintiff is asking for this equitable solution under the FAC #9 relief, not a cause of action. [FAC DK 6, p. 23, Paragraph #9]. Note, Plaintiff's FAC relief included the court setting aside transfers of Debtor's assets through the Defendant LLCs as relief. Since filing this FAC, Plaintiff has been in communication with the Trustee's counsel who explained that this relief may only be available if the Trustee has abandoned claims to such assets. Therefore, when Plaintiff filed the Motion for Default Judgments, Plaintiff notified the Court that Plaintiff is only asking for the Defendant LLCs be added as named debtor's to Plaintiff's civil and criminal judgments for collection of non-bankruptcy estate assets (post-petition assets unrelated to the bankruptcy estate), and that Plaintiff is and will continue to communicate with the Trustee's counsel so that Plaintiff does not run afoul of the Trustee's ownership of bankruptcy estate assets for the duration of the bankruptcy estate. *See* DK 89, p. 13, line 5-26 and DK 90, ¶6.

> 3. <u>Debtor's Cites to Irrelevant Code Sections, Ignores Plaintiff's Cited Case Law and Relies on Court Records After Plaintiff Filed the FAC Which Is Outside the Bounds of the Legal Basis for This Type of Motion</u>

Plaintiff's FAC pleads specific alleged facts related to Debtor's criminal restitution and civil judgments owed to Plaintiff, Debtor's fraudulent conveyance scheme, Debtor's false oaths, Debtor's failure to provide records regarding Debtor's financial condition and business transactions after Debtor was asked in her 341a hearing to provide such records, and Debtor's failure to explain satisfactorily the loss or deficiency of collectible assets, all of which are proper causes of action of an adversary complaint. *See* FAC DK 6.

Plaintiff's FAC pleads specific alleged facts related to Debtor's criminal and civil judgments owed to Plaintiff, for non-dischargeability under a cause of action under Section 523(a)(7) pursuant to the Supreme Court's *Kelly v. Robinson* (1986) 479 U.S. 36, and under Section 523(a)(2)(A) pursuant to the Supreme Court's *Husky International Electronic, Inc. v. Ritz* (2016) 578 U.S. 356, 136 S. Ct. 1581. Plaintiff also pleads specific alleged facts related to the Debtor's actions that meet the elements of Section 727(a)(3), Section 727(a)(4) pursuant to *Retz v. Samson (In re Retz)*, 606 F. 3d 1189 (9th Cir. 2010) and Section 727(a)(5) also pursuant to *Retz v. Samson (In re Retz)*, 606 F. 3d 1189 (9th Cir. 2010) by incorporating the prior pled paragraphs. These paragraphs gave Debtor the legal basis for which Plaintiff's causes of action were pled. There are no cases that state that the FAC must apply the facts alleged in the FAC to every element of a cause of action. However, Plaintiff did incorporate every allegation in the FAC to each cause of action which is permitted so that the Plaintiff did not have to restate every allegation. *See* FAC DK 6, Paragraphs 78, 82, 89, 96 and 109.

Plaintiff pled specific facts, more than other creditor's adversary complaints on these causes of action, many of which Debtor admitted to in her Answer, including FAC DK 6: (1) Paragraph 4 that the FAC was timely filed, and contrary to Debtor's allegation, Plaintiff had a right to make one amendment without a motion; (2) Paragraph 6 that the Court has jurisdiction over this action; (3) Paragraph 13 & 17 regarding Debtor's sublessee ownership interest in the

1  property 4476 Alderport condominium subject to the HOA's CC&Rs; (4) Paragraph 27 & 28

2  regarding Plaintiff's criminal restitution judgment and Debtor's projection of her own fraud on

3  Plaintiff  to confuse the Trustee with false claims that my daughter and I are not her victims and

4  that I had committed a felony; (5) Paragraph 56 regarding Debtor's admission in her Appellant's

5  Opening Brief of her appeal of the HOA's default judgment in excess of $300,000 that she sold

6  the condo to Mr. Nickel rather than pay the judgments she owed; (6) Paragraphs 36, 27 & 87 that

7  Debtor provided documents to the Trustee regarding the receipt of $379,000 in cashier's checks

8  from Mr. Nickel and statements she made in the 341 hearing claiming she returned the funds to

9  Mr. Nickel but did not trace the funds to prove her statements before Plaintiff filed the FAC (and

10  still has not provided the 341a hearing request that Debtor trace the funds). Plaintiff's FAC

11  Paragraph 94, which Debtor admitted in her Answer, alleges that "Debtor appears to be hiding the

12  funds from the cashier's checks in business or personal bank, life insurance or invest accounts

13  since 2018."; (7) Paragraph 39 regarding Debtor and Mr. Nickel's ongoing relationship as

14  evidenced by emails between October 31, 2018 through September 2020 which included seller's

15  disclosure regarding the HOA to Mr. Nickel; (8) Paragraph 42 regarding emails between Mr.

16  Nickel and Debtor after the transfer of the 4476 Alderport condo regarding liens on the condo

17  prior to the sale that still exist; and Plaintiff included allegations that, if true, demonstrate a claim

18  for non-dischargeability and denial of discharge, including but limited to: (9) Paragraphs 29, 30,

19  32, 35, 45, 54, 55, 83-88 are all allegations related to the transfer of Debtor's most substantial

20  asset during ongoing litigation and specifically the day before and two days before Plaintiff's

21  motion for attorney's fees hearing, which was scheduled 3 months earlier, causing Plaintiff to have

22  a lien interest in the property.  Plaintiff cited to the Supreme Court's *Husky International*

23  *Electronic, Inc. v. Ritz* (2016) 578 U.S. 356, 136 S. Ct. 1581, in Paragraph 83 of the FAC,

24  pursuant to which Plaintiff properly alleged actual fraud which under this case includes any

fraudulent conveyance scheme is non-dischargeable under 11 U.S.C. 523(a)(2)(A). See FAC DK 6, Plaintiff's Claim 2, pp. 15-17, and incorporating Paragraphs 1-81 by reference in Paragraph 82. Therefore, Plaintiff's allegations in these paragraphs along with Paragraph 56, in which Debtor admitted that she transferred the condo rather that pay the judgment she owed, shows that Plaintiff's allegations taken as true for purposes of this motion has facial plead the Debtor's fraudulent conveyance scheme which is actual fraud of Section 523(a)(2)(A).  Debtor's argument that there are no false misrepresentation allegations is irrelevant to Plaintiff's actual fraud allegations (DK 63, bottom of page 1) related to the *Husky International* case's expansion of actual fraud under Section 523(a)(2)(A), in which the Supreme Court noted that historically fraud has included fraudulent conveyance schemes that impair a creditor's ability to collect the debt. Id at 1587.  Debtor argues that "Ironically, of all of the few assets that Plaintiff does define as having been sold (i.e. transferred), they occurred beyond the one-year pre-filing period."  (Dk 63, top of page 2, lines 5-8).  Debtor appears to brag that Plaintiff has only a 1 year pre-filing period under Section 523(a)(2)(A).  However, there does not appear to be a 1 year pre-filing time limit under Section 523(a)(2)(A). In addition, a fraudulent conveyance scheme such as a UVTA transfer under California Civil Code §3439.04 and §3439.09 has a 4-year look back period and which Plaintiff alleged several times in the FAC Paragraph 38, 71, 113. Therefore, there are enough allegations in the FAC to give the Debtor notice that taken as true under a 12(c) motion, Debtor has committed actual fraud under the case law defining actual fraud as including a fraudulent conveyance scheme, and in which the Supreme Court made clear that no "false misrepresentation" is necessary in a fraudulent conveyance scheme.

It appears Debtor is citing to a 1 year period that relates to Section 727(a)(2)(A), and Debtor argues that Plaintiff's Claim 3 is based.  Dk 63, pp. 7-9.  However, this is a lie. Plaintiff has no

cause of action under 727(a)(2)(A) in the FAC, and therefore the FAC cannot be dismissed based

on Debtor's fabricated cause of action.  *See* FAC DK 6.

Debtor is further stating that Plaintiff's allegations for relief under Section 727(a)(4) do not

allege facts upon which relief can be granted based on the Debtor filing multiple amended

bankruptcy schedules after the FAC.  DK 63, p. 11, lines 3-9.  However, lines 6-8, Debtor admits

these schedules were filed by Debtor after the FAC was filed.  Debtor claims that Plaintiff's

Complaint  "acknowledged the Defendant's' amendments...and how they cured and remedied

what was accidentally omitted in the initial filing."  Debtor cites FAC ¶98.  However, this is a lie

to the Court, as Plaintiff never pled that her amended schedules up to the date of Plaintiff's FAC

"cured and remedied what was accidentally omitted in the initial filing."  The Court cannot grant

Debtor's motion under Federal Rule 12(c) based on Debtor's lies about statement in the FAC and

based on court records outside of the FAC without converting the motion to a summary judgment

motion, as Plaintiff objects to Debtor's fabricated facts about Plaintiff's allegations in the FAC

and Debtor's (false) claims about Plaintiff's  "acknowledgement" about Debtor's scheduled

information on her 4th-9th bankruptcy amendments  and  "how they cured and remedied what was

accidentally omitted in the initial filing."  [*See* Jasso Decl. ¶ 14].

Debtor (falsely) tells the Court that in Plaintiff' "Third Cause of Action is for Denial of

Defendants' Discharge for False Oath Pursuant to 11 U.S.C. §727(a)(3) . . .yet the Complaint

acknowledged that the Debtor amended her bankruptcy schedules at least nine times, correcting

and remedying what she inadvertently [sic] omitted beforehand." See DK 63, p. 2, lines 9-15.

This is a lie. Plaintiff only acknowledged in FAC DK 6 ¶¶76, 77, that Debtor's Bankruptcy

schedules have changed numerous times.  Debtor knows that I did not allege there were nine

amendments, because there were three amendments when Plaintiff filed the FAC. Further, Debtor

statements shows that Debtor is again claiming in this motion that her 4th-9th amended schedules,

filed after Plaintiff's FAC.  As stated above, the Court cannot grant Debtor's motion under Federal Rule 12(c) based on Debtor's lies about Plaintiff's allegations in the FAC and based on court records outside of the FAC without converting the motion to a summary judgment motion, as Plaintiff objects to Debtor's fabricated facts about Plaintiff's allegations in the FAC and Debtor's (false) claims about Plaintiff's "acknowledgement" about Debtor's scheduled information on her 4th-9th bankruptcy amendments  and "how they cured and remedied what was accidentally omitted in the initial filing." [*See* Jasso Decl. ¶ 15].

Debtor repeats this lie told in the above paragraph about Plaintiff's allegations in the Complaint regarding Plaintiff "Fourth Cause of Action for Denial of Defendants' Discharge for Failure to Explain Losses Under 11 U.S.C. §727(a)(5)".  Dk 63, p. 2, lines 18-24.  First, Plaintiff's cause of action for denial of discharge under Section 727(a)(5) is Plaintiff's Fifth Cause of Action. Plaintiff object to Debtor stating "...yet the Complaint acknowledged that the Debtor amended her bankruptcy schedules at least nine times, correcting and remedying what she inadvertently [sic] omitted beforehand."  *Id.*  [Jasso Decl. ¶ 16]. As stated above, Debtor knows that I did not allege there were nine amendments, because there were three amendments when Plaintiff filed the FAC. Further, Debtor statements shows that Debtor is again claiming in this motion that her 4th-9th amended bankruptcy schedules, filed after Plaintiff's FAC, should be considered as evidence for her motion [See DK 63, p. 13, lines 10-11 for the listed amended schedules after Plaintiff filed the FAC].  Again as stated above, the Court may not consider evidence outside of the FAC allegations for this motion. Further, Plaintiff incorporated all of the alleged specific facts by reference in Paragraph 109, and Plaintiff alleged that Debtor did not account for (1) changing ownership percentages in the Defendant LLCs, (2) payments of Debtor's creditors from business assets, (3) how the Defendant JSC LLC's mobile home asset was transferred to Debtor without paying the judgments owed to the Plaintiff and the HOA prior to the transfer, and (4) Debtor did not

independently account for the money withdrawn from the JSC bank accounts. Plaintiff further alleged that Plaintiff "requires Debtor to explain in detail since the gains and losses in ownership of the LLCs and the deposits and withdrawals from personal and LLC bank, tracing all funds through independently verifiable documents since January 2018. If such explanation is satisfactory, Plaintiff reserves the right to amend this pleading to remove this action." See FAC DK 6, p. 22, ¶¶116-118.

Further, Plaintiff objects to Debtor (falsely) stating that "Plaintiff's Second Cause based on Unit 376, Tract 10542 Unit 4, defendant a bona fide purchaser 11-1-18 for value Compl ¶26 for value of a 2014 Skyline Custom Villa manufactured home under an unexpired 80 yr Ground Leasehold Assignment from seller Lisa Ryan, of approximately 35 years remaining on the unexpired ground lease, pursuant to Health & Safety Code §18551." See DK 63, p. 1, lines 6-9. Plaintiff never made this allegation in the Second Cause or anywhere in the Plaintiff's FAC, the operative pleading. Plaintiff would never make this allegation, because it is not true, as there are no mobile homes in Tract 10542, the Huntington Beach Gables Homeowner's Association condominium complex, as Plaintiff has properly alleged in Paragraph 15 of Plaintiff FAC. *See* FAC DK 6, p. 4, ¶15. Plaintiff objects to these statements, because they are blatantly not true just by reading Plaintiff's FAC. If the Court wants to consider these statements, the motion should be converted into a summary judgment motion. This is another example of the fraud Debtor commits on the Court to create litigation chaos, which Plaintiff has experienced many times in the years of Debtor's out-of-control litigation tactics. [Jasso Decl. ¶ 17].

This is just a small example of how detailed Plaintiff's allegations are in the FAC and were all properly incorporated in each alleged cause of action via the first allegation of each cause of action. See FAC DK 6, ¶¶78, 82, 89, 96 and 109. Plaintiff did this to not have to restate each allegation in each cause of action, which Plaintiff found in many adversary complaints I

1  researched before filing for relief and which show that, if true, are sufficient to deny a motion to

2  dismiss/motion for judgment on the pleadings.  Further, Plaintiff has provided examples in

3  Debtor's motion of blatant falsehoods about allegations Debtor claims Plaintiff made in the FAC

4  which are not true and to which Plaintiff objects.

5  **III. CONCLUSION**

6

7  Based on the foregoing detailed analysis of Debtor's motion, which is based on false statements

8  purportedly alleged in the FAC, false causes of actions purported alleged in the FAC, citations to

9  amended bankruptcy schedules filed by Debtor after Plaintiff filed the FAC, and the real detailed

10  alleged facts in the FAC show that Plaintiff has alleged sufficient facts, when taken as true, plead

11  the five causes of action should not be dismissed.

12

13  Because of the discovery based on Defendant's Answer to the FAC causes of action and

14  filed bankruptcy schedules, the motions that have been granted and my participation in status

15  conference, Plaintiff respectfully requests that Debtor's motion also be denied based on finding

16  that she waived her right by failing to bring this motion before Plaintiff worked so hard this case.

17  In the alternative, if the Court believes that Debtor may be entitled to a motion for

18  judgment on the pleadings, Plaintiff respectfully requests that the Plaintiff's motion for default

19  judgments, scheduled for January 11, 2023,  be reviewed by the Court first so that the Court can

20  see the Plaintiff's discovery of Debtor's asset records submitted to the Court under DK 90, which

21  prove the causes of actions alleged in Plaintiff's  FAC against Debtor and the Defendant LLCs.

22

23  DATED:  December 31, 2022

24

25  Janine Jasso

26  In Pro Per

27

28

17

1    DECLARATION OF JANINE JASSO

2

3    I, JANINE JASSO, declare as follows:

4    1.    I am an individual, over the age of eighteen and the Plaintiff in the above-entitled

5    action.  At all relevant times, I have been a Board member of The Huntington Beach Gables

6    Homeowners Association ("HOA" or "Association").  I have personal knowledge of the facts stated

7    herein and except as to those matters stated upon information and belief, I believe them to be true. I

8    could and would testify to said facts if sworn as a witness in this proceeding.

9

10    2.    I make this declaration ("Declaration") in support of my PLAINTIFF'S

11    OPPOSITION TO DEBTOR'S MOTION TO DISMISS/MOTION FOR JUDGMENT ON THE

12    PLEADINGS [DK 63].

13    3.    I respectfully request the Court accept my late-filed opposition.  Debtor was

14    required to serve me with written notice of her motion and motion, which she never did.  I

15    received something from the court in December, which did not include any pleadings attached,

16    regarding the Court calendaring Debtor's motion even though I never received any pleadings. I

17    had to find them, but at the time I was sick (and still am). My family and I all got sick with fever

18    and flu symptoms, including fever and coughing to the point where I was vomiting. I have been

19    sick for more than two weeks. We have not celebrated the holidays or done anything.

20    4.    I had to get help from my family to type as I spoke my Motion for Default

21    Judgments to complete the mtion for default judgment pleadings that I had been working on for

22    weeks.  Due to being sick, I was not on my computer, did not calendar this motion and could not

23    have looked for Debtor's pleadings on Pacer until I got back on the computer again yesterday.

24    5.    If I had received the actual motion via service by mail, I would have remembered to

25    calendar it on my phone to give me an alarm, as I am a visual learner. The only reason I found

26    Debtor's motion was due to checking on Pacer yesterday evening that the motion I filed Friday

27

28

18

properly went through the bankruptcy court's drop box system, because the court's drop box system for pro per litigants does not give any receipt notification that the pleadings have been received or filed. When I saw the calendar and that there was motion scheduled for January 10, 2023, I searched for the information on the court's calendar and then found the pleading on Pacer and bought it and downloaded it. I then immediately got to work on this Opposition as quickly as I could with the help of cold medicine and a family member.

6.      Please note, I am honoring and following the request Debtor made that she is served all notices by mail and had one of my family members serve the Defendants properly by mail and serve a Judge's copy by overnight mail as well.  I understand that Debtor has targeted me and my family for years and the police and criminal courts have been trying to protect us.  Debtor indicated to this Court in January 2022 status conference that she would comply with serving me by her process server or her attorney, if she engaged one, via mail, to which I agreed to help me feel safe and have the courts enforce the restraining orders.

7.      Therefore, I respectfully request that the Court accept my late filing due to being sick and because I just found this motion today on Pacer, because the motion was never served on me.

8.      The Court has held me to the standard of a represented party.  I have done my best to live up to that standard, while working full-time as a non-litigating tax attorney reading tax regulations and performing math calculations, and being a full-time wife for nearly 40 years, a full-time mother and full-time caregiver for my precious husband who has ESRD.   As I have seen the Debtor play expensive and painful litigation games, including improper filings just for the sake of causing legal fees to be incurred in defense of those filings, in multiple civil, criminal, probate, domestic violence and appellate courts, I ask this court to hold her to the same standard.  After a name search in courthouse computers for the Debtor under her name and aliases, Plaintiff found that Debtor has 25 years of pro per litigation against her targets in Orange, Los Angeles, and San

19

Bernardino County Superior Court (over 20 cases) beginning in 1995.  She has extensive

experience in targeting individuals under criminal, civil, probate, family and unlawful detainer

cases. She is experienced in bankruptcy court as well.  She is very smart and has a pattern of pro

per vexatious litigation.

9.      Based on my years of experience of her vexatious litigation tactics, Debtor provides

no notice or improper notice of pleadings, filing pleadings that cannot be followed by copying

other's pleadings and attaching documents without references and without law based on fabricated

facts that do not exist to litigate anything against her target at any given moment.  [Jasso Decl. ¶

10.      After reading this Motion DK 63, I believes Debtor had no intention of properly

serving or properly pleading these allegations, but instead is using this Court to retaliate against

me known as swatting by litigation.  Part of that tactic is making sure her target does not get

timely notice of motions and makes false allegations against her target.  I have never played those

games and never will.  I would not have filed a late opposition if I had been timely served by mail

of the motion.  Debtor has been claiming she can serve me via email, but that is not true as

Plaintiff has never authorized service by email, and in the past Debtor served me by mail which

shows that she knew that was the only proper service.  Therefore, I believe Debtor's motion

should be dismissed since it was not timely served.

11.      I have done months of discovery for this case based on Debtor's bankruptcy

schedules prior to the filing of the FAC and Debtor's defenses listed in her DK 13 Answer,

including obtaining Debtor and the Defendant J-PAD, LLC ("JP LLC") and Defendant J-

SANDCASTLE CO LLC ("JSC LLC") (collectively "Defendant LLCs") bank, investment, and

real property records from multiple government and private companies.  I have spent months of

time and resources to determine the truth about Debtor's assets, conveyances, including the assets

and records related to the Defendant LLCs assets held on behalf of Debtor.  This is after years of I

tried to discover collectible assets which ended on July 8, 2021 when Debtor refused to sit for her court-ordered debtor's examination, even though the criminal court ordered her as a condition of her probation to abide by all laws.  A bench warrant was issued against the Debtor and Debtor filed this bankruptcy.

12.    I have been working hard for months on a significant amount of discovery, which also including approximately $4000 of costs incurred to subpoena out-of-state third-party records, legal research of cases and government records, purchasing and reading multiple depositions and court transcripts of Debtor's testimony, since Plaintiff could not depose the Debtor due to the restraining orders protecting me from the Debtor.

13.    Debtor also argues I improperly made a cause of action under section 727(a)(2). Debtor made this cause of action up, as there is no section 727(a)(2) cause of action. See DK 6. Debtor made this up to make the Court believe something that is false to create confusion, which Plaintiff has experienced many times as Debtor's pattern of litigation swatting tactics.

14.    I have never pled that Debtor's amended schedules up to the date of Plaintiff's FAC "cured and remedied what was accidentally omitted in the initial filing."  The Court cannot grant Debtor's motion under Federal Rule 12(c) based on Debtor's lies about my statements in the FAC and based on court records outside of the FAC without converting the motion to a summary judgment motion, as I object to Debtor's fabricated facts about my allegations in the FAC and Debtor's (false) claims about my  "acknowledgement" about Debtor's scheduled information on her 4th-9th bankruptcy amendments  and  "how they cured and remedied what was accidentally omitted in the initial filing."

15.    Debtor knows that I did not allege there were nine amendments, because there were three amendments when Plaintiff filed the FAC. Further, Debtor statements shows that Debtor is again claiming in this motion that her 4th-9th amended schedules, filed after my FAC.  As stated above, the Court cannot grant Debtor's motion under Federal Rule 12(c) based on Debtor's lies about Plaintiff's allegations in the FAC and based on court records outside of the FAC without converting the motion to a summary judgment motion, as I object to Debtor's fabricated facts

about Plaintiff's allegations in the FAC and Debtor's (false) claims about Plaintiff's

"acknowledgement" about Debtor's scheduled information on her 4th-9th bankruptcy amendments

and "how they cured and remedied what was accidentally omitted in the initial filing."

16.    My cause of action for denial of discharge under Section 727(a)(5) is Plaintiff's

Fifth Cause of Action. Plaintiff object to Debtor stating "...yet the Complaint acknowledged that

the Debtor amended her bankruptcy schedules at least nine times, correcting and remedying what

she inadvertently [sic] omitted beforehand."

17.    I object to Debtor (falsely) stating that "Plaintiff's Second Cause based on Unit

376, Tract 10542 Unit 4, defendant a bona fide purchaser 11-1-18 for value Compl ¶26 for value

of a 2014 Skyline Custom Villa manufactured home under an unexpired 80 yr Ground Leasehold

Assignment from seller Lisa Ryan, of approximately 35 years remaining on the unexpired ground

lease, pursuant to Health & Safety Code §18551." See DK 63, p. 1, lines 6-9. Plaintiff never made

this allegation in the Second Cause or anywhere in the Plaintiff's FAC, the operative pleading.

Plaintiff would never make this allegation, because it is not true, as there are no mobile homes in

Tract 10542, the Huntington Beach Gables Homeowner's Association condominium complex, as

Plaintiff has properly alleged in Paragraph 15 of Plaintiff FAC. *See* FAC DK 6, p. 4, ¶15. I object

to these statements, because they are blatantly not true just by reading Plaintiff's FAC. If the

Court wants to consider these statements, the motion should be converted into a summary

judgment motion. This is another example of the fraud Debtor commits on the Court to create

litigation chaos, which Plaintiff has experienced many times in the years of Debtor's out-of-

control litigation tactics.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true

and correct.

Executed on December 31, 2022, at El Paso, Texas.

Janine Jasso

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
7101 N. Mesa, Ste 355
El Paso, TX 79912

A true and correct copy of the foregoing document entitled (*specify*):  **Plaintiff's Opposition to Debtor's Motion to Dismiss/Motion for Judgment on the Pleading [DK 63]; Declaration of Janine Jasso in Support Thereof**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___1/1/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See NEF for confirmation of electronic transmission to the U.S. trustee, any trustee in this case, and to any attorneys who received service by NEF.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _1/1/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR AND DEFENDANT
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SPC 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___1/1/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Document Delivery to Court Suspended General Order 21-05

Courtesy Copy via email: Aaron De Leest, Esq., adeleest@danninggill.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01-01-2023 | David Jasso | _(signature)_ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.