JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
(714)321-3449
jamiegallian@gmail.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>    JAMIE LYNN GALLIAN<br><br>           Debtor,<br><br>JANINE JASSO<br><br>           Plaintiff,<br><br>    vs.<br><br>JAMIE LYNN GALLIAN<br><br>           Defendant | CASE NO. 8:21-bk-11710-SC<br>Adv. 8:21-ap-01096-SC<br>Chapter 7<br><br>DEFENDANTS' REPLY AND OPPOSITION TO PLAINTIFF'S UNTIMELY RESPONSE (ECF 91) TO MOTION TO DISMISS, (ECF. 63)<br><br>Date:   January 10, 2023<br>Time:  1:00 p.m.<br>Dept:   5C Via Zoom.Gov<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITES STATES**

**BANKRUPTCY JUDGE,** PLAINTIFF, JANINE JASSO, THE OFFICE OF THE

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL

PARTIES IN INTEREST.

JAMIE LYNN GALLIAN hereby opposes ECF 91.  Debtor has not received

Plaintiff's Opposition as declared in the Proof of Service ECF 91 at page 23 of 23.

Debtor downloaded ECF 91 from PACER.  It appears a family member of

Plaintiff, David Jasso, completed the Proof of Service declared on 1/01/2023.

Notedly, F 9013-3.1. PROOF.SERVICE Section 1 states TO BE SERVED

BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF).  However, no

list of persons to be served via the NEF system is attached to the pleading or Proof

of Service.

Second, the Chapter 7 Trustee, Jeffrey Golden was not listed, therefore not

served.

Third, it appears after reading Ms. Jasso's Declaration, she declares under

penalty of perjury, and as an Officer of the Court, SBN 170188, she was not served

the pleading by Robert McLelland.

Mr. McLelland has provided copies from his email account OC Services

(bobwentflying@yahoo.com) for the proposition Ms. Jasso was electronically

served with success on the dates stated on the f 9013-3.1Proof.Service filed with

Debtors Motion to Dismiss. ECF 63.

-2-

Additionally, in reviewing the Docket 8:21-ap-01096, ECF 91 appears noted on the Docket with a date of January 1, 2023, (New Year's Day, a Court holiday) but entered January 3, 2023.

## MEMORANDUM POINTS & AUTHORITIES

BACKGROUND

On July 9, 2021, Defendant initiated the underlying bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. In re JAMIE LYNN GALLIAN No. 8:21-bk-11710-SC, (ECF. 1).

On Schedule E/F to her bankruptcy petition Defendant listed Plaintiff as one of six creditor(s) in addition to The Huntington Beach Gables Homeowners Association all claiming some interest in the same (1) nonpriority unsecured claim of $ 46,138.00.  Debtor listed Plaintiff as follows: "Janine Jasso, c/o Huntington Beach Gables Homeowners Association No. 8:21-bk-11710-SC, ECF 1 at 26 (internal paginations, Schedule E/F at 3/11, creditor 4.6).  On the same day, July 9, 2021, Defendant also filed a Verification of Master Mailing List of Creditors [LBR 1007-1(d)], certifying that the master mailing list of creditors filed in the bankruptcy case was complete, correct, and consistent with the Defendant's schedules. No. 8:21-bk-11710-SC, ECF 1 at 56. Debtor listed Plaintiff Janine Jasso P.O. Box 370161 El Paso, TX 79937.

On July 9, 2021, the court filed and entered an Official Form 309A, "Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline," ECF. 7 which stated in bold "This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully." No. 8:21-bk-11710-SC, ECF. 7 at 3/5.

The Official Form 309A, Notice of Chapter 7 Bankruptcy Case, also stated that "Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice, (See line 9 for more information.)[.]" Id. Line 6 of Official Form 309A, Notice of Chapter 7 Bankruptcy Case, listed the address, operating hours and contact phone number for the Bankruptcy Court Clerk's office with an explanation that "Documents in this case may be filed at this address." Id. at 4. Line 7 of the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, under the heading "Meeting of Creditors," stated the date of the meeting of creditors in bold: "August 18, 2021 at 9:00 a.m." Id. Line 9 of the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, under the heading "Deadlines," stated in bold: "File by the deadline to object to discharge or to challenge whether certain debts are dischargeable: ... Filing deadline: 10/18/21." Id.[1] Thus, the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, stated that the 11 U.S.C. § 341(a) Meeting of Creditors was scheduled for August 18, 2021, and objections for discharge had to be filed no later than October 18, 2021. Id. (emphasis added).

On July 9, 2021, the court filed and entered the Master Mailing List of Creditors on the case docket, and included therein was: "Janine Jasso, c/o Gordon Rees Skully & Masukhani, 633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071-2005; Janine Jasso P.O. Box 370161, TX 79937-0161 No. 8:21-bk-11710-SC, ECF 7 (listing 36 total creditors).

On July 11, 2021, the Bankruptcy Noticing Center filed and entered its Certificate of Notice, ECF 7, attesting that the Official Form 309A, Notice of

Chapter 7 Bankruptcy Case, ECF 15, was served on all creditors, including Janine Jasso. ECF 7 at 1.

According to the Certificate of Notice, the Bankruptcy Noticing Center served the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, ECF 7, on "Janine Jasso, P.O. Box 370161, TX 79937-0161" and a second address "Janine Jasso c/o Gordon Rees Skully & Masukhani, 633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 " both by first class mail on July 11, 2021. Id.

On October 18, 2021, Plaintiff filed her "Complaint for Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 And 727 of the Bankruptcy Code." ECF 1 (the "Complaint"). The face of the Complaint indicated that Plaintiff was filing it as "Plaintiff, In Pro Per" Id.  The Complaint was filed un-signed, without an original wet signature. Plaintiff dated the Complaint October 18, 2021. Id. at 14.  The face of the complaint is stamped FILED, Clerk U.S. Bankruptcy Court Central District of California BY: (No initials were noted) by Deputy Clerk.

A Proof of Service F 901303.1.PROOF.SERVICE was attached to the Complaint, Id 91.  The Proof of Service contained the address of party over the age of 18 and not a party to this bankruptcy case or adversary proceeding as 3250 Fairesta Street, La Crescenta, CA 90214.

Section 2 of F 9013-3.1.Proof .Service, states: On (date) 10/18/2021, I served the following persons and/or entities at the last known address in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and

addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. Hon. Erithe A. Smith United States Bankruptcy Court Central District of California Ronald Reagan Federal Building 411 West Fourth Street, Suite 5040/Courtroom 5A, Santa Ana, CA 92701-4593.

The debtor is not listed on the Proof of Service of Document. ECF 91. Request Judicial Notice.   An Adversary Proceeding Cover Sheet is attached 1of 2. However, the Cover Sheet is not signed nor dated by Plaintiff, and Page 2 of the Cover Sheet is not attached.  Request Judicial Notice.

On October 19, 2021, Plaintiff filed an "Original signature page to Complaint and Adv. Cover Sheet"; (Attachments: # 1 Original Signature Page to Adv Cover Sheet. (Entered: 10/19/2021)  ECF 3

The identical 10/18/2021 Proof of Service F 901303.1.PROOF. SERVICE was attached to the 10/19/2021 ECF 3, Complaint, Id 91.  The Proof of Service contained the address of party over the age of 18 and not a party to this bankruptcy case or adversary proceeding as 3250 Fairesta Street, La Crescenta, CA 90214.

Section 2 of F 9013-3.1.Proof.Service states: On (date) 10/18/2021, I served the following persons and/or entities at the last known address in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith United States Bankruptcy Court Central District of California

Ronald Reagan Federal Building 411 West Fourth Street, Suite 5040/Courtroom

5A, Santa Ana, CA 92701-4593.

Again, as noted above the debtor again is not listed on the Proof of Service

of Document. ECF 3. An Adversary Proceeding Cover Sheet attached 1of 2 filed

10/19/2021, ECF 3-1.

The "Title Page" of Plaintiff's Adversary Complaint, ECF 1 and ECF 3,

indicate JANINE JASSO, an individual, Plaintiff v. JAMIE LYNN GALLIAN, an

individual; and DOES 1 through 100, inclusive, Defendants.


Plaintiff's Adversary Complaint, ECF 1 and ECF 3, Title Page, indicate JANINE

JASSO, an individual, Plaintiff v. JAMIE LYNN GALLIAN, an individual; and

DOES 1 through 100, inclusive, Defendants.

The following list is as stated in ECF 1 and ECF 3:

Plaintiff  First Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES

1 Through 100)

Plaintiff  Second Cause of Action…..(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100)

Plaintiff  Third Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES

1 Through 100)

Plaintiff  Fourth Cause of Action…..(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100).

On October 26, 2021, Defendant's Answer to Complaint. ECF 4.

On October 27, 2021, Defendant refiled her Answer to Complaint with

Affirmative Defenses. ECF 5.

Debtor requests the Court take judicial notice of an Officer of the Court, Janine Jasso perjured statements on ECF 91, page 8, Line 6-7. "Debtor answered Plaintiff's FAC on December 10, 2021. See DK 13" "Debtor could have made a timely motion to dismiss before she answered the complaint." "Plaintiff has done months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC and Debtor's defenses listed in her DK 13 Answer, including obtaining Debtor and the Defendant J-PAD, LLC ("JP LLC") and Defendant J-SANDCASTLE CO LLC ("JSC LLC") (collectively "Defendant LLCs") bank, investment, and real property records from multiple government and private companies."

Debtor just has one question for Plaintiff…Then why if you did "months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC" does the FAC not contain one Cause of Action against J-Pad LLC or J-Sandcastle Co LLC????????????? And it has to be said, why would Plaintiff file 1691 pages. All Debtor can say again is, "A complaint with the State Bar of California is forthcoming."

On November 16, 2021, Plaintiff filed her "First Amended Complaint For Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 And 727 of the Bankruptcy Code." ECF 6-1 (the "FAC Complaint"). The face of the Complaint indicated that Plaintiff was filing it as "Plaintiff . In Pro Per" Id.

The "Title Page" Plaintiff's First Amended Complaint, ECF 6, reads as

JANINE JASSO, an individual, Plaintiff

v.

JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited

Liability Company, J-Sandcastle Co LLC, A California Limited Liability

Company, and DOES 1 through 100, inclusive, Defendants.

Plaintiff's First Amended Complaint ECF 6:

Plaintiff  First Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES

1 Through 100)

Plaintiff  Second Cause of Action…..(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100)

Plaintiff  Third Cause of Action…......(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100)

Plaintiff  Fourth Cause of Action…..(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100).

There are [NO] Causes of Action asserted against J-Pad, LLC or J-Sandcastle Co

LLC in the Operative Complaint filed without Leave of Court. ECF 6

On September 20, 2022. Plaintiff filed Notice of Motion and Motion

To Strike Answers Filed Defendants J-Pad, LLC, And J-Sandcastle Co LLC;

Memorandum Of Points And Authorities In Support Thereof.  ECF 40

On October 25, 2022, the Court held a hearing on Ms. Jasso's MOT to Strike

the Answer(s) of J-Pad, LLC and J-Sandcastle Co LLC completed and filed by

JAMIE LYNN GALLIAN, the Debtor

-9-

Debtor believed she was required to file an Answer.  The Chapter 7 was filed on behalf of Jamie Lynn Gallian.  Neither J-Pad, LLC nor J-Sandcastle Co LLC have filed for bankruptcy.

Debtor was unaware of the hearing of October 25, 2022, therefore was not in attendance.  More interestingly Plaintiff, Janine Jasso, the Moving party did not appear at the hearing October 25, 2022.  Ms. Jasso's Motion to Strike J-Pad LLC and J-Sandcastle Co LLC Answer(s) was noted by the Court as [Unopposed]. Debtor has never been absent during any Court hearing in debtor's Chapter 7, in the almost 20 months this Chapter 7 case has continued on.  Debtor was in complete shock after reviewing the Courts Tentative Ruling Calendar October 25, 2022, and realize she was absent.

On November 2, 2022, Order Granting (Janine Jasso) Plaintiff's Motion To Strike The Answers Of Defendant's J-Pad And J-Sandcastle Co LLC And Entry of Default.  IT IS ORDERED: The Motion is Granted.  The Answers Filed By Defendant J-Pad Are Stricken From The Record (Docket 16 And 17).  The Answers Filed By Defendant J-Sandcastle Co LLC Are Stricken From The Record (Docket Nos. )14, 15, And 18.

In Accordance With These Orders, The Court Further Orders The Clerk To Enter The Default of Defendant, J-Pad, LLC And Enter The Default Of Defendant, J-Sandcastle Co. LLC.  (BNC-PDF) Related Doc 40.

On the Debtor's mind this evening…Plaintiff asserted [NO] Causes of Action against J-Pad LLC and J-Sandcastle Co LLC in Plaintiff's First Amended Complaint ECF 6, filed without obtaining leave of court; and also an FAC that does not relate back to ECF 1 and/or ECF 3 and added new Defendants no less.

-10-

However, on November 8, 2022, Defendant filed her "Motion for Dismissal of Adversarial Proceedings Filed by Plaintiff Janine Jasso against Debtor Jamie Lynn Gallian." ECF 63.  According to the proof of service of the Motion, Robert McLelland, served a copy of the Motion upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on November 8, 2022. ECF 64.

On November 9, 2022, Notice of Motion For: Motion To Dismiss Adversary Complaint:  1. Determine Dischargeability of Civil Attorney Fees Debt Separate and Aside Of Fees/Fine Pursuant To Section 523(A)(7); Argument Presented In Concurrent MSJ For Dismissal Of 1st Cause Of Action Section 523(a)(7); 2. To Determine Nondischargeability Of Debt Pursuant To 11 U.S.C. Section 523(a)(2)(A);  3.  For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(3);  4. For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(4);  5.  For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(5).  According to the Proof of Service of the Motion, Robert McLelland, served a copy of the Motion upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on November 9, 2022. ECF 68.

On December 2, 2022, the Court on its own Motion, Order Continuing Hearing On Motion To Dismiss.  IT IS ORDERED.  The Hearing On Debtor's Motion To Dismiss Complaint filed November 8, 2022, (Docket 63) Is Hereby CONTINUED TO JANUARY 10, 2023, AT 1:30 P.M. In Courtroom 5C.  Any Response Is Due 14 Days Prior To The Hearing.  Replies are Due 7 Days Prior To The Hearing.  (BNC-PDF). Signed on 12/2/2022. On December 4, 2022, Defendant received by email at jamiegallian@gmail.com, BNC Certificate of Notice – PDF Document. (RE: related document(s) 79 Order.  Immediately after becoming aware of the BNC Certificate of Notice, Ms. Gallian decided to error on the side of caution because of uncertainty of not knowing whether it was Debtor's

-11-

responsibility to give Notice of the Continued Hearing on her Motion to Dismiss ECF 63, attached the BNC Order ECF 79, to Notice Of Motion For: (1) Motion To Dismiss Adversary Complaint (Doc 63), Filed 11/8/2022 (2) Order Filed & Entered Dec. 2, 2022 Continuing Hearing On Motion To Dismiss Is Attached for The Convenience Of The Court And The Parties.  According to the Proof of Service of the Motion, Robert McLelland, served a copy upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on December 4, 2022. ECF 82, 83.

Plaintiff was Ordered on December 2, 2022, through the BNC Certificate of Notice-PDF ECF 80, stating "Any Response is Due14 days Prior To The Hearing", (which was December 27, 2022), and was the deadline for Plaintiff to file and serve any written opposition to the Motion pursuant to Local Bankruptcy Rule 9013-1(f)(1).  Debtor's Reply is due 7 days prior to the hearing.

As reflected on the case docket for this adversary proceeding, Plaintiff did not file a written opposition to the Motion by this date.  Debtor has not had the appropriate time to respond to a myriad of excuses Plaintiff presents belied by the fact Plaintiff filed 5 Documents, (ECF 89, ECF 90, ECF 91, ECF 94, ECF 95 consisting of 1,691 pages.

Plaintiff self-reported and admitted in her Response ECF 91, page 4, Line 19-20, to having knowledge of Debtor's Motion to Dismiss in early December and admitted to receiving BNC Certificate of Notice – PDF (mailed to the address in the Master Listing, 7/11/2021, BNC Certificate of Notice, ECF 7, Plaintiff's P.O. Box).

"I received something from the court [sic] in December, which did not include any pleadings attached, regarding the Court calendaring Debtor's motion……." ECF 91 page 4 at Line 19-20,

Additionally, on December 4, 2022, Debtor prepared a corrected Notice of Hearing with the new date 1/10/23. Mr. Robert McLelland electronically served Plaintiff, Janine Jasso j9_jasso@yahoo.com on December 5, 2022. ECF 82

Federal Rule of Bankruptcy Procedure 4007(c) provides that a complaint to determine dischargeability of debt under 11 U.S.C. § 523(a) "shall be filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] § 341(a) ... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Since the first date set for the meeting of creditors under 11 U.S.C. § 341(a) as stated in the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, was August 18, 2021, and the Official Form 309A, Notice of Chapter 7 Bankruptcy Case was served on all creditors, including Plaintiff, the 60-day deadline to challenge whether certain debts are dischargeable was October 18, 2022. ECF 7 See, Federal Rule of Bankruptcy Procedure 4007(c). This filing deadline, October 18, 2021, was also expressly stated in the Official Form 309A, Notice of Chapter 7 Bankruptcy Case. ECF 7. Plaintiff did not file the Complaint until October 19, 2021, which was after the deadline without an extension. "[W]hen a creditor seeks to extend the 60-day window to file a nondischargeability complaint, the creditor must file a motion before the deadline passes and show cause why the extension is necessary." Willms v. Sanderson, 723 F.3d 1094, 1100 (9th Cir. 2013) (citing Federal Rule of Bankruptcy Procedure 9006(b)(3) and noting that the deadline for filing a nondischargeability complaint may be extended only to the extent and under the conditions stated in Federal Rule of Bankruptcy Procedure 4007(c)). The Federal Rules of Bankruptcy Procedure "afford [a

-13-

bankruptcy court] no discretion to extend retroactively the deadline set in [Federal Rule of Bankruptcy Procedure] 4007(c) for filing nondischargeability complaints." Anwar v. Johnson, 720 F.3d 1183, 1185-1186 (9th Cir. 2013) (an attorney's computer problems did not excuse his late filing of two dischargeability complaints by 26 and 38 minutes).

Therefore, under the Federal Rules of Bankruptcy Procedure, Plaintiff was required to either file a nondischargeability complaint or a motion to extend the deadline to file such a complaint, for cause, within 60 days of the 11 U.S.C. § 341(a) meeting of creditors, i.e. by October 18, 2021. Plaintiff did not file the Complaint or a motion to extend the deadline by October 18, 2021, and therefore, the Complaint is time-barred.

In Willms v. Sanderson, the Ninth Circuit stated that "Ninth Circuit law strictly construes Rule 4007(c) and courts cannot extend its time limit implicitly where no such motion is made." 723 F.3d at 1100 (alterations and citations omitted). The strict application of Rule 4007(c) is "necessary due to the need for certainty in determining which claims are and are not discharged." Id. (citation omitted). The Ninth Circuit has "repeatedly held that the sixty-day time limit for filing nondischargeability complaints under [§ 523(a)] is strict and, without qualification, cannot be extended unless a motion is made before the 60-day limit expires." Anwar v. Johnson, 720 F.3d at 1187 (citations and internal quotation marks omitted).

The evidentiary record described herein indicates that Plaintiff was aware of the deadline to file a complaint to determine dischargeability of debt that Defendant owes to him because: (1) the Official Form 309A, Notice of Chapter 7 Bankruptcy Case notified creditors of the filing deadline and was served on Plaintiff on July

-14-

11, 2021 as indicated by the Bankruptcy Noticing Center certificate of notice, ECF 7, which gave him notice of the deadline of over 90 days, more than the minimum 30 day notice required by Federal Rule of Bankruptcy Procedure 4007(c); (2) Plaintiff was preparing to file the Complaint on the last day of the filing period under Federal Rule of Bankruptcy Procedure 4007(c) on October18, 2021, however Plaintiff did not sign the complaint with a wet signature; (3) If Plaintiff lives in El Paso Texas as self-reported to this Court, did Ms. Jasso, sign the Complaint and file the Complaint on October 19, 2021 in the Clerk's Office; (4) In Ms. Jasso's attempt to file the Complaint on time on October 18, 2021, the Complaint was filed at the Clerk window without a wet signature was ineffective; and (5) Ms. Jasso's last attempt to file the Complaint on October 19, 2021 was effective, but beyond the sixty-day filing deadline.

None of these facts can be disputed by Plaintiff.

Ms. Jasso's attempt to file the Complaint with the Bankruptcy Clerk window on time was ineffective because an unsigned complaint without a wet signature is not a proper filing a complaint. Under Federal Rule of Bankruptcy Procedure 5005(a), complaints and other papers required to be filed under the Federal Rules of Bankruptcy Procedure "shall be filed with the clerk in the district where the case under the [Bankruptcy] Code is pending." Because Defendant's bankruptcy case was pending in the Central District of California, Plaintiff was required to file the Complaint with the Clerk of the Bankruptcy Court in the Central District of California. The Local Bankruptcy Rules for the Central District of California mandate the electronic filing with the Clerk of "all documents submitted in any case or proceeding," on the Bankruptcy Court's Case Management/Electronic Case Filing ("CM/ECF") System unless the filing includes confidential court records or

the filing party is a pro se litigant [or] an "attorney who files documents in fewer

than 5 bankruptcy cases or adversary proceedings in a single calendar year[.]"

Local Bankruptcy Rule 5005-4 and Section 3.1 of the Court Manual for the

United States Bankruptcy Court, Central District of California (the "Court

Manual"). As stated in the Court Manual, "Case Management/Electronic Case

Filing (CM/ECF) is a case management system that allows [attorneys] to

electronically file petitions and other documents via the internet." Court Manual, §

3.1(a). Generally, [only] attorneys admitted to practice in the Central District of

California, currently in good standing, are eligible to use the CM/ECF system and

file documents with the Bankruptcy Court electronically, and the attorneys must be

registered with CM/ECF, must have completed online training on the CM/ECF

system and prove competence on the system to use it and file documents with the

court electronically. Court Manual, § 3.2(a), (b) and (c).


In this case, Plaintiff, a California Licensed Attorney in good standing,

eligible to file documents with the Bankruptcy Court electronically on the court's

CM/ECF system, although not required to file her Complaint electronically, as Ms.

Jasso  filed the Adversary Complaint "in pro se".  However, since the inception of

Debtor's Chapter 7 case, the only address ever provided [by] Ms. Janine Jasso is a

P.O. Box in El Paso, Texas.  All complaints and pleadings in this Chapter 7 filed

by Plaintiff, Janine Jasso, Esq. list a P.O. Box 370161 El Paso, TX 79937.

Pursuant to Local Bankruptcy Rule 1071-1(c), "Documents filed non-

electronically, other than a petition, must be filed only in the divisional office of

the clerk to which the relevant case or proceeding has been assigned.

However, the clerk may, by special waiver or upon the order of the court, accept documents in any office of the clerk irrespective of division." Further, a "document delivered for filing to the clerk will be accepted if accompanied by any required fee and signature[...]." Local Bankruptcy Rule 5005-1.

Section 3.11 of the Court Manual is nearly identical to Local Bankruptcy Rule 5005-4 and repeats the exceptions to mandatory electronic filing. Court Manual, § 3.11 at 3-18 and 3-19. Moreover, the Court Manual states that if, for example, the court is unable to accept electronic filings for any reason, "the option of filing documents manually at the filing window always remains available and should be utilized whenever it is essential that a particular document be filed by a particular date." Id., § 3.12 at 3-19.  For pro se litigants, after application and approval, the court provides an Electronic Drop Box ("EBD").

The court's local rules and the Court Manual thus provide that the filing of a complaint or other document with the Clerk of the Bankruptcy Court is to be done electronically if the filer is required to file electronically, and if the filer [is not] required to file electronically, the filer is to file the complaint or other document manually at the filing window of the Clerk's Office.

Accordingly, Ms. Jasso's Unsigned Complaint ECF 1, presented without a wet signature, was unauthorized and ineffective, and her second filing of the Complaint at the filing window, (ECF. 3) on October 19, 2021 which was purportedly executed with Ms. Janine Jasso's wet signature and effective, was late.

The time limit of <u>Federal Rule of Bankruptcy Procedure 4007(c)</u> is strictly enforced and cannot be extended once the deadline has passed, which happened

here as the Complaint was filed late, without any request for extension of time filed before the deadline.

CONCLUSION

Plaintiff's Complaint was not filed within the time period required under Federal Rule of Bankruptcy Procedure 4007(c) and is therefore time-barred.

Defendant's respectfully request the Motion To Dismiss the Complaint and the Adversary Proceeding be granted and the Complaint and the adversary proceeding be dismissed with prejudice. Anwar v. Johnson, 720 F.3d at 1189 (affirming the bankruptcy court's dismissal of the dischargeability complaint with prejudice for filing the complaint late under Federal Rule of Bankruptcy Procedure 4007(c)).

Debtor in addition, requests the Court to consider any other Orders fair and just.

I declare under penalty of perjury, the foregoing to be true and correct. Signed this 5th day of January, 2023, at Huntington Beach, California.

Dated:    1/5/2023                    Respectfully submitted,


*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN
Defendant, IN PRO PER

FOOTNOTES

[1]  The form also notes that "You must file a complaint: ... if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6)." Id.

-18-

# EXHIBITS

1.  November 8, 2022   ECF  63
2.  November 9, 2022   ECF  68
3.  December 5, 2022    ECF  83



**From:** **OC Services** bobwentflying@yahoo.com
**Subject:** ELECTRONIC SERVICE MOTION TO DISMISS ADVERSARY COMPLAINT.
**Date:** November 8, 2022 at 9:21 AM
**To:** Janine Jasso j9_jasso@yahoo.com
**Cc:** OC Services bobwentflying@yahoo.com, Jamie Gallian jlgallian@icloud.com



FINAL 11.7.22
GALLIA...pdf.pdf



**From:** **OC Services** bobwentflying@yahoo.com
**Subject:** ELECTRONIC SERVICE MOTION TO DISMISS 12/13/2022
**Date:** November 9, 2022 at 12:41 PM
**To:** Janine Jasso j9_jasso@yahoo.com
**Cc:** OC Services bobwentflying@yahoo.com, Jamie Gallian jlgallian@icloud.com



POS 22-01096
ADV N...ISS.pdf



**From:** **OC Services** bobwentflying@yahoo.com
**Subject:** Electronic Service Notice of Continued Hearing DOC 63
**Date:** December 5, 2022 at 12:45 AM
**To:** Janine Jasso j9_jasso@yahoo.com
**Cc:** OC Courts Email Admin apps@occourts.org



NOT OF
CONTI...pdf.pdf

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 SKYLAB ROAD HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*):  DEFENDANTS' REPLY AND OPPOSITION TO PL
UNTIMELY RESPONSE (ECF 91)TO MOTION TO DISMISS (ECF 63)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/05/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/06/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
JANINE JASSO, ESQ.
EMAIL ADDRESS: J9_JASSO@YAHOO.COM

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

01/06/2023    ROBERT MCLELLAND                    *Robert McLelland*
*Date*         *Printed Name*                        *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

**1.** **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)        lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF   claims@recoverycorp.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**