JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
(714)321-3449
jamiegallian@gmail.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re:

    JAMIE LYNN GALLIAN

            Debtor,

JANINE JASSO

            Plaintiff,

    vs.

JAMIE LYNN GALLIAN

            Defendant

|   |
|---|
| ) |

CASE NO. 8:21-bk-11710-SC
Adv. 8:21-ap-01096-SC
Chapter 7

DEFENDANTS' REQUEST FOR
ORAL ARGUMENT ON THE
COURTS TENTATIVE RULING
POSTED 1/6/2023 RE DEBTOR'S
MOTION TO DISMISS, (ECF. 63)

Date:   January 10, 2023
Time:  1:00 p.m.
Dept:  5C Via Zoom.Gov
411 W. Fourth Street
Santa Ana, CA 92701

**TO THE HONORABLE SCOTT C. CLARKSON, UNITES STATES**

**BANKRUPTCY JUDGE,** PLAINTIFF, JANINE JASSO, THE OFFICE OF THE

UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL

PARTIES IN INTEREST.

JAMIE LYNN GALLIAN hereby respectfully request Oral Argument on

January 10, 2023, concerning the Courts Tentative Ruling posted January 6, 2023,

4:49:45 PM regarding the following issues.

> Page 77- "The Court has received and reviewed Defendant's reply filed 1/6/23 [Dk. 96], ***and notes that it raises new arguments regarding FRBP 4007 that were not raised in Defendant's motion to dismiss in the first instance.*** Pursuant to LBR 9013-1(g)(4), [n]ew arguments or matters raised for the first time in reply documents will not be considered. Moreover, Defendant admitted that the complaint was timely in her answer filed 12/17/21 [Dk. 18; paragraph 4].

Defendant's Motion To Dismiss ECF 63 is attached for the Courts Convenience and Reference.  Specifically, Debtor will raise at Oral Argument, draw the Court's attention to Debtor's Notice of Motion page ii, Line 10-12, giving notice of debtor's objection to Complaint Doc -3 filed after the time to object to discharge under 4007, therefore was ineffective and late.

Additionally under MEMORANDUM OF POINTS & AUTHORITIES, again ECF 63 is attached for the Courts Convenience and Reference.
Specifically, Debtor will raise at Oral Argument, draw the Court's attention to Memorandum Of Points & Authorities, page iv, Line 16-27, giving notice of debtor's objection to Complaint ECF 1, ECF 3,& ECF FAC 16 filed after the time to object to discharge under 4007, therefore was ineffective and late.

Debtor's Reply to Plaintiff's Response, ECF 96, thoroughly expounded on this Argument citing legal authority and case law, concerning the issue first raised in the Motion to Dismiss ECF 63; defects appearing on the face of each Complaint, ECF 1, ECF 3, and ECF 16 and in the Court's Docket.

I declare under penalty of perjuty the foregoing to be true and correct.  Signed this 9th day of January, 2023, at Huntington Beach, CA 92649

Dated:  1/09/23

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN, Defendant

2

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Tuesday, January 10, 2023**                                                          **Hearing Room    5C**

---

<u>1:30 PM</u>
**8:21-11710    Jamie Lynn Gallian**                                                              **Chapter 7**
Adv#: 8:21-01096       Jasso v. Gallian et al

**#36.00**
CONT'D Hearing RE: Motion To Dismiss Complaint:
1.  Determine Dischargeability Of Civil Attorney Fees Debt Separate And Aside
Of Fees/Fine Pursuant To Section 523(A)(7); Argument Presented In Concurrent
MSJ For Dismissal Of 1st Cause Of Action Section 523(a)(7);
2.  To Determine Nondischargeability Of Debt Pursuant To 11 U.S.C. Section
523(a)(2)(A);
3. For Denial Of Discharge Pursuant To 11 U.S.C. Section 727(a)(3);
4. For Denial Of Discharge Pursuant To 11 U.S.C. Section 727(a)(4); 5. For
Denial Of Discharge Pursuant To 11 U.S.C. Section 727(a)(5).
(Motion filed 11/8/2022)

FR:  12-13-22

Docket      63

**Tentative Ruling:**

Tentative for 1/10/23 is to DENY in part and GRANT in part.

Defendant's motion seeks dismissal under FRCP 12(b)(6) as to all causes of
action. As previously noted by this Court's order continuing the hearing [Dk.
79], a Rule 12(b)(6) motion is untimely where, as here, a defendant answered
the complaint prior to bringing a motion to dismiss. Accordingly, the Court will
treat the motion as one seeking relief under FRCP 12(c). *Daimler Ag v. A Z
Wheels LLC,* No. 16-CV-875-JLS (MDD), 2017 U.S. Dist. LEXIS 231381, at *
4-5 (S.D. Cal. Nov. 27, 2017).

"Analysis under Rule 12(c) is substantially identical to analysis under Rule
12(b)(6) because, under both rules, a court must determine whether the facts
alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."
*Id*. (citing *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)
(internal quotation marks and citation omitted)).

The Amended Complaint filed 11/16/21 [Dk. 6] asserts the following five

# United States Bankruptcy Court
# Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, January 10, 2023**                                    **Hearing Room    5C**

---

<u>1:30 PM</u>
**CONT...    Jamie Lynn Gallian**                                        **Chapter 7**

causes of action:

    1)  Denial of Discharge of Debtor's Criminal Restitution Judgment pursuant to §523(a)(7) (debt owed to government)

    2)  Denial of Discharge of Debtor's Second Civil Judgment pursuant to §523(a)(2)(A) (actual fraud)

    3)  Denial of Discharge pursuant to §727(a)(3) (failure to keep records)

    4)  Denial of Discharge pursuant to §727(a)(4) (false oaths)

    5)  Denial of Discharge pursuant to §727(a)(5) (failure to explain loss of assets)

Having reviewed the Amended Complaint, and construing the facts in the Amended Complaint as true, the Court is inclined to DENY the motion as to the §523(a)(7) cause of action. First and foremost, the first cause of action has been appropriately pled. Moreover, summary judgment has already been awarded in Plaintiff's favor as to this cause of action. See Order entered 12/19/22, Dk. 84.

As to the remaining causes of action, the Court is inclined to GRANT the motion to dismiss with leave to amend, for the following reasons:

    1)  As to §523(a)(2)(A) cause of action, the Amended Complaint does not adequately address the reliance and damage elements.

       11 U.S.C. §523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, or renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or insider's financial condition." To state a claim for relief as to this cause of action, facts must be alleged as to satisfy each of the following elements: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, January 10, 2023**                                    **Hearing Room        5C**

---

<u>1:30 PM</u>
**CONT...**      **Jamie Lynn Gallian**                                              **Chapter 7**

deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

2) As to §727(a)(3) claim, the Amended Complaint is vague as to whether and from whom Debtor concealed information regarding her financial condition and/or business transactions.

3) As to both the §727(a)(4) and (5) claims, it is unclear whether the purported false oaths and losses were detailed sufficiently in subsequent amendments to Debtor's schedules (as argued by Defendant).

The Court has received and reviewed Defendant's reply filed 1/6/23 [Dk. 96], and notes that it raises new arguments regarding FRBP 4007 that were not raised in Defendant's motion to dismiss in the first instance. Pursuant to LBR 9013-1(g)(4), "[n]ew arguments or matters raised for the first time in reply documents will not be considered." Moreover, Defendant admitted that the complaint was timely in her answer filed 12/17/21 [Dk. 18; paragraph 4].

Virtual appearances are required. The courtroom will be locked; parties will not be permitted to appear in the courtroom. The hearing will take place using Zoom for Government, a free service that provides audioconference and videoconference capabilities.

Participants may connect to the videoconference through an Internet browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:        https://cacb.zoomgov.com/j/1608061028

Meeting ID:                         160 806 1028

Password:                            475657

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, January 10, 2023**                              **Hearing Room        5C**

---

<u>1:30 PM</u>
**CONT...     Jamie Lynn Gallian**                                          **Chapter 7**

If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the following audio conference information:

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:                160 806 1028

Password:                  475657

For further details, please consult the instructions on the Court's website https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Please note that default matters may be called prior to the videoconference, so there may be a slight delay to the official start time of the videoconference hearing.

As noted in the Court's Zoom Video Hearing Guide, located at https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited from making any recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

| Party Information |
|---|

**<u>Debtor(s):</u>**

    Jamie Lynn Gallian                      Pro Se

**<u>Defendant(s):</u>**

    Jamie Lynn Gallian                      Pro Se

    J-Pad, LLC                             Pro Se

    J-Sandcastle Co LLC                    Pro Se

**<u>Movant(s):</u>**

    Jamie Lynn Gallian                      Pro Se

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

**Tuesday, January 10, 2023**                                              **Hearing Room          5C**

<u>1:30 PM</u>
**CONT...        Jamie Lynn Gallian**                                                    **Chapter 7**

    **Plaintiff(s):**

      Janine  Jasso                          Pro Se

    **Trustee(s):**

      Jeffrey I Golden (TR)                  Represented By
                                        Aaron E. DE Leest
                                        Eric P Israel

1 JAMIE LYNN GALLIAN
  16222 Monterey Ln. #376
2 Huntington Beach, CA 92649
  Telephone (714) 321-3449
3 jamiegallian@gmail.com

4 Debtor, Defendant, IN PRO PER

5       UNITED STATES BANKRUPTCY COURT

6     CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA  DIVISION

7

8           Case No. 8:21-BK-11710-SC

9           Adv. 8:21-ap-01096-SC

10 In re         Before the *Honorable  Scott C. Clarkson*
              **NOTICE OF AND MOTION TO DISMISS**
11 JAMIE LYNN GALLIAN    **COMPLAINT:**
              **1. TO DETERMINE DISCHARGEABILITY OF**
12    Debtor      **CIVIL ATTORNEY FEES DEBT SEPARATE**
              **AND ASIDE OF FEES/FINE PURSUANT TO**
13 _____ **§523(A)(7);**
              **ARGUMENT PRESENTED IN concurrent MSJ FOR**
14 JANINE JASSO, ESQ.    **DISMISSAL OF 1ST CAUSE OF ACTION §523(a)(7)**
  an individual
15          **2.  TO DETERMINE NONDISCHARGEABILITY**
              **OF DEBT PURSUANT TO 11 U.S.C. SECTION**
16    Plaintiff     **523(a)(2)(A);**
  vs.
17          **3.  FOR DENIAL OF DISCHARGE**
              **PURSUANT TO 11 U.S.C. SECTION 727(a)(3);**
18 JAMIE LYNN GALLIAN    **4.  FOR DENIAL OF DISCHARGE PURSUANT**
              **TO 11 U.S.C. SECTION 727(a)(4);**
19    Defendant    **5.  FOR DENIAL OF DISCHARGE PURSUANT**
              **TO 11 U.S.C. SECTION 727(a)(5).**
20

21          [F.R.C.P. §§9(b), 12(b)(6); F.R.B.P. §§7009, 7012

22          Date: 11-15-2022
            Time: 1:30pm
23          Courtroom 5C ZoomGov
            Location: 411 W. Fourth Street, Santa Ana, CA 92701
24

25

26 **TO PLAINTIFF JANINE JASSO, ESQ :**

27 **PLEASE TAKE NOTICE** that on 11-15-2022 at 1:30 PM in the Courtroom of the

28 Honorable Scott C. Clarkson, United States Bankruptcy Judge, Courtroom 5C located at the

8

United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and Courthouse, located at 411 West Fourth Street, Suite 5060, Santa Ana, CA 92701-4593, Debtor and Defendant **JAMIE LYNN GALLIAN** ("Defendant") moves for an order dismissing the *Adversary Complaint*:

*1.  To Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Section §523(a)(7);*

*2.  To Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Section §523(a)(2)(A);*

*3.  For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(3);*

*4.  For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(4)*

*5.  For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(5);*

("Original Complaint") filed 10-18-2021 Doc-1 [unsigned] herein by Plaintiff  JANINE JASSO, ESQ. ("Plaintiff"). A second complaint was filed 10-19-2021, Doc-3; a FAC was filed 11-16-2021, Doc-6, was without leave of court.  The FAC added new causes of action and facts unrelated to the "original [unsigned] complaint" Doc-1.  Doc -3 was filed after the time to object to discharge 4007.

The *Motion to Dismiss* will be based on this Notice, on the attached Memorandum of Points and Authorities, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the *Motion*.

Defendant brings this *Motion to Dismiss* pursuant to F.R.C.P. §§9(b), 12(b)(6), and F.R.B.P. § 7009, 7012, on the grounds that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Complaint fails to meet even the minimal elements of 11 U.S.C. §523(a)(2) and § 727(a). Plaintiff attempts to allege causes of action by providing an excessive listing of vague, redundant, and ultimately confusing assertions of fact (many of which only marginally qualify as facts), then, failing to apply those assertions to the elements of any given cause of action, makes only sweeping conclusory declarations of Defendant's liability. As a result, the pleading defies a basis for drawing any reasonable inference that Defendant is responsible for the misconduct alleged, let alone any of the injuries or damages which Plaintiff claims to have suffered. It is not the responsibility of Defendant, and certainly not the responsibility of the Court, to decipher the relevant facts from the referenced narrative in order to construct Plaintiff's claims for relief.

1    Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this Motion must

2  be stated in writing, filed with the Clerk of the Court and served on Defendant at the

3  address located in the upper left hand corner no later than fourteen days prior to the

4  hearing. Failure to so state, file and serve any opposition may result in the Court failing to cons

5  ider the same.

6

7

8  DATED:        November 7, 2022          Respectfully submitted,

9

10  *Jamie Lynn Gallian*
   _____
11  JAMIE LYNN GALLIAN
   Debtor and Defendant,
12  In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

10

# TABLE OF CONTENTS

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .-1-

    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    PLAINTIFF'S  COMPLAINT  IS  PROPERLY DISMISSED  PURSUANT  TO  F.R.C.P.

        §§  9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012 . . . . . . . . . . . . . . . . .

        PLAINTIFF'S 1ST CAUSE OF ACTION UNDER§ 523.7(a)(7) IS

            PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . .

        PLAINTIFF'S 2nd CAUSE OF ACTION FOR FRAUD UNDER 11 U.S.C.

            § 523(a)(2)(A)   IS PROPERLY DISMISSED . . . . . . . . . . . . . .-4-

        PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C.§727(a)(3)  IS

            PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . .  -9-

        PLAINTIFF'S 4TH CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(4)  IS

            PROPERLY DISMISSED  . . . . . . . . . . . . . . . . . . . . . . . . -12-

        PLAINTIFF'S 5TH CAUSE OF ACTION UNDER 11 U.S.C.  §727(a)(5) IS

            PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . -13-

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

1

# TABLE OF AUTHORITIES

2

**CASES**

3    *Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) . . . . . . . . . . . . . .  -10-

4    *AHCOM, Ltd. v. Smeding,*, 2010 WL 4117736, 2010 DJDAR 16125, Case No. 09-16020 (9th Cir.
Oct. 21, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -13-

5    *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

6    *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v.*

7    *Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

8    *Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526
(1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

9    *Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

10   *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . . .  -4-

11   *Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006) . . . . . . . . . . . . . . .  -10-

12   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

13   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

14   *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957) . . . . . . . . . . . . . . . . . . . . . . .  -4-

15   *De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

16   *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-

17   *Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004) . . . . . .  -10-

18   *Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) . . . . . . . . . . . . . . . . .  -4-

19   *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997) . . . . . . . . . . . .  -10-

20   *In re Actrade Financial Technologies Ltd.*, 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005) . . . . . .  -5-

21   *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-

22   *In re BFP*, 974 F.2d 1144 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -7-

23   *In re Cohen*, 300 F.3d 1097 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -7-

24   *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1331 n.2 (9th Cir. 1985) . . . . . . . . . . . . . . .  -7-

25   *In re Dawley*, 312 B.R. at 787 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-

26   *In re Fravel*, 143 Bankr. 1001 (Bankr. E.D.Va.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-

27   *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-

28

*In re Jacobs*, 403 B.R. 565, 574 (Bankr. N.D. Ill. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Kanaley*, 241 B.R. 795, 803 (Bankr. S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*In re Schwartz & Meyers*, 130 Bankr. 416 (Bankr. S.D.N.Y.1991) . . . . . . . . . . . . . . . . . . . . -5-

*In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*In re Zimmerman*, 320 B.R. at 806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006) . . . . . . . . . . -10-

*N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . -3-

*Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Parnes et al. v. Parnes(In re Parnes)*, 200 B.R. 710, 715(Bankr. N.D. Ga. 1996) . . . . . . . . . . -12-

*Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) . . . . . . . . . . . . . . . . -3-

*Schafer v. Las Vegas Hilton Corp. (In re Video Depot)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Swicegood*, 924 F.2d at 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

**STATUTES**

11 U.S.C.  §727(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C.  §727(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

11 U.S.C. § 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C. § 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -7-

11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C. § 727(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

11 U.S.C. §523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

11 U.S.C. §523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Civil Procedure Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

Federal Rules of Civil Procedure, rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Section 548(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

## 1.    MEMORANDUM OF POINTS & AUTHORITIES

### a.    BACKGROUND

On 07/09/2021, the Debtor commenced this voluntary Chapter 7 bankruptcy.

On 10/18/2021, Plaintiff commenced this Adversary Complaint. 8:21-ap-01096,  filing an [unsigned] Complaint with the Clerk of the Court. Doc-1.

On 10/19/2021, Plaintiff filed a second complaint after 4:00pm, with the Clerk of the court.  Plaintiff failed to serve debtor, in pro per, with the second 10-19-2021 "signed copy" of the complaint. Doc 3

On November 16, 2021 Plaintiff filed a First Amended Adversary Complaint, ("FAC") added and expanding causes of actions and adding facts, not relating back to the original [unsigned] complaint filed 10-18-2021. Doc-1, subsequently re-filed on October 19, 2021. Doc-3 Plaintiff, a licensed California Attorney, failed to file a Notice of and Motion to \Amend Adversary Complaint Doc-3 and obtain leave of court and/or the courts permission to file a late adversary complaint broadening the causes of actions not relating or appearing in the original unsigned complaint Doc-1. Moreover, Plaintiff, Janine B. Jasso, Esq. is a Member of the California State Bar, SBN 170188 and has come into this court with unclean hands, mislead the court on several points of fact in the original complaint and the First Amended Complaint.

The Third Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)(3);  The Fourth  Cause of Action is for Denial of Defendants' Discharge for False Oath Pursuant to 11 U.S.C. §727(a)(4)(A);  The Fifth Cause of Action  is for Denial of Defendants' Discharge for Failure to Explain Losses Under 11 U.S.C. §727(a)(5).

Plaintiff's Second Cause based in part on Unit 376, Tract 10542 Unit 4, defendant a bona fide purchaser 11-1-18, Compl ¶ 26 for value of a 2014 Skyline Custom Villa manufactured home under an unexpired 80 yr Ground Leasehold Assignment from seller Lisa Ryan, of approximately 35 years remaining on the unexpired ground lease,  pursuant to Health & Safety Code §18551. Seller Lisa Ryan, obtained the use of Lot 376 in 2006. The Ground Space, Lot 376, under the 2014 Skyline Custom Villa installed by permit from the Department of Housing nd Community Development in 9-2014,  purchased by defendant 11-1-2018, based upon on an allegation, Compl ¶52, FAC ¶84 that Defendant engaged in an fraudulent scheme to place her most substantial asset,  the  condominium Unit 53  located at 4476 Alderport, also in Tract 10542, out of reach of Plaintiff, who, as an individual Board member, was in the process of obtaining an attorney's fees award in excess of $40,000.00, for successfully defending Debtor's civil cross-claims. Plaintiff, alleges debtor conducted her personal affairs through her personal account and business bank account held under the name of J-Sandcastle Co LLC, her sole member, alter ego company, J-Sandcastle Co, LLC., (the "Alter Ego Company") in an effort to shield herself from  collection from judgments that that were not even entered until 2019.  Plaintiff, a Board Member and former attorney for The  Huntington  Beach  Gables  Homeowners Association,  whom obtained a $3,070.00 judgment against Debtor on September 27, 2018, and none against J-Sandcastle Co LLC or J-Pad, LLC. (FAC ¶ 45). This claim is properly dismissed as Plaintiff is not the Chapter 7 Trustee and therefore lacks the standing to raise a claim under 11 U.S.C. § 548.

While the Plaintiff claims: "Plaintiff was in the process of obtaining an attorney fees award from defending against a cross claim" the basic elements of 11 U.S.C. §523(a)(2)(A) are nowhere to be found in the Complaint, violating the requirements of Federal Rule of Civil Procedure 9(b), made applicable to bankruptcy by Federal Rule of  Bankruptcy Procedure 7009. The Complaint does  not identify: (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was reasonable, and (7) that damage proximately resulted from the misrepresentation.

15

Plaintiff's Second Cause of Action is for Denial of Defendants' Discharge Pursuant to 11

U.S.C. §727(a)(2)(A) ) is based on an allegation that: " Defendant engaged in an ongoing

scheme to avoid, delay, hinder and defraud Plaintiff and her creditors, who had obtained

judgments against her by concealing and transferring property, that was rightfully hers, to her

Alter Ego Companies to prevent her creditors from collecting on their debts. (Complaint ¶ 42).

The Complaint is silent as to what specific assets were transferred to Alter Ego Companies -

and the dates of said alleged transfers - to prevent her creditors from collecting on a judgment of

$319,000.00 that didn't enter until May 2019. Ironically, of the few assets that Plaintiff does

define as having been sold (ie., transferred), they occurred **beyond** the one-year pre-filing period.

Plaintiff's Third  Cause of Action is for Denial of Defendants' Discharge for False Oath

Pursuant to 11 U.S.C. §727(a)(3)  is based on an allegation that the Defendant omitted assets in her

bankruptcy, and failed to disclose said assets in her 341(a) examination - yet the

Complaint acknowledged that the Debtor amended her bankruptcy schedules at least nine

times, correcting and remedying what she inavertently omitted beforehand. The Complaint

cites no facts that this was more than an innocent and inadvertent oversight, and no facts were

cited in the Complaint that this was a knowingly and fraudulently made false oath.

Plaintiff's Fourth Cause of Action is for Denial of Defendants' Discharge for Failure to

Explain Losses Under 11 U.S.C. §727(a)(5) is based on an allegation that the Defendant failed to

explain any loss of assets or deficiency of assets to meet the debtor's liabilities - yet the Complaint

acknowledged that the Debtor amended her bankruptcy schedules nine times, correcting,

explaining, and remedying what she inadvertently omitted beforehand. The Complaint cites no

facts of any asset that remains unaccounted for - since the amendments, all were accounted

for and explained. And since at this point in time, it is still "before the determination of a denial of

discharge" Defendant has successfully explained all of her previous errors by virtue of her nine

amendments filed solely In Pro Per.

Plaintiff's Fifth Cause of Action is for Alter Ego - which is not a valid cause of action

under 11 U.S.C. §523(a) and/or 11 U.S.C.  §727(a). It's not even a valid cause of action under

California law.

Accordingly, the task has fallen upon Defendant to bring the instant *Motion to Dismiss*, for

failure to state a claim upon which relief can be granted pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating by reference, Rule 12(b)(6) of the Federal Rules of Civil Procedure in order to demonstrate that Plaintiff's pleading is filled with superfluous matter, alleging vague unspecified conduct, damages, and events which are so remote in time as to be time-barred and allegations which are mere conclusions.

b. **ARGUMENT**

A complaint must allege sufficient factual matter, which if accepted as true would "state a claim to relief that is plausible on its face." _Ashcroft v. Iqbal_, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference that the defendant is liable for misconduct. Id. The complaint must state a claim for relief that is plausible in order to survive a motion to dismiss. _Ashcroft v. Iqbal_, 129 S. Ct. at 1950. A dismissal without leave to amend should not be granted unless "the complaint could not be saved by any amendment." _Polich v. Burlington Northern, Inc._, 942 F.2d 1467, 1472 (9th Cir. 1991) (citation omitted).

Federal Rules of Civil Procedure, Rule 12(b)(6) provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted ... .

Courts have increasingly recognized that under appropriate circumstances these motions are useful and even necessary tools for disposing of insupportable claims. Thus, while the Court, in deciding a motion to dismiss, must accept as true all material allegations of a complaint and construe them in the light most favorable to the plaintiff. _N.L. Industries, Inc. v. Kaplan_, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" _Ashcroft v. Iqbal_, 129 S.Ct. 1937, 1949 (2009) (quoting _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (_Ibid_.) In other words, the relevant

17

question for purposes of a motion to dismiss for failure to state a claim is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft*, *supra*, 129 S.Ct. at 1959. However, the Court need not accept conclusory allegations, unwarranted deductions or unreasonable inferences. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981). Nor need a court assume that Plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983). As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 7012, is similar to the common law general demurrer in that it tests the legal sufficiency of the claim or claims stated in the Plaintiff's unsigned complaint Doc 1 and First Amended Complaint Doc 6, without leave of court to amend. A court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978).

Therefore, a Rule 12(b)(6) dismissal motion is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). If a critical threshold element is missing from the Plaintiff's Complaint, a motion to dismiss under Rule 12(b)(6) must be granted. This is precisely the problem with Plaintiff's Unsigned Complaint and First Amended Complaint - alleged facts are not stated with the requisite specificity.

      i.    **PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P. §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012**

      (1)    **PLAINTIFF'S 2nd CAUSE OF ACTION FOR FRAUD UNDER 11 U.S.C. §523(A)(2)(A) IS PROPERLY DISMISSED**

The holding in *In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) provides:

The elements of a claim for fraudulent misrepresentation under section 523(a)(2)(A)

18

are: (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was reasonable, and (7) that damage proximately resulted from the misrepresentation.

To support a 11 U.S.C. §523(a)(2)(A) action, Plaintiff must establish that Defendant made a false representation with respect to existing and ascertainable facts. *In re Fravel*, 143 Bankr. 1001 (Bankr. E.D.Va.1992); *In re Schwartz & Meyers*, 130 Bankr. 416 (Bankr. S.D.N.Y.1991).

Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part that "A discharge under this title does not discharge an individual debtor from any debt or money, property, services, or an extension, renewal or refinancing of credit to the extent obtained by false pretenses, or false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." A claim under this "fraud" exception requires that the claim satisfy the heightened pleading requirements for fraud pursuant to Fed. R. Civ. P. 9(b). See *In re Jacobs*, 403 B.R. 565, 574 (Bankr. N.D. Ill. 2009)(citations omitted), as well as *In re Kanaley*, 241 B.R. 795, 803 (Bankr. S.D.N.Y. 1991).

Federal Rule of Civil Procedure Rule 9(b) and Federal Rule of Bankruptcy Procedure 7009 states "In alleging fraud, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." While intent or knowledge may be averred generally, however, the plaintiff must still plead the events claimed to give rise to an inference of intent or knowledge *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987), which may be accomplished by pleading facts consistent with certain well established "badges of fraud." *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2004). In addition to providing a defendant with fair notice of the claim, Rule 9(b) serves the purpose of protecting a defendant from harm to his or her reputation or good-will by unfounded allegations of fraud, and by reducing the number of strike suits. *In re Actrade Financial Technologies Ltd.*, 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005).

Those three terms, as used in section 523(a)(2)(A), embody different concepts in Congress' use of the disjunctive, or evidence an intent to deny a discharge under any such term." The term "false pretenses" is defined as conscious, deceptive or misleading conduct, calculated to obtain or deprive

1   another of property. It includes an implied misrepresentation or conduct intended to create a false

2   impression. The term "false representation" requires that the plaintiff present proof that the defendant

3   (1) made a false or misleading statement, (2) with the intent to deceive, and (3) to cause the plaintiff

4   to turn over money or property to the defendant. The term "actual fraud" requires proof of the five

5   fingers of fraud, or five elements of fraud, which are (1) a misrepresentation, (2) fraudulent intent or

6   scienter, (3) intent to induce reliance, (4) justifiable reliance, and (5) damage. A reckless

7   representation or silence regarding a material fact may in some cases constitute the requisite falsity,

8   and in certain cases a causal link, as opposed to actual reliance, may establish the creditor's injury.

9   Although the statute could conceivably be read as providing that one's debt may not be subject to the

10  discharge if one merely benefits from someone else's fraud, in keeping with the Congressional purpose

11  behind section 523 that is not the approach taken by the courts. The case law requires fraudulent

12  conduct, false pretenses, or false representations on the part of the particular debtor in question, either

13  directly or by imputation.

14          Nothing in the Plaintiffs' complaint would satisfy Federal Rule of Civil Procedure Rule 8 and

15  Federal Rule of Bankruptcy Procedure 7008, let alone FRCP 9(b), as to whether a claim has been

16  alleged under Bankruptcy Code section 523(a)(2)(A) for fraud, false pretenses or

17  misrepresentation. The (Complaint ¶ 52) laments: "Debtor engaged in a fraudulent scheme to

18  place her most substantial asset, the condominium located at 4476 Alderport, Unit 53, out of reach

19  of Plaintiff, who, as an individual Board Member, was in the process of obtaining an attorney's fees

20  award in excess of $40,000.00 for successfully defending Debtor's civil cross claims" but clearly

21  no misrepresentation by Defendant has been alleged here, or any intent on her part to induce

22  reliance thereon. It not only does not plead sufficient "badges of fraud" as to Defendant, it also

23  does not plead any facts, as opposed to conclusions, describing her fraud. Without more, therefore,

24  the complaint's claim under section 523(a)(2)(A) of the Bankruptcy Code is properly dismissed.

25          Further, Plaintiff's Second Cause of Action for Money Obtained by False Pretenses and

26  Actual Fraud Pursuant to 11 U.S.C. §523(a)(2)(A) is based on an allegation that Defendant, in her

27  operation of her various businesses including JP and JSC, operated these business as her alter ego

28  since October 18, 2018,  (the "Alter Ego Companies") in an effort to shield herself from personal

    liabilty while at the same time using funds of these business for personal purpose.(Complaint ¶ 57).

This claim is properly dismissed as Plaintiff is not the Chapter 7 Trustee and therefore lacks the standing to raise a claim under 11 U.S.C. § 548.

11 U.S.C. § 548 gives the "***trustee*** the ability to avoid any transfer of interest of the debtor in property, or any obligation incurred by the debtor that was made or incurred within one year before the date of the filing of the petition". "A trustee may set aside a transfer of an interest of the debtor if the debtor made the transfer ..."*In re Cohen*, 300 F.3d 1097 (9th Cir. 2002). The court continued "A trustee's right to recover differs dramatically depending on which section is applicable" See also *Schafer v. Las Vegas Hilton Corp. (In re Video Depot)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997. "Section 548(a)(2) of the Bankruptcy Code sets forth the avoiding powers of a **bankruptcy trustee** as they relate to fraudulent transfers of a debtor's interest in property." (Emphasis added) *In re BFP*, 974 F.2d 1144 (9th Cir.1992).

11 U.S.C. § 544 like Section 547 also vests power in the Trustee for the benefit of the estate. Like section 547 it specifically states rights for the trustee it clearly states "The **trustee** shall have... the rights and powers of avoidance of any transfer of property of the debtor or any obligation incurred by the debtor..." (Emphasis added).

"Section 544 of the Bankruptcy Code, the "strong-arm clause," grants a trustee in bankruptcy "the rights and powers of a hypothetical creditor who obtained a judicial lien on all of the property in the estate at the date the petition in bankruptcy was filed." *In re Commercial W. Fin. Corp.,* 761 F.2d 1329, 1331 n.2 (9th Cir. 1985) (citing 11 U.S.C.&sect; 544(a)(1)). "One of these powers is the ability to take priority over, or `avoid' security interests that are unperfected under applicable state law . . . ." Id. Avoiding such interests relegates them to the status of a general unsecured claim. See 5 *Collier on Bankruptcy* ¶¶ 544.02, 544.05 (Lawrence P. King ed., 15th ed. rev. 2000).*Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001).

F.The rule is clear, the rights which Plaintiff seeks to enforce belong solely to the trustee, they are not Plaintiff's to exercise.

> (2)    **PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2)(A) IS PROPERLY DISMISSED**

11 U.S.C. §727(a)(2)(A) - Discharge provides:

(a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, ***within one year before the date of the filing of the petition***
[Emphasis added]

Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a disposition of property by or at the sufferance of the debtor by transfer, removal, destruction, mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property. Both elements must take place within 1-year of the Petition Date of 7-09-2021 (the one-year pre-filing period); acts and intentions occurring before this period are forgiven. *In re Lawson*, 122 F3d 1237 (CA9 1997).

This section is construed liberally in favor of the debtor and strictly against those objecting to discharge. Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent. *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994).

Plaintiff's Third Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)(2)(A) ) is based on an allegation that: "Defendant engaged in an ongoing scheme to avoid, delay, hinder and defraud their creditors, including Plaintiff, who was in the process of obtaining judgments against by concealing and transferring property, that was rightfully hers, to her Alter Ego Companies to prevent plaintiff from collecting on debts. (Complaint ¶ 42).

The Complaint is silent as to what specific assets were transferred to Alter Ego Companies - and the dates of said alleged transfers - to prevent the only creditor, Huntington Beach Gables Homeowners Association from collecting on their September 2018, $3070.00 judgment.

Ironically, of the single asset that Plaintiff does define as having been sold 4476 Alderport Unit 53, (ie., transferred), occurred **beyond the one-year pre-filing period** (7-9-2020 - 7-9-2021). Complaint ¶ 24, FAC ¶35 & 36 identifies real property located at 4476 Alderport Unit 53 Huntington Beach, CA., 92649 that was sold to Mr. Nickel on October 31, 2018

22

real property that was sold by the Debtor on 10-31-2018 ( beyond the one-year pre-filing period

(7-9-2020 -7-9-202)).

Complaint ¶ 11; 24; FAC ¶13, 35, 36 identifies (1) real property (4476 Alderport

Huntington Beach, CA; 92649) that was once owned by the Debtor, but is silent as to

whether it was transferred within the one-year pre-filing period (7-9-2020 - 7-9-2021).

Complaint ¶ 26 identifies (1) 2014 Manufactured Home "on or about November 1, 2018,

Debtor purchased the Lisa Ryan's (sic) mobile home located at 16222 Monterey Lane, Space 376,"

but is silent as to whether it was transferred within the one-year pre-filing period (7-9-2020 -

7-9-2021).

| Chattel | Transfer Date |
|---|---|
| 2014 Skyline Custom Villa Complaint ¶30 FAC ¶ 50 (Transferred for $225,000.00, 30-yr Manufacture Financing Secured Promissory Note) | Within 2 years of the Petition Date 11/16/2018 admittedly transferred within four years. |
| Complaint ¶32; FAC ¶ 57 2/26/2019 "Debtor and J-Sandcasle Co LLC, became the joint owners of J-Pad" | 02/26/2019 admittedly transferred within four years. |
| FAC ¶ 58 1/8/2020, "Robert McLelland....became the sole owner of J-Pad" | 01/2/2020 admittedly transferred within four years. |
| Complaint ¶34; FAC ¶1/29/20, J-Pad and Family Members of Debtor became owners of JSC. | 01/29/2020 admittedly transferred within four years. |

There is no factual allegation in the Complaint of any subjective intent on the Defendants' part

to hinder, delay or defraud a creditor, or any creditor, from 7-9-2020 - 7-9-2021.

Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. §727(a)(2)(A) is properly

dismissed.

(3)    **PLAINTIFF'S 4th CAUSE OF ACTION UNDER 11 U.S.C.**

       **§727(a)(4) IS PROPERLY DISMISSED**

       **11 U.S.C. §727(a)(4)(A) - Discharge provides:**
       (a) The court shall grant the debtor a discharge, unless (4) the debtor knowingly and
       fraudulently, in or in connection with the case—
       (A) made a false oath or account

-9-

23

A plaintiff seeking denial of a debtor's discharge under § 727(a)(4)(A) must prove that: (1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312. *Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000); *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006). See also *In re Zimmerman*, 320 B.R. at 806.

Not all omissions or errors, however, lead to denial of a discharge. A debtor that is merely careless in preparing schedules and statements or in testimony in connection with a case may receive a discharge absent proof of fraudulent intent. *Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006); *Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004). Further, a debtor who relies on the advice of counsel who is generally aware of all relevant facts also will not be found to have made a false oath. *In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005); *In re Dawley*, 312 B.R. at 787.

A party objecting to discharge under § 727(a)(4)(A) must prove by a preponderance of the evidence that "the false oath [was] fraudulent and material." *Swicegood*, 924 F.2d at 232.

Plaintiff's Fourth Cause of Action is for Denial of Defendants' Discharge for False Oath Pursuant to 11 U.S.C. §727(a)(4)(A) is based on an allegation that the Defendant omitted assets in her bankruptcy, and failed to disclose said assets in her 341(a) examination - yet the Complaint acknowledged that the Debtor amended her bankruptcy schedules several times, correcting and remedying what she inadvertently omitted beforehand. In *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) the Court clearly stated that an opportunity to clear up inconsistencies and omissions with amended schedules may be considered in analyzing findings of actual intent to defraud); *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997). Here, the Defendant voluntarily amended ((9-7-2021, 9-22-2021, 10-14-2021),

her Schedules and Statement of Financial Affairs ***before*** this Complaint was ever filed (10-18-2021-bk-Doc-28) or [ap-01096-[Doc-1] and ap-01096 10-19-2021 [Doc-3] and 11-16-2021 FAC [Doc-6] before she even knew that a 727 complaint was being filed against her. The Debtor seized her own opportunities to clear up any inconsistencies or omissions with amended Schedules and Statement of Financial Affairs demonstrating that she lacked actual intent to defraud.

Under the "Relations Back" Doctrine of F.R.C.P. 15, and F.R.B.P 7015, said amendments (1)9-07-2021 [Doc-15], (2) 9-22-2021 [Doc-16], (3) 10-14-2021 [Doc-22], (4) 11-16-2021 [Doc-37], (5) 11-22-21 [Doc-38], (6) 11-23-2021 [Doc-39], (7) 12-1-21 [Doc-42], (8) 3-11-2022 [Doc-72], (9) 3-15-22 [Doc-75] relate back to the initial bankruptcy filing of 7-09-2021, and therefore verify the integrity of this Defendant to maintain the accuracy of her Petition.

The Complaint itself acknowledged the Defendant's amendments (FAC ¶ 98 calling them "knowingly signed the schedules") and how they cured and remedied what was accidentally omitted in the initial filing:

| Asset Allegedly Omitted in Initial Bankruptcy | Reality | Cured By Amendment |
|---|---|---|
|  |  |  |
| Complaint ¶ | Defendants' Statement of Financial Affairs of 9-7-2021 [Doc 15] # 27, listed 2 LLC's: (1) J-Sandcastle Co (2) J-Pad, LLC See Complaint ¶ 25 &26 |  |
|  |  |  |

| FAC ¶ 103: Defendant stted she had not sold, traded.... not list any transfers under Question 18 of her SOFA regarding transfers of property in the two (2) years preceding the Petition Date | There were no transfers to record of real estate within the two (2) years preceding the Petition Date (7-9-2019 -7-9-2021). Complaint ¶ 24 FAC ¶13  identifies real property located at 4476 Alderport Huntington Beach CA 92649 that was sold by the Debtor on 10-31-2018 (beyond the one-year pre-filing period (7-9-2020 - 7-9-2021). | |
|---|---|---|
| | | |

The Complaint cites no facts that the initial errors that were corrected by amendments were nothing more than innocent and inadvertent oversights, and no facts were cited in the Complaint that they were knowingly and fraudulently made false oaths.

The Complaint is silent as to whether the alleged concealed information would have or could have revealed assets available for creditors, especially if the assets in question were exempted    . The Complaint does not allege that the Debtor made a false oath with fraudulent intent. In fact, the evidence will show if this case goes to trial that the Defendant was not adequately interrogated by her retained attorney [subsequently rescinded the retainer agreement] in the initial consultation and preparation of her schedules. Such reliance on an attorney can, with other evidence, demonstrate a lack of actual intent. *Parnes et al. v. Parnes(In re Parnes)*, 200 B.R. 710, 715(Bankr. N.D. Ga. 1996). Accordingly, Plaintiff's 4th Cause of Action under 11 U.S.C. §727(a)(4) is properly dismissed.

(5)    **PLAINTIFF'S 5TH CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(5) IS
PROPERLY DISMISSED**

The elements that comprise an objection to discharge under 11 U.S.C. § 727(a)(5): the debtor failed to explain satisfactorily, **before determination of denial of discharge** under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities. [Emphasis added]

Here, no trial has been scheduled, and Defendant explained satisfactorily, ***before*** determination of denial of discharge any loss of assets or deficiency of assets to meet the debtor's liabilities in her amendment of (1) 9-7-2021 [Doc-15], (2) 9-22-2021 [Doc-16-17], (3) 10-14-2021 [Doc-22], (4) 11-16-2021[Doc-37], (5) 11-22-2021 [Doc-38], (6) 11-23-2021[Doc-39], (7) 12-1-2021 [Doc-42], (8) 3-11-2022 [Doc-72], (9) 3-15-2022[Doc-75].

11 U.S.C. § 727(a)(5) does not explicitly require a creditor to call upon a debtor to explain a loss of assets prior to filing an adversary proceeding.  A denial of discharge under § 727(a)(5) requires only that the debtor fail to explain a loss of assets "before determination of denial of discharge under this paragraph." To require a creditor to seek an explanation from the debtor prior to filing an adversary hearing would add an additional and redundant layer of inquiry to § 727(a)(5).  Accordingly, Plaintiff's 5th Cause of Action under 11 U.S.C. §727(a)(5) is properly dismissed.

(5) PLAINTIFF'S ALLEGED CAUSE OF ACTION FOR ALTER EGO PROPERLY DISMISSED.

In AHCOM, Ltd. v. Smeding,, 2010 WL 4117736, 2010 DJDAR 16125, Case No. 09-16020 (9th Cir. Oct. 21, 2010), the Ninth Circuit  concluded, "California law does not recognize an alter ego claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos for the purposes of all the corporation's debts." The Ninth Circuit overruled opinions relied on a California state court case, Stodd v. Goldberger, 73 Cal. App. 3d 827 (1977), for the proposition that California recognized a general alter-ego claim. Accordingly, Plaintiff's alleged Cause of Action for  alter ego is properly dismissed.

**c. CONCLUSION**

Plaintiff has not demonstrated, nor can she state a viable claim under any cause of action in her Complaint; lacking liability and filed for the purpose of harassment, unreasonable delay, and to obtain an unfair advantage in the *Nickel vs, Huntington Beach Gables Homeonwers Association, et al.* state court action filed by a bona fide purchaser of the Gallian real property in October 2018.

Particularly evident when one examines the Complaint's claims, which consists of no more than the gratuitous and bare-bones boilerplate conclusions minimally invoking this Court's jurisdiction. For the above reasons, Defendant prays that this Court dismiss Plaintiff's Complaint with prejudice, that Plaintiff not be granted leave to amend, that Plaintiff take nothing by her Complaint, and that Defendants' alleged debt to Plaintiff be discharged. Further, Defendant prays that this Court issue a finding of fact that the claims brought by Plaintiff are dischargeable, and that pursuant to 11 U.S.C. §524(a)(1) and (2), this discharge should also serve to void any future judgment to determine the personal liability of Defendant and operate as a permanent injunction against any actions whether commenced pre-petition or post-petition.

Further, Defendant prays that this Court award Defendant costs and reasonable attorney's fees in an amount which will be ascertained, pursuant to 11 U.S.C. §523(d) and Federal Rule of Bankruptcy Procedure 9011.

According, Defendant respectfully request that the Court enter an order granting the *Motion* in its entirety, and providing for such other and further relief as this Court deems just.

I declare under penalty of perjury the foregoing is true and correct. Signed at Huntington Beach CA. County of Orange.

DATED:        November 7, 2022

Respectfully submitted.

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN
Debtor and Defendant,
IN PRO PER

-14-

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 Skylab Road, Huntington beach, CA 92647

A true and correct copy of the foregoing document entitled: **MOTION TO DISMISS COMPLAINT: 1. TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A); 2. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A); 3. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A); 4. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5); AND 5. FOR A FINDING OF ALTER EGO LIABILITY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____11/7/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jeffrey I Golden (TR)    lwerner@wgllp.com; jlg@trusteesolutions.net;  kadele@wgllp.com**

**United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____11/7/2022____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Judge Scott C. Clarkson**
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 W. Fourth Street, Ste. 5060
Santa Ana, CA 92701-4593

**Plaintiff Janine B. Jasso, Esq.**
**Email Address:**
**j9_jasso@yahoo.com**

**P.O. Box 370161**
**El Paso, Tx**
**79937**

☐    Service information continued on attached page

November 7, 2022    Robert McLelland
_____
Date         Printed Name

*Robert McLelland*
_____
Signature    bobwentflying@yahoo.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (If needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

                                                                                    t of California.

**F 9013-3.1.PROOF.SERVICE**

30

JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
(714)321-3449
jamiegallian@gmail.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | ) CASE NO. 8:21-bk-11710-SC |
|     JAMIE LYNN GALLIAN | ) Adv. 8:21-ap-01096-SC |
|         Debtor, | ) Chapter 7 |
| | ) |
| JANINE JASSO | ) DEFENDANTS' REPLY AND |
| | ) OPPOSITION TO PLAINTIFF'S |
|         Plaintiff, | ) UNTIMELY RESPONSE (ECF 91) |
| | ) TO MOTION TO DISMISS, (ECF. |
|     vs. | ) 63) |
| | ) |
| JAMIE LYNN GALLIAN | ) Date:   January 10, 2023 |
| | ) Time:  1:00 p.m. |
|         Defendant | ) Dept:  5C Via Zoom.Gov |
| | ) 411 W. Fourth Street |
| | Santa Ana, CA 92701 |

_____

**TO THE HONORABLE SCOTT C. CLARKSON, UNITES STATES**

**BANKRUPTCY JUDGE,** PLAINTIFF, JANINE JASSO, THE OFFICE OF THE

-1-

31

UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL PARTIES IN INTEREST.

JAMIE LYNN GALLIAN hereby opposes ECF 91.  Debtor has not received Plaintiff's Opposition as declared in the Proof of Service ECF 91 at page 23 of 23. Debtor downloaded ECF 91 from PACER.  It appears a family member of Plaintiff, David Jasso, completed the Proof of Service declared on 1/01/2023.

Notedly, F 9013-3.1. PROOF.SERVICE Section 1 states TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF).  However, no list of persons to be served via the NEF system is attached to the pleading or Proof of Service.

Second, the Chapter 7 Trustee, Jeffrey Golden was not listed, therefore not served.

Third, it appears after reading Ms. Jasso's Declaration, she declares under penalty of perjury, and as an Officer of the Court, SBN 170188, she was not served the pleading by Robert McLelland.

Mr. McLelland has provided copies from his email account OC Services (bobwentflying@yahoo.com) for the proposition Ms. Jasso was electronically served with success on the dates stated on the f 9013-3.1.Proof.Service filed with Debtors Motion to Dismiss. ECF 63.

-2-

Additionally, in reviewing the Docket 8:21-ap-01096, ECF 91 appears noted on the Docket with a date of January 1, 2023, (New Year's Day, a Court holiday) but entered January 3, 2023.

## MEMORANDUM POINTS & AUTHORITIES

BACKGROUND

On July 9, 2021, Defendant initiated the underlying bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. In re JAMIE LYNN GALLIAN No. 8:21-bk-11710-SC, (ECF. 1).

On Schedule E/F to her bankruptcy petition Defendant listed Plaintiff as one of six creditor(s) in addition to The Huntington Beach Gables Homeowners Association all claiming some interest in the same (1) nonpriority unsecured claim of $ 46,138.00.  Debtor listed Plaintiff as follows: "Janine Jasso, c/o Huntington Beach Gables Homeowners Association No. 8:21-bk-11710-SC, ECF 1 at 26 (internal paginations, Schedule E/F at 3/11, creditor 4.6).  On the same day, July 9, 2021, Defendant also filed a Verification of Master Mailing List of Creditors [LBR 1007-1(d)], certifying that the master mailing list of creditors filed in the bankruptcy case was complete, correct, and consistent with the Defendant's schedules. No. 8:21-bk-11710-SC, ECF 1 at 56. Debtor listed Plaintiff Janine Jasso P.O. Box 370161 El Paso, TX 79937.

On July 9, 2021, the court filed and entered an Official Form 309A, "Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline," ECF. 7 which stated in bold "This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully." No. 8:21-bk-11710-SC, ECF. 7 at 3/5.

-3-

33

The Official Form 309A, Notice of Chapter 7 Bankruptcy Case, also stated that "Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice, (See line 9 for more information.)[.]" Id. Line 6 of Official Form 309A, Notice of Chapter 7 Bankruptcy Case, listed the address, operating hours and contact phone number for the Bankruptcy Court Clerk's office with an explanation that "Documents in this case may be filed at this address." Id. at 4. Line 7 of the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, under the heading "Meeting of Creditors," stated the date of the meeting of creditors in bold: "August 18, 2021 at 9:00 a.m." Id. Line 9 of the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, under the heading "Deadlines," stated in bold: "File by the deadline to object to discharge or to challenge whether certain debts are dischargeable: ... Filing deadline: 10/18/21." Id.[1] Thus, the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, stated that the 11 U.S.C. § 341(a) Meeting of Creditors was scheduled for August 18, 2021, and objections for discharge had to be filed no later than October 18, 2021. Id. (emphasis added).

On July 9, 2021, the court filed and entered the Master Mailing List of Creditors on the case docket, and included therein was: "Janine Jasso, c/o Gordon Rees Skully & Masukhani, 633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071-2005; Janine Jasso P.O. Box 370161, TX 79937-0161 No. 8:21-bk-11710-SC, ECF 7 (listing 36 total creditors).

On July 11, 2021, the Bankruptcy Noticing Center filed and entered its Certificate of Notice, ECF 7, attesting that the Official Form 309A, Notice of

Chapter 7 Bankruptcy Case, ECF 15, was served on all creditors, including Janine

Jasso. ECF 7 at 1.

According to the Certificate of Notice, the Bankruptcy Noticing Center served the

Official Form 309A, Notice of Chapter 7 Bankruptcy Case, ECF 7, on "Janine

Jasso, P.O. Box 370161, TX 79937-0161" and a second address

"Janine Jasso c/o Gordon Rees Skully & Masukhani, 633 W. 5th Street, 52nd Floor,

Los Angeles, CA 90071-2005 " both by first class mail on July 11, 2021. Id.


On October 18, 2021, Plaintiff filed her "Complaint for Determination of

Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523

And 727 of the Bankruptcy Code." ECF 1 (the "Complaint"). The face of the

Complaint indicated that Plaintiff was filing it as "Plaintiff, In Pro Per" Id.  The

Complaint was filed un-signed, without an original wet signature. Plaintiff dated

the Complaint October 18, 2021. Id. at 14.  The face of the complaint is stamped

FILED, Clerk U.S. Bankruptcy Court Central District of California BY: (No

initials were noted) by Deputy Clerk.

A Proof of Service F 901303.1.PROOF.SERVICE was attached to the

Complaint, Id 91.  The Proof of Service contained the address of party over the age

of 18 and not a party to this bankruptcy case or adversary proceeding as

3250 Fairesta Street, La Crescenta, CA 90214.

Section 2 of F 9013-3.1.Proof .Service, states: On (date) 10/18/2021, I

served the following persons and/or entities at the last known address in this

bankruptcy case or adversary proceeding by placing a true and correct copy thereof

in a sealed envelope in the United States mail, first class, postage prepaid, and

addressed as follows.  Listing the judge here constitutes a declaration that mailing

to the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith United States Bankruptcy Court Central District of California

Ronald Reagan Federal Building 411 West Fourth Street, Suite 5040/Courtroom

5A, Santa Ana, CA 92701-4593.

The debtor is not listed on the Proof of Service of Document. ECF 91. Request

Judicial Notice.   An Adversary Proceeding Cover Sheet is attached 1of 2.

However, the Cover Sheet is not signed nor dated by Plaintiff, and Page 2 of the

Cover Sheet is not attached.  Request Judicial Notice.

On October 19, 2021, Plaintiff filed an "Original signature page to

Complaint and Adv. Cover Sheet"; (Attachments: # 1 Original Signature Page to

Adv Cover Sheet. (Entered: 10/19/2021)  ECF 3

The identical 10/18/2021 Proof of Service F 901303.1.PROOF.

SERVICE was attached to the 10/19/2021 ECF 3, Complaint, Id 91.  The Proof of

Service contained the address of party over the age of 18 and not a party to this

bankruptcy case or adversary proceeding as 3250 Fairesta Street, La Crescenta, CA

90214.

Section 2 of F 9013-3.1.Proof.Service states: On (date) 10/18/2021, I served

the following persons and/or entities at the last known address in this bankruptcy

case or adversary proceeding by placing a true and correct copy thereof in a sealed

envelope in the United States mail, first class, postage prepaid, and addressed as

follows.  Listing the judge here constitutes a declaration that mailing to the judge

will be completed no later than 24 hours after the document is filed.

-6-

36

Hon. Erithe A. Smith United States Bankruptcy Court Central District of California

Ronald Reagan Federal Building 411 West Fourth Street, Suite 5040/Courtroom

5A, Santa Ana, CA 92701-4593.

      Again, as noted above the debtor again is not listed on the Proof of Service

of Document. ECF 3.  An Adversary Proceeding Cover Sheet attached 1of 2 filed

10/19/2021, ECF 3-1.

      The "Title Page" of Plaintiff's Adversary Complaint, ECF 1 and ECF 3,

indicate JANINE JASSO, an individual, Plaintiff  v. JAMIE LYNN GALLIAN, an

individual; and DOES 1 through 100, inclusive, Defendants.


Plaintiff's Adversary Complaint, ECF 1 and ECF 3, Title Page, indicate JANINE

JASSO, an individual, Plaintiff v. JAMIE LYNN GALLIAN, an individual; and

DOES 1 through 100, inclusive, Defendants.

The following list is as stated in ECF 1 and ECF 3:

Plaintiff  First Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES

1 Through 100)

Plaintiff  Second Cause of Action…..(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100)

Plaintiff  Third Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES

1 Through 100)

Plaintiff  Fourth Cause of Action…..(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100).

      On October 26, 2021, Defendant's Answer to Complaint. ECF 4.

      On October 27, 2021, Defendant refiled her Answer to Complaint with

Affirmative Defenses. ECF 5.

Debtor requests the Court take judicial notice of an Officer of the Court, Janine Jasso perjured statements on ECF 91, page 8, Line 6-7. "Debtor answered Plaintiff's FAC on December 10, 2021. See DK 13" "Debtor could have made a timely motion to dismiss before she answered the complaint." "Plaintiff has done months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC and Debtor's defenses listed in her DK 13 Answer, including obtaining Debtor and the Defendant J-PAD, LLC ("JP LLC") and Defendant J-SANDCASTLE CO LLC ("JSC LLC") (collectively "Defendant LLCs") bank, investment, and real property records from multiple government and private companies."

Debtor just has one question for Plaintiff…Then why if you did "months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC" does the FAC not contain one Cause of Action against J-Pad LLC or J-Sandcastle Co LLC????????????? And it has to be said, why would Plaintiff file 1691 pages. All Debtor can say again is, "A complaint with the State Bar of California is forthcoming."

On November 16, 2021, Plaintiff filed her "First Amended Complaint For Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 And 727 of the Bankruptcy Code." ECF 6-1 (the "FAC Complaint"). The face of the Complaint indicated that Plaintiff was filing it as "Plaintiff . In Pro Per" Id.

The "Title Page" Plaintiff's First Amended Complaint, ECF 6, reads as
JANINE JASSO, an individual, Plaintiff

v.

JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited
Liability Company, J-Sandcastle Co LLC, A California Limited Liability
Company, and DOES 1 through 100, inclusive, Defendants.

Plaintiff's First Amended Complaint ECF 6:

Plaintiff  First Cause of Action.....(Against JAMIE LYNN GALLIAN and DOES
1 Through 100)

Plaintiff  Second Cause of Action.....(Against JAMIE LYNN GALLIAN and
DOES 1 Through 100)

Plaintiff  Third Cause of Action.......(Against JAMIE LYNN GALLIAN and
DOES 1 Through 100)

Plaintiff  Fourth Cause of Action.....(Against JAMIE LYNN GALLIAN and
DOES 1 Through 100).

There are [NO] Causes of Action asserted against J-Pad, LLC or J-Sandcastle Co
LLC in the Operative Complaint filed without Leave of Court. ECF 6

On September 20, 2022. Plaintiff filed Notice of Motion and Motion
To Strike Answers Filed Defendants J-Pad, LLC, And J-Sandcastle Co LLC;
Memorandum Of Points And Authorities In Support Thereof.  ECF 40

On October 25, 2022, the Court held a hearing on Ms. Jasso's MOT to Strike
the Answer(s) of J-Pad, LLC and J-Sandcastle Co LLC completed and filed by
JAMIE LYNN GALLIAN, the Debtor

-9-

39

Debtor believed she was required to file an Answer.  The Chapter 7 was filed on behalf of Jamie Lynn Gallian.  Neither J-Pad, LLC nor J-Sandcastle Co LLC have filed for bankruptcy.

Debtor was unaware of the hearing of October 25, 2022, therefore was not in attendance.  More interestingly Plaintiff, Janine Jasso, the Moving party did not appear at the hearing October 25, 2022.  Ms. Jasso's Motion to Strike J-Pad LLC and J-Sandcastle Co LLC Answer(s) was noted by the Court as [Unopposed]. Debtor has never been absent during any Court hearing in debtor's Chapter 7, in the almost 20 months this Chapter 7 case has continued on.  Debtor was in complete shock after reviewing the Courts Tentative Ruling Calendar October 25, 2022, and realize she was absent.

On November 2, 2022, Order Granting (Janine Jasso) Plaintiff's Motion To Strike The Answers Of Defendant's J-Pad And J-Sandcastle Co LLC And Entry of Default.  IT IS ORDERED: The Motion is Granted.  The Answers Filed By Defendant J-Pad Are Stricken From The Record (Docket 16 And 17).  The Answers Filed By Defendant J-Sandcastle Co LLC Are Stricken From The Record (Docket Nos. )14, 15, And 18.

In Accordance With These Orders, The Court Further Orders The Clerk To Enter The Default of Defendant, J-Pad, LLC And Enter The Default Of Defendant, J-Sandcastle Co. LLC.  (BNC-PDF) Related Doc 40.

On the Debtor's mind this evening…Plaintiff asserted [NO] Causes of Action against J-Pad LLC and J-Sandcastle Co LLC in Plaintiff's First Amended Complaint ECF 6, filed without obtaining leave of court; and also an FAC that does not relate back to ECF 1 and/or ECF 3 and added new Defendants no less.

-10-

40

However, on November 8, 2022, Defendant filed her "Motion for Dismissal of Adversarial Proceedings Filed by Plaintiff Janine Jasso against Debtor Jamie Lynn Gallian." ECF 63.  According to the proof of service of the Motion, Robert McLelland, served a copy of the Motion upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on November 8, 2022. ECF 64.

On November 9, 2022, Notice of Motion For: Motion To Dismiss Adversary Complaint:  1. Determine Dischargeability of Civil Attorney Fees Debt Separate and Aside Of Fees/Fine Pursuant To Section 523(A)(7); Argument Presented In Concurrent MSJ For Dismissal Of 1st Cause Of Action Section 523(a)(7); 2. To Determine Nondischargeability Of Debt Pursuant To 11 U.S.C. Section 523(a)(2)(A);  3.  For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(3);  4. For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(4);  5.  For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(5).  According to the Proof of Service of the Motion, Robert McLelland, served a copy of the Motion upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on November 9, 2022. ECF 68.

On December 2, 2022, the Court on its own Motion, Order Continuing Hearing On Motion To Dismiss.  IT IS ORDERED.  The Hearing On Debtor's Motion To Dismiss Complaint filed November 8, 2022, (Docket 63) Is Hereby CONTINUED TO JANUARY 10, 2023, AT 1:30 P.M. In Courtroom 5C.  Any Response Is Due 14 Days Prior To The Hearing.  Replies are Due 7 Days Prior To The Hearing.  (BNC-PDF). Signed on 12/2/2022. On December 4, 2022, Defendant received by email at jamiegallian@gmail.com, BNC Certificate of Notice – PDF Document. (RE: related document(s) 79 Order.   Immediately after becoming aware of the BNC Certificate of Notice, Ms. Gallian decided to error on the side of caution because of uncertainty of not knowing whether it was Debtor's

-11-

responsibility to give Notice of the Continued Hearing on her Motion to Dismiss ECF 63, attached the BNC Order ECF 79, to Notice Of Motion For: (1) Motion To Dismiss Adversary Complaint (Doc 63), Filed 11/8/2022 (2) Order Filed & Entered Dec. 2, 2022 Continuing Hearing On Motion To Dismiss Is Attached for The Convenience Of The Court And The Parties.  According to the Proof of Service of the Motion, Robert McLelland, served a copy upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on December 4, 2022. ECF 82, 83.

Plaintiff was Ordered on December 2, 2022, through the BNC Certificate of Notice-PDF ECF 80, stating "Any Response is Due14 days Prior To The Hearing", (which was December 27, 2022), and was the deadline for Plaintiff to file and serve any written opposition to the Motion pursuant to Local Bankruptcy Rule 9013-1(f)(1).  Debtor's Reply is due 7 days prior to the hearing.

As reflected on the case docket for this adversary proceeding, Plaintiff did not file a written opposition to the Motion by this date.  Debtor has not had the appropriate time to respond to a myriad of excuses Plaintiff presents belied by the fact Plaintiff filed 5 Documents, (ECF 89, ECF 90, ECF 91, ECF 94, ECF 95 consisting of 1,691 pages.

Plaintiff self-reported and admitted in her Response ECF 91, page 4, Line 19-20, to having knowledge of Debtor's Motion to Dismiss in early December and admitted to receiving BNC Certificate of Notice – PDF (mailed to the address in the Master Listing, 7/11/2021, BNC Certificate of Notice, ECF 7, Plaintiff's P.O. Box).

"I received something from the court [sic] in December, which did not include any pleadings attached, regarding the Court calendaring Debtor's motion……." ECF 91 page 4 at Line 19-20,

-12-

Additionally, on December 4, 2022, Debtor prepared a corrected Notice of Hearing with the new date 1/10/23. Mr. Robert McLelland electronically served Plaintiff, Janine Jasso j9_jasso@yahoo.com on December 5, 2022. ECF 82

Federal Rule of Bankruptcy Procedure 4007(c) provides that a complaint to determine dischargeability of debt under 11 U.S.C. § 523(a) "shall be filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] § 341(a) ... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Since the first date set for the meeting of creditors under 11 U.S.C. § 341(a) as stated in the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, was August 18, 2021, and the Official Form 309A, Notice of Chapter 7 Bankruptcy Case was served on all creditors, including Plaintiff, the 60-day deadline to challenge whether certain debts are dischargeable was October 18, 2022. ECF 7 See, Federal Rule of Bankruptcy Procedure 4007(c). This filing deadline, October 18, 2021, was also expressly stated in the Official Form 309A, Notice of Chapter 7 Bankruptcy Case. ECF 7. Plaintiff did not file the Complaint until October 19, 2021, which was after the deadline without an extension. "[W]hen a creditor seeks to extend the 60-day window to file a nondischargeability complaint, the creditor must file a motion before the deadline passes and show cause why the extension is necessary." Willms v. Sanderson, 723 F.3d 1094, 1100 (9th Cir. 2013) (citing Federal Rule of Bankruptcy Procedure 9006(b)(3) and noting that the deadline for filing a nondischargeability complaint may be extended only to the extent and under the conditions stated in Federal Rule of Bankruptcy Procedure 4007(c)). The Federal Rules of Bankruptcy Procedure "afford [a

-13-

43

bankruptcy court] no discretion to extend retroactively the deadline set in [Federal Rule of Bankruptcy Procedure] 4007(c) for filing nondischargeability complaints." Anwar v. Johnson, 720 F.3d 1183, 1185-1186 (9th Cir. 2013) (an attorney's computer problems did not excuse his late filing of two dischargeability complaints by 26 and 38 minutes).

Therefore, under the Federal Rules of Bankruptcy Procedure, Plaintiff was required to either file a nondischargeability complaint or a motion to extend the deadline to file such a complaint, for cause, within 60 days of the 11 U.S.C. § 341(a) meeting of creditors, i.e. by October 18, 2021. Plaintiff did not file the Complaint or a motion to extend the deadline by October 18, 2021, and therefore, the Complaint is time-barred.

In Willms v. Sanderson, the Ninth Circuit stated that "Ninth Circuit law strictly construes Rule 4007(c) and courts cannot extend its time limit implicitly where no such motion is made." 723 F.3d at 1100 (alterations and citations omitted). The strict application of Rule 4007(c) is "necessary due to the need for certainty in determining which claims are and are not discharged." Id. (citation omitted). The Ninth Circuit has "repeatedly held that the sixty-day time limit for filing nondischargeability complaints under [§ 523(a)] is strict and, without qualification, cannot be extended unless a motion is made before the 60-day limit expires." Anwar v. Johnson, 720 F.3d at 1187 (citations and internal quotation marks omitted).

The evidentiary record described herein indicates that Plaintiff was aware of the deadline to file a complaint to determine dischargeability of debt that Defendant owes to him because: (1) the Official Form 309A, Notice of Chapter 7 Bankruptcy Case notified creditors of the filing deadline and was served on Plaintiff on July

-14-

11, 2021 as indicated by the Bankruptcy Noticing Center certificate of notice, ECF

7, which gave him notice of the deadline of over 90 days, more than the minimum

30 day notice required by Federal Rule of Bankruptcy Procedure 4007(c); (2)

Plaintiff was preparing to file the Complaint on the last day of the filing period

under Federal Rule of Bankruptcy Procedure 4007(c) on October18, 2021,

however Plaintiff did not sign the complaint with a wet signature; (3) If Plaintiff

lives in El Paso Texas as self-reported to this Court, did Ms. Jasso, sign the

Complaint and file the Complaint on October 19, 2021 in the Clerk's Office; (4) In

Ms. Jasso's attempt to file the Complaint on time on October 18, 2021, the

Complaint was filed at the Clerk window without a wet signature was ineffective;

and (5) Ms. Jasso's last attempt to file the Complaint on October 19, 2021 was

effective, but beyond the sixty-day filing deadline.

None of these facts can be disputed by Plaintiff.

Ms. Jasso's attempt to file the Complaint with the Bankruptcy Clerk window on

time was ineffective because an unsigned complaint without a wet signature is not

a proper filing a complaint. Under Federal Rule of Bankruptcy Procedure 5005(a),

complaints and other papers required to be filed under the Federal Rules of

Bankruptcy Procedure "shall be filed with the clerk in the district where the case

under the [Bankruptcy] Code is pending." Because Defendant's bankruptcy case

was pending in the Central District of California, Plaintiff was required to file the

Complaint with the Clerk of the Bankruptcy Court in the Central District of

California. The Local Bankruptcy Rules for the Central District of California

mandate the electronic filing with the Clerk of "all documents submitted in any

case or proceeding," on the Bankruptcy Court's Case Management/Electronic Case

Filing ("CM/ECF") System unless the filing includes confidential court records or

the filing party is a pro se litigant [or] an "attorney who files documents in fewer than 5 bankruptcy cases or adversary proceedings in a single calendar year[.]"

Local Bankruptcy Rule 5005-4 and Section 3.1 of the Court Manual for the United States Bankruptcy Court, Central District of California (the "Court Manual"). As stated in the Court Manual, "Case Management/Electronic Case Filing (CM/ECF) is a case management system that allows [attorneys] to electronically file petitions and other documents via the internet." Court Manual, § 3.1(a). Generally, [only] attorneys admitted to practice in the Central District of California, currently in good standing, are eligible to use the CM/ECF system and file documents with the Bankruptcy Court electronically, and the attorneys must be registered with CM/ECF, must have completed online training on the CM/ECF system and prove competence on the system to use it and file documents with the court electronically. Court Manual, § 3.2(a), (b) and (c).

In this case, Plaintiff, a California Licensed Attorney in good standing, eligible to file documents with the Bankruptcy Court electronically on the court's CM/ECF system, although not required to file her Complaint electronically, as Ms. Jasso filed the Adversary Complaint "in pro se". However, since the inception of Debtor's Chapter 7 case, the only address ever provided [by] Ms. Janine Jasso is a P.O. Box in El Paso, Texas. All complaints and pleadings in this Chapter 7 filed by Plaintiff, Janine Jasso, Esq. list a P.O. Box 370161 El Paso, TX 79937.

Pursuant to Local Bankruptcy Rule 1071-1(c), "Documents filed non-electronically, other than a petition, must be filed only in the divisional office of the clerk to which the relevant case or proceeding has been assigned.

-16-

46

However, the clerk may, by special waiver or upon the order of the court, accept documents in any office of the clerk irrespective of division." Further, a "document delivered for filing to the clerk will be accepted if accompanied by any required fee and signature[...]." Local Bankruptcy Rule 5005-1.

Section 3.11 of the Court Manual is nearly identical to Local Bankruptcy Rule 5005-4 and repeats the exceptions to mandatory electronic filing. Court Manual, § 3.11 at 3-18 and 3-19. Moreover, the Court Manual states that if, for example, the court is unable to accept electronic filings for any reason, "the option of filing documents manually at the filing window always remains available and should be utilized whenever it is essential that a particular document be filed by a particular date." Id., § 3.12 at 3-19.  For pro se litigants, after application and approval, the court provides an Electronic Drop Box ("EBD").

The court's local rules and the Court Manual thus provide that the filing of a complaint or other document with the Clerk of the Bankruptcy Court is to be done electronically if the filer is required to file electronically, and if the filer [is not] required to file electronically, the filer is to file the complaint or other document manually at the filing window of the Clerk's Office.

Accordingly, Ms. Jasso's Unsigned Complaint ECF 1, presented without a wet signature, was unauthorized and ineffective, and her second filing of the Complaint at the filing window, (ECF. 3) on October 19, 2021 which was purportedly executed with Ms. Janine Jasso's wet signature and effective, was late.

The time limit of <u>Federal Rule of Bankruptcy Procedure 4007(c)</u> is strictly enforced and cannot be extended once the deadline has passed, which happened

-17-

47

here as the Complaint was filed late, without any request for extension of time filed

before the deadline.

CONCLUSION

Plaintiff's Complaint was not filed within the time period required

under Federal Rule of Bankruptcy Procedure 4007(c) and is therefore time-barred.

Defendant's respectfully request the Motion To Dismiss the Complaint and

the Adversary Proceeding be granted and the Complaint and the adversary

proceeding be dismissed with prejudice. Anwar v. Johnson, 720 F.3d at 1189

(affirming the bankruptcy court's dismissal of the dischargeability complaint with

prejudice for filing the complaint late under Federal Rule of Bankruptcy Procedure

4007(c)).

Debtor in addition, requests the Court to consider any other Orders fair and

just.

I declare under penalty of perjury, the foregoing to be true and correct. Signed
this 5th day of January, 2023, at Huntington Beach, California.

Dated:    1/5/2023                    Respectfully submitted,


*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN
Defendant, IN PRO PER

FOOTNOTES

[1] The form also notes that "You must file a complaint: ... if you want to have a

debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6)." Id.

-18-

48

# EXHIBITS

1. November 8, 2022   ECF  63
2. November 9, 2022   ECF  68
3. December 5, 2022    ECF  83

-19-



**From:** **OC Services** bobwentflying@yahoo.com
**Subject:** ELECTRONIC SERVICE MOTION TO DISMISS ADVERSARY COMPLAINT.
**Date:** November 8, 2022 at 9:21 AM
**To:** Janine Jasso j9_jasso@yahoo.com
**Cc:** OC Services bobwentflying@yahoo.com, Jamie Gallian jlgallian@icloud.com



FINAL 11.7.22
GALLIA...pdf.pdf



**From:** **OC Services** bobwentflying@yahoo.com
**Subject:** ELECTRONIC SERVICE MOTION TO DISMISS 12/13/2022
**Date:** November 9, 2022 at 12:41 PM
**To:** Janine Jasso j9_jasso@yahoo.com
**Cc:** OC Services bobwentflying@yahoo.com, Jamie Gallian jlgallian@icloud.com



POS 22-01096
ADV N...ISS.pdf

51



**From:** **OC Services** bobwentflying@yahoo.com
**Subject:** Electronic Service Notice of Continued Hearing DOC 63
**Date:** December 5, 2022 at 12:45 AM
**To:** Janine Jasso j9_jasso@yahoo.com
**Cc:** OC Courts Email Admin apps@occourts.org



NOT OF
CONTI...pdf.pdf

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB ROAD HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANTS' REPLY AND OPPOSITION TO PL
UNTIMELY RESPONSE (ECF 91)TO MOTION TO DISMISS (ECF 63)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/05/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __01/06/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
JANINE JASSO, ESQ.
EMAIL ADDRESS: J9_JASSO@YAHOO.COM

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/06/2023 | ROBERT MCLELLAND | *Robert McLelland* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)        lwerner@wgllp.com, jig@trusteesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

54

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF   claims@recoverycorp.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

55

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 Skylab Road, Huntington beach, CA 92647

A true and correct copy of the foregoing document entitled: DEFENDANTS' REQUEST FOR ORAL ARGUMENT ON THE COURTS TENTATIVE RULING POSTED 1/6/2023 RE DEBTOR'S MOTION TO DISMISS, (ECF. 63) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/09/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jeffrey I Golden (TR)    lwerner@wgllp.com; jlg@trusteesolutions.net;  kadele@wgllp.com**

**United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

⊠    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on   1/09/2023___  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Plaintiff Janine B. Jasso, Esq.**
**Email Address:  j9_jasso@yahoo.com**

☐    Service information continued on attached page

January 9, 2023___    Robert McLelland_____        *Robert McLelland*
*Date*        *Printed Name*        *Signature*    **bobwentflying@yahoo.com**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

### ADDITIONAL SERVICE INFORMATION (If needed):

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)     lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF   claims@recoverycorp.com

United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov