1  JAMIE LYNN GALLIAN
2  16222 Monterey Lane Unit 376
3  Huntington Beach, CA 92649
   (714)321-3449
4  jamiegallian@gmail.com

5

6

7

8
                    UNITED STATES BANKRUPTCY COURT
9
        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION
10
11  In re:                                 AMENDED
                                      )  CASE NO. 8:21-bk-11710-SC
12        JAMIE LYNN GALLIAN          )
                                      )  Adv. 8:21-ap-01096-SC
13              Debtor,               )  Chapter 7
                                      )
14                                    )
15  JANINE JASSO                      )  DEFENDANTS' REQUEST FOR
                                      )  EXTENSION OF TIME TO FILE
16              Plaintiff,            )  NOTICE OF APPEAL.
                                      )
17                                    )
         vs.                          )
18                                    )
19  JAMIE LYNN GALLIAN                )
                                      )
20              Defendant            )
                                      )
21                                    )
22
   _____
23

24

25  **TO THE HONORABLE SCOTT C. CLARKSON, UNITES STATES**

26  **BANKRUPTCY JUDGE,** PLAINTIFF, JANINE JASSO, THE OFFICE OF THE

27

28

   {00574074.DOCX; 1}                -1-

1

UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL

PARTIES IN INTEREST.

JAMIE LYNN GALLIAN hereby respectfully request extension of time to

file Notice of Appeal JOINTLY related to ECF 68,Motion To Dismiss hearing to

be held January 10, 2023, concerning Order entered December 21, 2022, 21:26:44

PM regarding the following issues.

> Page 77- "The Court has received and reviewed Defendant's reply filed 1/6/23 [Dk. 96], *and notes that it raises new arguments regarding FRBP 4007 that were not raised in Defendant's motion to dismiss in the first instance.* Pursuant to LBR 9013-1(g)(4), [n]ew arguments or matters raised for the first time in reply documents will not be considered. Moreover, Defendant admitted that the complaint was timely in her answer filed 12/17/21 [Dk. 18; paragraph 4].

Defendant's Motion To Dismiss ECF 63 is attached for the Courts Convenience and Reference.  Specifically, Debtor will raise at Oral Argument, draw the Court's attention to Debtor's Notice of Motion page ii, Line 10-12, giving notice of debtor's objection to Complaint Doc -3 filed after the time to object to discharge under 4007, therefore was ineffective and late.

Additionally under MEMORANDUM OF POINTS & AUTHORITIES, again ECF 63 is attached for the Courts Convenience and Reference.
Specifically, Debtor will raise at Oral Argument, draw the Court's attention to Memorandum Of Points & Authorities, page iv, Line 16-27, giving notice of debtor's objection to Complaint ECF 1, ECF 3,& ECF FAC 16 filed after the time to object to discharge under 4007, therefore was ineffective and late.

Debtor's Reply to Plaintiff's Response, ECF 96, thoroughly expounded on this Argument citing legal authority and case law, concerning the issue first raised in the Motion to Dismiss ECF 63; defects appearing on the face of each Complaint, ECF 1, ECF 3, and ECF 16 and in the Court's Docket.

I declare under penalty of perjury the foregoing to be true and correct.  Signed this 9th day of January, 2023, at Huntington Beach, CA 92649

{00574074.DOCX; 1}                    -2-

2

Dated:  1/09/23

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN, Defendant

{00574074.DOCX; 1}                -3-

MEMORANDUM POINTS & AUTHORITIES

BACKGROUND

On July 9, 2021, Defendant initiated the underlying bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. In re JAMIE LYNN GALLIAN No. 8:21-bk-11710-SC, (ECF. 1).

On Schedule E/F to her bankruptcy petition Defendant listed Plaintiff as one of six creditor(s) in addition to The Huntington Beach Gables Homeowners Association all claiming some interest in the same (1) nonpriority unsecured claim of $ 46,138.00.  Debtor listed Plaintiff as follows: "Janine Jasso, c/o Huntington Beach Gables Homeowners Association No. 8:21-bk-11710-SC, ECF 1 at 26 (internal paginations, Schedule E/F at 3/11, creditor 4.6).  On the same day, July 9, 2021, Defendant also filed a Verification of Master Mailing List of Creditors [LBR 1007-1(d)], certifying that the master mailing list of creditors filed in the bankruptcy case was complete, correct, and consistent with the Defendant's schedules. No. 8:21-bk-11710-SC, ECF 1 at 56. Debtor listed Plaintiff Janine Jasso P.O. Box 370161 El Paso, TX 79937.

On July 9, 2021, the court filed and entered an Official Form 309A, "Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline," ECF. 7 which stated in bold "This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully." No. 8:21-bk-11710-SC, ECF. 7 at 3/5.

The Official Form 309A, Notice of Chapter 7 Bankruptcy Case, also stated that "Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines

{00574074.DOCX; 1}                    -4-

4

specified in this notice, (See line 9 for more information.)[.]" Id. Line 6 of Official

Form 309A, Notice of Chapter 7 Bankruptcy Case, listed the address, operating

hours and contact phone number for the Bankruptcy Court Clerk's office with an

explanation that "Documents in this case may be filed at this address." Id. at 4.

Line 7 of the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, under the

heading "Meeting of Creditors," stated the date of the meeting of creditors in bold:

"August 18, 2021 at 9:00 a.m." Id. Line 9 of the Official Form 309A, Notice of

Chapter 7 Bankruptcy Case, under the heading "Deadlines," stated in bold: "File

by the deadline to object to discharge or to challenge whether certain debts are

dischargeable: ... Filing deadline: 10/18/21." Id.[1] Thus, the Official Form 309A,

Notice of Chapter 7 Bankruptcy Case, stated that the 11 U.S.C. § 341(a) Meeting

of Creditors was scheduled for August 18, 2021, and objections for discharge had

to be filed no later than October 18, 2021. Id. (emphasis added).

On July 9, 2021, the court filed and entered the Master Mailing List of

Creditors on the case docket, and included therein was: "Janine Jasso, c/o Gordon

Rees Skully & Masukhani, 633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071-

2005; Janine Jasso P.O. Box 370161, TX 79937-0161 No. 8:21-bk-11710-SC, ECF

7 (listing 36 total creditors).

On July 11, 2021, the Bankruptcy Noticing Center filed and entered its

Certificate of Notice, ECF 7, attesting that the Official Form 309A, Notice of

Chapter 7 Bankruptcy Case, ECF 15, was served on all creditors, including Janine

Jasso. ECF 7 at 1.

According to the Certificate of Notice, the Bankruptcy Noticing Center served the

Official Form 309A, Notice of Chapter 7 Bankruptcy Case, ECF 7, on "Janine

Jasso, P.O. Box 370161, TX 79937-0161" and a second address

"Janine Jasso c/o Gordon Rees Skully & Masukhani, 633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 " both by first class mail on July 11, 2021. Id.

On October 18, 2021, Plaintiff filed her "Complaint for Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 And 727 of the Bankruptcy Code." ECF 1 (the "Complaint"). The face of the Complaint indicated that Plaintiff was filing it as "Plaintiff, In Pro Per" Id.  The Complaint was filed un-signed, without an original wet signature. Plaintiff dated the Complaint October 18, 2021. Id. at 14.  The face of the complaint is stamped FILED, Clerk U.S. Bankruptcy Court Central District of California BY: (No initials were noted) by Deputy Clerk.

A Proof of Service F 901303.1.PROOF.SERVICE was attached to the Complaint, Id 91.  The Proof of Service contained the address of party over the age of 18 and not a party to this bankruptcy case or adversary proceeding as 3250 Fairesta Street, La Crescenta, CA 90214.

Section 2 of F 9013-3.1.Proof .Service, states: On (date) 10/18/2021, I served the following persons and/or entities at the last known address in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. Hon. Erithe A. Smith United States Bankruptcy Court Central District of California Ronald Reagan Federal Building 411 West Fourth Street, Suite 5040/Courtroom 5A, Santa Ana, CA 92701-4593.

{00574074.DOCX; 1}                    -6-

6

The debtor is not listed on the Proof of Service of Document. ECF 91. Request Judicial Notice.   An Adversary Proceeding Cover Sheet is attached 1of 2. However, the Cover Sheet is not signed nor dated by Plaintiff, and Page 2 of the Cover Sheet is not attached.  Request Judicial Notice.

On October 19, 2021, Plaintiff filed an "Original signature page to Complaint and Adv. Cover Sheet"; (Attachments: # 1 Original Signature Page to Adv Cover Sheet. (Entered: 10/19/2021)  ECF 3

The identical 10/18/2021 Proof of Service F 901303.1.PROOF. SERVICE was attached to the 10/19/2021 ECF 3, Complaint, Id 91.  The Proof of Service contained the address of party over the age of 18 and not a party to this bankruptcy case or adversary proceeding as 3250 Fairesta Street, La Crescenta, CA 90214.

Section 2 of F 9013-3.1.Proof.Service states: On (date) 10/18/2021, I served the following persons and/or entities at the last known address in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. Hon. Erithe A. Smith United States Bankruptcy Court Central District of California Ronald Reagan Federal Building 411 West Fourth Street, Suite 5040/Courtroom 5A, Santa Ana, CA 92701-4593.

Again, as noted above the debtor again is not listed on the Proof of Service of Document. ECF 3.  An Adversary Proceeding Cover Sheet attached 1of 2 filed 10/19/2021, ECF 3-1.

{00574074.DOCX; 1}                    -7-

The "Title Page" of Plaintiff's Adversary Complaint, ECF 1 and ECF 3, indicate JANINE JASSO, an individual, Plaintiff v. JAMIE LYNN GALLIAN, an individual; and DOES 1 through 100, inclusive, Defendants.

Plaintiff's Adversary Complaint, ECF 1 and ECF 3, Title Page, indicate JANINE JASSO, an individual, Plaintiff v. JAMIE LYNN GALLIAN, an individual; and DOES 1 through 100, inclusive, Defendants.

The following list is as stated in ECF 1 and ECF 3:

Plaintiff  First Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES 1 Through 100)

Plaintiff  Second Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES 1 Through 100)

Plaintiff  Third Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES 1 Through 100)

Plaintiff  Fourth Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES 1 Through 100).

On October 26, 2021, Defendant's Answer to Complaint. ECF 4.

On October 27, 2021, Defendant refiled her Answer to Complaint with Affirmative Defenses. ECF 5.

Debtor requests the Court take judicial notice of an Officer of the Court, Janine Jasso perjured statements on ECF 91, page 8, Line 6-7.  "Debtor answered Plaintiff's FAC on December 10, 2021.  See DK 13" "Debtor could have made a timely motion to dismiss before she answered the complaint." "Plaintiff has done months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC and Debtor's defenses listed in her DK 13 Answer, including

obtaining Debtor and the Defendant J-PAD, LLC ("JP LLC") and Defendant J-SANDCASTLE CO LLC ("JSC LLC") (collectively "Defendant LLCs") bank, investment, and real property records from multiple government and private companies."

Debtor just has one question for Plaintiff…Then why if you did "months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC" does the FAC not contain one Cause of Action against J-Pad LLC or J-Sandcastle Co LLC????????????? And it has to be said, why would Plaintiff file 1691 pages.  All Debtor can say again is, "A complaint with the State Bar of California is forthcoming."

On November 16, 2021, Plaintiff filed her "First Amended Complaint For Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 And 727 of the Bankruptcy Code." ECF 6-1 (the "FAC Complaint"). The face of the Complaint indicated that Plaintiff was filing it as "Plaintiff . In Pro Per" Id.

The "Title Page" Plaintiff's First Amended Complaint, ECF 6, reads as JANINE JASSO, an individual, Plaintiff

v.

JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited Liability Company, J-Sandcastle Co LLC, A California Limited Liability Company, and DOES 1 through 100, inclusive, Defendants.

{00574074.DOCX; 1}                    -9-

9

Plaintiff's First Amended Complaint ECF 6:

Plaintiff  First Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES 1 Through 100)

Plaintiff  Second Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES 1 Through 100)

Plaintiff  Third Cause of Action…......(Against JAMIE LYNN GALLIAN and DOES 1 Through 100)

Plaintiff  Fourth Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES 1 Through 100).

There are [NO] Causes of Action asserted against J-Pad, LLC or J-Sandcastle Co LLC in the Operative Complaint filed without Leave of Court. ECF 6

On September 20, 2022. Plaintiff filed Notice of Motion and Motion To Strike Answers Filed Defendants J-Pad, LLC, And J-Sandcastle Co LLC; Memorandum Of Points And Authorities In Support Thereof.  ECF 40

On October 25, 2022, the Court held a hearing on Ms. Jasso's MOT to Strike the Answer(s) of J-Pad, LLC and J-Sandcastle Co LLC completed and filed by JAMIE LYNN GALLIAN, the Debtor

Debtor believed she was required to file an Answer.  The Chapter 7 was filed on behalf of Jamie Lynn Gallian.  Neither J-Pad, LLC nor J-Sandcastle Co LLC have filed for bankruptcy.

Debtor was unaware of the hearing of October 25, 2022, therefore was not in attendance.  More interestingly Plaintiff, Janine Jasso, the Moving party did not appear at the hearing October 25, 2022.  Ms. Jasso's Motion to Strike J-Pad LLC and J-Sandcastle Co LLC Answer(s) was noted by the Court as [Unopposed].

{00574074.DOCX; 1}                    -10-

Debtor has never been absent during any Court hearing in debtor's Chapter 7, in the almost 20 months this Chapter 7 case has continued on.  Debtor was in complete shock after reviewing the Courts Tentative Ruling Calendar October 25, 2022, and realize she was absent.

On November 2, 2022, Order Granting (Janine Jasso) Plaintiff's Motion To Strike The Answers Of Defendant's J-Pad And J-Sandcastle Co LLC And Entry of Default.  IT IS ORDERED: The Motion is Granted.  The Answers Filed By Defendant J-Pad Are Stricken From The Record (Docket 16 And 17).  The Answers Filed By Defendant J-Sandcastle Co LLC Are Stricken From The Record (Docket Nos. )14, 15, And 18.

In Accordance With These Orders, The Court Further Orders The Clerk To Enter The Default of Defendant, J-Pad, LLC And Enter The Default Of Defendant, J-Sandcastle Co. LLC.  (BNC-PDF) Related Doc 40.

On the Debtor's mind this evening…Plaintiff asserted [NO] Causes of Action against J-Pad LLC and J-Sandcastle Co LLC in Plaintiff's First Amended Complaint ECF 6, filed without obtaining leave of court; and also an FAC that does not relate back to ECF 1 and/or ECF 3 and added new Defendants no less. However, on November 8, 2022, Defendant filed her "Motion for Dismissal of Adversarial Proceedings Filed by Plaintiff Janine Jasso against Debtor Jamie Lynn Gallian." ECF 63.  According to the proof of service of the Motion, Robert McLelland, served a copy of the Motion upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on November 8, 2022. ECF 64.

On November 9, 2022, Notice of Motion For: Motion To Dismiss Adversary Complaint:  1. Determine Dischargeability of Civil Attorney Fees Debt Separate and Aside Of Fees/Fine Pursuant To Section 523(A)(7); Argument Presented In

{00574074.DOCX; 1}                    -11-

Concurrent MSJ For Dismissal Of 1st Cause Of Action Section 523(a)(7); 2. To

Determine Nondischargeability Of Debt Pursuant To 11 U.S.C. Section

523(a)(2)(A);  3.  For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(3);  4.

For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(4);  5.  For Denial Of

Discharge Pursuant To 11 U.S.C. 727(a)(5).  According to the Proof of Service of

the Motion, Robert McLelland, served a copy of the Motion upon Janine Jasso,

Esq. by Email j9_jasso@yahoo.com  on November 9, 2022. ECF 68.

On December 2, 2022, the Court on its own Motion, Order Continuing

Hearing On Motion To Dismiss.  IT IS ORDERED.  The Hearing On Debtor's

Motion To Dismiss Complaint filed November 8, 2022, (Docket 63) Is Hereby

CONTINUED TO JANUARY 10, 2023, AT 1:30 P.M. In Courtroom 5C.  Any

Response Is Due 14 Days Prior To The Hearing.  Replies are Due 7 Days Prior To

The Hearing.  (BNC-PDF). Signed on 12/2/2022. On December 4, 2022,

Defendant received by email at jamiegallian@gmail.com, BNC Certificate of

Notice – PDF Document. (RE: related document(s) 79 Order.   Immediately after

becoming aware of the BNC Certificate of Notice, Ms. Gallian decided to error on

the side of caution because of uncertainty of not knowing whether it was Debtor's

responsibility to give Notice of the Continued Hearing on her Motion to Dismiss

ECF 63, attached the BNC Order ECF 79, to Notice Of Motion For: (1) Motion To

Dismiss Adversary Complaint (Doc 63), Filed 11/8/2022 (2) Order Filed &

Entered Dec. 2, 2022 Continuing Hearing On Motion To Dismiss Is Attached for

The Convenience Of The Court And The Parties.  According to the Proof of

Service of the Motion, Robert McLelland, served a copy upon Janine Jasso, Esq.

by Email j9_jasso@yahoo.com  on December 4, 2022. ECF 82, 83.

{00574074.DOCX; 1}                     -12-

Plaintiff was Ordered on December 2, 2022, through the BNC Certificate of Notice-PDF ECF 80, stating "Any Response is Due 14 days Prior To The Hearing", (which was December 27, 2022), and was the deadline for Plaintiff to file and serve any written opposition to the Motion pursuant to Local Bankruptcy Rule 9013-1(f)(1).  Debtor's Reply is due 7 days prior to the hearing.

As reflected on the case docket for this adversary proceeding, Plaintiff did not file a written opposition to the Motion by this date.  Debtor has not had the appropriate time to respond to a myriad of excuses Plaintiff presents belied by the fact Plaintiff filed 5 Documents, (ECF 89, ECF 90, ECF 91, ECF 94, ECF 95 consisting of 1,691 pages.

Plaintiff self-reported and admitted in her Response ECF 91, page 4, Line 19-20, to having knowledge of Debtor's Motion to Dismiss in early December and admitted to receiving BNC Certificate of Notice – PDF (mailed to the address in the Master Listing, 7/11/2021, BNC Certificate of Notice, ECF 7, Plaintiff's P.O. Box).

"I received something from the court [sic] in December, which did not include any pleadings attached, regarding the Court calendaring Debtor's motion……." ECF 91 page 4 at Line 19-20,

Additionally, on December 4, 2022, Debtor prepared a corrected Notice of Hearing with the new date 1/10/23. Mr. Robert McLelland electronically served Plaintiff, Janine Jasso j9_jasso@yahoo.com on December 5, 2022. ECF 82

Federal Rule of Bankruptcy Procedure 4007(c) provides that a complaint to determine dischargeability of debt under 11 U.S.C. § 523(a) "shall be filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] §

{00574074.DOCX; 1}                    -13-

341(a) ... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Since the first date set for the meeting of creditors under 11 U.S.C. § 341(a) as stated in the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, was August 18, 2021, and the Official Form 309A, Notice of Chapter 7 Bankruptcy Case was served on all creditors, including Plaintiff, the 60-day deadline to challenge whether certain debts are dischargeable was October 18, 2022. ECF 7 See, Federal Rule of Bankruptcy Procedure 4007(c). This filing deadline, October 18, 2021, was also expressly stated in the Official Form 309A, Notice of Chapter 7 Bankruptcy Case. ECF 7. Plaintiff did not file the Complaint until October 19, 2021, which was after the deadline without an extension. "[W]hen a creditor seeks to extend the 60-day window to file a nondischargeability complaint, the creditor must file a motion before the deadline passes and show cause why the extension is necessary." Willms v. Sanderson, 723 F.3d 1094, 1100 (9th Cir. 2013) (citing Federal Rule of Bankruptcy Procedure 9006(b)(3) and noting that the deadline for filing a nondischargeability complaint may be extended only to the extent and under the conditions stated in Federal Rule of Bankruptcy Procedure 4007(c)). The Federal Rules of Bankruptcy Procedure "afford [a bankruptcy court] no discretion to extend retroactively the deadline set in [Federal Rule of Bankruptcy Procedure] 4007(c) for filing nondischargeability complaints." Anwar v. Johnson, 720 F.3d 1183, 1185-1186 (9th Cir. 2013) (an attorney's computer problems did not excuse his late filing of two dischargeability complaints by 26 and 38 minutes).

Therefore, under the Federal Rules of Bankruptcy Procedure, Plaintiff was required to either file a nondischargeability complaint or a motion to extend the

{00574074.DOCX; 1}                    -14-

deadline to file such a complaint, for cause, within 60 days of the 11 U.S.C. §
341(a) meeting of creditors, i.e. by October 18, 2021. Plaintiff did not file the
Complaint or a motion to extend the deadline by October 18, 2021, and therefore,
the Complaint is time-barred.

In Willms v. Sanderson, the Ninth Circuit stated that "Ninth Circuit law strictly
construes Rule 4007(c) and courts cannot extend its time limit implicitly where no
such motion is made." 723 F.3d at 1100 (alterations and citations omitted). The
strict application of Rule 4007(c) is "necessary due to the need for certainty in
determining which claims are and are not discharged." Id. (citation omitted). The
Ninth Circuit has "repeatedly held that the sixty-day time limit for filing
nondischargeability complaints under [§ 523(a)] is strict and, without qualification,
cannot be extended unless a motion is made before the 60-day limit expires."
Anwar v. Johnson, 720 F.3d at 1187 (citations and internal quotation marks
omitted).

The evidentiary record described herein indicates that Plaintiff was aware of the
deadline to file a complaint to determine dischargeability of debt that Defendant
owes to him because: (1) the Official Form 309A, Notice of Chapter 7 Bankruptcy
Case notified creditors of the filing deadline and was served on Plaintiff on July
11, 2021 as indicated by the Bankruptcy Noticing Center certificate of notice, ECF
7, which gave him notice of the deadline of over 90 days, more than the minimum
30 day notice required by Federal Rule of Bankruptcy Procedure 4007(c); (2)
Plaintiff was preparing to file the Complaint on the last day of the filing period
under Federal Rule of Bankruptcy Procedure 4007(c) on October18, 2021,
however Plaintiff did not sign the complaint with a wet signature; (3) If Plaintiff
lives in El Paso Texas as self-reported to this Court, did Ms. Jasso, sign the

{00574074.DOCX; 1}                              -15-

Complaint and file the Complaint on October 19, 2021 in the Clerk's Office; (4) In

Ms. Jasso's attempt to file the Complaint on time on October 18, 2021, the

Complaint was filed at the Clerk window without a wet signature was ineffective;

and (5) Ms. Jasso's last attempt to file the Complaint on October 19, 2021 was

effective, but beyond the sixty-day filing deadline.

None of these facts can be disputed by Plaintiff.

Ms. Jasso's attempt to file the Complaint with the Bankruptcy Clerk window on

time was ineffective because an unsigned complaint without a wet signature is not

a proper filing a complaint. Under Federal Rule of Bankruptcy Procedure 5005(a),

complaints and other papers required to be filed under the Federal Rules of

Bankruptcy Procedure "shall be filed with the clerk in the district where the case

under the [Bankruptcy] Code is pending." Because Defendant's bankruptcy case

was pending in the Central District of California, Plaintiff was required to file the

Complaint with the Clerk of the Bankruptcy Court in the Central District of

California. The Local Bankruptcy Rules for the Central District of California

mandate the electronic filing with the Clerk of "all documents submitted in any

case or proceeding," on the Bankruptcy Court's Case Management/Electronic Case

Filing ("CM/ECF") System unless the filing includes confidential court records or

the filing party is a pro se litigant [or] an "attorney who files documents in fewer

than 5 bankruptcy cases or adversary proceedings in a single calendar year[.]"

Local Bankruptcy Rule 5005-4 and Section 3.1 of the Court Manual for the

United States Bankruptcy Court, Central District of California (the "Court

Manual"). As stated in the Court Manual, "Case Management/Electronic Case

Filing (CM/ECF) is a case management system that allows [attorneys] to

electronically file petitions and other documents via the internet." Court Manual, §

{00574074.DOCX; 1}                    -16-

3.1(a). Generally, [only] attorneys admitted to practice in the Central District of California, currently in good standing, are eligible to use the CM/ECF system and file documents with the Bankruptcy Court electronically, and the attorneys must be registered with CM/ECF, must have completed online training on the CM/ECF system and prove competence on the system to use it and file documents with the court electronically. Court Manual, § 3.2(a), (b) and (c).

In this case, Plaintiff, a California Licensed Attorney in good standing, eligible to file documents with the Bankruptcy Court electronically on the court's CM/ECF system, although not required to file her Complaint electronically, as Ms. Jasso  filed the Adversary Complaint "in pro se".  However, since the inception of Debtor's Chapter 7 case, the only address ever provided [by] Ms. Janine Jasso is a P.O. Box in El Paso, Texas.  All complaints and pleadings in this Chapter 7 filed by Plaintiff, Janine Jasso, Esq. list a P.O. Box 370161 El Paso, TX 79937.

Pursuant to Local Bankruptcy Rule 1071-1(c), "Documents filed non-electronically, other than a petition, must be filed only in the divisional office of the clerk to which the relevant case or proceeding has been assigned.

However, the clerk may, by special waiver or upon the order of the court, accept documents in any office of the clerk irrespective of division." Further, a "document delivered for filing to the clerk will be accepted if accompanied by any required fee and signature[...]." Local Bankruptcy Rule 5005-1.

Section 3.11 of the Court Manual is nearly identical to Local Bankruptcy Rule 5005-4 and repeats the exceptions to mandatory electronic filing. Court Manual, § 3.11 at 3-18 and 3-19. Moreover, the Court Manual states that if, for

{00574074.DOCX; 1}                                   -17-

example, the court is unable to accept electronic filings for any reason, "the option of filing documents manually at the filing window always remains available and should be utilized whenever it is essential that a particular document be filed by a particular date." Id., § 3.12 at 3-19.  For pro se litigants, after application and approval, the court provides an Electronic Drop Box ("EBD").

The court's local rules and the Court Manual thus provide that the filing of a complaint or other document with the Clerk of the Bankruptcy Court is to be done electronically if the filer is required to file electronically, and if the filer [is not] required to file electronically, the filer is to file the complaint or other document manually at the filing window of the Clerk's Office.

Accordingly, Ms. Jasso's Unsigned Complaint ECF 1, presented without a wet signature, was unauthorized and ineffective, and her second filing of the Complaint at the filing window, (ECF. 3) on October 19, 2021 which was purportedly executed with Ms. Janine Jasso's wet signature and effective, was late.

The time limit of <u>Federal Rule of Bankruptcy Procedure 4007(c)</u> is strictly enforced and cannot be extended once the deadline has passed, which happened here as the Complaint was filed late, without any request for extension of time filed before the deadline.

<u>CONCLUSION</u>

Plaintiff's Complaint was not filed within the time period required under <u>Federal Rule of Bankruptcy Procedure 4007(c)</u> and is therefore time-barred.

{00574074.DOCX; 1}                    -18-

Defendant's respectfully request the Motion To Dismiss the Complaint and the Adversary Proceeding be granted and the Complaint and the adversary proceeding be dismissed with prejudice. Anwar v. Johnson, 720 F.3d at 1189 (affirming the bankruptcy court's dismissal of the dischargeability complaint with prejudice for filing the complaint late under Federal Rule of Bankruptcy Procedure 4007(c)).

Dated:    1/9/2023                        Respectfully submitted,

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN
Defendant, IN PRO PER

FOOTNOTES

[1]  The form also notes that "You must file a complaint: ... if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6)." Id.

{00574074.DOCX; 1}                        -19-

19

1    JAMIE LYNN GALLIAN
     16222 Monterey Ln. #376
2    Huntington Beach, CA 92649
     Telephone (714) 321-3449
3    jamiegallian@gmail.com

4    Debtor, Defendant, IN PRO PER

5                       UNITED STATES BANKRUPTCY COURT

6              CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA  DIVISION

7

8                                           Case No. 8:21-BK-11710-SC

9                                           Adv. 8:21-ap-01096-SC

10   In re                                  Before the    *Honorable*    *Scott C. Clarkson*
                                            **NOTICE OF AND MOTION TO DISMISS**
11   JAMIE LYNN GALLIAN                      **COMPLAINT:**

                                            **1. TO DETERMINE DISCHARGEABILITY OF**
12         Debtor                            **CIVIL ATTORNEY FEES DEBT SEPARATE**
                                            **AND ASIDE OF FEES/FINE PURSUANT TO**
13   _____            **§523(A)(7);**
                                            **ARGUMENT PRESENTED IN concurrent MSJ FOR**
14   JANINE JASSO, ESQ.                      **DISMISSAL OF 1ST CAUSE OF ACTION §523(a)(7)**
     an individual
15                                           **2.  TO DETERMINE NONDISCHARGEABILITY**
                                            **OF DEBT PURSUANT TO 11 U.S.C. SECTION**
16         Plaintiff                         **523(a)(2)(A);**

17   vs.                                     **3.   FOR DENIAL OF DISCHARGE**
                                            **PURSUANT TO 11 U.S.C. SECTION 727(a)(3);**
18   JAMIE LYNN GALLIAN                      **4.  FOR DENIAL OF DISCHARGE PURSUANT**
                                            **TO 11 U.S.C. SECTION 727(a)(4);**
19         Defendant                         **5.  FOR DENIAL OF DISCHARGE PURSUANT**
                                            **TO 11 U.S.C. SECTION 727(a)(5).**
20
                                            [F.R.C.P. §§9(b), 12(b)(6); F.R.B.P. §§7009, 7012
21
                                            Date: 11-15-2022
22                                           Time: 1:30pm
                                            Courtroom 5C ZoomGov
23                                           Location: 411 W. Fourth Street, Santa Ana, CA 92701

24

25

26   **TO PLAINTIFF JANINE JASSO, ESQ :**

27   **PLEASE TAKE NOTICE** that on 11-15-2022 at 1:30 PM in the Courtroom of the

28   Honorable Scott C. Clarkson, United States Bankruptcy Judge, Courtroom 5C located at the

                                                                                    20

1   United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building

2   and Courthouse, located at 411 West Fourth Street, Suite 5060, Santa Ana, CA 92701-4593,

3   Debtor and Defendant **JAMIE LYNN GALLIAN** ("Defendant") moves for an order

4   dismissing the *Adversary Complaint:*

5   *1.   To Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Section §523(a)(7);*

6   *2.   To Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Section §523(a)*
         *(2)(A);*
7
    *3.   For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(3);*
8
    *4.   For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(4)*
9
    *5.   For Denial of Discharge Pursuant to 11 U.S.C. Section 727(a)(5);*
10
    ("Original Complaint") filed 10-18-2021 Doc-1 [unsigned] herein by Plaintiff  JANINE JASSO,
11  ESQ. ("Plaintiff"). A second complaint was filed 10-19-2021, Doc-3; a FAC was filed 11-16-2021,
    Doc-6, was without leave of court.  The FAC added new causes of action and facts unrelated to the
12  "original [unsigned] complaint" Doc-1.  Doc -3 was filed after the time to object to discharge 4007.

13
         The *Motion to Dismiss* will be based on this Notice, on the
14
    attached Memorandum of Points and Authorities, on all the papers and records on file in
15
    this action, and on such oral and documentary evidence as may be presented at the hearing of the
16
    *Motion.*
17
         Defendant brings this *Motion to Dismiss* pursuant to F.R.C.P. §§9(b), 12(b)(6), and F.R.B.P.
18
    § 7009, 7012, on the grounds that Plaintiff has failed to state a claim upon which relief may be
19
    granted. Plaintiff's Complaint fails to meet even the minimal elements of 11 U.S.C. §523(a)(2) and
20
    § 727(a). Plaintiff attempts to allege causes of action by providing an excessive listing of vague,
21
    redundant, and ultimately confusing assertions of fact (many of which only marginally qualify as
22
    facts), then, failing to apply those assertions to the elements of any given cause of action, makes only
23
    sweeping conclusory declarations of Defendant's liability. As a result, the pleading defies a basis for
24
    drawing any reasonable inference that Defendant is responsible for the misconduct alleged, let alone
25
    any of the injuries or damages which Plaintiff claims to have suffered. It is not the responsibility of
26
    Defendant, and certainly not the responsibility of the Court, to decipher the relevant facts from the
27
    referenced narrative in order to construct Plaintiff's claims for relief.
28

1     Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this Motion must

2  be stated in writing, filed with the Clerk of the Court and served on Defendant at the

3  address located in the upper left hand corner no later than fourteen days prior to the

4  hearing. Failure to so state, file and serve any opposition may result in the Court failing to cons

5  ider the same.

6

7

8  DATED:        November 7, 2022        Respectfully submitted,

9

10                                       *Jamie Lynn Gallian*

11                                       JAMIE LYNN GALLIAN
                                         Debtor and Defendant,
12                                       In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .-1-

    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    PLAINTIFF'S  COMPLAINT  IS PROPERLY DISMISSED  PURSUANT  TO  F.R.C.P.

       §§  9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012 . . . . . . . . . . . . . . . . .

       PLAINTIFF'S 1ST CAUSE OF ACTION UNDER§ 523.7(a)(7) IS

          PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . .


       PLAINTIFF'S 2nd CAUSE OF ACTION FOR FRAUD UNDER 11 U.S.C.

          § 523(a)(2)(A)   IS PROPERLY DISMISSED . . . . . . . . . . . . . . -4-

       PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C.§727(a)(3)  IS

          PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

       PLAINTIFF'S 4TH CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(4)  IS

          PROPERLY DISMISSED  . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

       PLAINTIFF'S 5TH CAUSE OF ACTION UNDER 11 U.S.C.  §727(a)(5) IS

          PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

# TABLE OF AUTHORITIES

## CASES

*Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) . . . . . . . . . . . . . . -10-

*AHCOM, Ltd. v. Smeding,*, 2010 WL 4117736, 2010 DJDAR 16125, Case No. 09-16020 (9th Cir. Oct. 21, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . -4-

*Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006) . . . . . . . . . . . . . . . . -10-

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004) . . . . . . -10-

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . -4-

*Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997) . . . . . . . . . . . . -10-

*In re Actrade Financial Technologies Ltd.*, 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005) . . . . . . -5-

*In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*In re BFP*, 974 F.2d 1144 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*In re Cohen*, 300 F.3d 1097 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1331 n.2 (9th Cir. 1985) . . . . . . . . . . . . . . . . -7-

*In re Dawley*, 312 B.R. at 787 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*In re Fravel*, 143 Bankr. 1001 (Bankr. E.D.Va.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*In re Jacobs*, 403 B.R. 565, 574 (Bankr. N.D. Ill. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Kanaley*, 241 B.R. 795, 803 (Bankr. S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*In re Schwartz & Meyers*, 130 Bankr. 416 (Bankr. S.D.N.Y.1991) . . . . . . . . . . . . . . . . . . . . . -5-

*In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d
Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*In re Zimmerman*, 320 B.R. at 806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006) . . . . . . . . . . -10-

*N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . -3-

*Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Parnes et al. v. Parnes(In re Parnes)*, 200 B.R. 710, 715(Bankr. N.D. Ga. 1996) . . . . . . . . . -12-

*Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) . . . . . . . . . . . . . . . -3-

*Schafer v. Las Vegas Hilton Corp. (In re Video Depot)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Swicegood*, 924 F.2d at 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102
S.Ct. 567, 70 L.Ed. 2d 474 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-


**STATUTES**

11 U.S.C.  §727(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C.  §727(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

11 U.S.C. § 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C. § 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -7-

11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C. § 727(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

11 U.S.C. §523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

11 U.S.C. §523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Civil Procedure Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -6-

Federal Rules of Civil Procedure, rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Section 548(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

# 1.    MEMORANDUM OF POINTS & AUTHORITIES

## a.    BACKGROUND

On 07/09/2021, the Debtor commenced this voluntary Chapter 7 bankruptcy.

On 10/18/2021, Plaintiff commenced this Adversary Complaint. 8:21-ap-01096,  filing an [unsigned] Complaint with the Clerk of the Court. Doc-1.

On 10/19/2021, Plaintiff filed a second complaint after 4:00pm, with the Clerk of the court.  Plaintiff failed to serve debtor, in pro per, with the second 10-19-2021 "signed copy" of the complaint. Doc 3

On November 16, 2021 Plaintiff filed a First Amended Adversary Complaint, ("FAC") added and expanding causes of actions and adding facts, not relating back to the original [unsigned] complaint filed 10-18-2021. Doc-1, subsequently re-filed on October 19, 2021. Doc-3 Plaintiff, a licensed California Attorney, failed to file a Notice of and Motion to \Amend Adversary Complaint Doc-3 and obtain leave of court and/or the courts permission to file a late adversary complaint broadening the causes of actions not relating or appearing in the original unsigned complaint Doc-1. Moreover, Plaintiff, Janine B. Jasso, Esq. is a Member of the California State Bar, SBN 170188 and has come into this court with unclean hands, mislead the court on several points of fact in the original complaint and the First Amended Complaint.

The Third Cause of Action is for Denial of Defendants' Discharge Pursuant to 11 U.S.C. §727(a)

(3);  The Fourth  Cause of Action is for Denial of Defendants' Discharge for False Oath Pursuant to

11 U.S.C. §727(a)(4)(A);  The Fifth Cause of Action  is for Denial of Defendants' Discharge for

Failure to Explain Losses Under 11 U.S.C. §727(a)(5).

Plaintiff's Second Cause based in part on Unit 376, Tract 10542 Unit 4, defendant a
bona fide purchaser 11-1-18, Compl ¶ 26 for value of a 2014 Skyline Custom Villa
manufactured home under an unexpired 80 yr Ground Leasehold Assignment from seller
Lisa Ryan, of approximately 35 years remaining on the unexpired ground lease, pursuant to
Health & Safety Code §18551. Seller Lisa Ryan, obtained the use of Lot 376 in 2006.
The Ground Space, Lot 376, under the 2014 Skyline Custom Villa installed by permit from
the Department of Housing nd Community Development in 9-2014, purchased by defendant
11-1-2018, based upon on an allegation, Compl ¶52, FAC ¶84 that Defendant engaged in an
fraudulent scheme to place her most substantial asset, the condominium Unit 53 located
at 4476 Alderport, also in Tract 10542, out of reach of Plaintiff, who, as an individual
Board member, was in the process of obtaining an attorney's fees award in excess of
$40,000.00, for successfully defending Debtor's civil cross-claims. Plaintiff, alleges debtor
conducted her personal affairs through her personal account and business bank
account held under the name of J-Sandcastle Co LLC, her sole member, alter ego
company, J-Sandcastle Co, LLC., (the "Alter Ego Company") in an effort to shield herself
from collection from judgments that that were not even entered until 2019.  Plaintiff, a Board
Member and former attorney for The   Huntington   Beach   Gables   Homeowners
Association,   whom obtained   a   $3,070.00   judgment against Debtor on September
27, 2018, and none against J-Sandcastle Co LLC or J-Pad, LLC. (FAC ¶ 45).
This claim is properly dismissed as Plaintiff is not the Chapter 7 Trustee and therefore
lacks the standing to raise a claim under 11 U.S.C. § 548.

While the Plaintiff claims: "Plaintiff was in the process of obtaining an attorney
fees award from defending against a cross claim" the basic elements of 11 U.S.C.
§523(a)(2)(A) are   nowhere   to be   found   in the Complaint, violating the
requirements of Federal Rule of Civil Procedure 9(b), made applicable to
bankruptcy by Federal Rule of   Bankruptcy Procedure 7009. The Complaint
does not identify: (1) a representation of fact by the debtor, (2) that was material, (3)
that the debtor knew at the time to be false, (4) that the debtor made with the
intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the
creditor's reliance was reasonable, and (7) that damage proximately resulted from the
misrepresentation.

27

Plaintiff's Second Cause of Action is for Denial of Defendants' Discharge Pursuant to 11

U.S.C. §727(a)(2)(A) ) is based on an allegation that: " Defendant engaged in an ongoing

scheme to avoid, delay, hinder and defraud Plaintiff and her creditors, who had obtained

judgments against her by concealing and transferring property, that was rightfully hers, to her

Alter Ego Companies to prevent her creditors from collecting on their debts. (Complaint ¶ 42).

The Complaint is silent as to what specific assets were transferred to Alter Ego Companies -

and the dates of said alleged transfers - to prevent her creditors from collecting on a judgment of

$319,000.00 that didn't enter until May 2019. Ironically, of the few assets that Plaintiff does

define as having been sold (ie., transferred), they occurred **beyond** the one-year pre-filing period.

Plaintiff's Third Cause of Action is for Denial of Defendants' Discharge for False Oath

Pursuant to 11 U.S.C. §727(a)(3) is based on an allegation that the Defendant omitted assets in her

bankruptcy, and failed to disclose said assets in her 341(a) examination - yet the

Complaint acknowledged that the Debtor amended her bankruptcy schedules at least nine

times, correcting and remedying what she invertently omitted beforehand. The Complaint

cites no facts that this was more than an innocent and inadvertent oversight, and no facts were

cited in the Complaint that this was a knowingly and fraudulently made false oath.

Plaintiff's Fourth Cause of Action is for Denial of Defendants' Discharge for Failure to

Explain Losses Under 11 U.S.C. §727(a)(5) is based on an allegation that the Defendant failed to

explain any loss of assets or deficiency of assets to meet the debtor's liabilities - yet the Complaint

acknowledged that the Debtor amended her bankruptcy schedules nine times, correcting,

explaining, and remedying what she inadvertently omitted beforehand. The Complaint cites no

facts of any asset that remains unaccounted for - since the amendments, all were accounted

for and explained. And since at this point in time, it is still "before the determination of a denial of

discharge" Defendant has successfully explained all of her previous errors by virtue of her nine

amendments filed solely In Pro Per.

Plaintiff's Fifth Cause of Action is for Alter Ego - which is not a valid cause of action

under 11 U.S.C. §523(a) and/or 11 U.S.C. §727(a). It's not even a valid cause of action under

California law.

Accordingly, the task has fallen upon Defendant to bring the instant *Motion to Dismiss*, for

failure to state a claim upon which relief can be granted pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating by reference, Rule 12(b)(6) of the Federal Rules of Civil Procedure in order to demonstrate that Plaintiff's pleading is filled with superfluous matter, alleging vague unspecified conduct, damages, and events which are so remote in time as to be time-barred and allegations which are mere conclusions.

> b.    **ARGUMENT**

A complaint must allege sufficient factual matter, which if accepted as true would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference that the defendant is liable for misconduct. Id.  The complaint must state a claim for relief that is plausible in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. at 1950. A dismissal without leave to amend should not be granted unless "the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (citation omitted).

Federal Rules of Civil Procedure, Rule 12(b)(6) provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted ... .

Courts have increasingly recognized that under appropriate circumstances these motions are useful and even necessary tools for disposing of insupportable claims.  Thus, while the Court, in deciding a motion to dismiss, must accept as true all material allegations of a complaint and construe them in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ibid*.) In other words, the relevant

question for purposes of a motion to dismiss for failure to state a claim is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft*, *supra*, 129 S.Ct. at 1959. However, the Court need not accept conclusory allegations, unwarranted deductions or unreasonable inferences. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981). Nor need a court assume that Plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983).  As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 7012, is similar to the common law general demurrer in that it tests the legal sufficiency of the claim or claims stated in the Plaintiff's unsigned complaint Doc 1 and First Amended Complaint Doc 6, without leave of court to amend. A court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978).

Therefore, a Rule 12(b)(6) dismissal motion is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). If a critical threshold element is missing from the Plaintiff's Complaint, a motion to dismiss under Rule 12(b)(6) must be granted. This is precisely the problem with Plaintiff's Unsigned Complaint and First Amended Complaint - alleged facts are not stated with the requisite specificity.

       i.      **PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P. §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012**

       (1)      **PLAINTIFF'S 2nd CAUSE OF ACTION FOR FRAUD UNDER 11 U.S.C. §523(A)(2)(A) IS PROPERLY DISMISSED**

The holding in *In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) provides:

The elements of a claim for fraudulent misrepresentation under section 523(a)(2)(A)

are: (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was reasonable, and (7) that damage proximately resulted from the misrepresentation.

To support a 11 U.S.C. §523(a)(2)(A) action, Plaintiff must establish that Defendant made a false representation with respect to existing and ascertainable facts. _In re Fravel_, 143 Bankr. 1001 (Bankr. E.D.Va.1992); _In re Schwartz & Meyers_, 130 Bankr. 416 (Bankr. S.D.N.Y.1991).

Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part that "A discharge under this title does not discharge an individual debtor from any debt or money, property, services, or an extension, renewal or refinancing of credit to the extent obtained by false pretenses, or false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." A claim under this "fraud" exception requires that the claim satisfy the heightened pleading requirements for fraud pursuant to Fed. R. Civ. P. 9(b). See _In re Jacobs_, 403 B.R. 565, 574 (Bankr. N.D. Ill. 2009)(citations omitted), as well as _In re Kanaley_, 241 B.R. 795, 803 (Bankr. S.D.N.Y. 1991).

Federal Rule of Civil Procedure Rule 9(b) and Federal Rule of Bankruptcy Procedure 7009 states "In alleging fraud, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." While intent or knowledge may be averred generally, however, the plaintiff must still plead the events claimed to give rise to an inference of intent or knowledge _Devaney v. Chester_, 813 F.2d 566, 568 (2d Cir. 1987), which may be accomplished by pleading facts consistent with certain well established "badges of fraud." _In re Sharp Int'l Corp._, 403 F.3d 43, 56 (2d Cir. 2004). In addition to providing a defendant with fair notice of the claim, Rule 9(b) serves the purpose of protecting a defendant from harm to his or her reputation or good-will by unfounded allegations of fraud, and by reducing the number of strike suits. _In re Actrade Financial Technologies Ltd._, 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005).

Those three terms, as used in section 523(a)(2)(A), embody different concepts in Congress' use of the disjunctive, or evidence an intent to deny a discharge under any such term." The term "false pretenses" is defined as conscious, deceptive or misleading conduct, calculated to obtain or deprive

31

another of property. It includes an implied misrepresentation or conduct intended to create a false

impression. The term "false representation" requires that the plaintiff present proof that the defendant

(1) made a false or misleading statement, (2) with the intent to deceive, and (3) to cause the plaintiff

to turn over money or property to the defendant. The term "actual fraud" requires proof of the five

fingers of fraud, or five elements of fraud, which are (1) a misrepresentation, (2) fraudulent intent or

scienter, (3) intent to induce reliance, (4) justifiable reliance, and (5) damage. A reckless

representation or silence regarding a material fact may in some cases constitute the requisite falsity,

and in certain cases a causal link, as opposed to actual reliance, may establish the creditor's injury.

Although the statute could conceivably be read as providing that one's debt may not be subject to the

discharge if one merely benefits from someone else's fraud, in keeping with the Congressional purpose

behind section 523 that is not the approach taken by the courts. The case law requires fraudulent

conduct, false pretenses, or false representations on the part of the particular debtor in question, either

directly or by imputation.

      Nothing in the Plaintiffs' complaint would satisfy Federal Rule of Civil Procedure Rule 8 and

Federal Rule of Bankruptcy Procedure 7008, let alone FRCP 9(b), as to whether a claim has been

alleged under Bankruptcy Code section 523(a)(2)(A) for fraud, false pretenses or

misrepresentation. The (Complaint ¶ 52) laments: "Debtor engaged in a fraudulent scheme to

place her most substantial asset, the condominium located at 4476 Alderport, Unit 53, out of reach

of Plaintiff, who, as an individual Board Member, was in the process of obtaining an attorney's fees

award in excess of $40,000.00 for successfully defending Debtor's civil cross claims" but clearly

no misrepresentation by Defendant has been alleged here, or any intent on her part to induce

reliance thereon. It not only does not plead sufficient "badges of fraud" as to Defendant, it also

does not plead any facts, as opposed to conclusions, describing her fraud. Without more, therefore,

the complaint's claim under section 523(a)(2)(A) of the Bankruptcy Code is properly dismissed.

      Further, Plaintiff's Second Cause of Action for Money Obtained by False Pretenses and

Actual Fraud Pursuant to 11 U.S.C. §523(a)(2)(A) is based on an allegation that Defendant, in her

operation of her various businesses including JP and JSC, operated these business as her alter ego

since October 18, 2018,  (the "Alter Ego Companies") in an effort to shield herself from personal

liabilty while at the same time using funds of these business for personal purpose.(Complaint ¶ 57).

This claim is properly dismissed as Plaintiff is not the Chapter 7 Trustee and therefore lacks the standing to raise a claim under 11 U.S.C. § 548.

11 U.S.C. § 548 gives the "*trustee* the ability to avoid any transfer of interest of the debtor in property, or any obligation incurred by the debtor that was made or incurred within one year before the date of the filing of the petition". "A trustee may set aside a transfer of an interest of the debtor if the debtor made the transfer ..."*In re Cohen*, 300 F.3d 1097 (9th Cir. 2002). The court continued "A trustee's right to recover differs dramatically depending on which section is applicable" See also *Schafer v. Las Vegas Hilton Corp. (In re Video Depot)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997. "Section 548(a)(2) of the Bankruptcy Code sets forth the avoiding powers of a **bankruptcy trustee** as they relate to fraudulent transfers of a debtor's interest in property." (Emphasis added) *In re BFP*, 974 F.2d 1144 (9th Cir.1992).

11 U.S.C. § 544 like Section 547 also vests power in the Trustee for the benefit of the estate. Like section 547 it specifically states rights for the trustee it clearly states "The **trustee** shall have... the rights and powers of avoidance of any transfer of property of the debtor or any obligation incurred by the debtor..." (Emphasis added).

"Section 544 of the Bankruptcy Code, the "strong-arm clause," grants a trustee in bankruptcy "the rights and powers of a hypothetical creditor who obtained a judicial lien on all of the property in the estate at the date the petition in bankruptcy was filed." *In re Commercial W. Fin. Corp.,* 761 F.2d 1329, 1331 n.2 (9th Cir. 1985) (citing 11 U.S.C.&sect; 544(a)(1)). "One of these powers is the ability to take priority over, or `avoid' security interests that are unperfected under applicable state law . . . ." Id. Avoiding such interests relegates them to the status of a general unsecured claim. See 5 *Collier on Bankruptcy* ¶¶ 544.02, 544.05 (Lawrence P. King ed., 15th ed. rev. 2000).*Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001).

F.The rule is clear, the rights which Plaintiff seeks to enforce belong solely to the trustee, they are not Plaintiff's to exercise.

(2)     **PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2)(A) IS PROPERLY DISMISSED**

11 U.S.C. §727(a)(2)(A) - Discharge provides:

-7-

33

1  (a) The court shall grant the debtor a discharge, unless—
2  (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the
   estate charged with custody of property under this title, has transferred, removed,
   destroyed, mutilated, or concealed, or has permitted to be transferred, removed,
3  destroyed, mutilated, or concealed—
   (A) property of the debtor, ***within one year before the date of the filing of the petition***
4  [Emphasis added]

5      Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a

6  disposition of property by or at the sufferance of the debtor by transfer, removal, destruction,

7  mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud

8  a creditor through the act disposing of the property. Both elements must take place within 1-year of

9  the Petition Date of 7-09-2021 (the one-year pre-filing period); acts and intentions occurring before

10 this period are forgiven. *In re Lawson*, 122 F3d 1237 (CA9 1997).

11     This section is construed liberally in favor of the debtor and strictly against those objecting

12 to discharge.  Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it must be shown

13 that there was an actual transfer of valuable property belonging to the debtor which reduced the

14 assets available to the creditors and which was made with fraudulent intent. *In re Garcia*, 168 B.R.

15 403 (D. Ariz. 1994).

16     Plaintiff's Third Cause of Action is for Denial of Defendants' Discharge Pursuant to 11

17 U.S.C. §727(a)(2)(A) ) is based on an allegation that: "Defendant engaged in an ongoing scheme to

18 avoid, delay, hinder and defraud their creditors, including Plaintiff, who was in the process of

19 obtaining judgments against by concealing and transferring property, that was rightfully hers, to her

20 Alter Ego Companies to prevent plaintiff from collecting on debts. (Complaint ¶ 42).

21     The Complaint is silent as to what specific assets were transferred to Alter Ego Companies -

22 and the dates of said alleged transfers - to prevent the only creditor, Huntington Beach Gables

23 Homeowners Association from collecting on their September 2018, $3070.00 judgment.

24     Ironically, of the single asset that Plaintiff does define as having been sold 4476 Alderport Unit

25 53, (ie., transferred), occurred **beyond the one-year pre-filing period** (7-9-2020 - 7-9-2021).

26 Complaint ¶ 24, FAC ¶35 & 36 identifies real property located at 4476 Alderport Unit 53

27 Huntington Beach, CA., 92649 that was sold to Mr. Nickel on October 31, 2018

28

-8-

34

real property that was sold by the Debtor on 10-31-2018 ( beyond the one-year pre-filing period (7-9-2020 -7-9-202)).

Complaint ¶ 11; 24; FAC ¶13, 35, 36 identifies (1) real property (4476 Alderport Huntington Beach, CA; 92649) that was once owned by the Debtor, but is silent as to whether it was transferred within the one-year pre-filing period (7-9-2020 - 7-9-2021).

Complaint ¶ 26 identifies (1) 2014 Manufactured Home "on or about November 1, 2018, Debtor purchased the Lisa Ryan's (sic) mobile home located at 16222 Monterey Lane, Space 376," but is silent as to whether it was transferred within the one-year pre-filing period (7-9-2020 - 7-9-2021).

| Chattel | Transfer Date |
|---|---|
| 2014 Skyline Custom Villa Complaint ¶30 FAC ¶ 50 (Transferred for $225,000.00, 30-yr Manufacture Financing Secured Promissory Note) | Within 2 years of the Petition Date 11/16/2018 admittedly transferred within four years. |
| Complaint ¶32; FAC ¶ 57 2/26/2019 "Debtor and J-Sandcasle Co LLC, became the joint owners of J-Pad" | 02/26/2019 admittedly transferred within four years. |
| FAC¶ 58 1/8/2020, "Robert McLelland....became the sole owner of J-Pad" | 01/2/2020 admittedly transferred within four years. |
| Complaint ¶34; FAC ¶1/29/20, J-Pad and Family Members of Debtor became owners of JSC. | 01/29/2020 admittedly transferred within four years. |

There is no factual allegation in the Complaint of any subjective intent on the Defendants' part to hinder, delay or defraud a creditor, or any creditor, from 7-9-2020 - 7-9-2021.

Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. §727(a)(2)(A) is properly dismissed.

(3)     **PLAINTIFF'S 4th CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(4) IS PROPERLY DISMISSED**

**11 U.S.C. §727(a)(4)(A) - Discharge provides:**
(a) The court shall grant the debtor a discharge, unless (4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account

-9-

35

A plaintiff seeking denial of a debtor's discharge under § 727(a)(4)(A) must prove that: (1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312. *Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000); *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006). See also *In re Zimmerman*, 320 B.R. at 806.

Not all omissions or errors, however, lead to denial of a discharge. A debtor that is merely careless in preparing schedules and statements or in testimony in connection with a case may receive a discharge absent proof of fraudulent intent. *Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006); *Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004). Further, a debtor who relies on the advice of counsel who is generally aware of all relevant facts also will not be found to have made a false oath. *In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005); *In re Dawley*, 312 B.R. at 787.

A party objecting to discharge under § 727(a)(4)(A) must prove by a preponderance of the evidence that "the false oath [was] fraudulent and material." *Swicegood*, 924 F.2d at 232.

Plaintiff's Fourth Cause of Action is for Denial of Defendants' Discharge for False Oath Pursuant to 11 U.S.C. §727(a)(4)(A)  is based on an allegation that the Defendant omitted assets in her bankruptcy, and failed to disclose said assets in her 341(a) examination - yet the Complaint acknowledged that the Debtor amended her bankruptcy schedules several times, correcting and remedying what she inadvertently omitted beforehand. In *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) the Court clearly stated that an opportunity to clear up inconsistencies and omissions with amended schedules may be considered in analyzing findings of actual intent to defraud); *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997). Here, the Defendant voluntarily amended  ((9-7-2021, 9-22-2021, 10-14-2021),

36

her Schedules and Statement of Financial Affairs ***before*** this Complaint was ever filed (10-18-2021-bk-Doc-28) or [ap-01096-[Doc-1] and ap-01096 10-19-2021 [Doc-3] and 11-16-2021 FAC [Doc-6] before she even knew that a 727 complaint was being filed against her. The Debtor seized her own opportunities to clear up any inconsistencies or omissions with amended Schedules and Statement of Financial Affairs demonstrating that she lacked actual intent to defraud.

Under the "Relations Back" Doctrine of F.R.C.P. 15, and F.R.B.P 7015, said amendments (1)9-07-2021 [Doc-15], (2) 9-22-2021 [Doc-16], (3) 10-14-2021 [Doc-22], (4) 11-16-2021 [Doc-37], (5) 11-22-21 [Doc-38], (6) 11-23-2021 [Doc-39], (7) 12-1-21 [Doc-42], (8) 3-11-2022 [Doc-72], (9) 3-15-22 [Doc-75] relate back to the initial bankruptcy filing of 7-09-2021, and therefore verify the integrity of this Defendant to maintain the accuracy of her Petition.

The Complaint itself acknowledged the Defendant's amendments (FAC ¶ 98 calling them "knowingly signed the schedules") and how they cured and remedied what was accidentally omitted in the initial filing:

| Asset Allegedly Omitted in Initial Bankruptcy | Reality | Cured By Amendment |
|---|---|---|
|  |  |  |
| Complaint ¶ | Defendants' Statement of Financial Affairs of 9-7-2021 [Doc 15] # 27, listed 2 LLC's: (1) J-Sandcastle Co (2) J-Pad, LLC See Complaint ¶ 25 &26 |  |
|  |  |  |

| | | |
|---|---|---|
| FAC ¶ 103: Defendant stted she had not sold, traded.... not list any transfers under Question 18 of her SOFA regarding transfers of property in the two (2) years preceding the Petition Date | There were no transfers to record of real estate within the two (2) years preceding the Petition Date (7-9-2019 -7-9-2021). Complaint ¶ 24 FAC ¶13 identifies real property located at 4476 Alderport Huntington Beach CA 92649 that was sold by the Debtor on 10-31-2018 (beyond the one-year pre-filing period (7-9-2020 - 7-9-2021). | |
| | | |

The Complaint cites no facts that the initial errors that were corrected by amendments were nothing more than innocent and inadvertent oversights, and no facts were cited in the Complaint that they were knowingly and fraudulently made false oaths.

The Complaint is silent as to whether the alleged concealed information would have or could have revealed assets available for creditors, especially if the assets in question were exempted      . The Complaint does not allege that the Debtor made a false oath with fraudulent intent. In fact, the evidence will show if this case goes to trial that the Defendant was not adequately interrogated by her retained attorney [subsequently rescinded the retainer agreement] in the initial consultation and preparation of her schedules. Such reliance on an attorney can, with other evidence, demonstrate a lack of actual intent. *Parnes et al. v. Parnes(In re Parnes)*, 200 B.R. 710, 715(Bankr. N.D. Ga. 1996). Accordingly, Plaintiff's 4th Cause of Action under 11 U.S.C. §727(a)(4) is properly dismissed.

(5)    **PLAINTIFF'S 5TH CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(5) IS
PROPERLY DISMISSED**

The elements that comprise an objection to discharge under 11 U.S.C. § 727(a)(5): the debtor failed to explain satisfactorily, **before determination of denial of discharge** under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities. [Emphasis added]

Here, no trial has been scheduled, and Defendant explained satisfactorily, ***before*** determination of denial of discharge any loss of assets or deficiency of assets to meet the debtor's liabilities in her amendment of (1) 9-7-2021 [Doc-15], (2) 9-22-2021 [Doc-16-17], (3) 10-14-2021 [Doc-22], (4) 11-16-2021[Doc-37], (5) 11-22-2021 [Doc-38], (6) 11-23-2021[Doc-39], (7) 12-1-2021 [Doc-42], (8) 3-11-2022 [Doc-72], (9) 3-15-2022[Doc-75].

11 U.S.C. § 727(a)(5) does not explicitly require a creditor to call upon a debtor to explain a loss of assets prior to filing an adversary proceeding.  A denial of discharge under § 727(a)(5) requires only that the debtor fail to explain a loss of assets "before determination of denial of discharge under this paragraph." To require a creditor to seek an explanation from the debtor prior to filing an adversary hearing would add an additional and redundant layer of inquiry to § 727(a)(5).  Accordingly, Plaintiff's 5th Cause of Action under 11 U.S.C. §727(a)(5) is properly dismissed.

(5) PLAINTIFF'S ALLEGED CAUSE OF ACTION FOR ALTER EGO PROPERLY DISMISSED.

In AHCOM, Ltd. v. Smeding,, 2010 WL 4117736, 2010 DJDAR 16125, Case No. 09-16020 (9th Cir. Oct. 21, 2010), the Ninth Circuit  concluded, "California law does not recognize an alter ego claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos for the purposes of all the corporation's debts." The Ninth Circuit overruled opinions relied on a California state court case, Stodd v. Goldberger, 73 Cal. App. 3d 827 (1977), for the proposition that California recognized a general alter-ego claim. Accordingly, Plaintiff's alleged Cause of Action for  alter ego is properly dismissed.

-13-

39

**c. CONCLUSION**

Plaintiff has not demonstrated, nor can she state a viable claim under any cause of action in her Complaint; lacking liability and filed for the purpose of harassment, unreasonable delay, and to obtain an unfair advantage in the *Nickel vs, Huntington Beach Gables Homeonwers Association, et al.* state court action filed by a bona fide purchaser of the Gallian real property in October 2018.

Particularly evident when one examines the Complaint's claims, which consists of no more than the gratuitous and bare-bones boilerplate conclusions minimally invoking this Court's jurisdiction. For the above reasons, Defendant prays that this Court dismiss Plaintiff's Complaint with prejudice, that Plaintiff not be granted leave to amend, that Plaintiff take nothing by her Complaint, and that Defendants' alleged debt to Plaintiff be discharged. Further, Defendant prays that this Court issue a finding of fact that the claims brought by Plaintiff are dischargeable, and that pursuant to 11 U.S.C. §524(a)(1) and (2), this discharge should also serve to void any future judgment to determine the personal liability of Defendant and operate as a permanent injunction against any actions whether commenced pre-petition or post-petition.

Further, Defendant prays that this Court award Defendant costs and reasonable attorney's fees in an amount which will be ascertained, pursuant to 11 U.S.C. §523(d) and Federal Rule of Bankruptcy Procedure 9011.

According, Defendant respectfully request that the Court enter an order granting the *Motion* in its entirety, and providing for such other and further relief as this Court deems just.

I declare under penalty of perjury the foregoing is true and correct. Signed at Huntington Beach CA. County of Orange.

DATED:        November 7, 2022        Respectfully submitted.

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN
Debtor and Defendant,
IN PRO PER

-14-

40

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 Skylab Road, Huntington beach, CA 92647

A true and correct copy of the foregoing document entitled: **MOTION TO DISMISS COMPLAINT: 1. TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A); 2. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A); 3. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A); 4. FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5); AND 5. FOR A FINDING OF ALTER EGO LIABILITY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___11/7/2022___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jeffrey I Golden (TR)    lwerner@wgllp.com; jlg@trusteesolutions.net;  kadele@wgllp.com**

**United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___11/7/2022___ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Judge Scott C. Clarkson**
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 W. Fourth Street, Ste. 5060
Santa Ana, CA 92701-4593

**Plaintiff Janine B. Jasso, Esq.**
**Email Address:**
**j9_jasso@yahoo.com**

**P.O. Box 370161**
**El Paso, Tx**
**79937**

☐    Service information continued on attached page

| | |
|---|---|
| November 7, 2022    Robert McLelland | *Robert McLelland* |
| Date            Printed Name | Signature    bobwentflying@yahoo.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)      lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

t of California.
**F 9013-3.1.PROOF.SERVICE**

1    JAMIE LYNN GALLIAN
2    16222 Monterey Lane Unit 376
     Huntington Beach, CA 92649
3    (714)321-3449
4    jamiegallian@gmail.com

5

6

7

8                  UNITED STATES BANKRUPTCY COURT
9
10      CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11   In re:                              )  CASE NO. 8:21-bk-11710-SC
12          JAMIE LYNN GALLIAN           )  Adv. 8:21-ap-01096-SC
                                         )  Chapter 7
13                  Debtor,              )
14                                       )
     JANINE JASSO                        )  DEFENDANTS' REPLY AND
15                                       )  OPPOSITION TO PLAINTIFF'S
16                  Plaintiff,           )  UNTIMELY RESPONSE (ECF 91)
                                         )  TO MOTION TO DISMISS, (ECF.
17                                       )  63)
            vs.                          )
18                                       )
19   JAMIE LYNN GALLIAN                  )  Date:   January 10, 2023
20                                       )  Time:  1:00 p.m.
                    Defendant            )  Dept:  5C Via Zoom.Gov
21                                       )  411 W. Fourth Street
22                                          Santa Ana, CA 92701

23   _____

24

25

26      **TO THE HONORABLE SCOTT C. CLARKSON, UNITES STATES**
27
     **BANKRUPTCY JUDGE,** PLAINTIFF, JANINE JASSO, THE OFFICE OF THE
28

                                    -1-

UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL

PARTIES IN INTEREST.

     JAMIE LYNN GALLIAN hereby opposes ECF 91.  Debtor has not received

Plaintiff's Opposition as declared in the Proof of Service ECF 91 at page 23 of 23.

Debtor downloaded ECF 91 from PACER.  It appears a family member of

Plaintiff, David Jasso, completed the Proof of Service declared on 1/01/2023.

     Notedly, F 9013-3.1. PROOF.SERVICE Section 1 states TO BE SERVED

BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF).  However, no

list of persons to be served via the NEF system is attached to the pleading or Proof

of Service.

     Second, the Chapter 7 Trustee, Jeffrey Golden was not listed, therefore not

served.

     Third, it appears after reading Ms. Jasso's Declaration, she declares under

penalty of perjury, and as an Officer of the Court, SBN 170188, she was not served

the pleading by Robert McLelland.

     Mr. McLelland has provided copies from his email account OC Services

(bobwentflying@yahoo.com) for the proposition Ms. Jasso was electronically

served with success on the dates stated on the f 9013-3.1Proof.Service filed with

Debtors Motion to Dismiss. ECF 63.

-2-

Additionally, in reviewing the Docket 8:21-ap-01096, ECF 91 appears noted on the Docket with a date of January 1, 2023, (New Year's Day, a Court holiday) but entered January 3, 2023.

MEMORANDUM POINTS & AUTHORITIES

BACKGROUND

On July 9, 2021, Defendant initiated the underlying bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. In re JAMIE LYNN GALLIAN No. 8:21-bk-11710-SC, (ECF. 1).

On Schedule E/F to her bankruptcy petition Defendant listed Plaintiff as one of six creditor(s) in addition to The Huntington Beach Gables Homeowners Association all claiming some interest in the same (1) nonpriority unsecured claim of $ 46,138.00.  Debtor listed Plaintiff as follows: "Janine Jasso, c/o Huntington Beach Gables Homeowners Association No. 8:21-bk-11710-SC, ECF 1 at 26 (internal paginations, Schedule E/F at 3/11, creditor 4.6).  On the same day, July 9, 2021, Defendant also filed a Verification of Master Mailing List of Creditors [LBR 1007-1(d)], certifying that the master mailing list of creditors filed in the bankruptcy case was complete, correct, and consistent with the Defendant's schedules. No. 8:21-bk-11710-SC, ECF 1 at 56. Debtor listed Plaintiff Janine Jasso P.O. Box 370161 El Paso, TX 79937.

On July 9, 2021, the court filed and entered an Official Form 309A, "Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline," ECF. 7 which stated in bold "This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully." No. 8:21-bk-11710-SC, ECF. 7 at 3/5.

-3-

The Official Form 309A, Notice of Chapter 7 Bankruptcy Case, also stated that "Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice, (See line 9 for more information.)[.]" Id. Line 6 of Official Form 309A, Notice of Chapter 7 Bankruptcy Case, listed the address, operating hours and contact phone number for the Bankruptcy Court Clerk's office with an explanation that "Documents in this case may be filed at this address." Id. at 4. Line 7 of the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, under the heading "Meeting of Creditors," stated the date of the meeting of creditors in bold: "August 18, 2021 at 9:00 a.m." Id. Line 9 of the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, under the heading "Deadlines," stated in bold: "File by the deadline to object to discharge or to challenge whether certain debts are dischargeable: ... Filing deadline: 10/18/21." Id.[1] Thus, the Official Form 309A, Notice of Chapter 7 Bankruptcy Case, stated that the 11 U.S.C. § 341(a) Meeting of Creditors was scheduled for August 18, 2021, and objections for discharge had to be filed no later than October 18, 2021. Id. (emphasis added).

On July 9, 2021, the court filed and entered the Master Mailing List of Creditors on the case docket, and included therein was: "Janine Jasso, c/o Gordon Rees Skully & Masukhani, 633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071-2005; Janine Jasso P.O. Box 370161, TX 79937-0161 No. 8:21-bk-11710-SC, ECF 7 (listing 36 total creditors).

On July 11, 2021, the Bankruptcy Noticing Center filed and entered its Certificate of Notice, ECF 7, attesting that the Official Form 309A, Notice of

1  Chapter 7 Bankruptcy Case, ECF 15, was served on all creditors, including Janine

2  Jasso. ECF 7 at 1.

3  According to the Certificate of Notice, the Bankruptcy Noticing Center served the

4  Official Form 309A, Notice of Chapter 7 Bankruptcy Case, ECF 7, on "Janine

5  Jasso, P.O. Box 370161, TX 79937-0161" and a second address

6
   "Janine Jasso c/o Gordon Rees Skully & Masukhani, 633 W. 5th Street, 52nd Floor,
7
   Los Angeles, CA 90071-2005 " both by first class mail on July 11, 2021. Id.
8

9

10      On October 18, 2021, Plaintiff filed her "Complaint for Determination of

11  Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523

12  And 727 of the Bankruptcy Code." ECF 1 (the "Complaint"). The face of the

13  Complaint indicated that Plaintiff was filing it as "Plaintiff, In Pro Per" Id.  The

14  Complaint was filed un-signed, without an original wet signature. Plaintiff dated

15  the Complaint October 18, 2021. Id. at 14.  The face of the complaint is stamped

16  FILED, Clerk U.S. Bankruptcy Court Central District of California BY: (No

17
    initials were noted) by Deputy Clerk.
18

19      A Proof of Service F 901303.1.PROOF.SERVICE was attached to the

20  Complaint, Id 91.  The Proof of Service contained the address of party over the age

21  of 18 and not a party to this bankruptcy case or adversary proceeding as

22
    3250 Fairesta Street, La Crescenta, CA 90214.
23
        Section 2 of F 9013-3.1.Proof .Service, states: On (date) 10/18/2021, I
24
    served the following persons and/or entities at the last known address in this
25
26  bankruptcy case or adversary proceeding by placing a true and correct copy thereof

27  in a sealed envelope in the United States mail, first class, postage prepaid, and

28

-5-

47

addressed as follows.  Listing the judge here constitutes a declaration that mailing

to the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith United States Bankruptcy Court Central District of California

Ronald Reagan Federal Building 411 West Fourth Street, Suite 5040/Courtroom

5A, Santa Ana, CA 92701-4593.

The debtor is not listed on the Proof of Service of Document. ECF 91. Request

Judicial Notice.   An Adversary Proceeding Cover Sheet is attached 1of 2.

However, the Cover Sheet is not signed nor dated by Plaintiff, and Page 2 of the

Cover Sheet is not attached.  Request Judicial Notice.

On October 19, 2021, Plaintiff filed an "Original signature page to

Complaint and Adv. Cover Sheet"; (Attachments: # 1 Original Signature Page to

Adv Cover Sheet. (Entered: 10/19/2021)  ECF 3

The identical 10/18/2021 Proof of Service F 901303.1.PROOF.

SERVICE was attached to the 10/19/2021 ECF 3, Complaint, Id 91.  The Proof of

Service contained the address of party over the age of 18 and not a party to this

bankruptcy case or adversary proceeding as 3250 Fairesta Street, La Crescenta, CA

90214.

Section 2 of F 9013-3.1.Proof.Service states: On (date) 10/18/2021, I served

the following persons and/or entities at the last known address in this bankruptcy

case or adversary proceeding by placing a true and correct copy thereof in a sealed

envelope in the United States mail, first class, postage prepaid, and addressed as

follows.  Listing the judge here constitutes a declaration that mailing to the judge

will be completed no later than 24 hours after the document is filed.

-6-

48

Hon. Erithe A. Smith United States Bankruptcy Court Central District of California
Ronald Reagan Federal Building 411 West Fourth Street, Suite 5040/Courtroom
5A, Santa Ana, CA 92701-4593.

Again, as noted above the debtor again is not listed on the Proof of Service
of Document. ECF 3. An Adversary Proceeding Cover Sheet attached 1of 2 filed
10/19/2021, ECF 3-1.

The "Title Page" of Plaintiff's Adversary Complaint, ECF 1 and ECF 3,
indicate JANINE JASSO, an individual, Plaintiff v. JAMIE LYNN GALLIAN, an
individual; and DOES 1 through 100, inclusive, Defendants.


Plaintiff's Adversary Complaint, ECF 1 and ECF 3, Title Page, indicate JANINE
JASSO, an individual, Plaintiff v. JAMIE LYNN GALLIAN, an individual; and
DOES 1 through 100, inclusive, Defendants.

The following list is as stated in ECF 1 and ECF 3:

Plaintiff  First Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES
1 Through 100)

Plaintiff  Second Cause of Action…..(Against JAMIE LYNN GALLIAN and
DOES 1 Through 100)

Plaintiff  Third Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES
1 Through 100)

Plaintiff  Fourth Cause of Action…..(Against JAMIE LYNN GALLIAN and
DOES 1 Through 100).

On October 26, 2021, Defendant's Answer to Complaint. ECF 4.

On October 27, 2021, Defendant refiled her Answer to Complaint with
Affirmative Defenses. ECF 5.

-7-

Debtor requests the Court take judicial notice of an Officer of the Court, Janine Jasso perjured statements on ECF 91, page 8, Line 6-7.  "Debtor answered Plaintiff's FAC on December 10, 2021.  See DK 13" "Debtor could have made a timely motion to dismiss before she answered the complaint." "Plaintiff has done months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC and Debtor's defenses listed in her DK 13 Answer, including obtaining Debtor and the Defendant J-PAD, LLC ("JP LLC") and Defendant J-SANDCASTLE CO LLC ("JSC LLC") (collectively "Defendant LLCs") bank, investment, and real property records from multiple government and private companies."

Debtor just has one question for Plaintiff…Then why if you did "months of discovery for this case based on Debtor's bankruptcy schedules prior to the filing of the FAC" does the FAC not contain one Cause of Action against J-Pad LLC or J-Sandcastle Co LLC????????????? And it has to be said, why would Plaintiff file 1691 pages.  All Debtor can say again is, "A complaint with the State Bar of California is forthcoming."

On November 16, 2021, Plaintiff filed her "First Amended Complaint For Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 And 727 of the Bankruptcy Code." ECF 6-1 (the "FAC Complaint"). The face of the Complaint indicated that Plaintiff was filing it as "Plaintiff . In Pro Per" Id.

-8-

50

The "Title Page" Plaintiff's First Amended Complaint, ECF 6, reads as

JANINE JASSO, an individual, Plaintiff

v.

JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited

Liability Company, J-Sandcastle Co LLC, A California Limited Liability

Company, and DOES 1 through 100, inclusive, Defendants.

Plaintiff's First Amended Complaint ECF 6:

Plaintiff  First Cause of Action…..(Against JAMIE LYNN GALLIAN and DOES

1 Through 100)

Plaintiff  Second Cause of Action…..(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100)

Plaintiff  Third Cause of Action….....(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100)

Plaintiff  Fourth Cause of Action…..(Against JAMIE LYNN GALLIAN and

DOES 1 Through 100).

There are [NO] Causes of Action asserted against J-Pad, LLC or J-Sandcastle Co

LLC in the Operative Complaint filed without Leave of Court. ECF 6

On September 20, 2022. Plaintiff filed Notice of Motion and Motion

To Strike Answers Filed Defendants J-Pad, LLC, And J-Sandcastle Co LLC;

Memorandum Of Points And Authorities In Support Thereof.  ECF 40

On October 25, 2022, the Court held a hearing on Ms. Jasso's MOT to Strike

the Answer(s) of J-Pad, LLC and J-Sandcastle Co LLC completed and filed by

JAMIE LYNN GALLIAN, the Debtor

-9-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Debtor believed she was required to file an Answer.  The Chapter 7 was filed on behalf of Jamie Lynn Gallian.  Neither J-Pad, LLC nor J-Sandcastle Co LLC have filed for bankruptcy.

Debtor was unaware of the hearing of October 25, 2022, therefore was not in attendance.  More interestingly Plaintiff, Janine Jasso, the Moving party did not appear at the hearing October 25, 2022.  Ms. Jasso's Motion to Strike J-Pad LLC and J-Sandcastle Co LLC Answer(s) was noted by the Court as [Unopposed]. Debtor has never been absent during any Court hearing in debtor's Chapter 7, in the almost 20 months this Chapter 7 case has continued on.  Debtor was in complete shock after reviewing the Courts Tentative Ruling Calendar October 25, 2022, and realize she was absent.

On November 2, 2022, Order Granting (Janine Jasso) Plaintiff's Motion To Strike The Answers Of Defendant's J-Pad And J-Sandcastle Co LLC And Entry of Default.  IT IS ORDERED: The Motion is Granted.  The Answers Filed By Defendant J-Pad Are Stricken From The Record (Docket 16 And 17).  The Answers Filed By Defendant J-Sandcastle Co LLC Are Stricken From The Record (Docket Nos. )14, 15, And 18.

In Accordance With These Orders, The Court Further Orders The Clerk To Enter The Default of Defendant, J-Pad, LLC And Enter The Default Of Defendant, J-Sandcastle Co. LLC.  (BNC-PDF) Related Doc 40.

On the Debtor's mind this evening…Plaintiff asserted [NO] Causes of Action against J-Pad LLC and J-Sandcastle Co LLC in Plaintiff's First Amended Complaint ECF 6, filed without obtaining leave of court; and also an FAC that does not relate back to ECF 1 and/or ECF 3 and added new Defendants no less.

-10-

However, on November 8, 2022, Defendant filed her "Motion for Dismissal of Adversarial Proceedings Filed by Plaintiff Janine Jasso against Debtor Jamie Lynn Gallian." ECF 63.  According to the proof of service of the Motion, Robert McLelland, served a copy of the Motion upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on November 8, 2022. ECF 64.

On November 9, 2022, Notice of Motion For: Motion To Dismiss Adversary Complaint:  1. Determine Dischargeability of Civil Attorney Fees Debt Separate and Aside Of Fees/Fine Pursuant To Section 523(A)(7); Argument Presented In Concurrent MSJ For Dismissal Of 1st Cause Of Action Section 523(a)(7); 2. To Determine Nondischargeability Of Debt Pursuant To 11 U.S.C. Section 523(a)(2)(A);  3.  For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(3);  4. For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(4);  5.  For Denial Of Discharge Pursuant To 11 U.S.C. 727(a)(5).  According to the Proof of Service of the Motion, Robert McLelland, served a copy of the Motion upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on November 9, 2022. ECF 68.

On December 2, 2022, the Court on its own Motion, Order Continuing Hearing On Motion To Dismiss.  IT IS ORDERED.  The Hearing On Debtor's Motion To Dismiss Complaint filed November 8, 2022, (Docket 63) Is Hereby CONTINUED TO JANUARY 10, 2023, AT 1:30 P.M. In Courtroom 5C.  Any Response Is Due 14 Days Prior To The Hearing.  Replies are Due 7 Days Prior To The Hearing.  (BNC-PDF). Signed on 12/2/2022. On December 4, 2022, Defendant received by email at jamiegallian@gmail.com, BNC Certificate of Notice – PDF Document. (RE: related document(s) 79 Order.  Immediately after becoming aware of the BNC Certificate of Notice, Ms. Gallian decided to error on the side of caution because of uncertainty of not knowing whether it was Debtor's

-11-

53

responsibility to give Notice of the Continued Hearing on her Motion to Dismiss ECF 63, attached the BNC Order ECF 79, to Notice Of Motion For: (1) Motion To Dismiss Adversary Complaint (Doc 63), Filed 11/8/2022 (2) Order Filed & Entered Dec. 2, 2022 Continuing Hearing On Motion To Dismiss Is Attached for The Convenience Of The Court And The Parties.  According to the Proof of Service of the Motion, Robert McLelland, served a copy upon Janine Jasso, Esq. by Email j9_jasso@yahoo.com  on December 4, 2022. ECF 82, 83.

Plaintiff was Ordered on December 2, 2022, through the BNC Certificate of Notice-PDF ECF 80, stating "Any Response is Due14 days Prior To The Hearing", (which was December 27, 2022), and was the deadline for Plaintiff to file and serve any written opposition to the Motion pursuant to Local Bankruptcy Rule 9013-1(f)(1).  Debtor's Reply is due 7 days prior to the hearing.

As reflected on the case docket for this adversary proceeding, Plaintiff did not file a written opposition to the Motion by this date.  Debtor has not had the appropriate time to respond to a myriad of excuses Plaintiff presents belied by the fact Plaintiff filed 5 Documents, (ECF 89, ECF 90, ECF 91, ECF 94, ECF 95 consisting of 1,691 pages.

Plaintiff self-reported and admitted in her Response ECF 91, page 4, Line 19-20, to having knowledge of Debtor's Motion to Dismiss in early December and admitted to receiving BNC Certificate of Notice – PDF (mailed to the address in the Master Listing, 7/11/2021, BNC Certificate of Notice, ECF 7, Plaintiff's P.O. Box).

"I received something from the court [sic] in December, which did not include any pleadings attached, regarding the Court calendaring Debtor's motion……." ECF 91 page 4 at Line 19-20,

-12-

1  Additionally, on December 4, 2022, Debtor prepared a corrected Notice of

2  Hearing with the new date 1/10/23. Mr. Robert McLelland electronically served

3  Plaintiff, Janine Jasso j9_jasso@yahoo.com on December 5, 2022. ECF 82

4

5  Federal Rule of Bankruptcy Procedure 4007(c) provides that a complaint to

6  determine dischargeability of debt under 11 U.S.C. § 523(a) "shall be filed no later

7  than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] §

8  341(a) ... On motion of a party in interest, after hearing on notice, the court may for

9  cause extend the time fixed under this subdivision. The motion shall be filed before

10  the time has expired." Since the first date set for the meeting of creditors under 11

11  U.S.C. § 341(a) as stated in the Official Form 309A, Notice of Chapter 7

12  Bankruptcy Case, was August 18, 2021, and the Official Form 309A, Notice of

13  Chapter 7 Bankruptcy Case was served on all creditors, including Plaintiff, the 60-

14  day deadline to challenge whether certain debts are dischargeable was October 18,

15  2022. ECF 7 See, Federal Rule of Bankruptcy Procedure 4007(c). This filing

16  deadline, October 18, 2021, was also expressly stated in the Official Form 309A,

17  Notice of Chapter 7 Bankruptcy Case. ECF 7. Plaintiff did not file the Complaint

18  until October 19, 2021, which was after the deadline without an extension.

19  "[W]hen a creditor seeks to extend the 60-day window to file a nondischargeability

20  complaint, the creditor must file a motion before the deadline passes and show

21  cause why the extension is necessary." Willms v. Sanderson, 723 F.3d 1094, 1100

22  (9th Cir. 2013) (citing Federal Rule of Bankruptcy Procedure 9006(b)(3) and

23  noting that the deadline for filing a nondischargeability complaint may be extended

24  only to the extent and under the conditions stated in Federal Rule of Bankruptcy

25  Procedure 4007(c)). The Federal Rules of Bankruptcy Procedure "afford [a

-13-

bankruptcy court] no discretion to extend retroactively the deadline set in [Federal Rule of Bankruptcy Procedure] 4007(c) for filing nondischargeability complaints." Anwar v. Johnson, 720 F.3d 1183, 1185-1186 (9th Cir. 2013) (an attorney's computer problems did not excuse his late filing of two dischargeability complaints by 26 and 38 minutes).

Therefore, under the Federal Rules of Bankruptcy Procedure, Plaintiff was required to either file a nondischargeability complaint or a motion to extend the deadline to file such a complaint, for cause, within 60 days of the 11 U.S.C. § 341(a) meeting of creditors, i.e. by October 18, 2021. Plaintiff did not file the Complaint or a motion to extend the deadline by October 18, 2021, and therefore, the Complaint is time-barred.

In Willms v. Sanderson, the Ninth Circuit stated that "Ninth Circuit law strictly construes Rule 4007(c) and courts cannot extend its time limit implicitly where no such motion is made." 723 F.3d at 1100 (alterations and citations omitted). The strict application of Rule 4007(c) is "necessary due to the need for certainty in determining which claims are and are not discharged." Id. (citation omitted). The Ninth Circuit has "repeatedly held that the sixty-day time limit for filing nondischargeability complaints under [§ 523(a)] is strict and, without qualification, cannot be extended unless a motion is made before the 60-day limit expires." Anwar v. Johnson, 720 F.3d at 1187 (citations and internal quotation marks omitted).

The evidentiary record described herein indicates that Plaintiff was aware of the deadline to file a complaint to determine dischargeability of debt that Defendant owes to him because: (1) the Official Form 309A, Notice of Chapter 7 Bankruptcy Case notified creditors of the filing deadline and was served on Plaintiff on July

-14-

11, 2021 as indicated by the Bankruptcy Noticing Center certificate of notice, ECF 7, which gave him notice of the deadline of over 90 days, more than the minimum 30 day notice required by Federal Rule of Bankruptcy Procedure 4007(c); (2) Plaintiff was preparing to file the Complaint on the last day of the filing period under Federal Rule of Bankruptcy Procedure 4007(c) on October18, 2021, however Plaintiff did not sign the complaint with a wet signature; (3) If Plaintiff lives in El Paso Texas as self-reported to this Court, did Ms. Jasso, sign the Complaint and file the Complaint on October 19, 2021 in the Clerk's Office; (4) In Ms. Jasso's attempt to file the Complaint on time on October 18, 2021, the Complaint was filed at the Clerk window without a wet signature was ineffective; and (5) Ms. Jasso's last attempt to file the Complaint on October 19, 2021 was effective, but beyond the sixty-day filing deadline.

None of these facts can be disputed by Plaintiff.

Ms. Jasso's attempt to file the Complaint with the Bankruptcy Clerk window on time was ineffective because an unsigned complaint without a wet signature is not a proper filing a complaint. Under Federal Rule of Bankruptcy Procedure 5005(a), complaints and other papers required to be filed under the Federal Rules of Bankruptcy Procedure "shall be filed with the clerk in the district where the case under the [Bankruptcy] Code is pending." Because Defendant's bankruptcy case was pending in the Central District of California, Plaintiff was required to file the Complaint with the Clerk of the Bankruptcy Court in the Central District of California. The Local Bankruptcy Rules for the Central District of California mandate the electronic filing with the Clerk of "all documents submitted in any case or proceeding," on the Bankruptcy Court's Case Management/Electronic Case Filing ("CM/ECF") System unless the filing includes confidential court records or

-15-

the filing party is a pro se litigant [or] an "attorney who files documents in fewer

than 5 bankruptcy cases or adversary proceedings in a single calendar year[.]"

Local Bankruptcy Rule 5005-4 and Section 3.1 of the Court Manual for the

United States Bankruptcy Court, Central District of California (the "Court

Manual"). As stated in the Court Manual, "Case Management/Electronic Case

Filing (CM/ECF) is a case management system that allows [attorneys] to

electronically file petitions and other documents via the internet." Court Manual, §

3.1(a). Generally, [only] attorneys admitted to practice in the Central District of

California, currently in good standing, are eligible to use the CM/ECF system and

file documents with the Bankruptcy Court electronically, and the attorneys must be

registered with CM/ECF, must have completed online training on the CM/ECF

system and prove competence on the system to use it and file documents with the

court electronically. Court Manual, § 3.2(a), (b) and (c).


In this case, Plaintiff, a California Licensed Attorney in good standing,

eligible to file documents with the Bankruptcy Court electronically on the court's

CM/ECF system, although not required to file her Complaint electronically, as Ms.

Jasso  filed the Adversary Complaint "in pro se".  However, since the inception of

Debtor's Chapter 7 case, the only address ever provided [by] Ms. Janine Jasso is a

P.O. Box in El Paso, Texas.  All complaints and pleadings in this Chapter 7 filed

by Plaintiff, Janine Jasso, Esq. list a P.O. Box 370161 El Paso, TX 79937.

Pursuant to Local Bankruptcy Rule 1071-1(c), "Documents filed non-

electronically, other than a petition, must be filed only in the divisional office of

the clerk to which the relevant case or proceeding has been assigned.

-16-

However, the clerk may, by special waiver or upon the order of the court, accept documents in any office of the clerk irrespective of division." Further, a "document delivered for filing to the clerk will be accepted if accompanied by any required fee and signature[...]." Local Bankruptcy Rule 5005-1.

Section 3.11 of the Court Manual is nearly identical to Local Bankruptcy Rule 5005-4 and repeats the exceptions to mandatory electronic filing. Court Manual, § 3.11 at 3-18 and 3-19. Moreover, the Court Manual states that if, for example, the court is unable to accept electronic filings for any reason, "the option of filing documents manually at the filing window always remains available and should be utilized whenever it is essential that a particular document be filed by a particular date." Id., § 3.12 at 3-19.  For pro se litigants, after application and approval, the court provides an Electronic Drop Box ("EBD").

The court's local rules and the Court Manual thus provide that the filing of a complaint or other document with the Clerk of the Bankruptcy Court is to be done electronically if the filer is required to file electronically, and if the filer [is not] required to file electronically, the filer is to file the complaint or other document manually at the filing window of the Clerk's Office.

Accordingly, Ms. Jasso's Unsigned Complaint ECF 1, presented without a wet signature, was unauthorized and ineffective, and her second filing of the Complaint at the filing window, (ECF. 3) on October 19, 2021 which was purportedly executed with Ms. Janine Jasso's wet signature and effective, was late.

The time limit of <u>Federal Rule of Bankruptcy Procedure 4007(c)</u> is strictly enforced and cannot be extended once the deadline has passed, which happened

-17-

59

here as the Complaint was filed late, without any request for extension of time filed

before the deadline.

CONCLUSION

   Plaintiff's Complaint was not filed within the time period required

under Federal Rule of Bankruptcy Procedure 4007(c) and is therefore time-barred.

   Defendant's respectfully request the Motion To Dismiss the Complaint and

the Adversary Proceeding be granted and the Complaint and the adversary

proceeding be dismissed with prejudice. Anwar v. Johnson, 720 F.3d at 1189

(affirming the bankruptcy court's dismissal of the dischargeability complaint with

prejudice for filing the complaint late under Federal Rule of Bankruptcy Procedure

4007(c)).

   Debtor in addition, requests the Court to consider any other Orders fair and

just.

I declare under penalty of perjury, the foregoing to be true and correct. Signed
this 5th day of January, 2023, at Huntington Beach, California.

Dated:    1/5/2023                    Respectfully submitted,


                                      *Jamie Lynn Gallian*
                                      JAMIE LYNN GALLIAN
                                      Defendant, IN PRO PER

FOOTNOTES

[1] The form also notes that "You must file a complaint: ... if you want to have a

debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6)." Id.

-18-

60

# EXHIBITS

1.  November 8, 2022   ECF  63
2.  November 9, 2022   ECF  68
3.  December 5, 2022    ECF  83

-19-



From: **OC Services** bobwentflying@yahoo.com
Subject: ELECTRONIC SERVICE MOTION TO DISMISS ADVERSARY COMPLAINT.
Date: November 8, 2022 at 9:21 AM
To: Janine Jasso j9_jasso@yahoo.com
Cc: OC Services bobwentflying@yahoo.com, **Jamie Gallian** jlgallian@icloud.com



FINAL 11.7.22
GALLIA...pdf.pdf



**From:** **OC Services** bobwentflying@yahoo.com
**Subject:** ELECTRONIC SERVICE MOTION TO DISMISS 12/13/2022
**Date:** November 9, 2022 at 12:41 PM
**To:** Janine Jasso j9_jasso@yahoo.com
**Cc:** OC Services bobwentflying@yahoo.com, **Jamie Gallian** jlgallian@icloud.com



POS 22-01096
ADV N...ISS.pdf



**From:** **OC Services** bobwentflying@yahoo.com
**Subject:** Electronic Service Notice of Continued Hearing DOC 63
**Date:** December 5, 2022 at 12:45 AM
**To:** Janine Jasso j9_jasso@yahoo.com
**Cc:** OC Courts Email Admin apps@occourts.org



NOT OF
CONTI...pdf.pdf

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB ROAD HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANTS' REPLY AND OPPOSITION TO PL
UNTIMELY RESPONSE (ECF 91)TO MOTION TO DISMISS (ECF 63)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
01/05/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _01/06/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
JANINE JASSO, ESQ.
EMAIL ADDRESS: J9_JASSO@YAHOO.COM

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/06/2023 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**
65

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)        lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.c
ourtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

66

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-3.1.PROOF.SERVICE**

67

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>(714)-321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br>☐ *Attorney for:*<br>☒ *Individual appearing without attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN,<br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br><br>ADVERSARY NO.:8:21-ap-01096-SC(<br>*if applicable*)<br><br>CHAPTER: 7 |
|---|---|
| JANINE JASSO, ESQ.<br><br><br>Plaintiff(s) (*if applicable*).<br>vs.<br><br>JAMIE LYNN GALLIAN<br><br><br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1.   Name(s) of appellant(s):   JAMIE LYNN GALLIAN_____

2.   Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐  Plaintiff
☒  Defendant
☐  Other (*describe*):

For appeals in a bankruptcy case and not in an  adversary proceeding.
☐  Debtor
☐  Creditor
☐  Trustee
☐  Other (*describe*):

**Part 2:  Identify the subject of this appeal**

1.    Describe the judgment, order, or decree appealed from: Dk. No. 84 &
       85 - Order Granting Plaintiff's Motion ECF 47 and denying Defendants
       Motion for Summary Judgement.ECF 62

2.    The date the judgment, order, or decree was entered:    12/21/2022

**Part 3:  Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1.    Party:    Janine Jasso, Esq.
       Attorney:

          Email Address:j9_jasso@yahoo.com

          P.O. Box 370161
          El Paso, TX 79937

2.    Party: Jamie Lynn Gallian
       Attorney:

          Jamie Lynn Gallian, In Pro Per - jamiegallian@gmail.com
          16222 Monterey Lane, Unit 376
          Huntington Beach, CA 92649
          Telephone (714) 321-3449

**Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒    Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5:  Sign below**

*Jamie Lynn Gallian*                              Date: Signature of  1/4/2022
attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**EXHIBIT 1**

United States Bankruptcy Court
Central District of California

Jasso,
    Plaintiff                                            Adv. Proc. No. 21-01096-SC

Gallian,
    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0973-8 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Dec 19, 2022 | Form ID: pdf031 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2022:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| pla | Email/Text: j9_jasso@yahoo.com | Dec 20 2022 00:46:00 | Janine Jasso, PO Box 370161, El Paso, TX 79937 |
| dft | + Email/PDF: jamiegallian@gmail.com | Dec 20 2022 00:46:00 | Jamie Lynn Gallian, 16222 Monterey Ln #376, Huntington Beach, CA 92649-2258 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | J-Pad, LLC |
| dft | | J-Sandcastle Co LLC |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2022             Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jeffrey I Golden (TR) | lwerner@go2.law  jig@trustesolutions.net;kadele@go2.law |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

71

Case 8:21-ap-01096-SC    Doc 85    Filed 12/21/22    Entered 12/21/22 21:26:44    Desc
Imaged Certificate of Notice    Page 2 of 10

District/off: 0973-8                         User: admin                                    Page 2 of 2
Date Rcvd: Dec 19, 2022                      Form ID: pdf031                                 Total Noticed: 2
TOTAL: 2

Case 8:21-ap-01096-SC    Doc 99    Filed 01/09/23    Entered 01/10/23 10:28:49    Desc
Case 8:21-ap-01096-SC    Main Document    Filed 12/21/22    Page 73 of 82    Entered 12/21/22 21:26:44    Desc
Imaged Certificate of Notice    Page 3 of 10



FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re:

Jamie Lynn Gallian

Debtor(s).

Janine Jasso

Plaintiff(s),

v.

Jamie Lynn Gallian

Defendant(s).

Case No.:  8:21-bk-11710-SC

CHAPTER 7

Adv No:  8:21-ap-01096-SC

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DK. 47] AND DENYING DEFENDANT'S COMPETING MOTION FOR SUMMARY JUDGMENT [DK. 62]**

Date:        December 13, 2022
Time:        1:30 PM
Courtroom:  5C

On December 13, 2022, the Court held a hearing on the following two matters in this adversary: 1) Plaintiff's Motion for Summary Judgment filed September 29, 2022

-1-

1  [Dk. 47] ("Plaintiff's MSJ"); and 2) Defendant's Motion for Summary Judgment filed

2  November 8, 2022 [Dk. 62] ("Defendant's MSJ") (together, the "Motions"). Appearances

3  are as noted on the record. Having considered the Motions, related pleadings,

4  arguments of the parties at the hearing and the docket as a whole, and for the reasons

5  stated on the record and more fully explained below, the Court finds good cause to

6  enter this order GRANTING Plaintiff's MSJ and DENYING Defendant's MSJ.

7      **I.    Background**

8      Jamie Gallian, Debtor/ Defendant, filed a voluntary Chapter 7 petition on July 9,

9  2021. A few months later, on October 18, 2021, Janine Jasso, Plaintiff, initiated an

10  adversary proceeding against Defendant, asserting multiple causes of action, including

11  the non-dischargeability of a debt owed by Debtor to Plaintiff as part of a criminal

12  restitution judgment pursuant to 11 U.S.C. § 523(a)(7).[1]

13      On September 29, 2022, Plaintiff filed her Motion for Summary Judgment, and

14  supporting documents, seeking summary adjudication on only the § 523(a)(7) cause of

15  action [Dks. 47 - 50]. Plaintiff's MSJ was set for hearing on November 15, 2022. On

16  November 4, 2022, Defendant filed a Motion for Extension of Time [Dk. 58] ("Extension

17  Motion"), seeking a continued hearing date, relief from the deadline to oppose Plaintiff's

18  MSJ, and advising the Court that Defendant intended to file her own dispositive motion.

19      On November 8, 2022, Defendant filed her competing Motion for Summary

20  Judgment, again seeking summary adjudication on only the § 523(a)(7) cause of action

21  [Dk. 62].[2]  Defendant's MSJ was set for hearing on December 13, 2022. Also, on

22  November 8, 2022, the Court entered an order granting the Extension Motion[3], and

23  continuing the hearing on Plaintiff's MSJ to be heard concurrently with Defendant's MSJ

24  _____

25  [1] On November 16, 2021, Plaintiff filed an amended complaint, which also contained multiple causes of action, including an action for non-dischargeability pursuant to 11 U.S.C. § 523(a)(7) [Dk. 6].

26  [2] The Court notes that Defendant's MSJ is incorrectly titled "Plaintiff Jamie Lynn Gallian Motion for Summary Judgment," despite being filed by Defendant. The docket entry is likewise confusing, as it

27  matches the title of the filed motion, rather than the accurate description of the motion (i.e., that it is, in fact, Defendant's Motion for Summary Judgment).

28  [3] Plaintiff filed an Opposition to the Extension Motion, which was dated November 9, 2022 [Dk. 69].

-2-

74

Case 8:21-ap-01096-SC    Doc 99    Filed 01/09/23    Entered 01/10/23 10:28:49    Desc
Case 8:21-ap-01096-SC    Main Document    Filed 12/21/22    Page 75 of 82    Entered 12/21/22 21:26:44    Desc
Imaged Certificate of Notice    Page 5 of 10

1    on December 13, 2022. The following day, Defendant filed a request for judicial notice

2    and notice of recent decision in support of her MSJ [Dks. 70-71].

3           On November 14, 2022, Defendant filed an opposition to Plaintiff's MSJ,

4    generally repeating the same arguments contained in her own competing MSJ [Dk. 74].[4]

5    Plaintiff filed a reply on December 1, 2022 [Dk. 75].

6        **II.    Discussion**

7           Both Plaintiff's MSJ and Defendant's MSJ seek a judgment in their own

8    respective favors pursuant to § 523(a)(7) regarding the debt owed by Defendant as part

9    of a criminal restitution order. Both Plaintiff and Defendant agree that there are no

10   genuine issues of material fact, and assert that they are entitled to judgment as a matter

11   of law.[5] Having reviewed and thoroughly analyzed the law, the Court finds that Plaintiff

12   is entitled to a favorable judgment as a matter of law.

13          11 U.S. Code § 523(a)(7) states that a debtor may not discharge any debt (1) to

14   the extent such debt is for a fine, penalty, or forfeiture (2) payable to and for the benefit

15   of a governmental unit, and (3) is not compensation for actual pecuniary loss.

16          In *Kelly v. Robinson*, 479 U.S. 36 (1986), the United States Supreme Court

17   determined that § 523(a)(7) applied to state criminal restitution orders in Chapter 7

18   bankruptcy proceedings. In reaching this conclusion, the Supreme Court broadly held

19   "that § 523(a)(7) preserves from discharge **any condition a state criminal court**

20   **imposes as part of a criminal sentence.**" *Id.* at 50 (emphasis added).

21          Defendant admits that *Kelly* is controlling, but argues that it should not be

22   followed given the Ninth Circuit's decision in *In re Albert-Sheridan*, where the Ninth

23   Circuit "sought to cabin *Kelly*'s reach and refused to expand its rationale." *In re Albert-*

24   *Sheridan,* 960 F.3d 1188, 1195 (9th Cir. 2020) (citing *In re Scheer*, 819 F.3d 1206, 1210

25   (9th Cir. 2016). Defendant argues that application of *Kelly* is similarly unwarranted in her

26

27   _____

     [4] Defendant filed an amended opposition on November 21, 2022 [Dk. 75].

28
     [5] Summary judgment may be awarded where there "is no genuine dispute as to any material fact and the
     movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a).

Case 8:21-ap-01096-SC   Doc 99   Filed 01/09/23   Entered 01/10/23 10:28:49   Desc
Case 8:21-ap-01096-SC   Main Document   Filed 12/21/22   Page 7 of 82   Entered 12/21/22 21:26:44   Desc
Imaged Certificate of Notice   Page 6 of 10

case and attempts to distinguish the restitution awarded against her from that awarded

in *Kelly*.

Defendant's efforts to align her case with *Albert-Sheridan* are unpersuasive.

Here, the criminal restitution judgment entered against Defendant was awarded

pursuant to California Penal Code §1202.4, subd. (f).[6] *Albert-Sheridan* did not involve

criminal proceedings.

Moreover, this Court notes that in *O'Hara v. United States Tr. (In re O'Hara)*, 835

Fed Appx 253 (9th Cir. 2020), which was decided by the Ninth Circuit six months after

the *Albert-Sheridan* decision upon which Debtor relies was issued, the Ninth Circuit

again reiterated that criminal restitution judgments fall squarely within §523(a)(7),

stating:

> The bankruptcy court correctly concluded that Chapman's entire claim was
> nondischargeable. The debt arose from a criminal restitution order. That falls
> squarely within *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S. Ct. 353, 93 L. Ed. 2d 216
> (1986), which held that § 523(a)(7) "preserves from discharge any condition a state
> criminal court imposes as part of a criminal sentence." Seeking to sidestep this
> holding, Mr. O'Hara notes that the debt stems from a "victim restitution order" under
> California Penal Code § 1202.4(f), not a "restitution fine" under § 1202.4(b). This
> court has already rejected an identical argument. See *In re Armstrong*, 677 F. App'x
> 434, 435-36 (9th Cir. 2017).

In *O'Hara*, the Ninth Circuit reaffirmed its reliance on *In re Armstrong*, 677 Fed. Appx

434 (9th Cir. 2017), which further explained as follows:

> Nevertheless, Armstrong contends that his criminal restitution is dischargeable
> because, unlike the state statute at issue in *Kelly*, the California penal code provides
> for both "restitution" and a "restitution fine." Compare Cal. Penal Code § 1202.4(f)
> ("[I]n every case in which a victim has suffered economic loss as a result of the
> defendant's conduct, the court shall require that the defendant make restitution to
> the victim or victims in an amount established by court order, based on the amount
> of loss claimed by the victim or victims or any other showing to the court.") with Cal.
> Penal Code § 1202.4(b) ("In every case where a person is convicted of a crime, the
> court shall impose a separate and additional restitution fine, unless it finds
> compelling and extraordinary reasons for not doing so and states those reasons on
> the record."). Armstrong argues that the holding of Kelly extends only to the

[6] The criminal restitution judgment was affirmed on appeal. See, Exhibit G attached to the Request for
Judicial Notice, which is a copy of the Criminal Appellate Opinion Affirming the Criminal Restitution
Judgment [Dk. 49, Ex. G].

-4-

Case 8:21-ap-01096-SC    Doc 99    Filed 01/09/23    Entered 01/10/23 10:28:49    Desc
Case 8:21-ap-01096-SC    Main Document    Filed 12/21/22    Page 7 of 82    Entered 12/21/22 21:26:44    Desc
Imaged Certificate of Notice    Page 7 of 10

1    "restitution fine," and not to a restitution order issued pursuant to California Penal
2    Code § 1202.4(f).

3    This argument is squarely precluded by *Kelly*, which categorically held that criminal
     restitution orders are nondischargeable. 479 U.S. at 49-50. The Court's holding did
4    not hinge upon the specific language or structure of the state law at issue. Rather, it
     was based upon the desire not to interfere with state courts' "unfettered
5    administration of their criminal justice systems." *Id.* at 44. Here, Armstrong's
     restitution order served California's penological interests and was imposed as a
6    function of the administration of that state's criminal justice system. It therefore falls
     within the scope of *Kelly*, even though the California penal statute also provides for
7    the imposition of a separate "restitution fine." To hold otherwise "would hamper the
     flexibility of state criminal judges in choosing the combination of imprisonment, fines,
8    and restitution most likely to further the rehabilitative and deterrent goals of state
     criminal justice systems." *Id.* at 49.
9

10

11   *In re Armstrong*, 677 Fed. Appx 434 (9th Cir. 2017).

12           Defendant has pointed the Court to the recent case of *Jellinek v. Forlander (In re*

13   *Jellinek)*, 2022 Bankr. LEXIS 3172, at *1 (Bankr. S.D. Cal. 2022) and its holding that a

14   victim restitution debt is dischargeable; however, the Court remains unpersuaded, as:

15   (1) this Court is not bound by the *Jellinek* holding; and (2) the *Jellinek* decision relies

16   heavily on the *Albert-Sheridan and Kassas*[7] cases which do not pertain to a victim

17   restitution debt imposed by a criminal statute. Moreover, *Jellinek* makes no reference to

18   *Armstrong*, cited above, which appears to be wholly on point. Further, there is no

19   indication that the recent *Kassas* case, which itself was based upon consideration of the

20   totality of the CSF program, was meant to overrule *Armstrong*.

21           Defendant also argues that the amount of the victim restitution order was ordered

22   in a civil proceeding[8], and so discharge is appropriate. In support of this proposition,

23   Defendant cites to the non-Ninth Circuit case of *In re Wilson*, 299 B.R. 380, 381 (E.D.

24   Va. 2003). The *Wilson* Court held that where the criminal court order directed debtor to

25   pay restitution based on the amount of plaintiff's loss from Debtor's actions, which

26

27   _____
     [7] *Kassas v. State Bar of Cal.,* 49 F.4th 1158 (9th Cir. 2022).
28
     [8] This Court offers no opinion on the characterization of the proceeding in which the restitution order was
     awarded as, under the facts and law, as presented here, it is not material.

-5-

77

Case 8:21-ap-01096-SC   Doc 99   Filed 01/09/23   Entered 01/10/23 10:28:49   Desc
Case 8:21-ap-01096-SC   Main Document   Filed 12/21/22   Page 78 of 82   Entered 12/21/22 21:26:44   Desc
Imaged Certificate of Notice   Page 8 of 10

1  amount of restitution was ordered by a civil court and not the criminal court itself, it was

2  plainly not payable to or for the benefit of a government, falling outside of the exception.

3  *Id*. at 384.

4        However, even the *Wilson* Court acknowledged that there was a split of authority

5  on the issue with the "majority of decisions hav[ing] held that criminal restitution orders

6  payable to victims of a debtor's criminal conduct are excepted from discharge under

7  authority of the Supreme Court's ruling in *Kelly v. Robinson*." *Id*. at 382.

8        The Ninth Circuit appears to take the majority view, which is opposite of *Wilson*.

9  In *Armstrong*, the Ninth Circuit noted that "the fact that the California statute provides

10  that restitution is to be based on the amount of loss claimed by the victim or victims is

11  irrelevant, for such is the nature of restitution." *Armstrong*, 677 F. App'x at 436 (internal

12  quotations and citations omitted). Moreover, "the fact that restitution may be determined

13  by reference to the amount of harm caused by the offender does not alter its penal

14  character." *Id*. (internal quotations and citations omitted). Accordingly, Defendant's

15  reliance on the *Wilson* decision, a non-binding, non-Ninth Circuit decision that contains

16  holdings which directly contradict those contained in Ninth Circuit authority*,* is not

17  persuasive.

18        Here, the restitution order was awarded to Plaintiff against Defendant as part of a

19  criminal proceeding pursuant to California Penal Code § 1202.4.[9] In applying

20

21  _____

22  [9] California Penal Code §1202.4 provides as follows, in relevant part:

23  (a) (1) It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of
the commission of a crime shall receive restitution directly from a defendant convicted of that crime.

24  (2) Upon a person being convicted of a crime in the State of California, the court shall order the
defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464.

25
26  (3) The court, in addition to any other penalty provided or imposed under the law, shall order the
defendant to pay both of the following:

27    (A) A restitution fine in accordance with subdivision (b).

28    (B) Restitution to the victim or victims, if any, in accordance with subdivision (f), which shall be
enforceable as if the order were a civil judgment.

-6-

Case 8:21-ap-01096-SC    Doc 99    Filed 01/09/23    Entered 01/10/23 10:28:49    Desc
Case 8:21-ap-01096-SC    Main Document    Filed 12/21/22    Page 79 of 82    Entered 12/21/22 21:26:44    Desc
Imaged Certificate of Notice    Page 9 of 10

1   *Armstrong*, it matters not under what subsection the restitution order was awarded.

2   While *Armstrong* is not a published case, the Court finds great value in its factual

3   similarity, and believes it accurately reflects the Ninth Circuit's position as to the issues

4   herein. Thus, the restitution order is nondischargeable under § 523(a)(7).

5

6   (b) In every case where a person is convicted of a crime, the court shall impose a separate and additional

7   restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those
reasons on the record.

8     (1) The restitution fine shall be set at the discretion of the court and commensurate with the
seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than three

9     hundred dollars ($300) and not more than ten thousand dollars ($10,000). If the person is convicted of
a misdemeanor, the fine shall not be less than one hundred fifty dollars ($150) and not more than one

10     thousand dollars ($1,000).

11     (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of
the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the

12     defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is
convicted.

13

14   (c) The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not
doing so and states those reasons on the record. A defendant's inability to pay shall not be considered a

15   compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered
only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph

16   (1) of subdivision (b). The court may specify that funds confiscated at the time of the defendant's arrest,
except for funds confiscated pursuant to Chapter 8 (commencing with Section 11469) of Division 10 of

17   the Health and Safety Code, be applied to the restitution fine if the funds are not exempt for spousal or
child support or subject to any other legal exemption.

18   (d) In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to
paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to,

19   the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its
commission, any economic gain derived by the defendant as a result of the crime, the extent to which any

20   other person suffered losses as a result of the crime, and the number of victims involved in the crime.
Those losses may include pecuniary losses to the victim or the victim's dependents as well as intangible

21   losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay
may include the defendant's future earning capacity. A defendant shall bear the burden of demonstrating

22   the defendant's inability to pay. Express findings by the court as to the factors bearing on the amount of
the fine shall not be required. A separate hearing for the fine shall not be required.

23   (e) The restitution fine shall not be subject to penalty assessments authorized in Section 1464 or Chapter
12 (commencing with Section 76000) of Title 8 of the Government Code, or the state surcharge

24   authorized in Section 1465.7, and shall be deposited in the Restitution Fund in the State Treasury.

25   (f) Except as provided in subdivisions (p) and (q), in every case in which a victim has suffered economic
loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to

26   the victim or victims in an amount established by court order, based on the amount of loss claimed by the
victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time

27   of sentencing, the restitution order shall include a provision that the amount shall be determined at the
direction of the court. The court shall order full restitution. The court may specify that funds confiscated at

28   the time of the defendant's arrest, except for funds confiscated pursuant to Chapter 8 (commencing with
Section 11469) of Division 10 of the Health and Safety Code, be applied to the restitution order if the
funds are not exempt for spousal or child support or subject to any other legal exemption.

**III.    Conclusion**

Finding the arguments contained in Defendant's MSJ and opposition to Plaintiff's MSJ unavailing, and having determined that they are based upon the same material facts and simply argue that a different application of law should be applied to said facts, and for the reasons more fully stated above, the Court finds it appropriate to grant summary judgment in favor of Plaintiff on her §523(a)(7) cause of action. Accordingly, Plaintiff's MSJ is GRANTED and Defendant's MSJ is DENIED.

IT IS SO ORDERED.

### 

Date: December 19, 2022

Scott C. Clarkson
United States Bankruptcy Judge

-8-

80

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 5801 SKYLAB ROAD HUNTINGTON BEACH, CA 92649

AMENDED DEFENDANTS REQUEST FOR EXTENSION OF TIME TO FILE

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 9, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

XX Service information continued on attached page

☒

**2.  SERVED BY UNITED STATES MAIL**: On , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

PRESIDING JUDGE'S COPY

HONORABLE SCOTT C. CLARKSON

UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA  ☐

RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE

411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C

SANTA ANA, CA 92701-4593

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 9, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JANINE JASSO, ESQ EMAIL ADDRESS: J9_JASSO@YAHOO.COM  ☐

XX Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 9, 2023 | Robert McLelland | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

bobwentflying@yahoo.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt
     bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com,
     danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS'
     ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net;
     kadele@wgllp.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO.
     DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com,
     ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
     cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS'
     ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com,
     danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO.
     DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com,
     lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com,
     mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

SERVICE  by Email:

JANINE JASSO, ESQ.
EMAIL ADDRESS: j9_jasso@yahoo.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**