1

Janine Jasso
P.O. Box 370161
El Paso, TX 79937
IN PRO PER

2

3

4

5

6

7

8

**UNITED STATES BANKRUPTCY COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10

11

In Re: JAMIE LYNN GALLIAN

**CASE NO. 8:21-bk-11710-SC**

12

**Chapter 7**

13

**Adversary No. 8:21-ap-01096-SC**

14

15

JANINE JASSO, an individual,

**NOTICE OF ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [DK 63] WITH LEAVE TO AMEND**

16

Plaintiff,

17

v.

18

JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited Liability Company, J-Sandcastle Co LLC, a California Limited Liability Company, and DOES 1 through 100, inclusive,

Hearing:  January 10, 2023
Time:  1:30 p.m.
Courtroom: 5C -Virtual.

19

20

21

Defendants.

22

23

To All Parties of Record:

24

On January 10, 2023, Defendant Jamie Lynn Gallian's ("Defendant") Motion to Dismiss

25

[DK 63] was heard.  All parties were present. The parties submitted on the Court's tentative

26

ruling. The Court made the tentative ruling its final ruling. The Court's order and tentative ruling

27

are attached.

28

The Court granted Plaintiff Janine Jasso twenty days leave to file an amended complaint

1

1    in accordance with the Court's order and tentative ruling.  The amended complaint may be filed

2    no later than January 30, 2023. If the amended complaint is so filed, Defendant must file a

3    responsive pleading within 20 days of the filing of the amended complaint.

4

5          Date: January 12, 2023

6          Janine Jasso
          Pro Per

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ORDER GRANTING IN PART AND DENYING IN PART MTN TO DISMISS [DK 63]

FILED & ENTERED

JAN 10 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian<br><br><br><br>Debtor(s).<br>―――――――――――――<br>Janine Jasso<br><br>Plaintiff(s),<br><br>v.<br><br>Jamie Lynn Gallian<br><br>Defendant(s). | Case No.: 8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>Adv No: 8:21-ap-01096-SC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [DK. 63] WITH LEAVE TO AMEND**<br><br>Date:      January 10, 2023<br>Time:      1:30 PM<br>Courtroom: 5C |

On January 10, 2023, the Court held a hearing on Defendant's Motion to Dismiss [Dk. 63] (the "Motion"). Appearances are as noted in the record. The Court, having considered the Motion and all related pleadings, posted a tentative in advance of the hearing, to DENY as to the 11 U.S.C., §523(a)(7) claim and to GRANT as to the

1    remaining claims, with leave to amend. At the hearing, both parties submitted to the

2    tentative ruling, which now becomes the final ruling. As set forth on the record, Plaintiff

3    may file an amended complaint by no later than January 30, 2023. If an amended

4    complaint is so filed, Defendant must file a responsive pleading within 20 days of the

5    filing of the amended complaint.

6    　　　　IT IS SO ORDERED.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: January 10, 2023

                                             Scott C. Clarkson

26    　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

27

28

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Tuesday, January 10, 2023**                                                **Hearing Room**        **5C**

---

<u>1:30 PM</u>
**8:21-11710    Jamie Lynn Gallian**                                          **Chapter 7**
Adv#: 8:21-01096      Jasso v. Gallian et al

**#36.00**
         CONT'D Hearing RE: Motion To Dismiss Complaint:
         1.  Determine Dischargeability Of Civil Attorney Fees Debt Separate And Aside
         Of Fees/Fine Pursuant To Section 523(A)(7); Argument Presented In Concurrent
         MSJ For Dismissal Of 1st Cause Of Action Section 523(a)(7);
         2.  To Determine Nondischargeability Of Debt Pursuant To 11 U.S.C. Section
         523(a)(2)(A);
         3. For Denial Of Discharge Pursuant To 11 U.S.C. Section 727(a)(3);
         4. For Denial Of Discharge Pursuant To 11 U.S.C. Section 727(a)(4); 5. For
         Denial Of Discharge Pursuant To 11 U.S.C. Section 727(a)(5).
         (Motion filed 11/8/2022)

         FR:  12-13-22

                              Docket        63

**Tentative Ruling:**

         Tentative for 1/10/23 is to DENY in part and GRANT in part.

         Defendant's motion seeks dismissal under FRCP 12(b)(6) as to all causes of
         action. As previously noted by this Court's order continuing the hearing [Dk.
         79], a Rule 12(b)(6) motion is untimely where, as here, a defendant answered
         the complaint prior to bringing a motion to dismiss. Accordingly, the Court will
         treat the motion as one seeking relief under FRCP 12(c). *Daimler Ag v. A Z
         Wheels LLC,* No. 16-CV-875-JLS (MDD), 2017 U.S. Dist. LEXIS 231381, at *
         4-5 (S.D. Cal. Nov. 27, 2017).

         "Analysis under Rule 12(c) is substantially identical to analysis under Rule
         12(b)(6) because, under both rules, a court must determine whether the facts
         alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."
         *Id*. (citing *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)
         (internal quotation marks and citation omitted)).

         The Amended Complaint filed 11/16/21 [Dk. 6] asserts the following five

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Tuesday, January 10, 2023**                                **Hearing Room**      **5C**

---

<u>1:30 PM</u>
**CONT...**      **Jamie Lynn Gallian**                                          **Chapter 7**
causes of action:

1) Denial of Discharge of Debtor's Criminal Restitution Judgment pursuant to §523(a)(7) (debt owed to government)

2) Denial of Discharge of Debtor's Second Civil Judgment pursuant to §523(a)(2)(A) (actual fraud)

3) Denial of Discharge pursuant to §727(a)(3) (failure to keep records)

4) Denial of Discharge pursuant to §727(a)(4) (false oaths)

5) Denial of Discharge pursuant to §727(a)(5) (failure to explain loss of assets)

Having reviewed the Amended Complaint, and construing the facts in the Amended Complaint as true, the Court is inclined to DENY the motion as to the §523(a)(7) cause of action. First and foremost, the first cause of action has been appropriately pled. Moreover, summary judgment has already been awarded in Plaintiff's favor as to this cause of action. See Order entered 12/19/22, Dk. 84.

As to the remaining causes of action, the Court is inclined to GRANT the motion to dismiss with leave to amend, for the following reasons:

1) As to §523(a)(2)(A) cause of action, the Amended Complaint does not adequately address the reliance and damage elements.

11 U.S.C. §523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, or renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or insider's financial condition." To state a claim for relief as to this cause of action, facts must be alleged as to satisfy each of the following elements: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Tuesday, January 10, 2023**                                              **Hearing Room      5C**

---

1:30 PM
**CONT...**    **Jamie Lynn Gallian**                                                   **Chapter 7**

deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

2) As to §727(a)(3) claim, the Amended Complaint is vague as to whether and from whom Debtor concealed information regarding her financial condition and/or business transactions.

3) As to both the §727(a)(4) and (5) claims, it is unclear whether the purported false oaths and losses were detailed sufficiently in subsequent amendments to Debtor's schedules (as argued by Defendant).

The Court has received and reviewed Defendant's reply filed 1/6/23 [Dk. 96], and notes that it raises new arguments regarding FRBP 4007 that were not raised in Defendant's motion to dismiss in the first instance. Pursuant to LBR 9013-1(g)(4), "[n]ew arguments or matters raised for the first time in reply documents will not be considered." Moreover, Defendant admitted that the complaint was timely in her answer filed 12/17/21 [Dk. 18; paragraph 4].

Virtual appearances are required. The courtroom will be locked; parties will not be permitted to appear in the courtroom. The hearing will take place using Zoom for Government, a free service that provides audioconference and videoconference capabilities.

Participants may connect to the videoconference through an Internet browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:      https://cacb.zoomgov.com/j/1608061028

Meeting ID:                    160 806 1028

Password:                      475657

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Tuesday, January 10, 2023**                                          **Hearing Room      5C**

---

<u>1:30 PM</u>
**CONT...     Jamie Lynn Gallian**                                                        **Chapter 7**

If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the following audio conference information:

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:              160 806 1028

Password:                475657

For further details, please consult the instructions on the Court's website https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Please note that default matters may be called prior to the videoconference, so there may be a slight delay to the official start time of the videoconference hearing.

As noted in the Court's Zoom Video Hearing Guide, located at https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited from making any recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

| Party Information |
|---|

**Debtor(s):**

    Jamie Lynn Gallian                          Pro Se

**Defendant(s):**

    Jamie Lynn Gallian                          Pro Se

    J-Pad, LLC                                  Pro Se

    J-Sandcastle Co LLC                         Pro Se

**Movant(s):**

    Jamie Lynn Gallian                          Pro Se

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

| Tuesday, January 10, 2023 | | Hearing Room | 5C |
|---|---|---|---|

1:30 PM

**CONT...       Jamie Lynn Gallian**                                                          **Chapter 7**

**Plaintiff(s):**

    Janine  Jasso                                    Pro Se

**Trustee(s):**

    Jeffrey I Golden (TR)                        Represented By
                              Aaron E. DE Leest
                              Eric P Israel

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

7101 N. Mesa, Ste 355
El Paso, TX 79912

A true and correct copy of the foregoing document entitled (*specify*):  __**Notice of Order Granting in Part and Denying in Part Motion to Dismiss [DK 63] With Leave to Amend**__  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __1/13/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See NEF for confirmation of electronic transmission to the U.S. trustee, any trustee in this case, and to any attorneys who received service by NEF.

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __1/13/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR AND DEFENDANT
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SPC 376
HUNTINGTON BEACH, CA 92649

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1/13/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Document Delivery to Court Suspended General Order 21-05

Courtesy copy: Aaron E. de Leest, Esq. via email

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1-13-2023 | David Jasso | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**