1  Janine Jasso
   P.O. Box 370161
2  El Paso, TX 79937
   E-Mail: j9_jasso@yahoo.com
3  Plaintiff, IN PRO PER

4

5

6

7

8                **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10

11  In Re: JAMIE LYNN GALLIAN          **CASE NO. 8:21-bk-11710-SC**

12                                     **Chapter 7**

13                                     **Adversary No. 8:21-ap-01096-SC**

14  ─────────────────────────
                                       **MOTION TO CONTINUE PRE-TRIAL**
15  JANINE JASSO, an individual,       **CONFERENCE AND OTHER DATES TO**
                                       **CONSERVE COURT RESOURCES;**
16            Plaintiff,               **DECLARATION OF JANINE JASSO IN**
                                       **SUPPORT THEREOF**
17       v.

18  JAMIE LYNN GALLIAN, an individual; J-
    PAD, LLC, a California Limited Liability   **Current Pre-Trial Conference**
19  Company, J-Sandcastle Co LLC, a
    California Limited Liability Company, and  Hearing: February 14, 2023
20  DOES 1 through 100, inclusive,            Time: 1:30 p. m.
                                              Courtroom: 5C – Virtual
21            Defendants.

22                                     **New Pre-Trial Conference**

23                                     Hearing: TBD
                                       Time: 1:30 p.m.
24                                     Courtroom: 5C - Virtual

25

26
    TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE,
27

28
                              1

DEFENDANT AND HER AND TO ALL PARTIES ENTITLED TO RECEIVE NOTICE:

This Motion to Continue Pre-Trial Conference and Other Dates (the "Motion") is filed by

Plaintiff, Janine Jasso ("Plaintiff").  This Motion is made with reference to the following

recitals:

1.    On or about July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition

under Chapter 7 of the Bankruptcy Code.

2.    Plaintiff timely filed and served a First Amended Complaint (the "Complaint")

in the above captioned adversary proceeding on November 16, 2021 (the "Adversary

Proceeding").

3.    The Adversary Proceeding was commenced pursuant to Rules 7001(4) and (6)

of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(7) and (a)(2)(A) and

727(a)(3), (a)(4), and (a)(5)

4.    On December 10, 2021, Debtor filed her answer to the Complaint [Docket No.

13].

5.    On December 17, 2021, Debtor filed answers in pro per to the Complaint on

behalf of the corporate defendants, J-Sandcastle Co LLC and J-Pad, LLC. [Docket Nos. 14,

15, 16, 17 and 18].

6.    On September 20, 2022, Plaintiff moved the Court to strike the pro per answers

and enter the default of business entity defendants, J-Sandcastle Co LLC and J-Pad, LLC,

which was uncontested. [Docket 40.] On October 25, 2022, the Court granted Plaintiff's

motion and entered the defendants' defaults.  [Dockets 55-56].  On December 30, 2022,

Plaintiff moved the Court for the default judgments of defendants J-Sandcastle Co LLC and J-

Pad, LLC.  The motion is scheduled to be heard on February 8, 2023.  [Declaration of Janine

Jasso ("Jasso Decl.") attached hereto, ¶8]

MOTION TO CONTINUE PRE-TRIAL CONFERENCE

7.    On September 29, 2022, Plaintiff moved the Court for a partial summary judgment regarding Plaintiff's first cause of action, the nondischargeable state criminal restitution order and judgment. [Docket 47]. This motion was scheduled to be heard by the Court on November 15, 2022 at 1:30 p.m. However, on November 4, 2022, without notice to the Plaintiff, Debtor moved the court for additional time to file her late opposition to Plaintiff's motion. [Docket 58], which was granted [Docket 67].   Debtor filed multiple filings, in contravention of the court-order and without serving any of them on Plaintiff.[1]  Plaintiff filed a reply brief [Docket 78].  The court heard and granted Plaintiff's motion on December 13, 2022 and entered on December 19, 2023. [Docket 84]. Under FRBP 8002(a)(1), Debtor's deadline to file her appeal was January 3, 2023.  Debtor started filing unnoticed and unserved motions for extensions to file her appeal on January 9, 2023 and January 10, 2023 [Dockets 99 and 101], which the Court served copies on Plaintiff on January 18, 2023 which was received on January 23, 2023.  To date, Debtor has never filed a noticed motion date for leave to file a late appeal and this Court has not made any order under FRBP 8002(d)(1)(B).  In addition, Debtor lied about the entry date of the order falsely stating it was entered on December 21, 2023 [Compare Docket 84 to Docket 98, Part 2, Item 2]. [Jasso Decl. ¶9].

8.    Debtor apparently added the Court's Docket 104 order to her appeal/appellate documents without designating the additional motion.  As part of Debtor's unnoticed and unserved purported motion for an extension of time to file an appeal [Docket 99], Debtor provided no basis for an extension to appeal in her multiple filings [Dockets 99 and 101]. Instead, the Court served Docket 99, which appears to be a motion citing Debtor's Docket 63

---

[1] In some recent pleadings, Debtor improperly claims that she has the right to serve me by email. This is false based on the state court's restraining orders restraining the Debtor from emailing me.  In January 2022, the Court in the first status conference, taking into account the restraining orders protecting me and my family, made it clear to both parties that service of process must be by mail.

motion to dismiss the First Amended Complaint [Docket 99].  In her second unnoticed and unserved motion, Debtor again seems to be arguing her motion to dismiss as a basis for her appeal [Docket 101 pp. 12-19].   Had Debtor properly filed and served a timely notice and motion for extension to file her appeal, Plaintiff would have properly showed the court that on January 10, 2023 the Debtor submitted on the Court's tentative ruling, which confirmed that Debtor admitted that my Adversary Complaint was timely filed (because it was timely filed by the Court). To further add confusion, Debtor is apparently not designating any part of the record for the Court order granting Plaintiff's motion for partial summary judgment [Docket 84] on Plaintiff's motion [Docket 108].   If Plaintiff is wrong and Debtor has been granted leave to appeal, Plaintiff respectfully requests that the Court provide Plaintiff with that Court order or give the Plaintiff the docket number to look up.  If the Court has not granted the Debtor leave to file an appeal on either DK 84 nor DK 104, Plaintiff respectfully requests the Court to make note of that on its order regarding the Plaintiff request for an extension of the pretrial conference herein which will help Plaintiff to understand procedurally what is happening.  [Jasso Decl. ¶10].

9.  Plaintiff believes the Debtor's actions above are intentionally designed to create procedural chaos based on false claims.  This is the same litigation procedural chaos Debtor did in state court to Plaintiff and the Association in her appeals of the state court's permanent restraining orders. Debtor pretended to appeal a final court order issued in October 2019, but actually continued to play games with the designation of record in attempt to appeal a non-appealable earlier order from December 2018 due to untimeliness, causing Plaintiff approximately 10 months (and the Association one year and nine months) of state and appellate court fees and costs and a waste of the court's resources since Debtor never actually proved of any of her claims, because she never complied with notices of default nor numerous

extensions granted by the court, and her appeals were finally dismissed.  Notably, rather than comply with the appellate court's orders, Debtor filed motions, such as demanding the Court combining her appeals which was denied because the cases were separate cases.  Plaintiff is reasonably concerned that Debtor's goal in this appellate chaos will include her pattern of motions to combine her appeal in this case with another creditor's appeal in the Main Case. As Plaintiff has previously proven to this Court, Debtor has twenty (20) plus years of pro per litigation experience against her targets in civil, probate, family law, bankruptcy, elder-abuse restraining orders, domestic violence restraining orders, workplace violence restraining orders, civil restraining orders and appellate court cases. [See Jasso Decl. ¶11, a true and correct copy of California Court of Appeals, District 4, Division 3, Case Nos. G058874 and G058875 dockets attached as Exhibits 1].

10.     On January 10, 2023, the Court considered Debtor's Docket 63 motion to dismiss as a motion for judgment on the pleadings. As provided in Paragraph 8, supra, Debtor submitted on the Court's tentative ruling. Plaintiff did too. Again, the Court found that Debtor admitted the complaint was timely in her timely filed Answer. The Court denied Debtor's motion as to Plaintiff's Claim 1, the nondischargeable criminal restitution order and judgment debt, which was decided by the Court on December 13, 2022 [Docket 104].  The Court granted Debtor's motion as to Plaintiff's Claims 2-5, and granted Plaintiff 20 days leave to amend. Plaintiff timely filed and served my Second Amended Complaint ("SAC") on January 28, 2023.  Debtor has until February 17, 2023 to file and serve a response to the SAC. [Jasso Decl. ¶12].

11.     To protect Plaintiff and my family under the current restraining orders' no-contact orders, each party is required by the Court to prepare individual pre-trial conference statements. Plaintiff began preparing the statements in compliance with the Court's orders.  I

1   have requested assistance from the Santa Ana Bankruptcy Clinic.  I was advised that I should

2   request a continuance due to the fact that no response has been filed yet by the Debtor to the

3   SAC. In addition, the Debtor has not filed her pretrial statements. [Jasso Decl. ¶¶12-13.]

4
5          12.     Plaintiff requests a continuance of the pre-trial conference for ninety (90) days

6   or as the Court deems appropriate for Debtor to properly file and serve a responsive pleading

7   to Plaintiff's timely SAC by mail or, alternatively, allow Plaintiff the proper procedural time to

8   make a motion if no response is timely filed. [Jasso Decl. ¶14.]

9          13.     This motion does not constitute a waiver of any rights.

10  **WHEREFORE,** based on the foregoing recitals, Plaintiff requests the hearing on the Pre-

11  Trial Conference and related dates to be continued for ninety (90) days or as the Court deems

12  appropriate.

13
14         DATED:  February 1, 2023

15
16                                                    Janine Jasso
                                                      In Pro Per
17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF JANINE JASSO

2

I , Janine Jasso, declare and state:

3

4          1.          I am over the age of eighteen (18), have personal knowledge of the facts stated

5

herein and except as to those matters stated upon information and belief, I believe them to be

6

true. I could and would testify to said facts if sworn as a witness in this proceeding.

7          2.          This declaration is in support of the Motion to Continue the Pre-Trial

8

Conference (the "Motion").

9

10          3.          On or about July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary

petition under Chapter 7 of the Bankruptcy Code.

11

12          4.          I timely filed a First Amended Complaint (the "Complaint") in the above

13

captioned adversary proceeding on November 16, 2021 (the "Adversary Proceeding").

14          5.          The Adversary Proceeding was commenced pursuant to Rules 7001(4) and (6)

15

of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(7) and (a)(2)(A) and

16

727(a)(3), (a)(4), and (a)(5).

17          6.          On December 10, 2021, Debtor filed her answer to the Complaint [Docket No.

18

13].

19          7.          On December 17, 2021, Debtor filed J-Sandcastle Co LLC's and J-Pad, LLC's

20

answers to the Complaint in pro per as the sole member of the corporate defendants. [Docket

21

Nos. 14, 15, 16, 17 and 18].

22          8.          On September 20, 2022, Plaintiff moved the Court to strike the pro per answers

23

and enter the default of business entity defendants, J-Sandcastle Co LLC and J-Pad, LLC,

24

which was uncontested. [Docket 40.] On October 25, 2022, the Court granted Plaintiff's

25

motion.  [Docket 55].  On December 30, 2022, Plaintiff moved the Court for the default

26

27

28

7

judgments of defendants J-Sandcastle Co LLC and J-Pad, LLC.  The motion is scheduled to be heard on February 8, 2023.

9. On September 29, 2022, Plaintiff moved the Court for a partial summary judgment regarding Plaintiff's first cause of action, the nondischargeable state criminal restitution order and judgment.  [Docket 47]. This motion was scheduled to be heard by the Court on November 15, 2022 at 1:30 p.m. However, on November 4, 2022, without notice to the Plaintiff, Debtor moved the court for additional time to file her late opposition to Plaintiff's motion. [Docket 58], which was granted [Docket 67].   Debtor filed multiple filings, in contravention of the court-order and without serving any of them on Plaintiff.[2]  Plaintiff filed a reply brief [Docket 78].  The court heard and granted Plaintiff's motion on December 13, 2022 and entered on December 19, 2023. [Docket 84]. Under FRBP 8002(a)(1), Debtor's deadline to file her appeal was January 3, 2023.  Debtor started filing unnoticed and unserved motions for extensions to file her appeal on January 9, 2023 and January 10, 2023 [Dockets 99 and 101], which the Court served copies on Plaintiff on January 18, 2023 which was received on January 23, 2023.  To date, Debtor has never filed a noticed motion date for leave to file a late appeal and this Court has not made any order under FRBP 8002(d)(1)(B).  In addition, Debtor lied about the entry date of the order falsely stating it was entered on December 21, 2023 [Compare Docket 84 to Docket 98, Part 2, Item 2].

10. Debtor added unnecessary confusion to her appellate documents.  As part of Debtor's unnoticed and unserved purported motion for an extension of time to file an appeal [Docket 99], Debtor provided no basis for an extension to appeal in her multiple filings

---

[2] In some recent pleadings, Debtor improperly claims that she has the right to serve me by email. This is false based on the state court's restraining orders restraining the Debtor from emailing me.  In January 2022, the Court in the first status conference, taking into account the restraining orders protecting me and my family, made it clear to both parties that service of process must be by mail.

[Dockets 99 and 101].  Instead, the Court served Docket 99, which appears to be a motion citing Debtor's Docket 63 motion to dismiss the First Amended Complaint [Docket 99].  In her second unnoticed and unserved motion, Debtor again seems to be arguing her motion to dismiss as a basis for her appeal [Docket 101 pp. 12-19].   Had Debtor properly filed and served a timely notice and motion for extension to file her appeal, Plaintiff would have properly showed the court that on January 10, 2023 the Debtor submitted on the Court's tentative ruling, which confirmed that Debtor admitted that my Adversary Complaint was timely filed (because it was timely filed by the Court). To further add confusion, Debtor is apparently not designating any part of the record for the Court order granting Plaintiff's motion for partial summary judgment [Docket 84] on Plaintiff's motion [Docket 108].   If Plaintiff is wrong and Debtor has been granted leave to appeal, Plaintiff respectfully requests that the Court provide Plaintiff with that Court order or give the Plaintiff the docket number to look up.  If the Court has not granted the Debtor leave to file an appeal on either DK 84 nor DK 104, Plaintiff respectfully requests the Court to make note of that on its order regarding the Plaintiff request for an extension of the pretrial conference herein which will help Plaintiff to understand procedurally what is happening.

11.      Plaintiff believes the Debtor's actions above are intentionally designed to create procedural chaos based on false claims.  This is the same litigation procedural chaos Debtor did in state court to Plaintiff and the Association in her appeals of the state court's permanent restraining orders. Debtor pretended to appeal a final court order issued in October 2019, but actually continued to play games with the designation of record in attempt to appeal a non-appealable earlier order from December 2018 due to untimeliness, causing Plaintiff approximately 10 months (and the Association one year and nine months) of state and appellate court fees and costs and a waste of the court's resources since Debtor never actually

proved of any of her claims, because she never complied with notices of default nor numerous

extensions granted by the court, and her appeals were finally dismissed. Notably, rather than

comply with the appellate court's orders, Debtor filed motions, such as demanding the Court

combining her appeals which was denied because the cases were separate cases. Plaintiff is

reasonably concerned that Debtor's goal in this appellate chaos will include her pattern of

motions to combine her appeal in this case with another creditor's appeal in the Main Case.

As Plaintiff has previously proven to this Court, Debtor has twenty (20) plus years of pro per

litigation experience against her targets in civil, probate, family law, bankruptcy, elder-abuse

restraining orders, domestic violence restraining orders, workplace violence restraining orders,

civil restraining orders and appellate court cases. [See Jasso Decl. ¶    , a true and correct copy

of California Court of Appeals, District 4, Division 3, Case Nos. G058874 and G058875

dockets attached as Exhibits 1].

12.     On January 10, 2023, the Court considered Debtor's Docket 63 motion to

dismiss as a motion for judgment on the pleadings. As provided in Paragraph 8, supra, Debtor

submitted on the Court's tentative ruling. Plaintiff did too. Again, the Court found that Debtor

admitted the complaint was timely in her timely filed Answer. The Court denied Debtor's

motion as to Plaintiff's Claim 1, the nondischargeable criminal restitution order and judgment

debt, which was decided by the Court on December 13, 2022 [Docket 104]. The Court granted

Debtor's motion as to Plaintiff's Claims 2-5, and granted Plaintiff 20 days leave to amend.

Plaintiff timely filed and served my Second Amended Complaint ("SAC") on January 28,

2023. Debtor has until February 17, 2023 to file and serve a response to the SAC.

13.     To protect Plaintiff and my family under the current restraining orders' no-

contact orders, each party is required by the Court to prepare individual pre-trial conference

statements. [Docket Nos. 26, 34, 35]. Plaintiff began preparing the statements in compliance

with the Court's orders.  I have requested assistance from the Santa Ana Bankruptcy Clinic.  I was advised that I should request a continuance of the status conference hearing because no response has been filed yet by the Debtor to the SAC. In addition, the Debtor has not filed her pre-trial conference statements.

14.    Plaintiff requests a continuance of the pre-trial conference for ninety (90) days or as the Court deems appropriate for Debtor to properly file and serve a responsive pleading to Plaintiff's timely SAC by mail or, alternatively, allow Plaintiff the proper procedural time to make a motion if no response is timely filed.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing is true and correct.

Executed this 1st day of February 2023 at El Paso, Texas.

_Janine Jasso_
Janine Jasso

MOTION TO CONTINUE PRE-TRIAL CONFERENCE

EXHIBIT 1

# Appellate Courts Case Information

## 4th Appellate District Division 3

Change court ⌄

## Docket (Register of Actions)

**Jasso v. Gallian**

**Case Number G058874**

| Date | Description | Notes |
|------|-------------|-------|
| 02/14/2020 | Notice of appeal lodged/received. | aplt Jamie L. Gallian. also appealing Judgment on 10/28/19 |
| 02/18/2020 | Application for waiver of filing fee filed. | by appellant Jamie Lynn Gallian |
| 02/19/2020 | Default notice sent-appellant notified per rule 8.100(c). | notice rescinded on 2/19/20. |
| 02/19/2020 | Letter sent to: | Due to clerical error, a notice was issued to appellant pursuant to California Rules of Court, rule 8.100(c) on February 19, 2020. That notice is rescinded. |
| 02/19/2020 | Order waiving filing fee. | Pursuant to the filing of a Request to Waive Court Fees and Costs, and with good cause appearing therefor, IT IS ORDERED that appellate court fees and costs for the above-entitled action are waived pursuant to rule 8.26.Mailed order to appellant |
| 03/02/2020 | Default notice sent; no case information statement filed, or statement incomplete. | |
| 03/02/2020 | Returned document for non-conformance. | Appellant's ccis was rejected; Part 3 missing respondent's attorney email address and attached the judgment/minute order. |
| 03/09/2020 | Civil case information statement filed. | |
| 03/16/2020 | Received copy of: | Notice of failure to comply with notice of default re designation. |

| 03/16/2020 | Appeal dismissed per rule 8.140(b). | Pursuant to California Rules of Court, rule 8.140(b)(1), the appeal filed February 13, 2020, is DISMISSED for appellant's failure to designate the record on appeal in a timely manner. Appellant is advised that this dismissal will become final as to this court 30 days after the date of this order, at which time this court will lose the power to vacate, reconsider or modify it. (See Cal. Rules of Court, rule 8.264(b)(1).) A motion to vacate dismissal requires a showing of good cause. To allow the court sufficient time to review and evaluate the showing of good cause, a motion to vacate dismissal should be filed well before the 30-day jurisdictional deadline.Emailed and mailed copy of order to parties. |
|---|---|---|
| 03/16/2020 | Motion to vacate dismissal filed. | By appellant (pro per) |
| 03/20/2020 | Substitution of attorneys filed for: | Resp Atty Martina A. Teinert SUBS OUT. resp Janine B. Jasso SUBS IN as pro per. |
| 03/25/2020 | Motion filed. | Respondent's opposition to appellant's motion to vacate dismissalRespondent's opposition to appellant's motion to vacate the dismissal filed on March 25, 2020, is treated as a motion to dismiss the appeal as untimely |
| 03/25/2020 | Exhibits filed in support of: | Exhibits 1-6 in support of declaration of Janine Jasso in support of respondent's opposition to appellant's motion to vacate dismissal. (60 pages) |
| 03/25/2020 | Filed declaration of: | Declaration of Janie Jasso in support of respondent's opposition to appellant's motion to vacate dismissal. |
| 03/25/2020 | To court. | Per J.R., Hold for oppo, if no oppo return send an order granting and reinstating. 1) Appellant filed a motion to vacated dismissed appeal 2) Respondent filed a oppo with exhibits in support of oppo and declaration. |
| 03/27/2020 | Order of dismissal vacated. | Appellant's motion to vacate the dismissal, reinstate the appeal, and be relieved from default is GRANTED. The order of dismissal is VACATED and the appeal is REINSTATED. Orange County Superior Court, Appellate Division is directed to accept the designation of the record on appeal, provided the designation is presented within 15 days of the date of this order. If appellant fails to comply, and the Superior Court notifies this court of the non-compliance, the appeal may be dismissed. Respondent's opposition to appellant's motion to vacate the dismissal filed on March 25, 2020, is treated as a motion to dismiss the appeal as untimely. Appellant may file opposition to the motion to dismiss within 15 days of the date of this order. Failure to oppose a motion may be deemed a consent to the granting of the motion. (Cal. Rules of Court, rule 8.54(c).) Respondent may file a reply to any opposition filed by appellant within 15 days after the opposition is filed. |
| 04/09/2020 | Returned document for non-conformance. | Aplt's mtn to consolidate cases G057737, G058874, and G058875 needs to be filed only in G058874. Mtn needs to be resubmitted as to cases G058874 only. Case G057737 was dismissed on 03/03/20. |
| 04/09/2020 | Motion filed. | By appellant motion to consolidate appeals G058874 & G058875. |
| 04/13/2020 | Opposition filed. | By appellant reply (opposition) to respondent's motion to dismiss appeal as untimely.Per order 03/27/2020. |
| 04/14/2020 | Reply filed to: | By respondent reply to appellant's opposition to the motion to dimiss for untimeliness. |
| 04/21/2020 | Opposition filed. | By respondet opposition to appellant's motion to consolidate appeals under case nos. G055874 and G055875 |
| 04/21/2020 | Filed declaration of: | By respondent declaration in support of opposition to appellant's motion to consolidate G058874 and G058875 |
| 04/21/2020 | Filed document entitled: | Exhibits 1-3 in support of respondent's opposition to appellant's motion to consolidate appeals under case nos. G058874 and G058875 |

| 04/22/2020 | To court. | 1) Appellant's motion to consolidate appeals G058874 & G058875 |
|---|---|---|
| | | 2) Respondent's opposition to appellant's motion to consolidate appeals under case nos. G055874 and G055875 |
| | | 3) Exhibits 1-3 in support of respondent's opposition to appellant's motion to consolidate appeals under case nos. G058874 and G058875 (rec'd only) |
| 04/22/2020 | Order on motion filed. | Appellant's motion to consolidate the appeals in case numbers G058874 and G058875 is DENIED. |
| 04/30/2020 | Order on motion filed. | THE COURT:* |
| | | On March 25, 2020, respondent filed a motion to dismiss the appeal. On April 13, appellant filed opposition to the motion to dismiss. On April 14, respondent filed a reply in support of the motion to dismiss. |
| | | Appellant filed a notice of appeal on February 13, 2020, purporting to appeal from: (1) a December 21, 2018 civil restraining order; and (2) an October 28, 2019 order denying an ex parte application to terminate the civil restraining order (this order denied the application based purely on the lack of adequate notice to respondent). Appellant's civil case information sheet clarified that the appeal should also include an October 31, 2019 order that denied the application to terminate the civil restraining order on the merits. |
| | | Civil restraining orders are appealable. (R.D. v. P.M. (2011) 202 Cal.App.4th 181, 187.) But this appeal of the December 21, 2018 civil restraining order is untimely, as the maximum amount of time to file a notice of appeal is six months. (Cal. Rules of Court, rules 8.104, 8.108; Anderson v. Chikovani (2010) 181 Cal.App.4th 1397, 1401 ["latest possible deadline" for filing a notice of appeal is 180 days from entry of order or judgment].) "Under California law, if an appeal is untimely, the appellate court has no jurisdiction to consider its merits and the appeal must be dismissed." (Sanchez v. Strickland (2011) 200 Cal.App.4th 758, 762.) This appeal must be dismissed to the extent it purports to directly challenge the entry of the civil restraining order in December 2018 (or any orders preceding the entry of the restraining order).With regard to the October 2019 orders, had notice of entry of these orders been served immediately on appellant, this portion of the appeal would be untimely as well. (See Cal. Rules of Court, rule 8.104(a)(1)(A), (B) [notice of appeal must be filed within 60 days of notice of entry of order].) However, there is no evidence in the record before us suggesting that notice of entry of the October 2019 orders was served on appellant. If notice of entry of the October 2019 orders was not served on appellant, she had 180 days to file her notice of appeal. The notice of appeal in this case was filed on February 13, 2020, well within 180 days of October 28 and 31, 2019. (See Carmel, Ltd. v. Tavoussi (2009) 175 Cal.App.4th 393, 398-399 [timeliness rules are strictly construed to avoid loss of jurisdiction].) |
| | | Another question raised but not fully examined in the motion to dismiss and associated briefing is whether the October 2019 orders are appealable. On its face, the October 31, 2019 order appears to be "an order . . . refusing to . . . dissolve an injunction." (Code Civ. Proc., § 904.1, subd. (a)(6).) Appellant also contends the orders are orders "made after a judgment" that is appealable in its own right. (Code Civ. Proc., § 904.1, subd. (a)(2).) Neither respondent's motion nor its reply convincingly demonstrates that the October orders (in particular, the Oct. 31 order, which denied the application on the merits) are not appealable.Finally, respondent requests that this appeal be dismissed under the disentitlement doctrine. "'An appellate court has the inherent power, under the "disentitlement doctrine," to dismiss an appeal by a party that refuses to comply with a lower court order. [Citations.] . . . "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state."'" (Blumberg v. Minthorne (2015) 233 Cal.App.4th 1384, 1390-1391.) This theory of dismissal is plausible, with an adequate showing that appellant was violating the restraining order (or other court orders) at the same time that she was seeking this court's assistance with the appeal from the October 2019 orders. And, certainly, the motion to dismiss establishes that appellant has violated restraining orders in the past. The motion to dismiss has not sufficiently demonstrated, |

however, that appellant is presently (since October 2019) violating court orders while at the same time seeking to have the October 2019 orders overturned on appeal.

In sum, the motion to dismiss the appeal with regard to the October 2019 orders is DENIED, without prejudice to further consideration of appealability in conjunction with the decision on appeal. The parties may address appealability in their appellate briefing (including timeliness of the appeal, appealability, and the disentitlement doctrine), and this court may consider dismissing the appeal rather than deciding the appeal on its merits once the case is ready for decision. In her briefing, appellant may not directly challenge entry of the civil restraining order in December 2018. Her appeal is limited to challenging the trial court's denial of relief from the civil restraining order in its October 2019 orders.

BEDSWORTH, ACTING P. J.

* Before Bedsworth, Acting P. J., Thompson, J., and Goethals, J.Order mailed and emailed to both parties.

| Date | Event | Description |
|---|---|---|
| 06/17/2020 | Received copy of: | Notice of failure to comply with notice of default re: Submit a proof of service of designation, clearly specify on the designation of record, and which form of the oral record on appeal appellant to proceed. |
| 06/18/2020 | Appeal dismissed per rule 8.140(b). | Pursuant to California Rules of Court, rule 8.140(b)(1), the appeal filed February 13, 2020, is DISMISSED for appellant's failure to designate the record on appeal in a timely manner. Appellant is advised that this dismissal will become final as to this court 30 days after the date of this order, at which time this court will lose the power to vacate, reconsider or modify it. (See Cal. Rules of Court, rule 8.264(b)(1).) A motion to vacate dismissal requires a showing of good cause. To allow the court sufficient time to review and evaluate the showing of good cause, a motion to vacate dismissal should be filed well before the 30-day jurisdictional deadline. |
| 08/21/2020 | Remittitur issued. | |
| 08/21/2020 | Case complete. | |
| 03/23/2021 | Record shipped to records center | E-Filed |

**Click here** to request automatic e-mail notifications about this case.

Careers  |  Contact Us  |  Accessibility  |  Public Access to Records  |  Terms of Use     © 2023 Judicial Council of California
Privacy

# Appellate Courts Case Information

## 4th Appellate District Division 3

Change court ⌄

## Docket (Register of Actions)

**Huntington Beach Gables Homeowners Associates v. Gallian**
**Case Number G058875**

| Date | Description | Notes |
|------|-------------|-------|
| 02/14/2020 | Notice of appeal lodged/received. | Appellant Jamie Lynn Gallain<br>Also appealing 10-25-2019. |
| 02/14/2020 | Default notice sent-appellant notified per rule 8.100(c). | The notice of appeal filed with the Civil Appellate Division of the Orange County Superior Court was not accompanied by a $775.00 filing fee as required by Government Code section 68926, an application for a waiver of court fees and costs on appeal under California Rules of Court, rule 3.50 et seq., or an order granting such an application pursuant to California Rules of Court, rule 8.100(b)(1).<br><br>The appeal will be dismissed unless, within 15 days of the date of this notice, you either transmit the filing fee of $775.00 or file an application for a waiver under rule 3.50 et seq. if you have not previously filed such an application. |
| 02/18/2020 | Application for waiver of filing fee filed. | By aplt. |
| 02/20/2020 | Order waiving filing fee. | Pursuant to the filing of a Request to Waive Court Fees and Costs, and with good cause appearing therefor, IT IS ORDERED that appellate court fees and costs for the above-entitled action are waived pursuant to rule 8.26. |
| 03/02/2020 | Filed document entitled: | By resp, change of firm name and notice of change of handling atty to Anne L. Rauch. |
| 03/02/2020 | Certification of Interested Entities or Persons filed. | By resp. |
| 03/02/2020 | Default notice sent; no case information statement filed, or statement incomplete. | |
| 03/09/2020 | Civil case information statement filed. | |
| 03/16/2020 | Received copy of: | Notice of failure to comply w/notice of default re: designation. |

| | | |
|---|---|---|
| 03/16/2020 | Motion for relief from default filed. | By aplt. |
| 03/17/2020 | Order granting relief from 8.140(b) default filed. | Appellant's motion to be relieved from default is GRANTED.<br>Orange County Superior Court, Appellate Division is directed to accept the designation of the record on appeal, provided the designation is presented within 20 days of the date of this order. If appellant fails to comply, and the Superior Court notifies this court of the non-compliance, the appeal may be dismissed. |
| 04/09/2020 | Returned document for non-conformance. | Aplt's mtn to consolidate cases G057737, G058874, and G058875 needs to be filed only in G058874. Mtn needs to be resubmitted as to cases G058874 only.<br>Case G057737 was dismissed on 03/03/20. |
| 04/09/2020 | Returned document for non-conformance. | Aplt's mtn to consolidate appeals G058874 and G058875 needs to be filed only in G058874. |
| 06/18/2020 | Received copy of: | Notice of failure to comply w/notice of default re: designation and deposit. |
| 06/19/2020 | Appeal dismissed per rule 8.140(b). | Pursuant to California Rules of Court, rule 8.140(b)(1), the appeal filed February 13, 2020, is DISMISSED for appellant's failure to timely designate the record and for failure to deposit costs in a timely manner for preparation of the record on appeal.<br>Appellant is advised that this dismissal will become final as to this court 30 days after the date of this order, at which time this court will lose the power to vacate, reconsider or modify it. (See Cal. Rules of Court, rule 8.264(b)(1).) A motion to vacate dismissal requires a showing of good cause. To allow the court sufficient time to review and evaluate the showing of good cause, a motion to vacate dismissal should be filed well before the 30-day jurisdictional deadline. |
| 07/13/2020 | Motion to vacate dismissal filed. | By aplt. |
| 07/14/2020 | To court. | Aplt's mtn to vacate dismissal and reinstate appeal. |
| 07/20/2020 | Order of dismissal vacated. | Appellant's motion to vacate the dismissal, reinstate the appeal, and be relieved from default is GRANTED. The order of dismissal is VACATED and the appeal is REINSTATED.<br>Orange County Superior Court, Appellate Division is directed to accept the designation of the record on appeal, provided the designation is presented within 10 days of the date of this order. If appellant fails to comply, and the Superior Court notifies this court of the non-compliance, the appeal may be dismissed.<br>Orange County Superior Court, Appellate Division is directed to accept the fees for the preparation of the record on appeal, provided the fees are paid within 10 days from the date of this order. If appellant fails to comply and the Superior Court notifies this court of the non-compliance, the appeal may be dismissed. |
| 08/28/2020 | Appellant 's notice designating record on appeal filed in trial court on: | Filed on: 07/28/20 |
| 08/28/2020 | Respondent 's notice designating record on appeal filed in trial court on: | Filed on: 08/07/20 |
| 08/31/2020 | Record on appeal filed. | 5-CT: 1,413 pgs<br>2-RT: 550 pgs |

| 09/14/2020 | Returned document for non-conformance. | Aplt's mtn to augment w/CT is missing a POS, mtn and exhibits need to be separate filings, exhibit vol needs an exhibit list<br>Aplt's mnt to augment w/RT is missing a POS, exhibit volume needs an exhibit list w/page numbers, exhibit volume pagination starts at the cover as page 1. |
|---|---|---|
| 09/21/2020 | Returned document for non-conformance. | Aplt's augmented CT needs request for judicial notice sub-exhibits bookmarked and remove "vol 6" from cover page.<br>Aplt's augmented RT needs "vol III" removed from the cover and the listed page numbers on the cover need correcting. |
| 09/21/2020 | Motion/application to augment record filed. | By aplt, for CT |
| 09/21/2020 | Motion/application to augment record filed. | By aplt, for RT |
| 09/24/2020 | Motion/application to augment record filed. | By Appellant |
| 09/25/2020 | Returned document for non-conformance. | Exhibits in support of motion to Augment have been returned.<br>1. Needs a cover page<br>2. There is a duplicate "G1" bookmark that needs to be removed at the bottom of bookmark list.<br>3. Bookmark "P" subheading page 5 of 6 can't come before Bookmark Q page 4 of 6. |
| 10/06/2020 | Opposition filed. | By resp, oppo to both of aplt's motions to augment filed on 09/21/20. |
| 10/07/2020 | Returned document for non-conformance. | Aplt's reply needs to be submitted with a request for permission to file a reply. |
| 10/07/2020 | To court. | Apt's mtn's to augment CT and RT.<br>Resp's oppo to both mtns. |
| 10/07/2020 | Motion filed. | By aplt, mtn for permission to reply to resp's oppo. |
| 10/07/2020 | To court. | Aplt's mtn for permission to file a reply to resp's oppo. |
| 10/07/2020 | Opposition filed. | By resp, oppo to aplt's mtn to augment filed on 09/24/20. |
| 10/08/2020 | To court. | Apt's mtn to augment CT (filed 09/24/20) and resp's oppo thereto. |
| 10/13/2020 | Granted - extension of time. | |

| | | |
|---|---|---|
| 10/21/2020 | Augmentation granted. (See order.) | Appellant filed two motions to augment the record on September 21, 2020, and respondent has filed opposition thereto. Appellant's application for leave to file a reply to respondent's opposition is GRANTED. The clerk of the court is directed to file forthwith appellant's reply received on October 7, 2020.<br><br>Appellant's motion filed on September 21, 2020 to augment the record on appeal with documents that were filed in the above superior court case number 30-2017-00962999 prior to entry of the orders on appeal and the filing of the notice of appeal, which documents are identified in appellant's motion as exhibits A through G, is GRANTED. The clerk of the court is directed to file forthwith the documents received with appellant's motion and the documents are deemed part of the record on appeal.<br><br>Appellant's second motion filed on September 21, 2020 to augment the record with certified reporter's transcripts is GRANTED in part and DENIED in part as follows. Appellant's motion is GRANTED as to the reporter's transcripts from proceedings conducted in the above superior court case number 30-2017-00962999 on February 14, 2018, November 14, 2018, and October 24, 2019. The clerk of the court is directed to file forthwith the reporter's transcripts received with appellant's motion and the February 14, 2018, November 14, 2018, and October 24, 2019 transcripts only are deemed part of the record on appeal. Appellant's motion to augment with the reporter's transcript from proceedings on May 9, 2018 in superior court case number 30-2018-00986785 is DENIED. (Cal. Rules of Court, rule 8.155(a) [party may only augment with document or transcripts filed in the superior court in the case before the court].)<br><br>Appellant's third motion to augment the record filed on September 24, 2020, with documents filed in superior court case number 30-2018-00986785 is DENIED.<br><br>Appellant's opening brief remains due to be served and filed by November 13, 2020. |
| 10/21/2020 | Reply filed to: | Aplt's reply to resp's oppo filed on 10/06/20 |
| 10/21/2020 | Augmented clerk's transcript filed | CT: 186 pgs |
| 10/21/2020 | Augmented reporter's transcript filed | RT: 38 pgs |
| 11/16/2020 | Granted - extension of time. | |
| 11/30/2020 | Returned document for non-conformance. | Aplt's augmented CT needs to be submitted w/mtn to augment. |
| 12/14/2020 | Appellant notified re failure to timely file opening brief. | |
| 12/22/2020 | Returned document for non-conformance. | AOB ext needs to be submitted w/mtn to file under seal for court to consider sealing confidential doc, or resubmit ext w/out confidential doc. |
| 12/22/2020 | Granted - extension of time. | |
| 01/22/2021 | Granted - extension of time. | |
| 01/28/2021 | Granted - extension of time. | |
| 03/01/2021 | Granted - extension of time. | **LAST EXTENSION** |

| | | |
|---|---|---|
| 03/15/2021 | Requested - extension of time | |
| 03/15/2021 | Granted - extension of time. | Appellant's application for an additional extension of time to file her opening brief is granted in part and denied in part. The notice of appeal was filed on February 13, 2020 and the record on appeal was filed on August 31, 2020. Appellant has been granted six extensions of time to file her opening brief totaling 132 days, the prior extension having been marked "last extension," and has been issued a default notice pursuant to California Rules of Court, rule 8.220. Appellant is granted a final 15 days to serve and file her opening brief. With this final extension appellant has now been afforded 211 days to file her opening brief. No further extensions will be granted. If appellant's opening brief is not served and filed by March 30, 2021, the appeal will be dismissed. |
| 04/01/2021 | Appellant notified re failure to timely file opening brief. | If appellant's opening brief is not filed within 15 days after the date of this notice, the appeal may be dismissed. (Cal. Rules of Court, rule 8.220(a)(1).)<br><br>No additional notices under rule 8.220 will be issued, even if further extensions are granted. |
| 04/19/2021 | Appeal dismissed for failure to file opening brief. | Defendant and Appellant: Jaime L. Gallian<br>Pro Per Appellant failed to file a brief after notice given pursuant to California Rules of Court, rule 8.220(a)(1). The appeal is DISMISSED pursuant to California Rules of Court, rule 8.220(c).Seven extensions granted for a total of 150 days:<br>10/13/2020 Granted - extension of time. Due on 11/13/2020 By 31 Day(s)<br>11/16/2020 Granted - extension of time. Due on 12/11/2020 By 28 Day(s)<br>12/22/2020 Granted - extension of time. Due on 01/21/2021 By 23 Day(s)<br>01/22/2021 Granted - extension of time. Due on 01/26/2021 By 5 Day(s)<br>01/28/2021 Granted - extension of time. Due on 02/26/2021 By 31 Day(s)<br>03/01/2021 Granted - extension of time. Due on 03/12/2021 By 14 Day(s)<br>03/15/2021 Requested - extension of time. Requested for 04/12/2021 By 31 Day(s)<br>03/15/2021 Granted - extension of time. Due on 03/30/2021 By 18 Day(s)<br>**LAST EXTENSION** |
| 06/21/2021 | Remittitur issued. | |
| 06/21/2021 | Case complete. | |
| 06/21/2021 | Record shipped to records center | All documents scanned. |
| 06/21/2021 | Motion filed. | By aplt, mtn to recall remittitur. |
| 06/21/2021 | Received document entitled: | By aplt, informal letter brief. |
| 06/23/2021 | Received document entitled: | Aplt'verified declaration. |
| 07/06/2021 | Opposition filed. | By resp, oppo to aplt's mtn to recall the remittitur. |
| 07/07/2021 | Reply filed to: | By aplt. |
| 07/07/2021 | To court. | 1) Aplt's mtn to recall the remittitur<br>2) Aplt's informal letter brief(received only)<br>3) Aplt's verified declaration(received only)<br>4) Resp's oppo<br>5) Aplt's reply |

| 07/08/2021 | Order on motion filed. | THE COURT: The motion to recall the remittitur is DENIED. O'LEARY, P. J. * Before O'Leary, P. J., Goethals, J., and Marks, J.** **Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution. |
| --- | --- | --- |

**Click here** to request automatic e-mail notifications about this case.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
7101 N. Mesa, Ste 355
El Paso, TX 79912

A true and correct copy of the foregoing document entitled (*specify*): **Motion to Continue Pre-Trial Conference and Other Dates to Conserve Court Resources; Declaration of Janine Jasso in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __2/01/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See NEF for confirmation of electronic transmission to the U.S. trustee, any trustee in this case, and to any attorneys who received service by NEF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _2/01/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

DEBTOR AND DEFENDANT
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SPC 376
HUNTINGTON BEACH, CA 92649

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Document Delivery to Court Suspended General Order 21-05

Courtesy Copy via email: Aaron De Leest, Esq.,

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2-01-2023 | David Jasso | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.