FILED & ENTERED

FEB 03 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian<br><br><br><br><br>Debtor(s). | Case No.:  8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>Adv No:   8:21-ap-01096-SC<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE AND VACATING HEARING** |
| Janine Jasso<br><br>Plaintiff(s),<br><br>   v.<br><br>Jamie Lynn Gallian, et al.<br><br><br>Defendant(s). | <u>Hearing to be Vacated</u><br>Date:     February 8, 2023<br>Time:        11:00 AM<br>Courtroom:  5C |

The Court has reviewed Plaintiff's Motion for Default Judgment filed December 30, 2022 [Dk. 89] ("Motion"), and the docket as a whole, and has determined that the matter is appropriate for disposition without a hearing. Accordingly, having found good cause to do so for the reasons more fully stated below, the Court hereby DENIES the

Motion without prejudice and VACATES the February 8, 2023, hearing.

## I.    Background

Plaintiff filed a First Amended Complaint ("FAC") on November 16, 2021 [Dk. 6], asserting multiple causes of action: (1) Denial of Discharge of Debtor's First Criminal Restitution Judgment pursuant to 11 U.S.C. Section 523(a)(7); (2) Denial of Discharge of Debtor's Second Civil Judgment pursuant to 11 U.S.C. Section 523(a)(2)(A); (3) Denial of Debtor's Discharge pursuant to 11 U.S.C. Section 727(a)(3); (4) Denial of Debtor's Discharge pursuant to 11 U.S.C. Section 727(a)(4); and (5) Denial of Debtor's Discharge pursuant to 11 U.S.C. Section 727(a)(5). Plaintiff listed Debtor, Jamie Gallian, as a defendant, along with her alleged corporations, J-Pad, LLC and J-Sandcastle Co, LLC (together, "Corporate Defendants").

Despite including the Corporate Defendants in the preamble of her FAC and the caption page, Defendant asserted the foregoing causes of action against Defendant Jamie Gallian only. Nowhere in the complaint does Plaintiff allege a specific cause of action against Corporate Defendants. In fact, Plaintiff's only references to the Corporate Defendants are made in the context of asserting allegations in support of her alleged causes of action against Defendant Jamie Gallian. Plaintiff's Second Amended Complaint, filed January 28, 2023 [Dk. 107], suffers the same defect.

## II.    Motion for Default Judgment

Defendant Jamie Gallian has filed a response[1] to Plaintiff's First Amended Complaint; the Corporate Defendants have not.[2] Plaintiff's Motion seeks entry of a default judgment against the Corporate Defendants only pursuant to the FAC, despite

---

[1] Defendant Jamie Gallian filed an answer, in pro per, to the FAC on December 17, 2021 [Dk. 13] and thereafter filed a Motion to Dismiss, which was granted in part and denied in part via order entered January 10, 2023 [Dk. 102]. Having been granted leave to do so, Plaintiff filed a Second Amended Complaint ("SAC") on January 28, 2023 [Dk. 107]. The Second Amended Complaint also names the Corporate Defendants and includes an additional request for relief pertaining to alter ego. As of the date of the entry of this order, the deadline for Defendant Jamie Gallian to respond to the SAC has not expired.

[2] The docket reflects that Jamie Gallian, in pro per, filed answers to the First Amended Complaint purportedly on behalf of the Corporate Defendants on December 17, 2021 [Dks. 14-18]. However, such answers were stricken by the Court by an order entered November 2, 2022 [Dk. 55], as a corporation may not appear without counsel in any case or proceeding before this Court.

1  her subsequent filing of a Second Amended Complaint.

2    Default judgments are governed by Federal Rule of Civil Procedure (FRCP) 55,

3  made applicable to this proceeding by Federal Rule of Bankruptcy Procedure (FRBP)

4  7055. Fed. R. Civ. P. 55; Fed. Bankr. P. 7055. "The court has wide discretion in

5  determining whether to enter default judgment pursuant to Rule 55." *Cau-Min Li v.*

6  *Chavez (In re Chavez),* 2006 Bankr. LEXIS 4879, at *8 (B.A.P. 9th Cir. 2006) (citing

7  *Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) and 10 C. Wright, A. Miller & M. Kane,

8  Federal Practice and Procedure Civil 2d § 2685 (1983)).

9    In weighing whether to grant a motion for default judgment, courts consider a

10  number of different factors, including: (1) the possibility of prejudice to the plaintiff; (2)

11  the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum

12  of money at stake in the action; (5) the possibility of a dispute concerning material facts;

13  (6) whether the default was due to excusable neglect; and (7) the strong policy

14  underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Alden*

15  *v. Wolkowitz (In re Tina Chi Houng)*, 2012 Bankr. LEXIS 5666, at *4 (B.A.P. 9th Cir.

16  2012) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

17    Where, as here, a party moves for default judgment but fails to address any of

18  the *Eitel* factors noted above, default judgment may not be warranted at all. *See Wyles*

19  *v. Sussman*, 2020 U.S. Dist. LEXIS 165897, at *4 (C.D. Cal. 2020) (noting that default

20  judgment was inappropriate where "Plaintiff ha[d] failed to cite to or analyze the [*Eitel*]

21  factors that the Court must consider before entering a default judgment," and dismissing

22  the motion for default judgment without prejudice).

23    Notwithstanding Plaintiff's failure to address the *Eitel* factors in the Motion, the

24  Court has independently considered them and finds that the balance of these factors

25  weigh in favor of denying the Motion. For the reasons already explained above the

26  complaint is insufficient to warrant the entry of default judgment, as it does not allege

27  any cause of action or seek specific relief against the Corporate Defendants (i.e., an

28  alter ego finding). Further, the complaint was superseded by the filing of the Second

1  Amended Complaint.

2      Moreover, the allegations and issues presented in the complaint which relate to

3  the Corporate Defendants are too closely interwoven with the allegations and issues

4  pertaining to Defendant Jamie Gallian, who has filed a response and been an active

5  participant in the case. The Ninth Circuit has held that inconsistent judgments must be

6  avoided, and that where there are multiple defendants, a Court abuses its discretion by

7  entering default judgment against a defendant where such entry of default would lead to

8  an inconsistent judgment among the other defendants:

9      The leading case on the subject of default judgments in actions involving multiple
10     defendants is *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872). The Court
       held in *Frow* that, where a complaint alleges that defendants are jointly liable and
11     one of them defaults, judgment should not be entered against the defaulting
       defendant until the matter has been adjudicated with regard to all defendants. *Id.*
12     at 554. It follows that if an action against the answering defendants is decided in
13     their favor, then the action should be dismissed against both answering and
       defaulting defendants. *Id.*
14

15  *Neilson v. Chang (In re First T.D. & Inv. Inc.)*, 253 F.3d 520, 532 (9th Cir. 2001).

16      As the matter of Defendant Jamie Gallian's liability under the complaint is so

17  closely tied to the allegations pertaining to the Corporate Defendants, and Defendant

18  Jamie Gallian is not in default and continues to adjudicate the action, the Court may not

19  enter a default judgment against the Corporate Defendants at this time, especially

20  considering that the complaint was superseded by the Second Amended Complaint.[3]

21  //

22  //

23  //

24  //

25  //

26  //

27

28  _____
[3] Should Plaintiff seek a default judgment against the Corporate Defendants under the Second Amended
Complaint, Plaintiff should be prepared to present legal authority demonstrating the authority of this Court
to grant such request.

### III.    Conclusion

For the reasons more fully stated above, the Court, in its discretion, hereby DENIES the Motion without prejudice and VACATES the February 8, 2023, hearing.

IT IS SO ORDERED.

Date: February 3, 2023

Scott C. Clarkson
United States Bankruptcy Judge