

**FILED & ENTERED**

FEB 07 2023

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian,<br><br><br><br>Debtor(s).<br><br>Janine Jasso,<br><br><br>Plaintiff(s),<br><br>v.<br><br>Jamie Lynn Gallian,<br><br><br>Defendant(s). | Case No.: 8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>Adv. No.: 8:21-ap-01096-SC<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [Dks. 99 and 101]** |

On January 9, 2023, Defendant filed a Request for Extension of Time to File Notice of Appeal [Dk. 99], and on January 10, 2023, Defendant filed a Second Amended Request for Extension of Time to File Notice of Appeal [Dk. 101]. Other than the significant amount of additional materials attached to the later-filed request, the substance of both filings appears to be substantially identical. Accordingly, the Court will treat the later-filed request [Dk. 101] as the operative filing (the "Extension Motion").

As an initial matter, the Court notes that the Extension Motion was never properly set for hearing pursuant to either LBR 9013-1 or LBR 9075-1, or was otherwise brought to this Court's attention. Despite this deficiency, having reviewed the merits of Defendant's Extension Motion, and for the reasons set forth more fully below, the Court finds that the matter is appropriate for disposition without a hearing and finds good cause to DENY the Extension Motion.

### I.     The Extension Motion

The Extension Motion is not a model of clarity. On page 2, it references documents from a previously adjudicated partial motion for summary judgment and Defendant's pending motion to dismiss. As Defendant has already filed a Notice of Appeal [Dk. 98] pertaining to the partial motion for summary judgment, the Court infers that the Extension Motion pertains to the then pending motion to dismiss and any order which was subsequently entered. The Extension Motion was filed approximately thirty minutes prior to the January 10, 2023, hearing on the motion to dismiss. Thereafter, on January 10, 2023, after the hearing on the motion to dismiss, this Court entered an Order granting-in-part and denying-in-part Defendant's Motion to Dismiss [Dk. 102]

A "notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FRBP Rule 8002(a)(1). However, "the bankruptcy court *may* extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." FRBP Rule 8002(d)(1) (emphasis added). Pursuant to FRBP Rule 8002(a)(1) and FRBP Rule 9006(a)(1), the 14-day deadline by which Defendant was required to file a notice of appeal—and thus a motion for extension—expired on January 25, 2023.

As previously noted, the Extension Motion was filed approximately thirty minutes prior to the hearing on Defendant's motion to dismiss, but after the Court had issued its tentative ruling on the matter. Under FRBP Rule 8002(a)(2), "[a] notice of

appeal filed after the bankruptcy court announces a decision or order—but before entry of the judgment, order, or decree—is treated as filed on the date of and after the entry."

Per the Advisory Committee Notes on the 1991 amendments to FRBP Rule 8002, FRBP Rule 8002(a)(2) was intended to conform to Fed. R. App. P. 4(a)(2). *See* FRBP 8002 Notes of Advisory Committee on 1991 Amendments. The United States Supreme Court has interpreted Fed. R. App. P. Rule 4(a)(2) as being "intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment." *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 275 (1991).

While the Court questions whether a) Defendant was interpreting its "tentative" ruling as a final ruling, and b) whether such interpretation was reasonable, the Court is inclined to find that the Extension Motion was timely filed given Fed. R. App. P. 4(a)(2)'s purpose (and by extension, FRBP Rule 8002(a)(2)'s purpose) of protecting unskilled litigants, and the fact that the Court's tentative ruling subsequently became its final ruling.

Despite concluding that Defendant has satisfied the timeliness requirement of FRBP 8002(d)(1)(A), the Court is not required to grant the Extension Motion simply because of the foregoing. *See Nugent v. Betacom of Phoenix, Inc. (In re Betacom of Phoenix, Inc.)*, 250 B.R. 376, 380 (B.A.P. 9th Cir. 2000) (examining FRBP 8002(d) (formerly Rule 8002(c)) and noting that "the use of the word 'may' rather than 'shall' infers that an extension is not necessarily automatic, although it may be routinely granted"). When weighing whether to grant a motion for extension that is timely filed under FRBP 8002(d)(1)(A), courts must consider the following factors:

> (1) whether the appellant is seeking the extension for a proper purpose; (2) the likelihood that the need for an extension will be met if the motion is granted; (3) the extent to which granting the extension would inconvenience the court and the appellee or unduly delay the administration of the bankruptcy case; and (4) the extent to which the appellant would be harmed if the motion were denied.

*Betacom*, 250 B.R. at 382. "The weight . . . attributed to any one factor may vary with

the extent of the showings on the other factors." *Id.* (quoting *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)).

Having considered the *Betacom* factors, the Court concludes that an extension is not warranted. The Court has carefully reviewed the Extension Motion, and notes that it contains a multitude of purported reasons why Plaintiff's Amended Complaint was deficient and should have been dismissed, rhetorical questions posed to Plaintiff, and hundreds of pages of attached filings from a variety of sources.

Despite the abundance of material submitted for the Court's consideration, the Extension Motion does not address the *Betacom* factors. It does not address the purpose for which an extension of time to file a notice of appeal is needed, nor explain how an extension would satisfy any such purpose. The Extension Motion does not address whether granting the motion would inconvenience the Court, or the parties, or unduly delay the administration of the case. It does not address how Defendant would be harmed if the motion were denied. Rather, the Extension Motion attempts to re-litigate her motion to dismiss.

Because the Extension Motion lacks any reasoning for why an extension of time to file a notice of appeal is needed and should be granted, especially in light of the Court's ruling on January 10, 2023, granting-in-part and denying-in-part Defendant's Motion to Dismiss [Dk. 102], the Court finds that granting an extension would only serve to unduly delay the administration of this case.

///

**2.    Conclusion**

For the reasons set forth above, this Court finds that Defendant did not meet her burden of proof to establish that an extension of time to appeal is warranted. Accordingly, the Extension Motion is hereby **DENIED**.

IT IS SO ORDERED.

Date: February 7, 2023

Scott C. Clarkson
United States Bankruptcy Judge