Janine Jasso
P.O. Box 370161
El Paso, TX 79937
Plaintiff, IN PRO PER

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re: JAMIE LYNN GALLIAN | CASE NO. 8:21-bk-11710-SC |
| | Chapter 7 |
| | Adversary No. 8:21-ap-01096-SC |
| JANINE JASSO, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited Liability Company, J-Sandcastle Co LLC, a California Limited Liability Company, and DOES 1 through 100, inclusive, <br><br> Defendants. | **DECLARATION OF JANINE JASSO IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT UNDER LBR 7055-1(a)** <br><br> [Filed concurrently herewith Plaintiff's Request for Clerk to Enter Default under LBR 7055-1(a)] <br><br> **Current Pre-Trial Conference** <br><br> Hearing: May 16, 2023 <br> Time: 1:30 p. m. <br> Courtroom: 5C – Virtual |

This declaration of Janine Jasso ("Plaintiff") is made in support of Plaintiff's Request for Clerk to Enter Default of Defendant/Debtor Jamie Lynn Gallian ("Debtor") under LBR 7055-1(a), filed concurrently herewith.

1

DECLARATION OF JANINE JASSO ISO REQUEST FOR ENTRY OF DEFAULT

## DECLARATION OF JANINE JASSO

I, Janine Jasso, declare and state:

1. I am over the age of eighteen (18), have personal knowledge of the facts stated herein and except as to those matters stated upon information and belief, I believe them to be true. I could and would testify to said facts if sworn as a witness in this proceeding.

2. This declaration is in support of Plaintiff Request for Clerk to Enter Default of Debtor Jamie Lynn Gallian pursuant to LBR 7055-1.

3. On or about July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. Plaintiff timely filed the original complaint in the above captioned adversary proceeding on October 18, 2021 (the "Adversary Proceeding"). Plaintiff then amended the complaint and filed and served the summons and First Amended Complaint (the "FAC") [Docket ("DK") Nos. 6, 9]. Debtor answered the FAC on December 10, 2021 [DK 13] on behalf of herself. Debtor subsequently answered the FAC in pro per on behalf of the corporate defendants J-Sandcastle Co LLC and J-Pad, LLC [DK Nos. 14, 15, 16, 17 and 18].

5. Pursuant to the Court's January 10, 2023 order [DK 102] granting Plaintiff twenty (20) days leave to amend the FAC, on January 28, 2023 Plaintiff filed a Second Amended Complaint (the "SAC"), which is the operative pleading, and served it on the Debtor and the Court [see DK 107, proof of service on page 149].

6. The Adversary Proceeding was commenced pursuant to Rules 7001(4) and (6) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(7) and (a)(2)(A) and 727(a)(3), (a)(4), and (a)(5).

7. Pursuant to the Court's January 10th, 2023 order [DK 102] requiring Debtor to file a response to the SAC within twenty (20) days of the filing date, which was January 28,

2023, Debtor's Answer was due on February 17, 2023.

8.  To date, Debtor has not filed a response to the SAC. Debtor failed to comply with the Court's January 10, 2023 order. Plaintiff therefore respectfully requests that the Clerk enter Debtor's Default pursuant to LBR 7055-1(a) which make F.R.Civ.P. Rule 55 applicable to adversary proceedings.

9.  Debtor, a highly-experienced pro per litigant of over 20 years, has exhibited a long pattern of behavior of refusing to comply with court orders. Some examples include:

a. *People v. Gallian*, OCSC Case No 18WM05278: In 2019 and 2021, Debtor was convicted for two counts of contempt of court and subsequently violating the criminal court's terms of her probation by violating the no-contact order and threatening Plaintiff and my family in violation of the HOA's Workplace Violence Restraining Order [See DK 49, Exs. A-B, WV RO protecting nine people including Plaintiff and my family];

b. *The Huntington Beach Gables HOA v. Bradley, Gallian, et al.*, OCSC Case No. 30-2017-00913985: In 2017-2019, Debtor's refused to comply with discovery and the payment of discovery sanctions. Debtor's pattern of failure to comply with court orders caused additional legal fees, expenses and court resources for (i) motions to compel discovery which Debtor never complied with nor paid the court-ordered sanctions, (ii) motions in limine and (iii) resulted in the state court ordering terminating sanctions, Debtor's default and default judgment;

c. *The Huntington Beach Gables HOA v. Bradley, Gallian, et al.*, OCSC Case No. 30-2017-00913985: In 2019-2021, Plaintiff and the other Board members and the HOA worked for many years to collect the judgments debts ordered by the state civil court. While she was on criminal probation, Debtor refused to sit for her court-ordered

3

DECLARATION OF JANINE JASSO ISO REQUEST FOR ENTRY OF DEFAULT

civil debtor's examination, and filed multiple motions including the claim that she would plead the 5th Amendment against self-incrimination if the required her to testify. The court continued the court-ordered debtor's examination multiple times and Debtor continued to refuse to comply. Debtor's non-compliance caused an increase of legal fees and expenses to opposed Debtor's frivolous motions and attend hearings on those motions. The court found that Debtor was in contempt of court for failing to attend her court-ordered debtor's examination and issued a bench warrant on July 8, 2021. Debtor immediately filed for bankruptcy to avoid the consequences of failing to comply with the court-ordered debtor's examination while on criminal probation;

    d. *The Huntington Beach Gables HOA v. Gallian*, California Court of Appeals, 4th District, Div. 3, Case No. G057737: from May 2019 to June 2020 Debtor appealed the lower court's terminating sanctions and civil default judgment. However, Debtor refused to comply with multiple court orders regarding proper, timely filing of the required appellate pleadings, such as the designation of the record, designation of transcripts and the opening brief. Debtor's refusal to comply with the court's orders resulted in several dismissals after which Debtor would file a motion promising compliance after obtaining another extension. The Debtor made numerous motions for extensions and motions to vacate dismissals. The appellate court gave Debtor many chances to comply. After over a year of playing this litigation game, causing the HOA to incur additional legal fees, costs and use of court resources, the appellate court dismissed the Debtor's appeal;

    e. *The Huntington Beach Gables HOA v. Gallian*, California Court of Appeals, 4th District, Div. 3, Case No. G058875: from February 2020 to July 2021 the Debtor appealed the state court's Workplace Violence Restraining Order in favor of the HOA.

However, like her appeal of the state court's civil judgment, *supra*, Debtor refused to comply with multiple court orders regarding proper, timely filing of the required appellate pleadings, including the designation of the record and an opening brief. Debtor filed multiple motions to vacate dismissals and the appellate court gave Debtor eight extensions to file her opening brief. After eighteen (18) months of her apparent litigation game, causing the HOA to incur additional legal fees, costs and use of court resources, the appellate court dismissed Debtor's appeal;

    f. *Estate of Charles Bradley*, OCSC Case No. 30-2017-00915711-PR-LA-CJC: on February 1, 2023, the probate court heard Mrs. Bradley's motions to compel discovery because Debtor sued Mrs. Bradley and failed to respond to propounded discovery [OCSC Case No 00915711, ROA 383]. The probate court ordered Debtor to pay sanctions of approximately $4998. Due to Debtor's continued refusal to comply with the probate court's orders, Debtor caused Mrs. Sandra Bradley, who Debtor sued under a fabricated probate claim, to incur additional legal fees and costs to make motions in limine in this probate litigation that Debtor created and added to her bankruptcy schedules under Debtor's Schedule A/B, Item 32, Dks 1, 15, 16, 22, 37, 38, 39, and 72;

    g. *Houser Bros Co. v. Gallian (In re Gallian)*, Adversary Case No. 8:21-ap-01097-SC: this Court has ordered $4,000 of discovery sanctions against Debtor for failure to comply with discovery [*see* DK 29 for Adv. Case No. 21-01097]. The Debtor has not paid the court ordered sanctions. The creditor incurred additional legal fees and costs for motions in limine, due to Debtor's failure to produce documents in compliance with subsequent trial conference orders, which this Court granted on

February 14, 2023 at the hearing on the merits [*see* DKs 47, 58 for Adv. Case No. 21-01097].

10.    Please also note that Debtor has prepared and filed at least six other pleadings after Plaintiff's SAC was filed, none of which was a responsive pleading to the SAC as required under F.R.Civ.P. Rule 15 and the Court's DK 102 order. [*See* DK 108; *see also* DK Nos. 54 and 64 of Adv. Case No. 8:21-ap-01097-SC; *see also* DK Nos. 315, 316, 327 of the Debtor's main bankruptcy Case No. 8:21-bk-11710-SC].

11.    In addition, on February 1, 2023, Plaintiff reminded Debtor that the SAC had been timely filed and served on January 28, 2023, and that the responsive pleading deadline was February 17, 2023. [DK 109].

12.    In order to comply with the Court's January 10th, 2023 order, Plaintiff has had to use the Santa Ana Bankruptcy Clinic's time and effort to assist Plaintiff regarding the Court's order, as well as incurring additional costs with preparing and copying exhibits, Pacer costs, and serving Debtor and the Court in addition to Plaintiff spending weeks of effort researching, preparing and properly filing and serving the timely SAC.

**WHEREFORE,** based on the foregoing recitals, Plaintiff requests the Clerk enter the Debtor's Default as to the Plaintiff's Second Amended Complaint [DK 107].

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing is true and correct.

Executed this 24th day of February 2023 at El Paso, Texas.

*/s/ Janine Jasso*
Janine Jasso

---

6
DECLARATION OF JANINE JASSO ISO REQUEST FOR ENTRY OF DEFAULT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
7101 N. Mesa, Ste 355
El Paso, TX 79912

A true and correct copy of the foregoing document entitled (*specify*): **Declaration of Janine Jasso in Support Request for Entry of Default Under LBR 7055-1(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __2/24/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See NEF for confirmation of electronic transmission to the U.S. trustee, any trustee in this case, and to any attorneys who received service by NEF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _2/24/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR AND DEFENDANT
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SPC 376
HUNTINGTON BEACH, CA 92649

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___02/24/2023____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Document Delivery to Court Suspended General Order 21-05

Courtesy Copy via email: Aaron De Leest, Esq.,

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2-24-2023 | David Jasso | /s/ David Jasso |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE