1  JAMIE LYNN GALLIAN

2  16222 MONTEREY LN #376

3  HUNTINGTON BEACH, CA 92649

4  (714)321-3449
   jamiegallian@gmail.com
5  IN PRO PER

6

7

8          **UNITED STATES BANKRUPTCY COURT**
           **CENTRAL DISTRICT OF CALIFORNIA**
9

10  In re ___JAMIE LYNN GALLIAN___     )   BK No.  :     8:21-bk-11710-SC
                                       )
11  _____Debtor(s)_____        )   ADV. No.:     8:21-ap-01096-SC
                                       )
12                                     )
                                       )   Chapter 7           **AMENDED**
13  ===============================    )
                                       )   DEFENDANT'S ANSWER TO  PL. SECOND AMENDED
14                                     )   COMPLAINT TO DETERMINE
                                       )   DISCHARGEABILITY OF DEBT
15                                     )
                                       )
16  JANINE BARBARA JASSO, ESQ.         )   STATUS CONFERENCE:
    _____,     )
17          Plaintiff(s),              )   DATE: ___TBD_____
                                       )
18                                     )   TIME: ___TBD_____
    v.                                 )
19  JAMIE LYNN GALLIAN                 )         411 W. Fourth St. Ctrm 5C
                                       )   PLACE: _____
20                                     )
    _____,     )         Santa Ana, CA 92701
21          Defendant(s).              )         _____
                                       )
22                                     )
    _____      )         _____
23

24      Defendant answers Plaintiff's Complaint as follows:

25  | **CHECK ONE** | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION |
    | --- | --- | --- | --- |
    | | | | TO ANSWER AND THEREFORE DENY |
26  | Paragraph 1 | X | | |
27  | Paragraph 2 | X | | |
28  | Paragraph 3 | X | | |

1



**Secretary of State**

**RA-100**

Resignation of Agent For Service of Process



**FILED**

Secretary of State
State of California

11/23/2021

Filing Date

This Space For Office Use Only

---

**IMPORTANT — Read Instructions before completing this form.**

There is **No Fee** for filing a Resignation of Agent Upon Whom Process May be Served

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00

**Note:** If the entity from which you are resigning is a corporation, limited liability company, or limited partnership, you can go to the California Secretary of State's Business Search at BusinessSearch.sos.ca.gov to verify the exact name of the entity, entity file number, and that you are currently listed as agent for service of process.

---

1. **Entity Name** (Enter the **exact** name of the entity from which you are resigning as agent for service of process.)

J-SANDCASTLE CO, LLC

2. **Entity Number** (Enter the Entity Number issued to the business entity by the California Secretary of State.)

201829810053

3. **Name of Resigning Agent for Service of Process** (Enter your name, **or** if the agent for service of process is a corporation, enter the name of that corporation.)

STEVEN A. FINK STEVEN A FINK

4. **Statement of Resignation** (The following statement declares your intent to resign as agent for service of process. Do not alter.)

The undersigned hereby resigns as agent upon whom process may be served in California for the above-name entity.

5. **Read and Sign Below** (See Instructions. Office or title not required. **Do not** use a computer generated signature.)

I declare I am the person who signed this document, which execution is my act and deed.

_____

Signature of Resigning Agent for Service of Process **or**
Signature of Representative of Resigning Agent, **if** the agent for service of process is a corporation

RA-100 (REV 12/2020)

2020 California Secretary of State
bizfile.sos.ca.gov

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 4 | X | | |
| Paragraph 5 | X | | |
| Paragraph 6 | X | | |
| Paragraph 7 | | X | |
| Paragraph 8 | X | | |
| Paragraph 9 | X | | |
| Paragraph 10 | | | X |
| Paragraph 11 | | | X |
| Paragraph 12 | | | X |
| Paragraph 13 | X | | |
| Paragraph 14 | | X | |
| Paragraph 15 | | X | |
| Paragraph 16 | | X | |
| Paragraph 17 | X | | |
| Paragraph 18 | | | X |
| Paragraph 19 | | X | |
| Paragraph 20 | | X | |
| Paragraph 21 | | X | |
| Paragraph 22 | | X | |
| Paragraph 23 | | X | |
| Paragraph 24 | | X | |
| Paragraph 25 | | X | |

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 26 | | X | |
| Paragraph 27 | X | | |
| Paragraph 28 | X | | |
| Paragraph 29 | | X | |
| Paragraph 30 | | X | |
| Paragraph 31 | | X | |
| Paragraph 32 | | X | |
| Paragraph 33 | | X | |
| Paragraph 34 | | X | |
| Paragraph 35 | | X | |
| Paragraph 36 | X | | |
| Paragraph 37 | X | | |
| Paragraph 38 | | | X |
| Paragraph 39 | X | | |
| Paragraph 40 | | X | |
| Paragraph 41 | | X | |
| Paragraph 42 | X | | |
| Paragraph 43 | | X | |
| Paragraph 44 | X | | |
| Paragraph 45 | X | | |
| Paragraph 46 | X | | |
| Paragraph 47 | X | | |

| **CHECK ONE** | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 48 | | X | |
| Paragraph 49 | | X | |
| Paragraph 50 | | X | |
| Paragraph 51 | | X | |
| Paragraph 52 | X | | |
| Paragraph 53 | X | | |
| Paragraph 54 | X | | |
| Paragraph 55 | X | | |
| Paragraph 56 | X | | |
| Paragraph 57 | | X | |
| Paragraph 58 | | X | |
| Paragraph 59 | | X | |
| Paragraph 60 | | X | |
| Paragraph 61 | | X | |
| Paragraph 62 | | X | |
| Paragraph 63 | | X | |
| Paragraph 64 | | X | |
| Paragraph 65 | X | | |
| Paragraph 66 | | X | |
| Paragraph 67 | X | | |
| Paragraph 68 | | X | |
| Paragraph 69 | X | | |

| **CHECK ONE** | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 70 | | X | |
| Paragraph 71 | | | X |
| Paragraph 72 | X | | |
| Paragraph 73 | X | | |
| Paragraph 74 | | X | |
| Paragraph 75 | | X | |
| Paragraph 76 | | X | |
| Paragraph 77 | | X | |
| Paragraph 78 | | | |
| Paragraph 79 | X | | |
| Paragraph 80 | | | X |
| Paragraph 81 | | X | |
| Paragraph 82 | | | |
| Paragraph 83 | | | X |

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 84 | | X | |
| Paragraph 85 | | X | |
| Paragraph 86 | | X | |
| Paragraph 87 | | X | |
| Paragraph 88 | | X | |
| Paragraph 89 | | | |
| Paragraph 90 | X | | |
| Paragraph 91 | | | X |
| Paragraph 92 | | X | |
| Paragraph 93 | | X | |
| Paragraph 94 | X | | |
| Paragraph 95 | | X | |
| Paragraph 96 | | | |
| Paragraph 97 | | | X |
| Paragraph 98 | | X | |
| Paragraph 99 | | X | |
| Paragraph 100 | X | | |
| Paragraph 101 | | | X |
| Paragraph 102 | | X | |
| Paragraph 103 | | X | |
| Paragraph 104 | | | X |
| Paragraph 105 | | X | |

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 106 | | X | |
| Paragraph 107 | | X | |
| Paragraph 108 | | X | |
| Paragraph 109 | | | |
| Paragraph 110 | | | X |
| Paragraph 111 | | X | |
| Paragraph 112 | | X | |
| Paragraph 113 | | | X |
| Paragraph 114 | | X | |
| Paragraph 115 | | X | |
| Paragraph 116 | | X | |
| Paragraph 117 | | X | |
| Paragraph 118 | X | | |

WHEREFORE, Defendant prays as follows:

1.      That Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2.      That Defendant be awarded costs of suit, including attorneys' fees, incurred in the defense of this action pursuant to 11 U.S.C. § 523(d); and

3.      For such other and further relief as the court deems just and proper.

DATED:   XXXXXXXXXXX
         XXXXXXXXCXX

FEBRUARY 28, 2023,

_____
Signature

JAMIE LYNN GALLIAN

2

16222 MONTEREY LN. #376

HUNTINGTON BEACH, CA 92649

4

(714) 321-3449

5    jamiegallian@gmail.com

6

7

8    **UNITED STATES BANKRUPTCY COURT**

8    **CENTRAL DISTRICT OF CALIFORNIA-**

9    **SANTA ANA DIVISION**

10    In re    JAMIE LYNN GALLIAN                        )    BK No. :        8:21-bk-11710-ES

11              Debtor(s)                                )
                                                          )    ADV. No.:      8:21-ap-01096- ES
12                                                        ))   Chapter 7
13    =========================    ) ANSWER  \

14                                                        )    **AFFIRMATIVE DEFENSES TO** SECOND
15                                                        AMENDED **COMPLAINT TO** DETERMINE
                                                          DISCHARGEABILITY.
16    JANINE BARBARA JASSO, ESQ                          )    **STATUS CONFERENCE:**

17              Plaintiff                                )    DATE: TBD
18                                                        )    **RIME: TBD**
19    ' v.                                               )
      JAMIE LYNN GALLIAN, an individual,
20    and DOES 1 through 100, inclusive

21              Defendant(s).                            )    411 W. Fourth St. Crtrm 5C,
                                                          )
22                                                        )    Santa Ana, CA 92701
23

24              COMES NOW Defendant, JAMIE LYNN GALLIAN, and for no other party and by way of

25    answer to the  Complaint on file herein, and by virtue of the provisions of section 431.30( d) of the

      California Code of Civil Procedure, this answering Defendant denies both generally and specifically
26
      each, every and all of the allegations contained in said Complaint, and the whole thereof, and further
27
      deny that Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums, or

28    at all. Further answering the Complaint on file herein, and the whole thereof, this answering Defendant

      denies that Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on

      the part of this answering Defendant, or any agents,servants or employees of this answering Defendant.

1

### FIRST AFFIRMATIVE DEFENSE

#### [Action in Bad Faith]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against this answering Defendant.  Complainant should, therefore, be responsible for all Defendant's necessary and reasonable defense costs, as more particularly set forth in *California Code of Civil Procedure* section 1038.

### SECOND AFFIRMATIVE DEFENSE

#### [Active Negligence of Complainant]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's conduct, was such that all liability based thereon was active and primary in nature, to preclude any recovery sought in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

#### [Active Versus Passive Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the negligence of Complainant was active and primary and proximately caused any alleged damages or injuries alleged in the Complaint, whereas the conduct and participation, if any, of this answering Defendant, in the events alleged in Complainant's Complaint on file herein were passive, derivative and secondary in nature only.

### FOURTH AFFIRMATIVE DEFENSE

#### [Additional Defenses]

This answering Defendant alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated affirmative defenses.  This answering Defendant reserves herein the right to assert

2

1 additional affirmative defenses in the event discovery indicates that additional affirmative

2 defenses are appropriate.

## FIFTH AFFIRMATIVE DEFENSE

### [Apportionment of Fault]

5 This answering Defendant alleges that this answering Defendant is not legally

6 responsible in any fashion with respect to damages and injuries claimed by Complainant in their

7 Complaint. However, if this answering Defendant is found to be legally responsible, then this

8 answering Defendant provisionally alleges that its legal responsibility is not the sole and

9 proximate cause of the injuries alleged by Complainant,

10 and that the damages awarded to Complainant, if any, are to be apportioned according to

11 the respective fault and legal responsibility of all parties, persons and entities or the agents,

12 servants and employees who contributed to and/or caused said injury, according to proof at trial.

## SIXTH AFFIRMATIVE DEFENSE

### [Assumption of the Risk]

15 This answering Defendant alleges that Complainant expressly, voluntarily, and

16 knowingly assumed all risks about which it complains in its Complaint and, therefore, is barred

17 either totally or to the extent of said assumption fr      any damages.

## SEVENTH AFFIRMATIVE DEFENSE

### [Attorney's Fees]

20 This answering Defendant is informed and believes, and on such information and

21 belief alleges, that pursuant to the CC&R's, Davis-Sterling Act, and *Civil Code* sections 5650(b),

22 5740, 5650(a), 5705(a), 5715(a), 5720(a), 5685, 5658, and 5975, between Complainant

23 and this answering Defendant, an award of attorney's fees will be paid to the party justly

24 entitled to same in the event either party becomes involved in litigation arising out of said

25 CC&R's, Davis-Sterling Act, and *Civil Code* or the performance thereof (which provision is

26 reciprocal pursuant to the provisions of *California Civil Code* section 1717). It has been

28 necessary for this answering Defendant to retain an attorney to defend the within action and to

otherwise protect his rights, and this answering Defendant demands her attorney's

3

1    fees both under the CC&R's, Davis-Sterling Act, and *Civil Code* and pursuant to the applicable

2    law of indemnification.

### EIGHTH AFFIRMATIVE DEFENSE

**[Balancing of Conveniences]**

This answering Defendant alleges that Complainant is not entitled to the
relief requested in the Complaint because such relief would work a substantial hardship on
the Defendant relative to the benefit Complainant would gain by such relief.

### NINTH AFFIRMATIVE DEFENSE

**[Breach of Conditions Precedent]**

This answering Defendant is informed and believes, and on such information and
belief alleges, that the improper conduct of Complainant constituted a breach of conditions
which are precedent to any right or theory of recovery against this answering
defendant. or complainant might otherwise be permitted to advance.

### TENTH AFFIRMATIVE DEFENSE

**[Breach of Contract]**

This answering Defendant is informed and believes and thereon alleges that
actions and omissions by Complainant constituted a breach of contract by
Complainant, and such breach excuses any non-performance by this answering Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

**[Comparative Fault of Third Parties]**

This answering Defendant is informed and believes and upon such information and
belief alleges that the accident and the injuries, if any, allegedly suffered by Complainant were
proximately caused and contributed to by the negligence of third parties with the Complainant
and not this answering Defendant) and that said third parties failed to exercise reasonable care at
and prior to the time of said damages, and by reason thereof any recovery by Complainant
against this answering Defendant must be reduced by an amount equal to the proportionate fault
of said third parties.

4

## TWELFTH AFFIRMATIVE DEFENSE

### [Comparative Negligence]

This answering Defendant is informed and believes, and on such information and belief alleges, that if it should be found that this Defendant is in any manner legally responsible for injury or damages, if any, sustained by Complainant, which supposition is not admitted but merely stated for the purpose of this affirmative defense, any injuries or damages found to have been incurred or suffered by Complainant in this action were proximately caused or contributed to by the other parties in this case, whether served or not served, and/or by other persons or entities not parties to this action, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities, whether parties to this action or not, be determined and prorated and any judgment that might be rendered against this answering Defendant be reduced not only by the degree of comparative negligence found to exist as to Complainant but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE.

### [Comparative Negligence of Complainant]

Complainant, its agents, servants, employees, and independent contractors, acted negligently at the time and place alleged in the Complaint. These negligent acts were the legal cause of their injuries and damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Complete Performance]

This answering Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

//

///

5

### FIFTEENTH AFFIRMATIVE DEFENSE

#### [Conduct of Defendant Not a Substantial Factor]

This answering Defendant is informed and believes, and on such information and belief alleges, that the tortuous misconduct alleged in the Complaint as against this Defendant, if any, was not a substantial factor in bringing about the alleged injuries to Complainant. Therefore, any such alleged misconduct was not a contributing cause, but was superseded by tortuous misconduct by one or more third parties, including that of Complainant; whose misconduct was an independent, intervening, sole and proximate cause of any alleged injuries or damages suffered.

### SIXTEENTH AFFIRMATIVE DEFENSE,

#### [Conduct was Justified]

The conduct of this answering Defendant in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing,        Complainant is barred from any recovery against Defendant herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### [Consent]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant had full knowledge at the time of events thereon alleged and with full knowledge, Complainant consented to said acts and voluntarily invited and assumed same. Complainant is therefore barred from any recovery thereon.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### [Contribution]

This answering Defendant alleges that the damages suffered by Complainant, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault attributable to this answering Defendant.

6

### NINETEENTH AFFIRMATIVE DEFENSE

#### [Contributory Negligence]

This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, Complainant was negligent, careless, reckless, and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages, all of which said negligence bars either completely or partially the recovery sought by Complainant.

### TWENTIETH AFFIRMATIVE DEFENSE

#### [Costs]

This answering Defendant is informed and believes and thereon alleges that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against this answering Defendant. Complainant should therefore be responsible for all of Defendant's necessary and reasonable defense costs, as more particularly set forth in California *Code of Civil Procedure* section 1038.

### TWENTY-FIRST AFFIRMATIVE DEFENSE,

#### [Equities Favor Defendant]

This answering Defendant is informed and believes, and on such information and belief alleges, that between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery based upon equitable indemnity as against this answering Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### [Estoppel]

This answering Defendant is informed and believes and thereon alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, contracts and incidents which are the subject of this Complaint, and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

7

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### [Failure to Perform]

At all times mentioned herein, Complainant failed to perform all duties and obligations required on its part under the terms of the CC&R's agreement and such acts or omissions bars recovery by Complainant herein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### [Failure to Mitigate]

Complainant, though under a duty to do so, has failed and neglected to mitigate its alleged damages, and, therefore, cannot recover against this answering Defendant, whether as alleged or otherwise.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### [Failure to State a Claim]

The Complaint, and each and every purported count thereof, fails to state a claim for which relief can be granted against this answering Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### [Failure to State a Cause of Action]

This answering Defendant alleges that neither Complainant's Complaint, nor any cause of action asserted therein, state facts sufficient to constitute a cause of action against this answering Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### [Financial Abuse]

This answering Defendant is informed and believes and thereon alleges that Complainant, along with others, engaged in conduct constituting financial abuse against this answering Defendant. As such, Complainant's claims against this answering Defendant are violated. See, *Welf. & Inst. Code* §15657 et seq.

///

///

///

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### [Frivolous Action]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each purported cause of action contained therein, was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts and the law the filing of said Complaint against this answering Defendant. The Complainant is therefore responsible for all necessary and reasonable defense costs, including attorney's fees, incurred by this answering Defendant, as more particularly set forth in California *Code of Civil Procedure* section 128.5.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### [Intentional Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each cause of action alleged therein, is barred by Complainant's intentional conduct.

## THIRTIETH AFFIRMATIVE DEFENSE

### [Inspection and Approval]

This answering Defendant is informed and believes, and on such information and belief alleges, that following the performance and services by Defendant, the Complainant and other parties, their agents or employees, inspected and approved the conditions of the subject property and work performed by this Defendant as satisfactory, thereby waiving any claim for damages, negligence, indemnity, breach of warranty and/or breach of contract as alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### [Intervening Superseding Causes]

This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Complainant complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which

9

Complainant complains, thus barring Complainant from any recovery against this answering Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### [Justification]

This answering Defendant alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, and by reason of the foregoing incidents, the conduct of this answering Defendant was justified, Complainant is barred from any recovery against this answering Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### [Laches]

Complainant waited an unreasonable period of time before asserting its claims, if any, against this answering Defendant, and is barred from asserting such claims under the doctrine of laches.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### [Lack of Equity]

As between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### [Limitation of Non-Economic Damages]

This answering Defendant is informed and believes, and on such information and belief alleges, that pursuant to *California Civil Code* section 1431.2, the right of Complainant to recovery herein, if any right exists, is reduced and limited to the percentage of negligence attributable to this answering Defendant. Additionally, the liability of Defendant is several and not joint, with respect to non-economic damages, and each Defendant is liable only for the amount of non-economic damages, being defined as:

"subjective, non-monetary losses, including but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society, companionship and consortium, injury to reputation and humiliation."

10

Therefore, if liability is found as to this answering Defendant, neither Defendant nor Complainant are entitled to recover from this answering Defendant, any non-economic damages which are allocable to other responsible parties or non-parties, whether served or unserved.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### [Mediation]

This answering Defendant alleges that the CC&R's and Davis-Sterling Act allegedly entered into between Complainant            and this answering Defendant provides for mediation of any dispute arising from the transaction.  Pursuant to the mediation clause, because          Complainant brought this action without first attempting to resolve this matter through mediation with proper notice, Complainant is not entitled to a recovery of attorney's fees, should they prevail in their action, as alleged in Complainant's Complaint. *Johnson v. Siegel* (2000) 84 Cal.App.4th 1087, 1100.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### [Misrepresentation of Property]

This answering Defendant is informed and believes, and on such information and belief alleges, that none of the acts attributed to Defendant proximately caused the injuries and/or damages alleged in the Complaint in that any such causation was superseded by an intentional, criminal and fraudulent act of a third party,  Complainant, in misrepresenting the condition of the property, thus barring or diminishing Complainant's recovery herein.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### [Negligence of Others]

This answering Defendant is informed and believes, and on such information and belief alleges, that the incident, injuries, and damages mentioned in the Complaint were proximately caused and/or contributed to by the negligence of the Complainant in that Complainant did not exercise ordinary care in its own behalf at the time and place alleged.

Therefore, said negligence bars recovery by Complainant or, in the alternative, it reduces

the right of recovery to Complainant by that amount which said negligence contributed to incident as set forth under the doctrine of comparative negligence.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### [No Reliance]

This answering Defendant is informed and believes, and on such information and belief alleges, that this answering Defendant did not make any warranties or guarantees, expressed, implied, or apparent, upon which Complainant may rely.

## FORTIETH AFFIRMATIVE DEFENSE

### [Offset/Credit]

Complainant has heretofore received compensation for the damages alleged in the Complaint under circumstances entitling this answering Defendant to an offset and credit against any judgment herein.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### [Ratification]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant approved the acts and/or omissions, if any, of this answering Defendant and ratified same; consequently, Complainant is barred from recovery as against this answering Defendant.

## FORTY-SECOND AFFIRMATIVE DEFENSE,

### [Release]

This answering Defendant is informed and believes, and on such information and belief alleges, that any and all liability, costs, causes of action, obligations and/or claims existing by and between Complainant and Defendant, whether known or unknown, arising out of or in connection with the claims of injuries and/or damages alleged in the Complaint, were released and extinguished as a result of a prior settlement for good and valuable consideration, thereby barring enforcement of the existing obligations and/or claims pursuant to *California Code of Civil Procedure* sections 1541 and 1542.

### FORTY-THIRD AFFIRMATIVE DEFENSE

#### [Right of Third-Party Defendant]

This answering Defendant asserts all defenses available against Complainant

pursuant to *California Code of Civil Procedure* section 428.70.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

#### [Several Liability]

This answering Defendant is informed and believes and on that basis alleges that, along with the Complainant, other third parties are responsible for Complainant 's economic and non-economic damages, if any, pursuant to *Civil Code* sections1431, 1431.2, 1431.3, 1431.4 and 1431.5, in that Complainant's recovery against this answering Defendant for any non-economic damages is barred except as to those non-economic damages specifically apportioned to this answering Defendant.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

#### [Several Liability for Non-Economic Damages]

The right of Complainant to recovery herein, if any right exists, is reduced and limited to the percentage of negligence attributable to this answering defendant pursuant to California *Civil Code* section 1431.2.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

#### [Standard of Care]

This answering Defendant is informed and believes, and on that basis alleges, that this answering Defendant alleges Complainant is barred and precluded from any recovery in this action because this answering Defendant at all times complied with the applicable standard of care required of a property purchaser of the type of this answering Defendant, at the time and location where the subject property was purchased while Complainant failed to perfect its claim.

/ / /

/ / /

13

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

This answering Defendant alleges that the causes of action set forth in the Complaint are barred by the provisions of Sections 337(1), 337.1(a)(1), 337.1(a)(2), 337.1(b), 337.15(a)(2), 337.15(g), 338(a), 338(b), 339(1), 340(1), 340(3), 343 and 359 of the *Code of Civil Procedure* of the State of California.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### [Subrogation]

This answering Defendant is informed and believes and thereon alleges that Complainant was reimbursed for a portion of the claimed damages by another third party, that Complainant has subrogated to that third party a portion of the damages claimed herein; and that by virtue of the subrogation, Complainant has failed to name indispensable parties, thus barring Complainant's recovery herein.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

Complainant is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## FIFTIETH AFFIRMATIVE DEFENSE

### [Unilateral Mistake of Fact]

The contract set forth in the Complaint is voidable and can be rescinded by this answering Defendant because a unilateral mistake of material fact existed. The mistake of fact was not caused by the neglect of a legal duty on the part of this Defendant and was either an unconscious or forgetfulness of a past or present fact material to the contract, or a belie in the present existence of such a thing, which has not existed and was, either due to the fault of other third parties or due to the other paries knowing or having reason to know that a mistake existed.

/ / /

14

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### [Unreasonable Delay]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant has unreasonably delayed in filing its Complaint and in notifying this answering Defendant of the alleged harm and damages, and the basis for the causes of action alleged against it, all of which have unduly and severely prejudiced Defendant in its defense of the action, thereby barring or diminishing Complainant's recovery herein.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### [Untimely Notice]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's action is barred by its failure to provide Defendant with written notice within a reasonable amount of time of the alleged outstanding amounts owed by Jamie Gallian.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### [Violation of Due Process]

Complainant waited an unreasonable period before asserting its claims, if any, against this answering Defendant, and thereby has violated this Defendant's right to due process as guaranteed by the California and United States Constitutions and has thereby irreparably prejudiced this Defendant's ability to adequately defend itself against Complainant's claims.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### [Waiver]

This answering Defendant is informed and believes and thereon alleges that Complainant has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint. The performance, services, and supplying of materials of this answering Defendant, Complainant, and their agents, inspected and approved the condition of

15

1  the subject property, and work materials supplied by this answering Defendant, and agreed

2  and approved that the subject property, materials, products, and work was satisfactory, thereby

3  waiving any further claim for damages as alleged in the Cross-Complaint.

4                          **FIFTY-FIFTH AFFIRMATIVE DEFENSE**

5                  **[Complainant Creditor Not Harmed By Alleged Voidable Transaction]**

6                  This answering Defendant is informed and believes, and on that basis alleges, that:

7                  1. Complainant was not harmed or injured in any manner by the allegedly voidable

8  transfer because this transfer did not put beyond the Complainant's reach any property that it

9  would have been able to obtain, subject to the payment of its alleged claim against Jamie Gallian.

10                 2. The subject property transferred was in fact not available, or subject to the

11  Complainant's claim against Jamie Gallian the property conveyed was exempt from attachment

12  and execution under *Code of Civil Procedure* Sections 704.710–704.850 in that Jamie Gallian

13  actually resided in the dwelling on the subject property and same constituted her principal

14  residence and her equity in the property did not exceed the amount of the exemption to which

15  she was entitled pursuant to *Code of Civil Procedure* section 704.730(a).

16                 3. The transfer is not voidable because this answering Defendant conveyed

17  unencumbered title to the subject property in good faith and for a reasonably equivalent value

18  given to Jamie Gallian, pursuant to *Civil Code* section 3439.08(a).

19

20                 **WHEREFORE**, Defendant prays for judgment as follows:

21

22                 1.      That this Court determines the rights, duties and obligations of the parties to this

23  action;

24                 2.      That this answering Defendant be awarded cost of suit incurred herein;

25                 3.      Reasonable attorney's fees pursuant to California *Code of Civil Procedure*

26  § 1021.1 and 1021.6;

27                 4.      Reasonable attorney's fees pursuant to contract;

28  _____

                                    16

5.  Investigative costs;

6.  Full and complete indemnity;

7.  Equitable indemnity on a comparative fault basis;

8.  For such other and further relief as the Court deems just and proper; and

9.  Demand *for* jury trial.

Dated: February 28, 2023          RESPECTFULLY SUBMITTED,

JAMIE LYNN GALLIAN

17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**5801 SKYLAB ROAD, HUNTINGTON BEACH, CA 92647.**

A true and correct copy of the foregoing document entitled (*specify*):    **PROOF OF ELECTRONIC SERVICE - DEFENDENT
JAMIE LYNN GALLIAN, ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT TO
DETERMINE DISCHAREABILITY**
will be served 2/28/2023 or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
2-28-23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below :

**Jeffrey I Golden (TR)    lwerner@wgllp.com,    jlg@trusteesolutions.net;    kadele@wgllp.com
D. Edward Hays    ehays@marshackhays.com; ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com;
cmendoza@marshackhays.com; cmendoza@ec.courtdrive.com;
Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com. kfrederick@ecf.courtdrive.com
Mark A Mellor    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
Valerie Smith    claims@recoverycorp.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:** On _____ , I served the following persons and/or entities at the last known
addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

__ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **2/27/2023** , I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or **email as follows.** Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Janine Jasso, Esq
P.O. Box 370161
El Paso, TX 79937

_ Service information continued on attached
page

**Email: j9_jasso@yahoo.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2-28-2023 | **ROBERT MCLELLAND** | *Robert McLelland* |
|---|---|---|
| *Date* | *Printed Name* | *Signature*  bobwentflying@yahoo.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.