| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Janine Jasso<br>P.O. Box 370161<br>El Paso, TX 79937<br>Plaintiff, IN PRO PER<br><br>☐ *Debtor(s) appearing without an attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN,<br>                    Debtor.<br><br>JANINE JASSO, an individual,<br>                    Plaintiff<br>vs.<br>JAMIE LYNN GALLIAN, an individual, J-PAD, LLC, a CA limited liability company, J-Sandcastle Co LLC, a CA limited liability company, and DOES 1 through 100, inclusive,           Defendants<br>                    Debtor(s). | CASE NO.: Adv. No. 8:21-ap-01096-SC<br>CHAPTER: 7<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Janine Jasso_____,
filed a motion or application (Motion) entitled MOTION TO DISMISS REMAINING ADVERSARY CLAIMS AGAINST DEBTOR/JAMIE LYNN GALLIAN, EXCEPT
11 U.S.C. SEC. 523(a)(7), AND DISMISS DEFENDANTS J-PAD, LLC AND J-SANDCASTLE CO LLC; DECLARATION OF JANINE JASSO IN SUPPORT THEREOF_____.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

    ☒ The full Motion is attached to this notice; or

    ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                            Page 1                     F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Janine Jasso<br>P.O. Box 370161<br>El Paso, TX 79937<br>Plaintiff, IN PRO PER<br><br>☐ *Debtor(s) appearing without an attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN,<br>      Debtor.<br><br>JANINE JASSO, an individual,<br>      Plaintiff<br>vs.<br>JAMIE LYNN GALLIAN, an individual, J-PAD, LLC, a CA limited liability company, J-Sandcastle Co LLC, a CA limited liability company, and DOES 1 through 100, inclusive,   Defendants<br>      Debtor(s). | CASE NO.: Adv. No. 8:21-ap-01096-SC<br>CHAPTER: 7<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Janine Jasso ,
filed a motion or application (Motion) entitled MOTION TO DISMISS REMAINING ADVERSARY CLAIMS AGAINST DEBTOR/JAMIE LYNN GALLIAN, EXCEPT
11 U.S.C. SEC. 523(a)(7), AND DISMISS DEFENDANTS J-PAD, LLC AND J-SANDCASTLE CO LLC; DECLARATION OF JANINE JASSO IN SUPPORT THEREOF .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. *(Check appropriate box below)*:

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*       Page 1       F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

   (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2) Movant will lodge an order that the court may use to grant the Motion; and

   (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 03/30/2025

_____
Signature of Movant or attorney for Movant

Janine Jasso
_____
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    Page 2    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

1  Janine Jasso
   P.O. Box 370161
2  El Paso, TX 79937
   E-Mail:
3  Plaintiff, IN PRO PER

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re: JAMIE LYNN GALLIAN | CASE NO. 8:21-bk-11710-SC |
| | Chapter 7 |
| | Adversary No. 8:21-ap-01096-SC |
| JANINE JASSO, an individual, | **MOTION TO DISMISS REMAINING ADVERSARY CLAIMS AGAINST THE DEBTOR, JAMIE LYNN GALLIAN, EXCEPT 11 U.S.C. SEC. 523(a)(7), AND DISMISS DEFENDANTS J-PAD, LLC AND J-SANDCASTLE CO LLC; DECLARATION JANINE JASSO IN SUPPORT THEREOF** |
| Plaintiff, | |
| v. | |
| JAMIE LYNN GALLIAN, an individual; J-PAD, LLC, a California Limited Liability Company, J-Sandcastle Co LLC, a California Limited Liability Company, and DOES 1 through 100, inclusive, | |
| Defendants. | [No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)(1)] |

TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, DEFENDANTS AND TO ALL PARTIES ENTITLED TO RECEIVE NOTICE:

Plaintiff, Janine Jasso ("Plaintiff") hereby files a motion to dismiss all remaining claims against the Defendant/Debtor, Jamie Lynn Gallian ("Debtor"), except Plaintiff's first claim

1

pursuant to 11 U.S.C §523(a)(7). Plaintiff also moves the Court to dismiss the Defendants, J-Pad, LLC and J-Sandcastle Co, LLC. This Motion is made based on the following facts:

## I. FACTUAL BACKGROUND

1. On or about July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, commencing In Re Jamie Lynn Gallian, Case No. 8:21-bk-11710-SC,[1] a case before the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Main Bankruptcy Case").

2. On October 18, 2021, Plaintiff filed a Complaint (the "Complaint"). The adversary proceeding was commenced pursuant to Rules 7001(4) and (6) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(7) and 523(a)(2)(A) and 727(a)(3), (a)(4), and (a)(5) (the "Adversary Proceeding").

3. On October 26, 2021 and October 27, 2021, Debtor filed an answer and amended answer to the Complaint [DKs 4 and 5].

4. On November 16, 2021, Plaintiff filed a first amended complaint ("FAC") adding defendants, J-Pad, LLC and J-Sandcastle Co LLC. Only Debtor properly and timely filed an answer to the FAC [DK 13].

5. On November 2, 2022, pursuant to Plaintiff's motion, the Court ordered the improper answers of defendants, J-Pad, LLC and J-Sandcastle Co LLC, be stricken and the entry of default. [DK 55].

6. On December 19, 2022, pursuant to Plaintiff's motion for partial summary judgment against the Debtor, the Court granted Plaintiff's motion for partial summary judgment for Plaintiff's 11 U.S.C. §§ 523(a)(7) cause of action related to the Debtor Jamie Lynn Gallian's criminal conviction and the Orange County Superior Court's criminal restitution order that Debtor owes Plaintiff [DKs 84 & 85]. On April 17, 2023, the Debtor's appeal was dismissed, thus making this Court's partial summary judgment final. See USDC

---

[1] The Main Bankruptcy Case was originally assigned to the Honorable Erithe A. Smith, U.S. Bankruptcy Judge before being reassigned to the Honorable Scott C. Clarkson, U.S. Bankruptcy Judge on September 1, 2022.

Case No. 8:23-cv-00122-PA, Dk 10, Dated April 17, 2023.

7.  On January 28, 2023, in compliance with the Court's January 10, 2023 orders denying Debtor's motion to dismiss Plaintiff's claim under 11 U.S.C. §523(a)(7) and granting Debtor's motion to dismiss Plaintiff's remaining claims with leave to amend [DK 102], Plaintiff timely filed and served the Second Amended Complaint ("SAC"), which is the operative pleading with the same causes of action listed in the Complaint [DK 107]. Plaintiff listed five causes of actions which are pursuant to 11 U.S.C. §523(a)(7), 11 U.S.C. §523(a)(2)(A), 11 U.S.C. 727(a)(3), 11 U.S.C. 727(a)(4), and 11 U.S.C. 727(a)(5).

8.  On February 20, 2023, Debtor neither timely filed nor served a responsive pleading to the SAC. Therefore, on February 25, 2023, Plaintiff moved the Court for Entry of Default [DKs 119, 120].

9.  On February 25, 2023, the Clerk of the Court entered the Default of Debtor [DK 121] and served it on Debtor. Debtor never filed or served any further legal pleadings per the Bankruptcy Court code and local rules to request the Default be set aside or leave to file or serve a proper responsive pleading.

10. On July 7, 2023, in *Houser Bros. Co. v. Gallian*, Adv. No. 8:21-ap-01097-SC, as *Docket No. 100* of that adversary case, the Court entered judgment against Debtor denying discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5). The judgment was affirmed on appeal on July 31, 2024 (*Doc #131*). The Debtor did not timely file any further appeal, making the July 31, 2024 District Court judgment final. Thus, Debtor can no longer oppose and win against Plaintiff's adversary claims.

11. A Pretrial Conference in this Adversary Proceeding is currently scheduled for May 20, 2025 at 1:30pm.

12. Because Debtor has been denied a discharge, Plaintiff's remaining claims against Debtor, with the exception of Plaintiff's first claim pursuant to 11 U.S.C §523(a)(7) of the Bankruptcy Code which was previously ordered by this Court in Plaintiff's favor (see

3

Paragraph 6, above), are now moot and should be dismissed. In addition, the Plaintiff's claims against the corporate defendants, J-Pad, LLC and J-Sandcastle Co LLC, should now be dismissed.

## II. REQUEST FOR RELIEF

**WHEREFORE, BASED ON THE FOREGOING,** the Plaintiff respectfully requests that the Court entere and order as follows:

10. That pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 41(a) of the Federal Rules of Civil Procedure, the second through fifth causes of action of Plaintiff's Second Amended Complaint of this adversary proceeding, specifically the Second Cause of Action pursuant to 11 U.S.C. §523(a)(2)(A), the Third Cause of Action pursuant to 11 U.S.C. 727(a)(3), the Fourth Cause of Action pursuant to 11 U.S.C. 727(a)(4), and the Fifth Cause of Action pursuant to 11 U.S.C. 727(a)(5) shall be dismissed; and

11. That defendants, J-Pad, LLC and J-Sandcastle Co LLC, be dismissed from this adversary case;

12. That Plaintiff may lodge a final judgment for the previously adjudicated 11 U.S.C. §523(a)(7) adversary claim, which this Court previously granted in Plaintiff's favor as a partial summary judgment and, therefore, should not be dismissed; and

13. That the Pretrial Conference currently scheduled for May 20, 2025 at 1:30pm shall be vacated and taken off calendar.

Respectfully submitted,

DATED: March 30, 2025

_____
Janine Jasso
In Pro Per

4

## DECLARATION OF JANINE JASSO

I, JANINE JASSO, say and declare as follows:

1.  I am an individual over 18 years of age and competent to make this Declaration.

2.  If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge.

3.  On or about July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, commencing In Re Jamie Lynn Gallian, Case No. 8:21-bk-11710-SC,[2] a case before the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Main Bankruptcy Case").

4.  On October 18, 2021, I filed, as the Plaintiff in Pro Per, a Complaint (the "Complaint"). The adversary proceeding was commenced pursuant to Rules 7001(4) and (6) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(7) and 523(a)(2)(A) and 727(a)(3), (a)(4), and (a)(5) (the "Adversary Proceeding").

5.  On October 26, 2021 and October 27, 2021, Debtor filed an answer and amended answer to the Complaint [DKs 4 and 5].

6.  On November 16, 2021, I filed a first amended complaint ("FAC") adding defendants, J-Pad, LLC and J-Sandcastle Co LLC. Only Debtor properly and timely filed an answer to the FAC [DK 13].

7.  On November 2, 2022, pursuant to my motion, the Court ordered the improper answers of defendants, J-Pad, LLC and J-Sandcastle Co LLC, be stricken and the entry of default. [DK 55].

8.  On December 19, 2022, pursuant to my motion for partial summary judgment against the Debtor, the Court granted Plaintiff's motion for partial summary judgment for Plaintiff's 11 U.S.C. §§ 523(a)(7) first cause of action related to the Debtor Jamie Lynn Gallian's criminal conviction and the Orange County Superior Court's criminal restitution order that Debtor owes Plaintiff [DKs 84 & 85]. On April 17, 2023, the Debtor's appeal was

---

[2] The Main Bankruptcy Case was originally assigned to the Honorable Erithe A. Smith, U.S. Bankruptcy Judge before being reassigned to the Honorable Scott C. Clarkson, U.S. Bankruptcy Judge on September 1, 2022.

dismissed, thus making this Court's partial summary judgment final. *See* USDC Case No. 8:23-cv-00122-PA, Dk 10, Dated April 17, 2023.

9. On January 28, 2023, in compliance with the Court's January 10, 2023 orders denying Debtor's motion to dismiss Plaintiff's claim under 11 U.S.C. §523(a)(7) and granting Debtor's motion to dismiss Plaintiff's remaining claims with leave to amend [DK 102], I timely filed and served the Second Amended Complaint ("SAC"), which is the operative pleading with the same causes of action listed in the original Complaint and FAC [DK 107]. Specifically, I listed five causes of actions which are pursuant to 11 U.S.C. §523(a)(7), 11 U.S.C. §523(a)(2)(A), 11 U.S.C. 727(a)(3), 11 U.S.C. 727(a)(4), and 11 U.S.C. 727(a)(5) [DK 107].

10. On February 20, 2023, Debtor neither timely filed nor served a responsive pleading to the SAC. Therefore, on February 25, 2023, Plaintiff moved the Court for Entry of Default [DKs 119, 120].

11. On February 25, 2023, the Clerk of the Court entered the Default of Debtor [DK 121] and served it on Debtor. Debtor never filed or served any further legal pleadings per the Bankruptcy Court code and local rules to request the Default be set aside or leave to file or serve a proper responsive pleading.

12. On July 7, 2023, in *Houser Bros. Co. v. Gallian*, Adv. No. 8:21-ap-01097-SC, as *Docket No. 100* of that adversary case, the Court entered judgment against Debtor denying discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5). The judgment was affirmed on appeal on July 31, 2024 (*Doc #131*). The Debtor did not timely file any further appeal, making the July 31, 2024 District Court judgment final. Thus, Debtor can no longer oppose and win against Plaintiff's adversary claims.

13. A Pretrial Conference in this Adversary Proceeding is currently scheduled for May 20, 2025 at 1:30pm.

14. I have no personal contact with Debtor, because I am a protected under the current California Superior Court's Workplace Violence Restraining Order requiring Debtor to have no contact with me or my protected family members. Early on in this case, Judge Smithe

6

reviewed the state court protective orders and agreed to uphold the no-contact order to protect me from the Debtor. Therefore, I ask the Court to understand that I could not contact Debtor and request Debtor to stipulate to a dismissal. Thus, I am requesting the Court order the dismissal of my remaining adversary claims and dismiss the corporate defendants, as outlined in Plaintiff's motion paragraphs 10-11, supra, pursuant to the Federal Rules of Civil Procedure Rule 41(a)(2). I further ask the Court to grant me the right to lodge a final judgment on my 11 U.S.C. 523(a)(7) SAC claim against Debtor and to vacate and take off calendar the Pretrial Conference scheduled for May 20, 2025.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on March 30, 2025.

*/s/ Janine Jasso*
JANINE JASSO

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
7101 N. Mesa, Ste 355
El Paso, TX 79912

A true and correct copy of the foregoing document entitled (*specify*): **Motion to Dismiss Remaining Adversary Claims Against the Debtor, Jamie Lynn Gallian, Except 11 U.S.C. Sec. 523(a)(7), and Dismiss Defendants J-Pad, LLC and J-Sandcastle Co, LLC; Declaration of Janine Jasso; NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON THE MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __3/31/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See NEF for confirmation of electronic transmission to the U.S. trustee, any trustee in this case, and to any attorneys who received service by NEF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _3/31/2025_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| DEBTOR AND DEFENDANT | DEFENDANT J-PAD, LLC | DEFENDANT J-SANDCASTLE CO LLC |
|---|---|---|
| JAMIE LYNN GALLIAN | ROBERT L MCLELLAND, CEO | RONALD J PIERPONT, CEO |
| 16222 MONTEREY LANE, SPC 376 | 16222 MONTEREY LANE, SPC 376 | 16222 MONTEREY LANE, SPC 376 |
| HUNTINGTON BEACH, CA 92649 | HUNTINGTON BEACH, CA 92649 | HUNTINGTON BEACH, CA 92649 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _3/31/2025_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott Clarkson, USBC
411 West Fourth Street, Courtroom 5C
Santa Ana, CA 92701

Courtesy Copy via email: Eric Isreal, Esq., epi@lnbyg.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3-31-2025 | David Jasso | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012      **F 9013-3.1.PROOF.SERVICE**